1  Richard Alan Arnold, Esquire
   William J. Blechman, Esquire
2  Kevin Murray, Esquire
   Douglas H. Patton, Esquire
3  Samuel J. Randall, Esquire
   Jalaine Garcia, Esquire
4  KENNY NACHWALTER, P.A.
   201 S. Biscayne Boulevard
5  Suite 1100
   Miami, Florida  33131
6  Tel:     (305) 373-1000
   Fax:    (305) 372-1861
7  E-mail:  rarnold@knpa.com
             wblechman@knpa.com
8            kmurray@knpa.com
             dpatton@knpa.com
9            srandall@knpa.com
             jgarcia@knpa.com
10
   *Attorneys for the "Kroger" Direct Action Plaintiffs*
11 [Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-2670-JLS-MDD |
| This Document Relates to:<br><br>ALL ACTIONS | **REPLY TO CERTAIN DEFENDANTS' JOINT RESPONSE TO THE COURT'S JANUARY 20, 2016 ORDER** |

The Direct Action Plaintiffs ("DAPs")[1] submit this Reply to Certain Defendants' Joint Response to the Court's January 20, 2016 Order, Dkt. 79.[2]  At the January 20th hearing, the Court indicated its willingness to allow a Plaintiff to quickly file a brief reply to new issues raised in Defendants' papers. Hrg. Tr. at 58:23-25, 59:1.

---

[1]  There are five (5) DAP groups with Complaints on file: the Kroger group (Case No. 16-cv-51-JLS), the Affiliated Foods group (Case Nos. 15-cv-2787-JLS; 16-cv-23-JLS; 16-cv-25-JLS; 16-cv-27-JLS; 16-cv-46-JLS; 16-cv-47-JLS; and 16-cv-48-JLS), the Wegmans group (Case No.16-cv-264-JLS), the Publix group (Case No. 16-cv-247-JLS), and the Winn-Dixie group (Case No. 16-cv-17-JLS).

[2]  The Defendants' Joint Response is filed by three of the four defendants.

At the January 20th hearing, the Court commented that it would recognize different plaintiff groups "because it's clear the interests need to be represented, and there are different interests," *id*. at 58:5-6, and if any DAP were going to amend its complaint, then it should file its own pleading and not a consolidated complaint with other plaintiff groups. *Id*. at 54:14-25. Defendants disregard the Court's comments and propose that DAPs and the direct purchaser class file a single consolidated amended complaint, or that the DAPs themselves file one consolidated amended complaint. As explained below, the Court should reject the defense proposal because it is extreme, impractical, legally untenable, and deviates substantially from case management procedures used in the mainstream by MDL antitrust courts.

First, by any reasonable measure, the DAP complaints are not so numerous that Defendants cannot prepare motions or responsive pleadings. There are five DAP groups, *see supra* note 1. There are at least 4 Defendant groups, and there could be more depending upon whether a parent and its domestic subsidiary will be represented by the same or different law firms. The defense contends that each Defendant requires separate counsel, and presumably it will file a separate Answer and Defense in response to each complaint. If four (or more) defense groups is not so numerous as to require a consolidated pleading by all Defendants,[3] then by the defense logic, five separate DAP cases is not so numerous as to require consolidated pleading either.

Second, there are fundamental legal and ethical differences between the DAPs and the direct purchaser class plaintiffs that require separate pleadings for the direct class and for each DAP. In filing their own Complaints, each DAP has indicated its intention not to remain in the direct purchaser class. As such, the lawyers who separately represent DAPs and the direct purchaser class have different clients and different legal and ethical duties that prevent any of them from representing, or purporting to represent, a plaintiff who is not that lawyer's client. Implicit in the defense position is that adding one's name to a complaint, even if it includes plaintiffs who are not

---

[3] It is telling that Defendants champion efficiency at the expense of all Plaintiffs' Due Process rights, but do not offer to sacrifice their own rights by filing a consolidated Answer common to all Defendants, and instead expressly oppose any joint representation of their own interests. *See* Def. Response at 6.

that lawyer's client, is no big deal. But it is. Putting one's name on a complaint comes with legal and ethical responsibilities that no responsible lawyer takes lightly. To a plaintiff, and presumably to a defendant, a complaint is a legal instrument with far greater significance to the parties than written discovery. (Yet the defense papers equate the two the same.) After all, a complaint alleges a claim, seeks relief, sets forth the bases upon which a plaintiff sues a defendant, and there is an accountability for the pleading under Rule 11 of the Federal Rules of Civil Procedure that simply does not exist for written discovery.

