BUCHANAN INGERSOLL & ROONEY LLP
  Robert J. Parks
    (CA State Bar No. 103014)
    robert.parks@bipc.com
  Keith R. Solar
    (CA State Bar No. 120741)
    Keith.solar@bipc.com
600 West Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone:  619 239 8700
Fax:        619 702 3898

ALLEN & OVERY LLP
  John Roberti (*Admitted pro hac vice*)
    D.C. Bar No. 495718
    N.Y. Bar No. 2659118
    john.roberti@allenovery.com
  Erik Raven-Hansen (*Admitted pro hac vice*)
    D.C. Bar No. 994329
    V.A. Bar No. 77225
    erik.raven-hansen@allenovery.com
  John Terzaken (*Admitted pro hac vice*)
    D.C. Bar No. 474015
    V.A. Bar No. 45927
    john.terzaken@allenovery.com
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-683-3800
Facsimile:  202-683-3999

*Counsel for Defendant Thai Union Group PCL*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This document applies to:<br><br>Direct Action Plaintiffs Group<br>Direct Purchaser Class<br>Indirect Purchaser – Commercial Food Preparers Class<br>Wegmans Food Markets, Inc.<br>Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC | Case No.: 3:15-md-2670-JLS MDD<br><br>**DEFENDANT THAI UNION GROUP PCL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>Date:  November 16, 2016<br>Time:  9:30 a.m.<br>Courtroom: 4A<br>Judge:  Hon. Janis L. Sammartino |

Defendant Thai Union[1] respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all counts against it in the eight operative complaints[2] naming Thai Union as a Defendant (the "Operative Complaints"), on the ground that Thai Union is not sufficiently alleged to have actually conspired or otherwise violated the antitrust laws. The Memorandum of Points and Authorities in Support of this Motion to Dismiss the Operative Complaints follows.

## FACTUAL ALLEGATIONS

Thai Union – organized and doing business in Thailand – takes a clear back seat in this litigation. Nowhere in the Operative Complaints does any Plaintiff allege that Thai Union contacted a competitor or fixed a price. Outside of allegations concerning a general parent-subsidiary relationship and various relationships between certain executives at Thai Union and Defendant Tri-Union Seafoods, LLC, doing business as Chicken of the Sea International, Inc. ("COSI"), Thai Union surfaces only tangentially,

---

[1] As used herein, "Thai Union" is defined to encompass Thai Union Group PCL, and all related allegations against it however it may be identified by Plaintiffs, including Thai Union Group Public Company Limited, Thai Union Group Public Company, Ltd., and/or Thai Union Frozen Products Public Company, Ltd.

[2] The individual Plaintiffs (collectively, "Plaintiffs") that named Thai Union as a Defendant in their Amended Complaints are:
- Direct Action Plaintiffs Group (DAP Am. Compl., Dkt. 152);
- Direct Purchaser Plaintiffs Class (DPP Am. Compl., Dkt. 147);
- Indirect Purchaser Plaintiffs Class – Commercial Food Preparers (IPP-CFP Am. Compl., Dkt. 153);
- Wegmans Food Markets, Inc. (Wegmans Am. Compl., Dkt. 171);
- The Kroger Co., et al. (filed in individual action 3:16-CV-00051, Kroger Am. Compl., Dkt. 19);
- Meijer, Inc. and Meijer Distribution, Inc. (filed in individual action 3:16-CV-00398, Meijer Am. Compl., Dkt. 11);
- Publix Supermarkets, Inc. and Wakefern Food Corp. (filed in individual action 3:16-CV-00247, Publix Am. Compl., Dkt. 12); and
- Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (Winn-Dixie Am. Compl., Dkt. 151).

alleged to have: (i) abandoned a purported merger with Defendant Bumble Bee Foods, LLC ("Bumble Bee") in the wake of an antitrust investigation into the packaged seafood industry, *see* DAP Am. Compl. at ¶¶ 92, 94; DPP Am. Compl. at ¶¶ 62-63; IPP-CFP Am. Compl. at ¶ 38; Winn-Dixie Am. Compl. at ¶ 35; Wegmans Am. Compl. at ¶¶ 70-71; (ii) issued 2013 and 2014 Annual Reports attributing profits to "more rational competition in the United States," *see* DPP Am. Compl. at ¶¶ 100-101, 108; IPP-CFP Am. Compl. at ¶¶ 49, 51; Wegmans Am. Compl. at ¶ 47; and (iii) been a member of a Thai trade association that "partnered" with the National Fisheries Institute's Tuna Council (the "Tuna Council") to plan a U.S advertising campaign. *See* Wegmans Am. Compl. at ¶ 62. On these limited bases, Plaintiffs seek to bring Thai Union before this Court solely to answer for its separately incorporated and operated subsidiaries. The allegations are insufficient and Thai Union must therefore be dismissed.

