UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF STIPULATION RE: EXPERT DISCOVERY**<br><br>(ECF No. 417) |

Presently before the Court is a Joint Motion for Approval of Stipulation Regarding Expert Discovery ("Joint Mot."), (ECF No. 417), submitted on behalf of all parties and "regarding the scope of any expert discovery in this case, for all purposes . . . ." (Joint Mot. 1.) The Parties have stipulated as follows:

1. Within seven days of any party serving any expert reports and/or expert declarations in this litigation pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), the party or parties proffering the expert witness shall produce (a) the data or other information relied upon by the expert witness in forming the expert witness's opinions and (b) any exhibits that summarize or support the expert witness's opinions. "Data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets,

1

computerized regression analysis and/or other underlying reports and schedules sufficient to reconstruct the expert witness's work, calculations, and/or analyses. Information should be produced electronically (via email or disk) where appropriate. Where documents have previously been produced as part of discovery, identification by Bates number is sufficient. As to other documents relied upon by the expert, documents that are publicly available must be identified, but need not be produced absent specific request.

2. Notwithstanding the foregoing and the Federal Rules of Civil Procedure, the parties agree that the following types of information are not discoverable and shall not be the subject of expert discovery:

    (a) the content of communications among and between: (i) counsel and the expert and/or the expert's staff and/or supporting firms; (ii) counsel and any nontestifying expert consultant and/or the consultant's staff; (iii) the expert and other experts and/or other non-testifying expert consultants; (iv) experts and their staff and/or supporting firms; (v) non-testifying expert consultants and their staffs; (vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants;

    (b) notes, drafts, written communications, or other records of preliminary work created by, or for, experts or non-testifying expert consultants;

    (c) drafts of: expert reports, affidavits, declarations, or other expert materials, including, without limitation, draft studies, analyses, opinions, or written expert testimony; draft expert work papers prepared in connection with the litigation; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with the litigation; or other preliminary expert opinions or

        draft materials prepared by, for, or at the direction of an expert witness; and

        (d) any comments, whether oral or written, related to a report, affidavit or declaration or draft report, affidavit, or declaration of an expert witness prepared in connection with the litigation by (i) counsel for a party retaining the expert witness, (ii) an expert consultant, (iii) any person working at the direction of an expert witness, (iv) any other expert witness, (v) any other expert consultant, or (vi) any person working at the direction of another expert witness or expert consultant unless such comments were relied upon by the expert in forming the expert witness's opinion.

    The foregoing exclusions from expert discovery will not apply to any information, communications, or documents upon which the expert relies as a basis for his or her opinion. All information, communications, or documents upon which the expert relies as a basis for his or her opinion are discoverable.

(Joint. Mot. 1–3.) Good cause appearing, the Court **GRANTS** the Parties' Joint Stipulation. As previously indicated, if the Parties should have any subsequent disputes regarding whether or not a particular piece of material falls <u>within</u> the scope of the above stipulation and the Parties are unable to resolve such a dispute after meeting and conferring, then the Parties **SHALL** refer the dispute to Magistrate Judge Mitchell D. Dembin for resolution.

    **IT IS SO ORDERED.**

Dated: June 21, 2017

                                            *Janis L. Sammartino*
                                            Hon. Janis L. Sammartino
                                            United States District Judge