Michael P. Lehmann (Cal. Bar No. 77152)
Bonny E. Sweeney (Cal. Bar No. 176174)
Christopher L. Lebsock (Cal. Bar No. 184546)
Samantha Stein (Cal. Bar. No. 302034)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel:  (415) 633-1908
Fax:  (415) 358-4980
E-mail:  mlehmann@hausfeld.com
E-mail:  bsweeney@hausfeld.com
E-mail:  clebsock@hausfeld.com
E-mail:  sstein@hausfeld.com

*Interim Lead Counsel for the Proposed Direct Purchaser Class*
[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER TO ADD NEW PARTIES [Redacted]** |
| This document relates to the Direct Purchaser Plaintiffs Class Action Track | DATE:     Nov. 30, 2017<br>TIME:     1:30 p.m.<br>JUDGE:   Janis L. Sammartino<br>CTRM:    4D |

## <u>TABLE OF CONTENTS</u>

I.   Introduction ..........................................................................................1

II.  Legal Standard.....................................................................................2

III.   Argument..............................................................................................3

  A.  Background ......................................................................................4

  B.  There is Good Cause to Amend the Scheduling Order......................6

  C.  Justice Favors Amendment; No Other Factors Counter Otherwise..................9

IV.   CONCLUSION ...................................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) ................................................................. 10

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ........................................................... 9, 12

*Faraj v. 6th & Island Investments LLC*,
  No. 16-CV-00181, 2017 WL 385741 (S.D. Cal. Jan. 27, 2017) ............... 8

*Giuliano v. SanDisk Corp.*,
  No. C 10-02787 SBA, 2014 WL 4685012 (N.D. Cal. Sep. 19, 2014) ........ 10

*Hopkins v. Bustos*,
  No. 15CV788 JLS (PCL), 2016 WL 4943046 (S.D. Cal. Sept. 16,
  2016) ........................................................................................................ 3

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................... 2

*Koistra v. Cty. of San Diego*,
  No. 16CV2539-GPC(AGS), 2017 WL 2578936 (S.D. Cal. June 14,
  2017) ...................................................................................................... 10

*Michel v. U.S. Customs & Border Prot.*,
  No. 16CV277-GPC(RBB), 2017 WL 3605332 (S.D. Cal. Aug. 22,
  2017) .................................................................................................. 7, 11

*Sonoma Cty. Ass'n of Retired Emp. v. Sonoma Cty. (Sonoma Cty.)*,
  708 F.3d 1109 (9th Cir. 2013) ....................................................... 3, 10, 11

*In re W. States Wholesale Nat. Gas Antitrust Litig. (In re W. States)*,
  715 F.3d 716 (9th Cir. 2013) .......................................................... 9, 10

**Other Authorities**

Fed. R. Civ. P. 16(b) ..................................................................................... 1, 2

Fed. R. Civ. P. 15(a) .................................................................................... 1, 2, 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Local Rule 7.1 .................................................................................................. 1

Local Rule 16.1 ................................................................................................ 1

Fed. R. Civ. P. 33(d) ........................................................................................ 7

## I.     Introduction

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), as well as Civil Local Rules 7.1 and 16.1, the Direct Purchaser Class Plaintiffs ("Plaintiffs") file this Memorandum of Points and Authorities in support of their Motion to amend the Scheduling Order to allow them to add a limited set of new defendants: Lion Capital LLP ("Lion Capital"), Lion Capital (Americas), Inc. ("Lion Americas") (collectively, "Lion"),[1] and Lion/Big Catch Cayman LP ("Big Catch")—the owners of Defendant Bumble Bee Foods, LLC ("Bumble Bee")—and Bumble Bee's President and Chief Executive Officer, Christopher D. Lischewski ("Lischewski").

