Barbara T. Sicalides, Esq. (PA 57535)
Barak A. Bassman, Esq. (PA 85626)
Megan Morley, Esq. (PA 321706)
Benjamin J. Eichel, Esq. (PA 307078)
Alexander L. Harris, Esq. (PA 311382)
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4000
Fax: 215-981-4750
sicalidesb@pepperlaw.com
bassmanb@pepperlaw.com
morleym@pepperlaw.com
eichelb@pepperlaw.com
harrisa@pepperlaw.com

DEL MONTE CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | MDL Case No. 15-md-2670-JLS-MDD |
| | Case No. 16-cv-0398-JLS-MDD |
| This Document Relates to: | Honorable: Janis Sammartino |
| *Meijer, Inc. and Meijer Distribution, Inc. v. Bumble Bee Foods, LLC, et al.*, Case No. 16-cv-0398-JLS- MDD | **DEFENDANT DEL MONTE CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT BY MEIJER, INC. AND MEIJER DISTRIBUTION, INC.** |

1           Defendant Del Monte Corporation ("Del Monte") hereby responds to

2    the Second Amended Complaint filed by Plaintiffs Meijer, Inc. and Meijer

3    Distribution, Inc. (individually and collectively the "Plaintiffs").

4           1.     To the extent the allegations in Paragraph 1 are conclusions of law, no

5    response is required.  To the extent the allegations in Paragraph 1 relate to other

6    Defendants, the actions of Plaintiffs, or the time period after Del Monte sold the

7    business on October 5, 2008, Del Monte lacks knowledge and information

8    sufficient to respond to those allegations, and those allegations are accordingly

9    denied.  Del Monte admits only that Plaintiffs purport to bring this case under

10   Section One of the Sherman Act and that it sold canned tuna to Plaintiffs Meijer,

11   Inc. and Meijer Distribution, Inc. at some point between January 1, 2004 and

12   October 5, 2008.  The remaining allegations of Paragraph 1 are denied.

13          2.     To the extent the allegations in Paragraph 2 relate to other Defendants

14   or the time period after Del Monte sold the business on October 5, 2008, Del Monte

15   lacks knowledge and information sufficient to respond to those allegations, and

16   those allegations are accordingly denied.  The remaining allegations of Paragraph 2

17   are denied.

18          3.     To the extent the allegations in Paragraph 3 relate to other Defendants,

19   Del Monte lacks knowledge and information sufficient to respond to those

20   allegations, and those allegations are accordingly denied.  Del Monte admits only

21   that the tuna business was competitive.  The remaining allegations of Paragraph 3

22   are denied.

23          4.     To the extent the allegations in Paragraph 4 are conclusions of law, no

24   response is required.  To the extent the allegations in Paragraph 4 relate to other

25   Defendants, Del Monte lacks knowledge and information sufficient to respond to

26   those allegations, and those allegations are accordingly denied.  The remaining

27   allegations of Paragraph 4 are denied.

28

5.      The allegations in Paragraph 5 relate to other Defendants, accordingly Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are denied.  To the extent the allegations in Paragraph 5 characterize a document, such document is a writing that speaks for itself and those allegations are accordingly denied.  Any remaining allegations of Paragraph 5 are denied.

6.      The allegations in Paragraph 6 are conclusions of law, accordingly no response is required.  To the extent the allegations in Paragraph 6 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations of Paragraph 6 are denied.

7.      To the extent the allegations in Paragraph 7 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 7 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations of Paragraph 7 are denied.

8.      To the extent the allegations in Paragraph 8 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 8 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it independently decided to change the size of the package of a variety of its products including but not limited to tuna, and independently implemented changes in package size.  The remaining allegations of Paragraph 8 are denied.

9.      To the extent the allegations in Paragraph 9 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 9 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1    allegations, and those allegations are accordingly denied.  The remaining

2    allegations of Paragraph 9 are denied.

3        10.    To the extent the allegations in Paragraph 10 relate to other Defendants

4    or the time period after Del Monte sold the business on October 5, 2008, Del Monte

5    lacks knowledge and information sufficient to respond to those allegations, and

6    those allegations are accordingly denied.  Del Monte admits only that Impress was

7    a vendor to Del Monte during at least a portion of the period from 2004 until

8    October 5, 2008.  The remaining allegations of Paragraph 10 are denied.

9        11.    To the extent the allegations in Paragraph 11 are conclusions of law,

10   no response is required.  To the extent the allegations in Paragraph 11 relate to

11   other Defendants, the actions or beliefs of Plaintiffs, or the time period after Del

12   Monte sold the business on October 5, 2008, Del Monte lacks knowledge and

13   information sufficient to respond to those allegations, and those allegations are

14   accordingly denied.  To the extent the allegations in Paragraph 11 seek to

15   characterize an unidentified statement of Thai Union, any such statement is a

16   document that speaks for itself, and Del Monte denies such allegations. The

17   remaining allegations of Paragraph 11 are denied.

18       12.    To the extent the allegations in Paragraph 12 are conclusions of law,

19   no response is required.  To the extent the allegations in Paragraph 12 relate to

20   other Defendants or the time period after Del Monte sold the business on October 5,

21   2008, Del Monte lacks knowledge and information sufficient to respond to those

22   allegations, and those allegations are accordingly denied.  The remaining

23   allegations of Paragraph 12 are denied.

24       13.    To the extent the allegations in Paragraph 13 are conclusions of law,

25   no response is required.  To the extent the allegations in Paragraph 13 relate to

26   other Defendants or the time period after Del Monte sold the business on October 5,

27   2008, Del Monte lacks knowledge and information sufficient to respond to those

28   allegations, and those allegations are accordingly denied.  To the extent the

1   allegations in Paragraph 13 characterize documents referenced elsewhere in its

2   Second Amended Complaint or attached to its Second Amended Complaint, such

3   documents are writings that speak for themselves and those allegations are

4   accordingly denied.  The remaining allegations of Paragraph 13 are denied.

5        14.    To the extent the allegations in Paragraph 14 are conclusions of law,

6   no response is required.  To the extent the allegations in Paragraph 14 relate to

7   other Defendants or the time period after Del Monte sold the business on October 5,

8   2008, Del Monte lacks knowledge and information sufficient to respond to those

9   allegations, and those allegations are accordingly denied.  To the extent the

10  allegations in Paragraph 14 characterize plea agreements or related materials, such

11  documents are writings that speak for themselves and those allegations are

12  accordingly denied.  By way of further response, Del Monte admits only that

13  selected language of the allegations in Paragraph 14 are verbatim excerpts from

14  plea agreements which are expressly limited to the time period after Del Monte sold

15  the business on October 5, 2008.

16       15.    To the extent the allegations in Paragraph 15 are conclusions of law,

17  no response is required.  To the extent the allegations in Paragraph 15 relate to

18  other Defendants or the time after Del Monte sold the business on October 5, 2008,

19  Del Monte lacks knowledge and information sufficient to respond to those

20  allegations, and those allegations are accordingly denied.  To the extent the

21  allegations in Paragraph 15 characterize a DOJ document, such document is a

22  writing that speaks for itself and those allegations are accordingly denied.  Any

23  remaining allegations in Paragraph 15 are denied.

