Barbara T. Sicalides, Esq. (PA 57535)
Barak A. Bassman, Esq. (PA 85626)
Megan Morley, Esq. (PA 321706)
Benjamin J. Eichel, Esq. (PA 307078)
Alexander L. Harris, Esq. (PA 311382)
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4000
Fax: 215-981-4750
sicalidesb@pepperlaw.com
bassmanb@pepperlaw.com
morleym@pepperlaw.com
eichelb@pepperlaw.com
harrisa@pepperlaw.com

Attorneys for Defendant
DEL MONTE CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Winn-Dixie Stores, Inc., et al. v. Bumble Bee Foods, LLC, et al.,*<br>Case No. 3:16-cv-00017-JLS- MDD | MDL Case No. 15-MD-2670-JLS – MDD<br><br>Case No. 3:16-cv-00017-JLS-MDD<br><br>Honorable: Janis Sammartino<br><br>**DEFENDANT DEL MONTE CORPORATION'S ANSWER TO THIRD AMENDED COMPLAINT BY WINN-DIXIE STORES, INC. AND BI-LO HOLDINGS, LLC** |

1    Del Monte Corporation ("Del Monte") hereby responds to the Third

2  Amended Complaint filed by Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC

3  (individually and collectively the "Plaintiffs").

4    1.    To the extent the allegations in Paragraph 1 are conclusions of law, no

5  response is required.  To the extent the allegations in Paragraph 1 relate to other

6  Defendants, the actions of Plaintiff, or the time period after Del Monte sold the

7  business on October 5, 2008, Del Monte lacks knowledge and information

8  sufficient to respond to those allegations, and those allegations are accordingly

9  denied.  Del Monte admits only that Plaintiffs purport to bring this case under

10  Sections One and Three of the Sherman Act and that it sold canned tuna to entities

11  related to Plaintiffs Winn-Dixie Stores, Inc. and Bi-Holdings, LLC at some point

12  between January 1, 2004 and October 5, 2008.  The remaining allegations of

13  Paragraph 1 are denied.

14    2.    To the extent the allegations in Paragraph 2 are conclusions of law, no

15  response is required.  To the extent the allegations in Paragraph 2 relate to the time

16  period after Del Monte sold the business on October 5, 2008, Del Monte lacks

17  knowledge and information sufficient to respond to those allegations, and those

18  allegations are accordingly denied.  The remaining allegations in Paragraph 2 are

19  denied.

20    3.    To the extent the allegations in Paragraph 3 are conclusions of law, no

21  response is required.  To the extent the allegations in Paragraph 3 characterize DOJ

22  filings and letters, such documents are writings that speak for themselves and those

23  allegations are accordingly denied.  The remaining allegations in Paragraph 3 are

24  denied.

25    4.    To the extent the allegations in Paragraph 4 are conclusions of law, no

26  response is required.  To the extent the allegations in Paragraph 4 characterize a

27  DOJ filing, such document is a writing that speaks for itself and those allegations

28  are accordingly denied.  The remaining allegations in Paragraph 4 are denied.

5.     To the extent the allegations in Paragraph 5 characterize two plea agreements or related materials, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte admits only that selected language of the allegations in Paragraph 5 are verbatim excerpts from plea agreements which are expressly limited to the time period after Del Monte sold the business on October 5, 2008.

6.     To the extent the allegations in Paragraph 6 are conclusions of law, no response is required.  The allegations in Paragraph 6 relate to another Defendant and alleged communications with Plaintiffs, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

7.     To the extent the allegations in Paragraph 7 characterize a DOJ press release, the document is a writing that speaks for itself and those allegations are accordingly denied.  Del Monte admits only that portions of the allegations in Paragraph 7 excerpt verbatim selections from a DOJ press release.

8.     The allegations in Paragraph 8 are conclusions of law, no response is required.  To the extent a response is deemed required Del Monte denies the allegations in this paragraph.

9.     The allegations in Paragraph 9 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 9 relate to other Defendants or Plaintiffs, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

10.     The allegations in Paragraph 10 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 10 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

11.     To the extent that allegations in Paragraph 11 relate to the actions or corporate structure of Plaintiff Winn-Dixie Stores, Inc. Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  To the extent that the allegations in Paragraph 11 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 11 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it sold canned tuna to an entity related to Plaintiff Winn-Dixie, Stores, Inc. at some point between January 1, 2004 and October 5, 2008.  The remaining allegations in Paragraph 11 are denied.

12.     To the extent that allegations in Paragraph 12 relate to the actions or corporate structure of Plaintiff Bi-Lo Holding, LLC, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  To the extent that the allegations in Paragraph 12 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 12 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it sold canned tuna to an entity related to Plaintiff Bi-Lo Holding, LLC between January 1, 2004 and October 5, 2008.  The remaining allegations in Paragraph 12 are denied.

13.     To the extent that the allegations in Paragraph 13 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 13 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

14.     To the extent that the allegations in Paragraph 14 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 14 relate to another Defendant, Del Monte lacks knowledge and information sufficient to

1    respond to those allegations and those allegations are accordingly denied.  Any

2    remaining allegations are denied.

3         15.    To the extent that the allegations in Paragraph 15 are conclusions of

4    law, no response is required.  To the extent the allegations in Paragraph 15 relate to

5    another Defendant, Del Monte lacks knowledge and information sufficient to

6    respond to those allegations and those allegations are accordingly denied.  Any

7    remaining allegations are denied.

8         16.    To the extent that the allegations in Paragraph 16 are conclusions of

9    law, no response is required.  To the extent the allegations in Paragraph 16 relate to

10   another Defendant, Del Monte lacks knowledge and information sufficient to

11   respond to those allegations and those allegations are accordingly denied.  Any

12   remaining allegations are denied.

13        17.    To the extent that the allegations in Paragraph 17 are conclusions of

14   law, no response is required.  To the extent the allegations in Paragraph 17 relate to

15   another Defendant, Del Monte lacks knowledge and information sufficient to

16   respond to those allegations and those allegations are accordingly denied.  Any

17   remaining allegations are denied.

18        18.    To the extent that the allegations in Paragraph 18 are conclusions of

19   law, no response is required.  To the extent the allegations in Paragraph 18

20   characterize a document, the document is a writing that speaks for itself and those

21   allegations are accordingly denied.  To the extent the allegations in Paragraph 18

22   relate to another Defendant, Del Monte lacks knowledge and information sufficient

23   to respond to those allegations and those allegations are accordingly denied.  Any

24   remaining allegations are denied.

25        19.    To the extent that the allegations in Paragraph 19 and Footnote 1 are

26   conclusions of law, no response is required.  To the extent the allegations in

27   Paragraph 19 and Footnote 1 relate to another Defendant, Del Monte lacks

28

knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

20.     To the extent that the allegations in Paragraph 20 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 20 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

21.     To the extent that the allegations in Paragraph 21 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 21 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

22.     To the extent that the allegations in Paragraph 22 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 22 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

23.     To the extent that the allegations in Paragraph 23 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 23 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

24.     To the extent that the allegations in Paragraph 24 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 24 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

25.     To the extent that the allegations in Paragraph 25 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 25 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 25 relate to the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

26.     To the extent that the allegations in Paragraph 26 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 26 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 26 relate to the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

27.     To the extent that the allegations in Paragraph 27 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 27 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

28.     To the extent that the allegations in Paragraph 28 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 28 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

29.     To the extent the allegations in Paragraph 29 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte

1    lacks knowledge and information sufficient to respond to those allegations and

2    those allegations are accordingly denied.  Any remaining allegations of Paragraph

3    29 are denied.

