UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-md-2670-JLS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: BUMBLE BEE FOODS, LLC'S RESPONSE TO INTERROGATORY NO. 1**<br><br>**[ECF NO. 758]** |

In this multi-district litigation, Plaintiffs allege a price-fixing conspiracy conducted by the major manufacturers of packaged seafood products and their parent companies, including Bumble Bee Foods, LLC. Before the Court is a Joint Motion for Determination of Discovery Dispute regarding Bumble Bee's response to Interrogatory No. 1.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P.

1

26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

## DISCUSSION

Interrogatory No. 1 asks Bumble Bee to:

> Identify and describe the nature of all joint ventures, alliances, agreements, initiatives, or business relationships between or among You and any other Defendant or Defendants or any other manufacturer of PSPs, identify persons with knowledge with respect to each, and the time period during which each existed.

(ECF No. 758 at 3). Bumble Bee's response encompasses 3 sets of objections and responses. The Court will ignore the boilerplate and focus on objections of substance. First, considering the district court's rulings in this case on various motions to dismiss, the Court agrees with Bumble Bee that its response must be limited to tuna products only. (*See* ECF Nos. 283 and 492).

Second, the main thrust of Bumble Bee's objection, according to Bumble Bee, is that it cannot comply without violating two court orders: a sealing order issued in a criminal case regarding Bumble Bee tuna; and a stipulation

limiting discovery entered in the instant case at ECF No. 480. (ECF No. 758 at 10).

The criminal case against Bumble Bee is *United States v. Bumble Bee Foods, LLC*, No. 4:17-CR-000249-EMC, in the United States District Court for the Northern District of California. Bumble Bee has entered a guilty plea to conduct relevant in this civil case. The Court has reviewed the responses of Bumble Bee and of the United States to an Order to Show Cause issued by the district judge in the criminal case regarding why certain portions of parties' sentencing memoranda should be sealed and regarding the sealing of certain expert declarations. (No. 4:17-CR-000249-EMC, ECF Nos. 21 and 23). Ultimately, the district judge agreed that a portion of the sentencing memoranda should remain sealed and that the expert declarations should remain sealed for a limited time. (*Id.* at ECF No. 24).

The Sealing Order in the criminal case did no more than protect from public disclosure certain documents from public disclosure. With regard to activity of the grand jury, it appears that one sentence, the second sentence of Paragraph 3 on page 19 of the sentencing memoranda was redacted. *See United States Response to Order to Show Cause,* No. 4:17-CR-000249-EMC, ECF No. 21 at 2. Otherwise, the redacted information, including the expert declarations, pertains to financial information of Bumble Bee. *Id.; also see Bumble Bee Food LLC's Response to Order to Show Cause,* ECF No. 23 at 2.

The Court does not see how responding to Interrogatory No. 1 conflicts with the Sealing Order in the criminal case. That Order protects certain statements in specific documents. If the interrogatory asked "What information was used to create the second sentence of Paragraph 3 of page 19 of the sentencing memoranda?" or "Describe your communications with the United States in creating the joint sentencing memoranda," there would be a

conflict. The Sealing Order does not preclude Bumble Bee from providing information about its agreements with other manufacturers, regardless of whether that information also was provided, at some point and in some fashion, to the United States.

The Stipulation Re: Third Limited Stay of Discovery, entered in this case at ECF No. 480, is broader than the Sealing Order in the criminal case. The Stipulation itself, located at ECF No. 477, in relevant part, provides:

> No discovery shall be conducted under the Federal Rules of Civil Procedure that refers or relates to the criminal grand jury investigation being conducted by the United States concerning packaged seafood, including any party's or witness's communications with the United States or with the grand jury investigating packaged seafood.

(ECF No. 477, ¶ 2).

Once again, the Court does not see a conflict between the Stipulation and responding to Interrogatory No. 1. Interrogatory No. 1 requires Bumble Bee to identify and describe certain relevant business relationships. There is nothing in the Interrogatory that refers or relates to the grand jury investigation nor requires any disclosure of any communications with the United States or the grand jury. That a grand jury may have been provided some or all of this information by Bumble Bee or others is not a relevant concern in responding to this Interrogatory. Bumble Bee is not being asked to identify all information regarding business relationships provided to the grand jury. The Stipulation does not bar from a full response from Bumble Bee to the question asked. A response to Interrogatory No. 1 also does not appear to implicate Rule 6(e), Fed. R. Crim. P.

## CONCLUSION

Except as provided herein, Bumble Bee's objections are **OVERRULED**. Bumble Bee is **ORDERED** to fully respond to Interrogatory No. 1, regarding

4

tuna products only, no later than 14 days from the date of this Order.

**SO ORDERED.**

Date: January 3, 3018

Hon. Mitchell D. Dembin
United States Magistrate Judge