UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-md-2670-JLS-MDD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL NON-PARTY LION CAPITAL TO COMPLY WITH SUBPOENAS**<br><br>**[ECF NO. 757]** |

In this multi-district litigation, Plaintiffs allege a price-fixing conspiracy conducted by the major manufacturers of packaged seafood products and their parent companies. Before the Court is Plaintiffs' Motion to Compel Non-Party Lion Capital to Comply with Subpoenas, filed on December 21, 2017. (ECF No. 757). Lion Capital responded in opposition on January 8, 2018. (ECF No. 783). Plaintiffs replied on January 12, 2018. (ECF No. 789).

## BACKGROUND

Non-party Lion Capital, LLC, was served with two subpoenas *duces tecum* by Plaintiffs in this action at its offices in Los Angeles California.

(ECF Nos. 757-2, 757-3). The subpoenas were served in April and June, 2017. (*Id.*). The subpoenas were issued pursuant to Rule 45, Fed. R. Civ. P., which governs subpoenas to non-parties in federal civil cases. Lion Capital initially complied with the subpoenas and produced documents on a rolling basis to Plaintiffs. (ECF No. 783-1, ¶¶ 9-11).

On October 16, 2017, having been informed by Plaintiffs that Plaintiffs would be seeking leave to add Lion Capital and certain related entities as defendants, Lion Capital suspended production of documents. (*Id.* ¶ 12). On that same date, the Direct Purchaser Class Plaintiffs moved the district court for leave to amend the Complaint to add additional defendants, including Lion Capital and others. (ECF No. 530). On December 4, 2017, the Direct Action Plaintiffs similarly moved for leave to amend the Complaint to add Lion Capital and others. (ECF No. 724). And, on January 2, 2018, the Indirect Purchaser Plaintiffs similarly moved for leave to amend the Complaint. (ECF No. 769). The district court has taken the motions of the Direct Purchaser Class and Direct Action Plaintiffs under submission. (ECF No. 748).

Plaintiffs now seek to compel Lion Capital's compliance with the outstanding subpoenas.

## DISCUSSION

In response to the subpoenas, Lion Capital served objections but agreed, without waiving its objections, to produce responsive documents. (ECF No. 783-2, 783-3). Once Lion Capital decided to stand on its objections and suspend production, Plaintiffs had the right to seek to compel compliance. Rule 45(d)(2)(i), however, requires that a motion to compel compliance with a subpoena issued under Rule 45 must be filed in the district where compliance is required. Here, the subpoenas required compliance in Los Angeles,

California, within the Central District of California. Lion Capital asserts that this motion was required to have been brought there. Plaintiffs assert that because this is an MDL action, this Court should exercise jurisdiction.

Rule 45(d)(2)(i) clearly and unequivocally requires that motions to compel compliance with Rule 45 subpoenas be brought in the court where compliance is required. Plaintiffs argue that because the court of compliance likely would transfer the matter to this Court under Rule 45(f), this Court should ignore the plain language of Rule 45(d)(2)(i). Plaintiff first relies on *In re Disposable Contact Lens Antitrust Litig.,* No. 3:15-md-2626, 2017 WL 3704822 (D.D.C. May 18, 2017). In that case, the movant properly filed in the court where compliance was required and that court transferred the case under Rule 45(f) to the court where the case was pending. 2017 WL 3704822 *1. There is nothing in the opinion to suggest that the movants should have or could have filed their motion to compel directly in the court where the action was pending.

Plaintiff also relies on *In re Am. Med. Sys. Inc.,* No. 2:12-cv-9804, 2017 WL 1090029 (S.D. W.Va. March 21, 2017). That case involved a deposition subpoena issued to a non-party. The motion to compel was brought directly in the court where the action was pending. That court accepted direct jurisdiction because the statute governing Multi-District Litigation, 28 U.S.C. § 1407, expressly provides:

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district **for the purpose of conducting pretrial depositions** in such coordinated or consolidated pretrial proceedings.

28 U.S.C. § 1407(b) (emphasis added). This Court appreciates the argument

that the power to conduct pretrial depositions may necessarily include the power to enforce deposition subpoenas. This case, however, involves subpoenas *duces tecum* and not deposition subpoenas. This Court believes this to be a distinction that makes a difference. If this was a deposition subpoena, the Court would consider exercising jurisdiction. The extension of jurisdiction in MDL cases to the conduct of pretrial depositions, however, is not tantamount to extending jurisdiction to enforce document subpoenas on third parties.

It is worth noting that the cases relied upon by the court in *Am. Med. Sys, Inc.,* suggesting that motions to compel compliance with document subpoenas issued in connection with MDL proceedings are exempted from Rule 45's mandate that motions to compel be filed in the court in which compliance is commanded, pre-date the addition of Rule 45(f) in 2013. *See In re Am. Med. Sys. Inc.,* 2017 WL 1090029 *1.

It is not certain that a district judge in the Central District of California would transfer this dispute to this Court under Rule 45(f). The transfer of a motion to compel to the court where the action is pending requires either the consent of the subpoenaed party or "exceptional circumstances." Rule 45(f), Fed. R. Civ. P. Based upon its response to the instant Motion, Lion Capital has not consented to the exercise of jurisdiction of this Court at this time. And there has been no determination that exceptional circumstances exist. That the underlying action is an MDL does not automatically confer exceptional circumstances. A district judge in the Central District may or may not consider this dispute as presenting exceptional circumstances, especially considering that Rule 45 is designed, in large part, to minimize the burden placed upon a non-party. *See* Rule 45(d)(1).

This Court finds that it lacks jurisdiction to enforce the subpoena.

## CONCLUSION

Plaintiffs' Motion to Compel is **DENIED WITHOUT PREJUDICE**. Plaintiffs may pursue their Motion by filing in the Central District of California, the court where compliance is required.

**SO ORDERED.**

Date: January 17, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge