# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION

Case No.: 15-MD-2670 JLS (MDD)

**ORDER DENYING EX PARTE MOTION FOR LEAVE TO SUBMIT DOCUMENT FOR IN CAMERA REVIEW**

(ECF No. 792)

Presently before the Court is Bumble Bee Foods, LLC's Ex Parte Motion for Leave to Submit Document for In Camera Review in Support of its Objection to Magistrate Judge Dembin's January 3, 2018 Order, ("Ex Parte MTN," ECF No. 792).

As background to this Motion: on January 3, 2018, Magistrate Judge Dembin issued an order that requires Bumble Bee to fully respond to Interrogatory No. 1. (ECF No. 772.) This interrogatory asks Bumble Bee to:

> Identify and describe the nature of all joint ventures, alliances, agreements, initiatives, or business relationships between or among You and any other Defendant or Defendants or any other manufacturer of PSPs, identify persons with knowledge with respect to each, and the time period during which each existed.

(*See id.* at 2.) Bumble Bee argued it could not "comply [with this interrogatory] without violating two court orders: a sealing order issued in a criminal case regarding Bumble Bee tuna; and a stipulation limiting discovery entered in the instant case." (*Id.* at 2–3.) Judge Dembin stated he "did not see how responding to Interrogatory No. 1 conflicts with the

Sealing Order in the criminal case." (*Id.* at 3.) Bumble Bee then filed an objection to Judge Dembin's Order. (ECF No. 791.)

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard of review applies to factual findings and discretionary decisions made concerning nondispositive pretrial discovery. *See F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "clearly erroneous" standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (quotation marks omitted).

In conjunction with its objections, Bumble Bee filed the present Ex Parte Motion. Bumble Bee requests the Court conduct an in-camera review of an unredacted version of the United States' Sentencing Memorandum and Motion for Departure, dated July 19, 2017. (Ex Parte MTN 2.) Bumble Bee states the documents are filed under seal in *United States v. Bumble Bee Foods, LLC*, pending in the Northern District. (*Id.*) Bumble Bee argues there is good cause for this Court to review the unredacted documents because the "Sentencing Memorandum is central to the Objection and will aid this Court's consideration of Bumble Bee's request for relief." (*Id.*) Bumble Bee does not explain why it did not request Judge Dembin review the unredacted version of the documents.

Although it is true that in its review of a magistrate judge's order, a district judge may "receive further evidence," 28 U.S.C. § 636(b), the Court declines to do so. *See Brady v. Grendene USA, Inc.*, No. 12-cv-00604-GPC-KSC, 2015 WL 5022298, at *3 (S.D. Cal. Aug. 21, 2015) ("[T]he district judge may decline to consider evidence that was not presented to the magistrate judge" (citing *Haines v. Ligett Group, Inc.*, 975 F.2d 81, 92–93 (3d Cir. 1992))). The Court finds it would be inappropriate to review Judge Dembin's order for clear error while in possession of a document that Judge Dembin did not have the benefit of reviewing when he issued the order. There is no evidence Bumble Bee was not

in possession of the Sentencing Memorandum at the time the Parties filed a joint motion with Judge Dembin regarding the dispute over Interrogatory No. 1. This evidence should have been presented to Judge Dembin. *See Brady*, 2015 WL 5022298, at *5 (finding the same). Thus, the Court **DENIES** Bumble Bee's Ex Parte Motion.

**IT IS SO ORDERED.**

Dated: January 19, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge