UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD) <br><br> **ORDER OVERRULING BUMBLE BEE FOODS, LLC'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER** <br><br> (ECF No. 791) |
|---|---|

Presently before the Court is Bumble Bee Foods, LLC's Objection to Magistrate Judge Dembin's January 3, 2018 Order, ("Obj.," ECF No. 791). Plaintiffs have filed a Response to the Objections, ("Resp.," ECF No. 842). After a careful consideration of the Parties' submissions, the record in this matter, and the applicable law, the Court **OVERRULES** Bumble Bee's Objection.

## BACKGROUND

The relevant facts, as presented by Bumble Bee, are as follows. Plaintiffs filed a suit against various defendants, including Bumble Bee, in August 2015 "after the commencement of the grand jury investigation into the packaged seafood product industry by the United States Department of Justice ("DOJ") had become publicly known." (Obj. 4.) The DOJ intervened in the case and the Parties stipulated to stay discovery. (*Id.*) Under the stipulation regarding the third stay, Plaintiffs may not obtain discovery "that refers or relates to the criminal grand jury investigation being conducted by the United States concerning packaged seafood." (*Id.* at 4–5 (citing ECF No. 477 ¶2).)

In August 2017, Bumble Bee pled guilty to a single-count violation of the Sherman Act and the sentencing memoranda "were filed in partially redacted form, upon motions by both parties and findings of good cause" by Judge Edward Chen. (*Id.* at 5.) Bumble Bee states "pages 2 through 5 [and one sentence on page 19] of the government's sentencing memorandum—which discuss the factual basis for Bumble Bee's plea in greater detail than the publicly available plea agreement—were redacted in the public filing on DOJ's motion 'to protect the secrecy of [the grand jury] investigation.'" (*Id.* (citing ECF No. 18 at 2).)

On December 22, 2017, Plaintiffs and Bumble Bee filed a Joint Motion for Determination of Discovery Dispute regarding Interrogatory No. 1, (ECF No. 758). On January 3, 2018, Magistrate Judge Mitchell Dembin issued an order that requires Bumble Bee to fully respond to Interrogatory No. 1. ("Discovery Order," ECF No. 772.) This interrogatory asks Bumble Bee to:

> Identify and describe the nature of all joint ventures, alliances, agreements, initiatives, or business relationships between or among You and any other Defendant or Defendants or any other manufacturer of PSPs, identify persons with knowledge with respect to each, and the time period during which each existed.

(*See id.* at 2.) Bumble Bee argued it could not "comply [with this interrogatory] without violating two court orders: a sealing order issued in a criminal case regarding Bumble Bee tuna; and a stipulation limiting discovery entered in the instant case." (*Id.* at 2–3.) Judge Dembin stated he "does not see how responding to Interrogatory No. 1 conflicts with the Sealing Order in the criminal case" and "does not see a conflict between the Stipulation and responding to Interrogatory No. 1." (*Id.* at 3–4.) Bumble Bee then filed an objection to Judge Dembin's Order.

## LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; *see* 28 U.S.C.

§ 636(b)(1)(A). The "clearly erroneous" standard of review applies to factual findings and discretionary decisions made concerning nondispositive pretrial discovery. *See F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "clearly erroneous" standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

## ANALYSIS

### I. Bumble Bee's Objection Regarding the Sealed Sentencing Memoranda

In his Order, Judge Dembin found the Sealing Order does not conflict with Interrogatory No. 1. He reasoned,

> That Order protects certain statements in specific documents. If the interrogatory asked "What information was used to create the second sentence of Paragraph 3 of page 19 of the sentencing memoranda?" or "Describe your communications with the United States in creating the joint sentencing memoranda," there would be a conflict. The Sealing Order does not preclude Bumble Bee from providing information about its agreements with other manufacturers, regardless of whether that information also was provided, at some point and in some fashion, to the United States.

(Discovery Order 3–4.) Bumble Bee argues Judge Dembin's order

> misapprehended the parameters of the dispute by ordering Bumble Bee to comply generally with Interrogatory 1 while not addressing Plaintiffs' specific request to discover the basis for Bumble Bee's guilty plea. Judge Dembin's order also appears to have misunderstood what information about Bumble Bee's guilty plea has been sealed in the record, as well as the reason the DOJ sought to seal such information and that the sealing order was granted. These misunderstandings resulted in a clearly erroneous ruling.

(Obj. 3.) Bumble Bee argues during meet-and-confer efforts, Plaintiffs have stated that this interrogatory "was designed to target the agreement(s) that gave rise to Bumble Bee's guilty plea." (*Id.* at 7.) Bumble Bee states it has agreed to "supplement its response to Interrogatory 1 to reflect responsive agreements of which Bumble Bee becomes aware throughout the course of discovery and that do not implicate issues of grand jury secrecy" but Plaintiffs demand information regarding the basis for the plea agreement. (*Id.* at 9–

10.)

In response, Plaintiffs argue the Interrogatory only asks "that Bumble Bee describe the facts about its agreements with competitors—not the contents of any grand jury communications." (Obj. Response 3.) Plaintiffs argue Bumble Bee's executives Mr. Cameron and Mr. Worsham had pled guilty to entering into into unlawful price-fixing agreements with competitors, but Bumble Bee's response to Interrogatory No. 1 only noted an agreement with Chicken of the Sea. (*Id.* at 4.)

The Court does not find Judge Dembin's Order to be clearly erroneous. Neither Judge Dembin nor this Court is ordering Bumble Bee to disclose confidential information. As Judge Dembin noted, "[t]he Sealing Order does not preclude Bumble Bee from providing information about its agreements with other manufacturers, regardless of whether that information also was provided, at some point and in some fashion, to the United States" and "[t]hat a grand jury may have been provided some or all of this information by Bumble Bee or others is not a relevant concern in responding to this Interrogatory." (Discovery Order at 3–4.) The Court does not find error in this finding and therefore overrules Bumble Bee's objection on this ground.

## II. Bumble Bee's Objection Regarding the Stay

Bumble Bee also argues Judge Dembin's order conflicts with the partial stay of discovery. (Obj. 13 (citing ECF No. 477).) A stay of discovery has been instituted in this case, and "[n]o discovery shall be conducted under the Federal Rules of Civil Procedure that refers or relates to the criminal grand jury investigation being conducted by the United States concerning packaged seafood, including any party's or witness's communications with the United States or with the grand jury investigating packaged seafood." (ECF Nos. 477, 480.)

Judge Dembin determined Interrogatory No. 1 does not conflict with the limited stay because "[t]here is nothing in the Interrogatory that refers or relates to the grand jury investigation nor requires any disclosure of any communications with the United States or the grand jury." (Discovery Order 4.) Plaintiffs agree and argue the stay "does not preclude

Defendants from providing any information that might in some way relate to the government's investigation on the grand jury proceedings. It prevents Plaintiffs from asking what was provided to the grand jury or what communications Defendants had with the DOJ" which Plaintiffs did not do. (Obj. Response 9.)

The Court finds Judge Dembin's Order is not clearly erroneous. As noted above, the interrogatory is not requesting anything specifically related to the grand jury proceedings and simply because the grand jury may be in possession of the information requested by the interrogatory does not mean the information is barred by the stay. The Court overrules Bumble Bee's objection on this ground.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Bumble Bee's objection to Judge Dembin's Order.

**IT IS SO ORDERED.**

Dated: February 23, 2018

Hon. Janis L. Sammartino
United States District Judge