UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER GRANTING IN PART MOTIONS TO AMEND THE SCHEDULING ORDER TO ADD NEW PARTIES**<br><br>(ECF Nos. 530, 724, 769, 811) |

Presently before the Court are:

(1) Direct Purchaser Plaintiffs' ("DPPs") Motion to Amend/Correct the Scheduling Order to Add New Parties, (ECF No. 530);

(2) Direct Action Plaintiffs' ("DAPs") Motion to Amend the Scheduling Order to Add New Parties, (ECF No. 724);

(3) Indirect Purchaser Plaintiffs'[1] Motion to Amend the Scheduling Order to Add New Parties, (ECF No. 769); and

(4) CVS's Motion to Amend the Scheduling Order to Add New Parties, (ECF No. 811).

---

[1] Indirect Purchaser Plaintiffs are composed of End Payer Class Plaintiffs ("EPPs") and Commercial Food Prepare Plaintiffs ("CFPs").

1

Plaintiffs in all Motions seek to add new Defendants to this Multi-District Litigation: Lion Capital LLP; Lion Capital (Americas), Inc.; Lion/Big Catch Cayman LP (collectively the "Lion Entities"); and Bumble Bee's President and CEO, Christopher D. Lischewski.[2]

# BACKGROUND

Given the lengthy history in this case, the Court does not provide a full background of all of the facts here. As relevant to this Order, this case concerns a conspiracy to fix the prices of packaged seafood throughout the United States. The Plaintiffs in this matter are composed of four distinct groups, DAPs, DPPs, EPPs, and CFPs, (collectively, "Plaintiffs"). Plaintiffs are proceeding against the three largest domestic producers of packaged seafood products and their parent corporations. Bumble Bee Foods, LLC is one of the Defendants and Mr. Lischewski is Bumble Bee's President and CEO. It is alleged that the Lion Entities own Defendant Bumble Bee.

The deadline to add new parties has passed, thus, Plaintiffs request the Court modify the scheduling order to allow them to add the Lion Entities and Mr. Lischewski. Bumble Bee and Mr. Lischewski have filed Oppositions to each Motion and each set of Plaintiffs has filed a Reply in support of their respective Motion.

# LEGAL STANDARD

## I. Modification of Scheduling Order Under Rule 16(b)

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence

---

[2] CVS also seeks to add Del Monte Corporation as a Defendant; CVS argues it included allegations against Del Monte in its complaint but erroneously did not list Del Monte in its case caption. (ECF No. 811, at 2 n.3.)

of the party seeking the extension." *Id.* (internal citation and quotation marks omitted). "If [the] party was not diligent, the inquiry should end." *Id.*

If the court finds that there is good cause to modify the schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

## II. Amendment of Complaint Under Rule 15(a)

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend its complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## ANALYSIS

### I. Good Cause Under Rule 16(a)

The deadline to name new parties was July 1, 2017. (*See* ECF Nos. 161, 166.)

3

Therefore, to allow Plaintiffs to add the new parties would require the Court to modify the scheduling order. The Court evaluates whether there is good cause to add the Lion Entities and Mr. Lischewski. The following timeline of events is taken from the Parties' briefs:

- Late 2015: The original Complaints are filed, and the packaged seafood antitrust cases are consolidated before this Court;
- May 23, 2016: Various Plaintiffs file consolidated complaints, (ECF Nos. 147, 149, 151–53);
- May/June 2016: the Parties request, and the Court approves, a case management order, (*see* ECF Nos. 161, 166). This order states that the Parties are to identify an additional named defendants by July 1, 2017;
- August 5, 2016: Defendants move to dismiss the Complaints;
- November 2016: A limited stay of discovery is put into place, (ECF Nos. 256, 263). Discovery was stayed until March 31, 2017;
- January 3, 2017: The Court grants in part and denies in part Defendants' motions, without prejudice;
- March 31, 2017: Plaintiffs receive all documents Bumble Bee had produced to the Department of Justice ("DOJ") (1.2 million pages) (hereinafter, "DOJ Production");
- April 24, 2017: ███████████████████████████████████████;
- May 8 2017: Plaintiffs file amended complaints, (*see, e.g.*, ECF Nos. 322, 328, 329, 334);
- May 8, 2017: Plaintiffs learn of Bumble Bee's guilty plea and learn the criminal fine would be paid by a "related entity";
- June 9, 2017: Defendants move to dismiss the amended complaints;
- June 15, 2017: ████████████████████████████████████;
- **July 1, 2017: deadline to name new parties;**
- July 19, 2017: Bumble Bee Sentencing Memorandum reveals that Big Catch is the

4

ultimate owner of Bumble Bee;

- August 4, 2017: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓;

- August 2017: Bumble Bee produces documents;

- September 5 & 7, 2017: The Parties request, and the Court grants, a Stipulation for a Limited Stay of Discovery, (ECF Nos. 477, 480). Discovery is partially stayed until March 31, 2018;

