Kenneth A. Gallo (NY 4484457)
Michelle K. Parikh (NY 4293460)
Joseph J. Bial (NY 4151528)
Heather C. Milligan (NY 5460829)
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone: 202-223-7356
Facsimile:  202-204-7356
Email:  kgallo@paulweiss.com
Email: mparikh@paulweiss.com
Email: jbial@paulweiss.com
Email: hmilligan@paulweiss.com

William B. Michael (NY 4296356)
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3648
Facsimile:  212-492-0648
Email:  wmichael@paulweiss.com

*Attorneys for Defendant Bumble Bee Foods, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 15-md-2670-JLS-MDD<br><br>**ANSWER OF DEFENDANT BUMBLE BEE FOODS, LLC TO COMMERCIAL FOOD PREPARER PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| This filing relates to the Commercial Food Preparer Class Action Track | |

Defendant BUMBLE BEE FOODS, LLC (hereinafter, "Bumble Bee") by and through its attorneys, admits, denies, and avers as follows with respect to the Third Amended Complaint (Dkt. No. 933) ("TAC") of the Commercial Food Preparer Plaintiffs ("Plaintiffs"), filed April 17, 2018:

1.   To the extent the allegations in Paragraph 1 of the TAC concern parties other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations contained in Paragraph 1 concern Bumble Bee, Bumble Bee denies them.[1]

2.   To the extent the allegations contained in the first sentence of Paragraph 2 concern Bumble Bee, Bumble Bee denies them. To the extent the allegations in the first sentence concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  The second sentence of Paragraph 2 is a definition of terminology to which no response is required.

3.   To the extent the allegations contained in the first sentence of Paragraph 3 concern parties other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations contained in the first sentence of Paragraph 3 concern Bumble Bee, Bumble Bee denies them, except admits that the DOJ has been conducting an investigation pertaining to Bumble Bee and that informations have been filed against Walter Scott Cameron and Kenneth Worsham, and refers to the Cameron and Worsham informations for the contents thereof.

4.   To the extent the allegations in Paragraph 4 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

---

[1] Bumble Bee avers that no response is necessary to Plaintiffs' headings, but to the extent any heading purports to assert an allegation, Bumble Bee denies those allegations.

1  form a belief as to the truth of those allegations and, on that basis, denies them.  To

2  the extent the allegations in Paragraph 4 concern Bumble Bee, Bumble Bee denies

3  them, except admits that Cameron is a former employee of Bumble Bee and that

4  Cameron entered a plea agreement, and respectfully refers the Court to the plea

5  agreement for the contents thereof.

6        5.     To the extent the allegations in Paragraph 5 concern defendants other

7  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

8  form a belief as to the truth of those allegations and, on that basis, denies them.  To

9  the extent the allegations in Paragraph 5 concern Bumble Bee, Bumble Bee denies

10  them, except admits that Kenneth Worsham is the son of Bob Worsham and that

11  Kenneth Worsham entered a plea agreement, and respectfully refers the Court to

12  the plea agreement for the contents thereof.

13        6.     Bumble Bee denies the allegations in Paragraph 6, except admits that

14  DOJ made a public announcement concerning Bumble Bee on May 8, 2017, and

15  respectfully refers the Court to the announcement for the contents thereof.

16        7.     Bumble Bee is without knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies

18  them.

19        8.     To the extent the allegations contained in Paragraph 8 concern

20  Bumble Bee, Bumble Bee denies them, except that Bumble Bee admits that

21  Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil

22  Procedure and on behalf of residents purportedly of the jurisdictions listed in

23  Paragraph 8.  To the extent the allegations in Paragraph 8 concern parties other

24  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

25  form a belief as to the truth of those allegations and, on that basis, denies them.

26        9.     To the extent the allegations in Paragraph 9 concern defendants other

27  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

28  form a belief as to the truth of those allegations and, on that basis, denies them.  To

-2-

the extent the allegations in Paragraph 9 concern Bumble Bee, Bumble denies them, except admits that Plaintiffs purport to bring this action to obtain damages and other relief for alleged violations of the state laws cited in Paragraph 8, but denies that Plaintiffs are entitled to any relief.

10.    Bumble Bee avers that the allegations of Paragraph 10 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.

11.    To the extent the allegations in Paragraph 11 concern Bumble Bee, Bumble Bee avers that those allegations purport to state legal conclusions to which no responsive pleading is required or appropriate other than to deny them and, to the extent a further response is required, denies the allegations except admits that Bumble Bee has its principal place of business within this District. To the extent the allegations in Paragraph 11 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

12.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16.    Bumble Bee is without knowledge or information sufficient to form a

1   belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies

2   them.

3       17.     Bumble Bee is without knowledge or information sufficient to form a

4   belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies

5   them.

6       18.     Bumble Bee is without knowledge or information sufficient to form a

7   belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies

8   them.

9       19.     Bumble Bee is without knowledge or information sufficient to form a

10  belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies

11  them.

12      20.     Bumble Bee is without knowledge or information sufficient to form a

13  belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies

14  them.

15      21.     Bumble Bee is without knowledge or information sufficient to form a

16  belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies

17  them.

18      22.     Bumble Bee is without knowledge or information sufficient to form a

19  belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies

20  them.

21      23.     Bumble Bee is without knowledge or information sufficient to form a

22  belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies

23  them.

24      24.     Bumble Bee is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies

26  them.

27      25.     Bumble Bee is without knowledge or information sufficient to form a

28  belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies

1   them.

2          26.    Bumble Bee is without knowledge or information sufficient to form a

3   belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies

4   them.

5          27.    Addressing the allegations in the first sentence of Paragraph 27,

6   Bumble Bee admits that Bumble Bee Foods, LLC is a limited liability company

7   with its principal place of business at the address referenced in Paragraph 27.

8   Bumble Bee admits the allegations in the second and third sentences of Paragraph

9   27.  Bumble Bee denies the remaining allegations in Paragraph 27, except admits

10  that Bumble Bee entered into a plea agreement with DOJ and refers to the plea

11  agreement for the contents thereof.

12         28.    To the extent the allegations in Paragraph 28 (including footnotes 2

13  and 3) concern defendants other than Bumble Bee, Bumble Bee is without

14  knowledge or information sufficient to form a belief as to the truth of those

15  allegations and, on that basis, denies them.  To the extent the allegations in

16  Paragraph 28 (including footnotes 2 and 3) concern Bumble Bee, Bumble Bee

17  denies them and refers to the cited materials for the contents thereof.

18         29.    To the extent the allegations in Paragraph 29 concern defendants other

19  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

20  form a belief as to the truth of those allegations and, on that basis, denies them.  To

21  the extent the allegations in Paragraph 29 concern Bumble Bee, Bumble Bee

22  denies them.

23         30.    No response is required to Paragraph 30 of the TAC.

24         31.    Bumble Bee is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations in the first five sentences of Paragraph 31

26  and, on that basis, denies, them, except admits that Big Catch Cayman LP is a

27  parent company of Bumble Bee, that Big Catch Cayman LP is not involved in the

28  operation of Bumble Bee, and that certain Bumble Bee executives (including

-5-

Lischewski) own shares in Big Catch Cayman.  To the extent the remaining allegations in Paragraph 31 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the sixth and seventh sentences of Paragraph 31 concern Bumble Bee, Bumble Bee denies them.  To the extent the allegations in the eight sentence of Paragraph 31 concern Bumble Bee, Bumble Bee denies them.  Bumble Bee avers that the allegations in the ninth and tenth sentences of Paragraph 31 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required and to the extent the allegations in the ninth and tenth sentences of Paragraph 31 concern Bumble Bee, Bumble Bee denies them.

32.     To the extent the allegations in Paragraph 32 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 32 concern Bumble Bee, Bumble Bee admits that Paragraph 32 contains a generally accurate description of certain aspects of Bumble Bee's background, but denies that Paragraph 32 contains a complete description of Bumble Bee or the history of its brand.

