UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-md-2670-JLS-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR APPROVAL OF STIPULATION**<br><br>**[ECF NO. 1214]** |

## BACKGROUND

This Joint Motion relates to a dispute between Plaintiffs US Foods, Inc., and Sysco Corp, and Defendant Bumble Bee Foods, LLC, *et al.* in this multi-district litigation. The underlying dispute is the subject of a Motion to Compel filed by Defendant on May 30, 2018. (ECF No. 1145). This Joint Motion, filed on June 6, 2018, presents the parties agreement regarding certain of the issues presented in the Motion to Compel. The parties seek the Court's approval. For the reasons expressed below, the Court can approve some, but not all, of the parties' agreement.

//

# DISCUSSION

A. The Agreement

The Court will note whether it accepts or rejects the parties' agreement following each subsection.

1. As to Requests Nos. 2-14, 16-21, 23-29, 31-34, 36-37, 42-43, 50-51, 56 (Set Two); and 1, 3, 4, 17 (Set Three), the Parties agree to the following:

a. US Foods and Sysco agree to use the individuals set forth in their initial disclosures as custodians; **The Court approves.**

b. Within fourteen (14) days of the Court's Order on this Stipulation, Plaintiffs will provide Defendants with a list of names, titles, and job descriptions of all individuals identified through reasonable investigation who had responsibility for US Foods' and Sysco's purchasing of packaged tuna during the alleged conspiracy period; **The Court agrees.**

c. The Parties will negotiate in good faith as to whether any of those individuals should be included as additional custodians; **The Court approves but will allow only 14 days, following disclosure of the list, for the parties to agree on the final list of custodians.**

d. If the Parties cannot agree to a final list of custodians, Defendants will have fourteen (14) days from the date that the Parties come to an impasse on custodians to seek relief from the Court; **The Court approves.**

e. Within fourteen (14) days of finalizing a list of custodians (either by agreement or Court Order), US Foods and Sysco will run the search terms included in Corrected Appendix A and provide Defendants with hit counts; **The Court approves.**

f. For any search terms that result in a high hit count, the Parties will negotiate in good faith as to whether certain limiters are appropriate; **The Court approves.**

g. If the Parties are unable to come to an agreement regarding limiters, Defendants will have fourteen (14) days from the date that the Parties come to an impasse on limiters to seek relief from the Court; **The Court disapproves. The Court adopts the point of view expressed in Principle No. 6 of the Sedona Principles which states:**

> **Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.**

***The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 6, 118 (2018). It is the obligation of the producing party to determine how best to meet its obligations. The requesting party has no right to demand that any particular technology or search terms be employed. While the best practice is for the parties to collaborate and cooperate, the producing party ultimately is responsible for producing relevant, responsive information. If the producing party fails in that obligation, which cannot be known in advance, there can be serious repercussions.**

h. Within twenty-eight (28) days of either an agreement on search terms or a Court Order with respect to search terms, US Foods and Sysco will produce all responsive, non-privileged documents located and will provide a privilege log for any documents withheld. **The Court disapproves to the extent that any agreement is required. There also will not be a further Order regarding the propriety of search terms unless the requesting parties assert the production to be materially deficient. The producing party must respond, consistent with the requirements of Fed. R. Civ. P. 34(b)(2), within 30 days following the expiration of**

**the 14 day period provided at subsection (g) above regardless of whether any agreement is reached.**

    2. As to Request Nos. 2 (Set One) and 59 (Set Two), the Parties agree to the following:

    a. US Foods and Sysco will make a reasonable search for responsive materials; **The Court approves.**

    b. Before undertaking that search and within fourteen (14) days of the Court's Order on this stipulation, US Foods and Sysco will explain, in writing, how they plan to perform their search, and the Parties will negotiate in good faith regarding whether those efforts are sufficient; **The Court approves.**

    c. If the Parties cannot agree to what constitutes a reasonable search, Defendants will have fourteen (14) days from the date that the Parties reach an impasse to seek relief from the Court; **The Court disapproves as provided at section 1(g) above.**

    d. Within twenty-one (21) days of finalizing US Foods' and Sysco's approach to performing a reasonable search (either by agreement or Court Order), US Foods and Sysco will produce all responsive, non-privileged documents located and will provide a privilege log for any documents withheld; **The Court disapproves to the extent that any agreement is required. There also will not be a further Order regarding the reasonableness of producing party's search plan unless the requesting parties assert the production to be materially deficient. The producing party must respond, consistent with the requirements of Fed. R. Civ. P. 34(b)(2), within 30 days following the expiration of the 14 day period provided at subsection (b) above, regardless of whether any agreement is reached.**

4

15-md-2670-JLS-MDD

e. If there are no responsive documents found after a reasonable search, US Foods and Sysco will state that in writing.  **The Court approves.**

3. As to Request 10 and 16 (Set Three), the Parties agree to continue the meet and confer process. If the Parties cannot reach agreement with respect to these Requests, Defendants will have fourteen (14) days from the date that the Parties reach an impasse to seek relief from the Court.  **The Court disapproves.  The Court will extend the deadline to present a Joint Motion for Determination of Discovery Dispute, regarding these items, to June 29, 2018.**

4. In exchange for the commitments by US Foods and Sysco described above, Defendants agree to, and hereby do, withdraw their pending *Ex Parte* Motion to Compel (ECF No. 1145) without prejudice.  **The Court will reflect the motion as denied without prejudice.**

If the parties consider it necessary, they may jointly submit a proposed Order reflecting the Court's ruling.

**SO ORDERED.**

Dated: June 8, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge