UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF STIPULATION REGARDING SERVICE OF PROCESS AND RESPONSE TO COMPLAINTS**<br><br>(ECF No. 1223) |

Presently before the Court is a Joint Motion by Indirect Purchaser End Payer Plaintiffs ("EPPs"), Commercial Food Preparer Plaintiffs ("CFPs"), Direct Purchaser Plaintiffs ("DPPs"), and Direct Action Plaintiffs ("DAPs") (all together, "Plaintiffs") and Defendants Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch Cayman LP ("Big Catch"), (collectively "Lion Capital Defendants"). The Parties have stipulated:

1. Plaintiffs will serve their Summons and Complaints on Lion Capital Defendants Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch via electronic mail to the email address or addresses provided by Lion Capital Defendants' counsel, if they have not already done so.

2. Each Lion Capital Defendant agrees to accept service of Plaintiffs' Complaints (and summons, as appropriate) via electronic mail to the email address or

addresses provided by Lion Capital Defendants' counsel. Each Lion Capital Defendant further agrees that it will not assert as a defense in this action any objection to the fact or sufficiency of service.

3. By entering this stipulation, Lion Capital LLP and Big Catch do not enter a general appearance or consent to the jurisdiction of the Courts of the United States (including the United States District Court for the Southern District of California).

4. This stipulation is not a waiver by Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch of any rights or defenses unrelated to service of process, including, without limitation, any jurisdictional defenses under Federal Rule of Civil Procedure 12(b)(2).

5. By entering this Stipulation, Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch do not concede that prior orders in the MDL bear upon their obligations.

6. Lion Capital Defendants shall have until June 22, 2018 to answer, move, or otherwise respond to Plaintiffs' Complaints.  Plaintiffs further agree that they will work in good faith with Lion Capital LLP, Lion Capital (Americas), Inc. and Big Catch to negotiate further extensions as needed to coordinate these Lion Capital Defendants' responses to any other complaints brought against them in the MDL.

7. The parties hereby agree and stipulate that any motion to dismiss by Lion Capital Defendants directed to these Complaints shall be deemed to incorporate in all respects the Rule 12(b)(2) and 12(b)(6) arguments and defenses asserted by Lion Capital Defendants in *The Cherokee Nation v. Bumble Bee Foods LLC et al.*, Case No. 17-cv-2332 (ECF No. 997), and *Bashas' Inc. et al.* v. *Tri-Union Seafoods, LLC et al.*, Case No. 17-cv-2487 (ECF No. 999).  The parties agree and stipulate that a motion to dismiss filed by Lion Capital Defendants pursuant to this Joint Motion asserting only arguments under Federal Rule of Civil Procedure 12(b)(6) shall not constitute a waiver of any of the Lion Capital Defendants' jurisdictional defenses.

8. The parties further agree and stipulate that the Court's ruling on the Rule 12(b)(2) and 12(b)(6) arguments and defenses asserted in the Lion Capital Defendants'

motions to dismiss *The Cherokee Nation* and *Bashas'* complaints will bear substantially on the disposition of the Rule 12(b)(2) and 12(b)(6) arguments and defenses as incorporated by this Stipulation into any motion to dismiss by Lion Capital Defendants directed to the Complaints.

9. To economize both judicial and party resources, the parties hereby agree and stipulate that Lion Capital Defendants may respond to the Complaints encompassed by this Joint Motion by filing an omnibus brief, not to exceed 30 pages, asserting arguments specific to such Complaints and not previously raised by Lion Capital Defendants in *The Cherokee Nation* and *Bashas'* matters. Plaintiffs' opposition brief(s) to the arguments made in any of these motions shall not exceed 30 pages. The Lion Capital Defendants' reply brief(s) shall not exceed 25 pages.

10. The Parties hereby agree and stipulate that, for purposes of any motion to dismiss, the Third Amended Complaint filed on April 17, 2018 in *The Kroger Co., et al. v. Bumble Bee Foods LLC, et al.*, Case No. 16-cv-00051 (the "Kroger Complaint"), is in all material respects representative of the operative DAP complaints. (*See* ECF No. 492, at 2 n.2 (generally treating "DAP Kroger's Second Amended Complaint as a valid exemplar of all DAPs' Complaints").) Accordingly, the Lion Capital Defendants may respond to the DAPs' complaints, and each of them, by filing a motion to dismiss the Kroger Complaint. Other DAPs shall not assert in opposition to any motion to dismiss purported differences between their complaints and the Kroger Complaint.

11. The parties hereby agree and stipulate that, in the event any motion to dismiss the Kroger Complaint is denied in whole or in part, the Lion Capital Defendants may respond to the DAPs' complaints, and each of them, by filing an answer to the Kroger Complaint. Such an answer by a Lion Capital Defendant to the Kroger Complaint shall be deemed sufficient to serve as the Lion Capital Defendant's answer to each DAP complaint.

12. Additionally, if the Lion Capital Defendants respond by motion(s) to dismiss, for purposes of efficiency, the parties will request the hearing date of July 30, 2018 (the same day the Lion Capital Defendants' Motions to Dismiss are to be heard in the *Bashas'*

and *The Cherokee Nation* matters); *provided, however*, that the parties understand the Court retains sole discretion over its calendar and that all other provisions of this Joint Motion shall remain in effect should the Court set a hearing date other than July 30, 2018.

13. Upon receipt of any motion(s) to dismiss, Plaintiffs will promptly confer to determine whether they can submit consolidated briefing on any issue(s) raised by the motion(s) including but not limited to the *Bashas'* and *The Cherokee Nation* Complaints and will endeavor to do so if reasonably feasible pursuant to their Fed. R. Civ. P. 1 obligations and for the efficiency of the parties and the Court.  Plaintiffs shall file their opposition brief(s) on or before July 13, 2018.  Lion Capital Defendants shall file their reply brief(s) on or before July 23, 2018.

Good cause appearing, the Court **GRANTS** the Joint Motion.

**IT IS SO ORDERED.**

Dated:  June 12, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge