UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF STIPULATION REGARDING SERVICE OF PROCESS**<br><br>(ECF No. 1251) |

    Presently before the Court is a Joint Motion by Direct Action Plaintiff Associated Wholesale Grocers, Inc. ("AWG"), and Defendants Lion Capital LLP, Lion Capital (Americas) Inc., and Big Catch Cayman L.P., (each, a "Lion Capital Defendant" and collectively, the "Lion Capital Defendants"). The Parties have stipulated:

    1.    AWG will serve its Summons and Complaint on the Lion Capital Defendants via electronic mail to the email address or addresses provided by the Lion Capital Defendants' counsel.

    2.    Each Lion Capital Defendant agrees to accept service of AWG's Summons and Complaint via electronic mail to the email address or addresses provided by the Lion Capital Defendants' counsel.  Each Lion Capital Defendant further agrees that it will not assert as a defense in this action any objection to the fact or sufficiency of service.

    3.    By entering this stipulation, Lion Capital LLP and Big Catch Cayman LP do not enter a general appearance or consent to the jurisdiction of the Courts of the United

States (including the United States District Court for the District of Kansas and the United States District Court for the Southern District of California).

4. This stipulation is not a waiver by Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch Cayman LP of any defenses unrelated to service of process, including, without limitation, any jurisdictional defenses under Federal Rule of Civil Procedure 12(b)(2).

5. For the avoidance of doubt, the Lion Capital Defendants do not by this Stipulation consent to service by any other person or entity other than AWG. The Lion Capital Defendants do not hereby agree to any briefing schedule, discovery schedule, or substantive discovery obligations as to the main MDL proceeding, Case No. 15-md-2670, or any other related, consolidated, or tag-along actions, nor do the Lion Capital Defendants hereby consent to the service of process of other papers in these actions. This Stipulation shall lack any legal or evidentiary effect as to any person or entity other than AWG.

6. The Lion Capital Defendants' time to respond to the AWG Complaint is set forth below:

(a) Within 45 days following the date the Court grants this Joint Motion for Stipulation, AWG shall either file an amended complaint ("Amended AWG Complaint") or provide notice to the Lion Capital Defendants that it will not be filing an amended complaint.

(b) If AWG files an amended complaint, then the Lion Capital Defendants shall respond to AWG's amended complaint on the time frame set by the Court for responding to the other operative complaints filed in this MDL, but not sooner that 45 days after AWG's amended complaint is filed; otherwise, the Lion Capital Defendants shall respond to the AWG Complaint within 45 days of receiving notice from AWG's counsel that they will not be filing an amended Complaint.

7. The parties agree and stipulate that if the Lion Capital Defendants respond by motion to dismiss, the parties shall work in good faith to achieve a reasonable briefing schedule consistent with AWG having three or more weeks after service of the motion to

dismiss to file an Opposition thereto, and the Lion Capital Defendants having two or more weeks after service of the Opposition to file a Reply brief in support of the motion to dismiss.

8. AWG further agrees that it will work in good faith with the Lion Capital Defendants to negotiate extensions as needed to coordinate these Lion Capital Defendants' responses to any other complaints brought against them in the MDL.

9. The parties hereby agree and stipulate that any motion to dismiss by the Lion Capital Defendants directed to the AWG Complaint or Amended AWG Complaint shall be deemed to incorporate in all respects the Rule 12(b)(2) and 12(b)(6) arguments and defenses asserted by the Lion Capital Defendants in *The Cherokee Nation v. Bumble Bee Foods LLC et al.*, Case No. 17-cv-2332, (ECF No. 997), and *Bashas' Inc. et al. v. TriUnion Seafoods, LLC et al.*, Case No. 17-cv-2487, (ECF No. 999), as well as any such arguments the Lion Capital Defendants assert in motions to dismiss directed at the Third Amended Complaint filed in *The Kroger Co., et al. v. Bumble Bee Foods LLC, et al.*, Case No. 16-cv-00051, pursuant to the Joint Motion for Stipulation by All Plaintiffs and Lion Capital (Americas), Inc. and Specially Appearing Defendants Lion Capital LLP, and Big Catch Cayman LP for Approval of Stipulation Regarding Service of Process and Response to Complaints filed on June 11, 2018, (ECF No. 1223). The parties agree and stipulate that a motion to dismiss filed by Lion Capital Defendants pursuant to this Joint Motion asserting only arguments under Federal Rule of Civil Procedure 12(b)(6) shall not constitute a waiver of any of the Lion Capital Defendants' jurisdictional defenses.

Good cause appearing, the Court **GRANTS** the Joint Motion.

**IT IS SO ORDERED.**

Dated:  June 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge