UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-md-2670-JLS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANTS' REQUEST FOR PRODUCTION NO. 16 (SET THREE)**<br><br>**[ECF NO. 1260]** |

In this multi-district litigation, Plaintiffs allege a price-fixing conspiracy conducted by the major manufacturers of packaged seafood products and their parent companies. Before the Court is a Joint Motion for Determination of Discovery Dispute filed on June 29, 2018. (ECF No. 1260). The Joint Motion presents Defendants' Motion to Compel Further Responses from Plaintiffs Sysco Corp. and US Foods, Inc. to a portion of a single Request for Production. (*Id.*). The dispute regards Defendants' request that Plaintiffs produce communications with Plaintiffs' competitors regarding

1

packaged tuna. (*Id.* at 2-3).[1]

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the

---

[1] The Court will use page numbers supplied by CM/ECF rather than original pagination throughout.

possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## **DISCUSSION**

Plaintiffs assert that this discovery is out of bounds because evidence of illegal conduct by Plaintiffs cannot legalize unlawful conduct by Defendants, citing to *Kiefer-Stewart v. Joseph E. Seagram & Sons*, 340 U.S. 211, 214 (1951), *overruled in part on other grounds in Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984). Defendants, however, assert that the evidence is relevant to support their defense that certain communications complained of by Plaintiffs are innocuous and of a sort routinely exchanged by competitors. (ECF No. 1260 at 4). The theory being that if Plaintiffs also exchange such routine, innocuous communications among themselves, Defendants theory is supported. (*Id.* at 4-5).

Defendants rely primarily on *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 301 F.R.D. 449 (N.D. Cal. 2014), in which the district court agreed that *Keifer-Stewart* stands for the proposition that illegal conduct by a plaintiff does not immunize defendant from their own liability. That proposition, however, does not support the contention that an antitrust plaintiff's activities are always irrelevant and outside the scope of discovery. *Id.* at 453. In *CRT,* the court authorized the requested discovery finding that it was not designed simply to enable defendant to shift attention away from an otherwise illegal and actionable scheme. *Id.* at 454. Later, in *CRT II,* the Court allowed for the admission of evidence of certain communications between Plaintiffs. *CRT II,* No. C-07-5944-JST, 2016 WL 6216664 *6 (N.D. Cal. Oct. 25, 2016).

It is not for this Court to determine whether the communications

sought may be admissible and for what purpose. The question is relevance. Defendants' theory is that Plaintiffs are elevating innocuous communications into an actionable conspiracy. If Plaintiffs engage in similar, legal communications, Defendants' theory may be supported. Whether the discovery leads to admissible evidence is for the trial court to determine down the road.

The Court also finds that the discovery sought is proportional as it bears directly on an asserted defense in the case.

## CONCLUSION

As presented in this Joint Motion, Defendants' Motion to Compel Further Responses to Request for Production No. 16 (Third Set) is **GRANTED**. As provided by Fed. R. Civ. P. 34(b)(2)(B), Plaintiffs must provide to Defendants a reasonable date by which the production will be completed.

**SO ORDERED.**

Dated: July 23, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge