UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-md-2670-JLS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: PLAINTIFFS' MOTION FOR EARLY DISCOVERY FROM THE LION ENTITIES**<br><br>**[ECF No. 1261]** |

Before the Court is the Joint Motion of Plaintiffs and Defendants Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch Cayman LP (the "Lion Entities") presenting Plaintiffs' request for early discovery from the Lion Entities. The motion was filed on July 5, 2018. (ECF No. 1261).

## BACKGROUND

The dispute began when then non-party Lion Capital, LLC, was served with two subpoenas *duces tecum* by Plaintiffs in this action at its offices in Los Angeles California. (ECF Nos. 757-2, 757-3). The subpoenas were served in April and June, 2017. (*Id.*). The subpoenas were issued pursuant to Rule 45, Fed. R. Civ. P., which governs subpoenas to non-parties in federal civil

1

cases. Lion Capital initially complied with the subpoenas and produced documents on a rolling basis to Plaintiffs. (ECF No. 783-1, ¶¶ 9-11). On October 16, 2017, having been informed by Plaintiffs that Plaintiffs would be seeking leave to add Lion Capital and certain related entities as defendants, Lion Capital suspended production of documents. (*Id.* ¶ 12). On that same date, the Direct Purchaser Class Plaintiffs moved the district court for leave to amend the Complaint to add additional defendants including the Lion Entities. (ECF No. 530). On December 4, 2017, the Direct Action Plaintiffs similarly moved for leave to amend the Complaint to add the Lion Entities. (ECF No. 724). And, on January 2, 2018, the Indirect Purchaser Plaintiffs similarly moved for leave to amend the Complaint. (ECF No. 769).

On April 10, 2018, the Court granted the motions to add the Lion Entities to the operative Complaints. (ECF No. 884). On May 2, 2018, the Lion Entities moved to dismiss the Complaints for lack of personal jurisdiction. (ECF Nos. 997, 999). The district judge held a hearing on the motions to dismiss and took the matter under submission on July 30, 2018. (ECF No. 1315).

In December 2017, Plaintiffs moved to compel discovery from then non-party Lion Capital in this Court. (ECF No. 757). That motion was denied without prejudice on the grounds that it was required to be brought in the Central District of California, where production was to be made, under Fed. R. Civ. P. 45. (ECF No. 790). After the Lion Entities were added as defendants, Plaintiffs renewed their motion to compel on May 29, 2018. (ECF No. 1125). The Court denied that motion on the grounds that discovery was not open regarding the Lion Entities as no answer had been filed, the required conference under Fed. R. Civ. P. 26(f) had not occurred, potentially dispositive motions to dismiss were pending, and that no motion for early

discovery had been granted. (ECF No. 1194). This joint motion, presenting Plaintiffs' request for early discovery, followed.

## DISCUSSION

### A. Legal Standard for Motion for Expedited Discovery

Federal Rule of Civil Procedure 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

In the instant case, Plaintiff may obtain early discovery only by court order. Though "[e]xpedited discovery is not the norm[,]" district courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal quotations and citations omitted). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In considering whether good cause exists, factors courts may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Palermo v. Underground Sols., Inc.*, Case No. 12cv1223-WQH-BLM, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012) (citing *Am. LegalNet*, 673 F.Supp.2d at 1067).

### B. Analysis

Plaintiffs assert that early discovery is warranted so that the schedule

in this case may be maintained, including a closing date of November 27, 2018. Plaintiffs also state that discovery proceeded in this litigation regarding other defendants before the pleadings were settled and without any conferences under Rule 26(f). Moreover, Plaintiffs suggest that this discovery is needed to address the Lion Entities' jurisdictional defenses. Finally, Plaintiffs argue that even if the motions to dismiss are granted, the Lion Entities will have to produce information pursuant to the extant Rule 45 subpoenas.

The Lion Entities disagree. They state that they have provided voluntarily over 23,000 pages of discovery in response to Plaintiffs' requests for jurisdictional discovery only refusing to respond to expansive merits discovery once Plaintiffs determined to add them as parties. They argue that Plaintiffs have not narrowed the broad merits discovery requested and that Plaintiffs have not articulated sufficient good cause to commence such discovery early.

The discovery sought by Plaintiffs is not narrowly tailored to address a particular issue pressing at this time. It is full-blown merits discovery. There certainly is a burden upon the Lion Entities to respond at this time. The Court finds the burden to be undue unless and until any of the Lion Entities answer the Complaint and participate in a Rule 26(f) conference, unless the district judge waives the required conference. The Court disagrees that that the Lion Entities will be subject to the same burdens even as a non-party. Rule 45, Fed. R. Civ. P., imposes particular protections upon non-parties subject to discovery requests which are not present for parties.

The Court finds that good cause has not been shown for early discovery to be ordered at this time.

## CONCLUSION

As presented in this Joint Motion, Plaintiff's request for early discovery of the Lion Entities is **DENIED**.

Dated: July 31, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge