LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Niall E. Lynch (CA 157959)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone:  +1.415.391.0600
Facsimile:   +1.415.395.8095
*Al.Pfeiffer@lw.com*
*Chris.Yates@lw.com*
*Belinda.Lee@lw.com*
*Niall.Lynch@lw.com*
*Ashley.Bauer@lw.com*

*Counsel for Defendants StarKist Co.
and Dongwon Industries Co., Ltd.*

*(Additional Counsel Listed on Signature Pages)*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-2670-JLS-MDD |
| | MDL No. 2670 |
| | **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |
| This Document Relates to: ALL ACTIONS | **Judge: Hon. Mitchell D. Dembin CTRM: 1E** |
| | **[REDACTED VERSION]** |

Pursuant to Civil Local Rule 26.1 and §IV of the Honorable Magistrate Judge Mitchell D. Dembin's Chambers Rules for Civil Pretrial Procedures, Plaintiffs[1] and Defendants StarKist Co. ("StarKist") and Dongwon Industries Co., Ltd. ("Dongwon Industries"—the parent company of StarKist) file the following Joint Motion for

---

[1] "Plaintiffs" as used here refers to all tracks of plaintiffs.

1    Determination of Discovery Dispute.  This Motion involves the deposition of
2    Mr. Jae-Chul Kim, a member of the Board of non-party Dongwon Enterprise.[2]  All
3    Plaintiffs have served a notice for Mr. Kim's deposition.  StarKist and Dongwon
4    Industries object to the deposition under Federal Rule of Civil Procedure 26 and the
5    "apex" doctrine and have stated they will not make Mr. Kim, a citizen and resident
6    of South Korea, available for deposition.
7           Part I of this Motion provides Plaintiffs' Points and Authorities.  Part II is
8    StarKist and Dongwon Industries' Points and Authorities.  The declaration of
9    compliance with the meet and confer requirement is attached, per Civil Rule 26.1(a)
10   and §IV(C)(4) of Magistrate Judge Dembin's Chambers Rules.

---

[2]

## I.     PLAINTIFFS' POINTS & AUTHORITIES

The Court has found that Plaintiffs alleged plausible claims against Dongwon for its participation in the alleged conspiracy.  *See* ECF No. 492.  Plaintiffs have since deposed Dongwon's vice-chairman, Ingu Park, as well as Andrew Choe, a key Dongwon liaison who later became StarKist's CEO, and a StarKist Rule 30(b)(6) deponent on topics relating to the relationship between StarKist and Dongwon. They have served a Rule 30(b)(6) notice to Dongwon and the *one* individual listed on Dongwon's Initial Disclosures—and the dates of those depositions are being negotiated, as the end of fact discovery draws near.  Plaintiffs have also carefully reviewed the more than 10,000 pages of responsive documents Dongwon produced from Mr. Kim's files, as well as documents StarKist and other Defendants produced about Mr. Kim.  Those documents, and the discovery taken to date, make clear that Mr. Kim has personal knowledge of facts relevant to this antitrust case.  There is no valid reason to excuse him from providing testimony.



[3] All exhibits referenced in Plaintiffs' section are included in the Stein Declaration.



[4] Dongwon suggests that evidence prior to 2011 is irrelevant because the Class Plaintiffs have limited their damages period for class certification purposes starting in 2011.  This argument is specious.  First, the Class Plaintiffs assert that the conspiracy was implemented by at least late 2010, around the time of this very meeting between Mr. Kim and Mr. Lindberg.  Significantly, the Department of Justice also asserts that Mr. Lischewski began participating in the conspiracy in November 2010, according to his Indictment.  Second, the Direct Action Plaintiffs still assert claims dating back to 2004.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18



19     Dongwon resists Mr. Kim's deposition on the ground it an "apex" deposition.

20 But where Plaintiffs have a good faith basis to believe that the apex deponent is

21 likely to have relevant knowledge, courts have permitted such depositions.  *See*, *e.g.*,

22

23 [5] Dongwon argues that Plaintiffs have all they need about this meeting because

24 another deponent – who did not attend the meeting – testified that the meeting

25 minutes are accurate.  This contention is absurd.  Plaintiffs cannot assume the

26 minutes are complete; it would be the rare event in this era that co-conspirators write

27 out their plans to reduce competition.  Mr. Kim is the *only* person with firsthand

28 knowledge about whether this meeting with Bumble Bee's owner resulted in

Dongwon's agreement or understanding regarding the conspiracy's operation.

*Moyle v. Liberty Mut. Ret. Ben. Plan*, No. 10CV2179-DMS MDD, 2012 WL 5373421 (S.D. Cal. Oct. 30, 2012); *see also In re Transpacific Passenger Air Transp. Antitrust Litig. (Transpacific)*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *4 (N.D. Cal. Mar. 6, 2014) (apex "may have attended [a conspiracy] meeting and thus may have information about the fuel surcharge discussions"; further noting that the party seeking the deposition "was not required to prove that [the proposed deponent] certainly has such information; [the party] cannot be certain that he does or does not until it has taken his deposition.") (citation omitted).

