1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-2670-JLS-MDD |
| This Document Relates to: ALL ACTIONS | |

**PLAINTIFFS' RESPONSE TO CHRISTOPHER LISCHEWSKI'S OPPOSITION TO JOINT MOTION FOR ORDER**

Chris Lischewski, Bumble Bee's indicted former CEO, seeks to participate in discovery in this MDL but without regard to the limitations of this Court's previously-issued Limited Stay Order nor the recently filed Order clarifying the scope of the Stay.[1]  Plaintiffs jointly submit this response to ensure that *all* parties, in the interest of fairness, are bound by the *same* Limited Stay Order governing their discovery. Allowing Mr. Lischewski to ask one set of questions while prohibiting Plaintiffs from inquiring into that same category of issues would be both unfair and unworkable in practice.[2]  Mr. Lischewski is in effect asking the Court to disregard any other stipulation that it later entered into an Order – from the Protective Order, to the Schedule, to the Deposition Protocol, and other orders – undermining the careful management of this case.  An effectual MDL proceeding requires that all the parties operate under one and only one governing standard.

Mr. Lischewski argues that he is not required to comply with the Limited Stay Order (ECF No. 480) (and implicitly any other stipulated order the Court entered before he became a defendant to a DAP complaint) because he was not party to the *stipulation*.  Mr. Lischewski ignores the fact that ECF No. 480 is an *order* (whether presented via stipulation or not) which is legally binding.  *See TradeWinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901 JFK, 2011 WL 873161, at *2 (S.D.N.Y. Mar. 14,

---

[1]  Mr. Lischewski filed an Opposition to the Parties' Joint Motion regarding the Limited Stay.  He seeks relief from prior Court orders initially raised by stipulation but he has made no motion to the Court and has not otherwise sought leave from the Court's orders.

[2]  MDL courts have the authority to apply all of their orders to any *future* cases that are filed in or transferred to the MDL.  Such a protocol is consistent with the purpose of the MDL statute, which is to streamline discovery and ensure consistency in pre-trial rulings.  Indeed, the Manual for Complex litigation expressly contemplates that procedural orders entered by the Court will govern future actions centralized within the MDL.  *See* Manual for Complex Litigation, § 40.21 (Sample Case Management Order noting that "[t]he terms of this order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) …").

PLAINTIFFS' RESPONSE TO OPPOSITION TO JOINT MOTION FOR ORDER     3:15-md-2670 (JLS) (MDD)

| | |
|---|---|
| 1 | 2011) ("At oral argument, the parties agreed that the protective orders were stipulated |
| 2 | orders, but this fact does not alter the legally binding nature of the protective orders |
| 3 | …"). The fact that Mr. Lischewski was not a party to a stipulation to which his own |
| 4 | company agreed was appropriate does not mean that he is unbound by the Court's |
| 5 | Order. One cannot reap the benefits of the discovery within an MDL proceeding with |
| 6 | its attendant limitations, and at the same time be exempt from those limitations. |
| 7 | More importantly, what Mr. Lischewski proposes would be fundamentally |
| 8 | unfair and impractical. To the extent that Mr. Lischewski is exempted from any |
| 9 | portion of the Limited Stay Order, that exemption must extend to all parties in the |
| 10 | MDL. In other words, if Mr. Lischewski is allowed to inquire about a particular topic, |
| 11 | then all other parties – both Plaintiffs and Defendants – must also be allowed to |
| 12 | conduct discovery on that same topic. There cannot be one set of rules for Mr. |
| 13 | Lischewski and another for all other parties in this MDL. |
| 14 | Accordingly, to the extent the Court is inclined to allow Mr. Lischewski to ask |
| 15 | questions that are currently prohibited by this Court's Order (ECF No. 480), Plaintiffs |
| 16 | respectfully ask that they be placed on the same level playing field as Mr. Lischewski. |

PLAINTIFFS' RESPONSE TO OPPOSITION TO JOINT MOTION FOR ORDER     3:15-md-2670 (JLS) (MDD)
2

| | | |
|---|---|---|
| 1 | Dated:  August 17, 2018 | Respectfully submitted |
| 2 | By: */s/ William J. Blechman* | By: */s/ Samantha J. Stein\** |

