UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER OVERRULING OBJECTION**<br><br>(ECF No. 1322) |

On August 8, 2018, the parties filed a joint motion for the Court to clarify certain applications of the Third Limited Stay of Discovery order, (ECF No. 1320). The same day, Defendant Christopher Lischewski filed an opposition to the joint motion, (ECF No. 1322). The Court requested a response to Mr. Lischewski's opposition from the Department of Justice ("DOJ"), (ECF No. 1323). The Court then granted the joint motion, but noted that it would rule on Mr. Lischewski's objection after receiving DOJ's response. (*Id.* at 4.)

On August 17, 2018, the DOJ filed a response maintaining that the discovery stay should apply to Mr. Lischewski. (ECF No. 1344, at 1.) Mr. Lischewski then filed a reply to the DOJ's response. (ECF No. 1347.) The Court briefly summarizes the arguments as follows. Mr. Lischewski asserts that he was not a party to the stipulations concerning discovery stays and he would suffer severe prejudice if required to comply with the partial discovery stay. (ECF No. 1322, at 3–4.) This prejudice stems, in part, from the November 27, 2018 discovery cutoff date. (*Id.* at 3.) If Mr. Lischewski remains a defendant in the MDL then he will need to exercise his basic right to obtain discovery to nonprivileged

matters relevant to his defense. (*See id.* at 4–5.)

The DOJ takes the position that the even though the limited discovery order approved a stipulation that Mr. Lischewski was not a party to, it was an order that applies to the entire multi-district litigation ("MDL"). (ECF No. 1344, at 1.) The DOJ points out that the Court entered a scheduling order, (ECF No. 877), that approved also a joint stipulation of the parties. That scheduling order includes the November 27, 2018 discovery cutoff date, which presumably will prejudice Mr. Lischewski. If the Court were to determine that the stipulated discovery stay did not apply to Mr. Lischewski, then by the same logic the stipulated scheduling order would likewise not apply to him, which would undercut the prejudice against Mr. Lischewski posed by the November discovery cutoff. (*See* ECF No. 1344, at 2.) Mr. Lischewski responds a party cannot be bound by a stipulation entered into in the absence of that party. (ECF No. 1347, at 2 (citing, e.g., *Kneeland v. Luce*, 141 U.S. 437, 440–41 (1891)).)

"Courts have discretion to stay civil proceedings where the interests of justice appear to require it." *Baker v. SeaWorld Entm't, Inc.*, No. 14-CV-2129-MMA (AGS), 2017 WL 6059121, at *2 (S.D. Cal. Dec. 7, 2017) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.), *cert. denied*, 516 U.S. 827 (1995)).

> In determining whether to stay civil proceedings in the face of parallel criminal proceedings, a court must consider the particular circumstances and competing interests involved, and should consider (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the interest of the plaintiffs in proceeding expeditiously, (3) the burden the proceedings may impose on the defendants, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation.

*S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. App'x 183, 190–91 (9th Cir. 2008) (unpublished decision) (citing *Keating*, 45 F.3d at 324–25). The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" *Fed. Sav. & Loan Ins. Corp.*

*v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (alterations in original) (quoting *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980)).

Applying these factors, the limited discovery stay order was and remains appropriate for all parties. First, the civil and criminal proceedings involve the same or closely related facts and questions, which when posed to witnesses could potentially implicate their Fifth Amendment privilege. *See Four in One Co. v. SK Foods, L.P.*, No. CIV S-08-3017 MCE EFB, 2010 WL 4718751, at *5 (E.D. Cal. Nov. 12, 2010) (collecting cases). Indeed, the parties have represented to the Court that such issues are ongoing. (*See* ECF No. 1306, at 15–19.) Second, the plaintiffs in this MDL have stipulated to the limited stay. Third, Mr. Lischewski argues that the discovery stay would impose burdens on him. This is true, however, the burdens are applied equally to all parties. Fourth, the convenience of the Court in managing the MDL militates in favor of applying orders uniformly to all parties rather than carving out particular exceptions for individuals. Exempting one party from the generally applicable discovery stay order is unfair to every other party and creates an unfair advantage for Mr. Lischewski. *See Quesada v. City of Antioch*, No. C 08-1567 JL, 2008 WL 4104339, at *4 (N.D. Cal. Aug. 29, 2008) ("Only a complete stay of this entire action as to all Plaintiffs will suffice to preserve the status quo *as to all parties*, including the Defendants, and prevent unfair prejudice against Defendants." (emphasis added)).

Finally, there is no obvious impact on persons not parties to the civil litigation and the interest of the public weighs in favor of a limited stay. *See Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) ("A stay of discovery will protect the integrity of the Government's investigation and ensure that the Defendants will not use the civil discovery processes to obtain discovery 'that is not authorized in a criminal case.'" (citation omitted)). And, the grand jury has returned a criminal indictment against Mr. Lischewski. *Cf. Gen. Elec. Co. v. Liang*, No. CV 13-8670 DDP (VBKx), 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014) (denying motion to stay when no indictment had been returned). The Court finds that the balance of factors tip in favor of applying the limited discovery stay

order to all parties.

The Court acknowledges that Mr. Lischewski was not a party to the stipulation. However, it is within this Court's discretion to stay civil discovery whether or not Mr. Lischewski stipulated to the discovery stay. Accordingly, the Court **OVERRULES** Mr. Lischewski's objections, (ECF No. 1322).

**IT IS SO ORDERED.**

Dated: August 21, 2018

Hon. Janis L. Sammartino
United States District Judge