UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-md-2670-JLS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: PLAINTIFFS' MOTION TO DEPOSE JAE-CHUL KIM [ECF No. 1261]** |

Before the Court is the Joint Motion of Plaintiffs and Defendants Starkist Co. and Dongwon Industries Co., Ltd., regarding the deposition subpoena served upon Mr. Jae-Chul Kim. Mr. Kim is a member of the Board of Directors of non-party Dongwon Enterprise. Defendant Dongwon Industries Co., Ltd., is one of many direct subsidiaries of Dongwon Enterprise. (ECF No. 1261 at 2, 9). The Joint Motion was filed on August 15, 2018. Defendants assert that Mr. Kim is an "apex" person who should be protected from deposition in this case. Plaintiffs assert that Mr. Kim has unique, personal information to provide and should be subject to deposition.

//
//

# DISCUSSION

A. <u>The Apex Doctrine</u>

Courts consistently define apex employees as "high-level corporate executives." *See Apple Inc. v. Samsung Electronics Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("the deposition of a high-level executive (a so-called apex deposition),"); *DR Sys., Inc. v. Eastman Kodak Co.,* No. 08CV669-H (BLM), 2009 WL 2973008, at *2 (S.D. Cal. Sept. 14, 2009) ("an official at the highest level or apex of a corporation"); *Bank of the Ozarks v. Capital Mortg. Corp.,* No. 4:12-MC-00021 KGB, 2012 WL 2930479, at *1 (E.D. Ark. July 18, 2012) ("The apex doctrine protects high-level corporate officials . . .").

When a party seeks to take the deposition of an official at the highest level or "apex" of a corporation, courts have more closely scrutinized the request in determining whether to limit the discovery under Rule 26(c), Fed. R. Civ. P. *See, e.g., Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D. R.I.1985) (Virtually every court that has addressed deposition notices directed at an official at the highest level or "apex" of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.). Even when seeking the deposition of an apex official, "it is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Apple*, 282 F.R.D. at 263 (quoting *WebSideStory, Inc. v. NetRatings, Inc.,* No. 06CV408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007)). "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition. A claimed lack of knowledge, by itself it is insufficient to preclude a deposition." *Id.*

When determining whether to allow an apex deposition, courts often consider: (1) whether or not the high-level deponent has unique first-hand,

non-repetitive knowledge of the facts at issue in the case; and, (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods, such as interrogatories and depositions of lower level employees. *See Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir.1979) (granting protective order for executive where plaintiff had sought to depose the president of the company before deposing lower level executives); *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting protective order for Vice President of General Motors where plaintiff had failed first to depose lower level employees).

B. Analysis

Here, there appears no dispute that Mr. Kim qualifies as an "apex" employee. There is a question whether Plaintiffs have exhausted less intrusive means. It appears that Plaintiffs have deposed other persons present at meetings that Mr. Kim attended and have deposed other recipients of communications that Mr. Kim received. Defendants assert that because Plaintiffs have not fully exhausted all of the designated custodians and witnesses identified in initial disclosures, that Plaintiffs have not exhausted less intrusive means. The Court finds that regarding the topics that Plaintiffs have identified as the reason they are seeking Mr. Kim's deposition, Plaintiffs have exhausted less intrusive means.

The Court is not convinced, however, that Mr. Kim has unique, personal information. Plaintiffs have deposed other meeting attendees and recipients of communications. Plaintiffs have received detailed notes of the meetings at issue from other attendees. The Court finds that Mr. Kim's testimony likely would be cumulative and not unique. Consequently, Defendants have satisfied their burden in protecting Mr. Kim from deposition at this time.

It may be that further discovery will open the door to deposition

3

testimony from Mr. Kim.  Also, Plaintiffs may want to consider using other methods of discovery to seek answers from Mr. Kim, such as deposition by written questions under Rule 31, Fed. R. Civ. P.  Accordingly, this motion is **DENIED WITHOUT PREJUDICE.**

## CONCLUSION

As presented in this Joint Motion, Plaintiff's motion to compel deposition testimony from Mr. Jae-Chul Kim is **DENIED WITHOUT PREJUDICE**.

Dated:   September 4, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge

4