LESLIE A. WULFF (CSBN 277979)
MANISH KUMAR (CSBN 269493)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone: (415) 934-5300
Leslie.Wulff@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD<br><br>**UNITED STATES' NOTICE OF MOTION AND MOTION FOR STAY OF DISCOVERY** |
| THIS DOCUMENT RELATES TO:<br>ASSOCIATED WHOLESALE GROCERS, INC.<br>      Plaintiff<br>v.<br>BUMBLE BEE FOODS, LLC, *et al.*,<br>      Defendants. | DATE: October 18, 2018<br>TIME: 1:30 p.m.<br>JUDGE: Hon. Janis L. Sammartino<br>COURT: 4D (4th Fl. — Schwartz) |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 18, 2018 at 1:30 p.m., or as soon thereafter as the matter may heard, in Courtroom 4D of the Honorable Janis L. Sammartino, United States District Judge, the United States will and hereby does move this Court for a stay of discovery in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.*

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and such argument which may be presented at the hearing on this motion.

Dated: September 7, 2018

Respectfully submitted,

s/ Leslie A. Wulff

LESLIE A. WULFF
MANISH KUMAR
Trial Attorneys
U.S. Department of Justice
Antitrust Division

I. Introduction

The United States seeks a mutual stay of discovery between Plaintiff AWG and Defendant Christopher Lischewski in light of the parallel, and closely related, criminal action pending in the Northern District of California against Mr. Lischewski. The government's proposed stay is tailored to address the specific concerns raised by the parallel criminal and civil actions against Mr. Lischewski: it would stay discovery only as to a single underlying action in this MDL, between two of the parties to that action, until the conclusion of the criminal proceedings.

The government has an interest in protecting the integrity of criminal proceedings by ensuring that civil discovery does not undermine the restrictions on criminal discovery imposed by the Federal Rules of Criminal Procedure. Permitting Mr. Lischewski to depose the United States' potential trial witnesses—as his recent deposition notices[1] seek to do—and otherwise obtain discovery beyond what would be permitted in the criminal proceedings would impermissibly interfere with the public's interest in the integrity of the prosecution of Mr. Lischewski. Additionally, discovery against Mr. Lischewski by AWG may implicate Mr. Lischewski's Fifth Amendment right against self-incrimination. As a result, the government's proposed stay is reciprocal and prohibits discovery by both AWG and Mr. Lischewski. Lastly, the stay is tailored so that AWG may pursue its claims against the remaining defendants and those defendants may defend their claims against AWG without waiting for resolution of the criminal case.

The government's proposed stay balances the government's interest in protecting the integrity of the criminal proceedings, Mr. Lischewski's Fifth Amendment rights, and the victims' interest in conducting discovery and seeking restitution for the price-fixing scheme.

---

[1] Yesterday Mr. Lischewski noticed the depositions of five current or former employees of packaged seafood producers Chicken of the Sea and StarKist.

3

UNITED STATES' MOTION FOR STAY
OF DISCOVERY                                                    Case No. 3:15-md-02670-JLS-MDD

## II. Background

The United States intervened in this MDL action on January 13, 2016 for the purposes of seeking a stay of discovery and maintaining the integrity of the closely-related criminal proceedings. (ECF No. 34.) Since that time, the parties to the MDL action have stipulated to three successive limited stays of discovery. Each of these stays has been tailored to protect the government's interests while allowing discovery in this MDL action to proceed as expeditiously as possible. As the criminal investigation has advanced, the government has modified its position in the stay negotiations to seek the least-restrictive stay necessary to protect the government's interests.

On September 7, 2017, this Court entered an Order granting approval of the Joint Stipulation re: Third Limited Stay of Discovery ("Stay Order"). (ECF No. 480.) The Stay Order permits discovery in the MDL action with the exception of discovery that "refers or relates to the criminal grand jury investigation being conducted by the United States concerning packaged seafood." (ECF No. 477 ¶ 2.) This Court recently held that the current Stay Order remains in effect on all parties to this MDL action. (ECF No. 1348.)

