# EXHIBIT 28

LATHAM & WATKINS SF

3 9075 00097 1157

# Indirect Purchaser Litigation Handbook

## Second Edition



ANTITRUST
LAW



AMERICAN BAR ASSOCIATION

# Indirect Purchaser Litigation Handbook

## Second Edition

LIBRARY

AUG 0 9 2016

LATHAM & WATKINS LLP
SAN FRANCISCO



SECTION OF
**ANTITRUST LAW**
Promoting Competition
Protecting Consumers

AMERICAN BAR ASSOCIATION
**Defending Liberty**
**Pursuing Justice**

This volume should be officially cited as:

ABA SECTION OF ANTITRUST LAW,
INDIRECT PURCHASER LITIGATION HANDBOOK, SECOND EDITION (2016)

Cover design by ABA Publishing.

The materials contained herein represent the opinions of the authors and editors and should not be construed to be the views or opinions of the law firms or companies with whom such persons are in partnership with, associated with, or employed by, nor of the American Bar Association or the Section of Antitrust Law unless adopted pursuant to the bylaws of the Association.

Nothing contained in this book is to be considered as the rendering of legal advice for specific cases, and readers are responsible for obtaining such advice from their own legal counsel. This book and any forms and agreements herein are intended for educational and informational purposes only.

© 2016 American Bar Association. All rights reserved. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of the publisher. For permission contact the ABA Copyrights & Contracts Department, copyright@americanbar.org or via fax at (312) 988-6030, or complete the online form at http://www.americanbar.org/utility/reprint.html.

Printed in the United States of America.

20 19 18 17 16   5 4 3 2 1

ISBN: 978-1-63425-452-6
Library of Congress Catalog Number: 2016930084

Discounts are available for books ordered in bulk. Special consideration is given to state bars, CLE programs, and other bar-related organizations. Inquire at Book Publishing, ABA Publishing, American Bar Association, 321 N. Clark Street, Chicago, Illinois 60654-7598.

# CONTENTS

*Foreword* ......................................................................................... xiii
*Preface* ............................................................................................ xv

**Chapter I**                                                                    1
**Introduction**.................................................................................1

**Chapter II**                                                                   3
**Responses to the Illinois Brick Decision**......................................3
A. Congressional Responses .............................................................3
B. Antitrust Modernization Commission ..........................................6
C. Federal Judicial Exceptions and Limitations to *Illinois
   Brick* ..........................................................................................9
   1. Cost-Plus Contract ...............................................................11
   2. Owned or Controlled Direct Purchaser...............................14
   3. Direct Purchaser Coconspirator ..........................................17
   4. Indirect Purchasers Seeking Injunctive Relief....................20
D. State Responses to *Illinois Brick* ..............................................23
   1. State Legislative Responses.................................................24
      a. Basic *Illinois Brick* Repealers .....................................24
      b. Partial Repealers with Limited Plaintiffs .....................24
      c. Consumer Protection Statutes ......................................25
   2. State Jurisprudential Responses...........................................25

**Chapter III**                                                                  27
**Liability for Indirect Purchaser Claims** ......................................27
A. Standing and Liability ................................................................29
   1. Basis for Standing................................................................29
   2. Liability in Indirect Purchaser Suits ...................................31
   3. States with Unique Antitrust Liability Rules.......................36
   4. Applicability of State Antitrust Statutes to Interstate
      Conduct..................................................................................38
   5. Retroactivity .......................................................................41
   6. Collateral Estoppel...............................................................44
B. Alternative Theories of Liability in Indirect Purchaser
   Cases...........................................................................................47
   1. Asserting Indirect Purchaser Claims under a State
      Consumer Protection Statute ...............................................48
   2. Asserting Indirect Purchaser Claims under an Unjust
      Enrichment Theory ...............................................................55
   3. Parallel Theories in Jurisdictions that Recognize
      Indirect Purchaser Standing.................................................60
C. Limitations on Indirect Purchaser Suits ......................................60

courts apply traditional choice-of-law principles and analyze whether due process permits extraterritorial application of a certain state's laws.

