LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Niall E. Lynch (CA 157959)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  415-391-0600
Facsimile:  415-395-8095
*al.pfeiffer@lw.com*
*chris.yates@lw.com*
*belinda.lee@lw.com*
*niall.lynch@lw.com*
*ashley.bauer@lw.com*

*Attorneys for Defendants StarKist Co.
and Dongwon Industries Co., Ltd.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>The Direct Purchaser Plaintiff Class Action Track | Case No. 3:15-md-02670-JLS-MDD<br><br>MDL No. 2670<br><br>**DEFENDANTS' OPPOSITION TO DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**FILED UNDER SEAL**<br><br>**Hearing:**<br>Date:      December 20, 2018<br>Time:      9:00 a.m.<br>Court.:    Room 4D<br>Judge:    Hon. Janis L. Sammartino |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................. 1

II.     BACKGROUND AND STATEMENT OF FACTS ...................................... 3

    A.   The Parties ................................................................................ 3

    B.   Defendants' Different Tuna Procurement and Production
        Costs ......................................................................................... 4

    C.   The Parties' Expert Witnesses .................................................. 6

III.    LEGAL STANDARD .............................................................................. 7

    A.   Predominance ........................................................................... 8

    B.   Uninjured Class Members Must Be *De Minimis* ..................... 9

    C.   Rigorous Analysis and Regression Analyses ............................ 9

IV.     DPPs LACK COMMON PROOF OF CLASSWIDE IMPACT ................. 10

    A.   ██████████████████████████████ ...................... 11

        1.   ███████████████████████████████
        ██████████ ..................................... 11

        2.   ████████████████████████████
        ████████████████████ ........................ 11

    B.   █████████████████████████████ ....................... 14

    C.   DPPs' Claimed "Evidence" of Common Impact Relies on
        Arbitrary and Incorrect Assumptions ██████████ ............ 17

        1.   ███████████████████████████
        ██████████ ..................................... 17

            a.   ████████████████████████
            ██████████ ..................... 18

            b.   ████████████████████████
            ████████████ ................. 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD



2. ██████████████████████████
   ██████████████████ .......................... 20
   a. ████████████████████ .......................... 20
   b. ██████████████████████ .......................... 21
   c. ██████████████████████ .......................... 24

V.  CONCLUSION ................................................................ 25

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## CASES

4
*Am. Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013) ....................................................................................7

5

*Amchem Prod., Inc. v. Windsor*,
6   521 U.S. 591 (1997) ....................................................................................8

7
*In re Asacol Antitrust Litig.*,
  No. 18-1065, 2018 WL 4958856 (1st Cir. Oct. 15, 2018) ...........................9, 13

8

*In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*,
9   140 F. Supp. 3d 339 (D. Del. Oct. 21, 2015), *vacated in part on
  other grounds*, 679 Fed.Appx. 135 (3d Cir. 2017)...................................23

10

*Coleman Motor Co. v. Chrysler Corp.*,
11   525 F.2d 1338 (3d Cir. 1975) ...................................................................15

12
*Comcast v. Behrend*,
  569 U.S. 27 (2013) ................................................................................7, 10

13

*Concord Boat Corp. v. Brunswick Corp.*,
14   207 F.3d 1039 (8th Cir. 2000) ..................................................................15

15
*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ..................................................................................10

16

*Ellis v. Costco Wholesale Corp.*,
17   657 F.3d 970 (9th Cir. 2011) ......................................................................9

18
*Food Lion, LLC v. Dean Foods Co.*,
  312 F.R.D. 472 (E.D. Tenn. 2016) .......................................................13, 16

19

*In re Graphics Processing Units Antitrust Litig.*,
20   253 F.R.D. 478 (N.D. Cal. 2008) ............................................................9, 10

21
*In re High-Tech Emps. Antitrust Litig.*,
  289 F.R.D. 555 (N.D. Cal. 2013) ................................................................9

22

*In re Hydrogen Peroxide Antitrust Litig.*,
23   552 F. 3d 305 (3d Cir. 2008), *as amended* (Jan. 16, 2009)......................8

24
*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  299 F. Supp. 3d 430 (S.D.N.Y. 2018) .......................................................6

