BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

*Interim Lead Counsel for the End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br>_____<br>This Document Relates To:<br>The Indirect Purchaser End Payer Actions | Case No. 15-MD-2670 JLS (MDD)<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR ORDER EXTENDING THE DEADLINE FOR END PAYER PLAINTIFFS TO FILE THEIR REPLY IN FURTHER SUPPORT OF CLASS CERTIFICATION BY ONE WEEK**<br><br>JUDGE:  Hon. Janis L. Sammartino<br>CTRM:   4D (4th Floor – Schwartz) |

No. 15-MD-2670 JLS (MDD)

## I. INTRODUCTION

The Indirect Purchaser End Payer Plaintiffs ("EPPs") bring this unopposed *ex parte* application seeking a very limited (one week) modification of the scheduling order for good cause consistent with Rule 16(b)(4) of the Federal Rules of Civil Procedure (hereinafter "Rule(s)") and request an order modifying the Scheduling Order (ECF No. 877) under Rule 16(b) of the Federal Rules of Civil Procedure to extend the deadline for the EPPs to file their Reply in response to Defendants' Opposition to the EPPs' Class Certification (ECF No. 1411) and in further support of the EPPs' Motion for Class Certification (ECF No. 1130) – from November 13, 2018 to November 20, 2018. This request for a very brief seven (7) day extension of time is unopposed by Defendants. The extension will affect no other date in the case schedule.

Good cause exists for granting the relief sought by this *ex parte* application. The narrow relief sought here (a week's extension of a Reply deadline) will have no impact on the case schedule, avoids substantial legal and procedural prejudice to the EPPs and does not delay or prejudice Defendants in any way.

## II. BACKGROUND

Pursuant to the Court's Order Granting Joint Scheduling Proposal, EPPs' Motion for Class Certification was filed on May 29, 2018. Under the same Order, other significant deadlines have been imposed such as: the completion of fact discovery by November 27, 2018; initial expert reports by January 22, 2019; dispositive motions to be filed by August 20, 2019; and the hearing on dispositive motions is scheduled for December 19, 2019. *Id*. Trial has not yet been scheduled. This request for a short delay of one week to file a Reply has no impact on these significant milestones in the case schedule.

As discussed in detail below, the parties reached an impasse in scheduling the deposition of an expert proffered by Defendants as part of the class certification briefing. The impasse was caused by the limited availability of Defendants' expert

- 1 -

Case 3:15-md-02670-JLS-MDD   Document 1526   Filed 10/19/18   PageID.108702   Page 3 of 9

for deposition combined with the impact of multiple overseas depositions. After diligently meeting and conferring over several weeks, the parties reached a mutually agreeable date of Friday, November 9th, for the deposition of Defendants' expert; however, the filing deadline for the EPPs' Reply in further support of their Motion for Class Certification is Tuesday, November 13th. The EPPs cannot adequately prepare their Reply in only one business day after deposing Defendants' expert. EPPs would be substantially prejudiced both legally and procedurally if forced to do so. Good cause exists for a very short extension of time (one week) for filing the EPPs' Reply because: (i) the EPPS diligently attempted to resolve the scheduling impasse based on the lack of availability of Defendants' expert; (ii) there is no prejudice to Defendants in terms of delay or timing; and (iii) there is absolutely no impact on the case schedule. In fact, Defendants made no claim of prejudice and take no position with regard to the relief requested.

### A. Scheduling Order Re: Class Certification Briefing

As required by the Scheduling Order (ECF No. 877), on May 29, 2018, the EPPs filed their Motion for Class Certification (ECF No. 1130) ("EPPs' Class Certification Motion"). In support of the EPPs' Class Certification Motion, the EPPs provided an expert report by Dr. David Sunding. Approximately three months later, on September 7, 2018, Defendants deposed the EPPs' expert, Dr. Sunding. *See* Declaration of Thomas H. Burt in Support of *Ex Parte* Application ("Burt Decl."), ¶ 3 (filed concurrently herewith).

On October 2, 2018, approximately three weeks after the EPPs' expert was deposed, the Defendants filed their Opposition to the End Payer Plaintiffs' Motion for Class Certification (ECF No. 1411) ("Defendants' Opposition"). In support of the Defendants' Opposition, the Defendants provided an expert report by Dr. Laila Haider. Under the Scheduling Order, the EPPs Reply in further support of their Class Certification Motion and in response to Defendants' Opposition ("EPPs' Reply") is due on November, 13, 2018.

