1   Barbara T. Sicalides, Esq. (PA 57535)
2   Barak A. Bassman, Esq. (PA 85626)
    Megan Morley, Esq. (PA 321706)
3   Benjamin J. Eichel, Esq. (PA 307078)
4   Alexander L. Harris, Esq. (PA 311382)
    **PEPPER HAMILTON LLP**
5   3000 Two Logan Square
6   Eighteenth and Arch Streets
    Philadelphia, PA 19103-2799
7   Telephone: 215-981-4000
8   Fax: 215-981-4750
    sicalidesb@pepperlaw.com
9   bassmanb@pepperlaw.com
10  morleym@pepperlaw.com
    eichelb@pepperlaw.com
11  harrisa@pepperlaw.com
12
    Attorneys for Defendant
13  DEL MONTE CORPORATION
14
                UNITED STATES DISTRICT COURT
15              SOUTHERN DISTRICT OF CALIFORNIA
16

17  IN RE PACKAGED SEAFOOD            MDL Case No. 15-MD-2670-JLS –
18  PRODUCTS ANTITRUST               MDD
    LITIGATION
19                                   Case No. 3:16-cv-00017-JLS-MDD
20  This Document Relates to:
21                                   Honorable:  Janis Sammartino
    *Winn-Dixie Stores, Inc., et al. v.*
22  *Bumble Bee Foods, LLC, et al.,*  **DEFENDANT DEL MONTE**
    Case No. 3:16-cv-00017-JLS- MDD  **CORPORATION'S**
23                                   **ANSWER TO FIFTH AMENDED**
24                                   **COMPLAINT BY WINN-DIXIE**
                                     **STORES, INC. AND BI-LO**
25                                   **HOLDINGS, LLC**
26
27
28
                                    CASE NO. 15-MD-2670-JLS (MDD)
    DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED
    COMPLAINT

Del Monte Corporation ("Del Monte") hereby responds to the Fifth Amended Complaint filed by Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (individually and collectively the "Plaintiffs").

1.     To the extent the allegations in Paragraph 1 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 1 relate to other Defendants, the actions of Plaintiff, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that Plaintiffs purport to bring this case under Sections One and Three of the Sherman Act and that it sold canned tuna to entities related to Plaintiffs Winn-Dixie Stores, Inc. and Bi-Holdings, LLC at some point between January 1, 2004 and October 5, 2008.  The remaining allegations of Paragraph 1 are denied.

2.     To the extent the allegations in Paragraph 2 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 2 relate to the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 2 are denied.

3.     To the extent the allegations in Paragraph 3 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 3 characterize DOJ filings and letters, such documents are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 3 are denied.

4.     To the extent the allegations in Paragraph 4 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 4 characterize a DOJ filing, such document is a writing that speaks for itself and those allegations are accordingly denied.  The remaining allegations in Paragraph 4 are denied.

5.      To the extent the allegations in Paragraph 5 characterize two plea agreements or related materials, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte admits only that selected language of the allegations in Paragraph 5 are verbatim excerpts from plea agreements which are expressly limited to the time period after Del Monte sold the business on October 5, 2008.

6.      To the extent the allegations in Paragraph 6 are conclusions of law, no response is required.  The allegations in Paragraph 6 relate to another Defendant and alleged communications with Plaintiffs, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

7.      To the extent the allegations in Paragraph 7 characterize a DOJ press release, the document is a writing that speaks for itself and those allegations are accordingly denied.  Del Monte admits only that portions of the allegations in Paragraph 7 excerpt verbatim selections from a DOJ press release.

8.      The allegations in Paragraph 8 are conclusions of law, no response is required.  To the extent a response is deemed required Del Monte denies the allegations in this paragraph.

9.      The allegations in Paragraph 9 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 9 relate to other Defendants or Plaintiffs, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

10.     The allegations in Paragraph 10 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 10 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

1     11.    To the extent that allegations in Paragraph 11 relate to the actions or
2    corporate structure of Plaintiff Winn-Dixie Stores, Inc. Del Monte is without
3    knowledge and information sufficient to form a belief as to such statements and
4    they are accordingly denied.  To the extent that the allegations in Paragraph 11 are
5    conclusions of law, no response is required.  To the extent the allegations in
6    Paragraph 11 relate to other Defendants, Del Monte lacks knowledge and
7    information sufficient to respond to those allegations, and those allegations are
8    accordingly denied.  Del Monte admits only that it sold canned tuna to an entity
9    related to Plaintiff Winn-Dixie, Stores, Inc. at some point between January 1, 2004
10   and October 5, 2008.  The remaining allegations in Paragraph 11 are denied.
11           12.    To the extent that allegations in Paragraph 12 relate to the actions or
12   corporate structure of Plaintiff Bi-Lo Holding, LLC, Del Monte is without
13   knowledge and information sufficient to form a belief as to such statements and
14   they are accordingly denied.  To the extent that the allegations in Paragraph 12 are
15   conclusions of law, no response is required.  To the extent the allegations in
16   Paragraph 12 relate to other Defendants, Del Monte lacks knowledge and
17   information sufficient to respond to those allegations, and those allegations are
18   accordingly denied.  Del Monte admits only that it sold canned tuna to an entity
19   related to Plaintiff Bi-Lo Holding, LLC between January 1, 2004 and October 5,
20   2008.  The remaining allegations in Paragraph 12 are denied.
21           13.    To the extent that the allegations in Paragraph 13 are conclusions of
22   law, no response is required.  To the extent the allegations in Paragraph 13 relate to
23   another Defendant, Del Monte lacks knowledge and information sufficient to
24   respond to those allegations and those allegations are accordingly denied.  Any
25   remaining allegations are denied.
26           14.    To the extent that the allegations in Paragraph 14 are conclusions of
27   law, no response is required.  To the extent the allegations in Paragraph 14 relate to
28   another Defendant, Del Monte lacks knowledge and information sufficient to

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED COMPLAINT

respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

15. To the extent that the allegations in Paragraph 15 are conclusions of law, no response is required. To the extent the allegations in Paragraph 15 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

16. To the extent that the allegations in Paragraph 16 are conclusions of law, no response is required. To the extent the allegations in Paragraph 16 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

17. To the extent that the allegations in Paragraph 17 are conclusions of law, no response is required. To the extent the allegations in Paragraph 17 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

18. To the extent that the allegations in Paragraph 18 are conclusions of law, no response is required. To the extent the allegations in Paragraph 18 characterize a document, the document is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 18 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

19. To the extent that the allegations in Paragraph 19 and Footnote 1 are conclusions of law, no response is required. To the extent the allegations in Paragraph 19 and Footnote 1 relate to another Defendant, Del Monte lacks

knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

20. To the extent that the allegations in Paragraph 20 are conclusions of law, no response is required. To the extent the allegations in Paragraph 20 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

21. To the extent that the allegations in Paragraph 21are conclusions of law, no response is required. To the extent the allegations in Paragraph 21 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

22. To the extent that the allegations in Paragraph 22 are conclusions of law, no response is required. To the extent the allegations in Paragraph 22 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

23. To the extent that the allegations in Paragraph 23 are conclusions of law, no response is required. To the extent the allegations in Paragraph 23 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

24. To the extent that the allegations in Paragraph 24 are conclusions of law, no response is required. To the extent the allegations in Paragraph 24 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

25.     To the extent that the allegations in Paragraph 25 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 25 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 25 relate to the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

26.     To the extent that the allegations in Paragraph 26 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 26 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  To the extent the allegations in Paragraph 26 relate to the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

27.     To the extent that the allegations in Paragraph 27 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 27 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

28.     To the extent that the allegations in Paragraph 28 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 28 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

29.     To the extent the allegations in Paragraph 29 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte

lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations of Paragraph 29 are denied.

30. To the extent that the allegations in Paragraph 30 are conclusions of law, no response is required. To the extent the allegations in Paragraph 30 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

31. To the extent that the allegations in Paragraph 31 are conclusions of law, no response is required. To the extent the allegations in Paragraph 31 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations of Paragraph 31 are denied.

