1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: PACKAGED SEAFOOD
PRODUCTS ANTITRUST LITIGATION

Case No.: 15-MD-2670 JLS (MDD)

**ORDER GRANTING THE UNITED STATES' MOTION TO STAY DISCOVERY**

(ECF Nos. 1365, 1371)

Presently before the Court is the United States' Motion for Stay of Discovery, ("United States' Mot.," ECF No. 1365). Defendant Christopher Lischewski has filed an Opposition to the United States' Motion to Stay, ("Lischewski Opp'n," ECF No. 1415), and Associated Wholesale Grocers, Inc. ("AWG") has filed a Response in Support of the United States' Motion, ("AWG Response," ECF No. 1416). The Direct Action Plaintiffs ("DAPs") also filed a Response regarding the United States' Motion, ("DAPs' Response," ECF No. 1510).

Also before the Court is Defendant Christopher Lischewski's Motion to Stay and for Protective Order ("Lischewski Mot.," ECF No. 1371). The Direct Action Plaintiffs, the Direct Purchaser Plaintiffs, the End-Payer Plaintiffs, and the Commercial Foods Preparer Plaintiffs (collectively, "Plaintiffs") together have filed an Opposition to Christopher Lischewski's Motion to Stay, ("Plaintiffs' Opp'n," ECF No. 1420). The United States filed a Response, ("United States' Response," ECF No. 1414), and Mr. Lischewski filed a Reply, ("Lischewski Reply," ECF No. 1491). Mr. Lischewski also filed a Sur Reply to address

arguments raised in the DAP Response and in a separate motion to stay filed by the United States, ("Lischewski Sur Reply," ECF No. 1519).

Because the facts and legal issues of both motions significantly overlap, the Court will consider them both in this Order. After reviewing the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

This case concerns an alleged conspiracy to fix the prices of packaged seafood throughout the United States. In 2015, various plaintiffs across the country brought civil suits against several defendants, including Bumble Bee Foods, LLC. The Judicial Panel on Multi District Litigation consolidated the many civil actions relating to this alleged conspiracy in an MDL and, on December 9, 2015, centralized pretrial proceedings before this Court. ECF No. 1.

During the time period the alleged conspiracy took place, Christopher Lischewski served as CEO of Bumble Bee Foods, LLC. Plaintiff's Opp'n at 3. Despite his alleged role in the conspiracy, Mr. Lischewski was not a named defendant in the MDL cases until April 30, 2018, when AWG filed an action alleging claims against Mr. Lischewski in an individual capacity in the District of Kansas. Lischewski Mot. at 3. AWG's action was transferred to this Court and consolidated with the MDL, and it remains the only case in which Mr. Lischewski is a named defendant.[1] *Id.*

On May 16, 2018, a grand jury in the Northern District of California returned a single count felony indictment of Mr. Lischewski. *United States v. Christopher Lischewski*, 18-cr-00203-EMC. The indictment alleges Mr. Lischewski took part in the price fixing conspiracy which is the subject of this civil litigation. *See* Lischewski Mot. at 3. On September 7, 2018, the United States moved to stay discovery pertaining to Mr. Lischewski in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al. See generally*

---

[1] Mr. Lischewski previously was named as a Defendant in several other MDL cases. Those claims have been dismissed either by the Court or voluntarily by the parties.

United States' Mot. Mr. Lischewski then filed his Motion to Stay Discovery and for a Protective Order on September 20, 2018. *See generally* Lischewski Mot. A deluge of filings from all parties soon followed. Both Motions are now before the Court.

## LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.* (alterations omitted). "[A] court may decide in its discretion to stay civil proceedings . . . or impose protective orders and conditions 'when the interest of justice seem[s] to require such action.'" *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) (holding district courts have broad discretion in granting a stay and fashioning an appropriate remedy).

"[T]he particular circumstances and competing interests involved in the case" should guide the court's decision whether to stay the civil proceedings. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). When making that decision, the Court should consider the following six factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (3) the burden which any particular aspect of the proceedings may impose on defendants; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F. 3d at 324.

