UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING THE UNITED STATES' MOTION TO STAY CERTAIN DISCOVERY**<br><br>(ECF No. 1494) |

Presently before the Court is the United States' Motion for Stay of Discovery, ("Mot.," ECF No. 1494). Also before the Court is Plaintiffs' (defined as all Plaintiffs other than Associated Wholesale Grocers) Opposition to, ("Plaintiffs' Opp'n," ECF No. 1535); Defendant Christopher Lischewski's Opposition to, ("Lischewski Opp'n," ECF No. 1512); Defendants StarKist Co., Dongwon Industries Co., Ltd., Del Monte Corporation, and Bumble Foods LLC's Response to ("StarKist et al. Response," ECF No. 1541); Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International, Inc. and Thai Union Group PCL's Response to ("Tri Union et al. Response," ECF No. 1543); Associated Wholesale Grocers, Inc. ("AWG") Response to, ("AWG Response," ECF No. 1539); and the United States' Reply in support of, ("Reply," ECF No. 1554), the United States' Motion to Stay. After reviewing the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

This case concerns an alleged conspiracy to fix the prices of packaged seafood throughout the United States. In 2015, various plaintiffs across the country brought civil suits against several defendants, including Bumble Bee Foods, LLC. The Judicial Panel on Multi District Litigation consolidated the many civil actions relating to this alleged conspiracy in an MDL and, on December 9, 2015, centralized pretrial proceedings before this Court. ECF No. 1.

During the time period the alleged conspiracy took place, Christopher Lischewski served as CEO of Bumble Bee Foods, LLC. Mr. Lischewski is a named defendant in one pending civil action in this MDL, *Associated Wholesale Grocers v. Bumble Bee Foods, LLC et al.* On May 16, 2018, a grand jury in the Northern District of California returned a single count felony indictment of Mr. Lischewski. *United States v. Christopher Lischewski*, 18-cr-00203-EMC. The indictment alleges Mr. Lischewski took part in the price fixing conspiracy which is the subject of this civil litigation. Plaintiff's Opp'n at 9-10. On September 7, 2018, the United States moved to stay discovery pertaining to Mr. Lischewski in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.* *See generally* ECF No. 1365. Mr. Lischewski then filed a separate Motion to Stay Discovery and for a Protective Order on September 20, 2018. *See generally* ECF No. 1371.

The United States filed its current request for a stay of depositions against three current or former employees of Tri-Union Seafoods, LLC d/b/a/ Chicken of the Sea International ("COSI"), Shue Wing Chan, John Sawyer, and Mike White on October 11, 2018. Mot. at 3. The stay relates to the witnesses conduct from November 2010 through December 2013, the same time period covered by the indictment against Lischewski. *Id.* The proposed stay would allow the deposition testimony for conduct before or after this time period to proceed during the stay. *Id.* Following the government filing its Motion, the parties in the MDL on both sides filed multiple Oppositions and Responses. Those arguments were taken under submission without oral argument. ECF No. 1546.

## LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.* (alterations omitted). "[A] court may decide in its discretion to stay civil proceedings . . . or impose protective orders and conditions 'when the interest of justice seem[s] to require such action.'" *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) (holding district courts have broad discretion in granting a stay and fashioning an appropriate remedy).

"[T]he particular circumstances and competing interests involved in the case" should guide the court's decision whether to stay the civil proceedings. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). When making that decision, the Court should consider the following six factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (3) the burden which any particular aspect of the proceedings may impose on defendants; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F. 3d at 324.

## ANALYSIS

### I. Implication of Defendants' Fifth Amendment Rights

The case for staying civil proceedings is "a far weaker one" when "[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903 (citing *Dresser Indus.*, 628 F.2d at 1376).

The United States make no arguments regarding any implication of any defendant's Fifth Amendment rights. *See generally* Mot. No indictment has been returned against any of the three COSI witnesses in question. *See id.* And none of the Defendants, including Mr. Lischewski, raise any possible implication to their Fifth Amendment rights should the depositions in question proceed. *See generally* Lischewski Opp'n; StarKist et al. Response; Thai Union et al. Response.

