**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| *AGC* Standing[1] | No *AGC* Restrictions | Arizona California Minnesota | **No difference.** |
| | Courts Have Not Addressed the Issue of *AGC* Standing | Guam Hawaii Mississippi New Hampshire[2] Oregon Rhode Island South Dakota Tennessee Utah West Virginia | **Does not support imposing the standing restrictions of *AGC*.** For example, Defendants' cited cases for Hawaii and Tennessee merely provide the issue is undecided (*Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 324 n.33 (Haw. 2010)) or refer to its application in the RICO context (*Tenn. Med. Ass'n v. Bluecross Blueshield of Tenn., Inc.*, 229 S.W.3d 304, 311 (Tenn. Ct. App. 2007)), which does not indicate there is a material difference one way or another sufficient to defeat predominance. *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 541 (C.D. Cal. 2012) ("Defendants, as the parties asserting that variations in state law defeat predominance, bear the burden on the issue."). |
| | Purported Inconsistent Rulings on applicability of *AGC* | North Carolina | **No material differences presented.** Defendants raise the same case as on their motion to dismiss, citing *Crouch v. Crompton Corp.*, No. 02 CVS 4375, 2004 NCBC 7, (N.C. Super. Oct. 28, 2004) (a state trial decision with no precedential value), but note *Teague v. Bayer AG*, 671 S.E. 2d 550, 555-56 (N.C. Ct. App. 2009), which rejected *AGC*'s application. Defendants' citation to out of circuit authority (App'x A at 9) changes nothing. *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 U.S. Dist. LEXIS 84152, at *14 (N.D. Ill. June 29, 2015) noted that some courts applied *AGC* in North Carolina and others did not because each situation presents different factors while the court in *Contant v. Bank of Am. Corp.*, No. 17 Civ. 3139 (LGS), 2018 U.S. Dist. LEXIS 42870, at *16 (S.D.N.Y. Mar. 15, 2018) declined to decide if *AGC* applies to North Carolina antitrust law. |

---

[1] Defendants submitted nearly the ***exact*** same Appendix in connection with their motion to dismiss (Dkt. 207-6), and the Court upheld EPPs' claims under Arizona, D.C., Iowa (after 2008), Kansas, Maine (after 2008), Michigan, Mississippi, Nebraska, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Utah, West Virginia, and Wisconsin law. *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1117-18 (S.D. Cal. 2017) ("*PSP II*"). Nothing warrants reconsideration here. Defendants newly raise *AGC* only as to Guam, Hawaii, Minnesota, and Tennessee.

[2] Defendants again ignore N.H. Rev. Stat. § 356:14-a (2008) (granting indirect purchaser standing).

