# EXHIBIT A

SIGNATURE VERSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 15-MD-2670 JLS (MDD) |
| This Document Relates To:<br><br>The Commercial Food Preparer Plaintiff Action | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 16th day of May 2019 ("Execution Date"), by and between Tri-Union Seafoods LLC d/b/a Chicken of the Sea International ("COSI") and Thai Union Group PCL ("TUG") (together, "COSI Defendants"), and Commercial Food Preparer Plaintiffs' class representatives (collectively, "Commercial Food Preparer Plaintiffs"), both individually and on behalf of a class of Commercial Food Preparer indirect purchasers of Foodservice-Size Packaged Tuna Products (the "Settlement Class") as more particularly defined in Paragraph 14 below.

WHEREAS, Commercial Food Preparer Plaintiffs are prosecuting the Commercial Food Preparer Plaintiff Action (the "Action") in *In re Packaged Seafood Products Antitrust Litigation*, Master File No. 15-MD-02670 (S.D. Cal.) (the "MDL Litigation"), on their own behalf and on behalf of the Settlement Class;

WHEREAS, Commercial Food Preparer Plaintiffs allege that they were injured as a result of the COSI Defendants' alleged participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices for Foodservice-Size Packaged Tuna Products (as defined below) in violation of various state unfair competition, antitrust, unjust enrichment, and

SIGNATURE VERSION

consumer protection laws as set forth in Commercial Food Preparer Plaintiffs' Fourth Amended Complaint (No. 3:15-cv-02670, Doc. No. 1470) ("CFP Complaint");

WHEREAS, the COSI Defendants deny that they have any liability with regard to Commercial Food Preparer Plaintiffs' allegations and are prepared to assert defenses to Commercial Food Preparer Plaintiffs' claims;

WHEREAS, arm's-length settlement negotiations, have taken place between Settlement Class Counsel (as defined below) and counsel for the COSI Defendants, and this Agreement has been reached as a result of those negotiations;

WHEREAS, Commercial Food Preparer Plaintiffs (through Settlement Class Counsel) have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims asserted in the Action against the COSI Defendants, according to the terms set forth below, is in the best interests of Commercial Food Preparer Plaintiffs and the Settlement Class because of the payment of the Settlement Amount and the value of the Injunctive Relief and Cooperation (as those terms are defined below) that the COSI Defendants have agreed to provide pursuant to this Agreement;

WHEREAS, the Action will continue against Defendants that are not Releasees (as those terms are defined below);

WHEREAS, the COSI Defendants, despite their belief that they are not liable for and have good defenses to the claims asserted, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all Claims (as defined in Paragraph 25) that have been or could have

2

SIGNATURE VERSION

been asserted against the Releasees with respect to Foodservice-Size Packaged Tuna Products ("Relevant Products") based on the allegations in the Action, as more particularly set out below;

WHEREAS, Commercial Food Preparer Plaintiffs recognize the benefit of the injunctive relief set forth in Paragraph 30 below and of the COSI Defendants' Cooperation;

WHEREAS, Commercial Food Preparer Plaintiffs recognize that because of joint and several liability, this agreement with the COSI Defendants does not impair Commercial Food Preparer Plaintiffs' ability to collect the full amount of damages to which they and the Settlement Class may be entitled to in the Action; and

WHEREAS Commercial Food Preparer Plaintiffs are unaware of any deficiency in COSI's compliance with the Antitrust Criminal Penalty Enhancement and Reform Act, ("ACPERA"), and do not contend that, as of the Execution Date, COSI's cooperation was inadequate;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Releasees, as defined below, and except as hereinafter provided, without costs to Commercial Food Preparer Plaintiffs, the Settlement Class, or the COSI Defendants, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    "Affiliates," with respect to any entity, means all other entities which, prior to or as of the Execution Date, whether directly or indirectly, (1) are controlled by that entity, (2) are under common control with that entity, or (3) control that entity.  The term "control" as used in this definition means the possession of the power to direct or cause the direction of the

SIGNATURE VERSION

management and the policies of an entity, whether through the ownership of a majority of the outstanding voting rights or otherwise.

