BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Lead Counsel for the End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>The Indirect Purchaser End Payer Actions | Case No. 15-MD-2670 JLS (MDD)<br><br>**END PAYER PLAINTIFFS' PROPOSED PLAN FOR DISSEMINATION OF CLASS NOTICE**<br><br>JUDGE: Hon. Janis L. Sammartino<br>CTRM: 4D (4th Floor) |

Case No. 15-MD-2670 JLS (MDD)

## I.     INTRODUCTION AND RELEVANT BACKGROUND

Pursuant to the Court's July 30, 2019 Order Granting Motions for Class Certification (ECF No. 1931 at 59) ("Class Certification Order"), End Payer Plaintiffs ("EPPs"), on behalf of themselves and all members of the certified EPP Class[1] in the above-referenced action, hereby submit this proposed plan for dissemination of class notice to the EPP Class ("Proposed Class Notice Plan").

The End Payer Plaintiffs will and hereby do request, under Rule 23 of the Federal Rules of Civil Procedure, for entry of an Order:

1. Appointing JND Legal Administration LLC ("JND") as notice administrator to administer, under the supervision of Class Counsel, the Proposed Class Notice Plan;

2. Approving the proposed method of notice to class members as set forth in the accompanying Proposed Class Notice Plan; and

3. Ordering EPPs' notice to the Class to be held in abeyance until the Court considers the motion for preliminary approval of EPPs' settlement with Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group (collectively, "COSI Defendants").

As discussed more fully *infra*, EPPs' Proposed Class Notice Plan satisfies Federal Rule of Civil Procedure 23 and comports with due process.

EPPs request that the Court enter the proposed Order Approving End Payer Plaintiffs' Proposed Plan for Dissemination of Class Notice, submitted herewith. The Proposed Class Notice Plan Order will, among other things, approve the proposed method for disseminating the notice to the Class (attached as Ex. B to the Declaration of Jennifer M. Keough ("Keough Decl.")) and the appointment of the

---

[1]     For convenience, the Cartwright Act class and 32 individual state classes certified by the Court are referred to herein as the "Class."

- 1 -

proposed notice administrator, JND Legal Administration LLC ("JND" or the "Administrator").

On August 13, 2019, Defendants filed a Rule 23(f) petition with the United States Court of Appeals for the Ninth Circuit seeking permission to appeal this Court's Class Certification Order. *See* Petition for Permission to Appeal Class Certification Decision Pursuant to Federal Rule of Civil Procedure 23(f), *Olean Wholesale Grocery Coop v. Bumble Bee Foods LLC*, No. 19-80108 (9th Cir. Aug. 13, 2019), ECF No. 1-3. EPPs opposed Defendants' petition. *See id.*, Joint Opposition to Defendants' Petition for Permission to Appeal Grant of Class Certification Pursuant to Fed. R. Civ. P. 23(f) (9th Cir. Aug. 23, 2019), ECF No. 6. In the meantime, the parties have been drafting the form and content of the class notices and anticipate disseminating a notice that jointly notifies the EPP Class of the Court's Class Certification Order and the settlement with Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group (collectively, "COSI Defendants"). *See* Joint Motion for Stipulation Holding Deadlines in Abeyance as to Tri-Union Seafoods LLC and Thai Union Group PCL (ECF No. 1921). These drafts of the notice documents will then be reviewed by JND to ensure that they are written in plain language and comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure prior to submission to this Court for approval. *See* Keough Decl., ¶ 28.

## II. **LEGAL STANDARD**

After a court certifies a class under Federal Rule of Civil Procedure 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely identify:

(i)     the nature of the action;
(ii)    the definition of the class certified;

- 2 -

Case No. 15-MD-2670 JLS (MDD)

     (iii)   the class claims, issues, or defenses;
     (iv)   that a class member may enter an appearance through an attorney if the member so desires;
     (v)   that the court will exclude from the class any member who requests exclusion;
     (vi)   the time and manner for requesting exclusion; and
     (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Class notice must afford potential Class members the ability to "make an informed decision about their participation [in the litigation]." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 at 289 (2004) ("Manual").

To satisfy due process, notice must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). There is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather "individual notice must be provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974); *see also* Manual § 21.311 n.882.

## III. ARGUMENT

### A. The Court Should Appoint JND as Class Notice Administrator

EPPs propose JND Legal Administration LLC ("JND") as the administrator for the Proposed Class Notice Plan. JND is a nationally recognized notice and claims administration firm that has successfully handled the notice and administration services for numerous complex class actions. *See* Keough Decl., ¶¶ 3, 6, 8-10 & Ex. A (resume). JND has over 70 years of collective experience in law and administration. Ms. Keough herself, the CEO of JND, has over 20 years of legal experience creating and supervising claims administrative programs and has personally overseen well over 500 matters. *See* Keough Decl., ¶¶ 1-2. JND is well-

- 3 -

Case No. 15-MD-2670 JLS (MDD)

Case 3:15-md-02670-DMS-MSB   Document 1941   Filed 08/29/19   PageID.125598
Page 5 of 9

qualified to perform the tasks associated with administering the notice procedures outlined in the Proposed Class Notice Plan. EPPs respectfully request that JND be appointed as the notice administrator.

