1

LATHAM & WATKINS LLP
 Alfred C. Pfeiffer (CA 120965)
 Christopher S. Yates (CA 161273)
 Belinda S Lee (CA 199635)
 Niall E. Lynch (CA 157959)
 Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  415-391-0600
Facsimile:  415-395-8095
*al.pfeiffer@lw.com*
*chris.yates@lw.com*
*belinda.lee@lw.com*
*niall.lynch@lw.com*
*ashley.bauer@lw.com*

2

3

4

5

6

7

8

9

10

*Counsel for Defendant*
*Dongwon Industries Co., Ltd.*

11

12

(Additional Parties and Counsel on Signature Pages)

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

14

15

IN RE PACKAGED SEAFOOD
PRODUCTS ANTITRUST
LITIGATION

16

17

18

This Document Relates To:

19

(1)     Direct Purchaser Plaintiffs

20

21

22

23

24

25

26

27

28

Case No. 3:15-md-02670-JLS-MDD

MDL No. 2670

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. GARY HAMILTON**

**PROPOSED REDACTED VERSION**

Special Briefing Schedule Ordered

**Hearing**:
Date:   February 12, 2020
Time:   9:00 a.m.
Place:   Courtroom 4D
Judge:   Hon. Janis L. Sammartino

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .......................................................................................... 1

II.   BACKGROUND SUMMARY OF DR. HAMILTON'S
OPINION ................................................................................................... 3

III.   LEGAL STANDARD ................................................................................. 4

IV.   ARGUMENT ............................................................................................. 5

    A.   Dr. Hamilton's Opinions Are Not Relevant ....................................... 5

        1.   Legal Standard for Vicarious Liability ..................................... 5

        2.   Dr. Hamilton Ignores the Relevant Factors ............................. 6

        3.   Dr. Hamilton Relies on Cultural and Racial
Stereotypes ................................................................................ 7

    B.   Dr. Hamilton's Opinions Are Not Reliable ...................................... 10

        1.   Dr. Hamilton Lacks Reliable Principles and
Methods .................................................................................. 10

        2.   Dr. Hamilton Plans to Impermissibly and
Unreliably Interpret "The Record" for the Jury ..................... 12

        3.   Without Racial Stereotypes, Dr. Hamilton's
Opinions Are Not Probative of Anything ............................... 15

V.   CONCLUSION ......................................................................................... 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson News, LLC v. Am. Media, Inc.*,
  No. 09-cv-2227 (PAC), 2015 WL 5003528 (S.D.N.Y. Aug. 20,
  2015) ................................................................................................................9, 15

*Andrews v. Metro N. Commuter R. Co.*,
  882 F.2d 705 (2d Cir. 1989) ..............................................................................7

*Bird v. Glacier Elec. Coop., Inc.*,
  255 F.3d 1136 (9th Cir. 2001) ..........................................................................2

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) ............................................................................4

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ..........................................................................................4

*Hall-Magner Grp. v. Firsten*,
  No. 11-CV-312 JLS (POR), 2011 WL 5036027 (S.D. Cal. Oct. 24,
  2011) ................................................................................................................17

*Highland Capital Mgmt., L.P. v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005) .............................................................15

*In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*,
  524 F. Supp. 2d 1166 (N.D. Cal. 2007) ...........................................................12

*Jinro Am., Inc. v. Secure Invs., Inc.*,
  266 F.3d 993 (9th Cir. 2001) ........................................................................2, 4

*Johns v. Bayer Corp.*,
  No. 09CV1935 AJB DHB, 2013 WL 1498965 (S.D. Cal. Apr. 10,
  2013) ................................................................................................................15

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ..........................................................................................4

*Lust By & Through Lust v. Merrell Dow Pharm., Inc.*,
  89 F.3d 594 (9th Cir. 1996) ..............................................................................4

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

*Palmer v. Valdez*,
  560 F.3d 965 (9th Cir. 2009) ................................................................ 14

*Rodriguez v. JP Morgan Chase & Co*,
  809 F. Supp. 2d 1291 (S.D. Cal. 2011) .................................................... 5

*S.E.C. v. Daifotis*,
  No. 11-cv-00137 WHA, 2012 WL 2051193 (N.D. Cal. June 7,
  2012) ...................................................................................................... 15

