# EXHIBIT 45

Exhibit 45
Page 1021

LESLIE A. WULFF (CSBN 277979)
MANISH KUMAR (CSBN 269493)
ANN CHO LUCAS (CSBN 309026)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone: (415) 934-5300
Leslie.Wulff@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00249 EMC |
| Plaintiff, | |
| | AMENDED PLEA AGREEMENT |
| v. | |
| BUMBLE BEE FOODS, LLC, | |
| Defendant. | |

The United States of America and Bumble Bee Foods, LLC ("defendant"), a limited liability company organized and existing under the laws of Delaware, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against it;

PLEA AGREEMENT                                                  1
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1022

1     (d)     to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (f)     to appeal its conviction if it is found guilty; and

    (g)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.     The defendant knowingly and voluntarily waives the rights set out in subparagraphs 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. For purposes of the waiver of appeal, the sentence imposed is deemed consistent with or below the recommended sentence in Paragraph 9 even if the sentence imposed includes a term of probation if it is otherwise consistent with or below the recommended sentence in Paragraph 9, unless the term of probation exceeds the length authorized by 18 U.S.C. § 3561(c). This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Northern District of California. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by reaching agreements to fix, raise, and maintain the prices of packaged seafood sold in the United States beginning at least as early as the first quarter of 2011 and

PLEA AGREEMENT                                                                                          2
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1023

1 continuing through at least as late as the fourth quarter of 2013 in violation of the Sherman
2 Antitrust Act, 15 U.S.C. § 1.

3     3.     The defendant will plead guilty to the criminal charge described in Paragraph 2
4 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to
5 the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

### FACTUAL BASIS FOR OFFENSE CHARGED

7     4.     The defendant, through its corporate representatives, has fully discussed the facts
8 of this case with defense counsel and admits that the following facts are true and undisputed:

9     (a)     For purposes of this Plea Agreement, the "relevant period" is that period
10 beginning at least as early as the first quarter of 2011 and continuing through at least as
11 late as the fourth quarter of 2013. During the relevant period, the defendant was a limited
12 liability company organized and existing under the laws of Delaware. The defendant had
13 its principal place of business in San Diego, California. During the relevant period, the
14 defendant was a producer of packaged seafood, was engaged in the sale of packaged
15 seafood in the United States, and employed 200 or more individuals. For purposes of this
16 Plea Agreement, packaged seafood consists of shelf-stable tuna fish. Following the
17 application of U.S.S.G. §1B1.8, the defendant's sales of packaged seafood affecting U.S.
18 customers totaled at least $567.7 million.

19     (b)     During the relevant period, the defendant, through its officers and
20 employees, including high-level personnel of the defendant, participated in a conspiracy
21 among major packaged-seafood-producing firms, the primary purpose of which was to
22 fix, raise, and maintain the prices of packaged seafood sold in the United States. In
23 furtherance of the conspiracy, the defendant, through its officers and employees, engaged
24 in conversations and discussions and attended meetings with representatives of other
25 major packaged-seafood-producing firms. During these conversations, discussions, and
26 meetings, agreements and mutual understandings were reached to fix, raise, and maintain
27 the prices of packaged seafood sold in the United States. Defendant, through its officers
28 \\

and employees, negotiated prices with customers and issued price announcements for packaged seafood in accordance with the agreements and mutual understandings reached.

(c) During the relevant period, packaged seafood sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of packaged seafood, as well as payments for packaged seafood, traveled in interstate commerce. The business activities of the defendant and its coconspirators in connection with the production and sale of packaged seafood that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d) Acts in furtherance of this conspiracy were carried out within the Northern District of California. The conspiratorial conversations, discussions, and meetings described above took place in the United States and elsewhere, and one or more of the conspirators travelled into and out of the District to negotiate and make sales of packaged seafood that was the subject of this conspiracy to customers in this District.

## **ELEMENTS OF THE OFFENSE**

5. The elements of the charged offense are that:

(a) the conspiracy described in the Information existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## **POSSIBLE MAXIMUM SENTENCE**

6. The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

\\

\\

PLEA AGREEMENT  4
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1025

    (a)    $100 million (15 U.S.C. § 1);

    (b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

    (c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7. In addition, the defendant understands that:

    (a)    pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

    (b)    pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or § 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

    (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2016 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will

1 | not be used to increase the volume of affected commerce or charge period attributable to the
2 | defendant or in determining the defendant's applicable Guidelines range, except to the extent
3 | provided in U.S.S.G. §1B1.8(b).

