# EXHIBIT 47

Exhibit 47
Page 1053

TAI S. MILDER (CSBN 267070)
LESLIE A. WULFF (CSBN 277979)
ANN CHO LUCAS (CSBN 309026)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone: (415) 934-5300
Tai.Milder@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16 CR 535 EMC |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| KENNETH WORSHAM, | |
| Defendant. | |

The United States of America and Kenneth Worsham ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1. The defendant understands his rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against him;

PLEA AGREEMENT                 1              DEF. INITIALS ___

Exhibit 47
Page 1054

    (d)    to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (e)    to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

    (f)    not to be compelled to incriminate himself;

    (g)    to appeal his conviction, if he is found guilty; and

    (h)    to appeal the imposition of sentence against him.

**AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS**

2.    The defendant knowingly and voluntarily waives the rights set out in subparagraphs 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 10 of this Plea Agreement, regardless of how the sentence is determined by the Court. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Northern District of California. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by reaching agreements to fix, raise, and maintain the prices of packaged seafood sold in the United States from at least 2011 through at least 2013 in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.    The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to

PLEA AGREEMENT    2    DEF. INITIALS _____

Exhibit 47
Page 1055

1  the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The United
2  States agrees that at the arraignment, it will stipulate to the release of the defendant on his
3  personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

**FACTUAL BASIS FOR OFFENSE CHARGED**

5    4.   The defendant has fully discussed the facts of this case with defense counsel. The
6  following facts are true and undisputed:

7    (a)   For purposes of this Plea Agreement, the "relevant period" is
8  that period from at least 2011 through at least 2013. During the relevant period, the
9  defendant was the Senior Vice President of Trade Marketing of Company A, an
10  unindicted coconspirator company, an entity organized and existing under the laws of
11  Delaware and with its principal place of business in San Diego, California. During the
12  relevant period, Company A was a producer of packaged seafood and was engaged in the
13  sale of packaged seafood in the United States. Packaged seafood includes shelf-stable
14  tuna fish. During the relevant period, Company A's sales of packaged seafood affecting
15  U.S. customers totaled at least $300 million.

16    (b)   During the relevant period, the defendant participated in a
17  conspiracy with other persons and entities engaged in the manufacture and
18  sale of packaged seafood, the primary purpose of which was to fix, raise, and maintain
19  the prices of packaged seafood sold in the United States. In furtherance of the
20  conspiracy, the defendant engaged in conversations and discussions and attended
21  meetings with representatives of other major packaged-seafood-producing firms. During
22  these conversations, discussions, and meetings, agreements and mutual understandings
23  were reached to fix, raise, and maintain the prices of packaged seafood sold in the United
24  States.

25    (c)   During the relevant period, packaged seafood sold by one or more of the
26  conspirator firms, and equipment and supplies necessary to the production and
27  distribution of packaged seafood, as well as payments for packaged seafood, traveled in
28  interstate commerce. The business activities of Company A and coconspirators in

PLEA AGREEMENT     3           DEF. INITIALS ____

Exhibit 47
Page 1056

connection with the production and sale of packaged seafood that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d) Acts in furtherance of this conspiracy were carried out within the Northern District of California. Packaged seafood that was the subject of this conspiracy was sold by one or more of the conspirators to customers in this District.

## ELEMENTS OF THE OFFENSE

5. The elements of the charged offense are that:

(a) the conspiracy described in the Information existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6. The defendant understands that the statutory maximum penalty that may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

PLEA AGREEMENT                4                DEF. INITIALS [initials]

Exhibit 47
Page 1057

7. In addition, the defendant understands that:

(a) pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2015 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

9. Following the application of U.S.S.G. §1B1.8, the United States and the defendant agree that the following Sentencing Guidelines calculation is correct based on a total amount of volume of commerce attributable to the defendant of over $300 million:

\\

PLEA AGREEMENT          5          DEF. INITIALS ____

Exhibit 47
Page 1058

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. §2R1.1(a): | | 12 |
| b. | Volume of Commerce over $300 million, U.S.S.G. §2R1.1(b)(2)(E): | | + 10 |
| c. | Acceptance of Responsibility, U.S.S.G. §3E1.1(b): | | - 3 |
| d. | Offense Level Total: | | 19 |
| e. | Fine: one to five percent of the volume of commerce, but not less than $20,000, U.S.S.G. §2R1.1(c)(1) (15 U.S.C. § 1 statutory maximum): | | $1,000,000 |

