LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Niall E. Lynch (CA 157959)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
Al.Pfeiffer@lw.com
Chris.Yates@lw.com
Belinda.Lee@lw.com
Niall.Lynch@lw.com
Ashley.Bauer@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

(Additional Parties and Counsel on Signature Pages)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD<br>MDL No. 2670<br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE FACT-FINDING TESTIMONY AND LEGAL CONCLUSIONS OF PLAINTIFFS' ECONOMISTS** |
|---|---|
| This Document Relates To:<br>(1) Direct Purchaser Plaintiffs<br>(2) End Payer Plaintiffs<br>(3) Commercial Food Preparer Plaintiffs<br>(4) *Affiliated Foods, Inc. v. Tri-Union Seafoods LLC, et al.*, 3:15-cv-02787-JLS-MDD<br>(5) *Winn-Dixie Stores, Inc. v. Bumble Bee Foods LLC, et al.*, 3:16-cv-00017-JLS-MDD<br>(6) *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC, et al.*, 3:18-cv-01014-JLS-MDD | Special Briefing Schedule Ordered<br><br>**Hearing**:<br>Date: March 18, 2020<br>Time: 9:00 a.m.<br>Place: Courtroom 4D<br>Judge: Hon. Janis L. Sammartino |

(7) *CVS Pharmacy, Inc. v. Bumble Bee Foods LLC, et al.*, 3:17-cv-02145-JLS-MDD

(8) *SpartanNash Company v. Tri-Union Seafoods, LLC, et al.*, 3:18-cv-02366-JLS-MDD

(9) *Kroger Co., et al. v. Bumble Bee Foods LLC, et al.*, 3:16-cv-00051-JLS-MDD

(10) *Wegmans Food Markets, Inc. v. Bumble Bee Foods LLC, et al.*, 3:16-cv-00264-JLS-MDD

(11) *Publix Super Markets, Inc. et al. v. Bumble Bee Foods LLC, et al.*, 3:16-cv-00247-JLS-MDD

(12) *SuperValu Inc., et al. v. Bumble Bee Foods LLC, et al.*, 3:17-cv-0951-JLS-MDD

(13) *Krasdale Foods, Inc. v. Bumble Bee Foods LLC, et al.*, 3:17-cv-1748-JLS-MDD

(14) *Meijer, Inc. and Meijer Distribution, Inc. v. Bumble Bee Foods, et al.*, 3:16-cv-0398-JLS-MDD

(15) *Super Store Industries v. Bumble Bee Foods LLC et al.*, 3:17-cv-0950-JLS-MDD

(16) *Moran Foods, LLC v. Bumble Bee Foods LLC, et al.*, 3:17-cv-1745-JLS-MDD

(17) *Dollar General Corporation, et al. v. Bumble Bee Foods LLC et al.*, 3:17-cv-1744-JLS-MDD

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 18, 2019 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants StarKist Co. ("StarKist"), Dongwon Industries Co., Ltd. ("DWI"),[1] Bumble Bee Foods, LLC ("Bumble Bee"), Thai Union Group PCL ("TUG"), Tri-Union Seafoods, LLC d/b/a Chicken of the Sea International ("COSI"),[2] Del Monte Corporation ("Del Monte"),[3] Lion Capital (Americas), Inc., Lion Capital LLP, and Big Catch Cayman LP (collectively, "Defendants") will and hereby do move the Court, pursuant to Federal Rules of Evidence 702 ("Rule 702") and 403 ("Rule 403"), for an order excluding improper opinions and testimony offered by Plaintiffs' economists as identified by paragraph below:

(1) Dr. Gareth Macartney, economist for Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (together, "Winn-Dixie Plaintiffs");

(2) Dr. Colin Carter, economist for Associated Wholesale Grocers, Inc. ("AWG") and Affiliated Foods Midwest Cooperative ("AFMC");

(3) Dr. Keith B. Leffler, economist for Affiliated Foods Inc., Alex Lee, Inc., Associated Foods Stores, Inc., Associated Grocers of New England, Inc., Associated Grocers, Inc., Bashas' Inc., Big Y Foods, Inc., Brookshire Brothers, Inc., Brookshire Grocery Company, Certco, Inc., Dollar Tree Distribution, Inc., Greenbrier International, Inc., Family Dollar Stores, Inc., Family Dollar Services, LLC., Fareway Stores, Inc., The Golub Corporation, Giant Eagle, Inc., Kmart

---

[1] StarKist and DWI bring this motion with respect to the Winn-Dixie Plaintiffs, AWG, AFMC, EPPs, CFPs, and DPPs only.

[2] COSI and TUG bring this motion with respect to DPPs, AWG, and the Winn-Dixie Plaintiffs only.

