# Exhibit 21

Exhibit 21
Page 2117

1  LESLIE A. WULFF (CSBN 277979)
2  MICAH L. RUBBO (CSBN 267465)
   ANDREW SCHUPANITZ (CSBN 315850)
3  ANN CHO LUCAS (CSBN 309026)
   United States Department of Justice
4  Antitrust Division
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, California 94102
6  Telephone: (415) 934-5300
7  Leslie.Wulff@usdoj.gov

8
   Attorneys for the United States of America
9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18 CR 513 |
| Plaintiff, | |
| | PLEA AGREEMENT |
| v. | |
| STARKIST CO., | |
| Defendant. | |

The United States of America and StarKist Co. ("defendant"), a corporation organized and existing under the laws of Delaware, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## **RIGHTS OF DEFENDANT**

1.   The defendant understands its rights:

     (a)   to be represented by an attorney;

     (b)   to be charged by Indictment;

     (c)   to plead not guilty to any criminal charge brought against it;

     (d)   to have a trial by jury, at which it would be presumed not guilty of the

PLEA AGREEMENT                                    1

Exhibit 21
Page 2118

1     charge and the United States would have to prove every essential element of the charged
2     offense beyond a reasonable doubt for it to be found guilty;
3         (e)    to confront and cross-examine witnesses against it and to subpoena
4     witnesses in its defense at trial;
5         (f)    to appeal its conviction if it is found guilty; and
6         (g)    to appeal the imposition of sentence against it.

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

8     2.    The defendant knowingly and voluntarily waives:
9         (a)    the rights set out in subparagraphs 1(b)-(e) above;
10         (b)    the right to file any appeal or collateral attack that challenges its
11 conviction, including but not limited to any appeal or collateral attack raising any
12 argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the
13 admitted conduct does not fall within the scope of such statute; and
14         (c)    the right to file any appeal or collateral attack, including but not limited to
15 an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if
16 that sentence is consistent with or below the recommended sentence in Paragraph 10 of
17 this Plea Agreement, regardless of how this sentence is determined by the Court and
18 regardless of whether the Court reduces the fine pursuant to §8C3.3 of the United States
19 Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines"). For
20 purposes of the waiver of appeal or collateral attack of the sentence, the sentence
21 imposed is deemed consistent with or below the recommended sentence in Paragraph 10
22 even if the sentence imposed includes a term of probation if it is otherwise consistent
23 with or below the recommended sentence in Paragraph 10, unless the term of probation
24 exceeds the length authorized by 18 U.S.C. § 3561(c). This agreement does not affect the
25 rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c).
26 Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal
27 remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective
28 assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently

PLEA AGREEMENT         2

Exhibit 21
Page 2119

1 no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to
2 Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count
3 Information to be filed in the United States District Court for the Northern District of California.
4 The Information will charge the defendant with participating in a conspiracy to suppress and
5 eliminate competition by reaching agreements to fix, raise, and maintain the prices of packaged
6 seafood sold in the United States beginning at least as early as November 2011 and continuing
7 through at least as late as December 2013 in violation of the Sherman Antitrust Act, 15 U.S.C. §
8 1.

9   3.   The defendant will plead guilty to the criminal charge described in Paragraph 2
10 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to
11 the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

13   4.   The defendant, through its corporate representatives, has fully discussed the facts
14 of this case with defense counsel and admits that the following facts are true and undisputed:

15   (a)   For purposes of this Plea Agreement, the "relevant period" is that period
16 beginning at least as early as November 2011 and continuing through at least as late as
17 December 2013. During the relevant period, the defendant was a corporation organized
18 and existing under the laws of Delaware. The defendant had its principal place of
19 business in Pittsburgh, Pennsylvania. During the relevant period, the defendant was a
20 producer of packaged seafood, was engaged in the sale of packaged seafood in the United
21 States, and employed 50 or more individuals. For purposes of this Plea Agreement,
22 packaged seafood consists of canned tuna fish. During the relevant period, the
23 defendant's sales of packaged seafood affecting U.S. customers totaled at least $600
24 million.

