Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
Email: lking@kaplanfox.com
Email: mchoi@kaplanfox.com

*Attorneys for The Affiliated Foods Plaintiffs*

[*Additional Counsel Appear on Signature Page*]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No: 3:15-md-2670-JLS-MDD |
| | Judge: Hon. Janis L. Sammartino |
| This Document Relates To: | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DENNIS W. CARLTON** |
| (1) *Affiliated Foods, Inc., et al. v. Tri-Union Seafoods LLC, et al.*, 3:15-md-02670-JLS-MDD | |
| (2) *CVS Pharmacy, Inc. v. Bumble Bee Foods, LLC, et al.*, 3-17-cv-02154-JLS-MDD | DATE:      [TBD]<br>TIME:       [TBD]<br>JUDGE:    Janis L. Sammartino<br>CTRM:     4D |
| (3) *SpartanNash Company v. Tri-Union Seafoods, LLC, et al.*, 3:18-cv-02366-JLS-MDD | **[Redacted Version Sought to be Sealed]** |
| (4) *Winn-Dixie Stores, Inc. et al. v. Bumble Bee Foods, LLC, et al.*, 3:16-cv-00017-JLS-MDD | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND .................................................................................. 2

ARGUMENT ............................................................................................................. 5

CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

<u>**Cases**</u> <u>**Page**</u>

*City of Pomona v. SQM N. Am. Corp.*,
  750 F.3d 1036 (9th Cir. 2014) ................................................................. 5

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) ................................................................... 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) .......................................................................... 2, 5

*Domingo v. T.K.*,
  289 F.3d 600 (9th Cir. 2002) ................................................................... 7

*Estate of Barabin v. AstenJohnson, Inc.*,
  740 F.3d 457 (9th Cir. 2014) ................................................................... 5

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  Master File No. 06-MD-1175 (JG)(VVP),
  2014 WL 7882100 (E.D.N.Y. Oct. 15, 2014),
  *adopted in its entirety,* 2015 WL 5093503 (E.D.N.Y. July 10, 2015) .............. 6

*In re Capacitors Antitrust Litig. (No. III)*,
  Case No. 17-md-02801-JD, 2018 WL 5980139 (N.D. Cal. Nov. 14, 2018) ..... 2

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994) ..................................................................... 5

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ................................................................. 2

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ............................................................................ 5

*Lust v. Merrell Dow Pharm., Inc.*,
  89 F.3d 594 (9th Cir. 1996) ................................................................... 5

*Navelski v. Int'l Paper Co.*,
  244 F. Supp. 3d 1275 (N.D. Fla. 2017) ..................................................... 6

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010) ................................................................. 5

*Reed Constr. Data Inc. v. McGraw-Hill Cos.*,
  49 F. Supp. 3d 385 (S.D.N.Y. 2014) ...................................................... 6, 7

*Romero v. S. Schwab Co.*,
  Case No. 15-CV-815-GPC-MDD, 2017 WL 5885543
  (S.D. Cal. Nov. 29, 2017) .................................................................... 7

*Tawfilis v. Allergan, Inc.*,
    Case No. 8:15-cv-00307-JLS-JCG, 2017 WL 3084275
    (C.D. Cal. June 26, 2017) ...................................................................... 5


**Statutes**

Sherman Act §1, 15 U.S.C. § 1 ................................................................ 2


**Rules**

Federal Rules of Civil Procedure
    403 ...................................................................................................... 5
    702 .............................................................................................. 5, 6, 7


**Other Authorities**

Gujarati, *Basic Econometrics* (4th ed. 2003) ........................................ 6

Gujarati and Porter, *Basic Econometrics* (5th ed. 2009).................... 3

Kennedy, *Applied Econometrics* (6th ed. 2009) ................................... 7

Wooldridge, *Econometrics, A Modern Approach* (4th ed. 2009) ........ 3

**INTRODUCTION**

The Affiliated Foods Plaintiffs[1] and the Winn-Dixie Plaintiffs[2] move to exclude the testimony of Dr. Dennis W. Carlton concerning: (1) the multiple regression models of Dr. Keith B. Leffler as being "measured with error" or having an "errors-in-variables" problem (Carlton Report[3] ¶¶ 63, 120-22), and (2) Dr. Carlton's multiple regression model                    **Redacted**

(Carlton Report ¶¶ 131-37, Table 2). Both Dr. Leffler and Dr. Carlton use multiple regression models. In criticizing Dr. Leffler's models and in creating his own model, Dr. Carlton includes                    **Redacted**
Econometrics requires, as Dr. Carlton admitted at his deposition, that
**Redacted**
Therefore, his criticism of Dr. Leffler's regressions and his own regression cannot pass peer review and are not reliable. In addition, Dr. Carlton included                    **Redacted**                    even though there was no economic or other basis to find that the alleged conspiracy operated
**Redacted**        Dr. Carlton's criticism of Dr. Leffler's models and his own

