# APPENDIX A

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| **Arizona**<br><br>Antitrust | Arizona Rev. Stat.§ 44-1401, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce. Ariz. Rev. Stat. § 44-1402 (forbidding joint misconduct) *and Brooks Fiber Commc'n v. GST Tucson Lightwave, Inc.*, 992 F. Supp. 1124, 1130 (D. Ariz. 1997) (§ 44-1401, *et seq.* "mirrors federal antitrust law").<br><br>*See* Endnote i. |
| Unjust Enrichment | *In re Southwest Supermarkets, LLC*, 325 B.R. 417 (Bankr. D. Ariz. 2005). | (1) An enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a contract remedy provided by law. *In re Southwest Supermarkets, LLC*, 325 B.R. 417, 428-29 (Bankr. D. Ariz. 2005). |
| **Arkansas**<br><br>Consumer Protection | Ark. Code Ann. § 4-88-101, *et seq.* | A false or deceptive act or practice in business, commerce or trade, including but not limited to (a) using deception, fraud or false pretense or (b) concealing, suppressing or omitting material facts intending others rely on it. Ark. Code Ann. §§ 4-88-107 (10) & 4-88-108 ("ADTPA").<br><br>In denying Defendants' motion to dismiss the ADTPA claim, this Court noted that "the Arkansas Supreme Court has adopted a broad definition of the term unconscionable and has noted 'that liberal construction of the [A]DTPA is appropriate[,]' *State ex rel. Bryant v. R & A Inv. Co.*, 985 S.W.2d 299, 302 (Ark. 1999)." [ECF No. 295 at 31.] This Court held that Plaintiffs price-fixing allegations "stated a valid claim under the ADTPA[,]" noting that "several other district courts have found well-pleaded price-fixing claims to constitute ADTPA violations." (*citing In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1157 (N.D. Cal. 2009); *In re* |

---

[1] Indirect Purchaser End Payer Plaintiffs' Statement of Material Facts Not in Dispute in Support of Motion for Partial Summary Judgment contains the relevant facts to support the required elements under each state claim.

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | *Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 582-3 (M.D. Pa. 2009); and *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 178 (D. Me. 2004).) [ECF No. 295 at 31.] |
| **California** Cartwright Act | Cal. Bus. & Prof. Code § 16700, *et seq.* | A California prohibited trust (conspiracy) is a combination of capital, skill, or acts for a purpose to (a) create or carry out restrictions in trade or commerce, OR (b) limit or reduce production, OR (c) fix or control prices, OR (d) establish prices to directly or indirectly preclude free and unrestricted competition.  Cal. Bus. & Prof. Code § 16720.  *See generally* Cal. Bus. & Prof. Code § 16750 (authorizing indirect purchaser claims). |
| Unjust Enrichment | *Frietag v. Wang*, No. 2:15-CV-2147, 2015 WL 7737301, at *5 (C.D. Cal. Dec. 1, 2015) | (a) Receipt of a benefit and (b) retention of the benefit at the expense of another.  *Frietag v. Wang*, No. 2:15-CV-2147, 2015 WL 7737301, at *5 (C.D. Cal. Dec. 1, 2015). |
| **District of Columbia** Antitrust | D.C. Code § 28-4501, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.  D.C. Code Ann. § 28-4502 ("Every contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce all or any part of which is within the District of Columbia is declared to be illegal."). *See* Endnote i. *See generally* D.C. Code Ann. § 28-4509 (authorizing indirect purchaser claims). |
| Consumer Protection | D.C. Code § 28-3901, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.  D.C. Code Ann. §§ 28-3901 & 28-3904 (West 2001); *In re* |

