# EXHIBIT 77

Exhibit 77
Page 4914

LESLIE A. WULFF (CSBN 277979)
MANISH KUMAR (CSBN 269493)
ANN CHO LUCAS (CSBN 309026)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone: (415) 934-5300
Leslie.Wulff@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> BUMBLE BEE FOODS, LLC, <br> Defendant. | Case No. CR 17-00249 EMC <br><br> AMENDED PLEA AGREEMENT |

The United States of America and Bumble Bee Foods, LLC ("defendant"), a limited liability company organized and existing under the laws of Delaware, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1. The defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against it;

PLEA AGREEMENT            1
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4915

1   (d)   to have a trial by jury, at which it would be presumed not guilty of the
2   charge and the United States would have to prove every essential element of the charged
3   offense beyond a reasonable doubt for it to be found guilty;
4   (e)   to confront and cross-examine witnesses against it and to subpoena
5   witnesses in its defense at trial;
6   (f)   to appeal its conviction if it is found guilty; and
7   (g)   to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

9   2.   The defendant knowingly and voluntarily waives the rights set out in
10   subparagraphs 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to
11   file any appeal, any collateral attack, or any other writ or motion, including but not limited to an
12   appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that
13   sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea
14   Agreement, regardless of how the sentence is determined by the Court. For purposes of the
15   waiver of appeal, the sentence imposed is deemed consistent with or below the recommended
16   sentence in Paragraph 9 even if the sentence imposed includes a term of probation if it is
17   otherwise consistent with or below the recommended sentence in Paragraph 9, unless the term of
18   probation exceeds the length authorized by 18 U.S.C. § 3561(c). This agreement does not affect
19   the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in
20   this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may
21   otherwise have on appeal or collateral attack respecting claims of ineffective assistance of
22   counsel or prosecutorial misconduct. The defendant agrees that there is currently no known
23   evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R.
24   Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to
25   be filed in the United States District Court for the Northern District of California. The
26   Information will charge the defendant with participating in a conspiracy to suppress and
27   eliminate competition by reaching agreements to fix, raise, and maintain the prices of packaged
28   seafood sold in the United States beginning at least as early as the first quarter of 2011 and

1  continuing through at least as late as the fourth quarter of 2013 in violation of the Sherman
2  Antitrust Act, 15 U.S.C. § 1.
3       3.      The defendant will plead guilty to the criminal charge described in Paragraph 2
4  above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to
5  the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

7       4.      The defendant, through its corporate representatives, has fully discussed the facts
8  of this case with defense counsel and admits that the following facts are true and undisputed:

9           (a)    For purposes of this Plea Agreement, the "relevant period" is that period
10          beginning at least as early as the first quarter of 2011 and continuing through at least as
11          late as the fourth quarter of 2013. During the relevant period, the defendant was a limited
12          liability company organized and existing under the laws of Delaware. The defendant had
13          its principal place of business in San Diego, California. During the relevant period, the
14          defendant was a producer of packaged seafood, was engaged in the sale of packaged
15          seafood in the United States, and employed 200 or more individuals. For purposes of this
16          Plea Agreement, packaged seafood consists of shelf-stable tuna fish. Following the
17          application of U.S.S.G. §1B1.8, the defendant's sales of packaged seafood affecting U.S.
18          customers totaled at least $567.7 million.

19          (b)    During the relevant period, the defendant, through its officers and
20          employees, including high-level personnel of the defendant, participated in a conspiracy
21          among major packaged-seafood-producing firms, the primary purpose of which was to
22          fix, raise, and maintain the prices of packaged seafood sold in the United States. In
23          furtherance of the conspiracy, the defendant, through its officers and employees, engaged
24          in conversations and discussions and attended meetings with representatives of other
25          major packaged-seafood-producing firms. During these conversations, discussions, and
26          meetings, agreements and mutual understandings were reached to fix, raise, and maintain
27          the prices of packaged seafood sold in the United States. Defendant, through its officers
28  \\

and employees, negotiated prices with customers and issued price announcements for packaged seafood in accordance with the agreements and mutual understandings reached.

(c) During the relevant period, packaged seafood sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of packaged seafood, as well as payments for packaged seafood, traveled in interstate commerce. The business activities of the defendant and its coconspirators in connection with the production and sale of packaged seafood that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d) Acts in furtherance of this conspiracy were carried out within the Northern District of California. The conspiratorial conversations, discussions, and meetings described above took place in the United States and elsewhere, and one or more of the conspirators travelled into and out of the District to negotiate and make sales of packaged seafood that was the subject of this conspiracy to customers in this District.

