# Exhibit 82

Exhibit 82
Page 4990

```
 1   LATHAM & WATKINS LLP
        Alfred C. Pfeiffer (CA 120965)
 2      Christopher S. Yates (CA 161273)
        Belinda S Lee (CA 199635)
 3      Niall E. Lynch (CA 157959)
        Ashley M. Bauer (CA 231626)
 4   505 Montgomery Street, Suite 2000
     San Francisco, California  94111-6538
 5   Telephone:  415-391-0600
     Facsimile:  415-395-8095
 6   al.pfeiffer@lw.com
     chris.yates@lw.com
 7   belinda.lee@lw.com
     niall.lynch@lw.com
 8   ashley.bauer@lw.com
 9
     Counsel for Defendants StarKist Co. and
10   Dongwon Industries Co., Ltd.
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD) |
|---|---|
| This document relates to: ALL ACTIONS | **DECLARATION OF CHRISTOPHER S. YATES** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF CHRISTOPHER S. YATES
15-MD-2670 JLS (MDD)

Exhibit 82
Page 4991

I, Christopher S. Yates, declare as follows:

1. I am a member in good standing of the bar of the State of California and a partner with the law firm of Latham & Watkins LLP, counsel for StarKist Co. ("StarKist") and Dongwon Industries Co., Ltd. ("Dongwon Industries") in this matter. I submit this this Declaration in support of Defendants' motions for summary judgment. I have personal, first-hand knowledge of the facts set forth in this Declaration. If called as a witness, I could and would competently testify to these facts under oath.

2. The parties in the above-captioned matter entered into a stipulation to "reduce the number of admissibility and authenticity issues for trial." Joint Mot. for an Order Regarding Pre-Trial Procedure for Rules 901 and 803(6) of the Fed. Rules of Evid. at 1-2, ECF 1498 ("the Stipulation") (attached to my Declaration as Exhibit A). The Stipulation states that the parties may provide each other with "a list of documents for which a stipulation is sought regarding authenticity under Rule 901" "after the close of fact discovery and dispositive motions but reasonably in advance of trial" *Id.*

3. Pursuant to the Stipulation, and as is consistent with my experience in handling multiple matters before trial, I expect that the parties to this litigation will stipulate to the authenticity of most (if not all) documents to be used at trial as part of the pretrial process. Furthermore, to the extent there may be a dispute over a particular document, I expect to call witnesses, including custodians of records, if necessary to authenticate and establish the admissibility of the documents cited in Defendants' Separate Statements of Undisputed Fact.

4. Under the penalties of perjury under the laws of the United States, I declare that the above is complete, true, and correct, and if called as a witness, I could competently testify thereto.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   DECLARATION OF CHRISTOPHER S. YATES
    15-MD-2670 JLS (MDD)

Exhibit 82
Page 4992

1  Executed on this 19th day of September, 2019 in San Francisco, California.

_____
Christopher S. Yates

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   DECLARATION OF CHRISTOPHER S. YATES
15-MD-2670 JLS (MDD)

Exhibit 82
Page 4993

# EXHIBIT A

Exhibit 82
Page 4994

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-2670-JLS-MDD |
| This Document Relates to:<br><br>ALL ACTIONS | **JOINT MOTION FOR AN ORDER REGARDING PRE-TRIAL PROCEDURE FOR RULES 901 AND 803(6) OF THE FEDERAL RULES OF EVIDENCE** |

In light of the Status Conference on July 30, 2018, in which the Parties in the above-captioned action and the Court discussed potential limited discovery procedures regarding the authentication and identification of documents pursuant to Fed. R. Evid. 901 and/or as records of regularly conducted activity pursuant to Fed. R. Evid. 803(6), after the close of fact discovery and dispositive motions but reasonably in advance of trial, the Parties now submit this Joint Motion regarding such a procedure. The Parties request that the Court enter an order governing a procedure for limited discovery so that they may ensure that they resolve or, at minimum, reduce

the number of admissibility and authenticity issues for trial. That proposed process is set forth below. The Parties are also contemporaneously lodging a proposed order with the Court.