The only case authority Defendants present in support of their unorthodox case management proposal is *Capacitors*, 14-cv-03274 (N.D. Cal.). But *Capacitors*, which was ultimately denied MDL status by the JPML,[4] required this pleading procedure without objection from any party, and merely consolidated *one* party that had copied the direct class complaint virtually verbatim. *Id.* at Dkt. 779. That is not the case here. Moreover, we are not aware of any antitrust MDL court that has required the class and direct action (non-class) plaintiffs to file a joint consolidated pleading. Instead, the conventional procedure followed by MDL antitrust courts is for the direct class and each direct action plaintiff to file its own complaint. Our Motion[5] identifies the case and relevant docket numbers of seven such cases. Dkt. 51 at 2. To that list we add additional examples of other MDL antitrust cases cited in the footnote below.[6]

Moreover, *Capacitors* is distinguishable from this case. In *Capacitors*, the class action was significantly advanced (*i.e.*, it had been ongoing for one (1) year) at the time the lone direct action plaintiff filed in the N.D. California where the class case was pending. *Id*. Dkts. 1 (class complaint),

---

[4] *See* MDL No. 2574, Dkt. 102.

[5] Through this Reply, Publix Super Markets, Inc. Wakefern Food Corp., Meijer, Inc., and Meijer Distribution, Inc. join DAPs' Motion.

[6] *In re Cardizem CD Antitrust Litig.*, 99-md-1278 (E.D. Mich.); *In re K-Dur Antitrust Litig.*, 01-1652, MDL No. 1419 (D.N.J.); *In re Nexium Antitrust Litig.*, 12-md-2409 (D. Mass.); *In re OxyContin Antitrust Litig.*, 04-md-1603 (S.D.N.Y.); *In re Androgel Antitrust Litig.*, 09-md-2084 (N.D. Ga.); *In re Skelaxin Antitrust Litig.*, 12-md-2343 (E.D. Tenn.); *In re Loestrin Antitrust Litig.* 13-md-2472 (D.R.I.); *In re Lidoderm Antitrust Litig.*, 14-md-2521 (N.D. Cal.); *In re Aggrenox Antitrust Litig.*, 14-md-2516 (D. Conn.); *In re Opana Antitrust Litig.*, 14-cv-10150, MDL No. 2580 (N.D. Ill.).

345-47 (separate direct and indirect amended class complaints), 632 (discovery started), 710 (Order on motions to dismiss), 736 (direct action complaint). This case, unlike *Capacitors*, is just starting with the direct class and DAPs already on file, and many (though not all) of the DAP cases will ultimately be remanded to other Districts for trial under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 33-34 (1999). (This presents a further complication in the defense proposal that we explain in point four below.)

Third, there are differences among the DAP Complaints that require separate pleadings. The DAPs' complaints vary in the product and temporal scope of the alleged conspiracy, in factual detail, and in named Defendants. For example, the Kroger DAPs' complaint alleges a conspiracy regarding canned tuna beginning at a time uncertain, but at least between 2010-11 period and July 2015, reserves the right to plead a broader conspiracy based on discovery, and names as Defendants Bumble Bee, Tri-Union, Thai Union (parent of Tri-Union), StarKist, and Dongwon (parent of StarKist). The Affiliated Foods DAPs' complaints allege a conspiracy regarding packaged seafood products, including tuna, clam, crab, mackerel, oyster, salmon, sardines, and shrimp, between approximately January 1, 2000 and the present, and names as Defendants Tri-Union, King Oscar, Inc., Bumble Bee, and StarKist. The Winn-Dixie DAPS' complaint alleges a conspiracy regarding packaged seafood products between approximately January 1, 2008 and the present, and names as Defendants Bumble Bee, Chicken of the Sea, StarKist, Tri-Union Seafoods, LLC, and Tri-Marine International, Inc. These DAP complaints allege different factual detail regarding overt acts in furtherance of the conspiracy and fraudulent concealment. *Compare* Kroger DAPs' Complaint ¶¶ 4, 16-21, 55-58, & 67, Case No. 16-cv-51, Dkt.1; *with* Affiliated Food DAPs' Complaint ¶¶ 1, & 61-70, Case No. 15-cv-2787, Dkt.1; *and* Winn-Dixie DAPs' Complaint, ¶¶ 1, 42, & 45-49, Case No. 16-cv-17, Dkt. 1. These differences may become more or less pronounced based on discovery and case developments. But knowing what we know right now, the defense exaggerates in writing that the allegations pled by all DAPs will be "almost identical and verbatim." Def. Response at 2. Indeed, the Ninth Circuit has recognized that the degree of consolidation sought by Defendants here is improper, because it would require each Plaintiff either to dismiss claims it seeks to assert, or