## ARGUMENT

Plaintiffs must plead sufficient facts to state a claim for relief that is plausible on its face in order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the previous "notice pleading" rule in antitrust cases in particular and requiring more detailed allegations to survive a motion to dismiss); *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1047 n.5 (9th Cir. 2008) (same).

A plaintiff suing multiple defendants must allege the basis of the claim against each defendant individually. *See, e.g., Steinmetz v. Gen. Elec. Co.*, 2009 WL 3461133, at *2 (S.D. Cal. Oct. 22, 2009) (quoting *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)); *see also Yost v. Nationstar Mortg., LLC*, Civ. No. 13-745, 2013 WL 4828590, at *3 (E.D. Cal. Sep. 3, 2013) (holding that defendants only receive fair notice of the claim if plaintiffs specifically identify which parties they allege committed each action). Conflating the actions of two distinct entities is plainly insufficient. *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (collecting cases, in part for the proposition that a complaint may not "lump[] together . . . multiple

3

defendants in one broad allegation"). But conflation is precisely what the Plaintiffs do here. *See* DAP Am. Compl. at ¶ 26 ("As used herein, 'Chicken of the Sea' collectively refers to Defendants Tri-Union, Thai Union North America, Inc., and Thai Union Group."); *see also* DPP Am. Compl. at ¶ 22; IPP-CFP Am. Compl. at ¶ 19; Winn-Dixie Am. Compl. at ¶ 14; Wegmans Am. Compl. at ¶ 26 (same).

Though Plaintiffs lodge a few sparse factual allegations against Thai Union, their allegations do not resolve this conflation, because none of them have any relevance to antitrust law. Abandoning a merger following a criminal investigation into Thai Union's subsidiary is irrelevant, as a parent company is legally distinct from its subsidiary and thus not necessarily implicated in its alleged crimes. *See* pp. 4-5, *infra*. An out-of-context quote wherein Thai Union praised "more rational competition" is likewise meaningless. The mere fact that Thai Union found market conditions favorable does not show that it illegally created the favorable conditions. *Cf. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (refusing to infer conspiracy from "conduct as consistent with permissible competition as with illegal conspiracy"), *cited with approval in Twombly*, 550 U.S. at 554. Finally, Thai Union's participation in the Tuna Council is also irrelevant. Courts do not infer conspiracy merely from participation in trade-organization meetings where the "opportunity" to conspire may exist, but where the Plaintiffs offer no "specific details with regard to illegal discussions." *See In re Citric Acid Litig.*, 191 F.3d 1090, 1103 (9th Cir. 1999); *see also In re Late Fee & Overcharge Litig.*, 528 F. Supp. 2d 953, 963-64 (N.D. Cal. 2007) (rejecting same allegations on motion to dismiss). Thus, none of the factual allegations against Thai Union state a claim for antitrust violations.

Recognizing that Thai Union was not actually involved in the alleged conspiracy, Plaintiffs allege that Thai Union should be a defendant because it controlled, supervised, or acquiesced in COSI's purported antitrust violations. *See* DAP Am. Compl. at ¶¶ 23, 34; DPP Am. Compl. at ¶¶ 20-21; IPP-CFP Am. Compl. at ¶¶ 17-18; Winn-Dixie Am. Compl. at ¶¶ 12-14; Wegmans Am. Compl. at ¶¶ 23-26. Plaintiffs allege no facts in

4

support, but instead ask the Court to infer that, as Thai Union's subsidiary, COSI is also Thai Union's agent or alter ego. *See* DAP Am. Compl. at ¶ 23; DPP Am. Compl. at ¶ 21; IPP-CFP at ¶ 17; Winn-Dixie Am. Compl. at ¶ 14; Wegmans Am. Compl. at ¶ 25. These are precisely the style of formulaic recitations barred by *Twombly*.

"As a general matter, corporate law prohibits a parent corporation from being held liable on the basis of its subsidiary's actions." *Sun Microsystems Inc. v. Hynix Semiconductor, Inc.*, 622 F. Supp. 2d 890, 897 (N.D. Cal. 2009) (applying *United States v. Bestfoods*, 524 U.S. 51, 61 (1988)). "The independence of a subsidiary from the parent corporation is to be presumed," *E&J Gallo Winery v. EnCana Energy Servs.*, Inc., 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008), and will only be overridden in "unusual circumstances," *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1234 (N.D. Cal. 2004).