The proposed amendments are very narrow: Plaintiffs propose adding only limited new allegations about these potential defendants' ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████ *See* Decl. of Samantha Stein ("Stein Decl."), Exs. A (proposed unredacted third consolidated amended complaint) & B (proposed redacted third consolidated amended complaint) ¶¶ 35-57, 199, 212, 228 (collectively referred to as "proposed TACC").  Otherwise, the proposed TACC is virtually identical to the revised second amended consolidated complaint ("SACC") (ECF Nos. 502-03), which the Court ordered Plaintiffs file in its September 26, 2017 Order on Defendants' Motions to Dismiss.  Plaintiffs are not revising their allegations against the other Defendants, other than to note the recent guilty plea by Steve Hodge of StarKist Company.  *See id.*, Ex. C (redlined draft showing changes between the SACC and proposed TACC).

---

[1] Plaintiffs collectively refer to Lion Capital and Lion Americas as "Lion" because ████████████████████████████████████████████████████████ ████████████████████████████████████

There is good cause to add these defendants at this point.  Although the deadline to name new parties was July 30, 2017, discovery stays negotiated with the United States' Department of Justice ("DOJ") have modified the schedule in this case but without any corresponding extension of the deadline to add new parties. Prior to now, there was no perceived need to extend that deadline.  But Plaintiffs have recently uncovered new facts █████████████████████████ ███████████ and through a more fulsome review of Bumble Bee's ██████████ page production that justify an extension of the schedule.

Among other things, ███████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████████ █████████████████████████████████████ ██████████████████████████. While Plaintiffs were aware when they filed their SACC that ████████████████████████ ███████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ █████████████████████████████████ ███████████████████████████████████ ██. These newly uncovered facts confirm that good cause exists here to amend the schedule.  None of the factors that might otherwise weigh against amendment apply.

Accordingly, Plaintiffs respectfully request that the Court grant their Motion to amend the Scheduling Order and add this limited set of new defendants.

## II.    Legal Standard

Once the deadline for adding parties and amending pleadings set in the Rule 16(b) Scheduling Order has passed, no addition of parties or amendment of pleadings is permitted unless the movant shows good cause.  Fed. R. Civ. P.

16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16's "good cause" requirement primarily takes into account the diligence of the party seeking the amendment. *Id.* Good cause may be found where the moving party shows, for example, that it: (1) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order; or (2) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order. *Id.*

"If the Court finds that there is good cause to modify the schedule, the Court then turns to Rule 15(a) to determine whether the amendment sought should be granted." *Hopkins v. Bustos*, No. 15CV788 JLS (PCL), 2016 WL 4943046, at *2 (S.D. Cal. Sept. 16, 2016) (citation omitted). Rule 15(a)(2) states "[t]he court should freely give leave [to amend] when justice so requires." This Rule should be applied with "extreme liberality." *Sonoma Cty. Ass'n of Retired Emp. v. Sonoma Cty. (Sonoma Cty.)*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts will deny leave to amend only if there is "strong evidence" of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc." *Id.* (quotation omitted).

## III.   Argument

Plaintiffs knew about Lion Capital's ownership of Bumble Bee since the start of this case, but only in the last few months ███████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████ Plaintiffs have diligently pursued information about Lion, Big Catch, and Lischewski. Plaintiffs' Motion is based on

the recent discovery of new information and the confirmation of those facts; there is no bad faith, dilatory motive, or undue delay associated with their proposed amendments.  Finally, there is no meaningful prejudice; these proposed defendants have been involved in the DOJ's investigation of Bumble Bee (indeed, Lion and its counsel attended Bumble Bee's sentencing hearing), and their interests have also been effectively represented by Bumble Bee thus far.[2]  Although this case has been pending for two years, the current schedule provides them with ample opportunity to protect their interests.  Under these circumstances, there is good cause to amend the schedule and to allow Plaintiffs to name these new defendants—and, as reflected in the proposed allegations, the interests of justice favor allowing Plaintiffs to pursue these claims.  The Court should grant Plaintiffs' Motion.