24       16.    To the extent the allegations of paragraph 16 contain conclusions of

25  law, no response is required.  The remaining allegations in paragraph 16 are denied.

26       17.    To the extent the allegations in Paragraph 17 are conclusions of law,

27  no response is required.  To the extent the allegations in Paragraph 17 relate to

28  other Defendants, Del Monte lacks knowledge and information sufficient to

respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 17 are denied.

18.     To the extent the allegations in Paragraph 18 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 18 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 18 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations in Paragraph 18 are denied.

19.     The allegations in Paragraph 19 are conclusions of law or other averments to which no response is required.  To the extent a response is deemed required Del Monte denies the allegations in this paragraph.

20.     The allegations in Paragraph 20 are conclusions of law to which no response is required.

21.     The allegations in Paragraph 21 are conclusions of law to which no response is required.  Del Monte denies any remaining allegations in Paragraph 21.

22.     The allegations in Paragraph 22 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph relate to other Defendants or Plaintiffs, Del Monte lacks information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

23.     The allegations in Paragraph 23 and Footnotes 1 and 2 are conclusions of law to which no response is required.  To the extent the allegations in Paragraph 23 and Footnotes 1 and 2 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

24.     To the extent that allegation in Paragraph 24 relate to the actions or corporate structure of Plaintiff Meijer, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  To the extent that the allegations in Paragraph 24 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 24 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it sold canned tuna to a related entity at some point between January 1, 2004 and October 5, 2008.  The remaining allegations in Paragraph 24 are denied.

25.     The allegations in Paragraph 25 are conclusions of law to which no response is required.

26.     To the extent that the allegations in Paragraph 26 and Footnote 3 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 26 and Footnote 3 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

27.     To the extent that the allegations in Paragraph 27 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 27 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that Dongwon purchased the business, and Del Monte sold the business, on October 5, 2008.  The remaining allegations are denied.

28.     To the extent the allegations in Paragraph 28 are conclusion of law, no response is required.  To the extent the allegations in Paragraph 28 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to

1   those allegations and those allegations are accordingly denied.  Any remaining

2   allegations are denied.

3        29.   To the extent the allegations in Paragraph 29 characterize various

4   documents, such documents are writings that speak for themselves and those

5   allegations are accordingly denied.  The remaining allegations in Paragraph 29

6   relate to another Defendant, Del Monte lacks knowledge and information sufficient

7   to respond to those allegations and those allegations are accordingly denied.

8        30.   To the extent that the allegations in Paragraph 30 are conclusions of

9   law, no response is required.  The remaining allegations in Paragraph 30 relate to

10  another Defendant, Del Monte lacks knowledge and information sufficient to

11  respond to those allegations and those allegations are accordingly denied.

12       31.   To the extent that the allegations in Paragraph 31 are conclusions of

13  law, no response is required.  The remaining allegations in Paragraph 31 relate to

14  another Defendant, Del Monte lacks knowledge and information sufficient to

15  respond to those allegations and those allegations are accordingly denied.

16       32.   To the extent that the allegations in Paragraph 32 and Footnotes 4 and

17  5 are conclusions of law, no response is required.  To the extent the allegations in

18  Paragraph 32 and Footnotes 4 and 5 characterize various documents, such

19  documents are writings that speak for themselves, and those allegations are

20  accordingly denied.  To the extent the allegations in Paragraph 32 and Footnotes 4

21  and 5 relate to another Defendant, Del Monte lacks knowledge and information

22  sufficient to respond to those allegations and those allegations are accordingly

23  denied.  Any remaining allegations are denied.

24       33.   To the extent the allegations in Paragraph 33 are conclusions of law,

25  no response is required.  Del Monte admits that it is now known as Big Heart Pet

26  Brands, Inc. and is a corporation organized under the laws of Delaware with its

27  headquarters and principal place of business in Orrville, Ohio.  Del Monte further

28  admits that Del Monte owned a tuna business that included a brand known as

1   StarKist during the time period from December 2002 until October 5, 2008.  To the

2   extent the allegations in Paragraph 33 characterize Del Monte's SEC filings or any

3   agreements entered into between Del Monte and Dongwon, such documents are

4   writings that speak for themselves and those allegations are accordingly denied.

5   The remaining allegations in Paragraph 33 are denied.

6        34.    To the extent that the allegations in Paragraph 34 are conclusions of

7   law, no response is required.  Del Monte admits only that Barry Mills and Melissa

8   Murphy-Brown were employees of Del Monte at various times between 2004 and

9   October 5, 2008.  The remaining allegations in Paragraph 34 are denied.

10       35.    The allegations in Paragraph 35 are conclusions of law or other

11  averments to which no response is required.  To the extent a response is deemed

12  required, Del Monte denies the allegations in this paragraph.

13       36.    To the extent that the allegations in Paragraph 36 are conclusions of

14  law, no response is required.  To the extent the allegations in Paragraph 36 relate to

15  other Defendants, Del Monte lacks knowledge and information sufficient to

16  respond to those allegations and those allegations are accordingly denied.  Any

17  remaining allegations are denied.

18       37.    To the extent that the allegations in Paragraph 37 are conclusions of

19  law, no response is required.  To the extent the allegations in Paragraph 37 relate to

20  other Defendants, Del Monte lacks knowledge and information sufficient to

21  respond to those allegations and those allegations are accordingly denied.  Any

22  remaining allegations are denied.

23       38.    To the extent that the allegations in Paragraph 38 are conclusions of

24  law, no response is required.  To the extent the remaining allegations in Paragraph

25  38 relate to other Defendants or Plaintiffs, Del Monte lacks knowledge and

26  information sufficient to respond to those allegations and those allegations are

27  accordingly denied.  Any remaining allegations are denied.

28

39.     To the extent that the allegations in Paragraph 39 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 39 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 39 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

40.     The allegations in Paragraph 40 are conclusions of law or other averments to which no response is required.

41.     To the extent the allegations in Paragraph 41 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 41 relate to other Defendants or third-parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 41 are denied.

42.     To the extent that the allegations in Paragraph 42 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 42 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 42 are denied.

43.     To the extent that the allegations in Paragraph 43 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 43 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 are conclusions of law to which no response is required.

1    45.    To the extent the allegations in Paragraph 45 relate to other Defendants

2    or the time period after Del Monte sold the business on October 5, 2008, Del Monte

3    lacks knowledge and information sufficient to respond to those allegations and

4    those allegations are accordingly denied.  Del Monte admits only that the fish used

5    in canned tuna is caught by fishing vessels and then frozen or refrigerated.   The

6    remaining allegations in Paragraph 45 are denied.

7    46.    To the extent the allegations in Paragraph 46 relate to other

8    Defendants, third parties, or the time period after Del Monte sold the business on

9    October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

10    to those allegations and those allegations are accordingly denied.  Del Monte admits

11    only that fish used in canned tuna can be purchased from fishing vessels.  The

12    remaining allegations in Paragraph 46 are denied.