4           30.    To the extent that the allegations in Paragraph 30 are conclusions of

5    law, no response is required.  To the extent the allegations in Paragraph 30 relate to

6    another Defendant, Del Monte lacks knowledge and information sufficient to

7    respond to those allegations and those allegations are accordingly denied.  Any

8    remaining allegations are denied.

9           31.    To the extent that the allegations in Paragraph 31 are conclusions of

10   law, no response is required.  To the extent the allegations in Paragraph 31 relate to

11   other Defendants or the time period after Del Monte sold the business on October 5,

12   2008, Del Monte lacks knowledge and information sufficient to respond to those

13   allegations and those allegations are accordingly denied.  Any remaining allegations

14   of Paragraph 31 are denied.

15          32.    To the extent that the allegations in Paragraph 32 are conclusions of

16   law, no response is required.  To the extent the allegations in Paragraph 32 relate to

17   another Defendant, Del Monte lacks knowledge and information sufficient to

18   respond to those allegations and those allegations are accordingly denied.  Any

19   remaining allegations are denied.

20          33.    To the extent that the allegations in Paragraph 33 are conclusions of

21   law, no response is required.  To the extent the allegations in Paragraph 33 relate to

22   another Defendant, Del Monte lacks knowledge and information sufficient to

23   respond to those allegations and those allegations are accordingly denied.

24          34.    To the extent that the allegations in Paragraph 34 are conclusions of

25   law, no response is required.  To the extent the allegations in Paragraph 34 relate to

26   other Defendants or third parties, Del Monte lacks knowledge and information

27   sufficient to respond to those allegations, and those allegations are accordingly

28   denied.  Del Monte admits only that it owned a tuna business that included a brand

1  known as StarKist, during the time period from December 2002 to October 5, 2008.

2  By way of further response, Del Monte sold the business on October 5, 2008.  The

3  remaining allegations in Paragraph 34 are denied.

4         35.    To the extent the allegations in Paragraph 35 are conclusions of law,

5  no response is required.  Del Monte admits that it is now known as Big Heart Pet

6  Brands, Inc. and is a corporation organized under the laws of Delaware with its

7  headquarters and principal place of business in Orrville, Ohio.  Del Monte admits

8  only that it owned a tuna business that included a brand known as StarKist, during

9  the time period from December 2002 to October 5, 2008.  or any agreements

10  entered into between Del Monte and Dongwon, such documents are writings that

11  speak for themselves and those allegations are accordingly denied.  The remaining

12  allegations in Paragraph 35 are denied.

13         36.    To the extent that the allegations in Paragraph 36 are conclusions of

14  law, no response is required.  To the extent the allegations in Paragraph 36 relate to

15  other Defendants or third parties, Del Monte lacks knowledge and information

16  sufficient to respond to those allegations, and those allegations are accordingly

17  denied.  Del Monte admits only that it owned a tuna business that included a brand

18  known as StarKist, during the time period from December 2002 to October 5, 2008.

19  Del Monte admits only that Don Binotto was employed in Del Monte's tuna

20  business until September 1, 2004 when he became Senior Vice President,

21  Operations and Supply Chain and departed from Del Monte effective December 22,

22  2005, and, upon information and belief, Joe Tuza worked in Del Monte's pet food

23  business between May 2006 and August, 2008.  To the extent the allegations in

24  Paragraph 36 characterize Del Monte's agreements entered into between Del Monte

25  and Dongwon, such documents are writings that speak for themselves and those

26  allegations are accordingly denied. The remaining allegations in Paragraph 36 are

27  denied.  By way of further response, Del Monte sold the business on October 5,

28  2008.  The remaining allegations in Paragraph 35 and Footnote 9 are denied.

37.     To the extent that the allegations in Paragraph 37 are conclusions of law, no response is required.  The remaining allegations in Paragraph 37 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 37 are denied.

38.     The allegations in Paragraph 38 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 38 are denied.

39.     To the extent the allegations in Paragraph 39 characterize various websites, such websites are writings that speak for themselves and those allegations are accordingly denied.  To remaining allegations in Paragraph 39 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 and Footnote 2 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 41 and Footnote 2 are denied.

42.     The allegations in Paragraph 42 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those

1  allegations are accordingly denied.  The remaining allegations in Paragraph 42 are

2  denied.

3       43.     The allegations in Paragraph 43 relate to other Defendants or the time

4  period after Del Monte sold the business on October 5, 2008, Del Monte lacks

5  knowledge and information sufficient to respond to those allegations, and those

6  allegations are accordingly denied.  To the extent the allegations in Paragraph 43

7  seek to characterize articles or other documents, such materials are writings that

8  speak for themselves and those allegations are accordingly denied.  The remaining

9  allegations in Paragraph 43 are denied.

10       44.     The allegations in Paragraph 44 relate to other Defendants or the time

11  period after Del Monte sold the business on October 5, 2008, Del Monte lacks

12  knowledge and information sufficient to respond to those allegations, and those

13  allegations are accordingly denied.  The remaining allegations in Paragraph 44 are

14  denied.

15       45.     The allegations in Paragraph 45 relate to other Defendants or the time

16  period after Del Monte sold the business on October 5, 2008, Del Monte lacks

17  knowledge and information sufficient to respond to those allegations, and those

18  allegations are accordingly denied.  To the extent the allegations in Paragraph 45

19  seek to characterize articles or other documents, such materials are writings that

20  speak for themselves and those allegations are accordingly denied.  The remaining

21  allegations in Paragraph 45 are denied.

22       46.     The allegations in Paragraph 46 relate to other Defendants or the time

23  period after Del Monte sold the business on October 5, 2008, Del Monte lacks

24  knowledge and information sufficient to respond to those allegations, and those

25  allegations are accordingly denied.  To the extent the allegations in Paragraph 46

26  seek to characterize articles or other documents, such materials are writings that

27  speak for themselves and those allegations are accordingly denied.  The remaining

28  allegations in Paragraph 46 are denied.

47.     To the extent that the allegations in Paragraph 47 are conclusions of law, no response is required.  The remaining allegations in Paragraph 47 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

48.     To the extent that the allegations in Paragraph 48 are conclusions of law, no response is required.  The remaining allegations in Paragraph 48 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

49.     To the extent that the allegations in Paragraph 49 are conclusions of law, no response is required.  The remaining allegations in Paragraph 49 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

50.     To the extent that the allegations in Paragraph 50 are conclusions of law, no response is required.  The remaining allegations in Paragraph 50 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

51.     The allegations in Paragraph 50 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

52.     To the extent that the allegations in Paragraph 52 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 52 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

53.     To the extent that the allegations in Paragraph 53 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 53 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1    allegations, and those allegations are accordingly denied.  The remaining

2    allegations in Paragraph 53 are denied.

3        54.    To the extent that the allegations in Paragraph 54 are conclusions of

4    law, no response is required.  To the extent the allegations in Paragraph 54 relate to

5    other Defendants or the time period after Del Monte sold the business on October 5,

6    2008, Del Monte lacks knowledge and information sufficient to respond to those

7    allegations, and those allegations are accordingly denied.  The remaining

8    allegations in Paragraph 54 are denied.

9        55.    Del Monte admits that Del Monte owned and operated a tuna business

10   that included a brand known as StarKist during the period from 2002 until October

11   5, 2008.  After reasonable investigation and based on information belief, Del Monte

12   admits only that Robert Worsham acted as a consultant at some point in time, was

13   not an employee, and never had pricing or other authority.  To the extent the

14   allegations in Paragraph 55 characterize documents, such documents are writings

15   that speak for themselves and those allegations are accordingly denied.  Any

16   remaining allegations are denied.

17       56.    To the extent the allegations in Paragraph 56 are conclusions of law,

18   no response is required.  The remaining allegations in Paragraph 56 are denied.