- September 26, 2017: The Court grants in part and denies in part Defendants' motions to dismiss;

- September 26 & 28, 2017: the Parties jointly move for a revised case management order for all events scheduled after September 15, 2017 (for events such as depositions, class certification, etc.), (ECF No. 483). The Court approves the revised case management order, (ECF No. 496);

- September 28, 2017: Bumble Bee produces documents;

- October 4, 2017: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓;

- October 6–13, 2017: Plaintiffs file revised complaints (*See, e.g.*, ECF Nos. 503, 509, 512, 520, 524);

- October 16, 2017: DPPs file the present Motion;

- December 4, 2017: DAPs file the present Motion;

- January 2, 2018: EPPs and CFPs file the present Motion;

- February 1, 2018: CVS files the present Motion.

- March 18, 2018: The Court adopts the Parties' proposed scheduling order for future proceedings, (ECF Nos. 876, 877).

### A. *The Lion Entities*

Plaintiffs argue they recently uncovered ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and through "a more fulsome review" of Bumble

Bee's documents from the DOJ Production. ("Sealed DPPs MTN," ECF No. 539, at 6; "DAPs P&A," ECF No. 724-14, at 2.)³ Plaintiffs admit they knew of Lion Capital's ownership of Bumble Bee from the start of this case but state ███████████████

███████████████████████████████████████████████████████████████████████████████

███████████ ███████████ ███████████████ █████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████

In April 2017, Plaintiffs received the DOJ production and ███████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

█████████ After learning this, Plaintiffs ████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████ ██████████ ████████████ ██████████████████████████████ ██████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████ ████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ In sum, Plaintiffs argue they were diligent

---

³ The four Motions by Plaintiffs contain similar facts and allegations. The Court will primarily use DPPs' Motion as a reference throughout this Order because the other Plaintiffs adopt and incorporate DPPs' arguments.

in seeking to add the Lion Entities.[4]

No Lion Entity filed an opposition to the Motions.[5] Bumble Bee filed Oppositions "incorporat[ing]" Mr. Lischewski's arguments and generally arguing Plaintiffs have not provided information to "support the addition of the putative parties identified in the Motion." (*See, e.g.*, "BB Opp'n," ECF No. 719, at 2.)

The Court finds Plaintiffs acted diligently in moving to amend the Scheduling Order after discovering new facts regarding the Lion Entities. ███████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████ *see* Arthur R. Miller, et al., Federal Practice & Procedure § 1522.2 (3d

---

[4] DPPs also argue although the deadline to name new parties has passed, this schedule "assumed that merits discovery would be much further underway by that deadline" but since then, discovery was stayed until March 31, 2017 and "[t]here was no corresponding change in the Scheduling Order to add new parties. ("DPPs P&A," ECF No. 530-1, at 10; *see also* ECF Nos. 256, 263 (imposing a limited stay of merits discovery).) This is true, and the Court understands Plaintiffs' point ███████████ ███████████████ However, the Court notes Plaintiffs never requested the Court change the scheduling order due to the discovery stay and never requested the ability to preserve their rights to add parties after discovery.

[5] As to the lack of opposition by Lion, Bumble Bee argues
> when the Lion Entities specially appeared to respond to a discovery motion filed by Plaintiffs, the Lion Entities stated that they disagree that they are proper parties to this litigation. *See* Dkt. No. 783, at 4 n.2. The Lion Entities further wrote in their response that they refrained from opposing the various motions to amend because of "jurisdictional objections that make a voluntary appearance by [the Lion Entities] to oppose impossible under the circumstances." *Id.* This response cannot properly be construed as a concession, nor does it in any way indicate that good cause exists or that the parties will not be unduly prejudiced by the amendment that Plaintiffs seek.

(ECF No. 831, at 1 n.1.) It is unclear to the Court why the Lion Entities would not request leave to file a non-party opposition or enter a special appearance in order to file an opposition.

7

ed. 2017) (stating relief can be appropriate "[w]hen the modification [of the scheduling order] is necessitated by acts of the opposing party or by the opponent's failure to act" (citing *Noyes v. Kelly Servs.*, 488 F.3d 1163 (9th Cir. 2007)). Although it is possible Plaintiffs could have more quickly reviewed the DOJ document production to gather the information regarding the Lion Entities, the Court finds Plaintiffs have made a sufficient showing of good cause to modify the Scheduling Order to add the Lion Entities as parties.[6] *See Johnson*, 975 F.2d at 609 (holding good cause exists when "even with the exercise of due diligence, they could not reasonably meet the timetable set by the court").

### B. Mr. Lischewski

Plaintiffs repeat many of the above arguments in support of their request to amend the Scheduling Order to add Mr. Lischewski. ███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
Plaintiffs claim they recently learned Mr. Lischewski received ███████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████

---

[6] In interpreting the "good cause" requirement under Rule 16(b), the court considers, primarily, "the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. As a secondary consideration, the court considers the degree of prejudice to the opposing party. *Id.* "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). The Court finds the MDL is currently procedurally situated such that any prejudice to the Lion Entities is minimal. (*See* ECF No. 877 (schedule for future proceedings).)