33.     To the extent the allegations in Paragraph 33 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 33 concern Bumble Bee, Bumble Bee denies the allegations in the second sentence and admits the allegations in the first and third sentences.

34.     To the extent the allegations in Paragraph 34 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in paragraph 34 concern Bumble Bee, Bumble Bee denies them, except admits that Lion Capital acquired Bumble Bee from Centre Partners Management LLC in 2010 for approximately $980 million.

35. To the extent the allegations in Paragraph 35 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 35 concern Bumble Bee, Bumble Bee denies them, except admits that Bumble Bee entered into a plea agreement with DOJ and refers to the contents of the plea agreement and related filings for the contents thereof.

36. To the extent the allegations in Paragraph 36 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 36 concern Bumble Bee, Bumble Bee denies them.

37. To the extent the allegations in Paragraph 37 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 37 concern Bumble Bee, Bumble Bee denies them.

38. To the extent the allegations in Paragraph 38 concern non-parties and defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 38 concern Bumble Bee, Bumble Bee denies them.

39. To the extent the allegations in Paragraph 39 concern defendants other

than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 39 concern Bumble Bee, Bumble Bee denies them.

40.    To the extent the allegations in Paragraph 40 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 40 concern Bumble Bee, Bumble Bee denies them.

41.    To the extent the allegations in Paragraph 41 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 41 concern Bumble Bee, Bumble Bee denies them.

42.    To the extent the allegations in Paragraph 42 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegation in Paragraph 42 concern Bumble Bee, Bumble Bee denies them, except admits Bumble Bee's CFO held meetings with Lion executives five to six times a year to discuss financial reports.

43.    To the extent the allegations in Paragraph 43 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 43 concern Bumble Bee, Bumble Bee denies them, except admits that Lion executives have attended Bumble Bee's audit committee meetings and board meetings in person or via teleconference, that some board meetings were followed by executive sessions between Lion executives and Bumble Bee management, and that Bumble Bee's productions do not contain

1  minutes of any such executive sessions.

2        44.    To the extent the allegations in Paragraph 44 concern defendants other

3  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

4  form a belief as to the truth of those allegations and, on that basis, denies them.  To

5  the extent the allegations in Paragraph 44 concern Bumble Bee, Bumble Bee

6  denies them, and refers to the materials quoted in Paragraph 44 for the contents

7  thereof.

8        45.    To the extent the allegations in Paragraph 45 concern defendants other

9  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

10  form a belief as to the truth of those allegations and, on that basis, denies them.  To

11  the extent the allegations in Paragraph 45 concern Bumble Bee, Bumble Bee

12  denies them, except admits that the language quoted in the second sentence of

13  Paragraph 45 appears in an email from Lischewski and refers to that email for the

14  contents thereof.

15        46.    To the extent the allegations in Paragraph 46 concern defendants other

16  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

17  form a belief as to the truth of those allegations and, on that basis, denies them.  To

18  the extent the allegations in Paragraph 46 concern Bumble Bee, Bumble Bee

19  denies them, except admits that the language quoted in the sixth sentence of

20  Paragraph 46 appears in an email from Lindberg to Lischewski and refers to that

21  email for the contents thereof.

22        47.    Bumble Bee avers that the allegations in Paragraph 47 state

23  conclusions of law to which no responsive pleading is required or appropriate other

24  than to deny them.  To the extent a response is required and to the extent the

25  allegations in Paragraph 47 concern defendants other than Bumble Bee, Bumble

26  Bee is without knowledge or information sufficient to form a belief as to the truth

27  of those allegations and, on that basis, denies them.  To the extent a response is

28  required and to the extent the allegations in Paragraph 47 concern Bumble Bee,

1    Bumble Bee denies them.

2        48.    To the extent the allegations in Paragraph 48 concern defendants other

3    than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

4    form a belief as to the truth of those allegations and, on that basis, denies them.  To

5    the extent the allegations in Paragraph 48 concern Bumble Bee, Bumble Bee

6    denies them, and refers to the materials cited in Paragraph 48 for the contents

7    thereof.

8        49.    Bumble Bee avers that the first sentence of Paragraph 49 is a

9    definition of terminology to which no response is required, and that the allegations

10   in the second sentence of Paragraph 49 state conclusions of law to which no

11   responsive pleading is required or appropriate other than to deny them.  To the

12   extent a response is required, Bumble Bee admits that Plaintiffs purport to use the

13   term "Bumble Bee" to refer to the entities identified in Paragraph 49 during the

14   time periods specified in Paragraph 49, but objects on the ground that Paragraph 49

15   mischaracterizes the relationship between Bumble Bee and its parent companies.

16       50.    Bumble Bee is without knowledge or information sufficient to form a

17   belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies

18   them.

19       51.    Bumble Bee is without knowledge or information sufficient to form a

20   belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies

21   them.

22       52.    Bumble Bee is without knowledge or information sufficient to form a

23   belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies

24   them.

25       53.    Bumble Bee is without knowledge or information sufficient to form a

26   belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies

27   them.

28       54.    To the extent the allegations in Paragraph 54 concern defendants other

-10-

than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 54 concern Bumble Bee, Bumble Bee denies them.

55.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.    To the extent the allegations in Paragraph 58 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 58 concern Bumble Bee, Bumble Bee denies them.

59.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

60.    To the extent the allegations in Paragraph 60 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 60 concern Bumble Bee, Bumble Bee denies them.

61.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies

1   them.

2        62.     Paragraph 62 is a definition of terminology to which no response is

3   required.

4        63.     Bumble Bee is without knowledge or information sufficient to form a

5   belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies

6   them.

7        64.     Bumble Bee is without knowledge or information sufficient to form a

8   belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies

9   them.

10       65.     Bumble Bee is without knowledge or information sufficient to form a

11  belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies

12  them.

13       66.     To the extent the allegations in Paragraph 66 concern defendants other

14  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

15  form a belief as to the truth of those allegations and, on that basis, denies them.  To

16  the extent the allegations in Paragraph 66 concern Bumble Bee, Bumble Bee

17  denies them.

18       67.     Bumble Bee is without knowledge or information sufficient to form a

19  belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies

20  them.

21       68.     Bumble Bee is without knowledge or information sufficient to form a

22  belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies

23  them.

24       69.     Bumble Bee is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies

26  them.

27       70.     Bumble Bee is without knowledge or information sufficient to form a

28  belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies

-12-

them.

71.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

75.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.

76.     To the extent the allegations in Paragraph 76 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 76 concern Bumble Bee, Bumble Bee denies them.

77.     To the extent the allegations in Paragraph 77 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, except admits that Lischewski was in communication with Ingu Park in or around July 2008 and that Lischewski also communicated with Cameron, K. Worsham and Melbourne around this time and refers to the cited communications for the contents thereof.

-13-

78.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80.     Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81.     Paragraph 81 is a definition of terminology to which no response is required.

82.     Bumble Bee avers that the allegations in Paragraph 82 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required and the allegations in Paragraph 82 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 82 concern Bumble Bee, Bumble Bee denies them.

83.     Bumble Bee avers that the allegations in Paragraph 83 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required and the allegations in Paragraph 83 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 83 concern Bumble Bee, Bumble Bee denies them.

84.     Bumble Bee avers that the allegations in Paragraph 84 state

conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required and the allegations in Paragraph 84 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 84 concern Bumble Bee, Bumble Bee denies them.

85.   Bumble Bee states that first two sentences in Paragraph 85 are conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in the first two sentences of Paragraph 85.  To the extent the allegations in the third sentence of Paragraph 85 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the third sentence of Paragraph 85 concern Bumble Bee, Bumble Bee denies them.

86.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis, denies them, except admits that Bumble Bee offers a wide variety of products to its customers.

87.   Bumble Bee avers that the allegations of Paragraph 87 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.

88.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis, denies them, and refers to the newspaper article cited for its contents.

89.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis, denies

1   them.

2       90.    Bumble Bee is without knowledge or information sufficient to form a

3   belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies

4   them.