While "[t]he party seeking to take such a deposition does not need to prove conclusively in advance that the deponent definitely has unique, non-repetitive information[,]" Plaintiffs have shown the Court that there is a reasonable, non-harassing[6] basis for seeking discovery from Mr. Kim.  *See Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015) ("where a corporate officer may have *any* first-hand knowledge of relevant facts, the deposition should be allowed.").  Dongwon's self-serving assertion that Mr. Kim "lacks unique, non-repetitive knowledge of the facts" is inconsistent with the foregoing documents.  It also cannot be tested if Mr. Kim is allowed to evade providing sworn testimony at a deposition.

Indeed, the party opposing the deposition bears the burden to show why it should not be allowed.  *See id.* (collecting cases).  As Magistrate Judge Gallo noted:

> [T]he burden is on Defendants to show why the depositions *should not* be taken, not the other way around. The burden under the apex principle is supplied by the general rule applicable to a party that seeks

---

[6] Dongwon suggests Plaintiffs seek to harass Mr. Kim.  Dongwon previously made a similar accusation when Plaintiffs asked it to search Mr. Kim's custodial file for documents responsive to their Rule 34 Requests.  After Plaintiffs told Dongwon they were prepared to seek the Court's assistance, Dongwon relented and subsequently produced *over 10,700 pages* of documents from Mr. Kim's files.

1
2
3

to avoid discovery in general. The apex deposition principle is not an automatic bar that Plaintiffs must overcome by a showing of good cause. Rather, it is a protective tool that is selectively employed on a case by case basis when deemed appropriate.

4
5

*In Re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 05-CV-1018-AJB WVG, 2011 WL 1304587, at *4 (S.D. Cal. Apr. 6, 2011).

6
7
8
9
10
11
12

Dongwon also resists the deposition on the ground that Mr. Kim is a busy executive and in his mid-80s. Neither is a valid reason to refuse to provide testimony.[7]  *See Transpacific*, 2014 WL 939287, at *3 ("a busy schedule is simply not a basis for foreclosing otherwise proper discovery") (quotation omitted).   Plaintiffs are willing to make accommodations based on these considerations—for example, they offered to conduct the deposition near Mr. Kim's work or home in Korea, and over two or three shorter days if preferred.

13
14
15
16
17
18
19
20
21
22
23
24

Finally, Dongwon suggests Mr. Kim's deposition should be limited to two hours.  The cases it cites are distinguishable in this respect.  In *Transpacific*, the deponent was suspected of attending a key meeting and having information based on his role at the time.  *Id.* at *4.  The Court thus limited time based on the "scope" of his likely knowledge.  *Id.* at *6.  In *Apple Inc. v. Samsung Electronics Co.*, 282 F.R.D. 259, 265 (N.D. Cal. 2012), the Court limited Samsung's CEO' deposition where he merely "may have engaged" in strategy changes.   Here, Mr Kim attended meetings with owners of StarKist's competitors and worked with StarKist's CEO (already deposed) on a variety of personnel and policy decisions (*see* Ex. 11), including Steve Hodge's mid-year raise in 2012.  Dongwon has not established that time limits beyond those provided for by the Rules should be imposed.

25
26
27
28

---

[7] Mr. Kim's advanced age is further reason to conduct his deposition.  By the time these cases go to trial, Mr. Kim will be unable to attend and provide testimony in person.  If he is not deposed, his testimony may be permanently lost.

## II.   STARKIST'S AND DWI'S POINTS & AUTHORITIES

The Court should preclude the deposition of Mr. Jae Chul Kim because it is outside the scope of discovery permitted under both Federal Rule of Civil Procedure 26 and the "apex" doctrine.  *First*, Mr. Kim lacks "unique first-hand, non-repetitive knowledge of the facts at issue in the case."  *Simmons v. Morgan Stanley Smith Barney*, LLC, No. 11CV2889-WQH-MDD, 2012 WL 6725844, at *2 (S.D. Cal. Dec. 27, 2012).  *Second*, Plaintiffs have not "exhausted other less intrusive discovery methods, such as interrogatories and depositions of lower level employees."  *Id.  Third*, the risk of abuse or harassment outweighs Plaintiffs' interest in engaging in this unnecessary and entirely duplicative discovery.