      Richard Alan Arnold, Esquire  
      William J. Blechman, Esquire  
      Kevin J. Murray, Esquire  
      Douglas H. Patton, Esquire  
      Samuel J. Randall, Esquire  
      Brandon S. Floch, Esquire  
      KENNY NACHWALTER, P.A.  
      1441 Brickell Avenue, Suite 1100  
      Miami, Florida 33131  
      Tel:  (305) 373-1000  
      Fax:  (305) 372-1861  
      E-mail:  rarnold@knpa.com  
             wblechman@knpa.com  
             kmurray@knpa.com  
             dpatton@knpa.com  
             srandall@knpa.com  
             bfloch@knpa.com

*Liaison Counsel for Direct Action Plaintiffs*

By: */s/ Blaine Finley\**  
      Jonathan W. Cuneo, Esquire  
      Joel Davidow, Esquire  
      Blaine Finley, Esquire  
      CUNEO, GILBERT & LADUCA LLP  
      4725 Wisconsin Avenue, N.W.  
      Suite 200  
      Washington, D.C.  20016  
      Tel:  (202) 789-3960  
      E-mail:  jonc@cuneolaw.com  
             joel@cuneolaw.com  
             bfinley@cuneolaw.com

      Peter Gil-Montllor, Esquire  
      Christian Hudson, Esquire  
      CUNEO, GILBERT & LADUCA LLP  
      16 Court Street, Suite 1012  
      Brooklyn, N.Y.  11241  
      Tel:  (202) 789-3960  
      E-mail:  pgil-montllor@cuneolaw.com  
             christian@cuneolaw.com

*Interim Lead Counsel for the Commercial Food Preparer Class*

      Michael P. Lehmann, Esquire  
      Bonny E. Sweeney, Esquire  
      Christopher L. Lebsock, Esquire  
      Samantha J. Stein, Esquire  
      HAUSFELD LLP  
      600 Montgomery Street  
      Suite 3200  
      San Francisco, CA  94111  
      Tel:  (415) 633-1908  
      Fax:  (415) 358-4980  
      E-mail:  mlehmann@hausfeld.com  
             bsweeney@hausfeld.com  
             clebsock@hausfeld.com  
             sstein@hausfeld.com

      Michael D. Hausfeld, Esquire  
      James J. Pizzirusso, Esquire  
      HAUSFELD LLP  
      1700 K Street, N.W.  
      Suite 650  
      Washington, D.C.  20006  
      Tel:  (202) 540-7200  
      Fax:  (202) 540-7201  
      E-mail:  mhausfeld@hausfeld.com  
             jpizzirusso@hausfeld.com

*Interim Lead Counsel for the Direct Purchaser Class*

By: */s/ Betsy C. Manifold\**  
      Betsy C. Manifold, Esquire  
      Rachele R. Rickert, Esquire  
      Marisa C. Livesay, Esquire  
      Brittany N. Dejong, Esquire  
      WOLF HALDENSTEIN ADLER  
       FREEMAN & HERZ LLP  
      750 B Street  
      Suite 2770  
      San Diego, CA  92101  
      Tel:  (619) 239-4599  
      Fax:  (619) 234-4599  
      E-mail:  manifold@whafh.com

| | |
|---|---|
| 1 | Fred Taylor Isquith, Esquire |
| 2 | Thomas H. Burt, Esquire |
|   | WOLF HALDENSTEIN ADLER |
| 3 |   FREEMAN & HERZ LLP |
|   | 270 Madison Avenue |
| 4 | New York, N.Y.  10016 |
|   | Tel:  (212) 545-4600 |
| 5 | Fax:  (212) 545-4653 |
|   | E-mail:  isquith@whafh.com |
| 6 |           burt@whafh.com |
| 7 | Theodore B. Bell, Esquire |
|   | Carl Malmstrom, Esquire |
| 8 | WOLF HALDENSTEIN ADLER |
|   |   FREEMAN & HERZ LLP |
| 9 | 70 West Madison Street |
|   | Suite 1400 |
| 10 | New York, N.Y.  10016 |
|    | Tel:  (312) 984-0000 |
| 11 | Fax:  (312) 212-4401 |
|    | E-mail:  tbell@qhafh.com |
| 12 |           malmstrom@whafh.com |
| 13 | |
| 14 | *Interim Lead Counsel for the End Payer Plaintiffs* |
| 15 | |
| 16 | **\* signed with permission** |

## SIGNATURE ATTESTATION

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from the signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

KENNY NACHWALTER, P.A.

By: */s/ William J. Blechman*
William J. Blechman

## CERTIFICATE OF SERVICE

I certify that on August 17, 2018, I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system, which sends notifications of such filings to all counsel of record.

KENNY NACHWALTER, P.A.

By: */s/ William J. Blechman*
William J. Blechman

584065.1