On April 30, 2018, AWG filed a complaint in the District of Kansas alleging claims against Mr. Lischewski in an individual capacity. That case was consolidated into this MDL action and AWG has since filed an Amended Complaint. (ECF No. 1139.) The complaint by AWG is the only case in this MDL in which Mr. Lischewski is named as a defendant.

A grand jury returned a single-count felony indictment of Mr. Lischewski on May 16, 2018. *United States v. Christopher Lischewski*, 18-cr-00203-EMC.

## III. Legal Standard

"[A] court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [ ] to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *United States v. Kordel*, 397

U.S. 1, 12 n.27 (1970)). The decision to stay civil proceedings should be made based on the "'particular circumstances and competing interests involved in the case.'" *Id.* at 324 (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). The Court in *Keating* established six factors to be considered when deciding whether to stay civil proceedings:

(1) the extent to which the defendants' Fifth Amendment rights are implicated by the civil proceedings;

(2) the interest of the plaintiffs in proceeding expeditiously with the proceedings and the potential prejudice to plaintiffs caused by a delay;

(3) the burden that the civil proceedings may impose on the defendants;

(4) the court's interest in case management and efficient use of judicial resources;

(5) the interests of individuals who are not party to the civil litigation; and

(6) the public interest in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324-25.

## IV. A Mutual Stay Between AWG and Mr. Lischewski Protects the Public's Interest by Ensuring the Integrity of the Criminal Proceeding

The last *Keating* factor strongly favors granting the requested stay. Where—as here—there is a pending, parallel criminal case, the public interest in uncompromised criminal proceedings is of paramount importance. "[T]he government has a strong interest in protecting and maintaining the integrity of its criminal investigation." *Baker v. SeaWorld Entertainment, Inc.*, No. CV 14-2129-MMA (AGS), 2018 WL 1726534, *3 (S.D. Cal. Apr. 10, 2018) (granting a stay of civil discovery); *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008) (granting a stay of civil SEC enforcement case in light of pending criminal case because "[t]he public has a vital interest in the integrity of public markets, efficient punishment of wrongdoers, and deterrence of similar conduct by other corporate officers"); *S.E.C. v. Christian Stanley, Inc.*, No. CV 11-7147 GHK (MANx), 2012

1  WL 13009158, *6 (C.D. Cal. Sept. 6, 2012) ("[T]he case for staying civil
2  discovery is the strongest after the defendant is indicted and facing a parallel
3  criminal proceeding."); *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996)
4  (granting a stay of civil discovery because "the interests of the Government in
5  protecting its criminal investigation are clearly the paramount concern").

6      While civil defendants have liberal discovery rights, those rights are
7  circumscribed in the criminal context.  For example, the Federal Rules of Criminal
8  Procedure do not allow for depositions of the government's trial witnesses.  The
9  limitations on criminal discovery were purposefully created "to prevent perjury
10 and manufactured evidence, to protect potential witness from harassment and
11 intimidation, and to level the playing field between the government and the
12 defendant, who would be shielded from certain discovery by the Fifth
13 Amendment." *Nicholas*, 569 F. Supp. 2d at 1071-72 (citing *Campbell v. Eastland*,
14 307 F.2d 478, 487 n.12 (5th Cir. 1962)) ("[C]riminal discovery rules were crafted
15 with an eye toward fairness for all concerned—the defendant, the prosecution, and
16 the public.").  In this way, criminal discovery obligations "protect the integrity and
17 truth-seeking function of the criminal process." *Id.* at 1072.  Courts have
18 repeatedly rejected "attempt[s] to use civil discovery mechanisms to obtain
19 disclosures that are otherwise unavailable under the criminal rules." *Id.* (citing
20 cases).