## I. Applying State Law to Purchases Made Outside State Borders

### a. Choice of Law

Individual states' choice of law rules may vary in significant ways. For example, some states apply the Second Restatement's "most significant relationship" standard,[104] while others apply an "interest analysis," which analyzes each sovereign's interest in the application of its laws.[105] Still others apply different tests.[106] Determining which standard applies is critical to answering the question of application to extraterritorial purchases.

Regardless, under any application, courts rarely permit an indirect purchaser plaintiff to recover for out-of-state purchases (or for a class plaintiff to achieve certification of a multistate class applying a single state's laws).[107] Rather, most courts rely on some variation of the adage that "the primary aim of antitrust and consumer protection laws generally—and those of indirect purchaser states particularly—is compensating consumers, not policing

---

104. *See* Yelton v. PHI, Inc., 669 F.3d 577, 580 & n.5 (5th Cir. 2012) (under Florida law, "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which . . . has the most significant relationship to the occurrence and the parties . . . .").

105. *See, e.g.*, Kearney v. Salomon Smith Barney, Inc., 137 P.3d 914, 922 (Cal. 2006) (internal quotation marks and quoting citation omitted) (California applies "governmental interest analysis," where "[f]irst, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state . . . .").

106. *See* Symeon C. Symeonides, *Choice of Law in the American Courts in 2012: Twenty-Sixth Annual Survey*, 61 AM. J. COMP. L. 217, 278 (2013) (outlining choice of law tests for all 50 states).

107. *See, e.g.*, *In re* Graphics Processing Units Antitrust Litig., 527 F. Supp. 2d 1011, 1027 (N.D. Cal. 2007) (striking nationwide class allegations).

corporate conduct," and find that interest not served by applying the state's antitrust law to foreign purchases.[108]

Yet, rarely does not mean never. In *Pecover v. Electronic Arts Inc.*,[109] a California federal court applied California's three-part "governmental interest" test and certified a national class applying California antitrust law. In doing so, it first noted California's "'clear and substantial interest in preventing fraudulent practices in this state and . . . legitimate and compelling interest in preserving a business climate free of . . . deceptive practice,'" which gave it a "'legitimate interest in extending state-created remedies to out-of-state parties harmed by wrongful conduct occurring in California.'"[110] Second, the court observed that "foreign states do not have a legitimate interest in limiting the amount of recovery for nonresident plaintiffs under California law."[111] Finally, it held that "the laws of foreign states will not vindicate California's legitimate interests in deterring harmful conduct within its borders, whereas applying California law to nonresident plaintiffs will vindicate foreign states' interests in compensating their residents."[112] The court accordingly certified a nationwide class applying California law to all class members' claims. Given the unique circumstances of the *Pecover* case—a single defendant, resident in California—its impact going forward is unclear.

### b. Constitutional Due Process

The Supreme Court's decision in *Phillips Petroleum Co. v. Shutts*[113] controls the due process analysis given to classwide application of forum law in a multistate class action. *Shutts* requires a two-part analysis.[114]

First, the court must determine whether the forum state's law conflicts with the laws of other implicated states,[115] as "[t]here can be no injury in applying [the forum's law] if it is not in conflict with that of any other jurisdiction connected to [a] suit."[116] Second, if there is a conflict, the court considers whether the forum state has a "significant contact or significant aggregation of contacts" to the claims asserted in the litigation such that the choice of forum law is

---

108.  *In re* Relafen Antitrust Litig., 221 F.R.D. 260, 277 (D. Mass. 2004).
109.  2010 WL 8742757, at *20 (N.D. Cal. 2010).
110.  *Id.* (quoting citations omitted).
111.  *Id.*
112.  *Id.* at *21.
113.  472 U.S. 797 (1985).
114.  *Id.* at 814-23.
115.  *Id.* at 816.
116.  *Id.*