25

*In re Lidoderm Antitrust Litig.*,
26   No. 14-md-02521-WHO, 2017 WL 679367 (N.D. Cal Feb, 21,
  2017)...................................................................................................9, 13

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

*In re Lithium Ion Batteries Antitrust Litig.*,
    No. 13-MD-2420 YGR, 2017 WL 1391491 (N.D. Cal. Apr. 12,
    2017).............................................................................................. 7, 10, 23

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ............................................................... 9

*In re Nexium Antitrust Litig.*,
    297 F.R.D 168 (D. Mass. 2013) *aff'd*, 777 F.3d 9 (1st Cir. 2015).................... 14

*In re Optical Disk Drive Antitrust Litig.*,
    303 F.R.D. 311 (N.D. Cal. 2014) ................................................. 8, 11, 25

*In re Photochromic Lens Antitrust Litig.*,
    No. 8:10-CV-00984-T-27EA, 2014 WL 1338605 (M.D. Fla. Apr.
    3, 2014)................................................................................................ 23

*Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*,
    100 Fed. App'x 296 (5th Cir. 2004) ................................................. 10

*In re Plastics Additives Antitrust Litigation*,
    No. 03-CV-2038, 2010 WL 3431837 (E.D. Pa. Aug. 31, 2010)................. 12, 16

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    292 F. Supp. 3d 14 (D.D.C. 2017) ................................................. 9, 13

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    725 F.3d 244 (D.C. Cir. 2013) ................................................. 8, 10, 14, 25

*Reed v. Advocate Health Care*,
    268 F.R.D. 573 (N.D. Ill. 2009) ......................................................... 20

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
    No. 06-1833, 2015 WL 3623005 (E.D. Pa. June 10, 2015) ......................... 14

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .............................................................................. 8

**RULES**

Fed. R. Civ. P.
    23 ...................................................................................... *passim*
    23(a)....................................................................................... 7, 8
    23(b)................................................................................... 7, 8, 10
    23(b)(3)................................................................................. *passim*

Fed. R. Evid. 702 ................................................................................. 10

**OTHER AUTHORITIES**

ABA Section of Antitrust Law, Econometrics: Legal, Practical, and
    Technical Issues 355-56 (2d ed. 2014).............................................. 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1    **I.      INTRODUCTION**

2           This Court should deny Direct Purchaser Plaintiffs' ("DPPs") Motion for

3    Class Certification because DPPs have no common evidence capable of proving

4    that all (or nearly all) of their proposed class was injured by the alleged conspiracy.

5    To meet this heavy burden, DPPs offer only the opinion of their expert witness,

6    Dr. Russell Mangum.  But Dr. Mangum's opinions ████████████████████

7    fall far short of the mark. ████████████████████████████

8    ████████████████████████████████████████████

9    ████████████████████████████████████████████

10   ████████████████████████████████████████████

11   ████████████████████████████████████████████

12   ████████████████████████████

13          All told, Dr. Mangum's opinions fail as proof of classwide impact:

14          1.    ████████████████████████████████

15   ████████████████████████████████████████████

16   ████████████████████████████████████████████

17   ████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████████████████████████████████████████

20   ██████████████████████████████

21          2.    ████████████████████████████████

22   ████████████████████████████████████████

23   ████████████████████████████████████████████

24   ████████████████████████████████████████████

25   ████████████████████████████████████████████

26   ████████████████████████████████████████████

27   ████████████████████████████████████████████

28   ████████████████████

1    3.    Dr. Mangum's 

2

3    self-serving, arbitrary, and contradicted by evidence.  When these assumptions are

4    tested and removed,                                         is not reliable proof of

5    classwide impact:

6         (a)

7

8

9

10

11        (b)

12

13

14

15

16

17

18

19        (c)

20

21

22

23

24

25

26

27

28    Dr. Mangum's opinions assume more than they prove, and it is his

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1    assumptions—on the key issues that his methodology purports to prove—that

2    render his opinion insufficient under Rule 23 and its predominance requirement.

3    DPPs have no methodology capable of *proving* impact to all or nearly all of the

4    proposed class, and their Motion for Class Certification should be denied.