No. 15-MD-2670 JLS (MDD)

### B. Extension Time in the Other Class Briefing

On September 27, 2018, the parties filed a Joint Motion for Extension of Time to File Response/Reply to the Direct Purchaser Plaintiffs' Motion for Class Certification ("DPPs' Class Certification Motion") (ECF No. 1393). The parties requested that the Defendants' Response and the Reply to the DPPs' Class Certification Motion be extended by two weeks. On September 28, 2018, the Court granted this relief (ECF No. 1396). On October 16, 2018, Defendants filed their Opposition to the DPPs' Class Certification Motion (ECF No. 1515). The DPPs' Reply is now due on or before November 27, 2018 (ECF No. 1396).

### C. Scheduling Defendants' Expert Deposition

Immediately after Defendants' Opposition to the EPPs' Class Certification Motion was filed, on October 3, 2018, the parties began to meet and confer on scheduling the deposition of Defendants' expert, Dr. Haider. *See* Burt Decl., ¶ 6. On October 3, 2018, Defendants advised counsel for the EPPs that Dr. Haider was available for deposition in Washington, D.C. on October 26, 2018. *Id.*

On October 11, 2018, counsel for the EPPs responded that October 26, 2018 would not work. Preparation for an October 26th expert deposition was made impractical because counsel most involved in working with the experts were also traveling and engaged in depositions overseas. *Id.*, ¶ 7. Counsel for the EPPs asked if Dr. Haider was available the following week, October 29th to November 2nd. *Id.*

In response, Defendants stated that Dr. Haider was not available the week of October 29th but offered the date of November 9, 2018. *Id.*, ¶ 8. On October 12, 2018, a day later, aware that Friday November 9th gave the EPPs insufficient time to prepare their Reply brief, counsel for the EPPs asked if Dr. Haider was available on November 5, 2018. *Id.* With an expert deposition date on Friday November 9th and a filing deadline of Tuesday November 13th for the EPPs' Reply, the EPPs would have insufficient time following Dr. Haider's deposition to undertake any additional

econometric analysis necessary or beneficial and to utilize it promptly in a Reply brief. This timing creates substantial legal and procedural prejudice to the EPPs.

On October 12, 2018, Defendants responded that "November 9 is the only day that Dr. Haider is available for deposition. Let us know if we should continue to hold it open." *Id.*, ¶ 9. On the same day, counsel for the EPPs responded that although the Friday November 9th date failed to provide sufficient time for the EPPs to prepare their Reply by Tuesday November 13th but that November 9th was an agreeable date if a short extension of the EPPs' Reply filing deadline was acceptable. *Id.* Counsel for the EPPs noted that would be no "meaningful disruption" of the schedule since the short extension would set the deadline for the EPPs' Reply at least one week before the DPPs' Reply. *Id.* In response, the Defendants declined to provide any other dates and would not agree to an extension of the filing deadline. *Id.* Accordingly, the EPPs accepted the November 9 date and stated that they would seek relief from the Court as to the date for the Reply.

On October 17, 2018, Counsel for the EPPs gave notice to Defendants of their intent to file this *ex parte* application.

### D.   Errata to Expert Report Filed

Concurrent with this exchange, on October 12, 2018, ten days after her original report, the Defendants also filed an Errata to the Expert Report of Dr. Laila Haider which included revisions to several numbers and citations in her report. ECF No. 1503.

### E.   Impasse Reached in Scheduling

Again, on October 12, 2018, counsel for the EPPs requested that the Defendants agree to a short extension of time so that the mutually agreeable date of November 9th could be accepted. Burt Decl., ¶ 11.

On October 15, 2018, Defendants responded and provided two additional dates – November 7th or 8th. *Id.*, ¶ 12. Unfortunately, counsel for the EPPs are now unavailable on those dates. *Id.*

1    As a result, the parties reached an impasse as to a one week extension for the
2 Reply. The November 9th date was "locked in." Defendants then stated that they
3 would take no position on the EPPs' requested relief for a one week extension of
4 time to file their Reply. *Id.*, ¶ 13. An extension allows for a mutually agreeable
5 deposition date for all parties, including Defendants' expert, with no legal or
6 procedural prejudice to EPPs, no meaningful disruption of the schedule and no
7 prejudice to the Defendants.