32. To the extent that the allegations in Paragraph 32 are conclusions of law, no response is required. To the extent the allegations in Paragraph 32 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations are denied.

33. To the extent that the allegations in Paragraph 33 are conclusions of law, no response is required. To the extent the allegations in Paragraph 33 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

34. To the extent that the allegations in Paragraph 34 are conclusions of law, no response is required. To the extent the allegations in Paragraph 34 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it owned a tuna business that included a brand

known as StarKist, during the time period from December 2002 to October 5, 2008. By way of further response, Del Monte sold the business on October 5, 2008. The remaining allegations in Paragraph 34 are denied.

35. To the extent the allegations in Paragraph 35 are conclusions of law, no response is required. Del Monte admits that it is now known as Big Heart Pet Brands, Inc. and is a corporation organized under the laws of Delaware with its headquarters and principal place of business in Orrville, Ohio. Del Monte admits only that it owned a tuna business that included a brand known as StarKist, during the time period from December 2002 to October 5, 2008. or any agreements entered into between Del Monte and Dongwon, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 35 are denied.

36. To the extent that the allegations in Paragraph 36 are conclusions of law, no response is required. To the extent the allegations in Paragraph 36 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it owned a tuna business that included a brand known as StarKist, during the time period from December 2002 to October 5, 2008. Del Monte admits only that Don Binotto was employed in Del Monte's tuna business until September 1, 2004 when he became Senior Vice President, Operations and Supply Chain and departed from Del Monte effective December 22, 2005, and, upon information and belief, Joe Tuza worked in Del Monte's pet food business between May 2006 and August, 2008. To the extent the allegations in Paragraph 36 characterize Del Monte's agreements entered into between Del Monte and Dongwon, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 36 are denied. By way of further response, Del Monte sold the business on October 5, 2008. The remaining allegations in Paragraph 36 and Footnote 9 are denied.

37.     To the extent that the allegations in Paragraph 37 are conclusions of law, no response is required.  The remaining allegations in Paragraph 37 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 37 are denied.

38.     The allegations in Paragraph 38 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 38 are denied.

39.     To the extent the allegations in Paragraph 39 characterize various websites, such websites are writings that speak for themselves and those allegations are accordingly denied.  To remaining allegations in Paragraph 39 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 and Footnote 2 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 41 and Footnote 2 are denied.

42.     The allegations in Paragraph 42 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those

allegations are accordingly denied.  The remaining allegations in Paragraph 42 are denied.

43.     The allegations in Paragraph 43 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 43 seek to characterize articles or other documents, such materials are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 44 are denied.

45.     The allegations in Paragraph 45 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 45 seek to characterize articles or other documents, such materials are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 45 are denied.

46.     The allegations in Paragraph 46 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 46 seek to characterize articles or other documents, such materials are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 46 are denied.

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED COMPLAINT

47.     To the extent that the allegations in Paragraph 47 are conclusions of law, no response is required.  The remaining allegations in Paragraph 47 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

48.     To the extent that the allegations in Paragraph 48 are conclusions of law, no response is required.  The remaining allegations in Paragraph 48 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

49.     To the extent that the allegations in Paragraph 49 are conclusions of law, no response is required.  The remaining allegations in Paragraph 49 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

50.     To the extent that the allegations in Paragraph 50 are conclusions of law, no response is required.  The remaining allegations in Paragraph 50 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

51.     The allegations in Paragraph 51 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

52.     To the extent that the allegations in Paragraph 52 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 52 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations are denied.

53.     To the extent that the allegations in Paragraph 53 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 53 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1  allegations, and those allegations are accordingly denied.  The remaining
2  allegations in Paragraph 53 are denied.

3      54.    To the extent that the allegations in Paragraph 54 are conclusions of
4  law, no response is required.  To the extent the allegations in Paragraph 54 relate to
5  other Defendants or the time period after Del Monte sold the business on October 5,
6  2008, Del Monte lacks knowledge and information sufficient to respond to those
7  allegations, and those allegations are accordingly denied.  The remaining
8  allegations in Paragraph 54 are denied.

9      55.    Del Monte admits that Del Monte owned and operated a tuna business
10 that included a brand known as StarKist during the period from 2002 until October
11 5, 2008.  After reasonable investigation and based on information belief, Del Monte
12 admits only that Robert Worsham acted as a consultant at some point in time, was
13 not an employee, and never had pricing or other authority.  To the extent the
14 allegations in Paragraph 55 characterize documents, such documents are writings
15 that speak for themselves and those allegations are accordingly denied.  Any
16 remaining allegations are denied.

17     56.    To the extent the allegations in Paragraph 56 are conclusions of law,
18 no response is required.  The remaining allegations in Paragraph 56 are denied.

19     57.    To the extent the allegations in Paragraph 57 are conclusions of law,
20 no response is required.  To the extent the allegations in Paragraph 57 relate to
21 other Defendants, Del Monte lacks knowledge or information sufficient to respond
22 to those allegations, and those allegations are accordingly denied.  The remaining
23 allegations in Paragraph 57 are denied.

24     58.    To the extent the allegations in Paragraph 58 are conclusions of law,
25 no response is required.  To the extent the allegations in Paragraph 58 relate to
26 other Defendants, Del Monte lacks knowledge or information sufficient to respond
27 to those allegations, and those allegations are accordingly denied.  The remaining
28 allegations in Paragraph 58 are denied.

59.     To the extent that the allegations in Paragraph 59 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 59 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  It is admitted only that Del Monte sold and shipped tuna in the United States from 2002 until October 5, 2008.  The remaining allegations in Paragraph 59 are denied.

60.     To the extent that the allegations in Paragraph 60 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 60 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  It is admitted only that Del Monte sold and shipped tuna in the United States from 2002 until October 5, 2008.  The remaining allegations in Paragraph 60 are denied.

61.     To the extent that the allegations in Paragraph 61 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 61 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 61 are denied.

62.     To the extent the allegations in Paragraph 62 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent that the allegations in Paragraph 62 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  Del Monte admits only that it sold tuna to various entities from 2002 until October 5, 2008.  The remaining allegations in Paragraph 62 are denied.

63.     To the extent the allegations in Paragraph 63 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte

1 lacks knowledge and information sufficient to respond to those allegations, and
2 those allegations are accordingly denied. To the extent that the allegations in
3 Paragraph 63 characterize various documents, such documents are writings that
4 speak for themselves and those allegations are accordingly denied. Del Monte
5 admits only that it sold tuna to various entities from 2002 until October 5, 2008.
6 The remaining allegations in Paragraph 63 are denied.

7      64.    To the extent the allegations in Paragraph 64 are conclusions of law,
8 no response is required. To the extent the allegations in Paragraph 64 relate to
9 another Defendant or the time period after Del Monte sold the business on October
10 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those
11 allegations and those allegations are accordingly denied. It is admitted that
12 Dongwon acquired StarKist from Del Monte Foods for $363 million. The
13 remaining allegations in Paragraph 64 are denied.

14      65.    To the extent the allegations in Paragraph 65 are conclusions of law,
15 no response is required. To the extent the allegations in Paragraph 65 relate to
16 another Defendant or the time period after Del Monte sold the business on October
17 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those
18 allegations and those allegations are accordingly denied. The remaining allegations
19 in Paragraph 65 are denied.

20      66.    To the extent the allegations in Paragraph 66 relate to the time period
21 after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge
22 and information sufficient to respond to those allegations, and those allegations are
23 accordingly denied. To the extent the allegations in Paragraph 66 characterize
24 documents reporting on tuna consumption rates, such documents are writings that
25 speak for themselves and those allegations are accordingly denied.

26      67.    The allegations in Paragraph 67 characterize graphics from a
27 *Washington Post* article, the article and graphics are writings that speak for
28 themselves and those allegations are accordingly denied. To the extent the

allegations in Paragraph 67 relate to the time after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

68. To the extent the allegations in Paragraph 68 are conclusions of law, no response is required. To the extent the allegations in Paragraph 68 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 68 are denied.

69. To the extent the allegations in Paragraph 69 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 69 are denied.

70. To the extent the allegations in Paragraph 70 are conclusions of law, no response is required. To the extent the allegations in Paragraph 70 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 70 are denied.