## ANALYSIS

Both the United States and Mr. Lischewski argue in their respective motions that a stay is appropriate. The breadth of the stay they each seek, however, differs. The Court

15-MD-2670 JLS (MDD)

therefore faces two decisions. First, whether a stay is appropriate at all, and second, if a stay is appropriate, what the proper scope of that stay should be.

The United States argues in its Motion that the Court should stay discovery pertaining to Mr. Lischewski in the AWG case to protect the ongoing criminal case against Mr. Lischewski. United States' Mot. at 5-11. The United States maintains that discovery in the remaining claims in the AWG case, as well as discovery in the related MDL cases—including discovery against Mr. Lischewski in those cases—may continue. *Id.* None of the Plaintiffs in the MDL, including AWG, oppose the United States' proposal for this limited stay.

Mr. Lischewski also argues a stay of discovery is necessary, but seeks a broader stay. To protect his Fifth Amendment privilege and to ensure fairness in both the civil and criminal cases against him, Mr. Lischewski argues that a stay of all discovery pertaining to him in all of the MDL cases is the proper scope of the stay. *See generally* Lischewski Mot. Mr. Lischewski argues that, if the Court does not grant a complete stay of discovery pertaining to him in all MDL cases, either a complete stay of discovery in the AWG case or no stay at all is required to protect his interests.[2] Lischewski Reply at 1.

The DAPs also bring forward a potential solution for the Court. In their Response, the DAPs argue that the Court should enter an Order providing that AWG can neither participate in nor use any testimony from Mr. Lischewski's non-party deposition in this MDL. DAPs Response at 3.

**I.** **Implication of Mr. Lischewski's Fifth Amendment Rights**

When an indictment has been returned and there is a large degree of factual overlap between the civil and criminal cases, there is a strong case for a stay based on Fifth Amendment concerns. *ESP Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045 (C.D. Cal. 2014); *see also McCormick v. Rexroth*, No. C-09-4188-JF, 2010 WL 934242,

---

[2] The United States does not oppose Mr. Lischewski's request to stay all discovery pertaining to him or staying the entire AWG case, but maintains that the balance of interests favors its more limited stay. United States' Response at 2.

at *2 (N.D. Cal. Mar. 15, 2010) ("[S]ome courts have gone so far as to recognize the extent of overlap as the most important factor."). While "the extent to which a defendant's Fifth Amendment rights are implicated" is a significant factor, it is still only "one consideration to be weighed against others." *Keating*, 45 F.3d at 324.

Here, because of the significant overlap between the civil and criminal cases, discovery against Mr. Lischewski in the civil cases will certainly implicate his Fifth Amendment rights. Whether the discovery is in the AWG case in which he is a defendant or the other remaining MDL cases in which he is a third-party, Mr. Lischewski "will be forced to choose between testifying in [the] civil matter and asserting his Fifth Amendment privilege." *Id.* at 325.

It is constitutionally permissible, however, for a defendant to have to make that choice. *Keating*, 45 F.3d at 324. Also weighing against a stay is the fact that, if Mr. Lischewski invokes his privilege in in the civil case, the United States cannot use that invocation to draw an adverse inference against him in his criminal trial. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). And while a trier of fact can draw an adverse inference from invoking the privilege in civil proceedings, *id.*, Mr. Lischewski faces that dilemma only in the AWG case and there are equitable means other than a stay that the Court can use to protect Mr. Lischewski's interests.

On balance, because of the strong Fifth Amendment implications in this case, the Court finds this "important consideration" weighs in favor of granting a stay. *See Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Next, the Court turns to the scope of the stay. The complete stay proposed by Mr. Lischewski would completely protect his Fifth Amendment rights, because he would not face any discovery in the civil actions, and would not need to invoke his privilege. As for the limited stay proposed by the government, although Mr. Lischewski would face discovery requests in his capacity as a third-party and may need to invoke the privilege, the complete stay he suggests is not required.