Accordingly, this factor weighs against a stay.

## II. Plaintiffs' Interest

Courts also consider "the interest of the Plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay." *Keating*, 45 F.3d at 325.

The United States argues that the proposed stay minimizes any burden on Plaintiffs because it will not halt all discovery, and plaintiffs may reopen the depositions at the conclusion of the criminal proceedings. Mot. at 9. The government also contends that the resolution of the criminal proceedings would confer potential benefits on Plaintiffs that would offset any burdens of potential delays. *Id.* A conviction in the criminal trial would narrow the issues of the reopened depositions, and absent a conviction, Plaintiffs could use the time to "refine their case." *Id.* at 10.

Plaintiffs vigorously rebut the government's positions, arguing the proposed stay will prejudice Plaintiffs in four ways. Plaintiffs' Opp'n at 15-18. First, Plaintiffs argue that the delay creates a risk that these witnesses may be unavailable to testify in the future as a result of health, fading memories, or other factors. *Id.* at 15. Second, Plaintiffs argue that the stay of these depositions will prejudice their ability to oppose upcoming motions. *Id.* at 16. According to Plaintiffs, the depositions of the COSI witnesses is critical to their case because they could provide "details and context about the conspiracy." *Id.* Third, the disruption of the depositions would hinder their trial presentation of the testimony, *id.* at 17, and fourth, the stay would delay defendants' accountability for their alleged unlawful conspiracy, *id.* at 17-18.

Although the United States raises some potential benefits that the stay could confer on Plaintiffs as well as some limits on the burdens, the Court agrees with Plaintiffs that the stay would prejudice their interests. Any benefits the stay would confer on Plaintiffs are minimal, and contingent on a conviction at trial. In contrast, the passage of time would result in the potential loss of this important discovery, and undoubtedly delay any resolution of the civil cases. *See SEC v. Loomis*, No. 10-CV-0458-KJM, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013) (holding civil plaintiffs have a strong interest in the speedy resolution of their claims, which weighs against a stay).

Thus, this factor weighs against the requested stay.

### III. Burden on Defendants

Next, the Court must consider "the burden which any particular aspect of the proceedings may impose on defendants." *Keating*, 45 F.3d at 325.

Defendant Christopher Lischewski argues that the requested stay will burden his ability to adequately defend his interests in the criminal trial. Lischewski Opp'n at 2-3. The remaining Defendants have taken no position on the United States' Motion, and instead have used this Motion as an opportunity to request broad changes to the pretrial schedule. *See generally* Bumble Bee et al. Response; Tri Union et al. Response.

Despite not taking a position on the Motion, it is clear from Defendants' Responses that the proposed stay would burden their interests absent scheduling changes. Defendants note that should the Court grant the stay, "the case schedule would force Defendants to go through expert discovery and dispositive motion briefing without the benefit of (potentially exonerating) testimony from these witnesses. That would be patently prejudicial to Defendants." Bumble Bee et al. Response at 8.

The Court would be unable to grant the proposed stay and still minimize the potential burdens on the Defendants, however, without imposing burdens elsewhere. Indeed, granting the stay and making the requested scheduling changes would cause delays until

///

after the criminal trial concludes, which in turn would burden Plaintiffs' interest, *see supra* Section II, and the Courts' interest in clearing its docket, *see infra* Section IV.

The Court therefore finds that this factor weighs against a stay.

**IV.  Convenience of the Court and Judicial Economy**

The next factor to consider is "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *Keating*, 45 F.3d at 324–25.

The United States argues that the resolution of the criminal matter would "simplify and expedite the civil proceedings before this Court." Mot. at 10. Plaintiffs contend that these potential efficiencies are not substantial, and that the delays outweigh any benefits. Plaintiff's Opp'n at 19-20.