**EPPs' Appendix A – State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| *AGC* Standing | Defendants Claim Material Difference by virtue of *AGC* application | D.C.<br>Iowa<br>Maine<br>Michigan<br>Nebraska<br>New Mexico<br>New York[3]<br>North Dakota<br>Wisconsin | **Case law does not support application of *AGC*, which eliminates any purported difference and Defendants don't explain why these states would use *AGC* to override their own repeal of *Illinois Brick***. Defendants cite to the same group of cases against Visa, all of which involved the same facts and plaintiffs, who were non-purchasers, consumers or competitors of the services, and not in the chain of distribution. *See Peterson v. Visa U.S.A.*, 2005 WL 1403761, at *13 (D.C. Super. Ct. Apr. 22, 2005); *Southard v. Visa* U.S.A. Inc., 734 N.W.2d 192, 198 (Iowa 2007); *Knowles v. Visa U.S.A., Inc.*, No. CIV.A. CV-03-707, 2004 Me. Super. LEXIS 227, at *5 (Me. Super. Oct. 20, 2004); *Stark v. Visa U.S.A. Inc.*, No. 03-055030-CZ, 2004 WL 1879003 (Mich. Cir. Ct. July 23, 2004); *Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489, 499 (2006); *Nass-Romero v. Visa U.S.A. Inc.*, 279 P.3d 772, 778-81 (N.M. Ct. App. 2012); *Ho v. Visa U.S.A., Inc.*, 793 N.Y.S.2d 8 (App. Div. 2005); *Beckler v. Visa U.S.A., Inc.*, No. 09-04-C-00030, 2004 WL 2475100, at *4 (N.D. Dist. Ct. Sept. 21, 2004); *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *3 (Wis. Cir. Ct. Feb. 8, 2005). As before, these cases are distinguishable on their facts, and courts in those states have allowed indirect purchaser actions. *See e.g., Goda v. Abbott Labs.*, No. 01445–96, 1997 D.C. Super. LEXIS 69 (Feb. 3, 1997) (certifying class of indirect purchasers); *Holder v. Archer Daniels Midland Co.*, No. 96-2975, 1998 D.C. Super. LEXIS 39, at *16 (Nov. 4, 1998); *Comes v. Microsoft Corp.*, 646 N.W.2d 440, 451 (Iowa 2002); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 U.S. Dist. LEXIS 141358, at *74-80 (N.D. Cal. Oct. 2, 2014) (noting that *Knowles* perceived in its legislature's "passage of *Illinois Brick* repealer statutes an intent to extend antitrust standing to indirect purchasers"); *Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 37-38 (Neb. 2004) (Nebraska's antitrust statutes permitted claims by indirect purchasers). |
| | | Nevada | **Case law does not support application of AGC, which eliminates any purported difference**. Defendants rehash their prior claim that Nevada conflicts due to its application of AGC, newly citing *Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co., Inc.*, 423 P.3d 605, 607 (Nev. 2018). Yet the court there granted summary judgment with no discussion of *AGC* or indirect purchasers since the plaintiffs (a waste company) failed to show any injuries by the claimed monopoly of the other waste companies. |

---

[3] Defendants cite *Dairy Farmers* to make the additional argument that in NY, federal courts have concluded that *AGC* should apply to antitrust claims under New York law, but the court there simply noted that some courts have applied *AGC* to New York claims while others have not. *Dairy Farmers*, 2015 U.S. Dist. LEXIS 84152, at *42-43.

## EPPs' Appendix A –State Law Analysis in support of Class Certification

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Temporal and/or Geographic Requirements** | None | California<br>Kansas | **No difference** |
| **Temporal and/or Geographic Requirements** | Geographic nexus required between individual state and alleged antitrust violation | Arizona<br>D.C.<br>Guam<br>Hawaii<br>Iowa<br>Maine<br>Michigan<br>Minnesota<br>Mississippi[4]<br>Nebraska<br>Nevada<br>New Mexico<br>New York[5]<br>North Carolina<br>Oregon<br>Rhode Island<br>South Dakota<br>Tennessee[6] | **Fulfilled by named plaintiff(s) in each such state who purchased Packaged Tuna at prices illegally fixed by Defendants**<br>Ariz. Rev. Stat. § 44-1402; D.C. Code § 28-4502; Guam Code Ann. Tit. 9 § 69.10(b); Haw. Rev. Stat. 480-4 (a); Iowa Code § 553.3(6); Me. Rev. Stat. Ann Tit 10 § 1101; Mich. Comp. Laws § 445.771; Minn. Stat. § 325D.54; Neb. Rev. Stat. Ann. § 59-801; Nev. Rev. Stat. § 598A.060(1); N.M. Stat. Ann. § 57-1-13; N.C. Gen. Stat. § 75-1; Or. Rev. Stat. § 646.705; R.I. Gen. Laws Ann. § 6-36-7(a); S.D. Codified Laws § 37-1-3.1; W.Va. Code § 47-18-3(a) |
| | Temporal limit | New Hampshire (after 2008)<br>Oregon (after 2010)<br>Rhode Island (after 7/15/13)<br>Utah (after 5/06) | **Moot - EPPs' proposed Class Period runs from June 1, 2011 through July 1, 2015** (Mot. at 4).<br><br>As to claims under Rhode Island law being limited to conduct after July 15, 2013, the Court has already recognized this (*PSP* II at 1070-72) and EPPs have accordingly tailored the class definition to reflect this requirement. (6AC at 44). |

---

[4]    Defendants cite *In re GPU Antitrust Litig.*, 540 F. Supp. 2d 1085, 1099 (N.D. Cal. 2007) (not a Mississippi statute or decision) to argue a difference whereby the majority of the conduct must have occurred in Mississippi, however the court there permitted claims under Mississippi law to proceed where they alleged the conspiracy substantially affected commerce, injured Mississippi residents and defendants promoted products and harmed competition in the state. This case, which does not involve components, is even stronger.

[5]    Defendants cite *Global Reinsurance Corp. v. Equitas Ltd.*, 969 N.E. 2d 187, 195 (N.Y. App. Ct. 2012) to argue a presumption against extraterritorial application, however, that case involved participants in a British marketplace with no injury in New York.

[6]    Defendants cite *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W. 3d 512, 523-24 (Tenn. 2005) as unique because it requires substantial effects on trade in Tennessee, however the court there focused not on the conduct itself but on its effects, which were insufficient there since the NY plaintiff was the indirect purchaser, and did not involve the lone TN defendant.

EPPs' Appendix A –State Law Analysis in support of Class Certification

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Causation Requirements** | Requires Injury in Fact | California<br>D.C.[7]<br>Hawaii<br>Iowa<br>Kansas<br>Maine<br>Minnesota<br>Mississippi<br>Nebraska<br>Nevada<br>New Hampshire<br>New York<br>North Carolina<br>North Dakota<br>Oregon<br>Rhode Island<br>South Dakota<br>Tennessee<br>West Virginia<br>Wisconsin[8] | **Fulfilled by declaration of each named plaintiff(s) in each such state who purchased Packaged Tuna at prices illegally fixed by Defendants**<br><br>Cal. Bus. & Prof. Code § 16750(a) ("Any person who is injured in his or her business or property by reason of anything forbidden or declared unlawful by this chapter, may sue therefor"), § 17204; D.C. Code § 28-4508 (same); Haw. Rev. Stat. 480-13(a) (same); Iowa Code § 553.12(2); Kansas Stat. Ann. § 50-161(b); Me. Rev. Stat. Ann Tit 10 § 1104(1); Minn. Stat. § 325D.57; Miss. Code Ann. § 75-21-9; Neb. Rev. Stat. Ann. § 59-801; Nev. Rev. Stat. § 598A.210; N.H. Rev. Stat. § 356:11; N.Y. Gen. Bus. Law § 340(5); N.C. Gen. Stat. § 75-16; N.D. Cent. Code § 51-08.1-01; Or. Rev. Stat. § 646.780(1)(a); R.I. Gen. Laws Ann. § 6-36-7 (a); S.D. Codified Laws § 37-1-14.3; Tenn. Code Ann. § 47-25-106; W. Va. Code Ann. § 47-18-9; Wis. Stat. Ann. § 133.18(1)(a) |
| | Threat of violation sufficient | Arizona<br>Guam<br>Michigan[9]<br>New Mexico<br>North Dakota<br>Utah | **Statutes are permissive therefore not materially different** (keywords being *may* and *guide*)<br><br>Ariz. Rev. Stat. § 44-1408; Guam Code Ann. Tit. 9 § 69.30(a); Mich. Comp. Laws § 445.778(2); N.M. Stat. Ann. § 57-1-3(A); N.D. Cent. Code § 51-08.1-08; Utah Code Ann. § 76-10-3109(1)(a) |
| | None known | Kansas | |

---

[7] Defendants point to states where the applicable consumer protection statute does not require causation (*see e.g.,* D.C. Consumer Protection Act ("DCCPA") (Opp. App'x B at 1), as well as states with a proximate cause requirement (*see e.g.,* Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.204(1) ("FDUTPA")). Neither presents a material conflict given that the named plaintiffs have already alleged injury.

[8] Defendants cite *Olstad v. Microsoft Corp.*, 700 N.W. 2d 139, 141 (Wis. 2005) as holding that the antitrust conduct must either have occurred within the state, or "substantially affect[ed] the people of Wisconsin," but ignore the court's holding that the latter applies "even if the illegal activity resulting in those impacts occurred predominantly or exclusively outside [Wisconsin]." *Id.*

[9] Defendants argue that a threatened violation is sufficient to bring a claim under Mich. Comp. Laws § 445.778(2) but then also cite to a case holding that "Plaintiffs must show antitrust injury," including details as to how damages would be calculated if there were variations between class members. *A&M Supply Co. v. Microsoft Corp.*, 654 N.W. 2d 572, 574-75 (Mich. Ct. App. 2002).

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Restrictions on Damages** | Allows or requires recovery of treble damages | California<br>D.C.<br>Minnesota<br>Nevada<br>North Carolina<br>Oregon<br>Rhode Island<br>South Dakota<br>Utah<br>West Virginia<br>Wisconsin | **No differences**. *See* California Bus. & Prof. Code § 16750(a); D.C. Code§ 28-4508(a) (no special showing required for treble damages; no individualized proof of damages required); Minn. Stat. § 325D.57 (same); Nev. Rev. Stat. § 598A.210(2) (prevailing plaintiffs *shall* recover treble damages); N.C. Gen. Stat. § 75-16; Or. Rev. Stat. § 646.780(1)(a); R.I. Gen. Laws. Ann. § 6-36-11(a); S.D. Codified Laws § 37-1-14.3; Utah Code Ann. § 76-10-3109(2)(a)(treble damages permitted except if it would cause a defendant insolvency); W. Va. Code Ann. § 47-18-9; Wis. Stat. Ann. § 133.18(1)(a). Either way, courts have held that variance in state laws, including with respect to enhanced damages, are not "material or even significant" to bar certification. *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2017 U.S. Dist. LEXIS 24097, at \*111 (N.D. Cal. Feb. 21, 2017). *See also In re Nexium (Esomeprazole) Antitrust Litig*., 297 F.R.D. 168, 176 (D. Mass. 2013), *aff'd sub nom. Astrazeneca AB v. UFCW (In re Nexium Antitrust Litig.*), 777 F.3d 9 (1st Cir. 2015) (same). |
| | Treble damages [double exemplary in Iowa] only if flagrant or willful | Arizona<br>Guam<br>Iowa<br>New Hampshire<br>North Dakota | **Moot – plaintiffs have alleged conduct is willful and flagrant as demonstrated by *inter alia*, the felony guilty pleas**. *See* 6AC ¶¶ 359, 369; Suppl. Manifold Decl., Exs. 1-2. Ariz. Rev. Stat. § 44-1408(B); Guam Code Ann. Tit. 9 § 69.30(a); Iowa Code § 553.12(3); N.H. Rev. Stat. § 356:11; N.D. Cent. Code § 51-08.1-08 |
| | Courts take steps to avoid duplicative recovery | California<br>D.C.<br>Hawaii<br>Minnesota<br>New York[10]<br>North Dakota | **No differences.** *See* D.C. Code § 28-4508(c); Haw Rev. Stat. 480-13(c) (court directed to take specific steps to avoid duplicative recovery); Minn. Stat. § 325D.57; N.Y. Gen. Bus. Law § 340(6) (required to avoid duplicative recovery); S.D. Codified Laws § 37-1-33, 37-1-25 |
| | None/Actual damages | Arizona<br>Kansas<br>Maine<br>New Mexico<br>Mississippi<br>Nebraska<br>Tennessee | **Differences not material.** *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1131 (9th Cir. 2017) (making individualized damages determinations after liability has been adjudicated does not preclude class certification). *See* Ariz. Rev. Stat. § 44-1411 (remedies cumulative); N.M. Stat. Ann. § 57-1-3(A) (requires at least actual damages be awarded); Miss. Code Ann. § 75-21-9 (Actual damages plus $500 per injury); Neb. Rev. Stat. Ann. § 59-821 (actual or liquidated damages); Tenn. Code Ann. § 47-25-106 (actual damages). |

---

[10] Defendants cite *Sperry v. Crompton Corp.,* 863 N.E.2d 1012, 1018 (N.Y. Ct. App. 2007) to argue New York law does not allow for treble damages as a "penalty" in the class action context. App'x A at 9. However as noted in *New York v. AU Optronics Corp. (In re TFT-LCD Antitrust Litig.)*, 2011 U.S. Dist. LEXIS 131695 (N.D. Cal. Nov. 15, 2011), the legislative history of New York's statute clarifies that the word "penalty" was intended to refer only to criminal penalties to prevent the New York AG from pursuing a civil penalty and criminal sanction. *Id.* at \*5.

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Other** | Proof of injury requirement | Arizona<br>Maine | **No difference from California**. Under Defendants' citations to *Bunker's Glass Co. v. Pilkington PLC*, 75 P.3d 99, 108 (Ariz. 2003) (en banc) and *McKinnon v. Honeywell Int'l., Inc.*, 977 A.2d 420, 426-27 (Me. 2009) do not present a different standard – "The plaintiff in a Cartwright Act proceeding must show that an antitrust violation was the proximate cause of his injuries." *Kolling v. Dow Jones & Co.*, 137 Cal. App. 3d 709, 723 (1982). *See also* CACI 3440, Jury Instruction on Cartwright Act Damages.<br>In addition, as the court in *In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 183 (D. Mass. 2013) found, at the class certification stage, "End Payors … need not prove individualized proof of injury." (citing *In re Cathode Ray Tube (CRT) Antitrust Litig*, 2013 U.S. Dist. LEXIS 137946, at *2 (N.D. Cal. Sept. 19, 2013). |
| | Notice Requirement (to state AG) | California<br>Arizona<br>Hawaii<br>Oregon<br>Rhode Island<br>Utah | **Moot or Not Applicable-** The requirement under Cal. Bus. & Prof. Code § 16750.2 only applies to proceedings in the Supreme Court of California or state court of appeal. Otherwise EPPs have already fulfilled this requirement. 6AC at ¶ 479 (pursuant to Haw. Rev. Stat. 480-13.3), ¶ 545 (Nevada), ¶ 817 (pursuant to Or. Rev. Stat. § 646.780(5)(b)), ¶ 844 (South Carolina); *see also* Suppl. Manifold Decl., Exs. 3-4 hereto (letters pursuant to Ariz. Rev. Stat. § 44-1415(A) and Utah Code Ann. § 76-10-3109(9)). Thus, as to those states where EPPs sent notice, the issue is moot, and in others, the state law is merely procedural such that under *Shady Grove*, Rule 23 speaks to the issue of notification rather than a state statute. Moreover, there is no case law as it relates to Rhode Island Gen. Laws Ann. § 6-36-12 contrary to that. |
| | Continuing Violation Doctrine not applied to toll statute of limitations | Maine | **Moot** – this has already been decided by the Court. *PSP III* at 17, n. 10 ("the mere fact that Plaintiffs may obtain redress under different state statutory regimes or common-law doctrines does not, by itself, create a material conflict that would necessarily 'make a difference in this litigation.'")<br>Defendants cite *McKinnon,* 977 A.2d, 426-27 which is distinguishable – the consumer filed well past expiration of the statute of limitations, failed to prove fraudulent concealment, or show injury under the statute. |
| | Presumption of pass-through | Utah | **No material difference.** EPPs have put forward a common methodology capable of demonstrating that the alleged overcharge was passed through to every member of the proposed class. And pass-on is not an appropriate defense in this action (no class member would have resold Packaged Tuna, and thus, no overcharge could have been passed on).<br>Utah Code Ann. § 76-10-3109(8) |

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Relief Claimed under Consumer Protection Laws** | Equitable Relief | California | Cal. Bus. & Prof. Code § 17200 ("UCL") (equitable relief, including restitution) |
| | Actual Damages; Attorneys' Fees; Treble Damages/ Punitive Damages | Arkansas<br>D.C.<br>Florida<br>Hawaii<br>Massachusetts<br>Michigan<br>Minnesota<br>Missouri<br>Nebraska<br>Nevada<br>New Hampshire<br>New Mexico<br>North Carolina<br>North Dakota<br>Oregon<br>Rhode Island<br>South Carolina<br>South Dakota<br>Utah<br>Vermont<br>Virginia<br>West Virginia | **No material difference to viability of claim, simply different measures of damages.** *Briseno*, 844 F.3d at 1131 (individualized damages determinations after liability has been adjudicated does not preclude class certification); *Lidoderm*, 2017 U.S. Dist. LEXIS 24097, at *111. *See* Ark. Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 ("ADTPA"); D.C. Code § 28-3901 (greater of treble damages or $1500/violation, punitive damages, fees and costs); FDUTPA (injunctive, declaratory, actual damages, fees and costs); Haw. Unfair Deceptive Trade Practices Act, Haw. Rev. Stat. § 480 ("HUDTPA") (all forms of relief); Mass. Gen. Laws ch. 93A § 2 ("MACPA") (treble damages fees, costs); Mich. Comp. Laws Ann. § 445.911 (all forms of relief ("MICPA"); Minn. Consumer Fraud Act, Minn. Stat. § 325F.68 ("MCFA") (damages, fees, costs); Mo. Merchandising Practices Act, Mo. Ann. Stat. § 407.020 ("MMPA") (statutory relief listed); Neb. Consumer Protection Act, Neb. Rev. Stat. § 59-1602 (all forms of relief); Nev. Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903 ("NDTPA") (damages and civil penalty up to $5,000/violation); N.H. Consumer Protection Act, N.H. Rev. Stat. Ann. tit. XXXI, § 358-A ("NHCPA"); N.M. Unfair Practices Act, N.M. Stat. Ann. § 57-12-3 ("NMUPA") (actual damages up to $300/violation); N.C. Unfair Trade and Business Practices Act, N.C. Gen. Stat. § 751.1 ("NCUTBPA") (all forms of relief including treble damages); N.D. Unfair Trade Practices Law, N.D. Cent. Code § 51-10-01 ("NDUTPA") (damages and injunctive relief); Or. Unlawful Trade Practices Act, Or. Rev. Stat. § 646.608 ("OUTPA") (all forms of relief); R.I. Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1 ("RIDTPA") (injunctive relief, greater of actual damages or $200/violation and punitive damages); S.C. Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 ("SCUTPA") (treble damages, fees, costs); S.D. Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws § 37-24-6 ("SDDTPCP"); Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 ("UCSPA") (declaratory, ancillary, injunctive relief and greater of actual or $2000/violation per class member); Vt. Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2453 ("VCFA") (actual, treble damages, fees and costs); Va. Consumer Protection Act, Va. Code Ann. § 59.1-196 ("VCPA") (greater of treble damages or $1000/violation, fees and costs); W. Va. Consumer Credit and Protection Act, W. Va. Code § 46A-6-104 ("WVCCPA") (greater of actual damages or $200/violation)**.** |

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Class Actions under Consumer Protection Statutes** | Permitted | California<br>D.C.<br>Florida[11]<br>Hawaii<br>Massachusetts<br>Michigan (MI residents or those injured there)<br>Minnesota<br>Missouri<br>Nebraska<br>Nevada<br>New Hampshire (NH residents or those whose claims arose there)<br>New Mexico<br>North Carolina<br>Oregon<br>Rhode Island<br>South Dakota<br>Utah<br>Vermont<br>West Virginia | **No differences.** |
| | Not Permitted | Arkansas<br>South Carolina<br>Virginia | **The Court previously found EPPs' claims valid under ADTPA, SCUPTA and VCPA.** *PSP II* at 1072, 1086 (applying *Shady Grove* and finding "the SCUTPA class-action bar is a procedural rather than substantive rule"), 1117 (upholding Virginia claims). *See also In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-2143 RS, 2012 U.S. Dist. LEXIS 55300, at *39 (N.D. Cal. Apr. 19, 2012) (denying motion to dismiss class actions claims under South Carolina law "notwithstanding a limitation on class actions in the state statute" based on *Shady Grove*) |

---

[11]   Defendants cite *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Ct. App. 2006) to argue that class actions are restricted in Florida and no class wide proof is permitted, however the elements listed for certification in *Rollins* merely track Rule 23 and EPPs meet each one here. They also argue that the status of class actions under NDUTPA is "unclear" (Opp. App'x B at 9) but cite no authority at all.

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Reliance under Consumer Protection Statutes** | None Required | Hawaii<br>Massachusetts<br>Missouri<br>Nebraska<br>Nevada (not in statute/cases)<br>New Hampshire<br>New Mexico<br>North Dakota<br>Rhode Island (not in statute/cases)<br>South Carolina (same)<br>Utah (same)<br>West Virginia (same) | **No differences.** |
| | Required | Arkansas<br>Minnesota[12] (need a "causal nexus" between injury and violation)<br>North Carolina ("reasonable reliance" req.)<br>Oregon (requires show causation)<br>South Dakota<br>Vermont (limited showing of reliance *or* causation)<br>Virginia | **Not a material difference.** *See PSP II* at 1072-1088 (examining individual consumer protection laws and noting their liberal construction and similarities) |

---

[12]  Defendants cite *Grp. Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2, 11 (Minn. 2001) to argue that reliance is required in Minnesota and no class wide proof is permitted, however that case involved misrepresentation claims which required a showing of reliance and causation as its elements. Similarly, Defendants cite *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 28 (Or. 2015) to argue OUTPA requires reliance to show causation, however, the plaintiff there was unable to show an economic loss based on the *misrepresented* features at issue.

9

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Reliance under Consumer Protection Statutes** | Only as to named plaintiffs | California | **Not a material difference.** |
| | Varies | D.C.<br>Florida (courts split under FDUTPA)<br>Michigan[13] | **Not a material difference.** |
| **Intent/Scienter under Consumer Protection Statutes** | Not Required | Arkansas<br>California<br>D.C.<br>Florida<br>Hawaii<br>Massachusetts[14]<br>Missouri<br>Nebraska<br>New Hampshire<br>New Mexico<br>North Carolina<br>North Dakota<br>Oregon<br>Rhode Island (not addressed in statute/cases)<br>South Carolina (same)<br>Vermont (same)<br>Virginia<br>West Virginia (not addressed in statute/cases) | **No differences.** |

---

[13] Defendants cite *Evans v. Ameriquest Mortg. Co.*, No. 233115, 2003 WL 734169, at *3 (Mich. Ct. App. Mar. 4, 2003) to argue variations in Michigan's reliance requirement, however as that court noted, only two of the MCPA's 33 prohibited practices require reasonable reliance by the consumer, both of which relate to misrepresentations, a claim not at issue here.

[14] Defendants claim MACPA does not have a scienter requirement but case law has held that to be unfair, an act must be "immoral, unethical or unscrupulous." Opp. App'x B at 3. They argue that NCUTBPA requires the same showing. *Id.* at 8. In light of the felony guilty pleas by the primary defendants, this is a non-issue here.

**EPPs' Appendix A –State Law Analysis in support of Class Certification**

| Issue | Status | States | Analysis of Claimed Differences |
|---|---|---|---|
| **Intent/Scienter under Consumer Protection Statutes** | Required | Minnesota (acted with knowledge or intent that others would rely on *misrepresentation*) | **No material difference.** This goes to an element of a claim not at issue here (misrepresentation). |
| | Varies by Provision | Nevada<br>South Dakota<br>Utah | **No material difference.**<br>Nev. Rev. Stat. § 598.0915<br>S.D. Codified Laws § 37-24-6<br>Utah Code Ann. § 13-11-4 compared to §13-11-5 |

TUNA: 25174.v3