2.      "Commercial Food Preparer" or "CFP" means all persons and entities that indirectly purchased packaged tuna products produced in packages of 40 ounces or more that were manufactured by any Defendant (or any current or former subsidiary or any Affiliate thereof) and that were purchased directly from DOT Foods, Sysco, US Foods, Sam's Club, Wal-Mart, or Costco (other than inter-company purchases among these distributors).

3.      "Commercial Food Preparer Plaintiffs" means those Settlement Class Members, as defined in Paragraph 16, below, who are named plaintiffs in the CFP Complaint and put forward as class representatives in CFP plaintiffs' motion for class certification.  Those plaintiffs are Capitol Hill Supermarket, Janet Machen, Thyme Café & Market, Simon-Hindi LLC, LesGo Personal Chef, Maquoketa Care Center, A-1 Diner, Francis T. Enterprises d/b/a Erbert & Gerbert's, Harvesters Enterprises, LLC d/b/a Harvester's Seafood and Steakhouse, Dutch Village Restaurant, Painted Plate Catering, GlowFisch Hospitality d/b/a Five Loaves Café, Rushin Gold LLC d/b/a The Gold Rush, Erbert & Gerbert, Inc., Groucho's Deli of Raleigh, Sandee's Catering, Groucho's Deli of Five Points, and Confetti's Ice Cream Shoppe.

4.      "Foodservice-Size Packaged Tuna Products" shall refer to packaged tuna cans and/or pouches sold by Defendants and with unit size greater than or equal to 40 ounces.

5.      "Cooperation" shall refer to those provisions set forth below in Paragraphs 38-39.

6.      "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by the COSI Defendants under the terms of this Agreement.

4

SIGNATURE VERSION

7.    "Defendant" means any party named as a defendant in the Action at any time up to and including the date when the Court enters a final order certifying the Settlement Class described in Paragraph 14 and approving this Agreement under Federal Rule of Civil Procedure ("Rule") 23(e).

8.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation, electronically stored information.   A draft or non-identical copy is a separate document within the meaning of this term.

9.    "Indirect Purchaser State(s)" means Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

10.    "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by members of the Settlement Class to be excluded from the Settlement Class.

11.    "Released Claims" means the Claims described in Paragraph 25.

12.    "Releasees" shall refer (i) to Tri-Union Seafoods LLC d/b/a Chicken of the Sea International, (ii) to Thai Union Group PCL, (iii) to all of Tri-Union Seafoods LLC d/b/a Chicken of the Sea International's and Thai Union Group PCL's respective past and present, direct and indirect, parents, subsidiary companies and Affiliates, including the respective predecessors, successors and assigns of each of the above; and (iv) to each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the

5

SIGNATURE VERSION

persons and entities listed in (i), (ii), and (iii). "Releasees" does not include any Defendant in the MDL Litigation other than the COSI Defendants.  As used in this Paragraph 12, Affiliate does not include any Defendant in the MDL Litigation other than the COSI Defendants.

13.     "Releasors" shall refer to Commercial Food Preparer Plaintiffs and Settlement Class Members, as defined in Paragraphs 3 and 17, respectively, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, Affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

14.     For purposes of this Agreement, the "Settlement Class" is defined to include:

> All persons and entities in 27 named states[1] and D.C., that indirectly purchased packaged tuna products produced in packages of 40 ounces or more that were manufactured by any Defendant (or any current or former subsidiary or any Affiliate thereof) and that were purchased directly from DOT Foods, Sysco, US Foods, Sam's Club, Wal-Mart, or Costco (other than inter-company purchases among these distributors) from June 2011 through December 2016 (the "Class Period").

15.     "Settlement Class Counsel" shall refer to the law firm of:

> CUNEO GILBERT & LADUCA, LLP
> 4725 Wisconsin Avenue, NW
> Suite 200
> Washington, DC 20016

16.     "Settlement Class Member" means each member of the Settlement Class who has not timely elected to be excluded from the Settlement Class.

---

[1] Arizona, Arkansas, California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

SIGNATURE VERSION

17.     "Settlement Amount" shall be U.S. $6,500,000 (six million five hundred thousand U.S. dollars) and "Settlement Funds" shall be the Settlement Amount plus any income or accrued interest earned on that amount as set forth in Paragraph 29.

B.      Approval of this Agreement and Dismissal of Claims Against the COSI Defendants.

18.     Commercial Food Preparer Plaintiffs and the COSI Defendants shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Rules 23(c) and (e)) to secure the complete and final dismissal with prejudice of the Action as to each and every one of the Releasees.

19.     Within thirty (30) days after the execution of this Agreement, Commercial Food Preparer Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement; and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 21. At least three (3) calendar days before the Preliminary Approval Motion papers are submitted to the Court, Commercial Food Preparer Plaintiffs shall provide COSI Defendants' counsel with drafts of the Preliminary Approval Motion papers for comment and proposed revisions, which the Commercial Food Preparer Plaintiffs shall reasonably consider.

20.     Commercial Food Preparer Plaintiffs, at a time to be decided in Commercial Food Preparer Plaintiffs' sole discretion, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgments contemplated by this Agreement to the Settlement Class (the "Notice Motion"). To mitigate the costs of notice, Commercial Food Preparer Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with

SIGNATURE VERSION

notice of any other settlements reached in the MDL Litigation. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

21.    Commercial Food Preparer Plaintiffs shall seek, and the COSI Defendants will not object unreasonably to, the entry of an order and final judgments in the Action, the text of which Commercial Food Preparer Plaintiffs and the COSI Defendants shall agree upon. The terms of the proposed order and final judgments will include, at a minimum, the substance of the following provisions:

(a)    certifying the Settlement Class described in Paragraph 14, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as Settlement Class for the Action;

(b)    as to the Action, approving finally this settlement and its terms as being fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c)    directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims;

(d)    as to the COSI Defendants, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e)    reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration and consummation of the settlement, to the United States District Court for the Southern District of California;

8

SIGNATURE VERSION

(f)      determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to the COSI Defendants shall be final; and

(g)      providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including the COSI Defendants, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in the Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion, and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

22.      The parties' agreement as to certification of the Settlement Class is only for purposes of effectuating the settlement set forth in this Agreement as to the COSI Defendants, and for no other purpose. The COSI Defendants retain all of their objections, arguments, and defenses, and reserve all rights to contest class certification if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement otherwise fails to proceed for any other reason. The parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the settlement, and that, if the settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the settlement set forth in this Agreement

SIGNATURE VERSION

otherwise fails to close for any other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Agreement nor any other settlement-related statement may be cited in support of an argument for certifying a class.

23.     This Agreement shall become final when (i) the Court has entered final orders certifying the Settlement Class described in Paragraph 14 and approving this Agreement under Rule 23(e) and has entered final judgments dismissing the Action with prejudice as to the COSI Defendants without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of final judgments as to the COSI Defendants described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgments in the Action as to the COSI Defendants have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending in any court. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the Execution Date, Commercial Food Preparer Plaintiffs and the COSI Defendants shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 29(h) or 40 of this Agreement.

24.     Neither this Agreement (whether or not it should become final) nor the final judgments, nor any and all negotiations, Documents and discussions associated with them (including Cooperation Materials produced pursuant to Paragraphs 38-39), shall be deemed or construed to be an admission by the COSI Defendants, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by the COSI Defendants, or of the truth of any of the claims or allegations contained in any complaints or any other pleading filed

SIGNATURE VERSION

in the MDL Litigation, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the MDL Litigation or in any other arbitration, action or proceeding whatsoever against the Releasees. Subject to the Protective Order (and designations effected under the Protective Order), this Paragraph shall not prevent Commercial Food Preparer Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Paragraphs 38-39, subject to the limitations in those Paragraphs, against any other Defendants in the MDL Litigation or in confidential settlement discussions, or to develop and promulgate plans of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations, Documents, discussions, or proceedings connected with them, nor any other statements made by counsel for the COSI Defendants in connection with or as part of this settlement, nor any other action taken to carry out this Agreement by the COSI Defendants, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings against the Releasees, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law. The parties and their counsel further agree that this Agreement or any of its terms and provisions, or any and all negotiations, shall be governed by Federal Rule of Evidence 408. Nothing in this Paragraph shall be construed to limit the use of this Agreement to enforce its terms.

C.     Release, Discharge, and Covenant Not to Sue.

25.     In addition to the effect of any final judgments entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 23 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 27 of this Agreement, into the Settlement Fund, the Injunctive Relief, and Cooperation Materials provided,

11

SIGNATURE VERSION

and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) ("Claims") that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to (i) any conduct alleged in the CFP Complaint and/or (ii) any act or omission of the Releasees (or any combination thereof), concerning Foodservice-Size Packaged Tuna Products, including, but not limited to, any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any class action or other complaints filed in the Action concerning Foodservice-Size Packaged Tuna Products (the "Released Claims"), provided, however, that nothing herein shall release: (1) any claims made by direct purchasers of Foodservice-Size Packaged Tuna Products; (2) any claims made by end payors that are indirect purchasers of Foodservice-Size Packaged Tuna Products; (3) any claims made by any State, State agency, or instrumentality or political subdivision of a State, as to government purchases and/or penalties; (4) claims involving any negligence, personal injury, breach of contract, false advertising or fraud other than as alleged in the CFP Complaint, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities, or similar claim relating to Foodservice-Size Packaged Tuna Products; (5) claims concerning any packaged seafood product other than Foodservice-Size Packaged Tuna Products; (6) claims under laws other than those of

12

SIGNATURE VERSION

the United States relating to purchases of Foodservice-Size Packaged Tuna Products made by any Releasor outside of the United States; and (7) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, sue or otherwise seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims unless the Agreement is, for any reason, not finally approved or terminated.

26.    In addition to the provisions of Paragraph 25 of this Agreement, Releasors hereby expressly waive and release, with respect to the Released Claims, upon this Agreement becoming final, as set out in Paragraph 23 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Foodservice-Size Packaged Tuna Products, conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, as set out in Paragraph 23 of this Agreement, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the COSI Defendants and Commercial Food Preparer Plaintiffs have agreed to release pursuant to Paragraph 25, whether or not

SIGNATURE VERSION

concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.     Settlement Amount.

27.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, the COSI Defendants shall collectively pay or cause to be paid the Settlement Amount. Within 60 days of preliminary approval by the Court of the settlement set forth in this Agreement, COSI Defendants will deposit U.S. $2,500,000 (two million five hundred thousand U.S. dollars) into an escrow account to be administered in accordance with the provisions of Paragraph 29 of this Agreement (the "Escrow Account"). The remaining payments will be deposited as follows: (a) U.S. $2,000,000 (two million U.S. dollars) will be paid into the Escrow Account on or before January 15, 2020, or within 30 days after final approval of the settlement, whichever comes first; and (b) U.S. $2,000,000 (two million U.S. dollars) will be paid into the Escrow Account within 30 days after final approval of the settlement.

28.     Commercial Food Preparer Plaintiffs agree not to settle the Action with any other Defendant for an amount (whether in cash, in kind or other value) less than the Settlement Amount, except: (1) if the Court declines to certify a litigation class against that Defendant; (2) if the settlement occurs following the substantial completion of all briefing relating to any motion for summary judgment filed by a defendant; (3) if the settlement occurs less than 60 days prior to a firm trial date; or (4) if the settling Defendant seeks bankruptcy protection and/or is in bankruptcy or reorganization at the time of the settlement.  If CFPs agree to a settlement with any other Defendant for an amount less than the Settlement Amount except under the conditions described in (1) through (4), the Settlement Amount will be reduced to the same level as the lowest settling Defendant family (i.e., Bumble Bee and Lion Capital Group or StarKist, Del

14

SIGNATURE VERSION

Monte, and Dongwon Group), excluding any family that includes a Defendant seeking or that has sought bankruptcy protection and/or is in or has been in bankruptcy or reorganization as per (4) above.  If the COSI Defendants have already paid more than the reduced Settlement Amount into the Escrow Account, CFPs shall refund the excess to the COSI Defendants within ten business days of entering into the settlement that gives rise to the obligation to refund.

E.    Escrow Account

29.    (a)    The Escrow Account will be established at Eagle Bank, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding investment types and reinvestment of income and proceeds mutually acceptable to Settlement Class Counsel and the COSI Defendants, and with such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)    The Escrow Agent shall cause the funds to be deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. The COSI Defendants shall bear no risk related to the management and investment of the Settlement Fund.

(c)    The funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

SIGNATURE VERSION

      (d)      Commercial Food Preparer Plaintiffs and the COSI Defendants agree to treat the Settlement Funds as being at all times Qualified Settlement Funds within the meaning of Treas. Reg. § 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 29, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Amount being "Qualified Settlement Funds" within the meaning of Treasury Regulation § 1.468B-1.

      (e)      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Funds shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Funds (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (l)). Such returns (as well as the election described in Paragraph 29(d)) shall be consistent with Paragraph 29(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 29(f) hereof.

      (f)      All (1) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the COSI Defendants or any other Releasee with respect to any

SIGNATURE VERSION

income earned by the Settlement Funds for any period during which the Settlement Funds do not qualify as qualified settlement funds for federal or state income tax purposes ("Taxes"); and (2) subject to the limitations set forth in Paragraph 32, expenses and costs incurred in connection with the operation and implementation of Paragraphs 29(d) through 29(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 29(f) ("Tax Expenses")), shall be paid out of the Settlement Funds.

      (g)    Neither the COSI Defendants nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Funds and shall be timely paid by the Escrow Agent out of the Settlement Funds without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). The COSI Defendants shall not be responsible or have any liability therefor. Commercial Food Preparer Plaintiffs and the COSI Defendants agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 29(d) through 29(f).

      (h)    If this Agreement does not receive final Court approval, including final approval of the Settlement Class, as defined in Paragraph 14, or if the Court declines to certify the Settlement Class, then, except as provided in Paragraph 32, all amounts paid by the COSI Defendants into the Settlement Fund, shall be returned to the COSI Defendants from the Escrow

17

SIGNATURE VERSION

Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days of the Court's final determination denying final approval of the Agreement and/or Settlement Class. In such event Settlement Class Counsel shall not be entitled to attorneys' fees arising out of or related to class notice and/or the administration, management, and investment of the Settlement Fund.

F.    Injunctive Relief

30.    Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, the COSI Defendants further agree that they will not engage in conduct that constitutes a *per se* violation of state unfair competition, antitrust, unjust enrichment, and consumer protection laws (whether characterized as price fixing, or otherwise) with respect to the sale of Foodservice-Size Packaged Tuna Products for a period of twenty-four (24) months from the date of the entry of final judgment.

G.    Exclusions from the Settlement Class.

31.    Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion by the Opt-Out Deadline, which shall be the date set by the Court by which any member of the Settlement Class must request exclusion from the Settlement Class. Any person or entity that files such a request shall be excluded from the Settlement Class and shall have no rights with respect to the Settlement Class. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable Court approved notice of settlement to be disseminated to the members of the Settlement Class will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days after the Opt-Out

SIGNATURE VERSION

Deadline, provide the COSI Defendants with a list and copies of all opt out requests they receive in the Action and shall file with the Court a list of all members of the Settlement Class who timely and validly opted out of the settlement.

(a) Subject to Court approval, any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. The COSI Defendants reserve all of their legal rights and defenses, including but not limited to any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of Foodservice-Size Packaged Tuna Products or has standing to bring any claim against the COSI Defendants.

(b) Subject to Court approval, in the written request for exclusion, the member of the Settlement Class must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the Settlement Class. Any member of the Settlement Class that submits a written request for exclusion may also identify the number of Foodservice-Size Packaged Tuna Products purchased from January 1, 2011, through the Execution Date of this Agreement as requested in the notice to the Settlement Class as provided in Paragraph 21.

(c) The COSI Defendants or Settlement Class Counsel may dispute an exclusion request.

H. Payment of Expenses.

32. The COSI Defendants agree to permit use of a maximum of five hundred thousand U.S. dollars ($500,000.00) of the Settlement Funds towards the out-of-pocket costs and expenses of administering the settlement, comprising out-of-pocket costs and expenses

19

SIGNATURE VERSION

associated with providing notice of the settlement to the Settlement Class and Tax Expenses, unless a larger amount is ordered by the Court. Those expenses are not recoverable by the COSI Defendants if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred. Other than as set forth in Paragraphs 29 and 32, the COSI Defendants shall not be liable for any of the costs or expenses of the litigation incurred by Commercial Food Preparer Plaintiffs in the Action including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials, or the negotiation of other settlements, or for class administration, and costs.

33.     To mitigate the costs of notice and administration, Commercial Food Preparer Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other Defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

I.     The Settlement Fund.

34.     Releasors shall look solely to the Settlement Funds for monetary satisfaction against the Releasees of all Released Claims, and shall have no other recovery against the COSI Defendants or any Releasee for any Released Claims.

35.     After this Agreement becomes final within the meaning of Paragraph 23, the Settlement Funds shall be distributed in accordance with a plan to be submitted to the Court at an appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Funds, including, but not limited to formulating or proposing a plan of distribution or paying the costs and expenses of such

SIGNATURE VERSION

distribution and administration, except as expressly set forth in Paragraph 32 of this Agreement. The COSI Defendants shall be dismissed from the Action as set forth in this Agreement regardless of whether the Settlement Funds have been distributed.

36.     Commercial Food Preparer Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Funds for all expenses and costs, as provided by Court Order. The COSI Defendants and the other Releasees shall not be liable for any costs, fees, or expenses of any of Commercial Food Preparer Plaintiffs' or the Settlement Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Funds.

J.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

37.     (a)     Settlement Class Counsel may, at a time to be determined in their sole discretion after preliminary approval of the Agreement, submit an application or applications to the Court (the "Fee and Expense Application") for: (i) an award of attorneys' fees, plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Settlement Class Counsel reserve the right to make additional applications for Court approval of fees and expenses incurred or likely to be incurred and reasonable incentive awards, but in no event shall the COSI Defendants or other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Funds.

(b)     Subject to Court approval, Commercial Food Preparer Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Funds for all

21

SIGNATURE VERSION

expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Funds upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Funds with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 29(h) or 40.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and incentive awards for class representatives to be paid out of the Settlement Funds are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Applications, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the finality of the final approval of the settlement.

(d)     Neither the COSI Defendants nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or Commercial Food Preparer Plaintiffs of any Fee and Expense Award in the Action.

(e)     Neither the COSI Defendants nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, Commercial Food Preparer Plaintiffs, and/or any

SIGNATURE VERSION

other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

K.      Cooperation.

38.      In return for the release and discharge provided herein, the COSI Defendants agree to pay the Settlement Amount and to be bound by the Injunctive Relief described in Paragraph 30, and further agree to use their best efforts to provide satisfactory and timely Cooperation, as set forth below.

39.      COSI shall continue to fulfill its obligations under ACPERA. This provision shall be interpreted to require COSI to continue to fulfill the same obligations under ACPERA as if CFPs and COSI were still in litigation. To this end, COSI shall ensure that Settlement Class Counsel shall have the opportunity to fully participate in such cooperation, including any new interviews and depositions of COSI witnesses. COSI Defendants agree to provide cooperation in support of CFPs' claims by: (a) producing in the United States all documents relevant to CFPs' claims in the Action, (b) after meeting and conferring in good faith, making available appropriate employees to provide testimony at trial or deposition or via affidavit or declaration, as Settlement Class Counsel deems necessary, (c) assisting Settlement Class Counsel in doing whatever is legally necessary to establish for admission into evidence any documents or evidence relevant to CFPs' claims in this Action, including producing at trial in person, by deposition, or by affidavit or declaration representatives to establish for admission into evidence any documents or other evidence relating to CFPs' claims in this Action and to testify as to the genuineness, status as business records, and authenticity of documents and any other authentic evidence. Cooperation with CFPs will specifically include, but not be limited to: (a) COSI's continuing obligation to proffer information as appropriate regarding COSI's involvement in and/or knowledge of CFPs'

SIGNATURE VERSION

substantive allegations (i.e., meetings, communications, and agreements among packaged tuna product competitors regarding packaged tuna product pricing, supply, or other information used to set prices or control supply of packaged tuna products), including answering reasonable follow-up questions; (b) COSI Defendants making any witness under its control (including any of their officers, directors, or employees) available for appearance for an interview and/or to provide testimony at deposition or trial or via declaration or affidavit; and (c) producing to CFPs all documents that COSI Defendants produced or will produce in the future in the MDL Litigation, in each case and at any proceeding (including any hearing, trial, deposition, or arbitration) and to produce at the request of CFPs as reciprocal discovery any and all documents received from any other person or entity who is a plaintiff or defendant in the MDL Proceedings (including Bumble Bee, Lion Capital, StarKist, and Dongwon). COSI Defendants acknowledge that cooperation in assisting CFPs is a material term of this Agreement. The parties agree that any breach of this Paragraph will cause irreparable injury to CFPs and that a traditional remedy at law for damages would be inadequate to compensate CFPs for such a breach, including because damages would be difficult to measure or establish. Accordingly, the parties contemplate and agree that this Paragraph may be enforced, at CFPs' election, by an order for specific performance and/or injunction. These remedies are in addition to, and not in lieu of, any other remedies to which CFPs may be entitled under law or equity. In addition to the foregoing, COSI Defendants agree to extend to CFPs and Settlement Class Counsel any additional or more favorable cooperation terms that are agreed upon with any other plaintiff or class in this MDL, whether as part of settlement or otherwise. COSI Defendants agree to make its counsel available at reasonable times to answer follow-up questions.

SIGNATURE VERSION

L.   <u>Rescission if This Agreement Is Not Approved or Final Judgments Are Not Entered.</u>

40.   If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 23 of this Agreement, or if the Court enters the final judgments and appellate review is sought, and on such review, such final judgments are not affirmed in their entirety, then the COSI Defendants and Commercial Food Preparer Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 40. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Funds shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgments.

41.   In the event that this Agreement does not become final, as set forth in Paragraph 23, or this Agreement otherwise is terminated pursuant to Paragraph 40, then this Agreement shall be of no force or effect and any and all parts of the Settlement Funds caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to the COSI Defendants less only disbursements made in accordance with Paragraphs 29 and 32 of this Agreement. The COSI Defendants expressly reserve all of their rights and defenses if this Agreement does not become final.

42.   Further, and in any event, Commercial Food Preparer Plaintiffs and the COSI Defendants agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to

SIGNATURE VERSION

be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by the COSI Defendants, or the other Releasees, or of (ii) the truth of any of the claims or allegations contained in the CFP Complaint or any other pleading filed in the MDL Litigation, or by any person or entity in any other action, and evidence thereof shall not be discoverable or used in any way, whether in the Action or in any other action or proceeding, against the COSI Defendants. Subject to the Protective Order (and designations effected thereunder), this Paragraph shall not prevent Commercial Food Preparer Plaintiffs from using Cooperation Materials produced by the COSI Defendants against any other Defendants in any actions in the MDL Litigation or in confidential settlement discussions to establish (i) or (ii) above.

43.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to each Releasee as provided in this Agreement.

44.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 18-23 hereof, appropriate notice (1) of the settlement, and (2) of a hearing at which the Court will consider the approval of this settlement Agreement, will be given to the Settlement Class.

M.     Miscellaneous.

45.     The COSI Defendants shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

46.     This Agreement does not settle or compromise any claim by Commercial Food Preparer Plaintiffs or any Settlement Class Member asserted in the CFP Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than

SIGNATURE VERSION

the Releasees. Save for the Released Claims against the Releasees, all rights against such other Defendants or alleged co-conspirators are specifically reserved by Commercial Food Preparer Plaintiffs and the Settlement Class. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than the Releasees, for sales made by the COSI Defendants and the COSI Defendants' alleged illegal conduct, are specifically reserved by Commercial Food Preparer Plaintiffs and Settlement Class Members. The COSI Defendants' sales to the Settlement Class and their alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Action or other persons or entities other than the Releasees.

47.     The United States District Court for the Southern District of California shall retain jurisdiction over the interpretation, implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Commercial Food Preparer Plaintiffs and the COSI Defendants, including challenges to the reasonableness of any party's efforts to fulfill obligations under this Agreement. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles. The COSI Defendants will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

48.     This Agreement constitutes the entire, complete and integrated agreement among Commercial Food Preparer Plaintiffs and the COSI Defendants pertaining to the settlement of the Action against the COSI Defendants, and supersedes all prior and contemporaneous

SIGNATURE VERSION

undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Commercial Food Preparer Plaintiffs and the COSI Defendants in connection herewith. This Agreement may not be modified or amended except in writing executed by Commercial Food Preparer Plaintiffs and the COSI Defendants and approved by the Court.

49.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Commercial Food Preparer Plaintiffs and the COSI Defendants. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Commercial Food Preparer Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than the COSI Defendants which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

50.    This Agreement may be executed in counterparts by Commercial Food Preparer Plaintiffs and the COSI Defendants, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

51.    Neither Commercial Food Preparer Plaintiffs nor the COSI Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

52.    Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication, or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or

SIGNATURE VERSION

similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

    53.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

SIGNATURE VERSION

Dated: May ⎿⎤ 2019

John Roberti
Kelse Moen
Jana Steenholdt
ALLEN & OVERY LLP
1101 New York Avenue, N.W.
Washington, D.C.  20005
Tel:      (202) 683-3800
Fax:      (202) 683-3999
E-mail: john.roberti@allenovery.com
kelse.moen@allenovery.com
jana.steenholdt@allenovery.com

Brian Fitzpatrick
Joshua L. Shapiro
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6399
Email: brian.fitpatrick@allenovery.com
joshua.shapiro@allenovery.com

*Counsel for Defendants Tri-Union Seafoods
LLC d/b/a Chicken of the Sea International
and Thai Union Group PCL*

Dated: May 18, 2019

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
Tel: 202.789.3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com

Peter Gil-Montllor
Christian Hudson
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Tel: 202-789-3960
pgil-montllor@cuneolaw.com
christian@cuneolaw.com

*Interim Commercial Food Preparer Plaintiff*
*Co-Lead Class Counsel and Settlement Class*
*Counsel*