**B.   The Proposed Method of Class Notice Satisfies Rule 23 and Due Process and Should be Approved**

When evaluating the adequacy of class notice, a court should look to its reasonableness. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (concluding that the appropriate question remains "what notice is reasonably certain to inform the absent members of the plaintiff class," and the appropriate standard is the "best notice practicable") (internal citation and quotations omitted). As courts have explained, Rule 23 requires only the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017), *cert. denied sub nom. ConAgra Brands, Inc. v. Briseno*, 138 S. Ct. 313 (2017) (citing Fed. R. Civ. P. 23(c)(2)(B)); *see also Bruno v. Quten Research Inst., LLC*, No. SACV 11-00173 DOC (Ex), 2012 U.S. Dist. LEXIS 196467, at *4 (C.D. Cal. July 16, 2012) ("Notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice."). Likewise, due process does not require actual, individual notice in all cases. *Briseno*, 844 F.3d at 1129. Courts have routinely permitted alternative means such as notice through third parties, paid advertising, posting in places frequented by class members, and notice by publication in a periodical or on a website, all without offending due process. *Id.* (citations omitted).

EPPs' Proposed Class Notice Plan meets these standards. Here, the combined Class exceeds 100 million Class members located throughout the United States and Guam. Due to the sheer multitude of Class members, EPPs' proposed method of providing notice to the Class through an extensive digital effort, publication in *People* magazine, a case website and a toll-free number is adequate

- 4 -

Case No. 15-MD-2670 JLS (MDD)

and reasonable under the circumstances. Keough Decl., ¶¶ 12-13, 19-27. This proposed method of dissemination was reached after carefully utilizing comprehensive advertising media research tools and target analysis, and is estimated to reach over 80% of likely Class members. Keough Decl., ¶¶ 15-18, 27. Courts have repeatedly held that notice plans with similar or less extensive reach satisfy Rule 23(c)(2)(B). *See Spann v. J.C. Penney Corp.,* 314 F.R.D. 312, 330, 332 (C.D. Cal. 2016) (approving notice plan designed to reach 75% of class members); *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 U.S. Dist. LEXIS 60182, at *11, 24 (S.D. Cal. Jan. 7, 2013) (approving notice plan designed to reach at least 70% of class members).

The Proposed Class Notice Plan's outline of additional efforts, including a programmatic digital buy (which includes targeted banner ads), paid advertisements that appear based on relevant internet keyword searches, and a multimedia news release in English and Spanish to approximately 11,150 media outlets will further serve to extend reach and notice exposure to additional Class members. Keough Decl., ¶¶ 22(a)-(c), 27; *see Ross v. Trex Co., Inc.*, No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081, at *6 (N.D. Cal. Mar. 4, 2013) ("Due Process does not entitle a class member to 'actual notice' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard.") (citing *Silber*, 18 F.3d at 1453-54).

While EPPs' notice plan by publication is anticipated to reach 80% of the EPP class, EPPs have also begun meeting and conferring with third-party retailers, including DAPs,[2] regarding the possibility of also providing notice via retailer

---

[2] EPPs subpoenaed certain third-party retailers, including DAPs, in this litigation for transactional data and customer contact information. In meeting and conferring with certain of these entities, EPPs reserved the right to revisit requests

1  customer email, website and/or social media posting linking to the case website. EPPs' proposed supplemental notice plan to be submitted after the motion for preliminary approval of the EPPs' settlement with COSI is considered will have additional information regarding potential notice reach via these methods once further meeting and conferring with these entities has been conducted.  If EPPs' and various third-party retailers cannot resolve these issues without direction from this Court, guidance will be requested once the meet and confer process has been completed.

### C.   EPPs Will File a Supplement to this Proposed Class Notice Plan that Includes the Form and Content of the Proposed Class Notice

The proposed notice to be disseminated to Class members will provide each piece of information required under Federal Rule of Civil Procedure 23(c)(2)(B) (a description of the lawsuit, the class, class claims, opportunity to appear at any fairness hearing through an attorney, the time and manner for requesting exclusion, and the binding effect of a class judgment on members) and will do so in a clear, concise, and plain manner. As of the time of this submission, the parties are still working on the form and content of the class notices. In addition, the drafts of these notice documents will be reviewed by JND to ensure that they are written in plain language and comply with the requirements of Rule 23 prior to submission to this Court for approval. Keough Decl., ¶ 28.

### D.   Notice to the EPP Class Should be Held Until the COSI Settlement is Preliminarily Approved

As the Court is aware, EPPs and the COSI Defendants have reached a settlement in principal, and EPPs will move this Court for preliminary approval. Thereafter, should the Court grant preliminary approval of the settlement, EPPs

---

for customer contact information until after EPPs' motion for class certification was decided.

1 will then be able to finalize the notice documents, supplement this Proposed Class Notice Plan and, with the Court's approval, provide the EPP Class with notice of both this Court's Class Certification Order and the COSI Settlement – making for a more efficient use of the Class's resources.

## IV.   CONCLUSION

EPPs' Proposed Class Notice Plan (Exhibit B to the Keough Decl.) fully comports with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process because it constitutes the best notice practicable under the circumstances. Based on the foregoing, EPPs respectfully request that this Court appoint JND as the notice administrator, approve the method of notice set forth in EPPs' Proposed Class Notice Plan, and order the abeyance of EPPs' notice to the Class until the Court considers the motion for preliminary approval of EPPs' settlement with the COSI Defendants. EPPs will supplement this Proposed Class Notice Plan with the actual notice documents once the Court addresses the motion for preliminary approval of the COSI Settlement.

Dated:  August 29, 2019                           Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

*s/ Betsy C. Manifold*
BETSY C. MANIFOLD

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

- 7 -
Case No. 15-MD-2670 JLS (MDD)

1
2
3
4
5
6

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
FRED TAYLOR ISQUITH
THOMAS H. BURT
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653
isquith@whafh.com
burt@whafh.com

7
8
9
10
11

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
CARL MALMSTROM
111 West Jackson, Suite 1700
Chicago, IL 60604
Telephone:  312/984-0000
Facsimile:   312/212-4401
malmstrom@whafh.com

12

*Lead Counsel for the End Payer Plaintiffs*

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  TUNA:25897
28