*Sonora Diamond Corp. v. Super Ct. of Tuolumne Cnty.*,
  83 Cal. App. 4th 523 (2000) ............................................................ 6, 17

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
  608 F. Supp. 2d 1166 (N.D. Cal. 2009) ................................................... 6

*Torres v. County of Oakland*,
  758 F.2d 147 (6th Cir. 1985) ................................................................... 7

*United States v. Benson*,
  941 F.2d 598 (7th Cir. 1991) ................................................................. 14

*United States v. Bestfoods*,
  524 U.S. 51 (1998) ................................................................................... 5

*United States v. Scop*,
  846 F.2d 135 (2d Cir. 1988) .................................................................... 7

*Waymo LLC v. Uber Techs., Inc.*,
  No. 17-cv-00939-WHA, 2017 WL 5148390 (N.D. Cal. Nov. 6,
  2017) ...................................................................................................... 12

*whiteCryption Corp. v. Arxan Tech., Inc.*,
  2016 WL 3275944 (N.D. Cal. June 15, 2016) .......................................... 6

*Williams v. Yamaha Motor Co. Ltd.*,
  851 F.3d 1015 (9th Cir. 2017) ................................................................. 5

**RULES**

Fed. R. Civ. P. 30(b)(6) ......................................................................... 14

Fed. R. Evid. 403 ................................................................................. 2, 4

Fed. R. Evid. 404 ................................................................................... 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

Fed. R. Evid. 702 ............................................................................................ 2, 4, 9

Fed. R. Evid. 703 ................................................................................................... 2

**BOOK**

Feenstra and Hamilton, Emergent Economies, Divergent Paths:
    Economic Organization and International Trade in South Korea
    and Taiwan, (2007) ....................................................................................... 11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

I.     INTRODUCTION

As the motions for summary judgment filed by Dongwon Industries Co., Ltd. ("DWI") and Thai Union Group PCL ("TUG") make clear, there is no colorable evidence that StarKist Co. ("StarKist") or Chicken of the Sea ("COSI") are the "agents" or "alter-egos" of their sole shareholders.  The purported expert report of sociologist Dr. Gary Hamilton cannot create a triable issue because, █████ ███████████████████████████████ he is not an expert on corporate governance and he offers no opinion on the issues courts consider in determining whether to disregard the corporate form.  DWI and TUG nonetheless file this motion because Dr. Hamilton's opinions are both offensive and unreliable.  They are built on a foundation of improper character evidence, which invites the jury to make specific conclusions about StarKist and the "Dongwon Group,"[1] and COSI and TUG, based on generalizations of Asian business culture and Korean and first-generation Chinese-owned Thai business culture in particular.  The fundamental premise of Dr. Hamilton's report and his testimony is that ██████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████ but Direct Purchaser Plaintiffs ("DPPs") offer his testimony in order to suggest that the Court (and ultimately any trier of fact) should take the highly unusual step of disregarding the corporate form.  It should not.

---

[1] The "Dongwon Group" is not a party to this litigation, nor is it a separate corporation. ██████████████████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1    Federal Rule of Evidence 702 permits expert testimony if it "will help the
2  trier of fact to understand the evidence or to determine a fact in issue" so long as it
3  is based on sufficient facts or data and is the product of reliable principles and
4  methods.  Fed. R. Evid. 702.  And Rule 703 permits experts to base opinions on
5  facts or data that would otherwise be inadmissible, so long as "their probative
6  value in helping the jury evaluate the opinion substantially outweighs their
7  prejudicial effect."  Fed. R. Evid. 703.  Here, Dr. Hamilton's testimony is not the
8  product of reliable principles and methods, but rather his subjective
9  characterizations of Asian business practices based on cultural and racial
10  stereotypes of Korean and first-generation Chinese owned-businesses and people.
11  This is inadmissible under both Rule 403 as unduly prejudicial and Rule 404 as
12  character evidence to prove conformity therewith.  Fed. R. Evid. 403, 404.  In the
13  Ninth Circuit, where an expert relies on impermissible stereotypes, the expert's
14  opinion should be excluded as unreliable and unduly prejudicial.  *See Jinro Am.,*
15  *Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1010 (9th Cir. 2001) (reversing district
16  court decision to admit expert testimony about Korean business practices—
17  "particularly their alleged propensity to engage in fraudulent activity"—because it
18  was unreliable and unduly prejudicial).  Such is the case here.

19    No court would ever allow expert testimony that people from Korea, China,
20  or Mexico are "more likely" to commit a certain crime, and therefore an individual
21  Korean, Chinese, or Mexican defendant is more likely to have committed that
22  crime.  The inferential step at the bottom of Dr. Hamilton's conclusions is no
23  different.  His opinions are couched in generalizations and stereotypes that clearly
24  do not belong in a court of law.  Generalizations based on national origin and
25  ethnicity are irrelevant, unduly prejudicial, serve no legitimate purpose, and are an
26  inappropriate basis for expert opinion.  *See Bird v. Glacier Elec. Coop., Inc.*, 255
27  F.3d 1136, 1151 (9th Cir. 2001) ("Fairness to parties and the need for a fair trial
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1   are important not only in criminal but also in civil proceedings, both of which

2   require due process.  Racial stereotyping cannot be condoned in civil cases.").

3   **II.      BACKGROUND SUMMARY OF DR. HAMILTON'S OPINION**

4            By his own admission, ███████████████████████████████████████

5   ████████████████████████████████████  Decl. of Elizabeth C.

6   Gettinger in Supp. of Mot. to Exclude Testimony of Dr. Gary Hamilton ("Gettinger

7   Decl.") Ex. 1, at 17:19-19:4, 119:2, 205:20-23.  ██████████████████

8   ███████████████████████████████████████████████

9   ████████████████████████████  *Id.* Ex. 2, at ¶¶ 3, 5.  Dr.

10  Hamilton purports to apply his knowledge of "Asian businesses" to cherry-picked

11  documents and testimony regarding the business groups he believes are part of this

12  case.  ████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ███████████████████████████  *Id.* at ¶ 12(B).  ████████████

18  ████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ███████████████████████████████████████████

21  ██████████████████████  *Id.* at ¶ 12(C).  █████████████████

22  ████████  *Id.* at ¶¶ 12(A), 12(C).

23          At his deposition, ██████████████████████████████████████

24  ████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████████████████████████████████

27  ███████████████████████  *Id.* Ex. 1, at 111:11-24, 281:6-282:8.  ███

28  ████████████████████████████████████████████████████

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1 ██████████████ *Id.* at 108:16-24. ██████████████████████. *Id.* at

2 271:7-272:1.

## III.   LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify" as an expert if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Trial courts have an important "gatekeeping obligation" to ensure that expert testimony is both relevant and reliable.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  The relevance inquiry asks whether "the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).  And the reliability inquiry asks whether the expert opinion has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire*, 526 U.S. at 149 (alteration in original).

Ultimately, the proponent of the evidence bears the burden of proving an expert's testimony satisfies Rule 702.  *See Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).  Expert testimony should be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Daubert*, 509 U.S. at 595; *see also Jinro Am., Inc.*, 266 F.3d at 1010 (reversing district court decision to admit expert testimony about Korean business practices—

1  "particularly their alleged propensity to engage in fraudulent activity"—because it
2  was unreliable and unduly prejudicial).

3  **IV.    ARGUMENT**

4      **A.    Dr. Hamilton's Opinions Are Not Relevant**

5          DPPs proffer Dr. Hamilton's expert report in support of their arguments that
6  DWI should be vicariously liable for the actions of its wholly-owned subsidiary,
7  StarKist, and that TUG should be similarly liable for the actions of COSI.  But his
8  opinions are not relevant to a vicarious liability analysis.

9          1.    <u>Legal Standard for Vicarious Liability</u>

10          The burden to prove vicarious liability is high—as it is a "general principle
11  of corporate law deeply 'ingrained in our economic and legal systems' that a parent
12  corporation . . . is not liable for the acts of its subsidiaries."  *United States v.*
13  *Bestfoods*, 524 U.S. 51, 61 (1998).  The strong presumption that a parent company
14  is not liable for the acts of its subsidiary is overcome only in the rare case where
15  plaintiffs prove that the subsidiary was the "alter ego" or "agent" of the parent.
16  *Rodriguez v. JP Morgan Chase & Co*, 809 F. Supp. 2d 1291, 1299-300 (S.D. Cal.
17  2011).  In their operative complaint, DPPs do not explicitly use the term "alter-
18  ego" or "agent" regarding DWI or StarKist, but they allege that "Dongwon"
19  "controlled" and "dominated" StarKist.  Fourth Consolidated Direct Purchaser
20  Class Compl., Oct. 5, 2018, ECF No. 1460 ¶¶ 88, 94.  They do use those terms as
21  to TUG and COSI.  *Id.* ¶¶ 25, 31.

22          To prove that a subsidiary is the alter ego of its parent, DPPs must show:
23  "(1) that there is such unity of interest and ownership that the separate personalities
24  of the two entities no longer exist and (2) that failure to disregard their separate
25  identities would result in fraud or injustice."  *Williams v. Yamaha Motor Co. Ltd*.,
26  851 F.3d 1015, 1021 (9th Cir. 2017).  To prove an agency relationship, DPPs must
27  show:  "(1) a manifestation by the principal that the agent shall act for him; (2) that
28  the agent has accepted the undertaking; and (3) that there is an understanding

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1    between the parties that the principal is to be in control of the undertaking." *Sun*

2    *Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1187–88

3    (N.D. Cal. 2009) (citing Restatement (Third) of Agency § 1.01).

4         In considering alter ego and agency theories, courts evaluate various factors

5    to determine whether there is a "unity of interest" or "control," including:

6    disregard of corporate formalities, lack of segregation of corporate records,

7    commingling of funds and other assets of the two entities, use of the same offices

8    and employees, identical equitable ownership in the two entities, and identical

9    directors and officers. *whiteCryption Corp. v. Arxan Tech., Inc.*, 2016 WL

10   3275944, at *8 (N.D. Cal. June 15, 2016) (quoting *Sonora Diamond Corp. v. Super*

11   *Ct. of Tuolumne Cnty.*, 83 Cal. App. 4th 523, 538-39 (2000)).

12              2.      <u>Dr. Hamilton Ignores the Relevant Factors</u>

13   ███████████████████████████████████████████████

14   ███████████████████████████████████████████████

15   █████████████████████████████████████. Gettinger

16   Decl. Ex. 1, at 109:23-111:1.  While Dr. Hamilton's reticence to offer an opinion

17   on agency or alter ego directly might be explained as an attempt to avoid offering a

18   legal opinion, his refusal to consider or opine on any of the factors relevant to the

19   vicarious analysis inquiry is inexplicable.

20   ███████████████████████████████████████████████

21   ███████████████████████████████████████████████

22   ███████████████████████████ *Id.* at 175:19-176:2. ███

23   ███████████████████████████████████████████

24   ███████████████████████████████████████████████

25   ███████████████████ *Id.* at 176:3-17. ██████████████

26   ███████████████████████████████████████████████

27   ███████████████████████████████████████████

28   ███████████████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD



1    ██████████████████ *Id.* at 176:19-24 (emphasis added). ████████

2 ██████████████████████████████████████████████████

3 ██████████████████████████████████████████████████

4 ██████████████████████████████████████████████

5 ██████████████████████████████████████████████

6 *Id.* Ex. 3, at ¶¶ 8, 17.

7    ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ██████████████████████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████ *Id.* Ex. 2, at ¶ 12(C). While

12 his conclusory statement regarding corporate governance might go to the ultimate

13 question of vicarious liability, Dr. Hamilton offers no support for that opinion,

14 which is entirely divorced from any of the actual factors involved in the vicarious

15 liability analysis and admittedly outside of his expertise. Further, it is not Dr.

16 Hamilton's place to instruct the jury on the ultimate question of vicarious liability.

17 Such conclusory opinions, when based on inadequately explored legal criteria, are

18 improper and should be excluded. *Andrews v. Metro N. Commuter R. Co.*, 882

19 F.2d 705, 709 (2d Cir. 1989) ("Although testimony that embraces an ultimate issue

20 to be decided by the jury is not inadmissible *per se*, Fed. R. Evid. 704, it should not

21 be received if it is based on 'inadequately explored legal criteria.'") (*citing United*

22 *States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988)); *Torres v. County of Oakland*,

23 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal

24 conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal

25 standards to the jury.")

26        3.    <u>Dr. Hamilton Relies on Cultural and Racial Stereotypes</u>

27      Instead of the relevant legal factors, Dr. Hamilton relies on assumptions

28 based on cultural stereotypes about what is typical of Korean and, in the case of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1   TUG, Chinese family-owned businesses. ███████████████

2   ████████████████████████████████████████

3   ████████████████████████████████████████

4   ████████████████████████████████████████

5   ██████████████████████████ Gettinger Decl. Ex. 2,

6   at ¶ 85. █████████████████████████

7   ████████████████████████████████████████

8   ████████████████████████████████████████

9   ████████████████████████████████████████

10  ████████ *Id.* at ¶ 88; *see id.* Ex. 3, at ¶¶ 94-95. ████████

11
12
13  ████████████████████████████████
14
15

16  *Id.* Ex. 2, at ¶ 39 n.40. ████████████████

17  ████████████████████████████████████

18  ████████████████████████████████████ *Id.*

19  at ¶ 29. ██████████████████████████████

20  ████████████████████████████████████

21  ████████████████████████████████

22  ████████████████████████████████████

23  ████████████████████████████████████████

24  ████████████████████████████████████████

25  ██████████████████████ *Id.* Ex. 1, at 275:20-276:1. ████

26  ████████████████████████████████████████

27  ████████████ *Id.* at 289:21-290:1.

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1    But these generalizations about Chinese and Korean culture are not relevant

2  to any issue before the jury. ██████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████  will not help the jury understand the evidence or

7  determine any fact in issue.  *See* Fed. R. Evid. 702.  The jury will not be tasked

8  with determining whether and how COSI or TUG acted like Chinese-owned

9  businesses or StarKist or DWI acted like Korean businesses (and it will not be

10  tasked with determining *anything* about the "Dongwon Group").  So testimony

11  about the ways in which COSI or TUG acted in accordance (or not) with Chinese

12  custom, or how the "Dongwon Group" or StarKist acted in accordance (or not)

13  with Korean custom will not aid the jury.

14    Furthermore, these generalizations are not relevant because they invite an

15  improper inference that StarKist and DWI or its other affiliates are more likely to

16  have organized their business in a particular way because that is how Korean

17  businesses are "typically" organized.  The same is true for COSI and TUG.  This is

18  precisely the type of character evidence prohibited by Rule 404.  How other

19  Korean or Chinese-owned businesses typically act is not relevant to answer

20  questions about the conduct of StarKist and DWI or COSI and TUG.

21    Finally, Dr. Hamilton's opinions are not relevant or useful because the fact-

22  finder need not rely on such generalizations when the underlying evidence is

23  available for review.  The jury (or the Court) can view and interpret that evidence

24  on its own, consider the factors that Dr. Hamilton ignores, and decide whether

25  StarKist was the alter ego or agent of DWI, and whether COSI was the alter ego or

26  agent of TUG.  *See Anderson News, LLC v. Am. Media, Inc.*, No. 09-cv-2227

27  (PAC), 2015 WL 5003528, at *1-2 (S.D.N.Y. Aug. 20, 2015) (excluding testimony

28  from a Harvard professor in connection with a motion for summary judgment

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1   where there was "ample, firsthand testimony" and the jury was "more than capable

2   of 'comprehending the primary facts' and 'drawing . . . conclusions' from th[e]

3   evidence") (alteration in original).  Subjective and irrelevant cultural observations

4   will not aid in that pursuit and, moreover, are unduly prejudicial.

5   **B.    Dr. Hamilton's Opinions Are Not Reliable**

6   　　　　　1.    <u>Dr. Hamilton Lacks Reliable Principles and Methods</u>

7   　　　　As discussed above, Dr. Hamilton does not engage in any analysis regarding

8   the factors courts typically consider to evaluate vicarious liability claims. ████

9   ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████  Gettinger Decl. Ex. 3, at ¶ 38.  That is

12  actually a concession that StarKist's corporate form was respected and that

13  StarKist operated as a separate business.  Dr. Hamilton likewise does not take issue

14  with the formalities that COSI and TUG followed.  But without engaging on the

15  relevant legal factors, Dr. Hamilton's analysis is not tethered to any objective

16  criteria that would allow the Court to evaluate the reliability of his methods. ██

17  ████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████  *Id.* Ex. 1, at 114:17-116:6. ████████████

20  ████████████████  By failing to offer any objective criteria of his own, Dr.

21  Hamilton does not offer any way to evaluate the reliability of his conclusions.

22  And, of course a parent company "controls" a wholly-owned subsidiary; that is

23  normal and expected.  *Id.* Ex. 4, at ¶ 22.

24  ████████████████████████████████████████████

25  ████████████████████  *Id.* Ex. 1, at 17:25-18:2; 81:11-17; 205:20-23;

26  Ex. 3, at ¶ 38 ████████████████████████████████

27  ████████████████████████████████████████

28  ████████████████████████████████████████████

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD



1

2 ███████████████████████████████████████ *Id.* Ex. 2, at ¶ 5.  Dr. Hamilton's

3 published works indicate that he has studied multiple Korean business groups—

4 which he refers to as "*chaebols*"—but neither the "Dongwon Group" nor any

5 Dongwon-affiliated entity is included in the lists and data sets of groups he has

6 considered.[2] ██████████████████████████████████

7 ██████████████████ *Id.* Ex. 1, at 39:1-10.  With respect to the Korean business

8 groups he has actually studied, Dr. Hamilton engaged in some data analysis to

9 calculate various metrics, including the groups' "internalization," (the ratio of the

10 sales to other firms in each group relative to total group sales) and "horizontal

11 diversification" (by which he means participation in multiple sectors of the

12 economy).[3]  At first blush, such objective numerical analysis seems promising—

13 this might be the kind of reliable analysis which could help the jury understand the

14 evidence or determine a fact in issue.  But regarding the "Dongwon Group," Dr.

15 Hamilton does not calculate those metrics or perform statistical or numerical

16 analysis of any kind.  Nor does he perform any such analysis with respect to COSI

17 and Thai Union. ██████████████████████████████

18 ███████████████████████████████████████

19 ███████████████████████████████████████

20 ████████████████████████████████████

21 ██████████████████████████████ *Id.* Ex. 1, at 40:21-41:6. ████

22 ████████████████████████████████████

23 █████████████████████████████████████

24 █████████████████████████████ *See id.* at 42:17-23.

25

26 [2] *See* Feenstra and Hamilton, Emergent Economies, Divergent Paths: Economic

27 Organization and International Trade in South Korea and Taiwan, (2007), 122-23, Fig. 4.1.

28 [3] *Id.* at 124-27.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

2.   <u>Dr. Hamilton Plans to Impermissibly and Unreliably Interpret "The Record" for the Jury</u>

Dr. Hamilton does not consider vicarious liability factors, he does not offer his own objective test, and he does not engage in any statistical or numerical analysis (as he has in his academic work). ███████████████████████

███████████████████████████████████████████████

████████  Gettinger Decl. Ex. 2, at ¶ 101. ███████████████████

██████████████████████████████████████████████████

███████████████████████████  *Id.* Ex. 1, at 31:12-17.  Dr. Hamilton's summary of what "the evidence" shows, however, is limited to the documents and testimony he considered—which includes only a small fraction of the discovery in this case, and notably excludes the depositions of several key StarKist witnesses

██████████████████████████████████████████████████

███████████████████████████████████████████  *See id.* at 55:3-21, 91:4-25; Ex. 5, at 12:4-21, 117:9-118:8; Ex. 6, at 20:16-21:13.[4]  For COSI, Dr. Hamilton likewise relies almost entirely on a handful of documents cherry-picked from the many millions of pages produced in discovery.  That Dr. Hamilton bases his testimony on hand-picked evidence is reason enough to exclude it.  *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1176 (N.D. Cal. 2007) (holding that expert who first identified his conclusion and then selected studies that supported the conclusion while ignoring the weight of contradictory evidence was inadmissible); *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA, 2017 WL 5148390, at *4 (N.D. Cal. Nov. 6, 2017) (holding expert opinion testimony inadmissible where expert demonstrated a "willingness to stitch together strategic fragments of contradictory evidence" because it

---

[4] ████████████████████████████████████████████████

████████████████████  Gettinger Decl. Ex. 3, at ¶¶ 24; 26.

1  "indicate[d] that [the expert] picked facts to suit his conclusions instead of drawing

2  conclusions from reliable analysis of the facts.").

3        Even more troubling, Dr. Hamilton makes sweeping proclamations about the

4  results of his review of "the record" without evidentiary support, and, at times, in

5  direct contradiction of record evidence.  For example, he argues that:



12  Gettinger Decl. Ex. 2, at ¶ 100.  This argument is not supported by evidence, nor is

13  it the result of the reliable application of any purported "expertise."  Dr. Hamilton

14  is merely sharing a lay opinion about what he believes.  What is more, he does not

15  accept sworn testimony as true, but rather makes credibility determinations about

16  fact-witnesses whom he has never even met.



20        *Id.* Ex. 1, at 30:6-12.

22        *Id.* at 87:10-14.

26        *Id.* Ex. 2, at ¶ 61.

27  ⁵

28  , Gettinger Decl. Ex. 2, at ¶ 61,

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1 ██████████████████████████████████████████

2 ███████████████████████████████████ *Id.* Ex. 3, at ¶ 62.

3      Of course, the evaluation of witness credibility is the province of the jury.

4 *Palmer v. Valdez*, 560 F.3d 965, 972 (9th Cir. 2009) ("Under our system of

5 jurisprudence a properly instructed jury of citizens decides whether witnesses are

6 credible.") (McKeown, J., concurring); *United States v. Benson*, 941 F.2d 598, 604

7 (7th Cir. 1991) ("Credibility is not a proper subject for expert testimony; the jury

8 does not need an expert to tell it whom to believe, and the expert's 'stamp of

9 approval' on a particular witness' testimony may unduly influence the jury.").[6]

10 That his opinions are based on such credibility determinations is sufficient reason

11 to exclude Dr. Hamilton's report.  *See Benson*, 941 F.2d at 604-05.

12      But Dr. Hamilton's testimony goes beyond summary and passes into

13 argument.  ██████████████████████████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████

16 ████████████████████████████████████████

17 ██████████████ Gettinger Decl. Ex. 1, at 282:9-21 ██████████

18 ████████████████████████████████████████

19 ████████████████████████████████████████

20

21 ████████████████████████████████████████

22 ███████████████ *Id.* Ex. 1, at 233:1-16.

23 [6] ████████████████████████████████████

24 ████████████████████████████████████

25 ███████████████████████ Gettinger Decl. Ex.

26 3, at ¶¶ 24, 26.  This demonstrates another danger of an expert witness deputized as a fact-finder; Dr. Hamilton does not appear to understand that a Rule 30(b)(6)

27 witness testifies on behalf of an organization about information known or reasonably available to the organization.  Fed. R. Civ. P. 30(b)(6).  It is nonsensical

28 to discredit such testimony because it is not based on the witness's "personal knowledge."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1  ███████████████████████   *Id.* Ex. 2, at ¶ 100-46.[7]  He makes no real effort to bring

2  any sort of reliable method or expertise to bear on the facts he recites—the

3  narration is nothing more than DPPs' arguments about a curated selection of the

4  evidence in the guise of expert opinion.  Expert testimony that "rehashes otherwise

5  admissible evidence about which he has no personal knowledge . . . is

6  inadmissible."  *Johns v. Bayer Corp.*, No. 09CV1935 AJB DHB, 2013 WL

7  1498965, at *28 (S.D. Cal. Apr. 10, 2013) (citing *Highland Capital Mgmt., L.P. v.*

8  *Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005) ("[A]n expert cannot be

9  presented to the jury solely for the purpose of constructing a factual narrative based

10  upon record evidence."); *see S.E.C. v. Daifotis*, No. 11-cv-00137 WHA, 2012 WL

11  2051193, at *1 (N.D. Cal. June 7, 2012) ("[W]here the expert does little more than

12  read depositions and deposition exhibits and other such materials, and then

13  proposes to render findings to the jury as to what happened, [courts] should draw

14  the line and bar such testimony . . . ."); *see also Anderson News, LLC*  2015 WL

15  5003528, at *1-2.  Dr. Hamilton is no expert in document interpretation or witness

16  credibility.  The Court should reject his attempt to usurp the role of the jury.[8]

17                   3.   <u>Without Racial Stereotypes, Dr. Hamilton's Opinions Are Not</u>
18                        <u>Probative of Anything</u>

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ██████████████████   *See* Gettinger Decl. Ex. 1, at 274:18-22.  The only potential

22  value of informing the jury when and in what way DWI or StarKist acts as Korean

23

24  [7] ████████████████████████████████████████████████

25  ██████████████████████████████████████████

26  ██ Gettinger Decl. Ex. 3, at ¶ 21. ████████████.  *Id.* at ¶ 16.

27  [8] Because several other experts proffered by various Plaintiffs suffer from similar
    infirmities, Defendants contemporaneously filed a Notice of Motion and Motion to

28  Exclude Improper Opinions of Plaintiffs' Economists.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1  companies typically do is if *both* (1) there is something predictable or informative

2  about how Korean companies typically act; and (2) that predictable thing is

3  relevant to the vicarious liability analysis.  But if Dr. Hamilton actually made that

4  kind of statement—that Korean or Chinese-owned Thai companies typically do

5  something that is relevant to vicarious liability—it would amount to testimony that

6  Korean and Chinese-owned Thai companies have a propensity to disregard the

7  corporate form.



16  Gettinger Decl. Ex. 1, at 107:7-22 (objection omitted).

17       Dr. Hamilton cannot have it both ways.

22                              *See e.g.*, Gettinger Decl. Ex. 3, at ¶¶ 91-101.

27              *Id.* at ¶ 42.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 ████████████████████████████████████████

2 ████████████████████████████████████████

3 ████—a "sham corporate entity formed for the purpose of committing fraud or

4 other misdeeds."  *Hall-Magner Grp. v. Firsten*, No. 11-CV-312 JLS (POR), 2011

5 WL 5036027, at *3 (S.D. Cal. Oct. 24, 2011) (Sammartino, J.) (quoting *Sonora*

6 *Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 99 (2000)).  This cannot stand.

7 **V.    CONCLUSION**

8        For the reasons described above, Dr. Hamilton's reports and testimony are

9 not relevant or reliable.  They reflect improper cultural and racial stereotypes that

10 are unduly prejudicial and unhelpful to the jury.  Defendants respectfully request

11 an order excluding the opinions and testimony of Dr. Gary G. Hamilton.

12

13 Dated:  September 19, 2019          LATHAM & WATKINS LLP

14                                     By:  s/ Christopher S. Yates

15

16                                     Alfred C. Pfeiffer (CA 120965)
                                        Christopher S. Yates (CA 161273)
17                                     Belinda S Lee (CA 199635)
                                        Niall E. Lynch (CA 157959)
18                                     Ashley M. Bauer (CA 231626)
19                                     505 Montgomery Street, Suite 2000
                                        San Francisco, CA 94111-6538
20                                     Tel:      (415) 391-0600
21                                     Fax:      (415) 395-8095
                                        Email: Al.Pfeiffer@lw.com
22                                     Email: Chris.Yates@lw.com
23                                     Email: Belinda.Lee@lw.com
                                        Email: Niall.Lynch@lw.com
24                                     Email: Ashley.Bauer@lw.com
25
26                                     *Counsel for Defendant*
                                        *Dongwon Industries Co., Ltd.*
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17   DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1               By:  s/ John Roberti

2               ALLEN & OVERY LLP

3               John Roberti (DC 495718)
                  Kelse Moen (DC 1035164)

4               1101 New York Avenue N.W.

5               Washington, D.C. 20005
                  Telephone: (202) 683-3800

6               Facsimile: (202) 683-3999

7               john.roberti@allenovery.com
                  kelse.moen@allenovery.com

8

9               Brian Fitzpatrick (NY 4853040)
                  Joshua L. Shapiro (NY 4499695)

10              1221 Avenue of the Americas

11              New York, NY 10020
                 Telephone: (212) 610-6300

12              Facsimile: (212) 610-6399

13              brian.fitzpatrick@allenovery.com
                 joshua.shapiro@allenovery.com

14

15              *Counsel for Defendants Tri-Union Seafoods*
                 *LLC d/b/a Chicken of the Sea International*

16              *and Thai Union Group PCL*

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD

1    **<u>SIGNATURE ATTESTATION</u>**

2        Under Section 2.F.4 of the Court's CM/ECF Administrative Policies, I

3    hereby certify that authorization for filing this document has been obtained from

4    each of the other signatories shown above, and that all signatories have authorized

5    placement of their electronic signature on this document.

6

7    Dated: September 19, 2019          By: <u>s/ Christopher S. Yates</u>

8

9                                      *Counsel for Defendant*

10                                     *Dongwon Industries Co., Ltd.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19   DEFS.' MEM. OF P. & A. IN SUPP. OF MOT. TO
EXCLUDE TESTIMONY OF DR. GARY HAMILTON
3:15-md-02670-JLS-MDD