### SENTENCING AGREEMENT

5 | 9. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant and its "parent companies" and "related funds," as defined in Paragraph 13 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $25 million payable in installments, as set forth below, without interest pursuant to 18 U.S.C. § 3612(f)(3)(A), or that Big Catch Cayman L.P. ("Cayman") pay to the United States a maximum of $81.5 million only in the event of a Qualifying Transaction, as defined in Attachment A filed under seal and subject to the terms and conditions contained therein (which Attachment A imposes no additional obligations on defendant), and no order of restitution ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a) The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b) and subject to Attachment A, that the above-referenced $25 million fine be paid in the following installments: within thirty (30) days of imposition of sentence – $2 million; at the one-year anniversary of imposition of sentence ("anniversary") – $2 million; at the two-year anniversary – $4 million; at the three-year anniversary – $4 million; at the four-year anniversary – $6 million; and at the five-year anniversary – $7 million; and except as

provided in Attachment A filed under seal, that the defendant may not prepay the remaining balance then-owing on the imposed criminal fine before the five-year anniversary.

(b) The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c) In light of the civil cases filed against the defendant, including *In re: Packaged Seafood Products Antitrust Litigation*, (15-md-02670-JLS-MDD), in the United States District Court, Southern District of California, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(d) The United States may at its sole discretion recommend that the Court order a term of probation, with the condition that the defendant shall install an independent compliance monitor, at the defendant's expense, to fully implement and maintain an effective antitrust compliance program consistent with U.S.S.G. §8B2.1. The defendant may oppose the United States' recommendation of the imposition of a term of probation and the installation of a monitor. If the Court orders the installation of a monitor as a condition of probation, the defendant shall, within thirty (30) calendar days after the date of sentencing, recommend to the United States Department of Justice, Antitrust Division, a pool of three qualified monitor candidates and provide a description of each candidate's qualifications and credentials. The United States, in its sole discretion, shall either select one of the candidates nominated by the defendant to serve as the monitor or instruct the defendant to propose three additional candidates for selection pursuant to the process set forth above. The defendant shall install the monitor within sixty (60) days of the selection of the monitor by the United States. The monitor shall not be an employee or agent of the defendant and shall not hold any interest in, or have any relationship with, the defendant or its parent companies, related funds, directors, officers, employees, agents, or business partners. The monitor shall provide quarterly reports to

PLEA AGREEMENT 7
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1028

1  the Probation Office regarding antitrust compliance. The parties understand that the
2  Court's decision regarding the term and conditions of probation will not void this Plea
3  Agreement, unless the Court rejects the recommendation for no order of restitution. If
4  the Court rejects the recommendation for no order of restitution, the United States and the
5  defendant agree that this Plea Agreement, except for subparagraph 12(b) below, will be
6  rendered void and the defendant will be free to withdraw its guilty plea as provided in
7  subparagraph 12(b).
8      (e)    The United States and the defendant jointly submit that this Plea
9  Agreement, together with the record that will be created by the United States and the
10  defendant at the plea and sentencing hearings, and the further disclosure described in
11  Paragraph 11, will provide sufficient information concerning the defendant, the crime
12  charged in this case, and the defendant's role in the crime to enable the meaningful
13  exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States
14  and defendant agree to request jointly that the Court accept the defendant's guilty plea
15  and impose sentence on an expedited schedule as early as the date of arraignment, based
16  upon the record provided by the defendant and the United States, under the provisions of
17  Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32-1(b) of the Criminal
18  Local Rules. The Court's denial of the request to impose sentence on an expedited
19  schedule will not void this Plea Agreement.
20      10.    The United States and the defendant agree that the applicable Guidelines fine
21  range exceeds the criminal fine contained in the recommended sentence set out in Paragraph 9
22  above. The parties agree to a reduction pursuant to U.S.S.G. §8C3.3(b), resulting in the agreed-
23  upon recommended criminal fine of $25 million, due to the inability of the defendant to pay a
24  greater fine without substantially jeopardizing its continued viability. Subject to the full,
25  truthful, and continuing cooperation of the defendant and its parent companies and related funds,
26  as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the
27  United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward
28  departure from the Guidelines fine range, resulting in the agreed-upon recommended criminal

PLEA AGREEMENT                              8
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1029

fine of up to $81.5 million, to be paid by Cayman only in the event of a Qualifying Transaction, as defined in Attachment A filed under seal and subject to the terms and conditions described therein, because of the defendant's and its parent companies' and related funds' substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the packaged seafood industry.

11.   Subject to the full, truthful, and continuing cooperation of the defendant and its parent companies and related funds, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the cooperation of the defendant and its parent companies and related funds, and their commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

12.   The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

    (a)   If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for subparagraph 12(b) below, will be rendered void.

    (b)   If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of this Plea Agreement will be tolled for the period between the date of signature of this

1  Plea Agreement and the date the defendant withdrew its guilty plea or for a period of
2  sixty (60) days after the date of signature of this Plea Agreement, whichever period is
3  greater.

## DEFENDANT'S COOPERATION

5  13.    The defendant and its parent companies and related funds will cooperate fully and
6  truthfully with the United States in the prosecution of this case, the current federal investigation
7  of violations of federal antitrust and related criminal laws involving the production and sale of
8  packaged seafood in the United States, any federal investigation resulting therefrom, and any
9  litigation or other proceedings arising or resulting from any such investigation to which the
10 United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is
11 not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction
12 of, the making of a false statement or declaration in, the commission of perjury or subornation of
13 perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal
14 Proceeding. For purposes of this Plea Agreement, the defendant's "parent companies" are:
15 (1) Lion Capital LLP; (2) Lion Capital (Americas) Inc.; (3) Bumble Bee Parent, Inc.; (4) Bumble
16 Bee Holdings, Inc.; (5) Big Catch Cayman L.P.; and (6) Lion/Latimer GP II (Guernsey) Limited.
17 For purposes of this Plea Agreement, the defendant's "related funds" are: (1) Lion Capital III GP
18 Ltd; (2) Lion Capital Fund III LP; (3) Lion Capital Fund III (USD) LP; (4) Lion Capital Fund III
19 SBS LP; (5) Lion Capital Fund III SBS (USD) LP; (6) Lion Capital Carry III L.P.; (7) Lion
20 Capital (Guernsey) III Limited; (8) Lion/Big Catch Cayman Ltd.; (9) Bumble Bee Holdco SCA;
21 (10) Bumble Bee Foods S.à.r.L.; (11) Clover Leaf Seafood S.à.r.L.; (12) Bumble Bee GP
22 S.à.r.L.; (13) Lion/Big Catch Coinvestors 1 LP; and (14) Lion Capital General Partner LLP. The
23 full, truthful, and continuing cooperation of the defendant and its parent companies and related
24 funds will include but not be limited to:
25     (a)    producing to the United States all documents, information, and other
26 materials, wherever located, not protected under the attorney-client privilege or the work-
27 product doctrine, in the possession, custody, or control of the defendant and its parent
28 \\

PLEA AGREEMENT                                10
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1031

companies and related funds, that are requested by the United States in connection with any Federal Proceeding; and

  (b) using their best efforts to secure the full, truthful, and continuing cooperation of the current individual members of defendant's parent companies who are listed in Paragraph 1 of Attachment B filed under seal and the current directors, officers, and employees of the defendant and of its parent companies as may be requested by the United States. Such efforts will include, but not be limited to, making these persons available in the United States at the defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. For purposes of this Plea Agreement, "current directors, officers, and employees of the defendant and of its parent companies" are individuals who are directors, officers, or employees of the defendant or of its parent companies as of the date of signature of this Plea Agreement. For purposes of this Plea Agreement, "current individual members of the defendant's parent companies" are the individuals listed in Paragraph 1 of Attachment B filed under seal.

This subparagraph 13(b) does not apply to: Walter Scott Cameron and Kenneth Worsham (who have entered into separate plea agreements with the United States); the individuals listed in Paragraph 2 of Attachment B filed under seal, regardless of their employment status; any former director, officer, or employee of the defendant or of its parent companies; any current or former member, director, officer, or employee of defendant's related funds; or any former individual member or current or former corporate member of defendant's parent companies.

  14. The full, truthful, and continuing cooperation of the individuals listed in Paragraph 1 of Attachment B filed under seal and the current directors, officers, and employees of the defendant and of its parent companies will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

  (a) producing in the United States all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client

\\

PLEA AGREEMENT        11
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1032

1  privilege or the work-product doctrine, that are requested by attorneys and agents of the
2  United States in connection with any Federal Proceeding;
3      (b)    making himself or herself available for interviews in the United States, not
4  at the expense of the United States, upon the request of attorneys and agents of the United
5  States in connection with any Federal Proceeding;
6      (c)    responding fully and truthfully to all inquiries of the United States in
7  connection with any Federal Proceeding, without falsely implicating any person or
8  intentionally withholding any information, subject to the penalties of making a false
9  statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C.
10 § 1503, *et seq.*), or conspiracy to commit such offenses;
11     (d)    otherwise voluntarily providing the United States with any material or
12 information not requested in (a) - (c) of this paragraph and not protected under the
13 attorney-client privilege or work-product doctrine that he or she may have that is related
14 to any Federal Proceeding;
15     (e)    when called upon to do so by the United States in connection with any
16 Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the
17 United States fully, truthfully, and under oath, subject to the penalties of perjury (18
18 U.S.C. § 1621), making a false statement or declaration in grand jury or court
19 proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of
20 justice (18 U.S.C. § 1503, *et seq.*); and
21     (f)    agreeing that, if the agreement not to prosecute him or her in this Plea
22 Agreement is rendered void under subparagraph 16(c), the statute of limitations period
23 for any Relevant Offense, as defined in subparagraph 16(a), will be tolled as to him or her
24 for the period between the date of signature of this Plea Agreement and six (6) months
25 after the date that the United States gave notice of its intent to void its obligations to that
26 person under this Plea Agreement.
27 This Paragraph 14 does not apply to: Walter Scott Cameron and Kenneth Worsham (who have
28 entered into separate plea agreements with the United States); the individuals listed in Paragraph

PLEA AGREEMENT                                      12
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1033

1  2 of Attachment B filed under seal, regardless of their employment status; any former director,
2  officer, or employee of the defendant or of its parent companies; any current or former member,
3  director, officer, or employee of defendant's related funds; or any former individual member or
4  current or former corporate member of defendant's parent companies.

## GOVERNMENT'S AGREEMENT

6  15.  Subject to the full, truthful, and continuing cooperation of the defendant and its parent companies and related funds, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant or its parent companies or related funds for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of packaged seafood in the United States ("Relevant Offense").  The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

18  16.  The United States also agrees to the following:

19  (a)  Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in subparagraph 16(c), the United States agrees that it will not bring criminal charges against the individuals listed in Paragraph 1 of Attachment B filed under seal or any current director, officer, or employee of the defendant or of its parent companies for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a member, director, officer, or employee of the defendant or of its parent companies that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of packaged seafood in the United States;

(b)  Should the United States determine that the individuals listed in Paragraph 1 of Attachment B filed under seal or any current director, officer, or employee of the defendant or of its parent companies may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)  If any person requested to provide cooperation under subparagraph 16(b) fails to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d)  Except as provided in subparagraph 16(e), information provided by a person described in subparagraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e)  If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in subparagraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f)  The nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit

PLEA AGREEMENT  
CASE NO. CR 17-00249 EMC          14

Exhibit 45  
Page 1035

1 such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C.
2 §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623),
3 obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or
4 conspiracy to commit such offenses;

5     (g)    Documents provided under subparagraphs 13(a) and 14(a) will be deemed
6 responsive to outstanding grand jury subpoenas issued to the defendant or its parent
7 companies or related funds; and

8     (h)    The nonprosecution terms of this Plea Agreement do not apply to Walter
9 Scott Cameron and Kenneth Worsham (who have entered into separate plea agreements
10 with the United States); the individuals listed in Paragraph 2 of Attachment B filed under
11 seal, regardless of their employment status; any former director, officer, or employee of
12 the defendant or of its parent companies; any current or former member, director, officer,
13 or employee of defendant's related funds; or any former individual member or current or
14 former corporate member of defendant's parent companies.

15     17.    The United States agrees that when any person travels to the United States for
16 interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for
17 meetings with counsel in preparation therefor, the United States will take no action, based upon
18 any Relevant Offense, to subject such person to arrest, detention, or service of process, or to
19 prevent such person from departing the United States. This paragraph does not apply to an
20 individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a
21 false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C.
22 § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

23     18.    The defendant understands that it may be subject to suspension or debarment
24 action by state or federal agencies other than the United States Department of Justice, Antitrust
25 Division, based upon the conviction resulting from this Plea Agreement, and that this Plea
26 Agreement in no way controls what action, if any, other agencies may take. However, the
27 Antitrust Division agrees that, if requested, it will advise the appropriate officials of any
28 governmental agency considering such action of the fact, manner, and extent of the cooperation

PLEA AGREEMENT                       15
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1036

1  of the defendant and its parent companies and related funds as a matter for that agency to
2  consider before determining what action, if any, to take. The defendant nevertheless affirms that
3  it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

### REPRESENTATION BY COUNSEL

5  19.  The defendant has been represented by counsel and is fully satisfied that its
6  attorneys have provided competent legal representation. The defendant has thoroughly reviewed
7  this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,
8  any possible defenses to the charge, and the nature and range of possible sentences.

### VOLUNTARY PLEA

10  20.  The defendant's decision to enter into this Plea Agreement and to tender a plea of
11  guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,
12  or representations other than the representations contained in this Plea Agreement and
13  Attachments A and B. The United States has made no promises or representations to the
14  defendant as to whether the Court will accept or reject the recommendations contained within
15  this Plea Agreement.

### VIOLATION OF PLEA AGREEMENT

17  21.  The defendant agrees that, should the United States determine in good faith,
18  during the period that any Federal Proceeding is pending, that the defendant or its parent
19  companies or related funds have failed to provide full, truthful, and continuing cooperation, as
20  defined in Paragraph 13 of this Plea Agreement, or have otherwise violated any provision of this
21  Plea Agreement, except for the conditions of probation (if imposed), violations of which are
22  subject to 18 U.S.C. § 3565, the United States will notify counsel for the defendant in writing by
23  personal or overnight delivery, email, or facsimile transmission and may also notify counsel by
24  telephone of its intention to void any of its obligations under this Plea Agreement (except its
25  obligations under this paragraph), and the defendant and its parent companies and related funds
26  will be subject to prosecution for any federal crime of which the United States has knowledge
27  including, but not limited to, the substantive offenses relating to the investigation resulting in this
28  Plea Agreement. The defendant may seek Court review of any determination made by the

PLEA AGREEMENT                        16
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1037

1 United States under this paragraph to void any of its obligations under this Plea Agreement. The
2 defendant agrees that, in the event that the United States is released from its obligations under
3 this Plea Agreement and brings criminal charges against the defendant or its parent companies or
4 related funds for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of
5 limitations period for such offense will be tolled for the period between the date of signature of
6 this Plea Agreement and six (6) months after the date the United States gave notice of its intent
7 to void its obligations under this Plea Agreement.

8     22.    The defendant understands and agrees that in any further prosecution
9 of it or its parent companies or related funds resulting from the release of the United States from
10 its obligations under this Plea Agreement because of the defendant's or its parent companies' or
11 related funds' violation of this Plea Agreement, any documents, statements, information,
12 testimony, or evidence provided by it; its parent companies or related funds; the individuals
13 listed in Paragraph 1 of Attachment B filed under seal; or its or its parent companies' current
14 directors, officers, or employees, including the stipulated factual basis in Paragraph 4 of this
15 Agreement, to attorneys or agents of the United States, federal grand juries, or courts, and any
16 leads derived therefrom, may be used against it or its parent companies or related funds. In
17 addition, the defendant unconditionally waives its right to challenge the use of such evidence in
18 any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

### ENTIRETY OF AGREEMENT

20     23.    This Plea Agreement and Attachments A and B constitute the entire agreement
21 between the United States and the defendant concerning the disposition of the criminal charge in
22 this case. This Plea Agreement cannot be modified except in writing, signed by the United
23 States and the defendant.

24     24.    The undersigned is authorized to enter this Plea Agreement on behalf of the
25 defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,
26 and incorporated by reference in, this Plea Agreement.

27 \\
28 \\

PLEA AGREEMENT     17
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1038

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Respectfully submitted,

BY:_____
Jill Irvin
Senior Vice President and General Counsel
Bumble Bee Foods, LLC

BY: /s/ Leslie A. Wulff
Leslie A. Wulff
Manish Kumar
Ann Cho Lucas
Trial Attorneys
United States Department of Justice
Antitrust Division

Dated:_____   Dated: 7/31/2017

BY:_____
Richard G. Parker
Mark A. Racanelli
Steven J. Olson
O'Melveny & Myers LLP
Counsel for Bumble Bee Foods, LLC

Dated:_____

PLEA AGREEMENT                           18
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1039

1  25.  The undersigned attorneys for the United States have been authorized
2  by the Attorney General of the United States to enter this Plea Agreement on behalf of the
3  United States.
4  26.  A facsimile or PDF signature will be deemed an original signature for the purpose
5  of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of
6  executing this Plea Agreement.

Respectfully submitted,

BY:_____
Jill Irvin
Senior Vice President and General Counsel
Bumble Bee Foods, LLC

BY:_____
Leslie A. Wulff
Manish Kumar
Ann Cho Lucas
Trial Attorneys
United States Department of Justice
Antitrust Division

Dated: 8/2/17

Dated:_____

BY:_____
Richard G. Parker
Mark A. Racanelli
Steven J. Olson
O'Melveny & Myers LLP
Counsel for Bumble Bee Foods, LLC

Dated: 8/2/17

PLEA AGREEMENT                         18
CASE NO. CR 17-00249 EMC

Exhibit 45
Page 1040