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a period of imprisonment based on a motion by the United States as described within Paragraph 11. The defendant is free to recommend any sentence, but only based on 18 U.S.C. § 3553(a). The parties jointly recommend that the defendant be ordered to pay to the United States a criminal fine of $25,000 payable in full before the fifteenth (15th) day after the date of judgment and no order of restitution. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek any Guidelines adjustment or departure for any reason that is not set forth in this Plea Agreement.

(a) The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

(b) In light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

\\\
\\

PLEA AGREEMENT              6              DEF. INITIALS ____

Exhibit 47
Page 1059

11. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure from the Guidelines offense level set forth in Paragraph 9. When the United States makes such a motion, the defendant will be bound by the departure recommended by the United States. The defendant understands that the magnitude of any recommended departure is within the sole discretion of the United States.

12. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

13. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 10 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the recommended sentence contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

**DEFENDANT'S COOPERATION**

14. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the production or sale of packaged seafood in the United States, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of

PLEA AGREEMENT    7    DEF. INITIALS

Exhibit 47
Page 1060

Case 3:16-cr-00535-EMC   Document 14   Filed 03/15/17   Page 8 of 11

1   a false statement or declaration in, the commission of perjury or subornation of perjury in, the
2   commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding.
3   The full, truthful, and continuing cooperation of the defendant will include, but not be limited to:
4       (a)    producing all documents, including claimed personal documents, and
5   other materials, wherever located, not protected under the attorney-client privilege or the
6   work-product doctrine, in the possession, custody, or control of the defendant, that are
7   requested by attorneys and agents of the United States in connection with any Federal
8   Proceeding;
9       (b)    making himself available for interviews, not at the expense of the United
10  States, upon the request of attorneys and agents of the United States in connection with
11  any Federal Proceeding;
12      (c)    responding fully and truthfully to all inquiries of the United
13  States in connection with any Federal Proceeding, without falsely implicating any person
14  or intentionally withholding any information, subject to the penalties of making a false
15  statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §
16  1503, *et seq.*), or conspiracy to commit such offenses;
17      (d)    otherwise voluntarily providing the United States with any
18  material or information not requested in (a) - (c) of this paragraph and not protected
19  under the attorney-client privilege or work-product doctrine that he may have that is
20  related to any Federal Proceeding; and
21      (e)    when called upon to do so by the United States in connection
22  with any Federal Proceeding, testifying in grand jury, trial, and other
23  judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury
24  (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court
25  proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of
26  justice (18 U.S.C. § 1503, *et seq.*).
27  \\
28  \\

PLEA AGREEMENT        8        DEF. INITIALS KU

Exhibit 47
Page 1061

### GOVERNMENT'S AGREEMENT

15. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an attempted or completed antitrust conspiracy involving the production or sale of packaged seafood in the United States ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

### REPRESENTATION BY COUNSEL

16. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

### VOLUNTARY PLEA

17. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

PLEA AGREEMENT            9            DEF. INITIALS _KW_

Exhibit 47
Page 1062

### VIOLATION OF PLEA AGREEMENT

18. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge, including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this paragraph to void any of its obligations under this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him, including the stipulated factual basis in Paragraph 4 of this Agreement, to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

\\
\\
\\

PLEA AGREEMENT           10           DEF. INITIALS

Exhibit 47
Page 1063

### ENTIRETY OF AGREEMENT

20. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

21. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

22. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 12-19-2016                Respectfully submitted,

BY: /s/ Kenneth Worsham           BY: /s/ Tai S. Milder
Kenneth Worsham                       Tai S. Milder
Defendant                             Leslie A. Wulff
                                      Ann Cho Lucas
                                      Trial Attorneys
                                      U.S. Department of Justice
BY: _____            Antitrust Division
Jeffrey H. Rutherford
Daniel L. Zelenko
Crowell & Moring LLP
Counsel for Kenneth Worsham

PLEA AGREEMENT                    11                DEF. INITIALS /s/

Exhibit 47
Page 1064