[3] Del Monte brings this motion with respect to the Winn-Dixie Plaintiffs, AWG, and AFMC only.

|   |   |   |
|---|---|---|
| 1 |  | Corporation, K-VA-T Food Stores, Inc., Mark Glassman, Inc., |
| 2 |  | McLane Company, Inc., Meadowbrook Meat Company, Inc., |
| 3 |  | Merchants Distributors, LLC., Schnuck Markets, Inc., URM Stores, |
| 4 |  | Inc., Western Family Foods, Inc., Woodman's Food Market, Inc., 99 |
| 5 |  | Cents Only Stores LLC (together, the "Affiliated Foods Plaintiffs"), |
| 6 |  | CVS Pharmacy, Inc. ("CVS"), and SpartanNash Company |
| 7 |  | ("SpartanNash"); |
| 8 | (4) | Dr. Michael R. Baye, economist for the Kroger Co., Albertsons |
| 9 |  | Companies, LLC, Hy-Vee, Inc., H.E. Butt Grocery Company, Ahold |
| 10 |  | U.S.A., Inc., Delhaize America, LLC. (together, the "Kroger |
| 11 |  | Plaintiffs"), Wegmans Food Markets, Inc., Krasdale Foods, Inc. |
| 12 |  | (together, the "Wegmans Plaintiffs"), Publix Super Markets, Inc., |
| 13 |  | Meijer, Inc., Meijer Distribution, Inc., Wakefern Food Corp, Super |
| 14 |  | Store Industries, Moran Foods, LLC, SuperValu Inc., Unified |
| 15 |  | Grocers, Inc., Associated Grocers of Florida, Inc., Dollar General |
| 16 |  | Corporation, and Dolgencorp, LLC (together, the "Publix Plaintiffs"); |
| 17 | (5) | Dr. David L. Sunding, economist for End Payer Plaintiffs ("EPPs"); |
| 18 | (6) | Dr. Michael A. Williams, economist for Commercial Food Preparer |
| 19 |  | Plaintiffs ("CFPs"); and |
| 20 | (7) | Dr. Russell W. Mangum III, economist for Direct Purchaser Plaintiffs |
| 21 |  | ("DPPs") (collectively, "Plaintiffs' Economists"). |

*First*, Defendants request exclusion of testimony from Plaintiffs' Economists that improperly narrates the record and interprets fact evidence because it is not based on specialized knowledge or helpful to the jury as it must be under Rules 702 and 403. Rather, this testimony serves only to usurp the role of fact finder and provide conclusions about disputed evidence. As outlined in

Section III.A. of the accompanying Memorandum of Points and Authorities, this unhelpful fact-finding testimony should be excluded:

    (1)    Paragraphs 14–16 and 80–169 from the Macartney Report and Paragraphs 15, 17, 129–30, 135–58, 163–65, 176–77, and 179 from the Macartney Rebuttal Report;

    (2)    Paragraphs 82–266 and 275–76 from the Carter Report and Paragraphs 135–36, 140–48, 153–68, 177, 183, and 190–91 from the Carter Rebuttal Report;

    (3)    Paragraphs 7B, 44–48, and 54-62 from the Leffler Report and Paragraph 7 from the Leffler Reply Report;

    (4)    Paragraphs 16–17, 43–44, and 149–66 from the Baye Report and Paragraph 39 from the Baye Reply Report;

    (5)    Paragraphs 66–84 and 87–90 from the Sunding Class Certification Report, Paragraphs 15, 17–20, 29, and 31 from the Sunding Merit Report, and Paragraphs 14, 27, and 41 from the Sunding Merit Reply Report;

    (6)    Paragraphs 24, 55, and 66 from the Williams Merits Report; and

    (7)    Paragraphs 110–11, 114–15, 140–41, and 164 from the Mangum Class Certification Report and Paragraphs 83–87, 92–93, 106, and 109–10 from the Mangum Merits Report.

***Second***, Defendants request exclusion of this same fact-finding testimony on the separate basis that it fails Rule 702's basic standards of reliability. This testimony is not grounded in systematic methods or skillful interpretation of data. Instead, it is based entirely on Plaintiffs' Economists' subjective evaluation of counsel-curated emails, business records, and witness testimony. As outlined in Section III.B. of the accompanying Memorandum of Points and Authorities, this unreliable fact-finding testimony should be excluded.

***Third***, Defendants request exclusion of opinions and testimony from Plaintiffs' Economists that improperly opine on the states of mind of Defendants and their employees. Determinations concerning what Defendants and their employees intended, believed, or knew nearly one decade ago are for the jury to decide, not well-compensated economists. As outlined in Section III.C. of the accompanying Memorandum of Points and Authorities, these state of mind opinions should be excluded:

(1) Paragraphs 14, 81, 93, 106, 129, 135, 139, 142, and 163 from the Macartney Report and Paragraphs 17, 130, 143–44, 146–49, and 163 from the Macartney Rebuttal Report;

(2) Paragraphs 120, 131, 145, 149, 178, 183, 186, and 194–95 from the Carter Report and Paragraph 194 from the Carter Rebuttal Report;

(3) Paragraph 56 from the Leffler Report;

(4) Paragraphs 41 and 128–39 from the Baye Report;

(5) Paragraph 14 and 27 from the Sunding Merit Reply Report; and

(6) Paragraph 140 from the Mangum Class Certification Report, Paragraph 83 from the Mangum Merits Report, and Paragraph 31 from the Mangum Merits Reply Report.

***Fourth***, Defendants request exclusion of opinions and testimony from Plaintiffs' Economists amounting to improper legal conclusions that the scope of the alleged conspiracy exceeds what the relevant guilty pleas and interrogatory responses explicitly provide. These are ultimately core questions of law for the Court to decide based on undisputed facts, or determinations of fact for the jury guided by instruction from the Court. As outlined in Section III.D. of the accompanying Memorandum of Points and Authorities, these legal opinions should be excluded:

(1) Paragraphs 14, 81, 93, 106, and 129 from the Macartney Report;

| | | |
|---|---|---|
| (2) | Paragraphs 134, 149, 155, 193, 197, 247–48, and 275 from the Carter Report and 136, 138, and 195 from the Carter Rebuttal Report; |
| (3) | Paragraphs 56–57, 62 and 68 from the Leffler Report; |
| (4) | Paragraphs 7b, 16, 40–43, 133–39, and 149–63 from the Baye Report; |
| (5) | Paragraph 27 from the Sunding Merit Reply Report; |
| (6) | Paragraph 24 from the Williams Merits Report; and |
| (7) | Paragraph 140 from the Mangum Class Certification Report and Paragraph 83 from the Mangum Merits Report. |

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Corey D. Attaway (with exhibits), all evidence in the record and the Court's file in this action, the argument of counsel, and such other matters as the Court may consider.

Dated:  September 19, 2019                    LATHAM & WATKINS LLP

By: s/ Belinda S Lee

Alfred C. Pfeiffer
Christopher S. Yates
Belinda S Lee
Niall E. Lynch
Ashley M. Bauer
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: al.pfeiffer@lw.com
Email: chris.yates@lw.com
Email: belinda.lee@lw.com
Email: niall.lynch@lw.com
Email: ashley.bauer@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

| | |
|---|---|
| 1 | PAUL, WEISS, RIFKIND, |
| 2 | WHARTON & GARRISON LLP |
| 3 | By: s/ Joseph J. Bial |
|   | Kenneth A. Gallo |
| 4 | Joseph J. Bial |
| 5 | Craig A. Benson |
|   | 2001 K Street, NW |
| 6 | Washington, DC 20006-1047 |
| 7 | Telephone:  (202) 223-7356 |
|   | Facsimile:  (202) 204-7356 |
| 8 | kgallo@paulweiss.com |
| 9 | jbial@paulweiss.com |
|   | cbenson@paulweiss.com |
| 10 | |
| 11 | William B. Michael |
| 12 | 1285 Avenue of the Americas |
|    | New York, NY 10019-6064 |
| 13 | Telephone: 212-373-3648 |
|    | Facsimile:  212-492-0648 |
| 14 | wmichael@paulweiss.com |
| 15 | |
|    | *Counsel for Defendant Bumble Bee* |
| 16 | *Foods, LLC* |
| 17 | |
| 18 | SULLIVAN & CROMWELL LLP |
| 19 | By: s/ Adam S. Paris |
| 20 | Adam S. Paris  (Cal. Bar No. 190693) |
|    | 1888 Century Park East, Suite 2100 |
| 21 | Los Angeles, CA 90067 |
|    | Tel:  (310) 712-6600 |
| 22 | Fax:  (310) 712-8800 |
|    | parisa@sullcrom.com |
| 23 | |
|    | *Counsel for Defendant Lion Capital* |
| 24 | *(Americas), Inc. and Specially Appearing* |
| 25 | *Defendants Lion Capital LLP and Big* |
|    | *Catch Cayman LP* |
| 26 | |
| 27 | |
| 28 | |

ALLEN & OVERY LLP

By: s/ John Roberti
John Roberti
Kelse Moen
1101 New York Avenue N.W.
Washington, D.C. 20005
Telephone: (202) 683-3800
Facsimile: (202) 683-3999
john.roberti@allenovery.com
kelse.moen@allenovery.com

Joshua Shapiro
Brian Fitzpatrick
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
joshua.shapiro@allenovery.com
brian.fitzpatrick@allenovery.com

*Counsel for Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL*

PEPPER HAMILTON LLP

By: s/ Barbara T. Sicalides
Barbara T. Sicalides
Barak A. Bassman
Megan Morley
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4783
Facsimile: 215-981-4750
sicalidesb@pepperlaw.com
bassmanb@pepperlaw.com
morleym@pepperlaw.com

*Counsel for Defendant Del Monte Corporation*

## SIGNATURE ATTESTATION

Under Section 2.F.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

Dated: September 19, 2019                    By: s/ Belinda S Lee

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*