25   (b)   During the relevant period, the defendant, through its officers and
26 employees, including high-level personnel of the defendant, participated in a conspiracy
27 among major packaged-seafood-producing firms, the primary purpose of which was to
28 fix, raise, and maintain the prices of packaged seafood sold in the United States. In

PLEA AGREEMENT                              3

Exhibit 21
Page 2120

furtherance of the conspiracy, the defendant, through its officers and employees, engaged in conversations and discussions and attended meetings with representatives of other major packaged-seafood-producing firms. During these conversations, discussions, and meetings, agreements and mutual understandings were reached to fix, raise, and maintain the prices of packaged seafood sold in the United States. Defendant, through its officers and employees, negotiated prices with customers and issued price announcements for packaged seafood in accordance with the agreements and mutual understandings reached.

   (c) During the relevant period, packaged seafood sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of packaged seafood, as well as payments for packaged seafood, traveled in interstate commerce. The business activities of the defendant and its coconspirators in connection with the production and sale of packaged seafood that was the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

   (d) Acts in furtherance of this conspiracy were carried out within the Northern District of California. The conspiratorial conversations, discussions, and meetings described above took place in the United States and elsewhere, and one or more of the conspirators traveled into and out of the District to negotiate and make sales of packaged seafood that was the subject of this conspiracy to customers in this District.

### ELEMENTS OF THE OFFENSE

5. The elements of the charged offense are that:

   (a) the conspiracy described in the Information existed at or about the time alleged;

   (b) the defendant knowingly became a member of the conspiracy; and

   (c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

\\

PLEA AGREEMENT         4

Exhibit 21
Page 2121

## POSSIBLE MAXIMUM SENTENCE

6. The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine of $100 million (15 U.S.C. § 1).

7. In addition, the defendant understands that:

   (a) pursuant to U.S.S.G. §8D1.2(a)(1) or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

   (b) pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or § 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

   (c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2016 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

\\
\\
\\

PLEA AGREEMENT                                             5

Exhibit 21
Page 2122

## SENTENCING AGREEMENT

9. The United States and the defendant agree that the following Sentencing Guidelines calculation is correct based on a total volume of commerce attributable to the defendant of at least $600 million:

| | | |
|---|---|---|
| (a) **Base Fine:** The base fine is 20% of the volume of affected commerce of at least $600 million (§2R1.1(d)(1) and §8C2.4(b)). | | At least $120 million |
| (b) **Culpability Score** | | |
|     i. | **Base,** §8C2.5(a): | 5 |
|     ii. | **Involvement in or Tolerance of Criminal Activity,** §8C2.5(b)(4): | + 2 |
|     iii. | **Self-Reporting, Cooperation, and Acceptance of Responsibility,** §8C2.5(g)(2): | - 2 |
| (c) **Total Culpability Score:** | | 5 |
| (d) **Minimum and Maximum Multipliers,** §8C2.6: | | 1.0 – 2.0 |
| (e) **Minimum and Maximum Fine Range,** §8C2.7: | | At least $120 – $240 million |
| (f) **Guidelines fine,** §8C3.1(b): | | $100 million |

The United States and the defendant agree that U.S.S.G. §8C3.1(b) applies because the minimum Guidelines fine is greater than the maximum fine authorized by statute and thus, the maximum fine authorized by statute, $100 million, is the Guidelines fine.

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States: a criminal fine, payable on a schedule and with the applicability of 18 U.S.C. § 3612(f)(3)(A) determined by the Court, in an amount of $100 million, unless the defendant requests, and the Court imposes, a reduction pursuant to U.S.S.G. §8C3.3 to an amount no less

1    than $50 million based on a finding of an inability of the defendant to pay the Guidelines fine;
2    and no order of restitution ("the recommended sentence"). The parties further agree that the only
3    basis on which the defendant may seek, and the Court may impose, a reduction from a $100
4    million fine is pursuant to U.S.S.G. §8C3.3 as set forth in Paragraph 11 of this Plea Agreement,
5    but in no event may the defendant seek, or the Court impose, a reduction resulting in a fine less
6    than $50 million. As set forth in Paragraph 11 of this Plea Agreement, the government intends to
7    oppose any such request. The parties agree that there exists no aggravating or mitigating
8    circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S.
9    Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant
10   to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside
11   of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this
12   Plea Agreement.

13              (a)    The defendant understands that the Court will order it to pay a $400
14       special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine
15       imposed.

16              (b)    In light of the civil cases filed against the defendant, including *In re:*
17       *Packaged Seafood Products Antitrust Litigation*, (15-md-02670-JLS-MDD), in the
18       United States District Court, Southern District of California, which potentially provide
19       for a recovery of a multiple of actual damages, the recommended sentence does not
20       include a restitution order for the offense charged in the Information.

21              (c)    Both parties will recommend that no term of probation be imposed, but the
22       defendant understands that the Court's denial of this request will not void this Plea
23       Agreement, unless the Court rejects the recommendation for no order of restitution. If
24       the Court rejects the recommendation for no order of restitution, the United States and the
25       defendant agree that this Plea Agreement, except for subparagraph 13(b) below, will be
26       rendered void and the defendant will be free to withdraw its guilty plea as provided in
27       subparagraph 13(b).
28   \\

1      (d)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, any additional disclosures or presentence report required based on a request by the defendant pursuant to U.S.S.G. §8C3.3, and the further disclosure described in Paragraph 12, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.

11.     The United States and the defendant agree that the defendant may request a reduction of the Guidelines fine of $100 million solely pursuant to U.S.S.G. §8C3.3 due to an alleged inability of the defendant to pay the Guidelines fine, even with a reasonable installment schedule, without impairing its ability to make restitution to victims or without substantially jeopardizing its continued viability. The United States intends to oppose any such request. The parties agree that in no event shall the defendant request a reduction that results in a fine less than $50 million. The United States and the defendant reserve the right to respond to any factual inquiries by the Court or Probation Office about such a request.

12.     Subject to the full, truthful, and continuing cooperation of the defendant as defined in Paragraph 14 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

13.     The United States and the defendant understand that the Court retains complete discretion to accept or reject either party's sentencing recommendation.

    (a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for subparagraph 13(b) below, will be rendered void.

\\

PLEA AGREEMENT      8

Exhibit 21
Page 2125

    (b) If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Plea Agreement, whichever period is greater. The defendant understands that if the Court determines that no reduction from the Guidelines fine of $100 million is warranted pursuant to U.S.S.G. §8C3.3, this Plea Agreement will not be rendered void and it will not have a right to withdraw its guilty plea.

### **DEFENDANT'S COOPERATION**

14. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the production and sale of packaged seafood in the United States, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant will include but not be limited to:

\\

PLEA AGREEMENT      9

Exhibit 21
Page 2126

    (a)   producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant, that are requested by the United States in connection with any Federal Proceeding; and

    (b)   using its best efforts to secure the full, truthful, and continuing cooperation of the current directors, officers, and employees of the defendant as may be requested by the United States, but excluding any individual listed in Paragraph 1 of Attachment A filed under seal. Such efforts will include, but not be limited to, making these persons available at the defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant as of the date of signature of this Plea Agreement.

15. The full, truthful, and continuing cooperation of the current directors, officers, and employees of the defendant will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

    (a)   producing in the United States all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

    (b)   making himself or herself available for interviews in the United States, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

    (c)   responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

PLEA AGREEMENT                  10

Exhibit 21
Page 2127

   (d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

   (e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

   (f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under subparagraph 17(c), the statute of limitations period for any Relevant Offense, as defined in subparagraph 17(a), will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

This Paragraph 15 does not apply to any individual listed in Paragraph 1 of Attachment A filed under seal, regardless of their employment status, or to any former director, officer, or employee of the defendant.

## GOVERNMENT'S AGREEMENT

16. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of packaged seafood in the United States. The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001),

PLEA AGREEMENT       11

Exhibit 21
Page 2128

1  obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or
2  conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal
3  tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.
4      17.    The United States agrees to the following:
5      (a)    upon the Court's acceptance of the guilty plea called for by this Plea
6  Agreement and the imposition of the recommended sentence and subject to the
7  exceptions noted in subparagraph 17(c), the United States agrees that it will not bring
8  criminal charges against any current director, officer, or employee of the defendant for
9  any act or offense committed before the date of signature of this Plea Agreement and
10 while that person was acting as a director, officer, or employee of the defendant that was
11 undertaken in furtherance of an antitrust conspiracy involving the production or sale of
12 packaged seafood in the United States ("Relevant Offense"), except that the protections
13 granted in this paragraph do not apply to any individual listed in Paragraph 1 of
14 Attachment A filed under seal;
15     (b)    should the United States determine that any current director, officer, or
16 employee of the defendant may have information relevant to any Federal Proceeding, the
17 United States may request that person's cooperation under the terms of this Plea
18 Agreement by written request delivered to counsel for the individual (with a copy to the
19 undersigned counsel for the defendant) or, if the individual is not known by the United
20 States to be represented, to the undersigned counsel for the defendant;
21     (c)    if any person requested to provide cooperation under subparagraph 17(b)
22 fails to comply fully with his or her obligations under Paragraph 15, then the terms of this
23 Plea Agreement as they pertain to that person and the agreement not to prosecute that
24 person granted in this Plea Agreement will be rendered void, and the United States may
25 prosecute such person criminally for any federal crime of which the United States has
26 knowledge, including, but not limited to any Relevant Offense;
27     (d)    except as provided in subparagraph 17(e), information provided by a
28 person described in subparagraph 17(b) to the United States under the terms of this Plea

1   Agreement pertaining to any Relevant Offense, or any information directly or indirectly
2   derived from that information, may not be used against that person in a criminal case,
3   except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22),
4   making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice
5   (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit
6   such offenses;

7   (e)   if any person who provides information to the United States under this
8   Plea Agreement fails to comply fully with his or her obligations under Paragraph 15 of
9   this Plea Agreement, the agreement in subparagraph 17(d) not to use that information or
10  any information directly or indirectly derived from it against that person in a criminal
11  case will be rendered void;

12  (f)   the nonprosecution terms of this paragraph do not apply to civil matters of
13  any kind; any violation of the federal tax or securities laws or conspiracy to commit such
14  offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-
15  22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of
16  justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to
17  commit such offenses; and

18  (g)   documents provided under subparagraph 14(a) and 15(a) will be deemed
19  responsive to outstanding grand jury subpoenas issued to the defendant.

20  18.   The United States agrees that when any person travels to the United States for
21  interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for
22  meetings with counsel in preparation therefor, the United States will take no action, based upon
23  any Relevant Offense, to subject such person to arrest, detention, or service of process, or to
24  prevent such person from departing the United States. This paragraph does not apply to an
25  individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a
26  false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §
27  1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.
28  \\

PLEA AGREEMENT                       13

Exhibit 21
Page 2130

19. The defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

20. The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

21. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and Attachment A. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

22. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its

PLEA AGREEMENT 14

Exhibit 21
Page 2131

1  obligations under this Plea Agreement (except its obligations under this paragraph), and the
2  defendant will be subject to prosecution for any federal crime of which the United States has
3  knowledge including, but not limited to, the substantive offenses relating to the investigation
4  resulting in this Plea Agreement. The defendant may seek Court review of any determination
5  made by the United States under this paragraph to void any of its obligations under this Plea
6  Agreement. The defendant agrees that, in the event that the United States is released from its
7  obligations under this Plea Agreement and brings criminal charges against the defendant for any
8  offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for
9  such offense will be tolled for the period between the date of signature of this Plea Agreement
10 and six (6) months after the date the United States gave notice of its intent to void its obligations
11 under this Plea Agreement.
12       23.   The defendant understands and agrees that in any further prosecution
13 of it resulting from the release of the United States from its obligations under this Plea
14 Agreement because of the defendant's violation of this Plea Agreement, any documents,
15 statements, information, testimony, or evidence provided by it, or its current directors, officers,
16 or employees to attorneys or agents of the United States, federal grand juries, or courts, and any
17 leads derived therefrom, may be used against it. In addition, the defendant unconditionally
18 waives its right to challenge the use of such evidence in any such further prosecution,
19 notwithstanding the protections of Fed. R. Evid. 410.

### ENTIRETY OF AGREEMENT

21       24.   This Plea Agreement and Attachment A constitute the entire agreement between
22 the United States and the defendant concerning the disposition of the criminal charge in this case.
23 This Plea Agreement cannot be modified except in writing, signed by the United States and the
24 defendant.
25       25.   The undersigned is authorized to enter this Plea Agreement on behalf of the
26 defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,
27 and incorporated by reference in, this Plea Agreement.
28 \\

PLEA AGREEMENT                              15

Exhibit 21
Page 2132

26. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

27. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Respectfully submitted,

BY: *R. Scott Meece*
R. Scott Meece
General Counsel and Senior Vice President
StarKist Co.

Dated: 10/1/18

BY: *Niall E. Lynch*
Niall E. Lynch
Ashley M. Bauer
Latham & Watkins LLP
Counsel for StarKist Co.

Dated: 10/1/18

BY: *Leslie A. Wulff*
Leslie A. Wulff, Trial Attorney
Micah L. Rubbo, Trial Attorney
Andrew Schupanitz, Trial Attorney
Ann Cho Lucas, Trial Attorney
United States Department of Justice
Antitrust Division

Dated: 10/2/2018

PLEA AGREEMENT                16

Exhibit 21
Page 2133

# UNANIMOUS WRITTEN CONSENT
# OF
# THE BOARD OF DIRECTORS
# OF
# STARKIST CO.

## October 1, 2018

The undersigned Directors, constituting the entire Board of Directors (the "Board of Directors") of StarKist Co. (the "Corporation"), acting without a meeting pursuant to Sections 141(f) and 161 of the General Corporation Law of the State of Delaware (the "DGCL"), hereby take the following actions by unanimous written consent:

WHEREAS, it is proposed that the Corporation enter into a Plea Agreement (the "Plea Agreement") between the Corporation and the United States of America, through the United States Department of Justice (the "United States DOJ"), to plead guilty to a one count Information (the "Information") alleging a violation of Section 1 of the Sherman Act (the "Sherman Act") involving price fixing allegations in connection with shelf stable tuna for the time period commencing as early as November 1, 2011 through as late as December 31, 2013;

WHEREAS, the anticipated Plea Agreement will require, among other things, the payment of a fine in an amount of at least Fifty Million ($50,000,000.00), but not to exceed a statutory maximum, One Hundred Million Dollars ($100,000,000.00) (the "Fine"), and which shall be decided by and subject to possible adjustment lower than the statutory maximum by the Judge, and for the Corporation to cooperate with the United States DOJ with respect to its investigation to resolve claims with respect to the Sherman Act and as alleged in the Information; and

WHEREAS, the Board of Directors hereby deems it advisable and in the best interests of the Corporation to approve the execution and delivery of the Plea Agreement and payment of the Fine to resolve the allegations set forth in the Information in accordance with the terms set forth in the Plea Agreement.

NOW THEREFORE, BE IT HEREBY

RESOLVED, that terms and provisions of the Plea Agreement and any documents ancillary thereto or contemplated therein to which the Corporation is to be a party (collectively the "Plea Agreement Documents"), and the performance by the Corporation of all of its obligations pursuant to any of the Plea Agreement Documents, including payment of the Fine, be, and they hereby are, in all respects authorized, ratified, approved and confirmed; and further

{J2328892.2}

Exhibit 21
Page 2134

RESOLVED, that the entry into, and the execution and delivery of, the Plea Agreement and any other of the Plea Agreement Documents is hereby approved by the Board of Directors in all respects; and further

RESOLVED, that any Director of the Corporation or any officer of the Corporation that any director may designate from time to time (individually referred to as, an "Authorized Signatory" and collectively as, the "Authorized Signatories") are authorized and directed to take all steps necessary to effectuate the entry into, and the execution and delivery of, the Plea Agreement and any other Plea Agreement Documents; and further

RESOLVED, that the Board of Directors hereby authorizes and empowers each Authorized Signatory to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, execute and/or deliver, or cause to be made, executed and/or delivered, all such agreements, amendments, supplements, undertakings, documents, waivers, instruments or certificates in the name and on behalf of the Corporation, or otherwise as each such officer may deem necessary or appropriate to effectuate or carry out fully the purpose and intent of the foregoing resolutions and any of the transactions contemplated by the Plea Agreement Documents; and further

RESOLVED, that any and all acts, transactions, agreements, certificates, statements, reports, documents, instruments or papers previously signed on behalf of the Corporation by any director or officer of the Corporation in connection with or in furtherance of the foregoing be, and they hereby are, in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors.

\*       \*       \*

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned members of the Board of Directors of StarKist Co. have executed this unanimous written consent as of the date first written above.

_____
Mr. Jaechul Kim

_____
Mr. Ingu Park

_____
Mr. Moonsu Park

_____
Mr. Namjung Kim

_____
Mr. Jung Ki Ro

_____
Mr. Andrew Choe

{J2328892.2}                    3

Exhibit 21
Page 2136