---

[1] The Affiliated Foods Plaintiffs are Affiliated Foods Inc., Alex Lee, Inc., Associated Foods Stores, Inc., Associated Grocers of New England, Inc., Associated Grocers, Inc., Bashas' Inc., Big Y Foods, Inc., Brookshire Brothers, Inc., Brookshire Grocery Company, Certco, Inc., CVS Pharmacy, Inc., Dollar Tree Distribution. Inc., Greenbrier International, Inc., Family Dollar Stores, Inc., Family Dollar Services, LLC., Fareway Stores, Inc., The Golub Corporation, Giant Eagle, Inc., Kmart Corporation, K-VA-T Food Stores, Inc., Mark Glassman, Inc., McLane Company, Inc., Meadowbrook Meat Company, Inc., Merchants Distributors, LLC., Schnuck Markets, Inc., SpartanNash Company, URM Stores, Inc., Western Family Foods, Inc., Woodman's Food Market, Inc., and 99 Cents Only Stores LLC.
[2] The Winn-Dixie Plaintiffs are Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC.
[3] The Carlton Report is the Expert Report of Dennis W. Carlton dated May 10, 2019, with an Errata dated May 28, 2019. A copy is submitted as Exhibit 7 to the Declaration of Gregory K. Arenson in Support of Motion To Exclude Testimony of Dennis W. Carlton, dated September 19, 2019 ("Arenson Dec.").

model will not be helpful to, but instead will confuse, the trier of fact. Accordingly, Dr. Carlton's testimony should be excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## FACTUAL BACKGROUND

The Affiliated Foods Plaintiffs allege that the packaged tuna producers—Bumble Bee,[4] COSI,[5] and StarKist[6]—conspired to fix prices of tuna products sold to them in violation of Sherman Act § 1, 15 U.S.C. § 1. Complaints[7] ¶ 1. To prove their case, the Affiliated Foods Plaintiffs must show an agreement, which impacted plaintiffs causing damage. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008); *In re Capacitors Antitrust Litig. (No. III)*, Case No. 17-md-02801-JD, 2018 WL 5980139, at *4 (N.D. Cal. Nov. 14, 2018). The Affiliated Foods Plaintiffs retained Dr. Leffler to provide economic evidence of impact and damages. Leffler Report[8] ¶ 5.

Dr. Leffler's economic evidence, in part, is based on three multiple regressions, one for purchases by the Affiliated Foods Plaintiffs of tuna products from each of the

---

[4] Bumble Bee refers to Bumble Bee Foods, LLC, f/k/a Bumble Bee Seafoods, LLC Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch Cayman LP.

[5] COSI refers to Tri-Union Seafoods, d/b/a Chicken of the Sea International, and Thai Union Group Public Company Limited.

[6] StarKist refers to StarKist Co., Del Monte Corporation, and Dongwon Industries Co., Ltd.

[7] The "Complaints" are Plaintiffs' Fourth Consolidated Amended Complaint for Violation of the Sherman Act, 15 U.S.C. § 1, CVS Pharmacy, Inc.'s Second Amended Complaint for Damages, and SpartanNash Company Complaint for Violation of the Sherman Act, 15 U.S.C. § 15 U.S.C. § 1. They are Exhibits 8-10 to the Arenson Dec.

[8] The Leffler Report is the Expert Report of Professor Keith B. Leffler, Ph.D., dated February 15, 2019, with an errata dated March 26, 2019. The Leffler Report is Exhibit 1 to the Declaration of Dr. Keith B. Leffler in Support of Motion To Exclude Testimony of Dennis W. Carlton, dated September 17, 2019 ("Leffler Dec.").

1  three defendants. Leffler Report ¶¶ 63-74. The regressions seek to explain movements

2  in prices. *Id.* ¶ 63.

3  **Redacted**

4  *Id.* ¶ 67.

5  Dr. Carlton argues that Dr. Leffler's use of     **Redacted**

6  is "measured with error," that is, it has an "errors-in-variables"

7  problem. Carlton Report ¶ 63. According to Gujarati and Porter, *Basic Econometrics*

8  (5th ed. 2009) at 484 (Leffler Dec. Ex. 3), "[M]easurement errors pose a serious

9  problem when they are present in the explanatory variable(s) because they make

10  consistent estimation of the parameters impossible." Dr. Carlton used a Hausman test

11  to evaluate whether Dr. Leffler's model had an errors-in-variable problem. Carlton

12  Report ¶ 120.

13  **Redacted**     Carlton Report at 69 n.177.

14  **Redacted**

15  *Id.* As Dr. Carlton admitted at his deposition (Carlton Tr.

16  125:11-126:1 (Arenson Dec. Ex. 11)),     **Redacted**

17  *See* Wooldridge, *Econometrics, A Modern Approach* (4th ed.

18  2009) at 508 (Leffler Dec. Ex. 4).     **Redacted**

19  Carlton Tr. 125:15-19.

20  **Redacted**

21  Carlton Tr.

22  125:20-126:1: Leffler Reply[9] ¶¶ 35-36.     **Redacted**

23  Leffler Reply ¶ 36 & n. 91.

24  This means that     **Redacted**

25  ───────────────

26  [9] The Leffler Reply is the Expert Reply Report of Professor Keith B. Leffler, Ph.D.,
dated July 2, 2019, with an errata dated July 19, 2019. The Leffler Reply is Exhibit

27  2 to the Leffler Dec.

28

1

**Redacted**

2

Leffler Reply ¶ 36.

3

Dr. Carlton also presented his own multiple regression. Carlton Report ¶¶ 131-

4

37. In that regression, Dr. Carlton included **Redacted**

5

Carlton Report ¶ 133 &

6

n. 189. Dr. Leffler has found that **Redacted**

7

Leffler Dec. ¶ 7. Therefore, Dr. Carlton's

8

regression model is invalid. *Id.*

9

In his multiple regression model, Dr. Carlton included

10

**Redacted**

11

12

Carlton Report ¶ 133. However, Dr. Carlton conceded that

13

**Redacted**

14

15

Carlton Tr. 162:10-17. He further admitted that

16

**Redacted**                    Carlton Tr. 162:22-

17

163:2, 164:14-21. Indeed, Dr. Carlton

18

**Redacted**

19

Carlton Report ¶ 126.

20

Further, as described by Dr. Carlton (Carlton Report, ¶ 11, Table 1),

21

**Redacted**

22

23

Moreover, Dr. Carlton testified that **Redacted**

24

(Carlton Tr. 159:1-4, 161:6-8), and the result of doing so was less

25

precision for the coefficients **Redacted**             thereby increasing

26

the likelihood they would not be statistically significant (Carlton Tr. 160:1-6, 160:15-

27

21, 161:15-22). And none of the coefficients **Redacted**

28

**Redacted**                    Carlton Report ¶ 136.

## ARGUMENT

"Rule 702 imposes a 'gatekeeping' obligation on the district court to ensure that proposed expert testimony is relevant and reliable." *Tawfilis v. Allergan, Inc.*, Case No. 8:15-cv-00307-JLS-JCG, 2017 WL 3084275, at *3 (C.D. Cal. June 26, 2017). "Relevancy simply requires that '[t]he evidence . . . logically advance a material aspect of the party's case.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007)). Reliability means that the testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). "[A]ny step that renders the analysis unreliable . . . renders the expert's testimony inadmissible." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)). The court must "make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Even if expert evidence is admissible under Rule 702, "Rule 403 permits the exclusion of relevant [expert] evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Daubert*, 509 U.S. at 595 (quoting Rule 403).

The proponent of the testimony has the burden of proving admissibility. *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). "Expert testimony is admissible if the . . . requirements are met by a preponderance of the evidence." *Tawfilis*, 2017 WL 3084275 at *3.

Dr. Carlton includes                    **Redacted**

and for the purpose of presenting his own

analysis. As described above, **Redacted** is contrary to generally accepted statistical practice. Essentially, Dr. Carlton makes a fundamental mistake in his calculations. That is grounds for exclusion. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, Master File No. 06-MD-1175 (JG)(VVP), 2014 WL 7882100, at *12 (E.D.N.Y. Oct. 15, 2014), *adopted in its entirety,* 2015 WL 5093503, at *1 (E.D.N.Y. July 10, 2015) ("Because [defendant's expert's] testimony regarding the similarity between uncorrected and corrected residuals appears to have been premised on a miscalculation, it should be excluded under Rule 702."); *Reed Constr. Data Inc. v. McGraw-Hill Cos.*, 49 F. Supp. 3d 385, 403-04 (S.D.N.Y. 2014) (excluding a regression model as "against generally accepted statistical practice" for omitting a major variable that would have had a significant and negative effect); *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1301 (N.D. Fla. 2017) (excluding linear regression results as "skewed, misleading, and overall unreliable" where the flaw of improperly including an outlying data point was large enough that the expert lacked good grounds for his opinion).

At his deposition, Dr. Carlton admitted

**Redacted**

Carlton Tr. 66:18-23. *See* Leffler Dec. ¶ 7, Ex. 5 (Gujarati, *Basic Econometrics* at 74 n.14 (4th ed. 2003): "[I]t is essential that there be some economic reasoning behind the chosen model and that any modifications in the model should have some economic justification."). There was no economic reason for Dr. Carlton to use **Redacted** in his regression, and he admitted he did not need to do so. Those variables do not correspond to any allegation in the case or to any damages or non-damages period investigated by any plaintiff's expert. Further, **Redacted** Dr. Carlton increased the likelihood that each would not be statistically significant, and they were not. Dr. Carlton has committed "the greatest of basement sins" for an econometrician: "[W]hen one tailors

one's specifications to the data, resulting in a specification that is misleading because it embodies the peculiarities of the particular data at hand." Kennedy, *Applied Econometrics* (6th ed. 2009) at 365 (Leffler Dec. Ex. 6). In other words, Dr. Carlton deliberately mis-specified his multiple regression model        **Redacted**

to get the result he wanted. This is excludable junk science. *See Domingo v. T.K.*, 289 F.3d 600, 605-07 (9th Cir. 2002) (excluding expert's opinion as "junk science"); *Reed Constr. Data*, *supra*, 49 F. Supp. 3d at 404-05 (adding an explanatory variable highly correlated with the variable to be explained and other explanatory variables "contribute[d] to the Court's conclusion that [the expert's] method is inadmissible under Rule 702"); *Romero v. S. Schwab Co.*, Case No. 15-CV-815-GPC-MDD, 2017 WL 5885543, at *11 (S.D. Cal. Nov. 29, 2017) (excluding testimony of expert who "lacks sufficient information to establish comparators that are reliable and will assist the jury," where "any probative value . . . is outweighed by the likelihood of confusing the issues at trial and producing unfair prejudice").

## CONCLUSION

Dr. Carlton improperly incorporates        **Redacted**        into his statistical critique of Dr. Leffler's multiple regression models as being "measured with error" or having an "errors-in-variables" problem (Carlton Report ¶¶ 63, 120-22), and into his own multiple regression model (Carlton Report ¶¶ 133-34). With no reason for doing so, he included        **Redacted**        in his multiple regression model to obtain the imprecise results he wanted. Carlton Report ¶¶ 131-37. This testimony should be excluded.

Dated: September 19, 2019        Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  */s/ Laurence D. King*
        Laurence D. King

Laurence D. King (SBN 206423)

Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
Email: lking@kaplanfox.com
Email: mchoi@kaplanfox.com

Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
Matthew P. McCahill
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: rkaplan@kaplanfox.com
Email: garenson@kaplanfox.com
Email: ekatcher@kaplanfox.com
Email: mmccahill@kaplanfox.com

**ALSTON & BIRD LLP**
Valarie C. Williams
B. Parker Miller
James B. Cash
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: valarie.williams@alston.com
Email: parker.miller@alston.com
Email: james.cash@alston.com

**ANDERSON KILL, P.C.**
Lawrence Kill
Linda Gerstel
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1722
Facsimile: (212) 278-1733
Email: lkill@andersonkill.com
Email: lgerstel@andersonkill.com

**HAJJAR PETERS, LLP**
Johnny K. Merritt
3144 Bee Cave Road
Austin, TX 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958
Email: jmerritt@legalstrategy.com

**MARCUS & SHAPIRA LLP**
Bernard D. Marcus
Moira C. Cain-Mannix

Erin Gibson Allen
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: allen@marcus-shapira.com

**MAURIELLO LAW FIRM, APC**
Thomas D. Mauriello
1181 Puerta Del Sol, #120
San Clemente, CA 92673
Telephone: (949) 542-3555
Facsimile: (949) 606-9690
Email:  tomm@maurlaw.com

**THE COFFMAN LAW FIRM**
Richard L. Coffman
First City Building
505 Orleans St., Fifth Floor
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

*Attorneys for The Affiliated Foods Plaintiffs*

**AHERN AND ASSOCIATES, P.C.**

By: */s/ Patrick J. Ahern*
　　　　Patrick J. Ahern

Patrick J. Ahern
Mark Hamill
Ahern and Associates, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, IL 60603
Telephone: (312) 404-3760
Email: patrick.ahern@ahernandassociatespc.com

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc.
and Bi-Lo Holding, LLC*

## **SIGNATURE ATTESTATION**

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from the each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

Dated: September 19, 2019                    By: /s/ *Laurence D. King*

*Attorney for The Affiliated Foods Plaintiffs*