**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | *Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1073 (S.D. Cal. 2017) (trade practices violating other laws violate D.C. Code). *See* Endnotes i & ii. |
| Unjust Enrichment | *Peart v. District of Columbia Hous. Auth.*, 972 A.2d 810, 813 (D.C. Ct. App. 2009). | (1) Plaintiffs conferred a benefit on the Defendants, (2) Defendants retained the benefit and (3) under the circumstances the Defendants' retention of the benefit is unjust. *Peart v. District of Columbia Hous. Auth.*, 972 A.2d 810, 813 (D.C. 2009). |
| **Guam** Antitrust | Guam Code Ann. Tit. 9 § 69.10, *et seq.* | (1) A contract, combination or conspiracy that (2) attempts to control the quantity, price, or exchange of (3) any goods or article of manufacture. 9 Guam Code Ann. § 69.15(2). |
| **Hawaii** Antitrust | Haw. Rev. Stat. § 480-1, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce. Haw. Rev. Stat. § 480-4 (a) & (b) (unlawful agreements) and *id.* § 480-3 (construe in accordance with federal antitrust statutes except indirect claims allowed). *See* Endnote i. |
| Consumer Protection | Haw. Rev. Stat. § 480-2 | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce. Haw. Rev. Stat. § 480-2 (a) & (b) (unfair competition and FTC Act). |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | *See* Endnotes i & iii. |
| Unjust Enrichment | *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 74 (Haw. Sup. Ct. 2004). | (1) Plaintiffs conferred a benefit on the Defendants and (2) the retention of that benefit by the Defendants was unjust. *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 74 (Haw. Sup. Ct. 2004). |
| **Iowa** Antitrust | Iowa Code § 553.1, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce. Iowa Code §§ 553.4 (prohibiting agreements restraining commerce) and 553.2 (harmonizing with federal antitrust laws). *See* Endnote i. *See generally Comes v. Microsoft Corp.*, 646 N.W.2d 440, 451 (Iowa 2002) (authorizing indirect purchaser claims). |
| Unjust Enrichments | *State ex rel Palmer v Unisys Corp.*, 637 N.W.2d 142, 154-55 (Iowa 2001). | (1) The Defendants were enriched by the receipt of a benefit, (2) the enrichment was at the Plaintiffs' expense, (3) it is unjust to allow Defendants to retain the benefit under the circumstances. *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-55 (Iowa 2001). |
| **Kansas** Antitrust | Kansas Restraint of Trade Act, Kan. Stat. Ann. § 50-101, *et seq.* | (1) Defendants combined capital, skill, or acts (2) for purposes of restricting trade or commerce in Packaged Seafood, (3) to fix or raise its price, and (4) restricted competition among themselves in the sale of Packaged Seafood. Kan. Stat. Ann. § 50-101. OR (1) An arrangement or agreement, (2) with a view to or tending to reduce competition. Kan. Stat. Ann. § 50-112. OR |

- 4 -

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | (1) An agreement or combination that (2) was designed or intended to advance, reduce, or control the price of a product.  Kan. Stat. Ann. § 50-112. |
| **Maine**<br><br>Antitrust | Me. Rev. Stat. Ann. Tit. 10 § 1101, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.  10 Me. Stat. Ann. § 1101 ("Every contract, combination in the form of trusts or otherwise, or conspiracy, in restraint of trade or commerce in this State is declared to be illegal.").<br><br>*See* Endnote i.<br><br>*See generally* 10 Me. Stat. Ann. § 1104 (authorizing indirect purchaser claims). |
| **Massachusetts**<br><br>Consumer Protection | Mass. Gen. Laws ch. 93A § 1, *et seq.* | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.  Mass Gen. Laws ch. 93A § 2 (a) & (b) (unfair competition and FTC Act); *Ciardi v. F. Hoffman-La Roche, Ltd.*, 762 N.E.2d 303, 309 (Mass. 2002) (price-fixing violates FTC Act and chapter 93A).<br><br>*See* Endnotes i & iii. |
| Unjust Enrichment | *Ravanis v. Bliss*, No. 199801668B, 2004 WL 2341496 at *8 (Mass. Superior Ct. Oct. 6, 2004). | (1) A benefit conferred upon Defendants by Plaintiffs; (2) an appreciation or knowledge of the benefit by the Defendants; and (3) the acceptance or retention of the benefit by the Defendants under such circumstances as to make it inequitable for them to retain the benefit without payment of its value.  *Ravanis v. Bliss*, No. 199801668B, 2004 WL 2341496 at *8 (Mass. Superior Ct. Oct. 6, 2004). |
| **Michigan** | Mich. Comp. Laws Ann. § 445.901, *et seq.* | (1) Defendants established, maintained, or used a monopoly, or attempted to do so, (2) Defendants acted with intent to deceive customers or consumers, |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| Consumer Protection | | (3) Defendants' conduct misled customers or consumers, withheld material facts, and took advantage of consumers' inability to protect themselves, and (4) Defendants' conduct was unfair, unconscionable, or deceptive. Mich. Comp. Laws Ann. § 445.903(1) ("MCPA").<br><br>In denying Defendants' motion to dismiss the MCPA claim, this Court noted that "'[r]eliance and causation [element 3 above] may be satisfied under the [MCPA] by demonstrating that plaintiffs purchased and consumed the product.'" [ECF No. 295 at 38 (*citing In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 701 (E.D. Pa. 2014), *on reconsideration in part sub nom, In re Suboxone Antitrust Litig.*, No. 13-MD-2445, 2015 WL 12910728 (E.D. Pa. 2015); *Dix v. Am Bankers Life Assur. Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987).] This Court further held that Plaintiffs could establish "fraud [elements 2 and 4 above] generally in the form of 'secret meetings, misrepresentations to customers, and surreptitious communications among Defendants and their co-conspirators via telephone or in-person meetings[]'" and specifically by "detailing public statements . . . wherein Defendants . . . offered pretextual explanations for the 2012 price increases." [*Id.*] |
| Unjust Enrichment | *B & M Die Co. v. Ford Motor Co.*, 421 N.W.2d 620, 622 (Ct. App. 1988) | (1) Receipt of a benefit by the Defendants from the Plaintiffs and (2) it is inequitable that the Defendants retain the benefit. *B & M Die Co. v. Ford Motor Co.*, 421 N.W.2d 620, 622 (Mich. Ct. App. 1988). |
| **Minnesota**<br><br>Antitrust | Minnesota<br>Minn. Stat. § 325D.49, *et seq*.<br><br>*State by Humphrey v. Alpine Air Prod., Inc.*, 490 N.W.2d 888, 893, *aff'd*, 500 N.W.2d 788, (Minn. 1993) | (1) A contract, combination, or conspiracy between two or more persons in competition:<br> (a) for the purpose or with the effect of affecting, fixing, controlling or maintaining the market price, rate, or fee of any commodity or service; (b) affecting, fixing, controlling, maintaining, limiting, or discontinuing the production, manufacture, mining, sale or supply of any commodity, or the sale or supply of any service, for the purpose or with the effect of affecting, fixing, controlling, or maintaining the market price, rate, or fee of the |

- 6 -

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | commodity or service. *State by Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 893 (Minn. Ct. App. 1992) (discussing Minn. Stat. §§ 325D.51 & 325D.53), *aff'd* 500 N.W.2d 788 (Minn. 1993). *See generally* Minn. Stat. § 325D.57 (authorizing indirect purchaser claims). |
| Unjust Enrichment | *Acton Constr. Co. v. State*, 383 N.W.2d 416, 417 (Minn. Ct. App. 1986). | (1) Plaintiffs conferred a benefit on the Defendants, (2) the Defendants appreciated the benefit, and (3) the Defendants' acceptance and retention of the benefit where it would be inequitable to retain it without paying for it. *Acton Constr. Co. v. State*, 383 N.W.2d 416, 417 (Minn. Ct. App. 1986). |
| **Mississippi**<br><br>Antitrust | Miss. Code Ann. § 75-21-1, *et seq.* | (1) A combination, understanding, or agreement, (2) between two or more persons, corporations, or firms, (3) to (a) restrain trade or (b) to increase the price of a commodity, or (c) to limit, increase, or reduce the production or output of a commodity. Miss. Code Ann. § 75-21-1. *See generally* Miss. Code Ann. § 75-21-9 (authorizing indirect purchaser claims). |
| Unjust Enrichment | *Dew v. Langford*, 666 So. 2d 739, 744 (Miss. 1995) (*citing Hans v. Hans*, 482 So. 2d 1117, 1122 (Miss. 1986). | (1) There is no legal contract; (2) the defendant is in possession of money or property; (3) which in good conscience and justice he should not retain but should deliver to another. |
| **Missouri**<br><br>Consumer Protection | Mo. Ann. Stat. § 407.010, *et seq.* | (1) The act, use or employment by any person (2) of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact (3) in connection with the sale or advertisement of any merchandise in trade or commerce . . . (4) in or from the state of Missouri, is declared to be an unlawful practice.<br><br>Mo. Ann. Stat. § 407.020. |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670

**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| **Nebraska**<br><br>Antitrust | Neb. Rev. Stat. § 59-801, *et seq.*<br><br>Neb. Rev. Stat. § 59-801 (Corresponds to Sherman Antitrust Act, 15 U.S.C. §1) (*See also* Neb. Rev. Stat. § 59-1603 – same language; not limited to in state).<br>Neb. Rev. Stat. § 59-829 (Harmonization with federal law)<br><br>Neb. Rev. Stat. § 59-821 (indirect purchasers may sue) | (1) An agreement, conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>*See* Endnote i. |
| Consumer Protection | Neb. Rev. Stat. § 59-1602, *et seq.* | (1) Unfair methods of competition [or] unfair or deceptive acts or practices (2) in the conduct of any trade or commerce shall be unlawful.<br><br>Neb. Rev. Stat. § 59-1602.<br><br>Nebraska Consumer Protection Act includes "any contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce" as a violation.<br><br>Neb. Rev. Stat. § 59-1603. |
| Unjust Enrichment | *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006). | (1) The defendant received money; (2) the defendant retained possession of the money; and (3) the defendant in justice and fairness out to pay the money to the plaintiff. |
| **Nevada**<br><br>Consumer | Nev. Rev. Stat. § 598.0903, *et seq.* | (1) in the course of his or her business or occupation (2) a person knowingly (3) violates a state or federal statute or regulation relating to the sale or lease |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| Protection | | of goods or services.<br><br>Nev. Rev. Stat. § 598.0923. |
| Unjust Enrichment | *LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997); *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 697 (S.D. Fla. 2004). | (1) The plaintiff conferred a benefit on the defendant; (2) the defendant retained and appreciated the benefit; and (3) the defendant's retention of the benefit would be inequitable. |
| **New Hampshire**<br><br>Antitrust | N. H. Rev. Stat. Ann. Tit. XXXI, § 356, *et seq.*<br><br>N. H. Rev. Stat. Ann. § 356:2 II.(a) (N.H. statute specifies that price fixing conspiracy is unlawful)<br><br>N. H. Rev. Stat. Ann. § 356:14 (Interpretation may be "guided by interpretations of the United States antitrust laws.") | (1) An contract, combination, or conspiracy; (2) which has the purpose or the effect of fixing, controlling or maintaining prices, rates, quotations or fees; (3) in any part of trade or commerce.<br><br>N. H. Rev. Stat. Ann. Tit. XXXI, § 356:2 II.(a)<br><br>N. H. Rev. Stat. Ann. § 356:14.<br><br>*See* Endnote i. |
| Unjust Enrichment | *Kowalski v. Cedars of Portsmouth*, 769 A.2d 344, 347 (N.H. 2001). | (1) Defendant has received a benefit [from plaintiff]; (2) defendant received benefit either through wrongful acts or passive acceptance; (3) such that it would be unconscionable for defendant to retain the benefit. |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670

**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| **New Mexico**<br><br>Antitrust | N.M. Stat. Ann. §§ 57-1-1, *et seq.*<br><br>N.M. Stat. Ann. § 57-1-1 (Corresponds to Sherman Antitrust Act, 15 U.S.C. §1)<br><br>N.M. Stat. Ann. § 57-1-15 (Harmonization with federal laws)<br><br>N.M. Stat. Ann. §§ 57-1-3.A. (indirect purchasers may sue) | (1) An agreement, conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>*See* Endnote i. |
| Consumer Protection | N.M. Stat. Ann. §§ 57-12-3, *et seq.*<br><br><br><br>N.M. Stat. Ann. § 57-12-4 ("to the extent possible . . . be guided by the interpretations given by the federal trade commission and the federal courts.") | (1) Unfair or deceptive trade practices and unconscionable trade practices (2) in the conduct of any trade or commerce are unlawful.<br><br>N.M. Stat. Ann. § 57-12-3.<br><br>N.M. Stat. Ann. § 57-12-4. ("NMUTPA.")<br><br>In denying Defendants' motion to dismiss the NMUTPA claim, this Court held that Plaintiffs' price fixing allegations would support a finding of "gross disparity in pricing," which in turn would support a finding of unconscionable conduct. [ECF No. 295 at 46-47.]<br><br>*See* Endnote iii. |
| **New York**<br><br>Antirust | N.Y. Gen. Bus. Law § 340(1) (Corresponds to Sherman Antitrust Act, 15 U.S.C. § 1; allows indirect purchasers to sue) | (1) An agreement conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>*See* Endnote i. |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | *Cenedella v. Metropolitan Museum of Art*, 348 F. Supp. 3d 346, 362 (S.D.N.Y. 2018) (Harmonization with federal law) | "The standard for a well-pleaded Donnelly Act claim is the same as a claim under Section 1 of the Sherman Act." *Cenedella v. Metropolitan Museum of Art*, 348 F. Supp. 3d 346, 362 (S.D.N.Y. 2018) (*quoting Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 370 (S.D.N.Y. 2012). |
| **North Carolina** Antitrust | N.C. Gen. Stat. § 75-1, *et seq.* <br><br> N.C. Gen. Stat. § 75-1 (Corresponds to Sherman Antitrust Act, 15 U.S.C. §1) <br><br> *Madison Cablevision v. City of Morganton*, 386 S.E.2d 200, 213 (N.C. 1989) (Harmonization with federal law: instructive, not binding) <br><br> *Hyde v. Abbott Laboratories*, 473 S.E.2d 680, 683 (N.C. App. 1996) (indirect purchasers may sue) | (1) An agreement conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce. <br><br> *See* Endnote i. <br><br> "Our chapter 75 is based on the Sherman Act. [T]he body of law applying the Sherman Act, although not binding upon this Court in applying G.S. 75-1, is nonetheless instructive in determining the full reach of that statute." <br> *Madison Cablevision v. City of Morganton*, 386 S.E.2d 200, 213 (N.C. 1989) (*quoting Rose v. Vulcan Materials Co.*, 194 S.E.2d 521, 530 (1973). <br><br> "The issue in this case is whether N.C.G.S. § 75-16 allows [] suit by an indirect purchaser. We hold that it does." *Hyde v. Abbott Laboratories*, 473 S.E.2d 680, 683 (N.C. App. 1996). |
| Unjust Enrichment | *Krawiec v. Manly*, 811 S.E.2d 542, 552 (N.C. 2018). <br><br> *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1988). | (1) Plaintiff must have conferred a benefit on defendant; (2) the benefit must not be gratuitous; and (3) the benefit must be measurable. <br><br> An older case lays out more detail the elements of an unjust enrichment claim: (1) A party confers a benefit upon another; (2) that is not required by contract or a legal duty; (3) that was not conferred "officiously," *i.e.*, "by an interference in the affairs of the other party in a manner that is not justified in the circumstances," (4) that was not gratuitous; (5) is measurable; (6) and |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | that the defendant consciously accepted. |
| **North Dakota**<br><br>Antitrust | N.D. Cent. Code § 51-08-1, *et seq.*<br><br>N.D. Cent. Code § 51-08-1-02 (Corresponds to Sherman Antitrust Act, 15 U.S.C. §1)<br><br>N.D. Cent. Code § 51-08-1-08 (indirect purchasers may sue) | (1) An agreement conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>*See* Endnote i. |
| Consumer Protection | N.D. Cent. Code § 51-10, *et seq.* | (1) a sale of merchandise, (2) that impairs or prevents competition, and (3) unreasonably restrains competition (*i.e.*, is a *per se* violation such as price-fixing).<br><br>N.D. Cent. Code § 51-10-03; *cf. Howe v. Microsoft Corp.*, 656 N.W.2d 285, 287, 290 & 296 (N.D. 2003) (upholding class certification of indirect purchaser claims based on state antitrust act and Unfair Trade Practices Law and noting common methodology for "the underlying claims"). |
| Unjust Enrichment | *Broten v. Broten*, 863 N.W.2d 902, 909 (N.D. 2015). | (1) An enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification for the enrichment and impoverishment, and (5) an absence of remedy provided by law. |
| **Oregon**<br><br>Consumer Protection | Or. Rev. Stat. § 646.605, *et seq.* | A person engages in an unlawful trade practice if (1) in the course of the person's business, vocation or occupation (2) the person employs any unconscionable tactic in connection with (3) selling, renting or disposing of real estate, goods or services or colleting or enforcing an obligation. |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | | Or. Rev. Stat. § 646.607(1). |
| Unjust Enrichment | *Summer Oaks Ltd. P'ship v. McGinley*, 55 P.3d 1100, 1104 (Or. Ct. App. 2002), *cert. denied*, 66 P.3d 1025 (Or. 2003); *Oregon Laborers- Employers Health & Welfare Trust Fund v. Philip Morris, Inc.,* 185 F.3d 957, 968 (9th Cir. 1999) | (1) A benefit conferred by plaintiff upon defendant; (2) awareness by the defendant that a benefit has been received; and (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the defendant to pay for it. |
| **Rhode Island**<br><br>Antitrust | R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>R.I. Gen. Laws § 6-36-4 (Corresponds to Sherman Antitrust Act, 15 U.S.C. §1)<br><br>R.I. Gen Laws § 6-36-2 (Harmonization with federal law)<br><br>R.I. Gen. Laws § 6-36-6 (price fixing)<br><br>R.I. Gen. Laws § 6-36-12(g) (indirect purchasers may sue) | (1) A contract; (2) for the fixing of prices charged for commodities or services; (3) where the effect of the contract . . . may be to lessen competition . . . .<br><br>R.I. Gen Laws § 6-36-6.<br><br>*See* Endnote i. |
| Unjust Enrichment | *Emond Plumbing & Heating v. Banknewport*, 105 A.3d 85, 90 | (1) The plaintiff conferred a benefit on the defendant; (2) the defendant appreciated that benefit; and (3) the defendant accepted the benefit in such circumstances that it would be inequitable for it to retain the benefit without |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670

**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | (R.I. 2014) | paying the value thereof. |
| **South Carolina**<br><br>Consumer Protection | S.C. Code Ann. § 39-5-10, *et seq.*<br><br>S.C. Code Ann. § 39-5-20 (harmonize with Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1)) | (1) An agreement, conspiracy, or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>S.C. Code Ann. § 39-5-20 (harmonize with Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1)); *see also* [ECF No. 492 at 16 (noting survival of Unfair Trade Practices Act claim)].<br><br>*See* Endnote iii. |
| Unjust Enrichment | *Sauner v. Pub. Serv. Auth.*, 581 S.E.2d 161, 167 (S.C. 2003). | (1) Plaintiff conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value. |
| **South Dakota**<br><br>Antitrust | S.D. Codified Laws § 37-1-3.1, *et seq.*<br><br>S.D. Codified Laws § 37-1-3.1 (Corresponds to Sherman Antitrust Act, 15 U.S.C. § 1); S.D. Codified Laws § 37-1-22 (Harmonization with federal law); S.D. Codified Laws § 37-1-33(indirect purchasers)<br><br>*In re Graphics Processing Units* | (1) An agreement conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>*See* Endnote i. |

- 14 -

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
|  | *Antitrust Litigation*, 540 F. Supp. 2d 1085, 1099 (N.D. Cal. 2007) (price fixing) |  |
| Unjust Enrichment | *Huston v. Martin*, 919 N.W.2d 356, 366 (S.D. 2018). | (1) The defendant received a benefit; (2) the defendant knew he was receiving the benefit; and (3) it would be inequitable to allow the defendant to retain the benefit without paying for it. |
| **Tennessee**<br><br>Antitrust | Tenn. Code Ann. § 47-25-101, *et seq.* (the Tenn. statute specifies that price fixing conspiracy is violation)<br><br>*Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 518 (Tenn. 2005) (Indirect purchasers may sue) | (1) An arrangement, contract, agreement, trust, or combination of two or more entities, (2) which tends to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article.<br><br>"[A]n indirect purchaser may recover from the antitrust violator the amount of the overcharge that the direct purchaser passed on to the indirect purchaser." *Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 518 (Tenn. 2005). |
| Unjust Enrichment | *Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). *See also Travelers Casualty & Surety Company of America v. Pascarella*, 2011 WL 13087743 (E.D. Tenn. 2011) which holds that that plaintiff must *willingly* confer the benefit on the defendant, but also that, in a price fixing case such as *Freeman*, this requirement is satisfied when the | (1) A benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. |

- 15 -

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670

**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| | plaintiff "intentionally" pays for the (overpriced) goods.) | |
| **Utah** Consumer Protection | Utah Code Ann. §§ 13-11-1, *et seq.* and Utah Code Ann. §§ 13-5-1, *et seq.* | The Utah Consumer Sales Practices Act ("UCSPA") prohibits (1) deceptive and unconscionable acts or practices; (2) by a supplier; (3) in connection with a consumer transaction. Utah Code Ann. § 13-11-4(1). A "supplier" is "a seller, lessor, assignor, offeror, broker, or other person who regularly solicits, engages in, or enforces consumer transactions, where or not he deals directly with the consumer." Utah Code Ann. § 13-11-3(6). |
| Unjust Enrichment | *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1012 (Utah 2015) (*quoting Emergency Physicians Integrated Care v. Salt Lake County*, 2007 UT 72, ¶ 11, 167 P.3d 1080 (internal quotation marks omitted). | (1) The defendant received a benefit; (2) the defendant appreciated or had knowledge of this benefit; and (3) the defendant retained the benefit under circumstances that would make it unjust for the defendant to do so. |
| **Vermont** Unjust | *Kellogg v. Shushereba*, 82 A.3d 1121, 1130 (Vt. 2013) (*citing Gallipo v. City of Rutland*, 882 A. | (1) A party has received a benefit, and (2) retention of that benefit would be inequitable. Unjust enrichment applies if "in light of the totality of the circumstances, equity and good conscience demand" that the benefitted party |

- 16 -

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670
**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| Enrichment | 2d 1177, 1191 (Vt. 2005)). | return that which was given. |
| **Virginia**<br><br>Consumer Protection | Va. Code Ann. § 59.1-196, *et seq.* | (1) Defendants' actions harmed Plaintiffs by overcharging them, (2) by unlawful practices committed by suppliers (3) in connection with transactions involving goods purchased primarily for personal, family, or household purposes.<br><br>*In re Zetia (Enzetimibe) Antitrust Litig.*, No. 2:18-md-2836, 2019 WL 1397228 at *33 (E.D. Va. Feb. 2, 2019) (denying dismissal), *adopted as mod.,* 2019 WL 3761680 (E.D. Va. Aug. 9, 2019); *see also* this Court's Order Granting in Part and Denying in Part Motions to Dismiss [ECF No. 492 at 20] (noting prior denial of motion to dismiss). |
| **West Virginia**<br><br>Antitrust | W.Va. Code § 47-18-1, *et. seq.*<br><br>W.Va. Code § 47-18-3(b)(1) (the W.Va. statute specifies that price fixing conspiracy is violation) | (1) A contract, combination or conspiracy between two or more persons:<br>(2) For the purpose or with the effect of fixing, controlling, or maintaining the market price, rate or fee of any commodity or service.<br><br>W.Va. Code § 47-18-3(b)(1) |
| Consumer Protection | W. Va. Code § 46A-6-101, *et seq.*<br><br>W.Va. Code §46A-6-101 (harmonize with Section 5(a)(1) of the FTC Act, 15 U.S.C. §45(a)(1)) | (1) Unfair methods of competition [or] unfair or deceptive practices; (2) in the conduct of any trade or commerce.<br><br>W.Va. Code §46A-6-104.<br><br>W.Va. Code §46A-6-101.<br><br>*See* Endnote iii. |

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670

**STATE LAW CLAIMS CHART**

| Jurisdiction | Authority | Elements[1] |
|---|---|---|
| **Wisconsin**<br><br>Antitrust | Wis. Stat. Ann. § 133.01(1), *et seq.*<br><br>Wis. Stat. Ann. §133.03(1) (Corresponds to Sherman Antitrust Act, 15 U.S.C. §1)<br><br>Wis. Stat. Ann. §133.18(1)(a) (indirect purchasers may sue)<br><br>*Meyers v. Bayer AG, Bayer Corp.*, 735 N.W.2d 448, 461 (Wis. 2007) (price fixing) | (1) An agreement conspiracy or combination of two or more entities, (2) the agreement was a per se or unreasonable agreement, (3) the restraint affected commerce.<br><br>"It is sufficient if it alleges price fixing as a result of the formation of a combination or conspiracy that substantially affected the people of Wisconsin and had impacts in this state." *Meyers v. Bayer AG, Bayer Corp.*, 735 N.W.2d 448, 461 (Wis. 2007). |
| Unjust Enrichment | *Bushard v. Reisman*, 800 N.W.2d 373, 383 (Wis. 2011) (*citing Staver v. Milwaukee County*, 712 N.W.2d 387, 393 (Wis. App. 2006)) | (1) Plaintiff conferred a benefit on defendant; (2) defendant knew of the benefit; and (3) defendant accepted or retained the benefit under circumstances that made it inequitable for him to retain the benefit without payment. |

---

i     *Compare Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.,* No. C 04-02266, 2008 WL 11387062 at *6 (N.D. Cal. Sept. 25, 2008) (price-fixing elements) *and* 15 U.S.C. § 1 (Sherman Act § 1) *with* state law authority cited in text.

ii     *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867 (E.D. Pa. 2012).

iii     *Compare* 15 U.S.C. § 45(a)(1) (FTC Act) *and Federal Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 691 (1948) (unfair methods of competition "as including violations of the Sherman Act") *with* state law authority cited in text.

TUNA:25951