**ELEMENTS OF THE OFFENSE**

5. The elements of the charged offense are that:

(a) the conspiracy described in the Information existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

**POSSIBLE MAXIMUM SENTENCE**

6. The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

\\
\\

PLEA AGREEMENT                                            4
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4918

1     (a)    $100 million (15 U.S.C. § 1);

2     (b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

4     (c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.    In addition, the defendant understands that:

    (a)    pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

    (b)    pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or § 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

    (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2016 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will

1  not be used to increase the volume of affected commerce or charge period attributable to the
2  defendant or in determining the defendant's applicable Guidelines range, except to the extent
3  provided in U.S.S.G. §1B1.8(b).

### SENTENCING AGREEMENT

5      9.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and
6  continuing cooperation of the defendant and its "parent companies" and "related funds," as
7  defined in Paragraph 13 of this Plea Agreement, the United States and the defendant agree that
8  the appropriate disposition of this case is, and agree to recommend jointly that the Court impose,
9  a sentence requiring the defendant to pay to the United States a criminal fine of $25 million
10 payable in installments, as set forth below, without interest pursuant to 18 U.S.C.
11 § 3612(f)(3)(A), or that Big Catch Cayman L.P. ("Cayman") pay to the United States a
12 maximum of $81.5 million only in the event of a Qualifying Transaction, as defined in
13 Attachment A filed under seal and subject to the terms and conditions contained therein (which
14 Attachment A imposes no additional obligations on defendant), and no order of restitution ("the
15 recommended sentence"). The parties agree that there exists no aggravating or mitigating
16 circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S.
17 Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant
18 to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside
19 of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this
20 Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea
21 Agreement is reasonable.

22     (a)    The United States and the defendant agree to recommend, in the interest of
23 justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b) and subject to
24 Attachment A, that the above-referenced $25 million fine be paid in the following
25 installments: within thirty (30) days of imposition of sentence – $2 million; at the one-
26 year anniversary of imposition of sentence ("anniversary") – $2 million; at the two-year
27 anniversary – $4 million; at the three-year anniversary – $4 million; at the four-year
28 anniversary – $6 million; and at the five-year anniversary – $7 million; and except as

PLEA AGREEMENT                          6
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4920

provided in Attachment A filed under seal, that the defendant may not prepay the remaining balance then-owing on the imposed criminal fine before the five-year anniversary.

(b) The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c) In light of the civil cases filed against the defendant, including *In re: Packaged Seafood Products Antitrust Litigation*, (15-md-02670-JLS-MDD), in the United States District Court, Southern District of California, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(d) The United States may at its sole discretion recommend that the Court order a term of probation, with the condition that the defendant shall install an independent compliance monitor, at the defendant's expense, to fully implement and maintain an effective antitrust compliance program consistent with U.S.S.G. §8B2.1. The defendant may oppose the United States' recommendation of the imposition of a term of probation and the installation of a monitor. If the Court orders the installation of a monitor as a condition of probation, the defendant shall, within thirty (30) calendar days after the date of sentencing, recommend to the United States Department of Justice, Antitrust Division, a pool of three qualified monitor candidates and provide a description of each candidate's qualifications and credentials. The United States, in its sole discretion, shall either select one of the candidates nominated by the defendant to serve as the monitor or instruct the defendant to propose three additional candidates for selection pursuant to the process set forth above. The defendant shall install the monitor within sixty (60) days of the selection of the monitor by the United States. The monitor shall not be an employee or agent of the defendant and shall not hold any interest in, or have any relationship with, the defendant or its parent companies, related funds, directors, officers, employees, agents, or business partners. The monitor shall provide quarterly reports to

PLEA AGREEMENT 7
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4921

      the Probation Office regarding antitrust compliance. The parties understand that the Court's decision regarding the term and conditions of probation will not void this Plea Agreement, unless the Court rejects the recommendation for no order of restitution. If the Court rejects the recommendation for no order of restitution, the United States and the defendant agree that this Plea Agreement, except for subparagraph 12(b) below, will be rendered void and the defendant will be free to withdraw its guilty plea as provided in subparagraph 12(b).

      (e)    The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32-1(b) of the Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10.    The United States and the defendant agree that the applicable Guidelines fine range exceeds the criminal fine contained in the recommended sentence set out in Paragraph 9 above. The parties agree to a reduction pursuant to U.S.S.G. §8C3.3(b), resulting in the agreed-upon recommended criminal fine of $25 million, due to the inability of the defendant to pay a greater fine without substantially jeopardizing its continued viability. Subject to the full, truthful, and continuing cooperation of the defendant and its parent companies and related funds, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward departure from the Guidelines fine range, resulting in the agreed-upon recommended criminal

1  fine of up to $81.5 million, to be paid by Cayman only in the event of a Qualifying Transaction,
2  as defined in Attachment A filed under seal and subject to the terms and conditions described
3  therein, because of the defendant's and its parent companies' and related funds' substantial
4  assistance in the government's investigation and prosecutions of violations of federal criminal
5  law in the packaged seafood industry.

6    11.    Subject to the full, truthful, and continuing cooperation of the defendant and its
7  parent companies and related funds, as defined in Paragraph 13 of this Plea Agreement, and prior
8  to sentencing in this case, the United States will fully advise the Court and the Probation Office
9  of the fact, manner, and extent of the cooperation of the defendant and its parent companies and
10 related funds, and their commitment to prospective cooperation with the United States'
11 investigation and prosecutions, all material facts relating to the defendant's involvement in the
12 charged offense, and all other relevant conduct.

13    12.    The United States and the defendant understand that the Court retains complete
14 discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea
15 Agreement.

16    (a)    If the Court does not accept the recommended sentence, the United States
17 and the defendant agree that this Plea Agreement, except for subparagraph 12(b) below,
18 will be rendered void.

19    (b)    If the Court does not accept the recommended sentence, the defendant will
20 be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant
21 withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made
22 in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or
23 this Plea Agreement or made in the course of plea discussions with an attorney for the
24 government will not be admissible against the defendant in any criminal or civil
25 proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant
26 agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea
27 Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of
28 this Plea Agreement will be tolled for the period between the date of signature of this

PLEA AGREEMENT    9
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4923

Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Plea Agreement, whichever period is greater.

**DEFENDANT'S COOPERATION**

13. The defendant and its parent companies and related funds will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the production and sale of packaged seafood in the United States, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. For purposes of this Plea Agreement, the defendant's "parent companies" are: (1) Lion Capital LLP; (2) Lion Capital (Americas) Inc.; (3) Bumble Bee Parent, Inc.; (4) Bumble Bee Holdings, Inc.; (5) Big Catch Cayman L.P.; and (6) Lion/Latimer GP II (Guernsey) Limited. For purposes of this Plea Agreement, the defendant's "related funds" are: (1) Lion Capital III GP Ltd; (2) Lion Capital Fund III LP; (3) Lion Capital Fund III (USD) LP; (4) Lion Capital Fund III SBS LP; (5) Lion Capital Fund III SBS (USD) LP; (6) Lion Capital Carry III L.P.; (7) Lion Capital (Guernsey) III Limited; (8) Lion/Big Catch Cayman Ltd.; (9) Bumble Bee Holdco SCA; (10) Bumble Bee Foods S.à.r.L.; (11) Clover Leaf Seafood S.à.r.L.; (12) Bumble Bee GP S.à.r.L.; (13) Lion/Big Catch Coinvestors 1 LP; and (14) Lion Capital General Partner LLP. The full, truthful, and continuing cooperation of the defendant and its parent companies and related funds will include but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant and its parent

\\

PLEA AGREEMENT 10
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4924

1    companies and related funds, that are requested by the United States in connection with
2    any Federal Proceeding; and
3         (b)   using their best efforts to secure the full, truthful, and continuing
4    cooperation of the current individual members of defendant's parent companies who are
5    listed in Paragraph 1 of Attachment B filed under seal and the current directors, officers,
6    and employees of the defendant and of its parent companies as may be requested by the
7    United States. Such efforts will include, but not be limited to, making these persons
8    available in the United States at the defendant's expense for interviews and the provision
9    of testimony in grand jury, trial, and other judicial proceedings in connection with any
10   Federal Proceeding. For purposes of this Plea Agreement, "current directors, officers,
11   and employees of the defendant and of its parent companies" are individuals who are
12   directors, officers, or employees of the defendant or of its parent companies as of the date
13   of signature of this Plea Agreement. For purposes of this Plea Agreement, "current
14   individual members of the defendant's parent companies" are the individuals listed in
15   Paragraph 1 of Attachment B filed under seal.
16   This subparagraph 13(b) does not apply to: Walter Scott Cameron and Kenneth Worsham (who
17   have entered into separate plea agreements with the United States); the individuals listed in
18   Paragraph 2 of Attachment B filed under seal, regardless of their employment status; any former
19   director, officer, or employee of the defendant or of its parent companies; any current or former
20   member, director, officer, or employee of defendant's related funds; or any former individual
21   member or current or former corporate member of defendant's parent companies.
22       14.   The full, truthful, and continuing cooperation of the individuals listed in
23   Paragraph 1 of Attachment B filed under seal and the current directors, officers, and employees
24   of the defendant and of its parent companies will be subject to the procedures and protections of
25   this paragraph, and will include, but not be limited to:
26        (a)   producing in the United States all documents, including claimed personal
27        documents, and other materials, wherever located, not protected under the attorney-client
28   \\

PLEA AGREEMENT                              11
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4925

privilege or the work-product doctrine, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

 (b) making himself or herself available for interviews in the United States, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

 (c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

 (d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

 (e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

 (f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under subparagraph 16(c), the statute of limitations period for any Relevant Offense, as defined in subparagraph 16(a), will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

This Paragraph 14 does not apply to: Walter Scott Cameron and Kenneth Worsham (who have entered into separate plea agreements with the United States); the individuals listed in Paragraph

PLEA AGREEMENT     12
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4926

1  2 of Attachment B filed under seal, regardless of their employment status; any former director,
2  officer, or employee of the defendant or of its parent companies; any current or former member,
3  director, officer, or employee of defendant's related funds; or any former individual member or
4  current or former corporate member of defendant's parent companies.

## GOVERNMENT'S AGREEMENT

6  15. Subject to the full, truthful, and continuing cooperation of the defendant and its
7  parent companies and related funds, as defined in Paragraph 13 of this Plea Agreement, and upon
8  the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of
9  the recommended sentence, the United States agrees that it will not bring further criminal
10 charges against the defendant or its parent companies or related funds for any act or offense
11 committed before the date of signature of this Plea Agreement that was undertaken in furtherance
12 of an antitrust conspiracy involving the production or sale of packaged seafood in the United
13 States ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any
14 acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001),
15 obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or
16 conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal
17 tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

18  16. The United States also agrees to the following:

19    (a) Upon the Court's acceptance of the guilty plea called for by this Plea
20    Agreement and the imposition of the recommended sentence and subject to the
21    exceptions noted in subparagraph 16(c), the United States agrees that it will not bring
22    criminal charges against the individuals listed in Paragraph 1 of Attachment B filed under
23    seal or any current director, officer, or employee of the defendant or of its parent
24    companies for any act or offense committed before the date of signature of this Plea
25    Agreement and while that person was acting as a member, director, officer, or employee
26    of the defendant or of its parent companies that was undertaken in furtherance of an
27    antitrust conspiracy involving the production or sale of packaged seafood in the United
28    States;

PLEA AGREEMENT                              13
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4927

(b) Should the United States determine that the individuals listed in Paragraph 1 of Attachment B filed under seal or any current director, officer, or employee of the defendant or of its parent companies may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c) If any person requested to provide cooperation under subparagraph 16(b) fails to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d) Except as provided in subparagraph 16(e), information provided by a person described in subparagraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in subparagraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f) The nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit

PLEA AGREEMENT  14
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4928

1  such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C.
2  §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623),
3  obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or
4  conspiracy to commit such offenses;

5      (g)    Documents provided under subparagraphs 13(a) and 14(a) will be deemed
6  responsive to outstanding grand jury subpoenas issued to the defendant or its parent
7  companies or related funds; and

8      (h)    The nonprosecution terms of this Plea Agreement do not apply to Walter
9  Scott Cameron and Kenneth Worsham (who have entered into separate plea agreements
10  with the United States); the individuals listed in Paragraph 2 of Attachment B filed under
11  seal, regardless of their employment status; any former director, officer, or employee of
12  the defendant or of its parent companies; any current or former member, director, officer,
13  or employee of defendant's related funds; or any former individual member or current or
14  former corporate member of defendant's parent companies.

15     17.    The United States agrees that when any person travels to the United States for
16  interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for
17  meetings with counsel in preparation therefor, the United States will take no action, based upon
18  any Relevant Offense, to subject such person to arrest, detention, or service of process, or to
19  prevent such person from departing the United States. This paragraph does not apply to an
20  individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a
21  false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C.
22  § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

23     18.    The defendant understands that it may be subject to suspension or debarment
24  action by state or federal agencies other than the United States Department of Justice, Antitrust
25  Division, based upon the conviction resulting from this Plea Agreement, and that this Plea
26  Agreement in no way controls what action, if any, other agencies may take. However, the
27  Antitrust Division agrees that, if requested, it will advise the appropriate officials of any
28  governmental agency considering such action of the fact, manner, and extent of the cooperation

PLEA AGREEMENT                   15
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4929

1  of the defendant and its parent companies and related funds as a matter for that agency to
2  consider before determining what action, if any, to take. The defendant nevertheless affirms that
3  it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

### REPRESENTATION BY COUNSEL

5  19.    The defendant has been represented by counsel and is fully satisfied that its
6  attorneys have provided competent legal representation. The defendant has thoroughly reviewed
7  this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,
8  any possible defenses to the charge, and the nature and range of possible sentences.

### VOLUNTARY PLEA

10 20.    The defendant's decision to enter into this Plea Agreement and to tender a plea of
11 guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,
12 or representations other than the representations contained in this Plea Agreement and
13 Attachments A and B. The United States has made no promises or representations to the
14 defendant as to whether the Court will accept or reject the recommendations contained within
15 this Plea Agreement.

### VIOLATION OF PLEA AGREEMENT

17 21.    The defendant agrees that, should the United States determine in good faith,
18 during the period that any Federal Proceeding is pending, that the defendant or its parent
19 companies or related funds have failed to provide full, truthful, and continuing cooperation, as
20 defined in Paragraph 13 of this Plea Agreement, or have otherwise violated any provision of this
21 Plea Agreement, except for the conditions of probation (if imposed), violations of which are
22 subject to 18 U.S.C. § 3565, the United States will notify counsel for the defendant in writing by
23 personal or overnight delivery, email, or facsimile transmission and may also notify counsel by
24 telephone of its intention to void any of its obligations under this Plea Agreement (except its
25 obligations under this paragraph), and the defendant and its parent companies and related funds
26 will be subject to prosecution for any federal crime of which the United States has knowledge
27 including, but not limited to, the substantive offenses relating to the investigation resulting in this
28 Plea Agreement. The defendant may seek Court review of any determination made by the

PLEA AGREEMENT                              16
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4930

1 United States under this paragraph to void any of its obligations under this Plea Agreement. The
2 defendant agrees that, in the event that the United States is released from its obligations under
3 this Plea Agreement and brings criminal charges against the defendant or its parent companies or
4 related funds for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of
5 limitations period for such offense will be tolled for the period between the date of signature of
6 this Plea Agreement and six (6) months after the date the United States gave notice of its intent
7 to void its obligations under this Plea Agreement.

8     22.     The defendant understands and agrees that in any further prosecution
9 of it or its parent companies or related funds resulting from the release of the United States from
10 its obligations under this Plea Agreement because of the defendant's or its parent companies' or
11 related funds' violation of this Plea Agreement, any documents, statements, information,
12 testimony, or evidence provided by it; its parent companies or related funds; the individuals
13 listed in Paragraph 1 of Attachment B filed under seal; or its or its parent companies' current
14 directors, officers, or employees, including the stipulated factual basis in Paragraph 4 of this
15 Agreement, to attorneys or agents of the United States, federal grand juries, or courts, and any
16 leads derived therefrom, may be used against it or its parent companies or related funds. In
17 addition, the defendant unconditionally waives its right to challenge the use of such evidence in
18 any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

### ENTIRETY OF AGREEMENT

20     23.     This Plea Agreement and Attachments A and B constitute the entire agreement
21 between the United States and the defendant concerning the disposition of the criminal charge in
22 this case. This Plea Agreement cannot be modified except in writing, signed by the United
23 States and the defendant.

24     24.     The undersigned is authorized to enter this Plea Agreement on behalf of the
25 defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,
26 and incorporated by reference in, this Plea Agreement.

27 \\
28 \\

PLEA AGREEMENT     17
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4931

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Respectfully submitted,

BY:_____
Jill Irvin
Senior Vice President and General Counsel
Bumble Bee Foods, LLC

BY: /s/ Leslie A. Wulff
Leslie A. Wulff
Manish Kumar
Ann Cho Lucas
Trial Attorneys
United States Department of Justice
Antitrust Division

Dated:_____

Dated: 7/31/2017

BY:_____
Richard G. Parker
Mark A. Racanelli
Steven J. Olson
O'Melveny & Myers LLP
Counsel for Bumble Bee Foods, LLC

Dated:_____

PLEA AGREEMENT                                 18
CASE NO. CR 17-00249 EMC

Exhibit 77
Page 4932

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

                                          Respectfully submitted,

BY: _____  
Jill Irvin  
Senior Vice President and General Counsel  
Bumble Bee Foods, LLC  

Dated: 8/2/17

BY: _____  
Leslie A. Wulff  
Manish Kumar  
Ann Cho Lucas  
Trial Attorneys  
United States Department of Justice  
Antitrust Division  

Dated: _____

BY: _____  
Richard G. Parker  
Mark A. Racanelli  
Steven J. Olson  
O'Melveny & Myers LLP  
Counsel for Bumble Bee Foods, LLC  

Dated: 8/2/17

PLEA AGREEMENT  
CASE NO. CR 17-00249 EMC

18

Exhibit 77
Page 4933