**PROPOSED ORDER**

\*\*\*

The following Order applies to all cases currently pending in MDL No. 2670 and is binding on all Parties and their counsel in this MDL unless otherwise expressly noted.

1. **120 days before the first day of trial**, or at such other time as the Court may deem appropriate in light of any trial setting, Plaintiffs may provide to Defendants a list of documents for which a stipulation is sought regarding authenticity under Rule 901 of the Federal Rules of Evidence and whether the document constitutes a record of a regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence. These lists shall be in tabular form, containing columns for (a) the starting Bates No. and/or exhibit number (if used in deposition) of the document, (b) a brief description of the document, and (c) a column for the opposing Party's response. The Parties should endeavor to coordinate with other Plaintiffs' and Defendants' counsel to submit joint lists or otherwise avoid duplication.

2. **90 days before the first day of trial**, or at such other time as the Court may deem appropriate in light of any trial setting, Defendants may provide to Plaintiffs a list of documents for which a stipulation is sought regarding authenticity under Rule 901 of the Federal Rules of Evidence and whether the document constitutes a record of a regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence. These lists shall be in tabular form, containing columns for (a) the starting Bates No. and/or exhibit number (if

used in deposition) of the document, (b) a brief description of the document, and (c) a column for the opposing Party's response. The Parties should endeavor to coordinate with other Plaintiffs' and Defendants' counsel to submit joint lists or otherwise avoid duplication.

3. **Within 21 days of the deadlines set forth in paragraphs 1 and 2**, the Parties will respond to any list of evidence received and indicate in column (c) of the table whether they challenge the authenticity of the document under Rule 901, and/or whether it is a record of a regularly conducted activity under Rule 803(6). In challenging a document on one of these two grounds, the challenging Party shall set forth its basis in two sentences or less. The Parties should endeavor to coordinate with other Plaintiffs' and Defendants' counsel to submit joint challenges or otherwise avoid duplication of challenges. This process shall address only objections under Rules 901 and 803(6). The parties specifically contemplate that all other evidentiary objections shall be dealt with separately, in the course of an orderly process as part of pretrial preparation, including through the exchange of exhibit lists and through briefing *in limine*.

4. **Within 7 days after the deadlines set forth in paragraph 3**, the Parties shall meet and confer with regard to the challenged evidence to make a good faith attempt to resolve any disputes as to objections under Rules 901 and 803(6), to minimize the time and resources of the Parties and of the Court devoted to such matters.

5. **Within 7 days after the deadlines set forth in paragraph 4,** the challenging Party shall indicate in writing whether any of their challenges are withdrawn. For any remaining challenges, each Party shall have the right to conduct limited discovery including, but not limited to, depositions of witnesses that

authored or received a document or, in the alternative, a single deposition of an appropriately designated custodian of records for the producing Party, pursuant to Fed. R. Civ. P. 30(b)(6), provided that the topic of the depositions must be limited to the evidentiary issue of whether particular documents meet the foundational requirements under Rules 901 or 803(6).

    a. The Deposition Protocol (ECF No. 495) in this case shall apply, except that any depositions taken under this Order will not count towards the limitations on the total number of depositions per Defendant-family group and the total number of depositions of Plaintiff witnesses set forth in the Deposition Protocol.

    b. All Parties reserve all rights to seek judicial relief pursuant to Federal Rule of Civil Procedure 26.

6. To avoid inefficiencies and conserve resources, the Parties agree not to serve any written discovery requests (including Requests of Admission and Interrogatories) outside of the procedure set forth above solely for the purpose of authenticating documents or seeking to establish their status as business records.

All limited discovery pursuant to this Order must be complete <u>no later than 14 days</u> prior to trial. If the Parties negotiate another mechanism by which they may resolve the issues discussed in this Order, they shall promptly file a notice with the Court.

This Order does not authorize any Party to seek, or prevent any Party from seeking, an advance ruling on the admissibility of evidence at trial. Nor does this Order authorize additional discovery outside of the specific, limited discovery set forth in this Order; nor prevents any Party from taking discovery prior to the close of fact discovery for the purpose of establishing the foundation to admit documents at trial

| | |
|---|---|
| 1 | except as set forth in paragraph 5 above.  In the event that the Court is called upon to |
| 2 | rule on the admissibility of a document, this Order does not alter the burdens of proof |
| 3 | with respect to admissibility.  Finally, no Party shall be precluded from including on |
| 4 | an exhibit list submitted pursuant to a pretrial order any document for which |
| 5 | authenticity or admissibility was not stipulated to by the Parties. |

\*\*\*

The Parties respectfully ask that the Court enter their proposed order above.

Dated: October 12, 2018

Respectfully submitted,

HAUSFELD LLP

By: s/ *Bonny E. Sweeney*
Bonny E. Sweeney, Esquire
Michael P. Lehmann, Esquire
Christopher L. Lebsock, Esquire
Samantha J. Stein, Esquire
600 Montgomery Street
Suite 3200
San Francisco, CA  94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: bsweeney@hausfeld.com
E-mail: mlehmann@hausfeld.com
E-mail: clebsock@hausfeld.com
E-mail: sstein@hausfeld.com

Michael D. Hausfeld
James J. Pizzirusso
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-mail:   mhausfeld@hausfeld.com
E-mail:   jpizzirusso@hausfeld.com

***Interim Lead Counsel for Direct Purchaser Plaintiffs***

| | |
|---|---|
| 1 | |
| 2 | KENNY NACHWALTER, P.A. |
| 3 | By: s/ *William J. Blechman*<br>Richard Alan Arnold, Esquire |
| 4 | William J. Blechman, Esquire<br>Kevin J. Murray, Esquire |
| 5 | Douglas H. Patton, Esquire<br>Samuel J. Randall, Esquire |
| 6 | 1441 Brickell Avenue<br>Suite 1100 |
| 7 | Miami, Florida  33131<br>Tel:   (305) 373-1000 |
| 8 | Fax:  (305) 372-1861<br>E-mail:     rarnold@knpa.com |
| 9 | wblechman@knpa.com<br>kmurray@knpa.com |
| 10 | dpatton@knpa.com<br>srandall@knpa.com |
| 11 | |
| 12 | ***Liaison Counsel for Direct Action Plaintiffs*** |
| 13 | |
| 14 | CUNEO GILBERT & LADUCA LLP |
| 15 | By: s/ *Jonathan W. Cuneo*<br>Jonathan W. Cuneo, Esquire |
| 16 | Joel Davidow, Esquire<br>Peter Gil-Montllor, Esquire |
| 17 | Blaine Finley, Esquire<br>4725 Wisconsin Avenue, N.W. |
| 18 | Suite 200<br>Washington, D.C.  20002 |
| 19 | Tel:   (202) 789-3960<br>Fax:  (202) 589-1813 |
| 20 | E-mail:     jonc@cuneolaw.com<br>joel@cuneolaw.com |
| 21 | pgil-montllor@cuneolaw.com<br>bfinley@cuneolaw.com |
| 22 | |
| 23 | John H. Donboli, Esquire<br>Cal. Bar No. 196266 |
| 24 | DEL MAR LAW GROUP, LLP<br>12250 El Camino Real |
| 25 | Suite 120<br>San Diego, CA  92130 |
| 26 | Tel:   (858) 793-6244<br>Fax:  (858) 793-6005 |
| 27 | |
| 28 | JOINT MOT. FOR ORDER REGARDING RULES 901 AND 803(6) PROCEDURE       3:15-md-2670 (JLS) (MDD) |

5

Exhibit 82
Page 5000

E-mail: jdonboli@delmarlawgroup.com

***Interim Lead & Liaison Counsel for Indirect Purchaser Commercial Food Preparer Plaintiffs***

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: s/ *Betsy C. Manifold*
Betsy C. Manifold, Esquire
Fred Isquith, Esquire
Rachele R. Rickert, Esquire
Marisa C. Livesay, Esquire
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Tel:   (619) 239-4599
Fax:   (619) 234-4599
E-mail:      manifold@whafh.com
         isquith@whafh.com
         rickert@whafh.com
         livesay@whafh.com

***Interim Lead Counsel for Indirect Purchaser End Payer Plaintiffs***

LATHAM & WATKINS LLP

By: s/ *Christopher S. Yates*

Christopher S. Yates
Belinda S Lee
Alfred C. Pfeiffer
Niall E. Lynch
Ashley M. Bauer
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Al.Pfeiffer@lw.com
Chris.Yates@lw.com
Belinda.Lee@lw.com
Niall.Lynch@lw.com
Ashley.Bauer@lw.com

***Attorneys for Defendants StarKist Co. and Dongwon Industries Co., Ltd.***

| | |
|---|---|
| 1 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 2 | |
| 3 | By: *s/ Kenneth A. Gallo*<br>Kenneth A. Gallo |
| 4 | Michelle K. Parikh<br>Joseph J. Bial |
| 5 | Craig A. Benson<br>Heather C. Milligan |
| 6 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 7 | 2001 K Street, NW<br>Washington, DC 20006-1047 |
| 8 | Tel:   (202) 223-7356<br>Fax:   (202) 204-7356 |
| 9 | kgallo@paulweiss.com<br>mparikh@paulweiss.com |
| 10 | jbial@paulweiss.com<br>cbenson@paulweiss.com |
| 11 | hmilligan@paulweiss.com |
| 12 | William B. Michael |
| 13 | 1285 Avenue of the Americas<br>New York, NY 10019-6064 |
| 14 | Tel: (212) 373-3648<br>Fax: (212) 492-0648 |
| 15 | wmichael@paulweiss.com |
| 16 | |
| 17 | ***Counsel for Defendant Bumble Bee Foods, LLC*** |
| 18 | |
| 19 | ALLEN & OVERY LLP |
| 20 | By: *s/ John Roberti*<br>John Roberti |
| 21 | Kelse Moen<br>Jana Steenholdt |
| 22 | 1101 New York Avenue N.W.<br>Washington, D.C. 20005 |
| 23 | Telephone: (202) 683-3800<br>Facsimile: (202) 683-3999 |
| 24 | john.roberti@allenovery.com<br>kelse.moen@allenovery.com |
| 25 | jana.steenholdt@allenovery.com |
| 26 | Brian Fitzpatrick |
| 27 | 1221 Avenue of the Americas |
| 28 | JOINT MOT. FOR ORDER REGARDING RULES 901 AND 803(6) PROCEDURE        3:15-md-2670 (JLS) (MDD) |

7

Exhibit 82
Page 5002

New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
brian.fitzpatrick@allenovery.com

***Counsel for Defendant Tri-Union Seafoods LLC d/b/a Chicken of the Sea International***

PEPPER HAMILTON LLP

By: s/ *Barbara T. Sicalides*

Barbara T. Sicalides (PA 57535)
Barak A. Bassman (PA 85626)
Megan Morley (PA 321706)
Benjamin J. Eichel (PA 307078)
Alexander L. Harris (PA 311382)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
sicalidesb@pepperlaw.com
bassmanb@pepperlaw.com
morleym@pepperlaw.com
eichelb@pepperlaw.com
harrisa@pepperlaw.com

***Counsel for Defendant Del Monte Corporation***

# SIGNATURE ATTESTATION

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

Date: October 12, 2018

                               s/ *Bonny E. Sweeney*

HAUSFELD LLP
*Interim Lead Counsel for the Direct Purchaser Plaintiffs*
bsweeney@hausfeld.com

## CERTIFICATE OF SERVICE

I certify that on October 12, 2018, I filed the foregoing document with the Clerk of Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

s/ *Bonny E. Sweeney*

HAUSFELD LLP
*Interim Lead Counsel for the Direct Purchaser Plaintiffs*
bsweeney@hausfeld.com