name new parties, new affected products, and a different temporal scope than alleged by each Plaintiff in its individual complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 561 (9th Cir. 1977) (holding that district court had violated party's due process rights by effectively merging multiple cases in a consolidated action) ("The fact that the instant case and the SEC action were consolidated for purposes of discovery "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1932)).[7]

<u>Fourth</u>, the defense proposal for a consolidated direct purchaser class/DAP amended complaint, or a consolidated DAP complaint, is unwieldy, unworkable and invites imprecision and trouble later in this case. For example, in discovery, the defense will literally have to go through the entire consolidated amended complaint to determine which allegations were sponsored by or apply to a particular plaintiff. Any lack of clarity in the record will complicate (i) motion practice, as the defense will have to sort out the allegations applicable to a specific plaintiff; (ii) pleading practice, as the defense must plead responsively in an Answer and Defense to each plaintiff's allegations and plaintiffs will have to figure out which defense allegations apply to which plaintiff; and (iii) trial, where the pleadings and the pretrial stipulation inform the issues in dispute. Moreover, what if the direct purchaser class plaintiffs, or a DAP, wants to amend the consolidated amended complaint later in the case but the other Plaintiffs do not? The defense papers are silent on this obvious complication, but should it occur, would the amending Plaintiff file its own amended complaint at that point? And if so, then surely the direct purchaser class plaintiffs and each DAP should file its own amended complaint now so these and other complications are avoided by the litigants and the Court.

Based on the foregoing, the Direct Action Plaintiffs respectfully request that the Court (i) grant their motion to appoint William Blechman of Kenny Nachwalter, P.A., as liaison counsel for

---

[7] Defendants cite to *Johnson* in their Memorandum without noting that the case, including as applied by the Ninth Circuit, *limits* the appropriate scope of consolidation in related (but distinct) civil actions. *See* Def. Response at 2.

1 | the DAPs, (ii) provide that each DAP case has its own, separate complaint or amended complaint,
2 | (iii) order a single, coordinated pretrial schedule for DAPs and the class plaintiffs; and (iv) order
3 | coordinated discovery among the parties in MDL 2670.

Dated: February 16, 2016

Respectfully submitted,

KENNY NACHWALTER, P.A.

By: /s/ William J. Blechman
William J. Blechman, Esquire
Richard Alan Arnold, Esquire
Kevin J. Murray, Esquire
Douglas H. Patton, Esquire
Samuel J. Randall, Esquire
Jalaine Garcia, Esquire
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131-4327
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
dpatton@knpa.com
srandall@knpa.com
jgarcia@knpa.com

*Counsel for Direct Action Plaintiffs The Kroger Co., Albertsons Companies, LLC, H.E. Butt Grocery Company, and Hy-Vee Inc.*

KAPLAN FOX & KILSHEIMER LLP

By: /s/ Robert N. Kaplan
Robert N. Kaplan, Esquire
Gregory K. Arenson, Esquire
Richard J. Kilsheimer, Esquire
Elana Katcher, Esquire
Matthew P. McCahill, Esquire
850 Third Avenue, 14th Floor
New York, N.Y. 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
E-mail: rkaplan@kaplanfox.com
garenson@kaplanfox.com
rkilsheimer@kaplanfox.com
ekatcher@kaplanfox.com
mmcahill@kaplanfox.com

KAPLAN FOX & KILSHEIMER LLP

By: */s/ Laurence D. King*
    Laurence D. King, Esquire
    Mario Choi, Esquire
    350 Sansome Street
    Suite 400
    San Francisco, CA 94104
    Tel: (415) 772-4700
    Fax: (415) 772-4707
    E-mail: lking@kaplanfox.com
             mchoi@kaplanfox.com

SPROUSE SHRADER SMITH, PLLC

By: */s/ Johnny K. Merritt*
    Johnny K. Merritt, Esquire
    701 S. Taylor Street
    Suite 500
    Amarillo, TX 79101
    Tel: (806) 349-4713
    Fax: (806) 373-3454
    E-mail: johnny.merritt@sprouselaw.com

THE COFFMAN LAW FIRM

By: */s/ Richard L. Coffman*
    Richard L. Coffman, Esquire
    First City Building
    505 Orleans Street
    Fifth Floor
    Beaumont, Texas 77701
    Tel: (409) 833-7700
    Fax: (866) 835-8250
    E-mail: rcoffman@coffmanlawfirm.com

*Counsel for Direct Action Plaintiffs Affiliated Foods, Inc., Associated Grocers of New England, Inc., North Central Distributors, LLC, Cash-Wa Distributing Co. of Kearney, Inc., URM Stores, Inc., Western Family Foods, Inc., Associated Food Stores, Inc., Giant Eagle, Inc., Associated Grocers, Inc., McLane Company, Inc., and Meadowbrook Meat Company, Inc.*

MARCUS & SHAPIRA LLP

By: /s/ Bernard D. Marcus
    Bernard D. Marcus, Esquire
    Moira Cain-Mannix, Esquire
    Brian C. Hill, Esquire
    Erin Gibson Allen, Esquire
    One Oxford Centre
    35th Floor
    Pittsburgh, PA 15219
    Tel: (412) 471-3490
    Fax: (412) 391-8758
    E-mail: marcus@marcus-shapira.com
             cain-mannix@marcus-shapira.com
             hill@marcus-shapira.com
             allen@marcus-shapira.com

*Counsel for Direct Action Plaintiff Giant Eagle, Inc.*

NUSSBAUM LAW GROUP, P.C.

By: /s/ Linda P. Nussbaum
    Linda P. Nussbaum, Esquire
    Susan R. Schwaiger, Esquire
    570 Lexington Avenue
    19th Floor
    New York, N.Y. 10022
    Tel: (212) 702-7053
    E-mail: lnussbaum@nussbaumpc.com
             sschwaiger@nussbaumpc.com

*Counsel for Direct Action Plaintiff Wegmans Food Markets, Inc.*

GILLIS WAY & CAMPBELL

By: /s/ Nancy A. Johnson
    H. Timothy Gillis, Esquire
    Nancy A. Johnson, Esquire
    1022 Park Street
    Suite 308
    Jacksonville, Florida 32204
    Tel: (904) 647-6476
    Fax: (904) 738-8640
    E-mail: tgillis@gillisway.com
             njohnson@gillisway.com

AHERN AND ASSOCIATES, P. C.


By: /s/ Patrick J. Ahern
    Patrick J. Ahern, Esquire
    Three First National Plaza
    70 West Madison Street, Suite 1400
    Chicago, Illinois 60602
    Tel: (312) 214-37
    Fax: (904) 738-8640
    E-mail: patrick.ahern@ahernandassociatespc.com

***Counsel for Direct Action Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC***


VANEK, VICKERS & MASINI, P.C.


By: /s/Joseph M. Vanek
    Joseph M. Vanek, Esquire
    David P. Germaine, Esquire
    Alberto Rodriguez, Esquire
    55 West Monroe Street, Suite 3500
    Chicago, Illinois 60603
    Tel: (312) 224-1500
    Fax: (312) 224-1510
    E-mail: jvanek@vaneklaw.com
           dgermaine@vaneklaw.com
           arodriguez@vaneklaw.com

SPERLING & SLATER, P.C.


By: /s/ Paul E. Slater
    Paul E. Slater, Esquire
    55 West Monroe Street, Suite 3200
    Chicago, Illinois 60603
    Tel: (312) 641-3200
    Fax: (312) 641-6492
    E-mail: pes@sperling-law.com

***Counsel for Direct Action Plaintiffs Publix Super Markets, Inc., Wakefern Food Corp., Meijer, Inc., and Meijer Distribution, Inc.***

# CERTIFICATE OF SERVICE

I certify that on February 16, 2016, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system, and also served counsel of record via this Court's CM/ECF system.

KENNY NACHWALTER, P.A.

By: _____
Samuel J. Randall
E-mail: srandall@knpa.com
***Counsel for the "Kroger" Direct Action Plaintiffs***

538629.1