Plaintiffs have not pled these "unusual circumstances" here. Instead, they rely almost entirely on bare legal conclusions without factual support. *See*, *e.g.*, DAP Am. Compl. at ¶ 23 ("Thai Union Group and Thai Union North America, Inc. controlled and supervised the business, operations, and activities of [COSI], including the conduct alleged in this Consolidated Amended Complaint, throughout the Relevant Period."); see also DPP Am. Compl. at ¶ 21; Winn-Dixie Am. Compl. at ¶ 14; Wegmans Am. Compl. at ¶¶ 23, 25 (similar formulaic allegations). The only allegations that they set forth to establish these sweeping claims are the facts that allege that Thai Union is COSI's parent and that the two companies employ some overlapping executives, some of whom are relatives. *See*, *e.g.*, DPP Am. Compl. at ¶¶ 19-20; IPP-CFP Am. Compl. at ¶ 17; Winn-Dixie Am. Compl. at ¶¶ 12-13; Wegmans Am. Compl. at ¶¶ 23-25. The Direct Action Plaintiffs do not even assert this much, but choose instead to rely exclusively on their own *ipse dixit*.

Even accepting the allegations of parent-subsidiary relationship and overlapping executives as true, neither can advance Plaintiffs' claims. Though Plaintiffs do not specify which theory they rely on, alter ego liability applies when "such unity of interest

5

and ownership" exists between parent and subsidiary that the two companies do not maintain their separate personalities such that treating them separately would be inequitable, *see Montgomery v. Wal-Mart Stores, Inc.*, Civ. No. 12-3057 2013 WL 5278649, at *5 (Sep. 18, 2013), while agency liability exists when a parent so controls a subsidiary as to create "a relationship of principal and agent" under the common law of agency, *First Nat'l Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983). But a parent-subsidiary relationship by itself does not show agency or alter ego; these are exceptions that only apply in a narrow subset of parent-subsidiary cases. Similarly, allegations that certain executives worked at both Thai Union and COSI—or allegations that members of the same family control both entities—have no bearing on the question at hand. *Cf. Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001) (noting that "no alter ego relationship was created where the parent company guaranteed loans for the subsidiary, reviewed and approved major decisions, placed several of its directors on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions") (internal citation omitted); *see also In re Western States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1133 (D. Nev. 2009) (same); *Sun Microsystems*, 622 F. Supp. 2d at 901 ("To be sure, some of plaintiff's undisputed facts—e.g., the fact that NTC and NTC USA shared two board members, or that NTC shared some supervision of finance and pricing decisions—do not justify any inference of agency as a matter of law."). The Ninth Circuit has held that allegations of this type do not even "suggest" that the parent and subsidiary have "such a unity of the ownership . . . that their separate corporate personalities no longer exist" for purposes of alter ego liability. *Id.* at 928 (citing *Am. Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)). Without allegations that support an exception to the general rule of corporate form, these claims fail.

## CONCLUSION

The Operative Complaints do not properly set forth any causes of actions against Thai Union, but instead attempt to graft liability to the alleged COSI parent via conflation and formulaic allegations. For these reasons, Thai Union respectfully moves that the Court dismiss the named Thai Union entities from this multidistrict litigation.

DATED: August 5, 2016

BUCHANAN INGERSOLL & ROONEY LLP

By: s/ *Robert J. Parks*
    ROBERT J. PARKS
    KEITH R. SOLAR
    Counsel for Defendant
    *Thai Union Group PCL*

ALLEN & OVERY LLP
    JOHN ROBERTI
    *Admitted pro hac vice*
    ERIK RAVEN-HANSEN
    *Admitted pro hac vice*
    JOHN TERZAKEN
    *Admitted pro hac vice*
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-683-3800
Facsimile: 202-683-3999
Email: john.roberti@allenovery.com
Email: erik.raven-hansen@allenovery.com
Email: john.terzaken@allenovery.com

*Counsel for Defendant Thai Union Group PCL*

7

3:15-md-2670-JLS MDD

# **CERTIFICATE OF SERVICE**

I certify that on August 5, 2016, I filed the foregoing memorandum of points and authorities with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF System, which sends notifications of such filings to all counsel of record.

DATED: August 5, 2016    BUCHANAN INGERSOLL & ROONEY LLP


By: s/ *Robert J. Parks*
 ROBERT J. PARKS
 KEITH R. SOLAR
 Counsel for Defendant
 *Thai Union Group PCL*

ALLEN & OVERY LLP
 JOHN ROBERTI
  *Admitted pro hac vice*
 ERIK RAVEN-HANSEN
  *Admitted pro hac vice*
 JOHN TERZAKEN
  *Admitted pro hac vice*
1101 New York Avenue NW
Washington, DC 20005
Telephone: 202-683-3800
Facsimile: 202-683-3999
Email: john.roberti@allenovery.com
Email: erik.raven-hansen@allenovery.com
Email: john.terzaken@allenovery.com

*Counsel for Defendant Thai Union Group PCL*