### A.     Background

Lion is not in the packaged seafood business, unlike the other parent Defendants, Dongwon Industries and Thai Union Group ("TUG").  Rather, Lion is a private equity firm, and Bumble Bee is essentially an investment vehicle in one of Lion's equity funds.  Following receipt of the Defendants' DOJ productions in early April 2017, and a rapid-fire, but far from complete review of those productions, Plaintiffs filed their amended complaints on May 8, 2017.  Stein Decl. ¶ 6.  Contemporaneously with their review of the Defendants' production, ████████

████████████████████████████████████████████████

████████████████████████████████ *Id.*  On May 8, 2017, Plaintiffs learned about Bumble Bee's guilty plea, which suggested that

---

[2] Among other things, ████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

Bumble Bee—an entity with annual revenues of approximately $1 billion—did not have the ability to pay its criminal fine, and rather that a potential "criminal fine of $81.5 million, [would be] payable by a related entity" for Bumble Bee's unlawful conduct. *See* U.S. DOJ, *Bumble Bee Agrees to Plead Guilty to Price Fixing* (Monday, May 8, 2017), https://www.justice.gov/opa/pr/bumble-bee-agrees-plead-guilty-price-fixing.



Additionally, in its Sentencing Memorandum in Bumble Bee's criminal case, the DOJ identified a new Lion entity—Big Catch—as the "ultimate owner" of Bumble Bee, and which the DOJ reported is the entity that will pay the additional $81.5 million in the event Bumble Bee is sold.[3]  Stein Decl. ¶ 8.  Plaintiffs immediately

1 ██████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████

4 They also discovered much more about Lischewski—███████████████████

5 ██████████████████████████████████████████████

6 ███████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████     The product of this research and analysis is set

9 forth in the proposed TACC.

10     Although the Court's July 16, 2016 Scheduling Order required the Parties to

11 identify any new parties by July 1, 2017, this schedule assumed that merits

12 discovery would be much further underway by that deadline.  *See* ECF No. 195.

13 Merits discovery was to start in December 31, 2016, with the DOJ productions made

14 available to Plaintiffs by January 30, 2017.  *Id.*  Since then, however, discovery was

15 further delayed, as the Parties later filed a stipulation with the DOJ agreeing to

16 another limited stay of merits discovery until March 31, 2017, which the Court

17 granted.  ECF No. 256 (Stipulation); ECF No. 263 (Order).  There was no

18 corresponding change in the Scheduling Order to add new parties.

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████

22     **B.    There is Good Cause to Amend the Scheduling Order.**

23     Good cause exists to amend the Scheduling Order to allow Plaintiffs to name

24 Lion, Big Catch, and Lischewski because Plaintiffs diligently sought leave to amend

25 _____

26 ████████████████████████████████████████████████████

27 ████████████████████████████████████

28

immediately after discovering and reasonably confirming the facts giving rise to claims against these proposed defendants.  "In general, the focus of the diligence inquiry is on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading."  *Michel v. U.S. Customs & Border Prot.*, No. 16CV277-GPC(RBB), 2017 WL 3605332, at *1 (S.D. Cal. Aug. 22, 2017) (citing *Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002)).



Although Plaintiffs previously alleged that Lion was enriched by the conspiracy, ███████

Proposed TACC ¶¶ 39, 42, 44-55.

The facts about Lion's and Big Catch's roles in this case were not previously available to Plaintiffs, ██████████████████████████████████████████ ██████████████████████████████████████████████ Stein Decl. ¶ 11; *cf. Faraj v. 6th & Island Investments LLC*, No. 16-CV-00181, 2017 WL 385741, at *4 (S.D. Cal. Jan. 27, 2017) ("Courts holding that a plaintiff failed to demonstrate good cause for a delayed request to add a party frequently reach that conclusion based on evidence that the opposing party notified the plaintiff, sometimes more than once, of the existence of the omitted entity." (citation omitted)). ██████████████████████████

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████
██████████████████████████████████
██████████████████████████████████████ *Id.* While Plaintiffs' initial review of the DOJ productions revealed that ██████████████████████████
██████████████████████████████████████
██████████████████████████████████

1    ███████████████████████████████████ *See, e.g.,*

2    proposed TACC ¶¶ 42, 46-48, 56. ████████████████

3    ███████████████████████████████████████

4    ████████████████████████████████████

5    ██████████████████████████████

6    ███████████████████████████████████

7    █████ *Id.* ¶¶ 54, 56. ████████████████████

8    ████████████████████████████████████████

9    ██████████████████████████████████

10    █████████████████

11    Plaintiffs moved rapidly to seek leave to name these new defendants based on

12    the recently uncovered discovery—████████████████████

13    ████████████████████████████████████

14    ███████ Stein Decl. ¶¶ 10, 12.  Plaintiffs' diligence here satisfies the good

15    cause requirement.  Finally, the Court's prior Scheduling Order contemplated that

16    discovery would be further underway by the deadline to add new parties.  Given the

17    stays of discovery, a corresponding extension of the deadline to name new parties is

18    likewise warranted.  The Court should thus grant leave to amend the schedule.

19        **C.**    **Justice Favors Amendment; No Other Factors Counter Otherwise.**

20    Courts generally consider "five factors to assess whether to grant leave to

21    amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility

22    of amendment; and (5) whether plaintiff has previously amended his complaint." *In*

23    *re W. States Wholesale Nat. Gas Antitrust Litig. (In re W. States)*, 715 F.3d 716, 738

24    (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015)

25    (quotation and marks omitted).  "Not all of the factors merit equal weight. As this

26    circuit and others have held, it is the consideration of prejudice to the opposing party

27    that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule

28

15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original; citation omitted).

As discussed above, there is no undue delay or bad faith present here. Plaintiffs moved quickly to amend once they uncovered and confirmed the pertinent facts. *See Koistra v. Cty. of San Diego*, No. 16CV2539-GPC(AGS), 2017 WL 2578936, at *3 (S.D. Cal. June 14, 2017) (assessing that the general time frame for undue delay is usually on the scale of about eight months, but the four-month period for the plaintiff in that case to amend did not constitute undue delay). And while courts do not look favorably on motions to amend when "the facts and the theory have been known to the party seeking amendment since the inception of the cause of action" (*In re W. States*, 715 F.3d at 739), quite the opposite is true here as Plaintiffs only recently uncovered these facts.

Nor will any of the new defendants suffer any prejudice. The non-movant "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted). Prejudice must be "substantial" to justify denial of leave to amend. *Giuliano v. SanDisk Corp.*, No. C 10-02787 SBA, 2014 WL 4685012, at *5 (N.D. Cal. Sep. 19, 2014). And "[a]lthough this litigation has been ongoing for several years, '[t]he mere fact that an amendment is offered late in the case . . . is not enough to bar it.'" *Sonoma Cty.*, 708 F.3d at 1118 (quotation omitted). That is particularly true here. The DOJ productions were only made available commencing in April of this year, fact discovery is still ongoing, and the Court has extended the discovery cut-off date to September of 2018. ECF No. 494. Lion, Big Catch, and Lischewski will have nearly a year to conduct discovery, and their interests have already been well-represented by Bumble Bee, which ensured that Bumble Bee and its parent organizations—including Lion Capital, Lion

1    Americas, and Big Catch—would collectively be subject to a cap of only 20

2    depositions.  ECF No. 495.  ████████████████████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████

6    ████████████████████████████████████████████

7    ██████████████████████████████████████████████

8    ██████████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████ *Id.*

12   While prejudice is generally the factor that carries the "greatest weight" (*Sonoma*

13   *Cty.*, 708 F.3d at 1117 (quotation omitted)), none of the potential defendants are

14   able to show any meaningful prejudice here.

15          As to the final factors, while Plaintiffs previously amended their complaints

16   with the Court's permission, Plaintiffs are not revising their allegations against the

17   other Defendants (other than to note the guilty plea by Steve Hodge of StarKist

18   Company).  *See* proposed TACC ¶¶ 35-57, 199, 212, 228.  And the proposed limited

19   amendments against the new defendants in the TACC would not be futile.  Although

20   courts in this district have suggested that, on a motion for leave to amend, "the

21   sufficiency of the proposed pleadings, even if meritorious, is better left for briefing

22   on a motion to dismiss[,]" (*Michel*, 2017 WL 3605332, at *3), under Plaintiffs'

23   proposed amendments, they state a plausible claim for relief against these potential

24   defendants.  ████████████████████████████████████████

25   ████████████████████████████████████████████████████

26   ████████████████████████████████████████████████

27   ████████████████████████████████████████████████

28

███████████████████████████████████████████████████████

██████████████ Proposed TACC ¶¶ 50, 52-55. ████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████ *Id.* ¶¶ 39, 44-51.  Plaintiffs' proposed

allegations further demonstrate the inequities that are likely to result if Lion,

Lischewski, and Big Catch—████████████████████████████████

████████████████████████████—are not made parties to this lawsuit.  *Id.*

¶¶ 46-48.  At a minimum, Plaintiffs' proposed amendments show that they have "a

reasonable chance of successfully stating a claim if given [the] opportunity."

*Eminence Capital*, 316 F.3d at 1053.  Consequently, leave to amend is not futile, but

rather is appropriate and justified under the circumstances here.

In light of the analysis of the applicable factors and Rule 15's policy of

"extreme liberality" in favor of amendment, Plaintiffs respectfully submit that these

circumstances justify amendments of the operative SACC as contained in the

proposed TACC to add Lion Capital, Lion Americas, Big Catch, and Lischewski as

defendants.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court

amend the Scheduling Order and allow Plaintiffs to amend their complaint to name

Lion Capital, Lion Americas, Big Catch, and Lischewski.

Date:  October 16, 2017                   Respectfully Submitted,

By:   */s Bonny E. Sweeney*
Michael P. Lehmann
Bonny E. Sweeney

Christopher L. Lebsock
Samantha J. Stein
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel:   (415) 633-1908
Fax:  (415) 358-4980
E-mail:  mlehmann@hausfeld.com
E-mail:  bsweeney@hausfeld.com
E-mail:  clebsock@hausfeld.com
E-mail:  sstein@hausfeld.com

Michael D. Hausfeld
James J. Pizzirusso
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-mail:   mhausfeld@hausfeld.com
E-mail:   jpizzirusso@hausfeld.com

*Counsel for Plaintiff Olean Wholesale
Grocery Cooperative, Inc. and Interim Lead
Counsel for the Direct Purchaser Class*

Arthur N. Bailey
Marco Cercone
RUPP BASE PFALZGRAF CUNNINGHAM
LLC
1600 Liberty Building
424 Main Street
Buffalo, New York 14202
Telephone: (716) 664-2967
Facsimile: (716) 664-2983
E-mail: bailey@ruppbaase.com
E-mail: cercone@ruppbaase.com

Lesley Weaver
BLEICHMAR FONTI & AULD LLP

1999 Harrison Street, Suite 670
Oakland, CA 94612
Tel: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Additional Counsel for Plaintiff Olean
Wholesale Grocery Cooperative, Inc.*

Barbara Hart
Sung-Min Lee
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
(O) 914-733-7227
(F) 914-997-0035
E-Mail: bhart@lowey.com
E-Mail: slee@lowey.com

*Counsel for Plaintiff Pacific Groservice Inc.
d/b/a PITCO Foods and Member of Direct
Purchaser Plaintiffs' Steering Committee*

Solomon B. Cera (Cal. Bar No. 99467)
Thomas C. Bright (Cal. Bar No. 169713)
Louis A. Kessler (Cal. Bar No. 243703)
CERA LLP
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Fax: (415) 777-5189

C. Andrew Dirksen (Cal. Bar No. 130064)
CERA LLP
800 Boylston St., 16th Floor
Boston, MA 02199
Tel: (857) 453-6555
Fax: (415) 777-5189

*Counsel for Plaintiffs Associated Grocers of*

1
2
3

*Florida, Inc., Central Grocers, Inc., and Piggly Wiggly Alabama Distributing Co., Inc. and Member of Direct Purchaser Plaintiffs' Steering Committee*

4
5
6
7
8
9
10

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri (Cal. Bar No. 130064)
Andrew M. Purdy (Cal. Bar No. 261912)
Matthew S. Weiler (Cal. Bar No. 236052)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

11
12

*Additional Counsel for Plaintiff Central Grocers, Inc.*

13
14
15
16
17
18

Jason S. Hartley (CA Bar No. 192514)
Jason M. Lindner (CA Bar No. 211451)
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 1750
San Diego, CA 92101
Phone: (619) 400-5822
Fax: (619) 400-5832
E-mail: hartley@stuevesiegel.com
E-mail: lindner@stuevesiegel.com

19
20

*Counsel for Plaintiff Trepco Imports & Distribution, Ltd. and Member of Direct Purchaser Plaintiffs' Steering Committee*

21
22
23
24
25
26

Abbas Kazerounian (Cal. Bar No. 249203)
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Fax: (800) 520-5523
E-mail: ak@kazlg.com

27

Josh Swigart (Cal. Bar No. 225557)

28

HYDE & SWIGART
2221 Camino del Rio South, Ste. 101
San Diego, CA 92108
Tel:  619-233-7770
Fax:  619-297-1022
E-mail:  josh@westcoastlitigation.com

Vincent J. Esades
(Admitted *Pro Hac Vice*)
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
E-mail: vesades@heinsmills.com

Robert Eisler
(Admitted *Pro Hac Vice*)
GRANT & EISENHOFER
123 Justison Street
Wilmington, DE 19801
Telephone:  (302) 622-7000
E-mail:  reisler@gelaw.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Avenue
Suite 200
Cleveland, OH 44113
Telephone:  (216) 622-1851
Fax:    (216) 241-8175
E-mail: dkaron@karonllc.com

*Additional Counsel for Plaintiff Trepco
Imports & Distribution, Ltd.*

Stephen R. Neuwirth
Sami H. Rashid
Julia Peck
Joseph N. Kiefer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
E-mail:
stephenneuwirth@quinnemanuel.com
E-mail:  samirashid@quinnemanuel.com
E-mail: juliapeck@quinnemanuel.com
E-mail: josephkiefer@quinnemanuel.com

Dana Statsky Smith
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
E-mail:  dsmith@bernlieb.com

*Counsel for Plaintiff Benjamin Foods LLC
And Members of Direct Purchaser Plaintiffs'
Steering Committee*

Whitney E. Street (Cal. Bar No. 223870)
BLOCK & LEVITON LLP
520 Third Street, Suite 108
Oakland, CA 94607
Telephone: (415) 968-8999
Facsimile: (617) 507-6020
E-mail: wstreet@blockesq.com

*Member of Direct Purchaser Plaintiffs'
Steering Committee*

Allan Steyer (Cal. Bar No. 100318)
D. Scott Macrae (Cal. Bar No. 104663)
Jill M. Manning (Cal. Bar No. 178849)
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

One California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234
E-mail: asteyer@steyerlaw.com
E-mail: smacrae@steyerlaw.com
E-mail: jmanning@steyerlaw.com

*Counsel for Plaintiff John Gross &*
*Company*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I certify that on October 16, 2017, I filed the foregoing document and supporting papers with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system, and also served counsel of record via this Court's CM/ECF system.

By: s/ *Bonny E. Sweeney*