13    47.    To the extent the allegations in Paragraph 47 and Footnote 6 relate to

14    other Defendants, third parties, or the time period after Del Monte sold the business

15    on October 5, 2008, Del Monte lacks knowledge and information sufficient to

16    respond to those allegations and those allegations are accordingly denied.  To the

17    extent the allegations in Paragraph 47 and Footnote 6 characterize a website, the

18    website is a writing that speaks for itself and those allegations are accordingly

19    denied.  Any remaining allegations are denied.

20    48.    To the extent the allegations in Paragraph 48 relate to other

21    Defendants, Plaintiffs, or third parties, Del Monte is without knowledge and

22    information sufficient to form a belief as to such statements and they are

23    accordingly denied.  Del Monte admits only that tuna is canned or packaged in

24    various ways, sealed, and cooked.  Any remaining allegations are denied.

25    49.    To the extent the allegations in Paragraph 49 relate to other Defendants

26    or the time period after Del Monte sold the business on October 5, 2008, Del Monte

27    lacks knowledge and information sufficient to respond to those allegations, and

28    those allegations are accordingly denied.  Del Monte admits only that it maintained

1    facilities in Ecuador and American Samoa from at least 2004 until October 5, 2008.

2    The remaining allegations in Paragraph 49 are denied.

3        50.    To the extent the allegations in Paragraph 50 relate to other Defendants

4    or the time period after Del Monte sold the business on October 5, 2008, Del Monte

5    lacks knowledge and information sufficient to respond to those allegations, and

6    those allegations are accordingly denied.  Del Monte admits only that there have

7    been technological changes in fishing over the last 40 years, including those related

8    to purse seine and Fish Aggregation Devices.  The remaining allegations are

9    denied.

10        51.    Del Monte is without knowledge or information sufficient to form a

11    belief as to the truth of the allegations in Paragraph 51.  Accordingly, the

12    allegations in Paragraph 51 are denied.

13        52.    To the extent allegations in Paragraph 52 relate to the time period after

14    Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and

15    information sufficient to respond to those allegations, and those allegations are

16    accordingly denied.  To the extent the allegations of Paragraph 52 characterize an

17    unidentified document from the Pacific Island Forum Fisheries Agency, such

18    document is a writing that speaks for itself and those allegations are accordingly

19    denied.  Any remaining allegations are denied.

20        53.    Del Monte is without knowledge or information sufficient to form a

21    belief as to the truth of the allegations in Paragraph 53.  Accordingly, the

22    allegations of Paragraph 53 are denied.

23        54.    Del Monte is without knowledge or information sufficient to form a

24    belief as to the truth of the allegations in Paragraph 54.  Accordingly, the

25    allegations in Paragraph 54 are denied.

26        55.    Del Monte is without knowledge or information sufficient to form a

27    belief as to the truth of the allegations in Paragraph 55.  Accordingly, the

28    allegations in Paragraph 55 are denied.

56.     To the extent that the allegations in Paragraph 56 are conclusions of law, no response is required.  To the extent allegations in Paragraph 56 relate to other Defendants or the time period before Del Monte entered the business or after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 56 are denied.

57.     To the extent that the allegations in Paragraph 57 are conclusions of law, no response is required.  To the extent allegations in Paragraph 57 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 57 are denied.

58.     To the extent that the allegations in Paragraph 58 are conclusions of law, no response is required.  To the extent allegations in Paragraph 58 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 58 are denied.

59.     To the extent the allegations in Paragraph 59 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent that the allegations contained in Paragraph 59 characterize various documents, such documents are writings that speak for themselves, and those allegations are accordingly denied. The remaining allegations in Paragraph 59 are denied.

60.     To the extent the allegations in Paragraph 60 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to

1   those allegations, and those allegations are accordingly denied.  Any remaining

2   allegations are denied.

3        61.    To the extent the allegations in Paragraph 61 and Footnote 7 relate to

4   other Defendants, third parties, or the time period after Del Monte sold the business

5   on October 5, 2008, Del Monte lacks knowledge and information sufficient to

6   respond to those allegations, and those allegations are accordingly denied.  To the

7   extent that the allegations contained in Paragraph 61 and Footnote 7 characterize

8   documents, the documents speak for themselves, and those allegations are

9   accordingly denied.  Any remaining allegations are denied.

10       62.    To the extent the allegations of Paragraph 62 are conclusions of law,

11  no response is required.  To the extent the allegations in Paragraph 62 relate to

12  other Defendants or the time period after Del Monte sold the business on October 5,

13  2008, Del Monte lacks knowledge and information sufficient to respond to those

14  allegations, and those allegations are accordingly denied.  Any remaining

15  allegations are denied.

16       63.    To the extent the allegations in Paragraph 63 relate to other Defendants

17  or the time period after Del Monte sold the business on October 5, 2008, Del Monte

18  lacks knowledge and information sufficient to respond to those allegations, and

19  those allegations are accordingly denied.  To the extent that the allegations

20  contained in Paragraph 63 characterize an unidentified Korean-language

21  publication, such document is a writing that speaks for itself, and those allegations

22  are accordingly denied.

23       64.    To the extent the allegations in Paragraph 64 are conclusions of law,

24  no response is required.  To the extent allegations in Paragraph 64 relate to other

25  Defendants or the time period after Del Monte sold the business on October 5,

26  2008, Del Monte lacks knowledge and information sufficient to respond to those

27  allegations, and those allegations are accordingly denied.  The remaining

28  allegations in Paragraph 64 are denied.

65.     To the extent allegations in Paragraph 65 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits that there are two types of canned tuna, both of which are typically packed in either water or vegetable oil. Del Monte further admits that, from 2004 through October 2008, there was a greater volume of light tuna than albacore tuna sold in the United States.  The remaining allegations in Paragraph 65 are denied.

66.     To the extent the allegations in Paragraph 66 are conclusions of law, no response is required.  To the extent allegations in Paragraph 66 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 66 are denied.

67.     To the extent the allegations in Paragraph 67 are conclusions of law, no response is required.  To the extent allegations in Paragraph 67 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 67 are denied.

68.     To the extent the allegations in Paragraph 68 are conclusions of law, no response is required.  To the extent allegations in Paragraph 68 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 68 are denied.

69.     To the extent allegations in Paragraph 69 relate to other Defendants, third parties, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 69 are denied.

70.     To the extent the allegations in Paragraph 70 are conclusions of law, no response is required.  To the extent allegations in Paragraph 70 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 70 are denied, or Del Monte lacks knowledge or information sufficient to form a belief as to the truth of those averments.

71.     To the extent allegations in Paragraph 71 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 71 are denied, or Del Monte lacks knowledge or information sufficient to form a belief as to the truth of those averments.

72.     To the extent the allegations in Paragraph 72 are conclusions of law, no response is required.  To the extent allegations in Paragraph 72 relate to other Defendants, third parties, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 72 are denied.

73.     To the extent allegations in Paragraph 73 relate to other Defendants, third parties, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1    allegations, and those allegations are accordingly denied.  Any remaining

2    allegations are denied.

3        74.    To the extent allegations in Paragraph 74 relate to other defendants,

4    third parties, or the time period after Del Monte sold the business on October 5,

5    2008, Del Monte lacks knowledge and information sufficient to respond to those

6    allegations, and those allegations are accordingly denied.  The remaining

7    allegations in Paragraph 74 are denied.

8        75.    To the extent allegations in Paragraph 75 relate to other Defendants,

9    third parties, or the time period after Del Monte sold the business on October 5,

10   2008, Del Monte lacks knowledge and information sufficient to respond to those

11   allegations, and those allegations are accordingly denied.  The remaining

12   allegations in Paragraph 75 are denied.

13       76.    To the extent allegations in Paragraph 76 relate to other Defendants,

14   third parties, or the time period after Del Monte sold the business on October 5,

15   2008, Del Monte lacks knowledge and information sufficient to respond to those

16   allegations, and those allegations are accordingly denied.  The remaining

17   allegations in Paragraph 76 are denied.

18       77.    To the extent that the allegations in Paragraph 77 are conclusions of

19   law, no response is required.  To the extent allegations in Paragraph 77 relate to

20   other Defendants, third parties, or the time period after Del Monte sold the business

21   on October 5, 2008, Del Monte lacks knowledge and information sufficient to

22   respond to those allegations, and those allegations are accordingly denied.  To the

23   extent the allegations in Paragraph 77 characterize an e-mail, the e-mail is a

24   writings that speaks for itself and those allegations are accordingly denied. Del

25   Monte admits only that it was a member of the NFI for at least part of the period

26   from 2004 through October 5, 2008.  The remaining allegations in Paragraph 77 are

27   denied.

28

78.     To the extent that the allegations in Paragraph 78 are conclusions of law, no response is required.  To the extent allegations in Paragraph 78 relate to other Defendants, third parties, or the time period after Del Monte sold the business, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that Impress was a vendor to Del Monte for at least part of the period from 2004 until October 5, 2008.  The remaining allegations in Paragraph 78 are denied.

79.     The allegations in Paragraph 79 relate to other Defendants and the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

80.     To the extent that the allegations in Paragraph 80 are conclusions of law, no response is required.  To the extent allegations in Paragraph 80 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 80 are denied.

81.     The allegations in Paragraph 81 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte denies any coordination or conspiracy.

82.     To the extent the allegations in Paragraph 82 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 82 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations in Paragraph 82 are denied.

1   83.    To the extent the allegations in Paragraph 83 relate to other

2   Defendants, Del Monte lacks knowledge and information sufficient to respond to

3   those allegations, and those allegations are accordingly denied.  To the extent the

4   allegations in Paragraph 83 characterize documents, such documents are writings

5   that speak for themselves and those allegations are accordingly denied.  Del Monte

6   admits only that a Del Monte employee attended the InfoFish World Tuna

7   Conference and worked on issues relating to country-of-origin regulations in 2004.

8   Del Monte specifically denies that Mr. Binotto engaged in improper conduct

9   regarding the InfoFish conference or country-of-origin regulations to discuss

10  increasing prices of canned tuna in the United States.  The remaining allegations in

11  Paragraph 83 are denied.

12  84.    To the extent the allegations of Paragraph 84 are conclusions of law,

13  no response is required.  To the extent the allegations in Paragraph 84 relate to

14  other Defendants, Del Monte lacks knowledge and information sufficient to

15  respond to those allegations, and those allegations are accordingly denied.  The

16  remaining allegations in Paragraph 84 are denied.

17  85.    To the extent the allegations in Paragraph 85 relate to other

18  Defendants, Del Monte lacks knowledge and information sufficient to respond to

19  those allegations and those allegations are accordingly denied.  To the extent the

20  allegations in Paragraph 85 characterize various documents, such documents are

21  writings that speak for themselves and those allegations are accordingly denied.

22  The remaining allegations in Paragraph 85 are denied.

23  86.    To the extent the allegations in Paragraph 86 relate to other

24  Defendants, Del Monte lacks knowledge and information sufficient to respond to

25  those allegations, and those allegations are accordingly denied.  The remaining

26  allegations in Paragraph 86 are denied.

27  87.    To the extent the allegations in Paragraph 87 are conclusions of law,

28  no response is required.  After reasonable investigation, Del Monte lacks

1  knowledge and information sufficient to determine whether it announced a price

2  increase of 10% on June 1, 2004 and those allegations are accordingly denied. The

3  remaining allegations in Paragraph 87 are denied.

4      88.     To the extent the allegations in Paragraph 88 are conclusions of law,

5  no response is required. To the extent the allegations in Paragraph 88 relate to

6  other Defendants, Del Monte lacks knowledge and information sufficient to

7  respond to those allegations, and those allegations are accordingly denied. After

8  reasonable investigation, Del Monte specifically denies that it "sent its non-public,

9  highly confidential internal plan" to any Defendant or had an unlawful agreement

10  with its competitors. The remaining allegations in Paragraph 88 are denied.

11      89.     To the extent the allegations in Paragraph 89 characterize a document,

12  the document is a writing that speaks for itself and those allegations are accordingly

13  denied. The remaining allegations in Paragraph 89 are denied.

14      90.     To the extent the allegations in Paragraph 90 relate to other

15  Defendants, Del Monte lacks knowledge and information sufficient to respond to

16  those allegations, and those allegations are accordingly denied. The remaining

17  allegations in Paragraph 90 are denied.

18      91.     To the extent the allegations in Paragraph 91 relate to other

19  Defendants, Del Monte lacks knowledge and information sufficient to respond to

20  those allegations, and those allegations are accordingly denied. After reasonable

21  investigation, Del Monte lacks knowledge and information sufficient to determine

22  the veracity of the allegations of Paragraph 91 and those allegations are accordingly

23  denied.

24      92.     To the extent the allegations in Paragraph 92 relate to other

25  Defendants, Del Monte lacks knowledge and information sufficient to respond to

26  those allegations, and those allegations are accordingly denied. After reasonable

27  investigation, Del Monte lacks knowledge and information sufficient to determine

28

1  the veracity of the allegations of Paragraph 92 and those allegations are accordingly

2  denied.

3      93.    To the extent the allegations in Paragraph 93 are conclusions of law,

4  no response is required.  To the extent the allegations in Paragraph 93 relate to

5  other Defendants, Del Monte lacks knowledge and information sufficient to

6  respond to those allegations, and those allegations are accordingly denied.  After

7  reasonable investigation, Del Monte lacks knowledge and information sufficient to

8  determine the veracity of the allegations of Paragraph 93 and those allegations are

9  accordingly denied.  The remaining allegations of Paragraph 93 are denied.

10      94.    To the extent the allegations in Paragraph 94 are conclusions of law,

11  no response is required.  To the extent the allegations in Paragraph 94 relate to

12  other Defendants, Del Monte lacks knowledge and information sufficient to

13  respond to those allegations, and those allegations are accordingly denied.  The

14  remaining allegations in Paragraph 94 are denied.

15      95.    To the extent the allegations in Paragraph 95 are conclusions of law,

16  no response is required.  To the extent the allegations in Paragraph 95 relate to

17  other Defendants, Del Monte lacks knowledge and information sufficient to

18  respond to those allegations, and those allegations are accordingly denied.  Del

19  Monte admits only that it independently began planning in January 2006 for a price

20  increase on its tuna with the effective date of May 1, 2006.  The remaining

21  allegations of Paragraph 95 are denied.

22      96.    To the extent the allegations in Paragraph 96 are conclusions of law,

23  no response is required.  To the extent the allegations in Paragraph 96 relate to

24  other Defendants, Del Monte lacks knowledge and information sufficient to

25  respond to those allegations, and those allegations are accordingly denied.  The

26  remaining allegations in Paragraph 96 are denied.

27

28

97.     The allegations in Paragraph 97 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

98.     The allegations in Paragraph 98 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

99.     To the extent the allegations in Paragraph 99 and Footnote 8 contain conclusions of law, no response is required.  To the extent the allegations in Paragraph 99 and Footnote 8 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 99 and Footnote 8 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations of Paragraph 99 and Footnote 8 are denied.

100.    To the extent the allegations in paragraph 100 are conclusions of law, no response is required.  The remaining allegations in Paragraph 100 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

101.    To the extent the allegations in Paragraph 101 and Footnote 9 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 101 and Footnote 9 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte specifically denies that Bumble Bee was communicating with Del Monte in 2006 regarding a price increase.  The remaining allegations in Paragraph 101 and Footnote 9 are denied.

102.    To the extent the allegations in Paragraph 102 contain conclusions of law, no response is required.  To the extent the allegations in Paragraph 102 relate

1   to other Defendants, Del Monte lacks knowledge and information sufficient to
2   respond to those allegations, and those allegations are accordingly denied.  Del
3   Monte specifically denies that Bumble Bee was communicating with Del Monte in
4   2006 regarding a price increase.  The remaining allegations in Paragraph 102 are
5   denied.

6       103.   To the extent the allegations in Paragraph 103 relate to other
7   Defendants, Del Monte lacks knowledge and information sufficient to respond to
8   those allegations, and those allegations are accordingly denied.  Del Monte admits
9   only that by March 6, 2006, it had communicated to some customers that it would
10  be increasing prices.  By way of further response, Del Monte increased the price of
11  a wide range of products other than tuna to offset increases to its costs.  The
12  remaining allegations in Paragraph 103 are denied.

13      104.   The allegations in Paragraph 104 relate to other Defendants, Del
14  Monte lacks knowledge and information sufficient to respond to those allegations
15  and those allegations are accordingly denied.

16      105.   To the extent that the allegations in Paragraph 105 are conclusions of
17  law, no response is required.  To the extent the allegations in Paragraph 105 relate
18  to other Defendants, or the time period after Del Monte sold the business on
19  October 5, 2008, Del Monte lacks knowledge and information sufficient to respond
20  to those allegations, and those allegations are accordingly denied.  The remaining
21  allegations in Paragraph 105 are denied.

22      106.   To the extent the allegations in Paragraph 106 relate to other
23  Defendants, Del Monte lacks knowledge and information sufficient to respond to
24  those allegations, and those allegations are accordingly denied.  To the extent the
25  allegations in Paragraph 106 characterize a document, the document is a writing
26  that speaks for itself and those allegations are accordingly denied.  By way of
27  further response, after reasonable investigation, Del Monte lacks knowledge and
28  information sufficient to determine the veracity of the first sentence in Paragraph

106 and that allegation is accordingly denied.  The remaining allegations in Paragraph 106 are denied.

107.   To the extent the allegations in Paragraph 107 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 107 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  By way of further response, after reasonable investigation, Del Monte lacks knowledge and information sufficient to determine the veracity of the third sentence in Paragraph 107 and that allegation is accordingly denied.  The remaining allegations in Paragraph 107 are denied.

108.   To the extent the allegations in Paragraph 108 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 108 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it intended to independently reduce tuna can sizes before January 2008.  Del Monte specifically denies that its decision was based upon the interests of others or that it reached an agreement with any other Defendants relating to the size of tuna cans or otherwise.  The remaining allegations in Paragraph 108 are denied.

109.   To the extent the allegations in Paragraph 109 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 109 are denied.

110.   To the extent the allegations in Paragraph 110 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 110 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly

1    denied.  Del Monte admits only that Impress was a vendor to Del Monte for at least

2    a part of the period from 2004 until October 5, 2008 and that Del Monte

3    communicated independently with Impress from time to time during that period.

4    The remaining allegations in Paragraph 110 are denied.

5          111.   To the extent the allegations in Paragraph 111 relate to other

6    Defendants or third parties, Del Monte lacks knowledge and information sufficient

7    to respond to those allegations, and those allegations are accordingly denied.  To

8    the extent the allegations in Paragraph 111 characterize an email communication,

9    the document is a writing that speaks for itself and those allegations are accordingly

10   denied.  The remaining allegations in Paragraph 111 are denied.

11         112.   To the extent the allegations in Paragraph 112 relate to other

12   Defendants, Del Monte lacks knowledge and information sufficient to respond to

13   those allegations and those allegations are accordingly denied.  To the extent the

14   allegations in Paragraph 112 characterize various documents, such documents are

15   writings that speak for themselves and those allegations are accordingly denied.

16   The remaining allegations in Paragraph 112 are denied.

17         113.   To the extent the allegations in Paragraph 113 relate to other

18   Defendants, Del Monte lacks knowledge and information sufficient to respond to

19   those allegations and those allegations are accordingly denied.  To the extent the

20   allegations in Paragraph 113 characterize an alleged email, such email is a writing

21   that speaks for itself and those allegations are accordingly denied.

22         114.   The allegations in Paragraph 114 relate to other Defendants, Del

23   Monte lacks knowledge and information sufficient to respond to those allegations

24   and those allegations are accordingly denied.

25         115.   To the extent the allegations in Paragraph 115 relate to other

26   Defendants, Del Monte lacks knowledge and information sufficient to respond to

27   those allegations, and those allegations are accordingly denied.  Del Monte

28   specifically denies that it entered into an agreement with Bumble Bee or COSI

1    regarding the size of tuna cans.  The remaining allegations in Paragraph 115 are

2    denied.

3         116.   To the extent the allegations in Paragraph 116 are conclusions of law,

4    no response is required.  To the extent the allegations in Paragraph 116 relate to

5    other Defendants, Del Monte lacks knowledge and information sufficient to

6    respond to those allegations, and those allegations are accordingly denied.  To the

7    extent the allegations in Paragraph 116 characterize a 2008 presentation, the

8    presentation is a writing that speaks for itself and those allegations are accordingly

9    denied.  Del Monte specifically denies that it "coordinated" with any Defendant.

10   The remaining allegations in Paragraph 116 are denied.

11        117.   To the extent the allegations in Paragraph 117 relate to other

12   Defendants, Del Monte lacks knowledge and information sufficient to respond to

13   those allegations, and those allegations are accordingly denied.  To the extent the

14   allegations in Paragraph 117 characterize various presentations, such documents are

15   writings that speak for themselves and those allegations are accordingly denied.

16   The remaining allegations in Paragraph 117 are denied.

17        118.   To the extent the allegations in Paragraph 118 relate to other

18   Defendants, Del Monte lacks knowledge and information sufficient to respond to

19   those allegations and those allegations are accordingly denied.  The remaining

20   allegations in Paragraph 118 are denied.

21        119.   To the extent the allegations in Paragraph 119 relate to other

22   Defendants, Del Monte lacks knowledge and information sufficient to respond to

23   those allegations, and those allegations are accordingly denied.  To the extent the

24   allegations in Paragraph 119 characterize communications between Del Monte and

25   Dongwon, such communications are written documents that speak for themselves

26   and those allegations are accordingly denied.  The remaining allegations in

27   Paragraph 119 are denied.

28

120.   To the extent the allegations in Paragraph 120 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it sold five ounce cans of tuna from on or about July 21, 2008 through October 5, 2008.  The remaining allegations in Paragraph 120 are denied.

121.   To the extent the allegations in Paragraph 121 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 121 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 121 are denied.

122.   To the extent the allegations in Paragraph 122 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 122 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 122 are denied.

123.   To the extent the allegations in Paragraph 123 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 123 are denied.

124.   To the extent the allegations in Paragraph 124 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 124 are denied.

125.   To the extent the allegations in Paragraph 125 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to

those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 125 characterize an email from Clancy to Sawyer, the email is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 125 are denied.

126.   To the extent the allegations in Paragraph 126 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations of Paragraph 126 are denied.

127.   To the extent the allegations in Paragraph 127 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it sought a price list increase on its tuna in or about June 2008 with an effective date of July 21, 2008.  The remaining allegations of Paragraph 127 are denied.

128.   To the extent the allegations in Paragraph 128 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations of Paragraph 128 are denied.

129.   To the extent the allegations in Paragraph 129 are conclusion of law, no response is required.  To the extent the allegations in Paragraph 129 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 129 are denied.

130.   To the extent the allegations in Paragraph 130 are conclusion of law, no response is required.  To the extent the allegations in Paragraph 130 relate to other Defendants or the time period after Del Monte sold the business on October 5,

1   2008, Del Monte lacks knowledge and information sufficient to respond to those

2   allegations, and those allegations are accordingly denied.  Any remaining

3   allegations in Paragraph 130 are denied.

4       131.   To the extent the allegations in Paragraph 131 relate to other

5   Defendants or the time period after Del Monte sold the business on October 5,

6   2008, Del Monte lacks knowledge and information sufficient to respond to those

7   allegations, and those allegations are accordingly denied.  Any remaining

8   allegations in Paragraph 131 are denied.

9       132.   To the extent the allegations in Paragraph 132 relate to other

10  Defendants or the time period after Del Monte sold the business on October 5,

11  2008, Del Monte lacks knowledge and information sufficient to respond to those

12  allegations, and those allegations are accordingly denied.  Any remaining

13  allegations in Paragraph 132 are denied.

14      133.   To the extent the allegations in Paragraph 133 relate to other

15  Defendants or the time period after Del Monte sold the business on October 5,

16  2008, Del Monte lacks knowledge and information sufficient to respond to those

17  allegations, and those allegations are accordingly denied.  Any remaining

18  allegations in Paragraph 133 are denied.

19      134.   To the extent the allegations in Paragraph 134 relate to other

20  Defendants or the time period after Del Monte sold the business on October 5,

21  2008, Del Monte lacks knowledge and information sufficient to respond to those

22  allegations, and those allegations are accordingly denied.  Any remaining

23  allegations in Paragraph 134 are denied.

24      135.   To the extent the allegations in Paragraph 135 relate to other

25  Defendants or the time period after Del Monte sold the business on October 5,

26  2008, Del Monte lacks knowledge and information sufficient to respond to those

27  allegations, and those allegations are accordingly denied.  Any remaining

28  allegations in Paragraph 135 are denied.

136.   To the extent the allegations in Paragraph 136 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 136 are denied.

137.   To the extent the allegations in Paragraph 137 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 137 characterize various letters, such documents are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations in Paragraph 137 are denied.

138.   To the extent the allegations in Paragraph 138 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 138 are denied.

139.   To the extent the allegations in Paragraph 139 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 139 characterize various text messages, such messages are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations in Paragraph 139 are denied.

140.   To the extent the allegations in Paragraph 140 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1    allegations, and those allegations are accordingly denied.  Any remaining

2    allegations in Paragraph 140 are denied.

3         141.   To the extent the allegations in Paragraph 141 relate to other

4    Defendants or the time period after Del Monte sold the business on October 5,

5    2008, Del Monte lacks knowledge and information sufficient to respond to those

6    allegations, and those allegations are accordingly denied.  Any remaining

7    allegations in Paragraph 141 are denied.

8         142.   To the extent the allegations in Paragraph 142 relate to other

9    Defendants or the time period after Del Monte sold the business on October 5,

10   2008, Del Monte lacks knowledge and information sufficient to respond to those

11   allegations, and those allegations are accordingly denied.  To the extent the

12   allegations of Paragraph 142 characterize various documents, such documents are

13   writings that speak for themselves and those allegations are accordingly denied.

14   Any remaining allegations in Paragraph 142 are denied.

15        143.   To the extent the allegations in Paragraph 143 relate to other

16   Defendants or the time period after Del Monte sold the business on October 5,

17   2008, Del Monte lacks knowledge and information sufficient to respond to those

18   allegations, and those allegations are accordingly denied.  To the extent the

19   allegations of Paragraph 143 characterize various documents, such documents are

20   writings that speak for themselves and those allegations are accordingly denied.

21   Any remaining allegations in Paragraph 143 are denied.

22        144.   To the extent the allegations in Paragraph 144 relate to other

23   Defendants or the time period after Del Monte sold the business on October 5,

24   2008, Del Monte lacks knowledge and information sufficient to respond to those

25   allegations, and those allegations are accordingly denied.  To the extent the

26   allegations of Paragraph 144 characterize various documents, such documents are

27   writings that speak for themselves and those allegations are accordingly denied.

28   Any remaining allegations in Paragraph 144 are denied.

145.   To the extent the allegations in Paragraph 145 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 145 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations of Paragraph 145 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations in Paragraph 145 are denied.

146.   To the extent the allegations in Paragraph 146 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 146 are denied.

147.   To the extent the allegations in Paragraph 147 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 147 are denied.

148.   To the extent the allegations in Paragraph 148 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations of Paragraph 148 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations in Paragraph 148 are denied.

149.   To the extent the allegations in Paragraph 149 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1    allegations, and those allegations are accordingly denied.  To the extent the

2    allegations of Paragraph 149 characterize various documents, such documents are

3    writings that speak for themselves and those allegations are accordingly denied.

4    Any remaining allegations in Paragraph 149 are denied.

5          150.   To the extent the allegations in Paragraph 150 relate to other

6    Defendants or the time period after Del Monte sold the business on October 5,

7    2008, Del Monte lacks knowledge and information sufficient to respond to those

8    allegations, and those allegations are accordingly denied.  Any remaining

9    allegations in Paragraph 150 are denied.

10         151.   To the extent the allegations in Paragraph 151 relate to other

11   Defendants or the time period after Del Monte sold the business on October 5,

12   2008, Del Monte lacks knowledge and information sufficient to respond to those

13   allegations, and those allegations are accordingly denied.  Any remaining

14   allegations in Paragraph 151 are denied.

15         152.   To the extent the allegations in Paragraph 152 relate to other

16   Defendants or the time period after Del Monte sold the business on October 5,

17   2008, Del Monte lacks knowledge and information sufficient to respond to those

18   allegations, and those allegations are accordingly denied.  Any remaining

19   allegations in Paragraph 152 are denied.

20         153.   To the extent the allegations in Paragraph 153 relate to other

21   Defendants or the time period after Del Monte sold the business on October 5,

22   2008, Del Monte lacks knowledge and information sufficient to respond to those

23   allegations, and those allegations are accordingly denied.  Any remaining

24   allegations in Paragraph 153 are denied.

25         154.   To the extent the allegations in Paragraph 154 relate to other

26   Defendants or the time period after Del Monte sold the business on October 5,

27   2008, Del Monte lacks knowledge and information sufficient to respond to those

28   allegations, and those allegations are accordingly denied.  To the extent the

1   allegations of Paragraph 154 characterize various documents, such documents are

2   writings that speak for themselves and those allegations are accordingly denied.

3   Any remaining allegations in Paragraph 154 are denied.

4       155.   To the extent the allegations in Paragraph 155 relate to other

5   Defendants or the time period after Del Monte sold the business on October 5,

6   2008, Del Monte lacks knowledge and information sufficient to respond to those

7   allegations, and those allegations are accordingly denied.  To the extent the

8   allegations of Paragraph 155 characterize a document, the document is a writing

9   that speaks for itself and those allegations are accordingly denied.  Any remaining

10  allegations in Paragraph 155 are denied.

11      156.   To the extent the allegations in Paragraph 156 relate to other

12  Defendants or the time period after Del Monte sold the business on October 5,

13  2008, Del Monte lacks knowledge and information sufficient to respond to those

14  allegations, and those allegations are accordingly denied.  To the extent the

15  allegations of Paragraph 156 characterize various documents, such documents are

16  writings that speak for themselves and those allegations are accordingly denied.

17  Any remaining allegations in Paragraph 156 are denied.

18      157.   To the extent the allegations in Paragraph 157 relate to other

19  Defendants or the time period after Del Monte sold the business on October 5,

20  2008, Del Monte lacks knowledge and information sufficient to respond to those

21  allegations, and those allegations are accordingly denied.  To the extent the

22  allegations of Paragraph 157 characterize various emails, such documents are

23  writings that speak for themselves and those allegations are accordingly denied.

24  Any remaining allegations in Paragraph 157 are denied.

25      158.   To the extent the allegations in Paragraph 158 relate to other

26  Defendants or the time period after Del Monte sold the business on October 5,

27  2008, Del Monte lacks knowledge and information sufficient to respond to those

28  allegations, and those allegations are accordingly denied.  To the extent the

1   allegations of Paragraph 158 characterize various communications, such documents

2   are writings that speak for themselves and those allegations are accordingly denied.

3   Any remaining allegations in Paragraph 158 are denied.

4         159.   To the extent the allegations in Paragraph 159 relate to other

5   Defendants or the time period after Del Monte sold the business on October 5,

6   2008, Del Monte lacks knowledge and information sufficient to respond to those

7   allegations, and those allegations are accordingly denied.  Any remaining

8   allegations in Paragraph 159 are denied.

9         160.   To the extent the allegations in Paragraph 160 relate to other

10  Defendants or the time period after Del Monte sold the business on October 5,

11  2008, Del Monte lacks knowledge and information sufficient to respond to those

12  allegations, and those allegations are accordingly denied.  To the extent the

13  allegations of Paragraph 160 characterize an email, the document is a writing that

14  speaks for itself and those allegations are accordingly denied.  Any remaining

15  allegations in Paragraph 160 are denied.

16        161.   To the extent the allegations in Paragraph 161 are conclusions of law,

17  no response is required.  To the extent the allegations in Paragraph 161 relate to

18  other Defendants or the time period after Del Monte sold the business on October 5,

19  2008, Del Monte lacks knowledge and information sufficient to respond to those

20  allegations, and those allegations are accordingly denied.  To the extent the

21  allegations of Paragraph 161 characterize an unidentified document, such document

22  is a writing that speaks for itself and those allegations are accordingly denied.  Any

23  remaining allegations in Paragraph 161 are denied.

24        162.   To the extent the allegations in Paragraph 162 are conclusions of law,

25  no response is required.  To the extent the allegations in Paragraph 162 relate to

26  other Defendants or the time period after Del Monte sold the business on October 5,

27  2008, Del Monte lacks knowledge and information sufficient to respond to those

28

1   allegations, and those allegations are accordingly denied.  Any remaining

2   allegations in Paragraph 162 are denied.

3       163.   To the extent the allegations in Paragraph 163 are conclusions of law,

4   no response is required.  To the extent the allegations in Paragraph 163 relate to

5   other Defendants, Plaintiffs, or the time period after Del Monte sold the business on

6   October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

7   to those allegations, and those allegations are accordingly denied.  Any remaining

8   allegations in Paragraph 163 are denied.

9       164.   To the extent the allegations in Paragraph 164 are conclusions of law,

10  no response is required.  To the extent the allegations in Paragraph 164 relate to

11  other Defendants, Plaintiffs, or the time period after Del Monte sold the business on

12  October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

13  to those allegations, and those allegations are accordingly denied.  Any remaining

14  allegations in Paragraph 164 are denied.

15      165.   To the extent the allegations in Paragraph 165 relate to other

16  Defendants, a grand jury investigation, or the time period after Del Monte sold the

17  business on October 5, 2008, Del Monte lacks knowledge and information

18  sufficient to respond to those allegations, and those allegations are accordingly

19  denied.  To the extent the allegations in Paragraph 165 characterize unidentified

20  documents, such materials are writings that speak for themselves and those

21  allegations are accordingly denied.

22      166.   To the extent the allegations in Paragraph 166 relate to other

23  Defendants or the time period after Del Monte sold the business on October 5,

24  2008, Del Monte lacks knowledge and information sufficient to respond to those

25  allegations, and those allegations are accordingly denied.  To the extent the

26  allegations in Paragraph 166 characterize various documents, such materials are

27  writings that speak for themselves and those allegations are accordingly denied.

28

167.   To the extent the allegations in Paragraph 167 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 167 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 167 characterize various documents, such materials are writings that speak for themselves and those allegations are accordingly denied.

168.   The allegations in Paragraph 168 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

169.   To the extent The allegations in Paragraph 169 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

170.   To the extent the allegations in Paragraph 170 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 170 characterize various documents, such materials are writings that speak for themselves and those allegations are accordingly denied.

171.   To the extent the allegations in Paragraph 171 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 171 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

172.   To the extent the allegations in Paragraph 172 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 172 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 172 characterize various documents, such materials are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations are denied.

173.   To the extent the allegations in Paragraph 173 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 173 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 173 characterize various documents, such materials are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations are denied.

174.   To the extent the allegations in Paragraph 174 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 174 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 174 characterize various documents, such materials are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations are denied.

175.   To the extent the allegations in Paragraph 175 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 175 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 175 characterize various documents, such materials are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations are denied.

176. To the extent the allegations in Paragraph 176 are conclusions of law, no response is required. To the extent the allegations in Paragraph 176 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

177. To the extent the allegations in Paragraph 177 are conclusions of law, no response is required. To the extent the allegations in Paragraph 177 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

178. To the extent the allegations in Paragraph 178 are conclusions of law, no response is required. To the extent the allegations in Paragraph 178 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

179. To the extent the allegations in Paragraph 179 are conclusions of law, no response is required. Any remaining allegations are denied.

180. To the extent the allegations in Paragraph 180 are conclusions of law, no response is required. Any remaining allegations are denied.

# COUNT I

## Antitrust Violations

181.   Del Monte incorporates by reference its responses to Paragraphs 1-180 as if fully set forth herein.

182.   To the extent the allegations in Paragraph 182 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 182 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 182 are denied.

183.   To the extent the allegations in Paragraph 183 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 183 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 183 are denied.

184.   To the extent the allegations in Paragraph 184 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 184 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 184 are denied.

185.   To the extent the allegations in Paragraph 185 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 185 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 185 are denied.

186.    To the extent the allegations in Paragraph 186 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 186 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 186 are denied.

187.    To the extent the allegations in Paragraph 187 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 187 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 187 are denied.

188.    To the extent the allegations in Paragraph 188 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 188 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 188 are denied.

## AFFIRMATIVE DEFENSES

As stated in its Answer above, Del Monte does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  Nevertheless, Del Monte pleads in the alternative the following affirmative defenses.  Del Monte does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.  Del Monte incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

1

## FIRST AFFIRMATIVE DEFENSE

2          The Second Amended Complaint fails, in whole or in part, to state a

3    claim upon which relief can be granted.

4

## SECOND AFFIRMATIVE DEFENSE

5          Plaintiffs' claims are barred, in whole or in part, because the

6    Complaint fails to plead conspiracy or fraud with the particularity required under

7    applicable law.

8

## THIRD AFFIRMATIVE DEFENSE

9          Plaintiffs' claims are barred, in whole or in part, because Plaintiffs

10   have failed to plead fraudulent concealment with the particularity required by Rule

11   9(b) of the Federal Rules of Civil Procedure or under other applicable law.

12

## FOURTH AFFIRMATIVE DEFENSE

13         Plaintiffs' claims are barred, in whole or in part, because Plaintiffs

14   have suffered no antitrust injury.

15

## FIFTH AFFIRMATIVE DEFENSE

16         Plaintiffs' claims are improperly joined within the meaning of the

17   Federal Rule of Civil Procedure 20 because they did not arise out of the same

18   transaction, occurrence, or series of transactions or occurrences, and/or do not

19   involve questions of law or fact common to all defendants.

20

## SIXTH AFFIRMATIVE DEFENSE

21         To the extent the Complaint is seeking relief with respect to purchases

22   of tuna outside of the United States, such relief is barred by 15 U.S.C. § 6a. Such

23   purchases do not constitute import trade or commerce; nor do such purchases have

24   a direct, substantial, and reasonably foreseeable effect on trade or commerce which

25   is not trade of commerce with foreign nations or on import trade or commerce or

26   give rise to a claim under the Sherman Act.

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. 15 U.S.C. § 15b. Plaintiffs filed this action on May 8, 2017. If and to the extent there was a violation of Section 1 of the Sherman Act prior to May 8, 2013, which Del Monte denies, Plaintiffs failed to bring this action within four years after the cause of action accrued.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they claim injury after October 5, 2008. If and to the extent there was a violation of Section 1 of the Sherman Act, which Del Monte denies, Del Monte's sale of the tuna business to StarKist/Dongwon constitutes a withdrawal from the alleged Section 1 violation.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery, and because of the impossibility of ascertaining and allocating those alleged damages with reasonable certainty.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any. Alternatively, any damages sustained by Plaintiffs, which Del Monte denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs exercised reasonable diligence in mitigating their damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs attempt to allege a conspiracy spanning eleven or more years that they claim resulted in their paying higher prices for the products in issue, Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit. To the extent Plaintiffs could have brought essentially the same suit years earlier,

1  Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of
2  estoppel and laches.

3  ### TWELFTH AFFIRMATIVE DEFENSE

4  Plaintiffs' claims are barred, in whole or in part, because any injury or
5  damages the Plaintiffs have suffered were caused solely or proximately by market
6  conditions or the acts and omissions of others and not by any act or omission
7  attributable to Del Monte.

8  ### THIRTEENTH AFFIRMATIVE DEFENSE

9  Plaintiffs' claims are barred to the extent that they did not purchase
10  tuna directly from Defendants, because they are indirect purchasers and barred from
11  maintaining an action under 15 U.S.C. §§ 1 and 3 for alleged injuries in that
12  capacity.

13  ### FOURTEENTH AFFIRMATIVE DEFENSE

14  Plaintiffs' claims are barred because the actions or practices of Del
15  Monte that are the subject of the Complaint were undertaken unilaterally for
16  legitimate business reasons and in pursuit of Del Monte's independent interests and
17  those of its customers, and were not the result of any contract, combination or
18  conspiracy between Del Monte and any other person or entity.

19  ### FIFTEENTH AFFIRMATIVE DEFENSE

20  Plaintiffs' claims are barred to the extent any recovery would be
21  duplicative of a recovery by other plaintiffs and in other lawsuits, subjecting Del
22  Monte to the possibility of multiple recovery which is barred by the Fifth and
23  Eighth Amendments to the United States Constitution.

24  ### SIXTEENTH AFFIRMATIVE DEFENSE

25  Plaintiffs' claims are barred to the extent Plaintiffs agreed to
26  arbitration or chose a different forum for the resolution of their claims.

27

28

1    **REQUEST FOR RELIEF**

2              WHEREFORE, Del Monte Corporation requests that the Court enter

3    judgment for it by adjudging and decreeing that:

4              A.  The claims of the Plaintiffs as to Del Monte be dismissed with

5    prejudice;

6              B.  Del Monte has not combined and conspired in violation of Sections

7    1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3;

8              C.  Plaintiffs are not entitled to recover any damages from Del Monte;

9              D.  Del Monte recover its costs of this suit, including reasonable

10   attorneys' fees as provided by law; and

11             E.  Del Monte receive such other or further relief as may be just and

12   proper.

Dated:  November 9, 2017                    PEPPER HAMILTON LLP

13

14

15                                          By:  s/ Barbara T. Sicalides
                                                 Barbara T. Sicalides
16                                               Barak A. Bassman
                                                 Megan Morley
17                                               Benjamin J. Eichel
                                                 Alexander L. Harris
18                                               3000 Two Logan Square
                                                 Eighteenth and Arch Streets
19                                               Philadelphia, PA 19103-2799
                                                 Telephone: 215-981-4000
20                                               Fax: 215-981-4750
                                                 sicalidesb@pepperlaw.com
21                                               bassmanb@pepperlaw.com
                                                 morleym@pepperlaw.com
22                                               eichelb@pepperlaw.com
                                                 harrisa@pepperlaw.com
23

24

25

26                                               Attorneys for Defendant
                                                 DEL MONTE CORPORATION
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2017, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, and also served on counsel of record via the Court's CM/ECF system.

                                 s/ Barbara T. Sicalides

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO MEIJER SECOND AMENDED COMPLAINT