19       57.    To the extent the allegations in Paragraph 57 are conclusions of law,

20   no response is required.  To the extent the allegations in Paragraph 57 relate to

21   other Defendants, Del Monte lacks knowledge or information sufficient to respond

22   to those allegations, and those allegations are accordingly denied.  The remaining

23   allegations in Paragraph 57 are denied.

24       58.    To the extent the allegations in Paragraph 58 are conclusions of law,

25   no response is required.  To the extent the allegations in Paragraph 58 relate to

26   other Defendants, Del Monte lacks knowledge or information sufficient to respond

27   to those allegations, and those allegations are accordingly denied.  The remaining

28   allegations in Paragraph 58 are denied.

59.     To the extent that the allegations in Paragraph 59 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 59 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  It is admitted only that Del Monte sold and shipped tuna in the United States from 2002 until October 5, 2008.  The remaining allegations in Paragraph 59 are denied.

60.     To the extent that the allegations in Paragraph 60 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 60 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  It is admitted only that Del Monte sold and shipped tuna in the United States from 2002 until October 5, 2008.  The remaining allegations in Paragraph 60 are denied.

61.     To the extent that the allegations in Paragraph 61 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 61 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 61 are denied.

62.     To the extent the allegations in Paragraph 62 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent that the allegations in Paragraph 62 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte admits only that it sold tuna to various entities from 2002 until October 5, 2008.  The remaining allegations in Paragraph 62 are denied.

63.     To the extent the allegations in Paragraph 63 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte

lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent that the allegations in Paragraph 63 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. Del Monte admits only that it sold tuna to various entities from 2002 until October 5, 2008. The remaining allegations in Paragraph 63 are denied.

64.     To the extent the allegations in Paragraph 64 are conclusions of law, no response is required. To the extent the allegations in Paragraph 64 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. It is admitted that Dongwon acquired StarKist from Del Monte Foods for $363 million. The remaining allegations in Paragraph 64 are denied.

65.     To the extent the allegations in Paragraph 65 are conclusions of law, no response is required. To the extent the allegations in Paragraph 65 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 65 are denied.

66.     To the extent the allegations in Paragraph 66 relate to the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 66 characterize documents reporting on tuna consumption rates, such documents are writings that speak for themselves and those allegations are accordingly denied.

67.     The allegations in Paragraph 67 characterize graphics from a *Washington Post* article, the article and graphics are writings that speak for themselves and those allegations are accordingly denied. To the extent the

allegations in Paragraph 67 relate to the time after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

68.     To the extent the allegations in Paragraph 68 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 68 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 68 are denied.

69.     To the extent the allegations in Paragraph 69 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 69 are denied.

70.     To the extent the allegations in Paragraph 70 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 70 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 104 are denied.

71.     To the extent the allegations in Paragraph 71 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 71 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that a Del Monte employee attended the InfoFish World Tuna Conference and worked on issues relating to country-of-origin regulations in 2004. The remaining allegations in Paragraph 71 are denied.

72.     To the extent the allegations in Paragraph 72 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 72 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 72 are denied.

73.     To the extent the allegations in Paragraph 73 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that Susan Jackson was a Del Monte employee for some period of time.  The remaining allegations in Paragraph 73 are denied.

74.     To the extent the allegations in Paragraph 74 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 74 are denied.

75.     To the extent the allegations in Paragraph 75 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 75 are denied.

76.     To the extent the allegations in Paragraph 76 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte

1    lacks knowledge and information sufficient to respond to those allegations, and

2    those allegations are accordingly denied.  Del Monte admits only that it operated a

3    processing facility in American Samoa from 2002 until October 5, 2008.  The

4    remaining allegations in Paragraph 76 are denied.

5            77.    Del Monte admits only that David Burt was a Del Monte employee for

6    some period of time.  To the extent the allegations in Paragraph 77 relate to other

7    Defendants or the time period after Del Monte sold the business on October 5,

8    2008, Del Monte lacks knowledge and information sufficient to respond to those

9    allegations and those allegations are accordingly denied.  Any remaining allegations

10   of Paragraph 77 are denied.

11           78.    To the extent the allegations in Paragraph 78 relate to other Defendants

12   or the time period after Del Monte sold the business on October 5, 2008, Del Monte

13   lacks knowledge and information sufficient to respond to those allegations, and

14   those allegations are accordingly denied.  The remaining allegations in Paragraph

15   78 are denied.

16           79.    To the extent the allegations in Paragraph 79 relate to other Defendants

17   or the time period after Del Monte sold the business on October 5, 2008, Del Monte

18   lacks knowledge and information sufficient to respond to those allegations, and

19   those allegations are accordingly denied.  The remaining allegations in Paragraph

20   79 are denied.

21           80.    To the extent the allegations in Paragraph 80 relate to other Defendants

22   or the time period after Del Monte sold the business on October 5, 2008, Del Monte

23   lacks knowledge and information sufficient to respond to those allegations, and

24   those allegations are accordingly denied.  The remaining allegations in Paragraph

25   80 are denied.

26           81.    To the extent the allegations in Paragraph 81 are conclusions of law,

27   no response is required.  To the extent the allegations in Paragraph 81 relate to

28   other Defendants, Del Monte lacks knowledge and information sufficient to

1    respond to those allegations, and those allegations are accordingly denied.  The

2    remaining allegations in Paragraph 81 are denied.

3         82.    To the extent the allegations in Paragraph 82 are conclusions of law,

4    no response is required.  To the extent the allegations in Paragraph 82 relate to

5    other Defendants, Del Monte lacks knowledge and information sufficient to

6    respond to those allegations, and those allegations are accordingly denied.  The

7    remaining allegations in Paragraph 82 are denied.

8         83.    To the extent the allegations in Paragraph 83 relate to other

9    Defendants, Del Monte lacks knowledge and information sufficient to respond to

10   those allegations and those allegations are accordingly denied.  Any remaining

11   allegations in Paragraph 83 are denied.

12        84.    To the extent the allegations in Paragraph 84 relate to other

13   Defendants, Del Monte lacks knowledge and information sufficient to respond to

14   those allegations and those allegations are accordingly denied.  Any remaining

15   allegations in Paragraph 84 are denied.

16        85.    To the extent the allegations in Paragraph 85 relate to other

17   Defendants, the time period before Del Monte entered the business, or the time

18   period after Del Monte sold the business on October 5, 2008, Del Monte lacks

19   knowledge and information sufficient to respond to those allegations and those

20   allegations are accordingly denied.  Any remaining allegations in Paragraph 85 are

21   denied.

22        86.    To the extent the allegations in Paragraph 86 are conclusions of law,

23   no response is required.  The remaining allegations in Paragraph 86 are denied.

24        87.    The allegations in Paragraph 87 relate to other Defendants, Del Monte

25   lacks knowledge and information sufficient to respond to those allegations, and

26   those allegations are accordingly denied.  Del Monte denies any coordination or

27   conspiracy.

28

88.     The allegations in Paragraph 88 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 88 are denied.

89.     To the extent the allegations in Paragraph 89 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 89 characterize a co-packing agreement, such document is a writing that speaks for itself and those allegations are accordingly denied.  Any remaining allegations in Paragraph 89 are denied.

90.     The allegations in Paragraph 90 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 90 are denied.

91.     To the extent the allegations in Paragraph 91 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 91 characterize various documents, these documents are writings that speak for themselves and those allegations are accordingly denied.  Any remaining allegations in Paragraph 91 are denied.

92.     The allegations in Paragraph 93 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  By way of further response, to the extent the allegations in Paragraph 92 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.

93.     To the extent the allegations in Paragraph 93 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 93 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte admits only that a Del Monte employee attended the InfoFish World Tuna Conference and worked on issues relating to country-of-origin regulations in 2004.  Del Monte specifically denies that Mr. Binotto engaged in improper conduct regarding the InfoFish conference or country-of-origin regulations to discuss increasing prices of canned tuna in the United States.  The remaining allegations in Paragraph 93 are denied.

94.     To the extent the allegations in Paragraph 94 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 94 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 94 are denied.

95.     To the extent the allegations in Paragraph 95 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 95 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 95 are denied.

96.     The allegations in Paragraph 96 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

97.     To the extent the allegations in Paragraph 97 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 97 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte

1    admits only that a Del Monte employee attended the InfoFish World Tuna

2    Conference and worked on issues relating to country-of-origin regulations in 2004.

3    The remaining allegations in Paragraph 97 are denied.

4         98.    To the extent the allegations in Paragraph 98 are conclusions of law,

5    no response is required.  To the extent the allegations in Paragraph 98 relate to

6    other Defendants, Del Monte lacks knowledge and information sufficient to

7    respond to those allegations, and those allegations are accordingly denied.  After

8    reasonable investigation, Del Monte specifically denies that it sent a "confidential

9    internal plan" to any Defendant or had an unlawful agreement with its competitors.

10    The remaining allegations in Paragraph 98 are denied.

11         99.    To the extent the allegations in Paragraph 99 relate to other

12    Defendants, Del Monte lacks knowledge and information sufficient to respond to

13    those allegations, and those allegations are accordingly denied.  The remaining

14    allegations in Paragraph 99 are denied.

15         100.    To the extent the allegations in Paragraph 100 are conclusions of law,

16    no response is required.  To the extent the allegations in Paragraph 100 relate to

17    other Defendants, Del Monte lacks knowledge and information sufficient to

18    respond to those allegations, and those allegations are accordingly denied.  The

19    remaining allegations in Paragraph 100 are denied.

20         101.    To the extent the allegations in Paragraph 101 relate to other

21    Defendants, Del Monte lacks knowledge and information sufficient to respond to

22    those allegations, and those allegations are accordingly denied.  To the extent the

23    allegations in Paragraph 101 characterize documents, such documents are writings

24    that speak for themselves and those allegations are accordingly denied.  The

25    remaining allegations in Paragraph 101 are denied.

26         102.    To the extent the allegations in Paragraph 102 relate to other

27    Defendants, Del Monte lacks knowledge and information sufficient to respond to

28    those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 102 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 102 are denied.

103.    To the extent the allegations in Paragraph 103 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 103 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied. After reasonable investigation, Del Monte lacks knowledge and information sufficient to determine the veracity of the allegations in Paragraph 103 and those allegations are accordingly denied.

104.    To the extent the allegations in Paragraph 104 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 104 characterize documents, identified or unidentified, such documents are writings that speak for themselves and those allegations are accordingly denied.

105.    To the extent the allegations in Paragraph 105 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 105 characterize documents, identified or unidentified, such documents are writings that speak for themselves and those allegations are accordingly denied.

106.    To the extent the allegations in Paragraph 106 are conclusions of law, no response is required. To the extent the allegations in Paragraph 106 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 100 are denied.

107.   The allegations in Paragraph 107 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

108.   To the extent the allegations in Paragraph 108 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 108 characterize a presentation, that presentation is a writing that speaks for itself and those allegations are accordingly denied.  Del Monte admits only that it independently began planning in January 2006 for a price increase on its tuna with an effective date of May 1, 2006.  The remaining allegations in Paragraph 108 are denied.

109.   To the extent the allegations in Paragraph 109 are conclusions of law, no response is required.  The remaining allegations in Paragraph 109 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

110.   The allegations in Paragraph 110 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

111.   To the extent the allegations in Paragraph 111 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 111 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 111 are denied.

112.   To the extent the allegations in Paragraph 112 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that by March 6, 2006, it had communicated to some customers that it would be increasing its prices.  By way of further response, Del Monte increased the price

of a wide range of products other than tuna to offset increases to its costs.  The remaining allegations in Paragraph 112 are denied.

113.   The allegations in Paragraph 113 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

114.   To the extent that the allegations in Paragraph 114 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 114 characterize various documents unidentified documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 114 are denied.

115.   To the extent the allegations in Paragraph 115 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 115 characterize a document, the document is a writing that speaks for itself and those allegations are accordingly denied.  The remaining allegations in Paragraph 115 are denied.

116.   To the extent the allegations in Paragraph 116 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 116 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it intended to independently reduce tuna can sizes before January 2008.  Del Monte specifically denies that its decision was based upon the interests of others or that it reached an agreement with any other Defendants relating to the size of tuna cans or otherwise.  The remaining allegations in Paragraph 116 are denied.

117.   To the extent the allegations in Paragraph 117 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 117 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 117 are denied.

118.   To the extent the allegations in Paragraph 118 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 118 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it intended to independently reduce tuna can sizes before January 2008.  Del Monte specifically denies that its decision was based upon the interests of others or that it reached an agreement with any other Defendants relating to the size of tuna cans or otherwise.  The remaining allegations in Paragraph 118 are denied.

119.   To the extent the allegations in Paragraph 119 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 119 are denied.

120.   To the extent the allegations in Paragraph 120 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 120 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that Impress was a vendor to Del Monte for at least part of the period 2004 until October 5, 2008 and that Del Monte communicated independently with Impress from time to time during that time period.  The remaining allegations in Paragraph 120 are denied.

121.   To the extent the allegations in Paragraph 121 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 121 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly

denied.  Del Monte admits only that Impress was a vendor to Del Monte for at least part of the period 2004 until October 5, 2008 and that Del Monte communicated independently with Impress from time to time during that time period.  The remaining allegations in Paragraph 121 are denied.

122.   To the extent the allegations in Paragraph 122 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 122 characterize an email communication, the document is a writing that speaks for itself and those allegations are accordingly denied.  The remaining allegations in Paragraph 122 are denied.

123.   The allegations in Paragraph 123 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegation in Paragraph 123 characterize an alleged email, such email is a writing that speaks for itself and those allegations are accordingly denied.  The remaining allegations in Paragraph 123 are denied.

124.   To the extent the allegations in Paragraph 124 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Del Monte admits only that it intended to independently reduce tuna can sizes before January 2008. Del Monte specifically denies that its decision was based upon the interests of others or that it reached an agreement with any other Defendants relating to the size of tuna cans or otherwise. The remaining allegations in Paragraph 124 are denied.

125.   The allegations in Paragraph 128 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

126.   The allegations in Paragraph 126 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

127.   The allegations in Paragraph 127 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

128.   The allegations in Paragraph 128 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

129.   To the extent the allegations in Paragraph 129 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 129 characterize a 2008 presentation, the presentation is a writing that speaks for itself and those allegations are accordingly denied. Del Monte specifically denies that it "coordinated" with any Defendant.  The remaining allegations in Paragraph 129 are denied.

130.   To the extent the allegations in Paragraph 130 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 130 characterize a 2008 presentation, the presentation is a writing that speaks for itself and those allegations are accordingly denied.  Del Monte specifically denies that it "coordinated" with any Defendant.  The remaining allegations in Paragraph 130 are denied.

131.   To the extent the allegations in Paragraph 131 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 131 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 131 characterizes 2008 presentations, the

presentation are writings that speak for themselves and those allegations are accordingly denied.  Del Monte specifically denies that it engaged in "collusive communications" with any Defendant.  The remaining allegations in Paragraph 131 are denied.

132.   To the extent the allegations in Paragraph 132 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it sold five ounce cans of tuna from on or about July 21, 2008 through October 5, 2008.  By way of further response, Del Monte sold the business on or about October 5, 2008.  The remaining allegations in Paragraph 132 are denied.

133.   To the extent the allegations in Paragraph 133 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 133 are denied.

134.   To the extent the allegations in Paragraph 134 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 134 are denied.

135.   To the extent the allegations in Paragraph 135 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 135 are denied.

136.   To the extent the allegations in Paragraph 136 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Del Monte admits only that it sold five ounce cans of tuna from on or about July 21, 2008 through October 5, 2008.  The remaining allegations in Paragraph 136 are denied.

137.   To the extent the allegations in Paragraph 137 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 137 are denied.

138.   To the extent the allegations in Paragraph 138 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 138 are denied.

139.   To the extent the allegations in Paragraph 139 are conclusions of law, no response is required.  The remaining allegations in Paragraph 139 are denied.

140.   To the extent the allegations in Paragraph 140 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 140 are denied.

141.   To the extent the allegations in Paragraph 141 are conclusions of law, no response is required. To the extent the allegations in Paragraph 141 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 141 are denied.

142.   To the extent the allegations in Paragraph 142 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 142 characterize a document, the document is a writing that speaks for itself and those allegations are accordingly denied.  The remaining allegations in Paragraph 142 are denied.

143.   To the extent the allegations in Paragraph 143 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 143 characterize a document, the document is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 143 are denied.

144. To the extent the allegations in Paragraph 144 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 144 characterize various documents and emails, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 144 are denied.

145. The allegations in Paragraph 145 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

146. To the extent the allegations in Paragraph 146 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it sought a price list increase effective July 21, 2008. The remaining allegations in Paragraph 146 are denied.

147. To the extent the allegations in Paragraph 147 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it sought a price list increase effective July 21, 2008. The remaining allegations in Paragraph 147 are denied.

148. The allegations in Paragraph 148 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 148 characterize a presentation, that presentation is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in paragraph 148 are denied.

1     149.   To the extent the allegations in Paragraph 149 are conclusions of law,

2  no response is required.  To the extent the allegation in Paragraph 149 relate to

3  other Defendants or the time period after Del Monte sold the business on October 5,

4  2008, Del Monte lacks knowledge and information sufficient to respond to those

5  allegations and those allegations are accordingly denied.  Any remaining allegations

6  in Paragraph 149 are denied.

7     150.   To the extent the allegations in Paragraph 150 relate to other

8  Defendants or the time period after Del Monte sold the business on October 5,

9  2008, Del Monte lacks knowledge and information sufficient to respond to those

10  allegations and those allegations are accordingly denied.  Any remaining allegations

11  in Paragraph 150 are denied.

12     151.   To the extent the allegations in Paragraph 151 relate to other

13  Defendants or the time period after Del Monte sold the business on October 5,

14  2008, Del Monte lacks knowledge and information sufficient to respond to those

15  allegations and those allegations are accordingly denied.  Any remaining allegations

16  in Paragraph 151 are denied.

17     152.   To the extent the allegations in Paragraph 152 relate to other

18  Defendants or the time period after Del Monte sold the business on October 5,

19  2008, Del Monte lacks knowledge and information sufficient to respond to those

20  allegations and those allegations are accordingly denied.  Any remaining allegations

21  in Paragraph 152 are denied.

22     153.   To the extent the allegations in Paragraph 153 relate to other

23  Defendants or the time period after Del Monte sold the business on October 5,

24  2008, Del Monte lacks knowledge and information sufficient to respond to those

25  allegations and those allegations are accordingly denied.  Any remaining allegations

26  in Paragraph 153 are denied.

27     154.   To the extent the allegations in Paragraph 154 relate to other

28  Defendants or the time period after Del Monte sold the business on October 5,

1   2008, Del Monte lacks knowledge and information sufficient to respond to those
2   allegations and those allegations are accordingly denied.  Any remaining allegations
3   in Paragraph 154 are denied.

4        155.   To the extent the allegations in Paragraph 155 relate to other
5   Defendants or the time period after Del Monte sold the business on October 5,
6   2008, Del Monte lacks knowledge and information sufficient to respond to those
7   allegations and those allegations are accordingly denied.  Any remaining allegations
8   in Paragraph 155 are denied.

9        156.   To the extent the allegations in Paragraph 156 relate to other
10  Defendants or the time period after Del Monte sold the business on October 5,
11  2008, Del Monte lacks knowledge and information sufficient to respond to those
12  allegations and those allegations are accordingly denied.  Any remaining allegations
13  in Paragraph 156 are denied.

14       157.   To the extent the allegations in Paragraph 157 relate to other
15  Defendants or the time period after Del Monte sold the business on October 5,
16  2008, Del Monte lacks knowledge and information sufficient to respond to those
17  allegations and those allegations are accordingly denied.  Any remaining allegations
18  in Paragraph 157 are denied.

19       158.   To the extent the allegations in Paragraph 158 relate to other
20  Defendants or the time period after Del Monte sold the business on October 5,
21  2008, Del Monte lacks knowledge and information sufficient to respond to those
22  allegations and those allegations are accordingly denied.  Any remaining allegations
23  in Paragraph 158 are denied.

24       159.   To the extent the allegations in Paragraph 159 relate to other
25  Defendants or the time period after Del Monte sold the business on October 5,
26  2008, Del Monte lacks knowledge and information sufficient to respond to those
27  allegations and those allegations are accordingly denied.  Any remaining allegations
28  in Paragraph 159 are denied.

160.   To the extent the allegations in Paragraph 160 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 160 are denied.

161.   To the extent the allegations in Paragraph 161 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 161 are denied.

162.   To the extent the allegations in Paragraph 162 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 162 are denied.

163.   To the extent the allegations in Paragraph 163 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 163 are denied.

164.   To the extent the allegations in Paragraph 164 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 164 are denied.

165.   To the extent the allegations in Paragraph 165 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1  allegations and those allegations are accordingly denied.  Any remaining allegations

2  in Paragraph 165 are denied.

3    166.   To the extent the allegations in Paragraph 166 are conclusions of law,

4  no response is required.  To the extent the allegations in Paragraph 166 relate to

5  other Defendants or the time period after Del Monte sold the business on October 5,

6  2008, Del Monte lacks knowledge and information sufficient to respond to those

7  allegations and those allegations are accordingly denied.  Any remaining allegations

8  in Paragraph 166 are denied.

9    167.   To the extent the allegations in Paragraph 167 relate to other

10  Defendants or the time period after Del Monte sold the business on October 5,

11  2008, Del Monte lacks knowledge and information sufficient to respond to those

12  allegations and those allegations are accordingly denied.  Any remaining allegations

13  in Paragraph 164 are denied.

14    168.   To the extent the allegations in Paragraph 168 relate to other

15  Defendants or the time period after Del Monte sold the business on October 5,

16  2008, Del Monte lacks knowledge and information sufficient to respond to those

17  allegations and those allegations are accordingly denied.  Any remaining allegations

18  in Paragraph 168 are denied.

19    169.   To the extent the allegations in Paragraph 169 relate to other

20  Defendants or the time period after Del Monte sold the business on October 5,

21  2008, Del Monte lacks knowledge and information sufficient to respond to those

22  allegations and those allegations are accordingly denied.  Any remaining allegations

23  in Paragraph 169 are denied.

24    170.   To the extent the allegations in Paragraph 170 relate to other

25  Defendants or the time period after Del Monte sold the business on October 5,

26  2008, Del Monte lacks knowledge and information sufficient to respond to those

27  allegations and those allegations are accordingly denied.  Any remaining allegations

28  in Paragraph 170 are denied.

171.   To the extent the allegations in Paragraph 171 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 171 are denied.

172.   To the extent the allegations in Paragraph 172 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 172 are denied.

173.   To the extent the allegations in Paragraph 173 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 173 are denied.

174.   To the extent the allegations in Paragraph 174 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 174 are denied.

175.   To the extent the allegations in Paragraph 175 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 175 are denied.

176.   To the extent the allegations in Paragraph 176 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1   allegations and those allegations are accordingly denied.  Any remaining allegations

2   in Paragraph 176 are denied.

3        177.   To the extent the allegations in Paragraph 177 relate to other

4   Defendants or the time period after Del Monte sold the business on October 5,

5   2008, Del Monte lacks knowledge and information sufficient to respond to those

6   allegations and those allegations are accordingly denied.  Any remaining allegations

7   in Paragraph 177 are denied.

8        178.   To the extent the allegations in Paragraph 178 relate to other

9   Defendants or the time period after Del Monte sold the business on October 5,

10   2008, Del Monte lacks knowledge and information sufficient to respond to those

11   allegations and those allegations are accordingly denied.  Any remaining allegations

12   in Paragraph 178 are denied.

13        179.   To the extent the allegations in Paragraph 179 relate to other

14   Defendants or the time period after Del Monte sold the business on October 5,

15   2008, Del Monte lacks knowledge and information sufficient to respond to those

16   allegations and those allegations are accordingly denied.  Any remaining allegations

17   in Paragraph 179 are denied.

18        180.   To the extent the allegations in Paragraph 180 relate to other

19   Defendants or the time period after Del Monte sold the business on October 5,

20   2008, Del Monte lacks knowledge and information sufficient to respond to those

21   allegations and those allegations are accordingly denied.  Any remaining allegations

22   in Paragraph 180 are denied.

23        181.   To the extent the allegations in Paragraph 181 relate to other

24   Defendants or the time period after Del Monte sold the business on October 5,

25   2008, Del Monte lacks knowledge and information sufficient to respond to those

26   allegations and those allegations are accordingly denied.  Any remaining allegations

27   in Paragraph 181 are denied.

28

1   182.   To the extent the allegations in Paragraph 182 relate to other

2   Defendants or the time period after Del Monte sold the business on October 5,

3   2008, Del Monte lacks knowledge and information sufficient to respond to those

4   allegations and those allegations are accordingly denied.  Any remaining allegations

5   in Paragraph 182 are denied.

6   183.   To the extent the allegations in Paragraph 183 relate to other

7   Defendants or the time period after Del Monte sold the business on October 5,

8   2008, Del Monte lacks knowledge and information sufficient to respond to those

9   allegations and those allegations are accordingly denied.  Any remaining allegations

10   in Paragraph 183 are denied.

11   184.   To the extent the allegations in Paragraph 184 are conclusions of law,

12   no response is required.  To the extent the allegations in Paragraph 184 relate to

13   other Defendants or the time period after Del Monte sold the business on October 5,

14   2008, Del Monte lacks knowledge and information sufficient to respond to those

15   allegations and those allegations are accordingly denied.  Any remaining allegations

16   in Paragraph 184 are denied.

17   185.   To the extent the allegations in Paragraph 185 relate to other

18   Defendants or the time period after Del Monte sold the business on October 5,

19   2008, Del Monte lacks knowledge and information sufficient to respond to those

20   allegations and those allegations are accordingly denied.  Any remaining allegations

21   in Paragraph 185 are denied.

22   186.   To the extent the allegations in Paragraph 186 are conclusions of law,

23   no response is required.  To the extent the allegations in Paragraph 186 relate to

24   other Defendants or the time period after Del Monte sold the business on October 5,

25   2008, Del Monte lacks knowledge and information sufficient to respond to those

26   allegations and those allegations are accordingly denied.  Any remaining allegations

27   in Paragraph 186 are denied.

28

187.   To the extent the allegations in Paragraph 187 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 187 are denied.

188.   To the extent the allegations in Paragraph 188 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 188 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 188 are denied.

189.   To the extent the allegations in Paragraph 189 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 189 are denied.

190.   To the extent the allegations in Paragraph 190 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 190 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 190 are denied.

191.   To the extent the allegations in Paragraph 191 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 191 are denied.

1   192.   To the extent the allegations in Paragraph 192 are conclusions of law,

2   no response is required.  To the extent the allegations in Paragraph 192 relate to

3   other Defendants or the time period after Del Monte sold the business on October 5,

4   2008, Del Monte lacks knowledge and information sufficient to respond to those

5   allegations and those allegations are accordingly denied.  Any remaining allegations

6   in Paragraph 192 are denied.

7   193.   To the extent the allegations in Paragraph 193 relate to other

8   Defendants or the time period after Del Monte sold the business on October 5,

9   2008, Del Monte lacks knowledge and information sufficient to respond to those

10  allegations and those allegations are accordingly denied.  Any remaining allegations

11  in Paragraph 193 are denied.

12  194.   To the extent the allegations in Paragraph 194 relate to other

13  Defendants or the time period after Del Monte sold the business on October 5,

14  2008, Del Monte lacks knowledge and information sufficient to respond to those

15  allegations and those allegations are accordingly denied.  Any remaining allegations

16  in Paragraph 194 are denied.

17  195.   To the extent the allegations in Paragraph 195 relate to other

18  Defendants or the time period after Del Monte sold the business on October 5,

19  2008, Del Monte lacks knowledge and information sufficient to respond to those

20  allegations and those allegations are accordingly denied.  Any remaining allegations

21  in Paragraph 195 are denied.

22  196.   To the extent the allegations of Paragraph 196 are conclusions of law,

23  no response is required.  To the extent the allegations in Paragraph 196 relate to

24  other Defendants or the time period after Del Monte sold the business on October 5,

25  2008, Del Monte lacks knowledge and information sufficient to respond to those

26  allegations and those allegations are accordingly denied.  Any remaining allegations

27  in Paragraph 196 are denied.

28

197.   To the extent the allegations in Paragraph 197 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 197 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 197 are denied.

198.   To the extent the allegations in Paragraph 198 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 198 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 198 are denied.

199.   To the extent the allegations in Paragraph 199 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 199 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 199 are denied.

200.   To the extent the allegations in Paragraph 200 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 200 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 200 are denied.

201.   To the extent the allegations in Paragraph 201 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 201 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1    allegations and those allegations are accordingly denied.  The remaining allegations
2    in Paragraph 201 are denied.

3         202.   To the extent the allegations in Paragraph 202 are conclusions of law,
4    no response is required.  To the extent the allegations in Paragraph 202 relate to
5    another Defendant or the time period after Del Monte sold the business on October
6    5, 2008, Del Monte lacks knowledge and information sufficient to respond to those
7    allegations and those allegations are accordingly denied.  The remaining allegations
8    in Paragraph 202 are denied.

9         203.   To the extent the allegations in Paragraph 203 are conclusions of law,
10   no response is required.  To the extent the allegations in Paragraph 203 relate to
11   another Defendant or the time period after Del Monte sold the business on October
12   5, 2008, Del Monte lacks knowledge and information sufficient to respond to those
13   allegations and those allegations are accordingly denied.  The remaining allegations
14   in Paragraph 203 are denied.

15        204.   To the extent the allegations in Paragraph 204 are conclusions of law,
16   no response is required.  To the extent the allegations in Paragraph 204 relate to
17   another Defendant or the time period after Del Monte sold the business on October
18   5, 2008, Del Monte lacks knowledge and information sufficient to respond to those
19   allegations and those allegations are accordingly denied.  The remaining allegations
20   in Paragraph 204 are denied.

21        205.   To the extent the allegations of Paragraph 205 are conclusions of law,
22   no response is required.  To the extent the allegations in Paragraph 205 relate to the
23   actions or knowledge of Plaintiffs, Del Monte is without knowledge and
24   information sufficient to form a belief as to such statements and they are
25   accordingly denied.

26        206.   To the extent the allegations of Paragraph 206 are conclusions of law,
27   no response is required.  To the extent the allegations in Paragraph 206 relate to the
28   actions or knowledge of Plaintiffs or other Defendants, Del Monte is without

1  knowledge and information sufficient to form a belief as to such statements and

2  they are accordingly denied.

3      207.   To the extent the allegations in Paragraph 207 are conclusions of law,

4  no response is required.  To the extent the allegations in Paragraph 207 relate to the

5  actions or knowledge of the DOJ or Plaintiffs, or the time period after Del Monte

6  sold the business on October 5, 2008, Del Monte is without knowledge and

7  information sufficient to form a belief as to such statements and they are

8  accordingly denied.  The remaining allegations in Paragraph 207 are denied.

9      208.   To the extent the allegations of Paragraph 208 are conclusions of law,

10  no response is required.  To the extent the allegations in Paragraph 208 relate to the

11  actions or knowledge of Plaintiffs or other Defendants, Del Monte is without

12  knowledge and information sufficient to form a belief as to such statements and

13  they are accordingly denied.

14      209.   To the extent the allegations in Paragraph 209 relate to other

15  Defendants or the time period after Del Monte sold the business on October 5,

16  2008, Del Monte lacks knowledge and information sufficient to respond to those

17  allegations, and those allegations are accordingly denied.  The remaining

18  allegations in Paragraph 209 are denied.

19      210.   To the extent the allegations in Paragraph 210 are conclusions of law,

20  no response is required.  To the extent the allegations in Paragraph 210 relate to the

21  actions or knowledge of the or Plaintiffs or other Defendants, or the time period

22  after Del Monte sold the business on October 5, 2008, Del Monte is without

23  knowledge and information sufficient to form a belief as to such statements and

24  they are accordingly denied.  The remaining allegations in Paragraph 210 are

25  denied.

26      211.   To the extent the allegations in Paragraph 211 are conclusions of law,

27  no response is required.  To the extent the allegations in Paragraph 211 relate to

28  other Defendants, or the time period after Del Monte sold the business on October

5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 211 are denied.

212.   To the extent the allegations in Paragraph 212 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 212 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 212 are denied.

213.   To the extent the allegations in Paragraph 213 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 213 are denied.

214.   To the extent the allegations in Paragraph 214 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 214 are denied.

215.   To the extent the allegations in Paragraph 215 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 215 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 215 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 215 are denied.

216.   To the extent the allegations in Paragraph 216 are conclusions of law, no response is required.  The remaining allegations in Paragraph 216 are denied.

217.   To the extent the allegations in Paragraph 217 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 217 relate to

other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 217 characterize a document, such document is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 217 are denied.

218. To the extent the allegations of Paragraph 218 are conclusions of law, no response is required. To the extent the allegations in Paragraph 218 relate to the actions or knowledge of Plaintiffs, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.

219. To the extent the allegations in Paragraph 219 are conclusions of law, no response is required. To the extent the allegations in Paragraph 219 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 219 are denied.

220. To the extent the allegations in Paragraph 220 are conclusions of law, no response is required. To the extent the allegations in Paragraph 220 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 220 characterize a document, such document is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 220 are denied.

221. To the extent the allegations in Paragraph 221 are conclusions of law, no response is required. To the extent the allegations in Paragraph 221 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 221 characterize a document, such document is a

1    writing that speaks for itself and those allegations are accordingly denied.  The

2    remaining allegations in Paragraph 221 are denied.

3        222.   To the extent the allegations in Paragraph 222 are conclusions of law,

4    no response is required.  To the extent the allegations in Paragraph 222 relate to

5    other Defendants or the time period after Del Monte sold the business on October 5,

6    2008, Del Monte lacks knowledge and information sufficient to respond to those

7    allegations, and those allegations are accordingly denied.  Del Monte admits only

8    that Impress was a vendor to Del Monte Monte for at least part of the period 2004

9    until October 5, 2008 and that Del Monte communicated with Impress

10   independently from time to time during that time period.  The remaining allegations

11   in Paragraph 222 are denied.

12       223.   To the extent the allegations in Paragraph 223 are conclusions of law,

13   no response is required.  To the extent the allegations in Paragraph 223 relate to

14   other Defendants or the time period after Del Monte sold the business on October 5,

15   2008, Del Monte lacks knowledge and information sufficient to respond to those

16   allegations, and those allegations are accordingly denied.  Del Monte admits only

17   that Impress was a vendor to Del Monte for at least part of the period 2004 until

18   October 5, 2008 and that Del Monte communicated with Impress independently

19   from time to time during that time period.  The remaining allegations in Paragraph

20   223 are denied.

21       224.   To the extent the allegations in Paragraph 224 are conclusions of law,

22   no response is required.  To the extent the allegations in Paragraph 244 relate to

23   other Defendants or third parties, Del Monte lacks knowledge and information

24   sufficient to respond to those allegations, and those allegations are accordingly

25   denied.  The remaining allegations in Paragraph 224 are denied.

26       225.   To the extent the allegations in Paragraph 225 relate to other

27   Defendants or third parties, Del Monte lacks knowledge and information sufficient

28

1   to respond to those allegations, and those allegations are accordingly denied.  The

2   remaining allegations in Paragraph 225 are denied.

3       226.   To the extent the allegations in Paragraph 226 relate to other

4   Defendants or the time period after Del Monte sold the business on October 5,

5   2008, Del Monte lacks knowledge and information sufficient to respond to those

6   allegations and those allegations are accordingly denied.  The remaining allegations

7   in Paragraph 226 are denied.

8       227.   To the extent the allegations in Paragraph 227 relate to other

9   Defendants or the time period after Del Monte sold the business on October 5,

10  2008, Del Monte lacks knowledge and information sufficient to respond to those

11  allegations and those allegations are accordingly denied.  To the extent the

12  allegations in Paragraph 227 characterize a letter, such document is a writing that

13  speaks for itself and those allegations are accordingly denied.  The remaining

14  allegations in Paragraph 227 are denied.

15      228.   To the extent the allegations in Paragraph 228 are conclusions of law,

16  no response is required.  To the extent the allegations in Paragraph 228

17  characterizes articles, such documents are writings that speak for themselves and

18  those allegations are accordingly denied.  The remaining allegations in Paragraph

19  228 are denied.

20      229.   To the extent the allegations in Paragraph 229 relate to other

21  Defendants or the time period after Del Monte sold the business on October 5,

22  2008, Del Monte lacks knowledge and information sufficient to respond to those

23  allegations and those allegations are accordingly denied.  To the extent the

24  allegations in Paragraph 229 characterize a document, such a document is a writing

25  that speaks for itself and those allegations are accordingly denied.  The remaining

26  allegations in Paragraph 229 are denied.

27      230.   To the extent the allegations in Paragraph 230 relate to other

28  Defendants or the time period after Del Monte sold the business on October 5,

2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 230 are denied.

231.   To the extent the allegations in Paragraph 231 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 231 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 231 are denied.

232.   To the extent the allegations in Paragraph 232 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 232 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 232 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 232 are denied.

233.   To the extent the allegations in Paragraph 233 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 233 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  The remaining allegations in Paragraph 233 are denied.

234.   To the extent the allegations in Paragraph 234 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 234 characterize various documents, such documents are

1   writings that speak for themselves and those allegations are accordingly denied.
2   The remaining allegations in Paragraph 234 are denied.

3   235.   To the extent the allegations in Paragraph 235 are conclusions of law,
4   no response is required.  To the extent the allegations in Paragraph 235 relate to the
5   actions or knowledge of Plaintiffs, other Defendants, or the time period after Del
6   Monte sold the business on October 5, 2008, Del Monte is without knowledge and
7   information sufficient to form a belief as to such statements and they are
8   accordingly denied.  The remaining allegations in Paragraph 235 are denied.

9   236.   To the extent the allegations in Paragraph 236 are conclusions of law,
10  no response is required.  To the extent the allegations in Paragraph 236 relate to the
11  actions or knowledge of Plaintiffs, other Defendants, or the time period after Del
12  Monte sold the business on October 5, 2008, Del Monte is without knowledge and
13  information sufficient to form a belief as to such statements and they are
14  accordingly denied.  The remaining allegations in Paragraph 236 are denied.

15  237.   To the extent the allegations in Paragraph 237 are conclusions of law,
16  no response is required.  To the extent the allegations in Paragraph 237 relate to the
17  actions or knowledge of Plaintiffs, other Defendants, or the time period after Del
18  Monte sold the business on October 5, 2008, Del Monte is without knowledge and
19  information sufficient to form a belief as to such statements and they are
20  accordingly denied.  The remaining allegations in Paragraph 237 are denied.

21  238.   To the extent the allegations in Paragraph 238 are conclusions of law,
22  no response is required.  To the extent the allegations in Paragraph 238 relate to the
23  actions or knowledge of Plaintiffs, other Defendants, or the time period after Del
24  Monte sold the business on October 5, 2008, Del Monte is without knowledge and
25  information sufficient to form a belief as to such statements and they are
26  accordingly denied.  The remaining allegations in Paragraph 238 are denied.

27  239.   To the extent the allegations in Paragraph 239 are conclusions of law,
28  no response is required.  To the extent the allegations in Paragraph 239 relate to the

actions or knowledge of Plaintiffs, other Defendants, or third parties, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 239 are denied.

240.   The allegations in Paragraph 240 are conclusions of law, no response is required.  To the extent a response is deemed required Del Monte denies the allegations in this paragraph.

## <u>COUNT I</u>

### Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1, 3)

241.   Del Monte incorporates by reference its responses to Paragraphs 1-240 as if fully set forth herein.

242.   To the extent the allegations in Paragraph 242 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 242 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 242 are denied.

243.   To the extent the allegations in Paragraph 243 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 243 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 243 are denied.

244.   To the extent the allegations in Paragraph 244 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 244 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on

October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 244 are denied.

245.   To the extent the allegations in Paragraph 245 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 245 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 245 are denied.

246.   To the extent the allegations in Paragraph 246 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 246 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 246 are denied.

## AFFIRMATIVE DEFENSES

As stated in its Answer above, Del Monte does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  Nevertheless, Del Monte pleads in the alternative the following affirmative defenses.  Del Monte does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.  Del Monte incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

1  **SECOND AFFIRMATIVE DEFENSE**

2       Plaintiffs' claims are barred, in whole or in part, because the

3  Complaint fails to plead conspiracy or fraud with the particularity required under

4  applicable law.

5  **THIRD AFFIRMATIVE DEFENSE**

6       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs

7  have failed to plead fraudulent concealment with the particularity required by Rule

8  9(b) of the Federal Rules of Civil Procedure or under other applicable law.

9  **FOURTH AFFIRMATIVE DEFENSE**

10       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs

11  have suffered no antitrust injury.

12  **FIFTH AFFIRMATIVE DEFENSE**

13       To the extent the Complaint is seeking relief with respect to purchases

14  of tuna outside of the United States, such relief is barred by 15 U.S.C. § 6a.  Such

15  purchases do not constitute import trade or commerce; nor do such purchases have

16  a direct, substantial, and reasonably foreseeable effect on trade or commerce which

17  is not trade of commerce with foreign nations or on import trade or commerce or

18  give rise to a claim under the Sherman Act.

19  **SIXTH AFFIRMATIVE DEFENSE**

20       Plaintiffs' claims are barred, in whole or in part, by the applicable

21  statute of limitations.  15 U.S.C. § 15b.  Plaintiff filed this action on May 8, 2017.

22  If and to the extent there was a violation of Section 1 of the Sherman Act prior to

23  May 8, 2013, which Del Monte denies, Plaintiffs failed to bring this action within

24  four years after the cause of action accrued.

25  **SEVENTH AFFIRMATIVE DEFENSE**

26       Plaintiffs' claims s are barred, in whole or in part, to the extent they

27  claim injury after October 5, 2008.  If and to the extent there was a violation of

28  Section 1 of the Sherman Act, which Del Monte denies, Del Monte's sale of the

1  tuna business to StarKist/Dongwon constitutes a withdrawal from the alleged

2  Section 1 violation.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4  Plaintiffs' claims are barred, in whole or in part, because the alleged

5  damages, if any, are too remote or speculative to allow recovery, and because of the

6  impossibility of ascertaining and allocating those alleged damages with reasonable

7  certainty.

8  **NINTH AFFIRMATIVE DEFENSE**

9  Plaintiffs' claims are barred to the extent Plaintiffs failed to take all

10  necessary, reasonable, and appropriate actions to mitigate their alleged damages, if

11  any.  Alternatively, any damages sustained by Plaintiffs, which Del Monte denies,

12  must be reduced by the amount that such damages would have been reduced had

13  Plaintiffs and the members of the purported plaintiff class exercised reasonable

14  diligence in mitigating their damages.

15  **TENTH AFFIRMATIVE DEFENSE**

16  Plaintiffs attempt to allege a conspiracy spanning eleven or more years

17  that they claim resulted in their paying higher prices for the products in issue,

18  Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit.

19  To the extent Plaintiffs could have brought essentially the same suit years earlier,

20  Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of

21  estoppel and laches.

22  **ELEVENTH AFFIRMATIVE DEFENSE**

23  Plaintiffs' claims are barred, in whole or in part, because any injury or

24  damages the Plaintiffs may have suffered were caused solely or proximately by

25  market conditions or the acts and omissions of others and not by any act or

26  omission attributable to Del Monte.

27

28

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they did not purchase tuna directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. §§ 1 and 3 for alleged injuries in that capacity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the actions or practices of Del Monte that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuant of Del Monte's independent interests and those of its customers, and were not the result of any contract, combination or conspiracy between Del Monte and any other person or entity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent any recovery would be duplicative of a recovery by other plaintiffs and in other lawsuits, subjecting Del Monte to the possibility of multiple recovery which is barred by the Fifth and Eighth Amendments to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs agreed to arbitration or chose a different forum for the resolution of their claims.

## REQUEST FOR RELIEF

WHEREFORE, Del Monte Corporation requests that the Court enter judgment for it by adjudging and decreeing that:

A. The claims of the Plaintiffs as to Del Monte be dismissed with prejudice;

B. Del Monte has not combined and conspired in violation of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3;

C. Plaintiffs are not entitled to recover any damages from Del Monte;

1            D.  Del Monte recover its costs of this suit, including reasonable

2    attorneys' fees as provided by law; and

3            E.  Del Monte receive such other or further relief as may be just and

4    proper.

5

6    Dated: November 9, 2017                PEPPER HAMILTON LLP

7

8                             By:  s/ Barbara T. Sicalides

9                                 Barbara T. Sicalides

10                                Barak A. Bassman

11                                Megan Morley

12                                Benjamin J. Eichel

13                                Alexander L. Harris

14                                3000 Two Logan Square

15                                Eighteenth and Arch Streets

16                                Philadelphia, PA 19103-2799

17                                Telephone: 215-981-4000

18                                Fax: 215-981-4750

19                                sicalidesb@pepperlaw.com

20                                bassmanb@pepperlaw.com

21                                morleym@pepperlaw.com

22                                eichelb@pepperlaw.com

23                                harrisa@pepperlaw.com

24

25                                Attorneys for Defendant

26                                DEL MONTE CORPORATION

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, and also served on counsel of record via the Court's CM/ECF system.

s/ Barbara T. Sicalides