1    In his opposition, Mr. Lischewski first argues Plaintiffs were not diligent in adding him as a party. He argues, for example, DPPs' original complaint filed in May 2016 is filled with allegations about his participation in the conspiracy, but they did not seek to add him as a party until now. ("Lischewski Opp'n to DPPs," ECF No. 717, at 2.) ▮

▮

Indeed, Mr. Lischewski is mentioned frequently throughout Plaintiffs' complaints filed in May 2016. (*See, e.g.*, ECF Nos. 147, 152, 153). For example, DPPs allege in 2008, Mr. Lischewski gave a keynote address, urging fellow "'global tuna industry leaders' to undertake the challenge to drive the development of 'sustainable tuna management practices'" and thereafter, defendants changed their can sizes and "[t]he conspiracy began." (ECF No. 147, at ¶ 70.) DPPs allege in 2011, Mr. Lischewski complained that tuna was "too cheap" and that it was "important to persuade customers to pay more for canned tuna." (*Id.* ¶ 71.) It is also important that Plaintiffs received relevant information in the DOJ production in March 2017. ▮

▮ Similarly, DAPs allege ▮

▮

9

15-MD-2670 JLS (MDD)

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Whether Plaintiffs have established good cause under Rule 16(b) is a close call. The Court finds it is possible Plaintiffs were not alerted to the alleged detailed involvement of Mr. Lischewski until after the date to add parties had passed, but there is no doubt Plaintiffs: (1) believed Mr. Lischewski was a participant in the conspiracy (as evidenced by the references to him in the earlier complaints); and (2) had in their possession documents that they believe support their position, which they could have reviewed prior to July 2017. (*See* "DPPs Reply," ECF No. 731, at 8 ▓▓▓▓▓▓▓▓▓▓ DPPs targeted and culled other key information from the Defendants' DOJ productions.").) The material facts that Plaintiffs desired regarding Mr. Lischewski were in their possession on March 31, 2017, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And unlike the case with the Lion Entities, Plaintiffs had reason to be inquisitive as to Mr. Lischewki's involvement because they had mentioned him by name in prior Complaints and should have been more diligent in reviewing the DOJ documents for information. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action.").

The Court understands Plaintiffs' argument that they waited until they had sufficient information regarding Mr. Lischewski to officially add him as a party. The Court is aware of the large number of documents and issues in this case and understands that Plaintiffs did not want to add unnecessary individual defendants to this matter until they had sufficient information. However, the Court has considered all arguments by all Parties and finds Plaintiffs have not shown good cause for the Court to amend the scheduling order to allow

Plaintiffs to add Mr. Lischewski as a defendant.[7]  *See Johnson*, 975 F.2d at 609 ("If th[e] party was not diligent, the inquiry should end."); *see also Schwerdt v. Int'l Fidelity Ins. Co.*, 28 Fed. App'x 715, 719 (9th Cir. 2002) (holding a delay of one month after learning of facts from a witness's deposition does not constitute diligence under Rule 16 in raising claim); *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14cv1034-GPC (JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (holding that filing a motion to amend two months after discovering the new facts does not constitute diligence).

In sum, the Court finds good cause to modify the scheduling order to add the Lion Entities, but does not find good cause to modify the scheduling order to add Mr. Lischewski.

## II.    Amendment Under Rule 15(a)

Rule 15 governs amendments to pleadings and encourages courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  As noted above, the Lion Entities did not file oppositions to Plaintiffs' Motions, and they have not presented the Court with any arguments of prejudice.  The Court finds the Lion Entities have not met their burden of showing undue prejudice or other factors that would show why leave should not be granted.  The Court finds the liberal pleading rules allow Plaintiffs to amend their Complaints to add the Lion Entities.

/ / /

/ / /

/ / /

---

[7] The level of diligence exercised by Plaintiffs to add Mr. Lischewski obviously decreases with each subsequently filed Motion; DPPs filed in October 2016, DAPs then filed in December 2016, Indirect Purchasers filed in January 2018, and CVS filed in February 2018.

## CONCLUSION

DAPs, DPPs, Indirect Purchaser Plaintiffs, and CVS are **GRANTED LEAVE** to add the Lion Entities (i.e., Lion Capital LLP; Lion Capital (Americas), Inc.; and Lion/Big Catch Cayman LP) to their Complaints.[8] Plaintiffs are **ORDERED** to file the Third Amended Complaints submitted with their Motions, within seven (7) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: April 10, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[8] As noted above, CVS also seeks to add Del Monte because it erroneously did not list Del Monte in its case caption. *See supra* footnote 2. Del Monte has not opposed this request, and the Court **GRANTS** CVS leave to add Del Monte as a defendant.