5       91.    To the extent the allegations in Paragraph 91 concern defendants other

6   than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

7   form a belief as to the truth of those allegations and, on that basis, denies them.  To

8   the extent the allegations in Paragraph 91 concern Bumble Bee, Bumble Bee

9   denies them.

10      92.    Bumble Bee is without knowledge or information sufficient to form a

11  belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies

12  them.

13      93.    To the extent the allegations in Paragraph 93 concern defendants other

14  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

15  form a belief as to the truth of those allegations and, on that basis, denies them.  To

16  the extent the allegations in Paragraph 93 concern Bumble Bee, Bumble Bee

17  denies them, except admits that certain current and former Bumble Bee executives

18  also worked at COSI and/or StarKist prior to or after their employment at Bumble

19  Bee and that Bumble Bee and COSI entered into a co-pack agreement in 2012.

20      94.    To the extent the allegations in Paragraph 94 concern defendants other

21  than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

22  form a belief as to the truth of those allegations and, on that basis, denies them.  To

23  the extent the allegations in Paragraph 94 concern Bumble Bee, Bumble Bee

24  denies them, except admits that in 2012, Bumble Bee and COSI entered  into a co-

25  pack agreement whereby Bumble Bee's factory manufactured certain products for

26  COSI and COSI's factory manufactured certain products for Bumble Bee.

27      95.    Bumble Bee denies the allegations in Paragraph 95.

28      96.    Bumble Bee denies the allegations in the first sentence of Paragraph

-16-

96.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 96 and, on that basis, denies them.

97.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 97.  Bumble Bee admits the allegations in the last sentence of Paragraph 97.

98.    Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 98 and, on that basis, denies them, excepts admits that Kenneth Worsham entered a plea agreement, and refers the Court to the plea agreement for the contents thereof.   Bumble Bee denies the allegations in the third and fifth sentences of Paragraph 98, except admits that K. Worsham and Daniel Gerlach communicated about COSI price information on the date alleged and that the quoted material appears in those communications, and refers to the communications for the contents thereof.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 98 and, on that basis, denies them.

99.    To the extent the allegations in Paragraph 99 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 99 concern Bumble Bee, Bumble Bee denies them, except admits that the first sentence of Paragraph 99 purports to describe certain communications regarding a presentation by Lischewski at the InfoFish World Tuna Conference in 2004 and refers to those communications for their contents.

100.   To the extent the allegations in Paragraph 100 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information

-17-

1  sufficient to form a belief as to the truth of those allegations and, on that basis,

2  denies them.  To the extent the allegations in Paragraph 100 concern Bumble Bee,

3  Bumble Bee denies them.

4      101.   To the extent the allegations in Paragraph 101 concern defendants

5  other than Bumble Bee, Bumble Bee is without knowledge or information

6  sufficient to form a belief as to the truth of those allegations and, on that basis,

7  denies them.  To the extent the allegations in Paragraph 101 concern Bumble Bee,

8  Bumble Bee denies them.

9      102.   Bumble Bee is without knowledge or information sufficient to form a

10  belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies

11  them.

12      103.   Bumble Bee is without knowledge or information sufficient to form a

13  belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies

14  them.

15      104.   Bumble Bee is without knowledge or information sufficient to form a

16  belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies

17  them.

18      105.   To the extent the allegations in Paragraph 105 concern defendants

19  other than Bumble Bee, Bumble Bee is without knowledge or information

20  sufficient to form a belief as to the truth of those allegations and, on that basis,

21  denies them.  To the extent the allegations in Paragraph 105 concern Bumble Bee,

22  denies them, except admits that Bumble Bee issued guidance in June 2004

23  reflecting an increase in net prices, and that the list price for a case of light meat

24  tuna under this new guidance was the dollar amount referenced in Paragraph 105.

25      106.   To the extent the allegations in Paragraph 106 concern defendants

26  other than Bumble Bee, Bumble Bee is without knowledge or information

27  sufficient to form a belief as to the truth of those allegations and, on that basis,

28  denies them.  To the extent the allegations in Paragraph 106 concern Bumble Bee,

-18-

1    Bumble Bee denies them.

2         107.   To the extent the allegations in Paragraph 107 concern defendants

3    other than Bumble Bee, Bumble Bee is without knowledge or information

4    sufficient to form a belief as to the truth of those allegations and, on that basis,

5    denies them.  To the extent the allegations in Paragraph 107 concern Bumble Bee,

6    Bumble Bee denies them, except admits that Bumble Bee issued a price increase

7    on light meat tuna in August 2004 and this the list price increase for a case of light

8    meat tuna was the dollar amount referenced in Paragraph 107.

9         108.   To the extent the allegations in Paragraph 108 concern defendants

10   other than Bumble Bee, Bumble Bee is without knowledge or information

11   sufficient to form a belief as to the truth of those allegations and, on that basis,

12   denies them.  To the extent the allegations in Paragraph 108 concern Bumble Bee,

13   Bumble Bee denies them.

14        109.   To the extent the allegations in Paragraph 109 concern defendants

15   other than Bumble Bee, Bumble Bee is without knowledge or information

16   sufficient to form a belief as to the truth of those allegations and, on that basis,

17   denies them.  To the extent the allegations in Paragraph 109 concern Bumble Bee,

18   Bumble Bee denies them.

19        110.   To the extent the allegations in Paragraph 110 concern defendants

20   other than Bumble Bee, Bumble Bee is without knowledge or information

21   sufficient to form a belief as to the truth of those allegations and, on that basis,

22   denies them. To the extent that the allegations in Paragraph 110 concern Bumble

23   Bee, Bumble Bee denies them.

24        111.   Bumble Bee is without knowledge or information sufficient to form a

25   belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies

26   them.

27        112.   To the extent the allegations in Paragraph 112 concern defendants

28   other than Bumble Bee, Bumble Bee is without knowledge or information

1    sufficient to form a belief as to the truth of those allegations and, on that basis,

2    denies them.  To the extent the allegations in the first and second sentences of

3    Paragraph 112 concern Bumble Bee, Bumble Bee denies them, except admits that

4    Cameron possessed Del Monte presentation decks in February 2006, and refers to

5    the presentation decks for the contents thereof.  To the extent the allegations in

6    footnote 8 concern Bumble Bee, Bumble Bee is without knowledge or information

7    sufficient to form a belief as to the truth of those allegations and, on that basis,

8    denies them, except admits that Bumble Bee has not produced any e-mail

9    indicating the source of the alleged Del Monte file.

10        113.    To the extent the allegations in Paragraph 113 concern the prior

11    conduct and state of mind of an individual Bumble Bee employee, Bumble Bee is

12    without knowledge or information sufficient to form a belief as to the truth of those

13    allegations and, on that basis, denies them.  To the extent the allegations in

14    Paragraph 113 concern Bumble Bee, Bumble Bee denies them.

15        114.    To the extent the allegations in Paragraph 114 concern defendants

16    other than Bumble Bee, Bumble Bee is without knowledge or information

17    sufficient to form a belief as to the truth of those allegations and, on that basis,

18    denies them.  To the extent the allegations in Paragraph 114 concern Bumble Bee,

19    Bumble Bee denies them, except admits that Scott Cameron and Bruce Reynolds

20    knew each other.

21        115.    To the extent the allegations in Paragraph 115 concern defendants

22    other than Bumble Bee, Bumble Bee is without knowledge or information

23    sufficient to form a belief as to the truth of those allegations and, on that basis,

24    denies them.  To the extent the allegations in Paragraph 115 concern Bumble Bee,

25    Bumble Bee denies them.

26        116.    To the extent the allegations in Paragraph 116 concern defendants

27    other than Bumble Bee, Bumble Bee is without knowledge or information

28    sufficient to form a belief as to the truth of those allegations and, on that basis,

1   denies them.  To the extent the allegations in the first and second sentences of

2   Paragraph 116 concern Bumble Bee, Bumble admits that Lischewski and

3   Signorino communicated during February and March 2006.  To the extent the

4   allegations in the third sentence of Paragraph 116 concern Bumble Bee, Bumble

5   Bee denies them, except admits that Bumble Bee employees communicated with

6   COSI and Del Monte employees during February and March 2006.

7          117.   Bumble Bee is without knowledge or information sufficient to form a

8   belief as to the truth of the allegations in Paragraph 117 and, on that basis, denies

9   them.

10          118.   Bumble Bee denies the allegations in Paragraph 118, except admits

11   that in April 2006, Bumble Bee announced an increase to the national list prices for

12   its canned tuna products, and that the price increases were to go into effect in July

13   2006.

14          119.   Bumble Bee denies the allegations in the first and second sentences of

15   Paragraph 119.  To the extent the allegations in the third sentence of Paragraph 119

16   concern defendants other than Bumble Bee, Bumble Bee is without knowledge or

17   information sufficient to form a belief as to the truth of those allegations and, on

18   that basis, denies them.  To the extent the allegations in the third sentence of

19   Paragraph 119 concern Bumble Bee, Bumble Bee denies them.

20          120.   To the extent the allegations in Paragraph 120 concern defendants

21   other than Bumble Bee, Bumble Bee is without knowledge or information

22   sufficient to form a belief as to the truth of those allegations and, on that basis,

23   denies them.  To the extent the allegations in Paragraph 120 concern Bumble Bee,

24   Bumble Bee denies them.

25          121.   Bumble Bee is without knowledge or information sufficient to form a

26   belief as to the truth of the allegations in Paragraph 121 and, on that basis, denies

27   them.

28          122.   Bumble Bee is without knowledge or information sufficient to form a

belief as to the truth of the allegations in the first and third sentences of Paragraph 122 and, on that basis, denies them. To the extent the allegations in the second sentence of Paragraph 122 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in the second sentence of Paragraph 122 concern Bumble Bee, Bumble Bee denies them, except admits that K. Worsham sent an email to others at Bumble Bee On November 28, 2007 concerning downsizing at StarKist and refers to that email for the contents thereof.

123. Bumble Bee denies the allegations in Paragraph 123, except admits that Glazebrook and DeBeer corresponded by email on December 10, 2007 and admits that Lischewski sent an email regarding can downsizing to other Bumble Bee executives on December 10, 2007, and refers to the cited emails for the contents thereof.

124. Bumble Bee admits Lischewski sent an email to K. Worsham, Scott Cameron, and Don Gallagher on January 5, 2008 and refers to the email for the contents thereof.

125. To the extent the allegations in Paragraph 125 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 125 concern Bumble Bee, Bumble Bee denies them, except admits that Hines and Callaghan corresponded with COSI employees in January 2008 and refers to that correspondence for its contents.

126. To the extent the allegations in Paragraph 126 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 126 concern Bumble Bee,

-22-

1  Bumble Bee denies them, except admits that Bumble Bee had a commercial

2  relationship with Impress in 2007-2008.

3       127.   To the extent the allegations in Paragraph 127 concern defendants

4  other than Bumble Bee, Bumble Bee is without knowledge or information

5  sufficient to form a belief as to the truth of those allegations and, on that basis,

6  denies them.  To the extent the allegations in Paragraph 127 concern Bumble Bee,

7  Bumble Bee denies them.

8       128.   Bumble Bee is without knowledge or information sufficient to form a

9  belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies

10  them.

11       129.   Bumble Bee is without knowledge or information sufficient to form a

12  belief as to the truth of the allegations in Paragraph 129 and, on that basis, denies

13  them.

14       130.   To the extent the allegations in Paragraph 130 concern defendants

15  other than Bumble Bee, Bumble Bee is without knowledge or information

16  sufficient to form a belief as to the truth of those allegations and, on that basis,

17  denies them.  To the extent the allegations in Paragraph 130 concern Bumble Bee,

18  Bumble Bee denies them, except admits Hines sent an email to Kevin McClain and

19  Shue Wing Chan on March 7, 2008 and refers to the email for the contents thereof.

20       131.   Bumble Bee denies the allegations in the third sentence of Paragraph

21  131.  Bumble Bee is without knowledge or information sufficient to form a belief

22  as to the truth of the allegations in the first two sentences of Paragraph 131 and, on

23  that basis, denies them, except acknowledges that certain documents discuss the

24  possibility of a meeting of COSI and Bumble Bee executives on the date identified

25  and refers to those documents for the contents thereof.

26       132.   Bumble Bee is without knowledge or information sufficient to form a

27  belief as to the truth of the allegations in the first sentence of Paragraph 132 and,

28  on that basis, denies them.  Bumble Bee denies the allegations in the second

-23-

sentence of Paragraph 132, except admits that Bumble Bee discussed can downsizing internally on March 14, 2008 and refers to the correspondence reflecting those discussing for the contents thereof.

133.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them, except admits that Cameron received a Del Monte presentation by email on April 11, 2008 and that Cameron emailed a Del Monte presentation to other individuals at Bumble Bee on April 12, 2008, and refers to the cited materials for the contents thereof.

134.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies them.

135.   To the extent the allegations in Paragraph 135 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent the allegations in Paragraph 135 concern Bumble Bee, Bumble Bee denies them, except admits that Bumble Bee decreased package sizes of certain canned tuna products from six ounces to five ounces in September 2008, and avers that the price of canned tuna sold to its customers is the subject of negotiation with individual customers and that prices fluctuate significantly over time.

136.   To the extent the allegations in Paragraph 136 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 136 concern Bumble Bee, Bumble Bee denies them, except admits that Bumble Bee delivered customer presentations about the reasons for Bumble Bee's can downsizing in or around March 2008, and refers to the presentation for the contents thereof."

-24-

1    137.   Bumble Bee is without knowledge or information sufficient to form a

2    belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies

3    them.

4    138.   To the extent the allegations in Paragraph 138 concern defendants

5    other than Bumble Bee, Bumble Bee is without knowledge or information

6    sufficient to form a belief as to the truth of those allegations and, on that basis,

7    denies them.  To the extent the allegations in Paragraph 138 concern Bumble Bee,

8    Bumble Bee denies them.

9    139.   Bumble Bee is without knowledge or information sufficient to form a

10    belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies

11    them, except admits that Kenneth Worsham entered a plea agreement and refers to

12    the agreement for the contents thereof.

13    140.   To the extent the allegations in Paragraph 140 concern defendants

14    other than Bumble Bee, Bumble Bee is without knowledge or information

15    sufficient to form a belief as to the truth of those allegations and, on that basis,

16    denies them. To the extent the allegations in Paragraph 140 concern Bumble Bee,

17    Bumble Bee denies them.

18    141.   Bumble Bee denies the allegations in Paragraph 141, except admits

19    that Gallagher sent an email concerning a potential COSI price increase

20    announcement on June 30, 2008, and refers to the email for the contents thereof.

21    142.   To the extent the allegations in Paragraph 142 concern defendants

22    other than Bumble Bee, Bumble Bee is without knowledge or information

23    sufficient to form a belief as to the truth of those allegations and, on that basis,

24    denies them.  To the extent the allegations in Paragraph 142 concern Bumble Bee,

25    Bumble Bee denies them, except admits that on June 27, 2008, Bumble Bee issued

26    a list price increase on various canned tuna products, which was to go into effect

27    on September 29, 2008.

28    143.   Bumble Bee is without knowledge or information sufficient to form a

-25-

belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them, except admits Lischewski communicated with Ingu Park and other Bumble Bee employees in or around July 2008 and refers to those communications for the contents thereof.

144.   To the extent the allegations in Paragraph 144 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 144 concern Bumble Bee, Bumble Bee denies them and avers that in May 2010, Bumble Bee announced a trade deal reduction specific to five-ounce cans of chunk light tuna, effective August 1, 2010

145.   To the extent the allegations in Paragraph 145 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 145 concern Bumble Bee, Bumble Bee denies them.

146.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 146 and, on that basis, denies them.  To the extent the allegations in the third sentence of Paragraph 146 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the third sentence of Paragraph 146 concern Bumble Bee, Bumble Bee denies them.

147.   To the extent the allegations in Paragraph 147 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the second sentence of Paragraph 147

-26-

concern Bumble Bee, Bumble Bee denies them.  To the extent the allegations in the first sentence of Paragraph 147 concern Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, except admits that certain documents indicate that Melbourne was in Washington D.C. and stayed at the Washington Marriott in Georgetown on or around the dates indicated and refers to those documents for their contents.

148.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them, except admits Dave Melbourne was in New York in connection with NFI-related work on or around the dates alleged in Paragraph 148 and that documents suggest he stayed at the Hotel Roger Williams and refers to those documents for their contents.

149.   To the extent the allegations in Paragraph 149 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 149 concern Bumble Bee, Bumble Bee denies them.

150.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

151.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 151 and, on that basis, denies them.  To the extent the allegations in the second sentence of Paragraph 151 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the second sentence of Paragraph 151 concern Bumble Bee, Bumble Bee denies them.

152.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them, except admits that certain documents indicate that a meeting of NFI participants including Melbourne was scheduled for the date and location cited and refers to those documents for the contents thereof.

153.   To the extent the allegations in Paragraph 153 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 153 concern Bumble Bee, Bumble Bee denies them.

154.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 155 and, on that basis, denies them.  To the extent the allegations in the third sentence of Paragraph 155 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the third sentence of Paragraph 155 concern Bumble Bee, Bumble Bee denies them.

156.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them, except admits that Chris Lischewski and Dave Melbourne attended a meeting of the NFI's Tuna Council on May 19, 2010.

157.   To the extent the allegations in Paragraph 157 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

-28-

denies them.  To the extent the allegations in Paragraph 157 concern Bumble Bee, Bumble Bee denies them.

158.   To the extent the allegations in Paragraph 158 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 158 concern Bumble Bee, Bumble Bee denies them, except admits that on May 21, 2010 Bumble Bee issued a bulletin announcing a reduction in promotions on chunk light five-ounce products, and refers to that bulletin for the contents thereof.

159.   To the extent the allegations in the first sentence of Paragraph 159 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the first sentence of Paragraph 159 concern Bumble Bee, Bumble Bee denies them.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 159 and, on that basis, denies them  except admits that during the first quarter of 2011, K. Worsham and George engaged in certain communications about tuna pricing with employees of StarKist and COSI.

160.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, denies them.

162.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

-29-

163.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them, and refers to the cited email between White and George for the contents thereof.

165.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, on that basis, denies them, except admits that Bumble Bee announced a list price increase for various products in a customer letter dated March 10, 2011.

166.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, on that basis, denies them.

167.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and on that basis, denies them.

169.   To the extent the allegations in Paragraph 169 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 169 concern Bumble Bee, Bumble Bee denies them, except admits that on January 17, 2012, Bumble Bee announced a list price increase that was to go into effect on April 1, 2012, and that the listed price of a 48-pack of five-ounce cans of chunk light tuna in water increased from $40.80 to $43.68 pursuant to that increase.

-30-

170.   To the extent the allegations in Paragraph 170 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 170 concern Bumble Bee, Bumble Bee denies them, except admits that certain Bumble Bee employees, including without limitation George, occasionally used personal email to communicate about topics pertaining to the canned tuna industry, and that Cameron emailed a Bumble Bee customer letter to an external email address on January 18, 2012, and refers to those email communications for the contents thereof.

171.   To the extent the allegations in Paragraph 171 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 171 concern Bumble Bee, Bumble Bee denies them.

172.   Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 172 and, on that basis, denies them.  To the extent the allegations in the last two sentences of Paragraph 172 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in the last two sentences of Paragraph 172 concern Bumble Bee, Bumble Bee denies them.

173.   As to the allegations in the first and second sentences of Paragraph 173, Bumble Bee admits that in 2010 and 2011 Greenpeace engaged in campaigns focused on its gear-type position, with a focus on product labels that would identify whether products were sourced from FAD-free or pole and line fishing methods.  Bumble Bee denies the allegations in the third sentence of Paragraph

173, except admits that Lischewski coauthored an op-ed concerning Greenpeace with Shue Wing Chan and In-Soo Cho, and refers to the op-ed for the contents thereof.  As to the allegations in the fourth sentence, Bumble Bee admits the NFI's Tuna Council convened meetings and phone calls about Greenpeace's "Carting Away the Oceans" campaign.

174.   Bumble Bee denies the allegations in the first and second sentences of Paragraph 174, except admits that Plaintiffs purport to define the term "FAD" in the second sentence.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 174, and on that basis, denies them.

175.   To the extent the allegations in Paragraph 175 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 175 concern Bumble Bee, Bumble Bee denies them.

176.   Bumble Bee denies the allegations in the first sentence of Paragraph 176.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 176 and, on that basis, denies them, except admits that the second and fourth sentences of Paragraph 176 purports to describe certain written communications and refers to those communications for their content.

177.   Bumble Bee denies the allegations in the first sentence of Paragraph 177.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.

178.   Bumble Bee denies the allegations in Paragraph 178.

179.   Bumble Bee denies the allegations in Paragraph 179.

180.   To the extent the allegations in Paragraph 180 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information

-32-

1   sufficient to form a belief as to the truth of those allegations and, on that basis,

2   denies them.  To the extent the allegations in Paragraph 180 concern Bumble Bee,

3   Bumble Bee denies them.

4       181.   To the extent the allegations in Paragraph 181 concern defendants

5   other than Bumble Bee, Bumble Bee is without knowledge or information

6   sufficient to form a belief as to the truth of those allegations and, on that basis,

7   denies them.  To the extent the allegations in Paragraph 181 concern Bumble Bee,

8   Bumble Bee denies them, except admits Handford and Cameron communicated by

9   email in August 2011 and refers to the email for the contents thereof.

10      182.   Bumble Bee avers the allegations in Paragraph 182 are conclusions of

11  law to which no responsive pleading is required or appropriate other than to deny

12  them.  To the extent a response is required, Bumble Bee is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations in Paragraph

14  182 and, on that basis, denies them.

15      183.   Bumble Bee avers the allegations in the first sentence of Paragraph

16  183 are conclusions of law to which no responsive pleading is required or

17  appropriate other than to deny them.  To the extent a response is required, Bumble

18  Bee is without knowledge or information sufficient to form a belief as to the truth

19  of the allegations in the first sentence of Paragraph 183 and, on that basis, denies

20  them.  Bumble Bee denies the allegations in the second sentence of Paragraph 183,

21  except admits the DOJ reviewed internal company documents relating to the

22  proposed merger between COSI and Bumble Bee.

23      184.   Bumble Bee avers that the allegations in Paragraph 184 state

24  conclusions of law to which no responsive pleading is required or appropriate other

25  than to deny them.  To the extent a response is required and to the extent the

26  allegations in Paragraph 184 concern defendants other than Bumble Bee, Bumble

27  Bee is without knowledge or information sufficient to form a belief as to the truth

28  of those allegations and, on that basis, denies them.  To the extent a response is

-33-

1  required and to the extent the allegations in Paragraph 184 concern Bumble Bee,

2  Bumble Bee denies them, except admits that since 2015, the DOJ has published

3  reports relating to an investigation involving Bumble Bee and refers to those

4  reports for the contents thereof.

5      185.   Bumble Bee denies the allegations in the first and fourth sentences of

6  Paragraph 185.  To the extent the allegations in the second and third sentences of

7  Paragraph 185 concern defendants other than Bumble Bee, Bumble Bee is without

8  knowledge or information sufficient to form a belief as to the truth of those

9  allegations and, on that basis, denies them.  To the extent the allegations in the

10  second and third sentences of Paragraph 185 concern Bumble Bee, Bumble Bee

11  denies them, and refers to the cited communications for the contents thereof.

12      186.   To the extent the allegations in Paragraph 186 concern defendants

13  other than Bumble Bee, Bumble Bee is without knowledge or information

14  sufficient to form a belief as to the truth of those allegations and, on that basis,

15  denies them.  To the extent the allegations in Paragraph 186 concern Bumble Bee,

16  Bumble Bee denies them.

17      187.   To the extent the allegations in Paragraph 187 concern defendants

18  other than Bumble Bee, Bumble Bee is without knowledge or information

19  sufficient to form a belief as to the truth of those allegations and, on that basis,

20  denies them.  To the extent the allegations in Paragraph 187 concern Bumble Bee,

21  Bumble Bee denies them.

22      188.   To the extent the allegations in Paragraph 188 concern defendants

23  other than Bumble Bee, Bumble Bee is without knowledge or information

24  sufficient to form a belief as to the truth of those allegations and, on that basis,

25  denies them.  To the extent the allegations in Paragraph 188 concern Bumble Bee,

26  and to the extent that those allegations rely upon facts alleged elsewhere in the

27  TAC, Bumble Bee incorporates its responses to those allegations.  Otherwise,

28  Bumble Bee denies the allegations in Paragraph 188 to the extent they concern

-34-

1   Bumble Bee.

2        189.   To the extent the allegations in Paragraph 189 concern defendants

3   other than Bumble Bee, Bumble Bee is without knowledge or information

4   sufficient to form a belief as to the truth of those allegations and, on that basis,

5   denies them.  To the extent the allegations in Paragraph 189 concern Bumble Bee,

6   Bumble Bee denies them, except admits that Kenneth Worsham is the son of Bob

7   Worsham and that Kenneth Worsham entered a plea agreement, and respectfully

8   refers the Court to the plea agreement for the contents thereof.

9        190.   To the extent the allegations in Paragraph 190 concern defendants

10   other than Bumble Bee, Bumble Bee is without knowledge or information

11   sufficient to form a belief as to the truth of those allegations and, on that basis,

12   denies them.  To the extent the allegations in Paragraph 190 concern Bumble Bee,

13   Bumble Bee denies them.

14        191.   To the extent the allegations in Paragraph 191 concern defendants

15   other than Bumble Bee, Bumble Bee is without knowledge or information

16   sufficient to form a belief as to the truth of those allegations and, on that basis,

17   denies them.  To the extent the allegations in Paragraph 191 concern Bumble Bee,

18   Bumble Bee denies them, and refers to the cited documents for the contents

19   thereof.

20        192.   Bumble Bee is without knowledge or information sufficient to form a

21   belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies

22   them, except admits that the language quoted in Paragraph 192 appears in a May

23   21, 2010 announcement by Lischewski on behalf of Bumble Bee, and refers to the

24   communications cited in Paragraph 192 for the contents thereof.

25        193.   Bumble Bee denies the allegations in Paragraph 193, except admits

26   that certain Bumble Bee employees attended a dinner a Benjamin's Steak House in

27   May of 2010.

28        194.   To the extent the allegations in Paragraph 194 concern defendants

-35-

1    other than Bumble Bee, Bumble Bee is without knowledge or information

2    sufficient to form a belief as to the truth of those allegations and, on that basis,

3    denies them.  To the extent the allegations in Paragraph 194 concern Bumble Bee,

4    and to the extent that those allegations rely upon facts alleged elsewhere in the

5    TAC, Bumble Bee incorporates its responses to those allegations.  Otherwise,

6    Bumble Bee denies the allegations in Paragraph 194 to the extent they concern

7    Bumble Bee.

8        195.   To the extent the allegations in Paragraph 195 concern defendants

9    other than Bumble Bee, Bumble Bee is without knowledge or information

10   sufficient to form a belief as to the truth of those allegations and, on that basis,

11   denies them.  To the extent the allegations in Paragraph 195 concern Bumble Bee,

12   Bumble Bee denies them, except admits Lischewski sent an email to a Safeway

13   employee on September 28, 2012 regarding FAD-free products and refers to the

14   email for the contents thereof.

15       196.   To the extent the allegations in Paragraph 196 concern defendants

16   other than Bumble Bee, Bumble Bee is without knowledge or information

17   sufficient to form a belief as to the truth of those allegations and, on that basis,

18   denies them.  To the extent the allegations in Paragraph 196 concern Bumble Bee,

19   and to the extent that those allegations rely upon facts alleged elsewhere in the

20   TAC, Bumble Bee incorporates its responses to those allegations, and specifically

21   denies that those alleged facts indicate that Bumble Bee engaged in "various

22   conspiratorial acts."  Otherwise, Bumble Bee denies the allegations in Paragraph

23   196 to the extent they concern Bumble Bee, and refers to the documents referenced

24   for the contents thereof.

25       197.   To the extent the allegations in Paragraph 197 and its subparagraphs

26   concern defendants other than Bumble Bee, Bumble Bee is without knowledge or

27   information sufficient to form a belief as to the truth of those allegations and, on

28   that basis, denies them.  To the extent the allegations in Paragraph 197 and its

1    subparagraphs concern Bumble Bee, and to the extent that those allegations restate

2    or otherwise rely upon facts alleged elsewhere in the TAC, Bumble Bee

3    incorporates its responses to those allegations.  Otherwise, Bumble Bee denies the

4    allegations in Paragraph 197 and its subparagraphs to the extent they concern

5    Bumble Bee, and refers to the communications and materials referenced in those

6    subparagraphs for the contents thereof.

7         198.   To the extent the allegations in Paragraph 198 concern defendants

8    other than Bumble Bee, Bumble Bee is without knowledge or information

9    sufficient to form a belief as to the truth of those allegations and, on that basis,

10   denies them.  To the extent the allegations in Paragraph 198 concern Bumble Bee,

11   Bumble Bee denies them.

12        199.   To the extent the allegations in Paragraph 199 concern defendants

13   other than Bumble Bee, Bumble Bee is without knowledge or information

14   sufficient to form a belief as to the truth of those allegations and, on that basis,

15   denies them.  To the extent the allegations in Paragraph 199 concern Bumble Bee,

16   Bumble Bee denies them.

17        200.   To the extent the allegations in Paragraph 200 concern parties other

18   than Bumble Bee, Bumble Bee is without knowledge or information sufficient to

19   form a belief as to the truth of those allegations and, on that basis, denies them.  To

20   the extent the allegations in Paragraph 200 concern Bumble Bee, Bumble Bee

21   denies them.

22        201.   Bumble Bee avers the allegations in Paragraph 201 and subparagraphs

23   (a) and (b) state conclusions of law to which no responsive pleading is required or

24   appropriate other than to deny them.  To the extent a response is required, Bumble

25   Bee is without knowledge or information sufficient to form a belief as to the truth

26   of the allegations in Paragraph 201 and subparagraphs (a) and (b) and, on that

27   basis, denies them.

28        202.   Paragraph 202 is a definition of terminology to which no response is

1   required.

2       203.   Bumble Bee avers the allegations in Paragraph 203 state conclusions

3   of law to which no responsive pleading is required or appropriate other than to

4   deny them.  To the extent a response is required, Bumble Bee is without

5   knowledge or information sufficient to form a belief as to the truth of the

6   allegations in Paragraph 203 and, on that basis, denies them.

7       204.   Bumble Bee avers the allegations in Paragraph 204 state conclusions

8   of law to which no responsive pleading is required or appropriate other than to

9   deny them.  To the extent a response is required, Bumble Bee is without

10  knowledge or information sufficient to form a belief as to the truth of the

11  allegations in Paragraph 204 and, on that basis, denies them.

12      205.   Bumble Bee avers the allegations in Paragraph 205 and its

13  subparagraphs state conclusions of law to which no responsive pleading is

14  appropriate other than to deny them.  To the extent a response is required and to

15  the extent those allegations concern defendants other than Bumble Bee, Bumble

16  Bee is without knowledge or information sufficient to form a belief as to the truth

17  of the allegations of Paragraph 205 and its subparagraphs and, on that basis, denies

18  them.  To the extent a response is required and the allegations in Paragraph 205

19  and its subparagraphs concern Bumble Bee, Bumble Bee denies them.

20      206.   Bumble Bee avers that the allegations in Paragraph 206 state

21  conclusions of law to which no responsive pleading is required or appropriate other

22  than to deny them.  To the extent a response is required and to the extent the

23  allegations in Paragraph 206 concern defendants other than Bumble Bee, Bumble

24  Bee is without knowledge or information sufficient to form a belief as to the truth

25  of those allegations and, on that basis, denies them.  To the extent a response is

26  required and to the extent the allegations in Paragraph 206 concern Bumble Bee,

27  Bumble Bee denies them.

28      207.   Bumble Bee avers the allegations in Paragraph 207 state conclusions

of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, on that basis, denies them.

208.   Bumble Bee avers the allegations in Paragraph 208 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.

209.   Bumble Bee avers the allegations in Paragraph 209 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.

210.   Bumble Bee avers the allegations in Paragraph 210 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.

211.   Bumble Bee incorporates by reference its responses to Paragraphs 1–210 as if fully set forth herein.

212.   Bumble Bee avers the allegations in Paragraph 211 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 212.

213.   Bumble Bee avers the allegations in Paragraph 213 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 213.

214.   Bumble Bee avers the allegations in Paragraph 214 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 214.

215.   Bumble Bee incorporates by reference its responses to the preceding

paragraphs as if fully set forth herein.

216.   Bumble Bee avers the allegations in Paragraph 216 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 216.

217.   Bumble Bee avers the allegations in Paragraph 217 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 217.

218.   Bumble Bee avers the allegations in Paragraph 218 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 218.

219.   Bumble Bee avers the allegations in Paragraph 219 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 219.  Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 and, on that basis, denies them.

220.   Bumble Bee avers the allegations in Paragraph 220 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 220.

221.   Bumble Bee avers the allegations in Paragraph 221 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 221.

222.   Bumble Bee avers the allegations in Paragraph 222 state conclusions

1   of law to which no responsive pleading is required or appropriate other than to
2   deny them.  To the extent a response is required, Bumble Bee denies the
3   allegations in Paragraph 222.

4        223.    Bumble Bee avers the allegations in Paragraph 223 state conclusions
5   of law to which no responsive pleading is required or appropriate other than to
6   deny them.  To the extent a response is required, Bumble Bee denies the
7   allegations in Paragraph 223.

8        224.   Bumble Bee avers the allegations in Paragraph 224 state conclusions
9   of law to which no responsive pleading is required or appropriate other than to
10  deny them.  To the extent a response is required, Bumble Bee denies the
11  allegations in Paragraph 224.

12       225.   Bumble Bee avers the allegations in Paragraph 225 state conclusions
13  of law to which no responsive pleading is required or appropriate other than to
14  deny them.  To the extent a response is required, Bumble Bee denies the
15  allegations in Paragraph 225.

16       226.    Bumble Bee avers the allegations in Paragraph 226 state conclusions
17  of law to which no responsive pleading is required or appropriate other than to
18  deny them.  To the extent a response is required, Bumble Bee denies the
19  allegations in Paragraph 226.

20       227.   Bumble Bee avers the allegations in Paragraph 227 state conclusions
21  of law to which no responsive pleading is required or appropriate other than to
22  deny them.  To the extent a response is required, Bumble Bee denies the
23  allegations in Paragraph 227.

24       228.   No response is required to Paragraph 228.

25       229.   Bumble Bee avers the allegations in Paragraph 229 state conclusions
26  of law to which no responsive pleading is required or appropriate other than to
27  deny them.  To the extent a response is required, Bumble Bee denies the
28  allegations in Paragraph 229.

-41-

230.   Bumble Bee avers the allegations in Paragraph 230 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 230.

231.   Bumble Bee avers the allegations in Paragraph 231 are conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 231.

232.   Bumble Bee avers the allegations in the second sentence of Paragraph 232 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  Otherwise, Bumble Bee denies the allegations in Paragraph 232 to the extent that they concern Bumble Bee.  To the extent the allegations in Paragraph 232 concern defendants other than Bumble Bee, Bumble Bee is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

233.   Bumble Bee avers the allegations in Paragraph 233 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee admits Plaintiffs purport to seek the relief outlined in Paragraph 233, but denies that Plaintiffs are entitled to any relief.

234.   Bumble Bee incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

235.   Bumble Bee avers the allegations in Paragraph 235 state conclusions of law to which no responsive pleading is required or appropriate other than to deny them.  To the extent a response is required, Bumble Bee denies the allegations in Paragraph 235.

236.   Bumble Bee avers the allegations in Paragraph 236 state conclusions of law to which no responsive pleading is required or appropriate other than to

1   deny them.  To the extent a response is required, Bumble Bee denies the

2   allegations in Paragraph 236.

3       237.   Bumble Bee avers the allegations in Paragraph 237 state conclusions

4   of law to which no responsive pleading is required or appropriate other than to

5   deny them.  To the extent a response is required, Bumble Bee denies the

6   allegations in Paragraph 237.

7       238.   Bumble Bee avers the allegations in Paragraph 238 state conclusions

8   of law to which no responsive pleading is required or appropriate other than to

9   deny them.  To the extent a response is required, Bumble Bee denies the

10  allegations in Paragraph 238.

11      239.   Bumble Bee avers the allegations in Paragraph 239 state conclusions

12  of law to which no responsive pleading is required or appropriate other than to

13  deny them.  To the extent a response is required, Bumble Bee denies the

14  allegations in Paragraph 239.

15      240.   No response is required to Paragraph 240.

16      241.   Bumble Bee avers the allegations in Paragraph 241 state conclusions

17  of law to which no responsive pleading is required or appropriate other than to

18  deny them.  To the extent a response is required, Bumble Bee denies the

19  allegations in Paragraph 241.

20      242.   Bumble Bee avers the allegations in Paragraph 242 state conclusions

21  of law to which no responsive pleading is required or appropriate other than to

22  deny them.  To the extent a response is required, Bumble Bee denies the

23  allegations in Paragraph 242.

24      243.   Bumble Bee incorporates by reference its responses to the allegations

25  in the preceding paragraphs as if fully set forth herein.

26      244.   Bumble Bee avers the allegations in Paragraph 244 state conclusions

27  of law to which no responsive pleading is required or appropriate other than to

28  deny them.  To the extent a response is required, Bumble Bee is without

1  knowledge or information sufficient to form a belief as to the truth of the

2  allegations in Paragraph 244 and, on that basis, denies them.

3      245.  Bumble Bee avers the allegations in Paragraph 245 state conclusions

4  of law to which no responsive pleading is required or appropriate other than to

5  deny them.  To the extent a response is required, Bumble Bee denies the

6  allegations in Paragraph 245.

7      246.  Bumble Bee avers the allegations in Paragraph 246 state conclusions

8  of law to which no responsive pleading is required or appropriate other than to

9  deny them.  To the extent a response is required, Bumble Bee denies the

10  allegations in Paragraph 246.

11      247.  Bumble Bee avers the allegations in Paragraph 247 state conclusions

12  of law to which no responsive pleading is required or appropriate other than to

13  deny them.  To the extent a response is required, Bumble Bee denies the

14  allegations in Paragraph 247.

15      248.  Bumble Bee avers the allegations in Paragraph 248 state conclusions

16  of law to which no responsive pleading is required or appropriate other than to

17  deny them.  To the extent a response is required, Bumble Bee denies the

18  allegations in Paragraph 248.

19  **AFFIRMATIVE DEFENSES**

20      Bumble Bee asserts the following affirmative and additional defenses

21  without in any way conceding that Plaintiffs do not have to prove each and every

22  element of its claims, and without assuming any burden Bumble Bee would not

23  otherwise bear.  Bumble Bee incorporates herein any and all applicable defenses

24  and/or affirmative defenses interposed or that may be interposed by any other

25  defendant, and reserves the right to assert additional defenses and/or affirmative

26  defenses as may be appropriate.  All defenses are pleaded in the alternative, and do

27  not constitute an admission of liability or that Plaintiffs are entitled to any relief.

28  **FIRST DEFENSE**

-44-

Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure or under other applicable law.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exercise due diligence to uncover any alleged conspiracy.

## FIFTH DEFENSE

Plaintiffs lack standing (whether constitutional or required by statute) to bring or maintain the claims set forth in the TAC.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the restitution sought in the TAC is unmanageable and inequitable.

## EIGHTH DEFENSE

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. Bumble Bee avers that Plaintiffs' claims and allegations do not describe the events or legal theories with sufficient particularity to permit Bumble Bee to ascertain which other defenses may exist.

## NINTH DEFENSE

BUMBLE BEE FOODS, LLC'S ANSWER TO
COMMERCIAL FOOD PREPARER PLAINTIFFS'                    CASE NO. 3:15-MD-02670-JLS-MDD
THIRD AMENDED COMPLAINT

1  Plaintiffs' claims are barred, in whole or in part, to the extent the remedies

2  sought are unconstitutional, contrary to public policy or are otherwise unauthorized.

3  **TENTH DEFENSE**

4  Plaintiffs' claims are barred, in whole or in part, to the extent they are based

5  on alleged acts, conduct or statements that are specifically permitted by law.

6  **ELEVENTH DEFENSE**

7  Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff would

8  be unjustly enriched if it was allowed to recover any part of the alleged damages.

9  **TWELFTH DEFENSE**

10  Plaintiffs' claims are barred, in whole or in part, because the alleged

11  damages, if any, are speculative, derivative, indirect and remote and because of the

12  impossibility of ascertaining and allocating those alleged damages.

13  **THIRTEENTH DEFENSE**

14  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damage

15  claims create an impermissible risk of duplicative recoveries, barred by the Fifth

16  and Eighth Amendments to the United States Constitution, and impermissibly

17  complex damage apportionment.

18  **FOURTEENTH DEFENSE**

19  Plaintiffs' claims are barred, in whole or in part, to the extent that any

20  injuries or damages the Plaintiffs may have suffered were caused solely or

21  proximately by the acts and omissions of others.

22  **FIFTEENTH DEFENSE**

23  Plaintiffs' claims are barred, in whole or in part, to the extent its alleged

24  damages were caused by market conditions or other events outside of Bumble

25  Bee's control or for which Bumble Bee is not responsible, or otherwise were not

26  the result of any act or omission attributable to the Defendants.

27  **SIXTEENTH DEFENSE**

28

-46-

1   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed
2   to take all necessary, reasonable and appropriate actions to mitigate the alleged
3   damages, if any.

4   **SEVENTEENTH DEFENSE**

5   Plaintiffs' prayer for relief is barred, in whole or in part, to the extent an
6   award of attorneys' fees or other costs, based upon the conduct alleged in the TAC,
7   is not allowed under applicable federal or state law.

8   **EIGHTEENTH DEFENSE**

9   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs
10  acquiesced in and/or confirmed any or all of the conduct and/or omissions alleged
11  as to Bumble Bee.

12  **NINETEENTH DEFENSE**

13  Plaintiffs' claims are barred, in whole or in part, to the extent the actions or
14  practices of Bumble Bee that are the subject of the TAC were undertaken
15  unilaterally for legitimate business reasons and in pursuit of Bumble Bee's
16  independent interests and those of its customers, and were not the product of any
17  contract, combination or conspiracy between Bumble Bee and any other person or
18  entity.

19  **TWENTIETH DEFENSE**

20  Plaintiffs' claims are barred, in whole or in part, to the extent any acts or
21  practices of Bumble Bee that are the subject of the TAC were cost justified or
22  otherwise economically justified and resulted from a good-faith effort to meet
23  competition or market conditions.

24  **TWENTY-FIRST DEFENSE**

25  Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' voluntary
26  payment for the products referenced in the TAC.

27  **TWENTY-SECOND DEFENSE**

28

-47-

1    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs

2  have waived their rights to the remedies they seek.

3                              **TWENTY-THIRD DEFENSE**

4    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs

5  passed through the alleged unlawful overcharges to other parties or non-parties to

6  this litigation.

7                              **TWENTY-FOURTH DEFENSE**

8    Plaintiffs' claims and claims of any putative class members are barred, in

9  whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

10                             **TWENTY-FIFTH DEFENSE**

11    To the extent that any actionable conduct occurred, Plaintiffs' claims and

12  claims of any putative class members are barred because all such conduct would

13  have been committed by individuals acting ultra vires.

14                             **TWENTY-SIXTH DEFENSE**

15    Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs'

16  ratification of, or acquiescence, agreement, or consent to Bumble Bee's conduct.

17                             **TWENTY-SEVENTH DEFENSE**

18    Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord

19  and satisfaction, release and settlement.

20                             **TWENTY-EIGHTH DEFENSE**

21    Plaintiffs' claims should be dismissed to the extent that they are barred, in

22  whole or in part, because any claimed injury or damage has been offset by benefits

23  plaintiffs received with respect to the challenged conduct.

24                             **TWENTY-NINTH DEFENSE**

25    Plaintiffs' claims are improperly joined within the meaning of the Federal

26  Rule of Civil Procedure 20 because they did not arise out of the same transaction,

27  occurrence, or series of transactions or occurrences, and/or do not involve questions

28  of law or fact common to all defendants.   -48-

1

## THIRTIETH DEFENSE

To the extent the TAC is seeking relief with respect to purchases of tuna outside of the United States, such relief is barred by 15 U.S.C. § 6a. Such purchases do not constitute import trade or commerce; nor do such purchases have a direct, substantial, and reasonably foreseeable effect on trade or commerce which is not trade of commerce with foreign nations or on import trade or commerce or give rise to a claim under the Sherman Act.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the TAC, the fact and extent of which are expressly denied by Bumble Bee, were directly and proximately caused by or contributed to by the statements, acts or omissions of Plaintiffs or third persons or entities unaffiliated with Bumble Bee.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which Bumble Bee expressly denies, was absorbed, in whole or in part, by others, and was not passed through to Plaintiffs or was passed on by Plaintiffs to other parties.

## THIRTY-THIRD DEFENSE

Plaintiffs cannot satisfy the requirements for certification under Fed. R. Civ. P. 23 of the putative class they purport to represent.

## RESPONSE TO PRAYER FOR RELIEF

Bumble Bee avers the allegations Plaintiffs' Prayer for Relief are conclusions of law to which no responsive pleading is required or appropriate other than to deny them. To the extent a response is required, Bumble Bee admits Plaintiffs purport to seek the relief outlined in Paragraphs A – I, but denies that Plaintiffs are entitled to any relief.

## RESPONSE TO JURY DEMAND

1        Bumble Bee admits that Plaintiffs purport to demand a trial by jury.

2

3

4

5

6 Dated:  May 25, 2018

7                           By:     /s/ Kenneth A. Gallo

8                             PAUL, WEISS, RIFKIND, WHARTON &
                                  GARRISON LLP

9                             Kenneth A. Gallo (NY 4484457)
                            Michelle K. Parikh (NY 4293460)

10                           Joseph J. Bial (NY 4151528)
                           Heather C. Milligan (NY 5460829)

11                           2001 K Street, NW
                          Washington, DC  20006-1047

12                           Telephone: 202-223-7356
                          Facsimile:  202-204-7356

13                           Email:  kgallo@paulweiss.com
                          Email: mparikh@paulweiss.com

14                           Email: jbial@paulweiss.com

15                           Email: hmilligan@paulweiss.com

16                           PAUL, WEISS, RIFKIND, WHARTON &
                                  GARRISON LLP

17                           William B. Michael (NY 4296356)

18                           1285 Avenue of the Americas
                          New York, NY 10019-6064

19                           Telephone: 212-373-3648
                          Facsimile:  212-492-0648

20                           Email:  wmichael@paulweiss.com

21                           *Counsel for Defendant Bumble Bee Foods,*

22                           *LLC*

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2018, I electronically filed the foregoing ANSWER OF DEFENDANT BUMBLE BEE FOODS, LLC TO COMMERCIAL FOOD PREPARER PLAINTIFFS' THIRD AMENDED COMPLAINT with the Clerk of Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

/s/  Kenneth A. Gallo

May 25, 2018                    *Counsel for Defendant Bumble Bee Foods, LLC*

-51-