### A.   Legal Standard

"[D]istrict courts have broad discretion to limit discovery where the discovery sought is 'unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"  *Id.* at *1 (citing Fed. R. Civ. P. 26(b)(2)(C)).  Because of the "tremendous potential for abuse or harassment" when depositions of apex executives are sought, courts apply a "stricter standard," requiring both: (1) that the potential deponent have "unique first-hand, non-repetitive knowledge"; *and* (2) that the noticing party has "exhausted less intrusive means of discovery."  *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. 05-cv-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (precluding depositions of the CEO and Chairman); *Simmons*, 2012 WL 6725844, at *2; *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No.: 16-cv-0698 CAB (NLS), 2018 WL 692259, at * 7 (S.D. Cal. Feb. 2, 2018) ("In order to proceed with [former Global President's] deposition, Plaintiff must show that it has exhausted other discovery methods and that [he] has 'unique first-hand, non-repetitive knowledge' of the facts at issue in this case.").

**B.   A Protective Order Should Issue Preventing Mr. Kim's Deposition**

     **1.   It Is Undisputed that Mr. Kim Is an Apex Executive**

Mr. Kim founded a fishing company called "Dongwon" in 1969. █████████

█████████████████████████████████████████████████

██████████████████████████ Yates Decl. Ex. 1.  Several of Dongwon

Enterprise's direct subsidiaries, including Defendant Dongwon Industries, are

publicly traded on the Korea Stock Exchange.  At present, Dongwon Industries

owns all of the stock of Defendant StarKist.[8]  Mr. Kim sits on the Board of Directors

of StarKist along with five other Board members.  Declaration of Scott Meece ¶ 2.

Mr. Kim is not a member of the Board of Dongwon Industries.

     **2.   Mr. Kim Lacks Unique Personal Knowledge**

Due to his position at the apex of the companies owned by Dongwon

Enterprise, Mr. Kim is removed from the day-to-day operations of direct

subsidiaries such as Dongwon Industries and even further removed from the day-to-

day operations of indirect subsidiaries such as StarKist.  He, therefore, lacks unique,

non-repetitive knowledge of the facts of this case.  Mr. Kim's potential testimony

would be duplicative of depositions and discovery Plaintiffs have already taken.  *See*

*Guan Ming Lin v. Benihana Nat. Corp.*, No. 10CV1335-VM-JCF, 2010 WL

4007282, at *2 (S.D.N.Y. Oct. 5, 2010) (precluding deposition where plaintiffs

failed to explain why lower-ranking employees' testimony was insufficient).

Most of what Plaintiffs cite regarding Mr. Kim's alleged personal knowledge

predates the class period in Plaintiffs' motions for class certification (all of which

begin in 2011) and is thus irrelevant to this case.[9] ████████████

█████████████████████████████████████████████

████████████████████████████████████████████

[8] Dongwon Industries purchased StarKist in 2008 and owned 60% of its shares until 2014 when it acquired the other 40% from Korea Development Bank.

[9] ECF No. 1130-1 at 4; ECF No. 1140-1 at 1; ECF No. 1197-1 at 2–3.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



---

[10] The cases Plaintiffs cite on this point are distinguishable.  In *Moyle v. Liberty Mutual Retirement Benefit Plan*, the court permitted the apex deposition of an executive described as the "right hand man" of the decision-makers in the complaint, but Mr. Kim was several levels removed from the day-to-day decision-making at StarKist, and was not anyone's "right hand man."  No. 10CV2179-DMS MDD, 2012 WL 5373421, at *4 (S.D. Cal. Oct. 30, 2012).  In *Transpacific* the court allowed the deposition of an apex executive who held a marketing and sales role overseeing the department that implemented the conduct at issue.  Mr. Kim never

### 3.    Plaintiffs Have Not Exhausted Less Burdensome Discovery

Courts generally preclude apex depositions until a party has exhausted less burdensome means of discovery, including taking written discovery and depositions of lower-level employees.  *See Affinity*, 2011 WL 1753982, at *6.  Plaintiffs have not exhausted less burdensome means of discovery; they have not deposed all of StarKist or Dongwon Industries' document custodians or the witnesses on their initial disclosures, nor have they completed their Rule 30(b)(6) deposition of Dongwon Industries.  After those depositions, Plaintiffs could serve interrogatories or requests for admission if they have additional questions.  *See Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985) (requiring plaintiffs to submit written interrogatories in lieu of deposing Chrysler's Chairman).

### 4.    The Risk of Abuse and Harassment Is High

In light of Mr. Kim's position and his many obligations, this deposition would impose an undue hardship for no appreciable gain.  Even in the cases Plaintiffs cite, courts recognize the high risk of abuse in the apex deposition context and limit the scope of depositions to particular topics and duration to no more than two hours.  *See Transpacific*, 2014 WL 939287, at *5–6; *see also Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. at 265 (limiting deposition of Samsung Electronics CEO to two hours).  To be clear, Plaintiffs have not met their burden and <u>no deposition</u> is warranted here.

### C.    Conclusion

The Court should preclude the deposition of Mr. Kim.  StarKist and Dongwon Industries respectfully request oral argument on this dispute.

---

had any similar role at StarKist.  2014 WL 939287, at *4.

1    Dated: August 15, 2018                    Respectfully submitted,

2

3                                              LATHAM & WATKINS LLP

4                                              By: s/ Christopher S. Yates
                                               Alfred C. Pfeiffer
5                                              Christopher S. Yates
                                               Belinda S Lee
6                                              Niall E. Lynch
                                               Ashley M. Bauer
7                                              LATHAM & WATKINS LLP
                                               505 Montgomery Street, Suite 2000
8                                              San Francisco, CA 94111
                                               Telephone: 415-391-0600
9                                              Facsimile: 415-395-8095
                                               Al.Pfeiffer@lw.com
10                                             Chris.Yates@lw.com
                                               Belinda.Lee@lw.com
11                                             Niall.Lynch@lw.com
                                               Ashley.Bauer@lw.com
12
                                               ***Attorneys for Defendants StarKist Co. and
13                                             Dongwon Industries Co., Ltd.***

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | By: s/Samantha J. Stein* |
| 2 | Michael P. Lehmann |
| | Bonny E. Sweeney |
| 3 | Christopher L. Lebsock |
| 4 | Samantha J. Stein |
| | HAUSFELD LLP |
| 5 | 600 Montgomery Street, Suite 3200 |
| 6 | San Francisco, CA 94111 |
| | Tel: (415) 633-1908 |
| 7 | Fax: (415) 358-4980 |
| 8 | E-mail: mlehmann@hausfeld.com |
| | E-mail: bsweeney@hausfeld.com |
| 9 | E-mail: clebsock@hausfeld.com |
| 10 | E-mail: sstein@hausfeld.com |

By: s/Samantha J. Stein*
Michael P. Lehmann
Bonny E. Sweeney
Christopher L. Lebsock
Samantha J. Stein
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: mlehmann@hausfeld.com
E-mail: bsweeney@hausfeld.com
E-mail: clebsock@hausfeld.com
E-mail: sstein@hausfeld.com

Michael D. Hausfeld
James J. Pizzirusso
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-mail: mhausfeld@hausfeld.com
E-mail: jpizzirusso@hausfeld.com

*Interim Lead Counsel for the Direct Purchaser Class*

By: s/Blaine Finley*
Jonathan W. Cuneo
Joel Davidow
Blaine Finley
CUNEO, GILBERT & LADUCA LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: 202-789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com

By: s/William J. Blechman*
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Douglas H. Patton, Esquire
Samuel J. Randall, Esquire
Jalaine Garcia, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (3015) 371-1861
Email: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
dpatton@knpa.com
srandall@knpa.com
jgarcia@knpa.com

*Liaison Counsel for Direct Action Plaintiffs*

By: s/Thomas H. Burt*
Betsy C. Manifold
Rachele R. Rickert
Marisa C. Livesay
Brittany N. Dejong
WOLF HALDENSTEIN   ADLER
FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Peter Gil-Montllor
Christian Hudson
CUNEO, GILBERT & LADUCA LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone:   202-789-3960
pgil-montllor@cuneolaw.com
christian@cuneolaw.com

***Interim Lead Counsel for the***
***Commercial Food Preparer Class***

manifold@whafh.com

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
Fred Taylor Isquith
isquith@whafh.com
Thomas H. Burt
burt@whafh.com
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
Theodore B. Bell
tbell@qhafh.com
Carl Malmstrom
malmstrom@whafh.com
70 West Madison Street, Suite 1400
Telephone: 312/984-0000
Facsimile: 312/212-4401

***Interim Lead Counsel for the***
***End Payer Plaintiffs***

\* signed with permission

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from the signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

By: s/Christopher S. Yates
Christopher S. Yates

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT

Pursuant to §IV(A) and §IV(C)(4)(e) of Magistrate Judge Dembin's Chambers Rules, counsel for Plaintiffs and StarKist Co. and Dongwon Industries Co., Ltd. participated in a telephonic meet and confer on July 19, 2018. Counsel who participated on behalf of Plaintiffs were: Samantha J. Stein, Scott Gant, Doug Patton, Fred Isquith, and Blaine Finley. Counsel who participated on behalf of StarKist Co. and Dongwon Industries Co., Ltd. was: Christopher S. Yates.

By: s/Christopher S. Yates
Christopher S. Yates

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I certify that on August 15, 2018, I filed a redacted version of the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF System, which sends notifications of such filings to all counsel of record.  I further certify that on August 15, 2018 I caused counsel of record to be served with a true, correct, and un-redacted copy of the foregoing document via e-mail.

By: s/Christopher S. Yates
Christopher S. Yates