21     A stay is necessary in the AWG matter to protect the criminal proceedings
22 from being compromised by the relatively broad rules of civil discovery.  This
23 Court has already recognized the interest in preventing a criminal defendant from
24 obtaining discovery not authorized in a criminal case when it held that the Third
25 Limited Stay of Discovery applied to all parties, including Mr. Lischewski.  (ECF
26 No. 1348, at 3.)  A reciprocal stay on discovery between AWG and Mr.
27 Lischewski serves the same critical purpose.  For example, absent a stay, Mr.
28 Lischewski would obtain discovery from the government's potential trial

witnesses. This includes taking their depositions, which he already has indicated unequivocally that he intends to take. (ECF No. 1322, at 4.) Further, Mr. Lischewski would be permitted to propound interrogatories and seek additional documentary discovery from his codefendants to the civil action. None of these discovery practices are available to Mr. Lischewski in the criminal case. He should not be permitted to use the civil case to expand his access to discovery beyond the limitations of the Federal Rules of Criminal Procedure. *See S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980).

The government's requested stay is necessary to protect the integrity of its criminal proceedings against Mr. Lischewski and the public's interest in a fair trial.

**V. A Reciprocal Stay of Discovery Between AWG and Mr. Lischewski Protects the Other *Keating* Factors.**

From the government's perspective, the proposed stay is appropriate because it meets the most important *Keating* factor by protecting the integrity of the criminal proceedings. Nonetheless, the proposed stay between also balances the other *Keating* factors by staying discovery between the plaintiff and the only defendant facing criminal indictment.

    a. <u>AWG's Claims Against Mr. Lischewski Implicate His Fifth Amendment Rights</u>

Staying AWG's claims against Mr. Lischewski protects his Fifth Amendment rights because of the overlapping issues in that case and the criminal indictment, as this Court has recognized. (ECF No. 1348, at 3.) Mr. Lischewski has no absolute right to have the claims by AWG stayed pending resolution of the criminal case. *See Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). However, the pending criminal indictment and the other *Keating* factors weigh in favor of the government's proposed stay. While Mr. Lischewski may be deposed as a third party in the other cases in this MDL even if this motion is granted, his

Fifth Amendment interests are mostly acutely implicated in the AWG case, where he is the sole individual defendant, and are thus served by the proposed stay.

   b. <u>The Proposed Stay Minimally Impacts Plaintiff's Interest in Timely Resolution of its Claims and Prejudice from Delay</u>

  The government's proposed stay is tailored to minimally impact AWG's interest in resolving its case expeditiously and avoid harm from an unnecessary delay of proceedings.[2]

  The government is only seeking to stay AWG's claims as to Mr. Lischewski. AWG's claims against the remaining defendants, including Mr. Lischewski's former employer, can proceed. Further, by allowing the criminal case to proceed against Mr. Lischewski before pursuing discovery of its claims, AWG can refine its civil case and tailor its eventual discovery needs based on the outcome of the criminal proceedings. *See Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Moreover, if the government is able to secure a guilty plea or conviction against Mr. Lischewski, this will aid AWG in its ability to secure civil relief. A guilty plea or conviction will eliminate AWG's need to prove civil liability against Mr. Lischewski and allow the company to focus solely on proving damages. Although the government recognizes that its proposed stay delays AWG's ability to pursue its claims against Mr. Lischewski, the government has sought a tailored stay to reduce the impact on AWG's interests. *See, e.g., Petrov v. Alameda County*, No. CV 16-04323-YGR, 2016 WL 6563355 *7 (N.D. Cal. Nov. 4, 2016); *Federal Insurance Co v. Laney*, No CV 12-04708-WHA, 2013 WL 594267 *4 (N.D. Cal. Feb. 14, 2013).

   c. <u>The Proposed Stay Reduces the Burden on Mr. Lischewski</u>

  Absent a stay, Mr. Lischewski would be forced to defend himself in the civil case and the pending criminal indictment at the same time. Because the government's proposed stay is reciprocal between AWG and Mr. Lischewski, he

---

[2] AWG has indicated that it does not intend to oppose the government's motion.

8

will not be subject to discovery in this pending action until the resolution of the criminal proceedings. The potential burden on a defendant from defending multiple cases at the same time weighs in favor of a stay. *Petrov*, 2016 WL 6563355 *5.

Mr. Lischewski has raised concerns regarding the potential burden he would face from being forced to re-do discovery taken by AWG and the other parties at the conclusion of the stay. (ECF No. 1347, at 3.) However, Mr. Lischewski will not have to, and would not be permitted to, simply re-do the discovery that has already been accomplished. He would have access to all other discovery taken by the parties to this MDL action. In fact, his position after the stay will be similar to the position both he and AWG are in right now. Both parties joined the MDL action after significant discovery has been undertaken and have access to these materials. At the conclusion of the criminal proceedings, Mr. Lischewski and AWG will be in a position to discuss what additional discovery is necessary and set appropriate deadlines with this Court for the management of AWG's claims as to Mr. Lischewski.

The remaining defendants named by AWG do not face the same burden as Mr. Lischewski as they are not currently facing indictment. Therefore, the government is not moving to stay discovery as to those defendants at this time. While Mr. Lischewski may claim that the requested discovery stay is "one-sided" because it does not prevent AWG from obtaining discovery as to other defendants, (*see* ECF No. 1347, at 2), that particular circumstance has not been a basis for staying an entire case. Instead, courts have struck the balance in favor of staying claims only as to defendants facing criminal indictment—rather than all defendants—especially where those defendants have no demonstrable claim of burden. *See Petrov*, 2016 WL 6563355 *3 (granting a stay only as to indicted defendants and allowing plaintiff's claims to proceed against remaining defendants); *Laney*, 2013 WL 594267 *3-4 (granting a stay only as to indicted

9

defendants).  *Cf. Quesada v. City of Antioch*, No. CV 08-01567-JL, 2008 WL 4104339 (N.D. Cal. Aug. 29, 2008) (staying the entire case where it was plaintiffs who were facing indictment and those criminal cases provided an avenue for plaintiffs to raise their claims of excessive force and wrongful arrest against defendants).

        d.      <u>The Proposed Stay Minimizes the Impact on Judicial Economy</u>

Resolution of the criminal case would simplify and expedite the civil proceedings before this Court.  *See Bureerong*, 167 F.R.D. at 87 (explaining that resolution of parallel criminal matter "would pare down the issues to be determined in the civil case, and serve the interests of judicial economy by narrowing the focus of the action").  Although AWG's claims against Mr. Lischewski will be delayed pending resolution of the criminal proceedings, the stay will not interfere with this Court's ability to resolve the remaining claims in the AWG case, let alone the other cases in this MDL action.  AWG is currently the only plaintiff to have claims against Mr. Lischewski.  Therefore, this Court will be able to resolve the vast majority of the pending cases and claims against defendants in this MDL action while the stay is in place.  The delay in the resolution of AWG's claims against Mr. Lischewski will not significantly burden this Court's resources.

        e.      <u>Government's Proposed Stay Protects Non-Party Interests</u>

Lastly, non-party interests favor the government's requested relief.  Any criminal convictions obtained by the government will materially aid victims seeking restitution.  Further, a stay will protect non-party trial witnesses from potential intimidation, given Mr. Lischewski's influential role in the packaged-seafood industry; although he has taken a leave of absence from his position as the CEO of Bumble Bee Foods, it is possible that he may return at the conclusion of the criminal proceedings.

## VI. Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion for a stay of discovery between AWG and Mr. Lischewski in the underlying case *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.* until after the conclusion of trial or other final criminal proceedings. In light of ongoing discovery, the government further requests that the requested stay be in effect until the Court rules on the government's motion.

Dated: September 7, 2018

Respectfully submitted,

s/ Leslie A. Wulff

LESLIE A. WULFF
MANISH KUMAR
Trial Attorneys
U.S. Department of Justice
Antitrust Division

# CERTIFICATE OF SERVICE

I certify that on September 7, 2018, I filed the foregoing Motion for Stay of Discovery and Proposed Order with the Clerk of the United States District Court for the Southern District of California by using the Court's CM/ECF system, which will send notifications of these filings to all counsel of record.

By: s/ Leslie A. Wulff
Leslie A. Wulff
U.S. Department of Justice
Antitrust Division