5    **II.**    **BACKGROUND AND STATEMENT OF FACTS**

6      **A.**    **The Parties**

7      DPPs move to certify a class of persons and entities that "directly purchased

8    packaged tuna products . . . from any Defendant at any time between June 1, 2011

9    and July 1, 2015." (DPPs' Mot. for Class Certification, ECF No. 1140, at 1.) This

10    is a markedly shorter time period than was alleged in the operative complaint at the

11    time their Motion was filed. That Complaint (and the others before it) alleged a

12    conspiracy between Bumble Bee Foods LLC ("Bumble Bee"), Tri-Union Seafoods

13    LLC d/b/a/ Chicken of the Sea ("COSI"), StarKist Co. ("StarKist"), and their

14    parent companies (collectively, "Defendants") from at least July 1, 2004 through

15    May 8, 2017. (Third Consol. Direct Purchaser Class Compl., ECF No. 911 ("Third

16    Consol. Compl.") ¶¶ 1-2.)[1] ███████████████████████████

17    ██████████████████████████████████████ (Corrected Decl.

18    of Russell W. Mangum, III, ECF No. 1192 ("Mangum Decl.") ¶ 8.)

19      Defendants Bumble Bee, COSI, and StarKist are suppliers of packaged tuna.

20    ████████████████████████████████████████

21    ████████████████████████████████████████

22    ████████████████████████ ██████████████████

23    ████████████████████████████████████

24    ████████████████████████████████████████

25

26    [1]    DPPs filed an amended complaint on October 5, 2017, just 11 days ago and

27    ████████████████████████████████████████

28    "Ex." refers to the Exhibits to the Declaration of Belinda S Lee in Support of
Defendants' Opposition to DPPs' Motion for Class Certification, filed herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1 

2

3

4 **B. <u>Defendants' Different Tuna Procurement and Production Costs</u>**

5 Bumble Bee, COSI, and StarKist have very different procurement and

6 processing practices, which means that ( )

7 the three companies have very different cost structures.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1    **C.**     <u>**The Parties' Expert Witnesses**</u>

2         DPPs retained Dr. Russell W. Mangum, III, ███████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    Dr. Mangum begins his analysis with a ███████████████████████

6    ████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ██████████████████████████████████████

9           ████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ████████████████████████████████████████████

14   ████████████████████████████████████████████

15   ████████████████████████████████████████████████

16   ████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ███████████████████████████████████ *See In re LIBOR-*

19   *Based Fin. Instruments Antitrust Litig*., 299 F. Supp. 3d 430, 494 (S.D.N.Y. 2018)

20   ("████████████████████████████████").

21         ████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████

25   ████████████████████████████████████████████████

26   ████████████████████████████████████████

27   ████████████████████████████████████████████

28   ████████████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD



Defendants retained Dr. John H. Johnson, IV, the President and CEO of Edgeworth Economics and former economics professor at Georgetown University and University of Illinois at Urbana-Champaign.  (Ex. 5, Johnson Rep. ¶¶ 5-6.) Dr. Johnson has testified in numerous cases involving class certification and antitrust liability and damages, and has been accepted as an expert in economics, econometrics, and statistics by numerous federal courts.  (*Id.* ¶ 6.)

## III.    <u>LEGAL STANDARD</u>

As the Supreme Court has stated:  "Rule [23] imposes stringent requirements for certification that in practice exclude most claims."  *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013).  Plaintiffs must satisfy all four of Rule 23(a)'s subsections—numerosity, commonality, typicality, and adequacy—and at least one subsection of Rule 23(b).  *See Comcast v. Behrend*, 569 U.S. 27, 33 (2013).  A plaintiff's failure to carry its burden under every prong of Rule 23(a)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1    and at least one prong of Rule 23(b) precludes certification.  *In re Lithium Ion*

2    *Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2017 WL 1391491, at *2-3

3    (N.D. Cal. Apr. 12, 2017) ("*Batteries*").

4    ## A.    Predominance

5          By proceeding under Rule 23(b)(3), DPPs must show that:  (1) "questions of

6    law or fact common to class members predominate over any questions affecting

7    only individual members"; *and* (2) class litigation is "superior to other available

8    methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P.

9    23(b)(3).  The Supreme Court has explained that a common issue "is capable of

10   classwide resolution" when its truth or falsity can be resolved "in one stroke."

11   *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Predominance "tests

12   whether proposed classes are sufficiently cohesive to warrant adjudication by

13   representation," and is similar to, but more demanding than the commonality

14   analysis under Rule 23(a).  *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 623

15   (1997).  As the D.C. Circuit observed, "class certification is far from automatic" in

16   cases seeking to satisfy Rule 23(b) under the predominance requirement.  *In re*

17   *Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252 (D.C. Cir. 2013)

18   ("*Rail Freight I*").

19         In price-fixing cases, Rule 23(b)(3) requires a showing that common

20   evidence will predominate on *every* element of a Sherman Act Section 1 claim:

21   "(1) whether there was a conspiracy to fix prices in violation of the antitrust laws;

22   (2) the fact of plaintiffs' antitrust injury, or 'impact' . . . and (3) the amount of

23   damages sustained as a result of the antitrust violations."  *In re Optical Disk Drive*

24   *Antitrust Litig.*, 303 F.R.D. 311, 318 (N.D. Cal. 2014) ("*ODD*").[3]  Antitrust

25

26   [3]    This means that common evidence about the existence of a conspiracy, such
      as guilty pleas or *per se* antitrust allegations, is not sufficient to certify a class.
27   *See, e.g.*, *In re Hydrogen Peroxide Antitrust Litig.*, 552 F. 3d 305, 308 n.2, 325 (3d
      Cir. 2008), *as amended* (Jan. 16, 2009) (reversing grant of class certification where
28   two defendants had pleaded guilty); *ODD*, 303 F.R.D. at 325 (denying certification
      after one defendant and four employees pleaded guilty).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1    plaintiffs have the burden of presenting a "method for proving impact on a class-

2    wide basis." *In re High-Tech Emps. Antitrust Litig.*, 289 F.R.D. 555, 566 (N.D.

3    Cal. 2013) ("*High Tech Emps.*") (collecting cases). If a methodology cannot

4    determine classwide impact in one stroke, Rule 23 is not satisfied and certification

5    should be denied. *Id.*; *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D.

6    478, 496 (N.D. Cal. 2008) ("*GPU*") (finding no predominance because the expert's

7    methodology could not determine impact to the class with a single regression).

8         **B.**    **Uninjured Class Members Must Be *De Minimis***

9         DPPs' method for proving classwide impact must be capable of showing that

10    the alleged conspiracy impacted "all (or nearly all)" of the proposed class. *High-*

11    *Tech Emps.*, 289 F.R.D. at 567. Certification is only proper when "the uninjured

12    parties represent a *de minimis* portion of the class." *See In re Lidoderm Antitrust*

13    *Litig.*, No. 14-md-02521-WHO, 2017 WL 679367, at *11, 20 (N.D. Cal. Feb. 21,

14    2017) ("*Lidoderm*"); *see also In re Asacol Antitrust Litig.,* No. 18-1065, 2018 WL

15    4958856, at *6-10 (1st Cir. Oct. 15, 2018) ("*Asacol*") (reversing class certification

16    because district court had erred in holding that 10% uninjured class numbers was

17    *de minimis*); *accord In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F.

18    Supp. 3d 14, 135 (D.D.C. 2017) ("*Rail Freight IV*") ("The Court views the 'all or

19    virtually all' and the 'de minimis' standards as two sides of the same coin.").[4]

20         **C.**    **Rigorous Analysis and Regression Analyses**

21         "Before certifying a class, the trial court must conduct a 'rigorous analysis'

22    to determine whether the party seeking certification has met the prerequisites of

23    Rule 23." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012)

24    (citations omitted). This means courts must resolve "factual disputes necessary to

25    determine" whether Rule 23 is satisfied, including those "staged [by] a battle of the

26    _____

27    [4] ███████████████████████████████████████

28    ███████████████████████████████████ this standard, Defendants use this phrasing.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1  experts." *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 982-84 (9th Cir. 2011);

2  *see also Comcast*, 529 U.S. at 35 (requiring "a determination that Rule 23 is

3  satisfied, even when that requires inquiry into the merits of the claim").

4      The Supreme Court's mandate of a "rigorous analysis" at the class

5  certification stage applies with particular force to the scrutiny of an expert's

6  regression models.  "Rule 23 not only authorizes a hard look at the soundness of

7  statistical models that purport to show predominance—the rule commands it."

8  *Rail Freight I*, 72 F.3d at 255.  As the Supreme Court explained, courts should not

9  simply rubber stamp regression models:  "Under that logic, at the class-

10  certification stage *any* method of measurement is acceptable so long as it can be

11  applied classwide[.]"  *Comcast*, 569 U.S. at 35-36 (emphasis in original); *see also*

12  *Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 100 Fed. App'x 296,

13  299 (5th Cir. 2004) (multiple regression analysis is "not a magic formula"); *GPU*,

14  253 F.R.D. at 491 (certification is not "automatic every time counsel dazzles the

15  courtroom with graphs and tables."); ABA Section of Antitrust Law,

16  Econometrics: Legal, Practical, and Technical Issues 355-56 (2d ed. 2014)

17  ("[R]egression analysis will always yield a result.  Whether a regression is useful

18  for assessing classwide impact is a different question.").[5]

19  ## IV.   DPPs LACK COMMON PROOF OF CLASSWIDE IMPACT

20      DPPs have not satisfied Rule 23(b)(3) because their methodology for

21  evaluating and measuring impact to the proposed class:  █████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████

24

25  [5]    Although Rule 23(b)(3)'s predominance requirement is more stringent than
    the admissibility standards set forth by Federal Rule of Evidence 702 and *Daubert*
26  *v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Dr. Mangum's methodology
    and analyses are flawed and unreliable such that they would be inadmissible under
27  those standards as well. *See, e.g., Batteries*, 2017 WL 1391491, at *18 ("[W]hile
    the Court does not find [plaintiffs' expert] Dr. Noll's methodology to be unreliable,
28  it does find that Dr. Noll's analysis ultimately does not satisfy DPPs' burden under
    Rule 23(b)'s predominance requirement.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

**A.** ████████████████████████████████

████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████████████

███████████████████████████████████

███████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

███████████████

**1.** ██████████████████████████████████

████████████████████████████

███████████████████████████████████

████████████████████████████████████

██████████████████████████████████

█████████████████████████████████

██████████████████████████████████

█████████████████████████████████

█████████████████████████████████

████████████████████████████████████

███████████████████████████████████

███████████████

**2.** ████████████████████████████████

██████████████████████████████████

█████████████████████████████████

███████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ████████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 ██████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████ *In re Plastics Additives*

13 *Antitrust Litigation*, where the court found the plaintiffs could not rely on the

14 results of a "pooled" regression to demonstrate common impact.  No. 03-CV-2038,

15 2010 WL 3431837, at *16-17, 19 (E.D. Pa. Aug. 31, 2010) ("*Plastics*").  There,

16 plaintiffs presented a "pooled" regression that, ██████████████████████████

17 ████████████ estimated a single industry-wide overcharge. *Id*. at *15-16.  The

18 defendants' expert tested the pooled regression by running regressions individually

19 for class members and found that the individual regressions showed no proof of

20 impact to substantial portions of the proposed class.  *Id*. at *16-17.  The *Plastics*

21 court credited the results of the individual regressions defendants tested,[6] and

22 rejected the plaintiffs' model because "the single estimates produced by [plaintiff

23 expert's] regressions are in fact not representative of individual class member

24

25 ─────────────────────

[6] In *Plastics*, the defendants' expert modified the plaintiffs' pooled regression

26 to run different individual regressions for each direct purchaser. ████████████████

27 ████████████████████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████████████████████

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1   experience."  *Id*. at 16; *see also Food Lion, LLC v. Dean Foods Co.*, 312 F.R.D.

2   472, 489 (E.D. Tenn. 2016) (rejecting model that "assumes that the average

3   overcharge applies to each individual class member and each product in each zip

4   code" because when run on a "zip code by zip code basis . . . [the] model showed

5   no evidence of impact for 26.3% of zip codes"). ███████████████████

6   ██████████████████████████████████████████

7   ██████████████████████████████████████

8   ███████████████████████████████████

9   ████████████████████████████████████

10  ████████████████████████████████████████

11  ███████████

12  █████████████████████████████████████

13  ████████████████████████████████████████

14  ████████████   Just yesterday, the First Circuit reversed an order granting class

15  certification for lack of predominance.  The district court had determined that 10%

16  uninjured class members was *de minimis*, but the First Circuit reversed, finding

17  that the individual inquiries required to determine which of the 10% had been

18  injured would "predominate and render adjudication unmanageable[.]"  *Asacol*,

19  2018 WL 4958856, at *2-3, 8, 11-12.  The *Rail Freight* district court, on remand,

20  similarly found that 12.7% of a class "is beyond the outer limits of what can be

21  considered *de minimis* for purposes of establishing predominance."  *Rail Freight*

22  *IV*, 292 F. Supp. 3d at 137-38 (observing that 5% to 6% appears to constitute the

23  "outer limits" of the *de minimis* threshold). ████████████████

24  ███████████████████████████████████

25  ████████████████████████   *See Lidoderm*, 2017 WL 679367, at *11,

26  ──────────────────────

27  [7] █████████████████████████████████████████

28  ████████████████████████████████████████



LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1　██████████████████████████████████████████████

2　███████████████████████████████████████

3　████████████████████████████████████

4　████████████████████████████████████

5　█████████████████████████████████████

6　██████████████████████████████████

7　████████████████████████████████████

8　████████████████████████████████ DPPs have

9　failed to demonstrate predominance under Rule 23, and their Motion should be

10　denied.

11　　　**B.**　████████████████████████████████

12　████████████████████

13　███████████████████████████████

14　████████████████████████████████

15　█████████████████████████████

16　██████████████████████████

17　██████████████████████████

18　███████████████████████████

19　████████████████████████████

20　█████████████████████████████

21　██████████

22　███████████████████████████

23　██████████████████████ *Rail Freight I*,

24　725 F.3d at 252-53 (vacating class certification based on district court's failure to

25　consider the effect of false positives). ████████████████

26　████████████████████████████████████████

27　████████████████████████████████████████

28　█████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD



1  █████████████████████████████████████████

2  ████████████████████████████████  *See, e.g., Concord*

3  *Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000) (rejecting

4  damages model that "failed to account for market events that both sides agreed

5  were not related to any anticompetitive conduct" and "did not separate lawful from

6  unlawful conduct"); *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1353

7  (3d Cir. 1975) (vacating judgment where expert failed to distinguish between

8  "losses resulting from unlawful, as opposed to lawful, competition.").[8]

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████

3 ████████████████████████████████████████████████████

4 ███████████████████████████████████████████████

5 ██████████████████████████████████████████████████

6 These are not cherry-picked results. █████████████████████

7 █████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████

9 ███████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████

11 █████████████████████████████████████████████████████████

12 ████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 █████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ██████████████████ *See Food Lion,* 312 F.R.D. at 495 (denying class certification

20 in part because plaintiffs' proffered regression model "does not reliably measure

21 the effect of the alleged conspiracy" since it "does not find zero overcharges for

22 these purchases [that were unrelated to the conspiracy]"); *Plastics*, 2010 WL

23 3431837, at *17 ("Plaintiffs' proposed method of proof demonstrates impact where

24 _____

25 [10] ████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1   there in fact was none, [and therefore the] motion for certification will be

2   denied.").

3

4       **C.**    **DPPs' Claimed "Evidence" of Common Impact Relies on**

5          **Arbitrary and Incorrect Assumptions**

6

7

8

9

10

11

12

13       As such, DPPs lack reliable common proof of classwide impact.

14          **1.**

15

16

17

18

19

20

21

22

23

24

25   11

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1      **a.** ███████████████████████████

2  ███████████████████████████████**ss Period**

3      Until recently, DPPs consistently alleged a conspiracy that lasted from

4  July 1, 2004 to May 8, 2017.  (*See* Third Consol. Compl. at ¶¶ 2, 225.)

5  ████████████████████████████████████

6  ███████████████████████████████████

7  ████████████████████████████████████

8  ██████████████████████████████████

9  ███████████████████████████

10  ██████████████████████████████

11  ████████████████████████████

12  █████████████████████████████

13  ████████████ █████████████████

14  ███████████████████████████

15  ██████████████████████████████████

16  ████████████████████████████

17  ███████████████████████

18      **b.** ████████████████████████████

19  ███████████████████████████████

20  ████████████████████████████████

21  ███████████████████████████████████

22  _____

23  [12] ███████████████████████████████

24  ████████████████████████████████

25  ██████████████████████████ EPPs maintained their original,
longer class period in another amended complaint filed *after* EPPs' motion.  (Fifth

26  Am. Consol. Class Action Compl. of the Indirect Purchaser End Payer Pls., ECF
No. 1208, ¶ 2.)  It was not until after Defendants' October 2, 2018 opposition to

27  EPPs' motion ███████████████████████████████

28  ███████████████████████ (Sixth Am. Consol. Class Action Compl. of the
Indirect Purchaser End Payer Pls., ECF No. 1461, ¶ 2.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26　　　　　　　　　　　DPPs may not put forth "just *any* method for proving

27

28　　¹³　　Dr. Mangum states that there may have been some impact in the last months
of Benchmark 2, leading up to the beginning of the Class Period. (*Id.* ¶ 164.)

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1  common impact on a classwide basis"—their methodology must be "a reliable

2  means of common proof."  *Reed v. Advocate Health Care*, 268 F.R.D. 573, 593

3  (N.D. Ill. 2009) (emphasis in original).  DPPs cannot satisfy this burden with Dr.

4  Mangum's ████████████████

5  **2.** ████████████████████████████████████



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15       **b.**

16

17

18

19

20

21

22

23

24

25

26

27

14

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO
21
DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD



1
2
3
4
5
6
7
8
9
10
11

12 in *Batteries*, the court rejected a regression model that did not

13 incorporate actual cost data from all Defendants for all products. *See*, *e.g.*,

14 *Batteries*, 2017 WL 1391491, at *17-18 ("Dr. Noll's analysis fails to provide a

15 firm foundation for class certification because he was unable to complete an

16 analysis based on the actual cost data for any products other than [one defendant's

17 products]."). The *Batteries* court acknowledged that, although it was "unclear

18 where to lay the blame" for the missing data, "the [c]ourt nevertheless cannot

19 ignore the large gaps in the evidence supporting the ability to demonstrate impact

20 and damages on a class-wide basis." *Id.* at *17-18 (denying direct purchaser

21 plaintiffs' motion because their regression was "based on incomplete and

22 admittedly insufficient data sets."); *see also In re Class 8 Transmission Indirect*

23 *Purchaser Antitrust Litig.*, 140 F. Supp. 3d 339, 353 (D. Del. Oct. 21, 2015),

24 *vacated in part on other grounds*, 679 Fed.Appx. 135 (3d Cir. 2017)  (denying

25 class certification when the expert's model excluded available data that was related

26 to the prices it was trying to predict); *In re Photochromic Lens Antitrust Litig.*, No.

27 8:10-CV-00984-T-27EA, 2014 WL 1338605, at *23 (M.D. Fla. Apr. 3, 2014)

28 "([Direct purchaser plaintiffs] fail to provide a workable methodology for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1  demonstrating that the claims can be proven with common evidence because [their

2  expert] failed to use the actual transactional prices when that data was available.").



20  compromise his model's reliability and it should

21  be rejected for this reason alone.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1  ███████████████████████████████████████████████████

2  ███████████████████████████████████████████████████

3  ██████████████████████████████████████████

4  ███████████████████████████████████████████████

5  ██████████████████████  At either level, DPPs have failed to show impact to

6  all or nearly all of their proposed class.

7                                     * * *

8  ███████████████████████████████████████████

9  ███████████████████████████████████  Rule 23

10  "commands" courts to take a "hard look at the soundness of statistical models that

11  purport to show predominance."  *Rail Freight I*, 725 F.3d at 255; *see also ODD*,

12  303 F.R.D. at 320 ("[T]he inquiry must be to determine if the proffered expert

13  testimony has the requisite integrity to demonstrate class-wide impact.").

14  Dr. Mangum's Pooled DPP Model and its unsupported assumptions are not proof

15  of classwide impact, and DPPs' Motion should be denied.

16  **V.    CONCLUSION**

17        DPPs have no common method capable of proving antitrust injury to all or

18  nearly all of the class they seek to certify, and therefore, DPPs' Motion for Class

19  Certification should be denied.

20

21

22

23

24  ─────────────────

25  [15] ████████████████████████████████████████████████

26  ███████████████████████████████████████████████████

27  ███████████████████████████████████████████████

28  ███████████████████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1    Dated: October 16, 2018              Respectfully submitted,

2

3                                         By:  s/ Belinda S Lee

4                                         **LATHAM & WATKINS LLP**
                                             Alfred C. Pfeiffer
5                                            Christopher S. Yates
                                             Belinda S Lee
6                                            Niall E. Lynch
                                             Ashley M. Bauer
7
                                          505 Montgomery Street, Suite 2000
8                                         San Francisco, CA 94111-6538
                                          Telephone:  (415) 391-0600
9                                         Facsimile:  (415) 395-8095
                                          Email:      Al.Pfeiffer@lw.com
10                                                     Chris.Yates@lw.com
                                                       Belinda.Lee@lw.com
11                                                     Niall.Lynch@lw.com
                                                       Ashley.Bauer@lw.com
12
                                          *Counsel for Defendants StarKist Co. and*
13                                        *Dongwon Industries Co., Ltd.*

14

15   Dated: October 16, 2018              By:  s/ Kenneth A. Gallo

16
                                          **PAUL, WEISS, RIFKIND, WHARTON**
17                                        **& GARRISON LLP**
                                             Kenneth A. Gallo
18                                           Craig A. Benson
                                             Joseph J. Bial
19                                        2001 K Street, NW
                                          Washington, DC  20006-1047
20                                        Telephone:  (202) 223-7356
                                          Facsimile:  (202) 204-7356
21                                        Email:      kgallo@paulweiss.com
                                                      cbenson@paulweiss.com
22                                                    jbial@paulweiss.com

23                                           William B. Michael (NY 4296356)
                                          1285 Avenue of the Americas
24                                        New York, NY 10019-6064
                                          Telephone:  (212) 373-3648
25                                        Facsimile:  (212) 492-0648
                                          Email:      wmichael@paulweiss.com
26
                                          *Counsel for Defendant*
27                                        *Bumble Bee Foods, LLC*

28

1  Dated: October 16, 2018            By:  s/ John Roberti

2

3                                     **ALLEN & OVERY LLP**
                                        John Roberti
3                                       Kelse Moen
                                        Jana Steenholdt
4                                     1101 New York Avenue N.W.
                                      Washington, D.C. 20005
5                                     Telephone:  (202) 683-3800
                                      Facsimile:  (202) 683-3999
6                                     Email:      john.roberti@allenovery.com
                                                  kelse.moen@allenovery.com
7                                                 jana.steenholdt@allenovery.com

8
                                        Brian Fitzpatrick
9                                       Joshua L. Shapiro
                                      1221 Avenue of the Americas
10                                    New York, NY 10020
                                      Telephone:  (212) 610-6300
11                                    Facsimile:  (212) 610-6399
                                      Email:      brian.fitzpatrick@allenovery.com
12                                                joshua.shapiro@allenovery.com

13                                    *Counsel for Defendants Tri-Union Seafoods*

14                                    *LLC d/b/a Chicken of the Sea International*
                                      *and Thai Union Group PCL*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

# SIGNATURE ATTESTATION

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

October 16, 2018

s/  Belinda S Lee
Belinda S Lee

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD

1

## **CERTIFICATE OF SERVICE**

2       I certify that on October 16, 2018, I filed the foregoing document with the

3  Clerk of the Court for the United States District Court, Southern District of

4  California, by using the Court's CM/ECF system, which will serve electronic

5  notification of this filing to all counsel of record.  I further certify that on October

6  16, 2018, I caused counsel of record to be served with a true, correct, and un-redacted

7  copy of the foregoing document via e-mail.

8

9   October 16, 2018                              s/ Belinda S Lee

10                                                 Belinda S Lee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

DEFENDANTS' OPP. TO DPPs' MOT.
FOR CLASS CERTIFICATION
NO. 3:15-MD-2760-JLS-MDD