8 **III.   MEET AND CONFER WITH DEFENDANTS & NOTICE**

9    As set forth above, counsel for the EPPs diligently met and conferred with
10 Defendants for the relief sought, and on October 17, 2018, Counsel for the EPPs
11 gave notice to Defendants of their intent to file this *ex parte* application. Defendants
12 do not oppose this request for a one week extension to file the EPPs' Reply.

13 **IV.   LEGAL STANDARD**

14    In order to extend a deadline in the Court's pretrial scheduling order, EPPs
15 must satisfy Rule 16(b), pursuant to which a pretrial scheduling order "may be
16 modified only for good cause and with the judge's consent." Fed. R. Civ. P.
17 16(b)(4). *See also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608-09 (9th
18 Cir. 1992). The decision to modify a scheduling order is within the broad discretion
19 of the district court. "The district court may modify the pretrial schedule 'if it
20 cannot reasonably be met despite the diligence of the party seeking the extension.'"
21 *Id*. at 609 (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).
22 *See Kaseberg v. Conaco,* No. 15-cv-01637-JLS (DHB), 2017 U.S. Dist. LEXIS
23 116318, at *15  (S.D. Cal. July 25, 2017) (party diligent in seeking modification if
24 sought once it became apparent that modification was needed and modification not
25 foreseen or anticipated at earlier date).  Essentially, "the focus of the inquiry is upon
26 the moving party's reasons for seeking modification." *Id*. at *13-14.

27
28

- 5 -

## V. ARGUMENT

### A. Good Cause Exists

Good cause exists for granting the relief sought by this unopposed *ex parte* application. After diligently meeting and conferring with Defendants, the EPPs immediately sought this nominal modification of the Scheduling Order. The scheduling impasse created by the limited availability of Defendants' expert for deposition combined with the impact of multiple depositions scheduled in Bangkok and Seoul could not have been reasonably foreseen or anticipated when the original Scheduling Order was negotiated by the parties. With the only mutually agreeable deposition date for Defendants' expert being Friday November 9th combined with a filing deadline of Tuesday November 13th for the EPPs' Reply, the EPPs would have insufficient time (one business day) following Dr. Haider's deposition to undertake any additional econometric analysis necessary or beneficial to their position and to utilize it promptly and adequately in their Reply. Failure to allow for this nominal one week modification of this class certification briefing deadline would result in substantial legal and procedural prejudice to the EPPs.

Good cause exists for this nominal modification of the Scheduling Order (a one week extension for filing the EPPs' Reply) because: (i) the EPPS diligently attempted to resolve the scheduling impasse based on the lack of availability of Defendants' expert; (ii) the extension allows for a mutually agreeable deposition date for Defendants' expert without creating substantial legal and procedural prejudice to EPPs (iii) there is no prejudice to Defendants in terms of delay or timing; and (iv) there is absolutely no meaningful impact on the case schedule. In fact, Defendants made no claim of prejudice and take no position with regard to the relief requested.

### B. Granting This Motion Will Not Prejudice Defendants or Disrupt the Case Schedule

A short extension of time under the circumstances would cause no legal prejudice to Defendants given the limited request of one week and because it is a Reply. "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westland Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id*. Furthermore, "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in legal prejudice. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (internal quotations omitted).

## VI. CONCLUSION

Based upon the foregoing, EPPs respectfully request that this Court grant their motion for an order extending their deadline to file their Reply in further support of their Class Certification Motion from November 13, 2018 to November 20, 2018.

DATED: October 18, 2018

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
FRED TAYLOR ISQUITH
THOMAS H. BURT

By:   *s/ Thomas H. Burt*
          THOMAS H. BURT

270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653
isquith@whafh.com
burt@whafh.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 2770
San Diego, CA 92101

- 7 -

No. 15-MD-2670 JLS (MDD)

| | |
|---|---|
| 1 | Telephone: 619/239-4599 |
| 2 | Facsimile: 619/234-4599<br>manifold@whafh.com |
| 3 | byrd@whafh.com<br>livesay@whafh.com |
| 4 | dejong@whafh.com |
| 5 | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| 6 | CARL MALMSTROM<br>111 West Jackson, Suite 1700 |
| 7 | Chicago, IL 60604<br>Telephone: 312/984-0000 |
| 8 | Facsimile: 312/212-4401<br>malmstrom@whafh.com |
| 9 | |
| 10 | *Interim Lead Counsel for the*<br>*Indirect Purchaser End Payer Plaintiffs* |

TUNA: 25123

- 8 -

No. 15-MD-2670 JLS (MDD)