71. To the extent the allegations in Paragraph 71 are conclusions of law, no response is required. To the extent the allegations in Paragraph 71 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that a Del Monte employee attended the InfoFish World Tuna Conference and worked on issues relating to country-of-origin regulations in 2004. The remaining allegations in Paragraph 71 are denied.

1    72.    To the extent the allegations in Paragraph 72 are conclusions of law,

2    no response is required.  To the extent the allegations in Paragraph 72 relate to

3    other Defendants, the time period before Del Monte entered the business, or the

4    time period after Del Monte sold the business on October 5, 2008, Del Monte lacks

5    knowledge and information sufficient to respond to those allegations, and those

6    allegations are accordingly denied.  The remaining allegations in Paragraph 72 are

7    denied.

8    73.    To the extent the allegations in Paragraph 73 relate to other

9    Defendants, the time period before Del Monte entered the business, or the time

10   period after Del Monte sold the business on October 5, 2008, Del Monte lacks

11   knowledge and information sufficient to respond to those allegations, and those

12   allegations are accordingly denied.  Del Monte admits only that Susan Jackson was

13   a Del Monte employee for some period of time.  The remaining allegations in

14   Paragraph 73 are denied.

15   74.    To the extent the allegations in Paragraph 74 relate to other

16   Defendants, the time period before Del Monte entered the business, or the time

17   period after Del Monte sold the business on October 5, 2008, Del Monte lacks

18   knowledge and information sufficient to respond to those allegations, and those

19   allegations are accordingly denied.  The remaining allegations in Paragraph 74 are

20   denied.

21   75.    To the extent the allegations in Paragraph 75 relate to other

22   Defendants, the time period before Del Monte entered the business, or the time

23   period after Del Monte sold the business on October 5, 2008, Del Monte lacks

24   knowledge and information sufficient to respond to those allegations, and those

25   allegations are accordingly denied.  The remaining allegations in Paragraph 75 are

26   denied.

27   76.    To the extent the allegations in Paragraph 76 relate to other Defendants

28   or the time period after Del Monte sold the business on October 5, 2008, Del Monte

lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte admits only that it operated a processing facility in American Samoa from 2002 until October 5, 2008.  The remaining allegations in Paragraph 76 are denied.

77.    Del Monte admits only that David Burt was a Del Monte employee for some period of time.  To the extent the allegations in Paragraph 77 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations of Paragraph 77 are denied.

78.    To the extent the allegations in Paragraph 78 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 78 are denied.

79.    To the extent the allegations in Paragraph 79 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 79 are denied.

80.    To the extent the allegations in Paragraph 80 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 80 are denied.

81.    To the extent the allegations in Paragraph 81 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 81 relate to other Defendants, Del Monte lacks knowledge and information sufficient to

respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 81 are denied.

82. To the extent the allegations in Paragraph 82 are conclusions of law, no response is required. To the extent the allegations in Paragraph 82 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 82 are denied.

83. To the extent the allegations in Paragraph 83 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 83 are denied.

84. To the extent the allegations in Paragraph 84 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 84 are denied.

85. To the extent the allegations in Paragraph 85 relate to other Defendants, the time period before Del Monte entered the business, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 85 are denied.

86. To the extent the allegations in Paragraph 86 are conclusions of law, no response is required. The remaining allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte denies any coordination or conspiracy.

88. The allegations in Paragraph 88 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 88 are denied.

89. To the extent the allegations in Paragraph 89 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 89 characterize a co-packing agreement, such document is a writing that speaks for itself and those allegations are accordingly denied. Any remaining allegations in Paragraph 89 are denied.

90. The allegations in Paragraph 90 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 90 are denied.

91. To the extent the allegations in Paragraph 91 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 91 characterize various documents, these documents are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. By way of further response, to the extent the allegations in Paragraph 92 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied.

93. To the extent the allegations in Paragraph 93 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the

allegations in Paragraph 93 characterize documents, such documents are writings
that speak for themselves and those allegations are accordingly denied. Del Monte
admits only that a Del Monte employee attended the InfoFish World Tuna
Conference and worked on issues relating to country-of-origin regulations in 2004.
Del Monte specifically denies that Mr. Binotto engaged in improper conduct
regarding the InfoFish conference or country-of-origin regulations to discuss
increasing prices of canned tuna in the United States. The remaining allegations in
Paragraph 93 are denied.

94. To the extent the allegations in Paragraph 94 relate to other
Defendants, Del Monte lacks knowledge and information sufficient to respond to
those allegations and those allegations are accordingly denied. To the extent the
allegations in Paragraph 94 characterize documents, such documents are writings
that speak for themselves and those allegations are accordingly denied. The
remaining allegations in Paragraph 94 are denied.

95. To the extent the allegations in Paragraph 95 relate to other
Defendants, Del Monte lacks knowledge and information sufficient to respond to
those allegations and those allegations are accordingly denied. To the extent the
allegations in Paragraph 95 characterize documents, such documents are writings
that speak for themselves and those allegations are accordingly denied. The
remaining allegations in Paragraph 95 are denied.

96. The allegations in Paragraph 96 relate to other Defendants, Del Monte
lacks knowledge and information sufficient to respond to those allegations and
those allegations are accordingly denied.

97. To the extent the allegations in Paragraph 97 relate to other
Defendants, Del Monte lacks knowledge and information sufficient to respond to
those allegations, and those allegations are accordingly denied. To the extent the
allegations in Paragraph 97 characterize documents, such documents are writings
that speak for themselves and those allegations are accordingly denied. Del Monte

admits only that a Del Monte employee attended the InfoFish World Tuna Conference and worked on issues relating to country-of-origin regulations in 2004. The remaining allegations in Paragraph 97 are denied.

98.    To the extent the allegations in Paragraph 98 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 98 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  After reasonable investigation, Del Monte specifically denies that it sent a "confidential internal plan" to any Defendant or had an unlawful agreement with its competitors. The remaining allegations in Paragraph 98 are denied.

99.    To the extent the allegations in Paragraph 99 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 99 are denied.

100.   To the extent the allegations in Paragraph 100 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 100 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 100 are denied.

101.   To the extent the allegations in Paragraph 101 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraph 101 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  The remaining allegations in Paragraph 101 are denied.

102.   To the extent the allegations in Paragraph 102 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 102 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 102 are denied.

103. To the extent the allegations in Paragraph 103 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 103 characterize documents, such documents are writings that speak for themselves and those allegations are accordingly denied. After reasonable investigation, Del Monte lacks knowledge and information sufficient to determine the veracity of the allegations in Paragraph 103 and those allegations are accordingly denied.

104. To the extent the allegations in Paragraph 104 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 104 characterize documents, identified or unidentified, such documents are writings that speak for themselves and those allegations are accordingly denied.

105. To the extent the allegations in Paragraph 105 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 105 characterize documents, identified or unidentified, such documents are writings that speak for themselves and those allegations are accordingly denied.

106. To the extent the allegations in Paragraph 106 are conclusions of law, no response is required. To the extent the allegations in Paragraph 106 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 106 are denied.

107. The allegations in Paragraph 107 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

108. To the extent the allegations in Paragraph 108 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 108 characterize a presentation, that presentation is a writing that speaks for itself and those allegations are accordingly denied. Del Monte admits only that it independently began planning in January 2006 for a price increase on its tuna with an effective date of May 1, 2006. The remaining allegations in Paragraph 108 are denied.

109. To the extent the allegations in Paragraph 109 are conclusions of law, no response is required. The remaining allegations in Paragraph 109 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

110. The allegations in Paragraph 110 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

111. To the extent the allegations in Paragraph 111 are conclusions of law, no response is required. To the extent the allegations in Paragraph 111 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 111 are denied.

112. To the extent the allegations in Paragraph 112 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that by March 6, 2006, it had communicated to some customers that it would be increasing its prices. By way of further response, Del Monte increased the price

1  of a wide range of products other than tuna to offset increases to its costs.  The

2  remaining allegations in Paragraph 112 are denied.

3      113.   The allegations in Paragraph 113 relate to other Defendants, Del

4  Monte lacks knowledge and information sufficient to respond to those allegations

5  and those allegations are accordingly denied.

6      114.   To the extent that the allegations in Paragraph 114 are conclusions of

7  law, no response is required.  To the extent the allegations in Paragraph 114

8  characterize various documents unidentified documents, such documents are

9  writings that speak for themselves and those allegations are accordingly denied.

10 The remaining allegations in Paragraph 114 are denied.

11     115.   To the extent the allegations in Paragraph 115 relate to other

12 Defendants, Del Monte lacks knowledge and information sufficient to respond to

13 those allegations, and those allegations are accordingly denied.  To the extent the

14 allegations in Paragraph 115 characterize a document, the document is a writing

15 that speaks for itself and those allegations are accordingly denied.  The remaining

16 allegations in Paragraph 115 are denied.

17     116.   To the extent the allegations in Paragraph 116 are conclusions of law,

18 no response is required.  To the extent the allegations in Paragraph 116 relate to

19 other Defendants, Del Monte lacks knowledge and information sufficient to

20 respond to those allegations, and those allegations are accordingly denied.  Del

21 Monte admits only that it intended to independently reduce tuna can sizes before

22 January 2008.  Del Monte specifically denies that its decision was based upon the

23 interests of others or that it reached an agreement with any other Defendants

24 relating to the size of tuna cans or otherwise.  The remaining allegations in

25 Paragraph 116 are denied.

26     117.   To the extent the allegations in Paragraph 117 relate to other

27 Defendants, Del Monte lacks knowledge and information sufficient to respond to

28 those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 117 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 117 are denied.

118. To the extent the allegations in Paragraph 118 are conclusions of law, no response is required. To the extent the allegations in Paragraph 118 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it intended to independently reduce tuna can sizes before January 2008. Del Monte specifically denies that its decision was based upon the interests of others or that it reached an agreement with any other Defendants relating to the size of tuna cans or otherwise. The remaining allegations in Paragraph 118 are denied.

119. To the extent the allegations in Paragraph 119 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 157 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 119 are denied.

120. To the extent the allegations in Paragraph 120 are conclusions of law, no response is required. To the extent the allegations in Paragraph 120 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that Impress was a vendor to Del Monte for at least part of the period 2004 until October 5, 2008 and that Del Monte communicated independently with Impress from time to time during that time period. The remaining allegations in Paragraph 120 are denied.

121. To the extent the allegations in Paragraph 121 are conclusions of law, no response is required. To the extent the allegations in Paragraph 121 relate to

other Defendants or third parties, Del Monte lacks knowledge and information

sufficient to respond to those allegations, and those allegations are accordingly

denied. Del Monte admits only that Impress was a vendor to Del Monte for at least

part of the period 2004 until October 5, 2008 and that Del Monte communicated

independently with Impress from time to time during that time period. The

remaining allegations in Paragraph 121 are denied.

122. To the extent the allegations in Paragraph 122 relate to other

Defendants or third parties, Del Monte lacks knowledge and information sufficient

to respond to those allegations, and those allegations are accordingly denied. To

the extent the allegations in Paragraph 122 characterize an email communication,

the document is a writing that speaks for itself and those allegations are accordingly

denied. The remaining allegations in Paragraph 122 are denied.

123. The allegations in Paragraph 123 relate to other Defendants, Del

Monte lacks knowledge and information sufficient to respond to those allegations

and those allegations are accordingly denied. To the extent the allegation in

Paragraph 123 characterize an alleged email, such email is a writing that speaks for

itself and those allegations are accordingly denied. The remaining allegations in

Paragraph 123 are denied.

124. To the extent the allegations in Paragraph 124 relate to another

Defendant, Del Monte lacks knowledge and information sufficient to respond to

those allegations and those allegations are accordingly denied. Del Monte admits

only that it intended to independently reduce tuna can sizes before January 2008.

Del Monte specifically denies that its decision was based upon the interests of

others or that it reached an agreement with any other Defendants relating to the size

of tuna cans or otherwise. The remaining allegations in Paragraph 124 are denied.

125. The allegations in Paragraph 125 relate to other Defendants, Del

Monte lacks knowledge and information sufficient to respond to those allegations

and those allegations are accordingly denied.

126. The allegations in Paragraph 126 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

127. The allegations in Paragraph 127 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

128. The allegations in Paragraph 128 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

129. To the extent the allegations in Paragraph 129 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 129 characterize a 2008 presentation, the presentation is a writing that speaks for itself and those allegations are accordingly denied. Del Monte specifically denies that it "coordinated" with any Defendant. The remaining allegations in Paragraph 129 are denied.

130. To the extent the allegations in Paragraph 130 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 130 characterize a 2008 presentation, the presentation is a writing that speaks for itself and those allegations are accordingly denied. Del Monte specifically denies that it "coordinated" with any Defendant. The remaining allegations in Paragraph 130 are denied.

131. To the extent the allegations in Paragraph 131 are conclusions of law, no response is required. To the extent the allegations in Paragraph 131 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 131 characterizes 2008 presentations, the

1  presentation are writings that speak for themselves and those allegations are
2  accordingly denied.  Del Monte specifically denies that it engaged in "collusive
3  communications" with any Defendant.  The remaining allegations in Paragraph 131
4  are denied.

5          132.   To the extent the allegations in Paragraph 132 relate to other
6  Defendants or the time period after Del Monte sold the business on October 5,
7  2008, Del Monte lacks knowledge and information sufficient to respond to those
8  allegations, and those allegations are accordingly denied.  Del Monte admits only
9  that it sold five ounce cans of tuna from on or about July 21, 2008 through October
10 5, 2008.  By way of further response, Del Monte sold the business on or about
11 October 5, 2008.  The remaining allegations in Paragraph 132 are denied.

12         133.   To the extent the allegations in Paragraph 133 relate to other
13 Defendants, Del Monte lacks knowledge and information sufficient to respond to
14 those allegations and those allegations are accordingly denied.  The remaining
15 allegations in Paragraph 133 are denied.

16         134.   To the extent the allegations in Paragraph 134 relate to other
17 Defendants, Del Monte lacks knowledge and information sufficient to respond to
18 those allegations and those allegations are accordingly denied.  The remaining
19 allegations in Paragraph 134 are denied.

20         135.   To the extent the allegations in Paragraph 135 relate to other
21 Defendants, Del Monte lacks knowledge and information sufficient to respond to
22 those allegations and those allegations are accordingly denied.  The remaining
23 allegations in Paragraph 135 are denied.

24         136.   To the extent the allegations in Paragraph 136 relate to other
25 Defendants, Del Monte lacks knowledge and information sufficient to respond to
26 those allegations and those allegations are accordingly denied.  Del Monte admits
27 only that it sold five ounce cans of tuna from on or about July 21, 2008 through
28 October 5, 2008.  The remaining allegations in Paragraph 136 are denied.

1     137.   To the extent the allegations in Paragraph 137 relate to other
2 Defendants, Del Monte lacks knowledge and information sufficient to respond to
3 those allegations and those allegations are accordingly denied.  The remaining
4 allegations in Paragraph 137 are denied.

5     138.   To the extent the allegations in Paragraph 138 relate to other
6 Defendants, Del Monte lacks knowledge and information sufficient to respond to
7 those allegations and those allegations are accordingly denied.  The remaining
8 allegations in Paragraph 138 are denied.

9     139.   To the extent the allegations in Paragraph 139 are conclusions of law,
10 no response is required.  The remaining allegations in Paragraph 139 are denied.

11     140.   To the extent the allegations in Paragraph 140 relate to other
12 Defendants, Del Monte lacks knowledge and information sufficient to respond to
13 those allegations and those allegations are accordingly denied.  The remaining
14 allegations in Paragraph 140 are denied.

15     141.   To the extent the allegations in Paragraph 141 are conclusions of law,
16 no response is required. To the extent the allegations in Paragraph 141 relate to
17 other Defendants, Del Monte lacks knowledge and information sufficient to
18 respond to those allegations and those allegations are accordingly denied.  The
19 remaining allegations in Paragraph 141 are denied.

20     142.   To the extent the allegations in Paragraph 142 relate to other
21 Defendants, Del Monte lacks knowledge and information sufficient to respond to
22 those allegations, and those allegations are accordingly denied.  To the extent the
23 allegations in Paragraph 142 characterize a document, the document is a writing
24 that speaks for itself and those allegations are accordingly denied.  The remaining
25 allegations in Paragraph 142 are denied.

26     143.   To the extent the allegations in Paragraph 143 relate to other
27 Defendants, Del Monte lacks knowledge and information sufficient to respond to
28 those allegations, and those allegations are accordingly denied.  To the extent the

allegations in Paragraph 143 characterize a document, the document is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 143 are denied.

144. To the extent the allegations in Paragraph 144 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 144 characterize various documents and emails, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 144 are denied.

145. The allegations in Paragraph 145 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.

146. To the extent the allegations in Paragraph 146 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it sought a price list increase effective July 21, 2008. The remaining allegations in Paragraph 146 are denied.

147. To the extent the allegations in Paragraph 147 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that it sought a price list increase effective July 21, 2008. The remaining allegations in Paragraph 147 are denied.

148. The allegations in Paragraph 148 relate to another Defendant, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 148 characterize a presentation, that presentation is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in paragraph 148 are denied.

149.     To the extent the allegations in Paragraph 149 are conclusions of law, no response is required.  To the extent the allegation in Paragraph 149 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 149 are denied.

150.     To the extent the allegations in Paragraph 150 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 150 are denied.

151.     To the extent the allegations in Paragraph 151 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 151 are denied.

152.     To the extent the allegations in Paragraph 152 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 152 are denied.

153.     To the extent the allegations in Paragraph 153 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 153 are denied.

154.     To the extent the allegations in Paragraph 154 relate to other Defendants or the time period after Del Monte sold the business on October 5,

2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 154 are denied.

155.   To the extent the allegations in Paragraph 155 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 155 are denied.

156.   To the extent the allegations in Paragraph 156 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 156 are denied.

157.   To the extent the allegations in Paragraph 157 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 157 are denied.

158.   To the extent the allegations in Paragraph 158 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 158 are denied.

159.   To the extent the allegations in Paragraph 159 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 159 are denied.

160. To the extent the allegations in Paragraph 160 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 160 are denied.

161. To the extent the allegations in Paragraph 161 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 161 are denied.

162. To the extent the allegations in Paragraph 162 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 162 are denied.

163. To the extent the allegations in Paragraph 163 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 163 are denied.

164. To the extent the allegations in Paragraph 164 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 164 are denied.

165. To the extent the allegations in Paragraph 165 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 165 are denied.

166. To the extent the allegations in Paragraph 166 are conclusions of law, no response is required. To the extent the allegations in Paragraph 166 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 166 are denied.

167. To the extent the allegations in Paragraph 167 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 167 are denied.

168. To the extent the allegations in Paragraph 168 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 168 are denied.

169. To the extent the allegations in Paragraph 169 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 169 are denied.

170. To the extent the allegations in Paragraph 170 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 170 are denied.

171.   To the extent the allegations in Paragraph 171 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 171 are denied.

172.   To the extent the allegations in Paragraph 172 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 172 are denied.

173.   To the extent the allegations in Paragraph 173 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 173 are denied.

174.   To the extent the allegations in Paragraph 174 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 174 are denied.

175.   To the extent the allegations in Paragraph 175 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 175 are denied.

176.   To the extent the allegations in Paragraph 176 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

1  allegations and those allegations are accordingly denied. Any remaining allegations
2  in Paragraph 176 are denied.

3       177.   To the extent the allegations in Paragraph 177 relate to other
4  Defendants or the time period after Del Monte sold the business on October 5,
5  2008, Del Monte lacks knowledge and information sufficient to respond to those
6  allegations and those allegations are accordingly denied. Any remaining allegations
7  in Paragraph 177 are denied.

8       178.   To the extent the allegations in Paragraph 178 relate to other
9  Defendants or the time period after Del Monte sold the business on October 5,
10 2008, Del Monte lacks knowledge and information sufficient to respond to those
11 allegations and those allegations are accordingly denied. Any remaining allegations
12 in Paragraph 178 are denied.

13      179.   To the extent the allegations in Paragraph 179 relate to other
14 Defendants or the time period after Del Monte sold the business on October 5,
15 2008, Del Monte lacks knowledge and information sufficient to respond to those
16 allegations and those allegations are accordingly denied. Any remaining allegations
17 in Paragraph 179 are denied.

18      180.   To the extent the allegations in Paragraph 180 relate to other
19 Defendants or the time period after Del Monte sold the business on October 5,
20 2008, Del Monte lacks knowledge and information sufficient to respond to those
21 allegations and those allegations are accordingly denied. Any remaining allegations
22 in Paragraph 180 are denied.

23      181.   To the extent the allegations in Paragraph 181 relate to other
24 Defendants or the time period after Del Monte sold the business on October 5,
25 2008, Del Monte lacks knowledge and information sufficient to respond to those
26 allegations and those allegations are accordingly denied. Any remaining allegations
27 in Paragraph 181 are denied.

28

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED COMPLAINT

182. To the extent the allegations in Paragraph 182 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 182 are denied.

183. To the extent the allegations in Paragraph 183 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 183 are denied.

184. To the extent the allegations in Paragraph 184 are conclusions of law, no response is required. To the extent the allegations in Paragraph 184 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 184 are denied.

185. To the extent the allegations in Paragraph 185 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 185 are denied.

186. To the extent the allegations in Paragraph 186 are conclusions of law, no response is required. To the extent the allegations in Paragraph 186 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 186 are denied.

187. To the extent the allegations in Paragraph 187 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 187 are denied.

188. To the extent the allegations in Paragraph 188 are conclusions of law, no response is required. To the extent the allegations in Paragraph 188 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 188 are denied.

189. To the extent the allegations in Paragraph 189 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 189 are denied.

190. To the extent the allegations in Paragraph 190 are conclusions of law, no response is required. To the extent the allegations in Paragraph 190 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 190 are denied.

191. To the extent the allegations in Paragraph 191 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 191 are denied.

192.   To the extent the allegations in Paragraph 192 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 192 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 192 are denied.

193.   To the extent the allegations in Paragraph 193 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 193 are denied.

194.   To the extent the allegations in Paragraph 194 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 194 are denied.

195.   To the extent the allegations in Paragraph 195 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 195 are denied.

196.   To the extent the allegations of Paragraph 196 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 196 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied.  Any remaining allegations in Paragraph 196 are denied.

197. To the extent the allegations in Paragraph 197 are conclusions of law, no response is required. To the extent the allegations in Paragraph 197 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 197 are denied.

198. To the extent the allegations in Paragraph 198 are conclusions of law, no response is required. To the extent the allegations in Paragraph 198 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 198 are denied.

199. To the extent the allegations in Paragraph 199 are conclusions of law, no response is required. To the extent the allegations in Paragraph 199 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 199 are denied.

200. To the extent the allegations in Paragraph 200 are conclusions of law, no response is required. To the extent the allegations in Paragraph 200 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 200 are denied.

201. To the extent the allegations in Paragraph 201 are conclusions of law, no response is required. To the extent the allegations in Paragraph 201 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 201 are denied.

202. To the extent the allegations in Paragraph 202 are conclusions of law, no response is required. To the extent the allegations in Paragraph 202 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 202 are denied.

203. To the extent the allegations in Paragraph 203 are conclusions of law, no response is required. To the extent the allegations in Paragraph 203 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 203 are denied.

204. To the extent the allegations in Paragraph 204 are conclusions of law, no response is required. To the extent the allegations in Paragraph 204 relate to another Defendant or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 204 are denied.

205. To the extent the allegations of Paragraph 205 are conclusions of law, no response is required. To the extent the allegations in Paragraph 205 relate to the actions or knowledge of Plaintiffs, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.

206. To the extent the allegations of Paragraph 206 are conclusions of law, no response is required. To the extent the allegations in Paragraph 206 relate to the actions or knowledge of Plaintiffs or other Defendants, Del Monte is without

knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.

207.    To the extent the allegations in Paragraph 207 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 207 relate to the actions or knowledge of the DOJ or Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 207 are denied.

208.    To the extent the allegations of Paragraph 208 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 208 relate to the actions or knowledge of Plaintiffs or other Defendants, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.

209.    To the extent the allegations in Paragraph 209 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 209 are denied.

210.    To the extent the allegations in Paragraph 210 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 210 relate to the actions or knowledge of the or Plaintiffs or other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 210 are denied.

211.    To the extent the allegations in Paragraph 211 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 211 relate to other Defendants, or the time period after Del Monte sold the business on October

5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. The remaining allegations in Paragraph 211 are denied.

212. To the extent the allegations in Paragraph 212 are conclusions of law, no response is required. To the extent the allegations in Paragraph 212 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. The remaining allegations in Paragraph 212 are denied.

213. To the extent the allegations in Paragraph 213 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 213 are denied.

214. To the extent the allegations in Paragraph 214 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 214 are denied.

215. To the extent the allegations in Paragraph 215 are conclusions of law, no response is required. To the extent the allegations in Paragraph 215 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 215 characterize various documents, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 215 are denied.

216. To the extent the allegations in Paragraph 216 are conclusions of law, no response is required. The remaining allegations in Paragraph 216 are denied.

217. To the extent the allegations in Paragraph 217 are conclusions of law, no response is required. To the extent the allegations in Paragraph 217 relate to

1   other Defendants, Del Monte lacks knowledge and information sufficient to

2   respond to those allegations and those allegations are accordingly denied.  To the

3   extent the allegations in Paragraph 217 characterize a document, such document is a

4   writing that speaks for itself and those allegations are accordingly denied.  The

5   remaining allegations in Paragraph 217 are denied.

6       218.   To the extent the allegations of Paragraph 218 are conclusions of law,

7   no response is required.  To the extent the allegations in Paragraph 218 relate to the

8   actions or knowledge of Plaintiffs, Del Monte is without knowledge and

9   information sufficient to form a belief as to such statements and they are

10  accordingly denied.

11      219.   To the extent the allegations in Paragraph 219 are conclusions of law,

12  no response is required.  To the extent the allegations in Paragraph 219 relate to

13  other Defendants, Del Monte lacks knowledge and information sufficient to

14  respond to those allegations and those allegations are accordingly denied.  The

15  remaining allegations in Paragraph 219 are denied.

16      220.   To the extent the allegations in Paragraph 220 are conclusions of law,

17  no response is required.  To the extent the allegations in Paragraph 220 relate to

18  other Defendants, Del Monte lacks knowledge and information sufficient to

19  respond to those allegations and those allegations are accordingly denied.  To the

20  extent the allegations in Paragraph 220 characterize a document, such document is a

21  writing that speaks for itself and those allegations are accordingly denied.  The

22  remaining allegations in Paragraph 220 are denied.

23      221.   To the extent the allegations in Paragraph 221 are conclusions of law,

24  no response is required.  To the extent the allegations in Paragraph 221 relate to

25  other Defendants, Del Monte lacks knowledge and information sufficient to

26  respond to those allegations and those allegations are accordingly denied.  To the

27  extent the allegations in Paragraph 221 characterize a document, such document is a

28

writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 221 are denied.

222. To the extent the allegations in Paragraph 222 are conclusions of law, no response is required. To the extent the allegations in Paragraph 222 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that Impress was a vendor to Del Monte Monte for at least part of the period 2004 until October 5, 2008 and that Del Monte communicated with Impress independently from time to time during that time period. The remaining allegations in Paragraph 222 are denied.

223. To the extent the allegations in Paragraph 223 are conclusions of law, no response is required. To the extent the allegations in Paragraph 223 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte admits only that Impress was a vendor to Del Monte for at least part of the period 2004 until October 5, 2008 and that Del Monte communicated with Impress independently from time to time during that time period. The remaining allegations in Paragraph 223 are denied.

224. To the extent the allegations in Paragraph 224 are conclusions of law, no response is required. To the extent the allegations in Paragraph 244 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 224 are denied.

225. To the extent the allegations in Paragraph 225 relate to other Defendants or third parties, Del Monte lacks knowledge and information sufficient

to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 225 are denied.

226. To the extent the allegations in Paragraph 226 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. The remaining allegations in Paragraph 226 are denied.

227. To the extent the allegations in Paragraph 227 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 227 characterize a letter, such document is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 227 are denied.

228. To the extent the allegations in Paragraph 228 are conclusions of law, no response is required. To the extent the allegations in Paragraph 228 characterizes articles, such documents are writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 228 are denied.

229. To the extent the allegations in Paragraph 229 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. To the extent the allegations in Paragraph 229 characterize a document, such a document is a writing that speaks for itself and those allegations are accordingly denied. The remaining allegations in Paragraph 229 are denied.

230. To the extent the allegations in Paragraph 230 relate to other Defendants or the time period after Del Monte sold the business on October 5,

1    2008, Del Monte lacks knowledge and information sufficient to respond to those

2    allegations and those allegations are accordingly denied. The remaining allegations

3    in Paragraph 230 are denied.

4         231. To the extent the allegations in Paragraph 231 are conclusions of law,

5    no response is required. To the extent the allegations in Paragraph 231 relate to

6    other Defendants or the time period after Del Monte sold the business on October 5,

7    2008, Del Monte lacks knowledge and information sufficient to respond to those

8    allegations and those allegations are accordingly denied. The remaining allegations

9    in Paragraph 231 are denied.

10        232. To the extent the allegations in Paragraph 232 are conclusions of law,

11    no response is required. To the extent the allegations in Paragraph 232 relate to

12    other Defendants or the time period after Del Monte sold the business on October 5,

13    2008, Del Monte lacks knowledge and information sufficient to respond to those

14    allegations and those allegations are accordingly denied. To the extent the

15    allegations in Paragraph 232 characterize various documents, such documents are

16    writings that speak for themselves and those allegations are accordingly denied.

17    The remaining allegations in Paragraph 232 are denied.

18        233. To the extent the allegations in Paragraph 233 are conclusions of law,

19    no response is required. To the extent the allegations in Paragraph 233 relate to

20    other Defendants or the time period after Del Monte sold the business on October 5,

21    2008, Del Monte lacks knowledge and information sufficient to respond to those

22    allegations and those allegations are accordingly denied. The remaining allegations

23    in Paragraph 233 are denied.

24        234. To the extent the allegations in Paragraph 234 relate to other

25    Defendants or the time period after Del Monte sold the business on October 5,

26    2008, Del Monte lacks knowledge and information sufficient to respond to those

27    allegations and those allegations are accordingly denied. To the extent the

28    allegations in Paragraph 234 characterize various documents, such documents are

writings that speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 234 are denied.

235. To the extent the allegations in Paragraph 235 are conclusions of law, no response is required. To the extent the allegations in Paragraph 235 relate to the actions or knowledge of Plaintiffs, other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. The remaining allegations in Paragraph 235 are denied.

236. To the extent the allegations in Paragraph 236 are conclusions of law, no response is required. To the extent the allegations in Paragraph 236 relate to the actions or knowledge of Plaintiffs, other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. The remaining allegations in Paragraph 236 are denied.

237. To the extent the allegations in Paragraph 237 are conclusions of law, no response is required. To the extent the allegations in Paragraph 237 relate to the actions or knowledge of Plaintiffs, other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. The remaining allegations in Paragraph 237 are denied.

238. To the extent the allegations in Paragraph 238 are conclusions of law, no response is required. To the extent the allegations in Paragraph 238 relate to the actions or knowledge of Plaintiffs, other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. The remaining allegations in Paragraph 238 are denied.

239. To the extent the allegations in Paragraph 239 are conclusions of law, no response is required. To the extent the allegations in Paragraph 239 relate to the

actions or knowledge of Plaintiffs, other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 239 are denied.

240.   To the extent the allegations in Paragraph 240 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 240 relate to the actions or knowledge of Plaintiffs, other Defendants, or third parties, or the time period after Del Monte sold the business on October 5, 2008, Del Monte is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied.  The remaining allegations in Paragraph 240 are denied.

241.   The allegations in Paragraph 241 are conclusions of law, no response is required.  To the extent a response is deemed required Del Monte denies the allegations in this paragraph.

241.   To the extent the allegations in Paragraph 241 and Footnote 3 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 241 and Footnote 3 characterize a DOJ press release, such document is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 241 and Footnote 3 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.[1]

242.   To the extent the allegations in Paragraph 242 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 242 relate to other Defendants, or the time period after Del Monte sold the business on October

---

[1] This Answer includes two paragraphs 241 to match the numbering in Plaintiffs' Fifth Amended Complaint.

5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

243. To the extent the allegations in Paragraph 243 are conclusions of law, no response is required. To the extent the allegations in Paragraph 243 characterize a website, the website is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 243 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

244. To the extent the allegations in Paragraph 244 and Footnote 4 are conclusions of law, no response is required. To the extent the allegations in Paragraph 244 and Footnote 4 characterize a website, the website is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 244 and Footnote 4 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

245. To the extent the allegations in Paragraph 245 are conclusions of law, no response is required. To the extent the allegations in Paragraph 245 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

246. To the extent the allegations in Paragraph 246 are conclusions of law, no response is required. To the extent the allegations in Paragraph 246 characterize a member agreement, the agreement is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 246 relate to other Defendants, Del Monte lacks knowledge and information sufficient

1  to respond to those allegations, and those allegations are accordingly denied. Any
2  remaining allegations are denied.

3       247.   To the extent the allegations in Paragraph 247 are conclusions of law,
4  no response is required. To the extent the allegations in Paragraph 247 characterize
5  a member agreement, the agreement is a writing that speaks for itself and those
6  allegations are accordingly denied. To the extent the allegations in Paragraph 247
7  relate to other Defendants, Del Monte lacks knowledge and information sufficient
8  to respond to those allegations, and those allegations are accordingly denied. Any
9  remaining allegations are denied.

10      248.   To the extent the allegations in Paragraph 248 are conclusions of law,
11 no response is required. To the extent the allegations in Paragraph 248 relate to
12 other Defendants, Del Monte lacks knowledge and information sufficient to
13 respond to those allegations, and those allegations are accordingly denied. Any
14 remaining allegations are denied.

15      249.   To the extent the allegations in Paragraph 249 are conclusions of law,
16 no response is required. To the extent the allegations in Paragraph 249 characterize
17 a Form ADV, the Form ADV is a writing that speaks for itself and those allegations
18 are accordingly denied. To the extent the allegations in Paragraph 249 relate to
19 other Defendants, Del Monte lacks knowledge and information sufficient to
20 respond to those allegations, and those allegations are accordingly denied. Any
21 remaining allegations are denied.

22      250.   To the extent the allegations in Paragraph 250 are conclusions of law,
23 no response is required. To the extent the allegations in Paragraph 250 relate to
24 other Defendants, Del Monte lacks knowledge and information sufficient to
25 respond to those allegations, and those allegations are accordingly denied. Any
26 remaining allegations are denied.

27      251.   To the extent the allegations in Paragraph 251 are conclusions of law,
28 no response is required. To the extent the allegations in Paragraph 251 relate to

other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

252. To the extent the allegations in Paragraph 252 are conclusions of law, no response is required. To the extent the allegations in Paragraph 252 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

253. To the extent the allegations in Paragraph 253 are conclusions of law, no response is required. To the extent the allegations in Paragraph 253 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

254. To the extent the allegations in Paragraph 254 are conclusions of law, no response is required. To the extent the allegations in Paragraph 254 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 254 characterize plea agreements or related materials, such documents are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations are denied.

255. To the extent the allegations in Paragraph 255 are conclusions of law, no response is required. To the extent the allegations in Paragraph 255 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

256. To the extent the allegations in Paragraph 256 are conclusions of law, no response is required. To the extent the allegations in Paragraph 256 relate to

other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

257. To the extent the allegations in Paragraph 257 are conclusions of law, no response is required. To the extent the allegations in Paragraph 257 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

258. The allegations in Paragraph 258 are conclusions of law, no response is required. Any remaining allegations are denied.

259. To the extent the allegations in Paragraph 259 are conclusions of law, no response is required. To the extent the allegations in Paragraph 259 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 259 characterize a plea agreement, such document is a writing that speaks for itself and those allegations are accordingly denied. Any remaining allegations are denied.

260. To the extent the allegations in Paragraph 260 are conclusions of law, no response is required. To the extent the allegations in Paragraph 260 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

261. To the extent the allegations in Paragraph 261 are conclusions of law, no response is required. To the extent the allegations in Paragraph 261 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

262. To the extent the allegations in Paragraph 262 are conclusions of law, no response is required. To the extent the allegations in Paragraph 262 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

263. To the extent the allegations in Paragraph 263 and Footnote 5 are conclusions of law, no response is required. To the extent the allegations in Paragraph 263 and Footnote 5 characterize a DOJ press release, such document is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 263 and Footnote 5 relate to other Defendants or the time period after Del Monte sold the business, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

264. To the extent the allegations in Paragraph 264 are conclusions of law, no response is required. To the extent the allegations in Paragraph 264 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 264 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

265. To the extent the allegations in Paragraph 265 are conclusions of law, no response is required. To the extent the allegations in Paragraph 265 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 265 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

266. To the extent the allegations in Paragraph 266 are conclusions of law, no response is required. To the extent the allegations in Paragraph 266 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

267. To the extent the allegations in Paragraph 267 are conclusions of law, no response is required. To the extent the allegations in Paragraph 267 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

268. To the extent the allegations in Paragraph 268 are conclusions of law, no response is required. To the extent the allegations in Paragraph 268 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

269. To the extent the allegations in Paragraph 269 and Footnote 6 are conclusions of law, no response is required. To the extent the allegations in Paragraph 269 and Footnote 6 characterize a written statement, such statement is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 269 and Footnote 6 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

270. The allegations in Paragraph 270 characterize a website, the website is a writing that speaks for itself and those allegations are accordingly denied. To the

extent the allegations in Paragraph 270 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

271.    To the extent the allegations in Paragraph 271 and Footnote 7 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 271 and Footnote 7 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 271 and Footnote 7 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

272.    To the extent the allegations in Paragraph 272 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 272 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

273.    To the extent the allegations in Paragraph 273 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 273 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

274.    To the extent the allegations in Paragraph 274 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 274 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those

allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

275. To the extent the allegations in Paragraph 275 are conclusions of law, no response is required. To the extent the allegations in Paragraph 275 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

276. To the extent the allegations in Paragraph 276 are conclusions of law, no response is required. To the extent the allegations in Paragraph 276 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

277. To the extent the allegations in Paragraph 277 are conclusions of law, no response is required. To the extent the allegations in Paragraph 277 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 277 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

278. To the extent the allegations in Paragraph 278 are conclusions of law, no response is required. To the extent the allegations in Paragraph 278 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte incorporates by reference its response to Paragraph 278 as if fully set forth herein. Any remaining allegations are denied.

279. To the extent the allegations in Paragraph 279 are conclusions of law, no response is required. To the extent the allegations in Paragraph 279 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

280. To the extent the allegations in Paragraph 280 are conclusions of law, no response is required. To the extent the allegations in Paragraph 280 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte incorporates by reference its responses to Paragraph 280 as if fully set forth herein. Any remaining allegations are denied.

281. To the extent the allegations in Paragraph 281 are conclusions of law, no response is required. To the extent the allegations in Paragraph 281 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Del Monte incorporates by reference its responses to Paragraph 281 as if fully set forth herein. Any remaining allegations are denied.

282. To the extent the allegations in Paragraph 282 and Footnote 8 are conclusions of law, no response is required. To the extent the allegations in Paragraph 282 and Footnote 8 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 282 and Footnote 8 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

283.    To the extent the allegations in Paragraph 283 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 283 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 283 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

284.    To the extent the allegations in Paragraph 284 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 284 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 284 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

285.    To the extent the allegations in Paragraph 285 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 285 characterize certain documents, such documents are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 285 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Del Monte incorporates by reference its responses to Paragraph 285  as if fully set forth herein. Any remaining allegations are denied.

286.    To the extent the allegations in Paragraph 286 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 286 relate to other Defendants or the time period after Del Monte sold the business on October 5,

1   2008, Del Monte lacks knowledge and information sufficient to respond to those

2   allegations, and those allegations are accordingly denied.  Any remaining

3   allegations are denied.

4       287.   To the extent the allegations in Paragraph 287 and Footnote 9 are

5   conclusions of law, no response is required.  To the extent the allegations in

6   Paragraph 287 and Footnote 9 relate to other Defendants, or the time period after

7   Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and

8   information sufficient to respond to those allegations, and those allegations are

9   accordingly denied.  Any remaining allegations are denied.

10      288.   To the extent the allegations in Paragraph 288 are conclusions of law,

11  no response is required.  To the extent the allegations in Paragraph 288 characterize

12  certain documents, such documents are writings that speak for themselves and those

13  allegations are accordingly denied.  To the extent the allegations in Paragraph 288

14  relate to other Defendants, or the time period after Del Monte sold the business on

15  October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

16  to those allegations, and those allegations are accordingly denied.  Any remaining

17  allegations are denied.

18      289.   To the extent the allegations in Paragraph 289 are conclusions of law,

19  no response is required.  To the extent the allegations in Paragraph 289 characterize

20  certain documents, such documents are writings that speak for themselves and those

21  allegations are accordingly denied. To the extent the allegations in Paragraph 289

22  relate to other Defendants, or the time period after Del Monte sold the business on

23  October 5, 2008, Del Monte lacks knowledge and information sufficient to respond

24  to those allegations, and those allegations are accordingly denied.  Any remaining

25  allegations are denied.

26      290.   To the extent the allegations in Paragraph 290 are conclusions of law,

27  no response is required.  To the extent the allegations in Paragraph 290 characterize

28  certain documents, such documents are writings that speak for themselves and those

allegations are accordingly denied. To the extent the allegations in Paragraph 290 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

291. To the extent the allegations in Paragraph 291 are conclusions of law, no response is required. To the extent the allegations in Paragraph 291 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

292. To the extent the allegations in Paragraph 292 and Footnote 10 are conclusions of law, no response is required. To the extent the allegations in Paragraph 292 and Footnote 10 characterize an annual report and other documents, such documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 292 and Footnote 10 relate to other Defendants, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

293. To the extent the allegations in Paragraph 293 are conclusions of law, no response is required. To the extent the allegations in Paragraph 293 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

294. To the extent the allegations in Paragraph 294 are conclusions of law, no response is required. To the extent the allegations in Paragraph 294 relate to other Defendants or the time period after Del Monte sold the business on October 5,

2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

295. To the extent the allegations in Paragraph 295 are conclusions of law, no response is required. To the extent the allegations in Paragraph 295 relate to other Defendants or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

296. To the extent the allegations in Paragraph 296 are conclusions of law, no response is required. To the extent the allegations in Paragraph 296 relate to other Defendants, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

<u>COUNT I</u>

**Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1, 3)**

297. Del Monte incorporates by reference its responses to Paragraphs 1-296 as if fully set forth herein.

298. To the extent the allegations in Paragraph 298 are conclusions of law, no response is required. To the extent the allegations in Paragraph 298 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 298 are denied.

299. To the extent the allegations in Paragraph 299 are conclusions of law, no response is required. To the extent the allegations in Paragraph 299 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on

October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 299 are denied.

300. To the extent the allegations in Paragraph 300 are conclusions of law, no response is required. To the extent the allegations in Paragraph 300 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 300 are denied.

301. To the extent the allegations in Paragraph 301 are conclusions of law, no response is required. To the extent the allegations in Paragraph 301 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 301 are denied.

302. To the extent the allegations in Paragraph 302 are conclusions of law, no response is required. To the extent the allegations in Paragraph 302 relate to other Defendants, Plaintiffs, or the time period after Del Monte sold the business on October 5, 2008, Del Monte lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The remaining allegations in Paragraph 302 are denied.

## **AFFIRMATIVE DEFENSES**

As stated in its Answer above, Del Monte does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Nevertheless, Del Monte pleads in the alternative the following affirmative defenses. Del Monte does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. Del

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED COMPLAINT

Monte incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

The Fifth Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead conspiracy or fraud with the particularity required under applicable law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure or under other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Complaint is seeking relief with respect to purchases of tuna outside of the United States, such relief is barred by 15 U.S.C. § 6a. Such purchases do not constitute import trade or commerce; nor do such purchases have a direct, substantial, and reasonably foreseeable effect on trade or commerce which is not trade of commerce with foreign nations or on import trade or commerce or give rise to a claim under the Sherman Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. 15 U.S.C. § 15b. Plaintiff filed this action on May 8, 2017. If and to the extent there was a violation of Section 1 of the Sherman Act prior to

May 8, 2013, which Del Monte denies, Plaintiffs failed to bring this action within four years after the cause of action accrued.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they claim injury after October 5, 2008.  If and to the extent there was a violation of Section 1 of the Sherman Act, which Del Monte denies, Del Monte's sale of the tuna business to StarKist/Dongwon constitutes a withdrawal from the alleged Section 1 violation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery, and because of the impossibility of ascertaining and allocating those alleged damages with reasonable certainty.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.  Alternatively, any damages sustained by Plaintiffs, which Del Monte denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs and the members of the purported plaintiff class exercised reasonable diligence in mitigating their damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs attempt to allege a conspiracy spanning eleven or more years that they claim resulted in their paying higher prices for the products in issue, Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit. To the extent Plaintiffs could have brought essentially the same suit years earlier, Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of estoppel and laches.

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED COMPLAINT

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injury or damages the Plaintiffs may have suffered were caused solely or proximately by market conditions or the acts and omissions of others and not by any act or omission attributable to Del Monte.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they did not purchase tuna directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. §§ 1 and 3 for alleged injuries in that capacity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the actions or practices of Del Monte that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuant of Del Monte's independent interests and those of its customers, and were not the result of any contract, combination or conspiracy between Del Monte and any other person or entity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent any recovery would be duplicative of a recovery by other plaintiffs and in other lawsuits, subjecting Del Monte to the possibility of multiple recovery which is barred by the Fifth and Eighth Amendments to the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs agreed to arbitration or chose a different forum for the resolution of their claims.

### REQUEST FOR RELIEF

WHEREFORE, Del Monte Corporation requests that the Court enter judgment for it by adjudging and decreeing that:

1          A.  The claims of the Plaintiffs as to Del Monte be dismissed with

2  prejudice;

3          B.  Del Monte has not combined and conspired in violation of Sections

4  1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3;

5          C.  Plaintiffs are not entitled to recover any damages from Del Monte;

6          D.  Del Monte recover its costs of this suit, including reasonable

7  attorneys' fees as provided by law; and

8          E.  Del Monte receive such other or further relief as may be just and

9  proper.

10

11  Dated: November 2, 2018          PEPPER HAMILTON LLP

12

13

                                        By:  s/ Barbara T. Sicalides

14                                      Barbara T. Sicalides

15                                      Barak A. Bassman

                                      Megan Morley

16                                      Benjamin J. Eichel

17                                      Alexander L. Harris

                                      3000 Two Logan Square

18                                      Eighteenth and Arch Streets

19                                      Philadelphia, PA 19103-2799

                                      Telephone: 215-981-4000

20                                      Fax: 215-981-4750

21                                      sicalidesb@pepperlaw.com

                                      bassmanb@pepperlaw.com

22                                      morleym@pepperlaw.com

23                                      eichelb@pepperlaw.com

                                      harrisa@pepperlaw.com

24

25                                      Attorneys for Defendant

                                      DEL MONTE CORPORATION

26

27

28

DEFENDANT DEL MONTE CORPORATION'S ANSWER TO WINN-DIXIE FIFTH AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, and also served on counsel of record via the Court's CM/ECF system.

<u>s/ Barbara T. Sicalides</u>