1    Arguing against the limited stay proposed by the government, Mr. Lischewski states

2    that, should he invoke his privilege during depositions in the other MDL cases, AWG could

3    use this to draw an adverse inference which would "jeopardize his ability to defend the

4    case." Lischewski Mot. at 11; Lischewski Reply at 7-8. The Court (through means other

5    than a stay) can address this concern if it arises later in the litigation. Should AWG seek

6    to draw an adverse inference in its case, the Court would be inclined to grant a protective

7    order to prohibit the use of Mr. Lischewski's assertion against him, which would obviate

8    the need for the complete stay he requests. *See Taylor v. Ron's Liquor Inc.*, 2011 WL

9    499944, at *2 (N.D. Cal. Feb. 8, 2011) ("A stay of an action is not necessary where a

10   defendant's Fifth Amendment rights can be protected through less drastic means, such as .

11   . . implementing protective orders."

12   Mr. Lischewski next argues that invoking the privilege in the civil cases may

13   preclude him from revoking his assertion of the privilege to testify on those matters later.

14   Lischewski Mot. at 7. The Court disagrees. A decision by Mr. Lischewski to assert his

15   Fifth Amendment privilege would not necessarily preclude him from testifying on those

16   matters once his criminal case is resolved and the Court lifts the stay. The "case law makes

17   it apparent that the effects that an invocation of the privilege against self-incrimination will

18   have in a civil suit depends to a large extent on the circumstances of the particular

19   litigation." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994).

20   If Mr. Lischewski were to attempt waive his privilege after the criminal proceedings

21   end in a way that would prejudice AWG—such as on the eve of trial—the Court would be

22   well within its authority to deny his request. *See id.* at 191 (denying the defendant's request

23   to testify on matters concerning which he had previously invoked the privilege because he

24   made the request only a few days before trial, which would have prejudiced the plaintiffs).

25   But absent prejudice to AWG, the Court would view a request by Mr. Lischewski to revoke

26   his invocation favorably.

27   Finally, Mr. Lischewski argues that allowing Plaintiffs to depose him would force

28   him to divulge the basis of his criminal defense to the criminal charges, thus providing an

undue advantage to the prosecution. Lischewski Reply at 9. This is a concern, and weighs against allowing Plaintiffs to depose him. *See In re Zinnel*, No. 12-cv-00249-MCE, 2013 WL 1284339, at \*5 (E.D. Cal. Mar. 28, 2013). However, this concern is mitigated, at least to some degree, because Mr. Lischewski does not face liability in the other MDL cases and thus he may not need advance the same defense strategies during those depositions. Furthermore, while the concern is serious, it is the same one faced by every defendant faced with criminal liability, and multiple courts have denied stays when the balance of weighs against it. *See, e.g., ESG Capital Partners LP*, 22 F. Supp 3d at 1047.

Accordingly, the Court finds invocation of Mr. Lischewski's Fifth Amendment rights weigh in favor of a limited stay of discovery against him in the AWG case.

## II. Plaintiffs' Interest

Courts also consider "the interest of the Plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay." *Keating*, 45 F.3d at 325.

Civil Plaintiffs have a strong interest in the speedy resolution of their claims, which weighs against a stay. *SEC v. Loomis*, No. 10-CV-0458-KJM, 2013 WL 4543939, at \*2 (E.D. Cal. Aug. 27, 2013). Here, any of the stays proposed by the parties will delay discovery for at least one plaintiff. The Court has already stayed certain discovery in this case for over two years, and any potential stay pending Mr. Lischewski's criminal trial would delay discovery for at least another year. *See* Plaintiff's Opp'n at 11 n.9 (noting criminal trial may begin in the fall of 2019).

Despite these facts, all Plaintiffs seem to agree that a stay to some degree is amenable to them. AWG does not oppose the United States' stay proposal. *See* AWG Response. The remaining Plaintiffs only oppose the stay of all discovery proposed by Mr. Lischewski, and indeed advocate for a complete stay of the AWG action in a related motion. *See generally* Plaintiff's Opp'n; *see* ECF No. 1537. The focus, therefore, is the arguments for and against a complete stay proposed by Mr. Lischewski and the limited stay proposed by the United States.

In support of his proposal, Mr. Lischewski argues that Plaintiffs have only a slight interest in deposing him before his criminal trial. Lischewski Mot. at 13. He argues that Plaintiffs will have the opportunity to depose him after the criminal proceedings end, which should, in his estimation, occur before the MDL trial. *Id.* Furthermore, even if Plaintiffs were prejudiced, Mr. Lischewski argues that preserving his Fifth Amendment right is "the more important consideration." *Id.* (quoting *Volmar Distribs.*, 152 F.R.D. at 40).

Plaintiff's argue that the stay of all discovery proposed by Mr. Lischewski will create substantial problems in their cases. Plaintiff's Opp'n at 10. If they are unable to depose Mr. Lischewski, they argue that they would be unable to proceed with trial or adequately defend any summary judgment motions because Mr. Lischewski played a central role in the alleged conspiracy and their factual case would be incomplete without discovery of some sort relating to him. *Id.* at 11. Plaintiffs also argue that the passage of time may lead to Mr. Lischewski forgetting important details regarding the incident. *Id.*

The Courts finds that, to the extent this factor weighs for any proposal, it weighs in favor the limited stay proposed by the United States. The limited stay would least prejudice Plaintiffs in the MDL and ensure that the majority of cases, as well as the remaining claims in the AWG action, can continue to move forward. Granting a complete stay would likely lead to extending the timeline for pretrial motions, reopening discovery after the criminal trial, and delaying this case far past the current schedule. This would delay resolution of Plaintiff's cases, create potential future problems with discovery, and therefore prejudice all Plaintiffs.

## III. Burden on Defendant

Next, the Court must consider "the burden which any particular aspect of the proceedings may impose on defendants." *Keating*, 45 F.3d at 325. Even when courts have found a defendant's Fifth Amendment rights are implicated, "this factor does not support granting a stay unless the defendant can show other compelling factors." *ESG Capital Partners LP*, 22 F. Supp. 3d at 1046.

In his Motion, Mr. Lischewski argues that without a stay of all discovery against him, he will be forced to choose between invoking his privilege and "effectively forfeiting his civil suit." Lischewski Motion at 10. As noted above, however, this choice is constitutionally permissible, and with other less drastic measures in place, the Court can address this concern without staying the entire action. *See supra* Section I.

In addition to the burden on his Fifth Amendment rights, Mr. Lischewski argues that the limited stay proposed by the government will force him to begin discovery after the stay is lifted, at which time all other parties, including AWG, will have already finished their discovery. Lischewski Opp'n at 14. This, he argues, will put him at a disadvantage because when the stay ends, the evidence will be "stale or inaccessible." *Id.* This burden would weigh in favor of staying the entire AWG case to level the playing field between the parties.

While Mr. Lischewski may face some burdens from beginning discovery after the other parties, he may also benefit from this as well. When the stay ends, fact discovery will be complete and an existing record will already be in place. Mr. Lischewski notes that his interests do not align with the other parties, making any discovery already completed worthless to him. *See* Lischewski Opp'n at 19. But the completion of discovery will at least narrow the issues and could streamline any additional discovery needed once the case resumes. Furthermore, the Court can implement other measures, such as the DAPs' proposal, to address this concern as well. By excluding AWG from all discovery pertaining to Mr. Lischewski as a third-party, as DAPs suggest, this would alleviate the unfairness complained of by Mr. Lischewski. *See* DAPs' Response at 3. As noted above, the Court also would look favorably to prohibiting AWG from using Mr. Lischewski's non-party deposition in this MDL to establish liability against him in the AWG case. This would put both Mr. Lischewski and AWG in the same position regarding the claims against Mr. Lischewski following the stay.

Mr. Lischewski also argues against the United States' Motion because he "wants to fight and defeat the allegations made against him both by the government and by AWG,"

1 and has an "important interest in moving to trial swiftly" in the civil case to reduce the

2 personal burdens imposed on him. Lischewski Opp'n at 15. His own Motion asking the

3 Court to grant a stay counters this very argument, however. *See generally* Lischewski Mot.

4 The stay he requests will delay the civil proceedings pending resolution of his criminal trial

5 for the same amount of time as the United States' proposal, and indeed would delay more

6 aspects of his obligations to these cases than the limited stay.

7 For these reasons, the Court finds this factor weighs in favor of granting a stay, and

8 weighs in favor of the limited stay proposed by the United States.

9 **IV.    Convenience of the Court and Judicial Economy**

10 The next factor to consider is "the convenience of the court in the management of

11 its cases, and the efficient use of judicial resources." *Keating*, 45 F.3d at 324–25. This

12 factor generally weighs against a stay because the Court has an interest in clearing its

13 docket. *Molinaro*, 889 F.2d at 903.

14 Here, the United States argues that the resolution of the criminal case will simplify

15 and expedite the civil proceedings, thus weighing in favor of granting a limited stay in the

16 AWG case. United States Mot. at 10. Further, by limiting the stay to only AWG's claims

17 against Mr. Lischewski, the remaining cases in the MDL can continue to be resolved while

18 the stay is in place. *Id.*

19 In his Motion, Mr. Lischewski argues that judicial efficiency weighs in favor of

20 granting the stay as to the entire MDL. Lischewski Mot. at 15. A stay of any depositions

21 would avert the need to resolve any discovery disputes regarding the scope of his privilege

22 and streamline the procedures for all parties. *Id.* at 16. Mr. Lischewski also argues that if

23 the Court imposes only the limited stay, that will force him to sit for depositions twice—

24 once now and again after the stay is lifted—creating a waste of judicial resources and

25 weighing against the limited stay. *Id.* at 15-16.

26 In their Opposition, Plaintiffs note that the fact discovery cutoff in this case is set

27 for November 27, 2018. Plaintiff's Opp'n at 11. Plaintiffs argue that granting the stay Mr.

28 Lischewski proposes would put this deadline on hold for at least a year, adding to the

10

1  already lengthy stays of discovery that have previously been imposed at the request of the
2  government in this case. *Id.*

3      Staying any civil case until the resolution of a criminal case is inconvenient for the
4  court, especially when there is no date set for the criminal trial. *See ESG Capital Partners*,
5  22 F. Supp. at 1047.  That inconvenience is compounded in this MDL because of the
6  number of the parties involved and the advanced stage of litigation.  Granting a stay would
7  result in further delays of fact discovery, could delay the resolution of upcoming motions,
8  and most certainly would push any trial date at least months further into the future.  This
9  all weighs against granting a stay of any scope.

10      Thus, to the extent this factor weighs in favor of any of the parties' stay proposals,
11  the Court finds the balance tilts in favor of the United States' limited stay proposal.  The
12  limited stay would allow all but one of the cases to proceed, and limit the delays that would
13  surely follow a broader stay.

14  **V.      Interests of Non-Parties**

15      Courts must also consider "the interests of persons not parties to the civil litigation."
16  *Keating*, 45 F.3d at 325.

17      As a third-party in the MDL cases other than the AWG action, Mr. Lischewski
18  argues that his Fifth Amendment right is a substantial interest that weighs in favor of
19  granting a stay of discovery in the entire MDL.  Lischewski Mot. at 14-15.  These interests
20  do weigh in favor of a stay;  however, to the extent the third-party discovery implicates his
21  Fifth Amendment interests, the Court has already found that a limited stay can adequately
22  address Mr. Lischewski's concerns, and the broad stay requested may not be necessary.
23  *See supra* Section I.

24      The United States argues that a stay would protect non-party trial witnesses from
25  potential intimidation, which is a concern to the government because of Mr. Lischewski's
26  "influential role in the packaged-seafood industry."  United States' Mot. at 10.  At least
27  one court, however, has found that the interests of potential witnesses are not relevant to
28  this factor.  *See Petrov v. Alameda Cnty.*, No. 16-cv-4323-YGR, 2016 WL 6563355, at *6

(N.D. Cal. Nov. 4, 2016). It is also unclear how the stay would remedy this potential problem. There is no guarantee that Mr. Lischewski's role at Bumble Bee Tuna will change following the lifting of the stay, and thus the same potential problem would still be present.

Plaintiffs argue that the United States, as a non-party, has a substantial interest in the stay. Plaintiff's Opp'n at 15. The Court agrees that the "United States . . . has an interest in an unimpeded criminal investigation that favors a stay." *In re Zinnel*, 2013 WL 1284339, at \*6. Although this overlaps significantly with the public interest factor, the United States' non-party interest still weighs in favor of a stay here.

Regarding the scope of the stay, the Court finds this factor neutral. The United States, which has a non-party interest, does not oppose staying all discovery in the entire MDL as Mr. Lischewski proposes, but does not believe it necessary to protect its interests. *See generally* United States' Response. And as noted, Mr. Lischewski's non-party interest can be addressed adequately through either stay proposed.

The Court therefore finds that this factor weighs in favor of a stay but is neutral as to the scope of the stay.

## VI. Public Interest

Finally, Courts must consider "the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 325.

Here, the United States argues that the "public interest in uncompromised criminal proceedings" weighs strongly in favor of a stay. United States' Mot. at 5. Because of the liberal discovery rights in civil cases, the government argues that a stay is the only way to protect the criminal proceedings. *Id.* The Court agrees, and finds this factor weighs in favor of granting a stay. *See Baker v. SeaWorld Entm't, Inc.*, No. 14-cv-2129-MMA-AGS, 2018 WL 1726534 at \*3 (S.D. Cal. Apr. 10, 2018) ("The government has a strong interest in maintaining and protecting the integrity of its criminal investigation, and a stay would prevent premature disclosure of criminal discovery materials.").

Regarding the scope of the stay, Plaintiffs argue that the victims of the alleged price-fixing scheme have an "interest in being made whole, to the extent possible, in an

15-MD-2670 JLS (MDD)

expeditious manner." Plaintiff's Opp'n at 16. Staying discovery in the entire MDL will delay any potential recovery to all victims, and thus weighs against Mr. Lischewski's proposed stay. *Id.* In his Relpy, Mr. Lischewski argues that Plaintiffs will have an opportunity to depose Mr. Lischewski "well before the civil cases are tried." Lischewski Reply at 9. Moreover, "[t]here is no reason to assume that Plaintiffs will prevail in establishing liability." *Id.*

The Court finds that the public interests weigh in favor of the limited stay. Whether the Plaintiffs prevail or not, the speedy resolution of the Plaintiff's claims is an important interest. The limited stay will allow the majority of Plaintiff's claims to move forward and lead to a faster resolution, and will protect adequately the government's interest in maintaining the integrity of the criminal proceedings.

## CONCLUSION

Based on the analysis above, it is clear that the *Keating* factors weigh in favor of granting a stay. Strong factors weigh on both sides regarding the scope of discovery and, after balancing those factors, the Court finds that the limited stay proposed by the United States best preserves all of the interests involved.

Accordingly, the Court **ORDERS** all discovery in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.*, Case No. 18-cv-1014-JLS-MDD pertaining to Defendant Christopher Lischewski **STAYED** pending the resolution of the criminal trial. Discovery in the related MDL cases pertaining to Mr. Lischewski as a third-party may proceed. The Court prohibits AWG from participating in or receiving any discovery against Mr. Lischewski as a third-party in the remaining MDL cases while the stay is in place.

**IT IS SO ORDERED**

Dated: November 5, 2018

Hon. Janis L. Sammartino
United States District Judge

15-MD-2670 JLS (MDD)