Staying any civil case until the resolution of a criminal case is inconvenient for the Court. *See ESG Capital Partners*, 22 F. Supp. at 1047. Limited or not, this stay will postpone the completion of fact discovery for at least a year, and cause delays to all future pretrial events for just as long.[1] The Court's interest in clearing its docket, which generally weighs against a stay, is especially prevalent here because of the amount of parties involved and the stage of this litigation. *See Molinaro*, 889 F.2d at 903.

Accordingly, the Court finds this factor weighs against a stay.

**V.  Interests of Non-Parties**

Courts must also consider "the interests of persons not parties to the civil litigation." *Keating*, 45 F.3d at 325.

The United States argues that its "proposed stay protects the three witnesses from potential harassment from being forced to sit for deposition testimony regarding the same time period that will be the subject of their potential testimony." Mot. at 11. At least one court, however, has found that the interests of potential witnesses are not relevant to this factor. *See Petrov v. Alameda Cnty.*, No. 16-cv-4323-YGR, 2016 WL 6563355, at *6 (N.D.

---

[1] The United States notes in its Reply that a trial date has been set for November 4, 2019. Reply at 8.

Cal. Nov. 4, 2016). Moreover, the government has not supported its contention with any facts showing the potential for harassment is more than mere speculation.

In their Opposition, Plaintiffs state that they "assume that the three [COSI] witnesses would prefer to be deposed once rather than twice in this MDL." Plaintiff's Opp'n at 20. Similar to the government's arguments, this speculative interest does not weigh heavily in the Courts consideration.

Accordingly, the Court finds this factor is neutral.

## VI. Public Interest

Finally, Courts must consider "the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 325.

The United States argues that the "public interest in uncompromised criminal proceedings" weighs strongly in favor of a stay. Mot. at 5. Because of the liberal discovery rights in civil cases, the government argues that a stay is the only way to protect the criminal proceedings. *Id.* The Court agrees that "[t]he government has a strong interest in maintaining and protecting the integrity of its criminal investigation, and a stay would prevent premature disclosure of criminal discovery materials." *See Baker v. SeaWorld Entm't, Inc.*, No. 14-cv-2129-MMA-AGS, 2018 WL 1726534 at *3 (S.D. Cal. Apr. 10, 2018).

Several important factors in this case, however, lessen the public's interest in a stay. As the government states in its Motion, "[t]he limitations on criminal discovery were purposefully created 'to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery." Mot. at 6 (quoting *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008)).

Here, the Court finds that the government has failed to show how the stay protects the policy reasons behind the limitations of criminal discovery. While the stay would possibly "level the playing field" in the criminal matter by limiting Mr. Lischewski's access to the information provided in these potential depositions, "the fact that Defendant

… would receive more information than he would get in a criminal case does not by itself undermine a public interest in law enforcement." *S.E.C. v. Mazzo*, No. 12-1327, 2013 WL 12172132, at *2 (C.D. Cal. Sept. 3, 2013).

Furthermore, the Court is not persuaded by the United States' assertions that the interests of Bumble Bee Tuna and Mr. Lischewski are so aligned that Bumble Bee would act as a "proxy, providing an outline for Mr. Lischewski to use for a cross examination at the criminal trial." Mot. at 8. Mr. Lischewski has contended that his interests do not align with any other party, see ECF No. 1539-1 at 6 n.2, and the United States does not offer any concrete evidence that such coordination between the parties exists.

Finally, the Court notes that the three COSI witnesses are only "potential trial witnesses." See Mot. at 3-4, 6, 9. The Court recognizes that the depositions are set to occur before the government has the opportunity to decide whether to call these witnesses to testify. But the fact that this entire MDL could be delayed for more than a year, potentially all for naught, is a consideration the Court cannot ignore.

Important considerations weigh on both sides of this factor. On balance, the court finds that this factor does minimally weigh in favor of a stay.

## CONCLUSION

Based on the analysis above, the Court finds that the *Keating* factors weigh in favor of denying the government's request for a stay. The depositions of the three witnesses may continue forward, subject to the limitations on discovery laid out in the Courts separate Order addressing the United States and Mr. Lischewski's Motions to Stay Discovery.

**IT IS SO ORDERED**

Dated: November 5, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge