**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION <br><br> This Document Relates to: <br><br> All Direct Purchaser Actions | Case No. 3:15-md-2670-JLS-MDD |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST STARKIST ON LIABILITY**

### I. Background

On September 29, 2019, certain Plaintiffs[1] ("Plaintiffs") moved for partial summary judgment against Defendant StarKist on liability. Plaintiffs' motion was supported by numerous admissions from StarKist and its corporate co-conspirators, Bumble Bee and COSI. For example, StarKist pled guilty to – and was convicted for

---

[1] The moving Plaintiffs are: Associated Wholesale Grocers, Inc., Affiliated Foods Midwest Cooperative, Inc., Winn-Dixie Stores, Inc., Bi-Lo Holding, LLC, and Direct Purchaser Plaintiffs.

– participating in a conspiracy to fix prices with COSI and StarKist for the period between at least as early as November 2011 and continuing through at least as late as December 2013. These admissions were further corroborated by admissions – including criminal convictions for violations of the Sherman Act, 15 U.S.C. § 1 – of high ranking executives from StarKist, Bumble Bee, and COSI.

In sum, these admission support the conclusion that a conspiracy to fix the prices of packaged tuna existed in the United States beginning no later than March 2008, when StarKist became aware of Bumble Bee and COSI's conspiracy to reduce the size of certain of their packaged seafood products and increase their prices of packaged tuna in 2008, 2010, and 2011, and that conspiracy continued when StarKist, Bumble Bee, COSI agreed to increase their prices of packaged tuna at least two times in 2012.

Moreover, there is no evidence in the record that rebuts, in any way, the conclusion that this price-fixing conspiracy existed. Although not all of the executives employed by Defendants admit to participating in the conspiracy, all of the executives implicated by the many criminal convictions and other admissions have invoked their Fifth Amendment rights in response to questions about their involvement in the conspiracy.

Finally, because StarKist's guilty plea gives rise to a legal presumption that its conduct continued after December 2013, the last month of the period covered by StarKist's guilty plea. However, there is no evidence in the record that, after 2013, StarKist ceased the communications and meetings with its competitors that supported its criminal conviction. Indeed, between 2014 and 2015, employees of StarKist (and Bumble Bee and COSI) continued to meet and communicate with some frequency.

Moreover, the three competitors never retracted the list price increases that they admit were implemented in 2012 pursuant to an agreement between the competitors.

## II. Standard

A party may move for summary judgment under Fed. R. Civ. P. 56(a) as to a claim or part of a claim. Rule 56 provides that summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. "When a plaintiff seeks summary judgment as to an element for which it bears the burden of proof, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1094 (S.D. Cal. 2018) (quoting *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)).

"On summary judgment, an adverse inference alone is not enough to support the absence of a genuine dispute of material fact. Such an inference may be drawn only when there is independent evidence of the fact to which the party refuses to answer." *Sec. & Exch. Comm'n v. Strategic Glob. Investments, Inc.*, 262 F. Supp. 3d 1007, 1023 (S.D. Cal. 2017) (citing *Lefkowitz v. Cunningham*, 431 U.S. 801, 808 n.5 (1977)).

## III. **Plaintiffs Are Entitled to Partial Summary Judgment on Liability**

**against StarKist.**

To prevail on their claim for price-fixing in violation of the Sherman Act, Plaintiff must prevail on four elements:

1) that an agreement to fix the prices of packaged tuna existed;

2) that StarKist knowingly—that is, voluntarily and intentionally—became a party to that agreement;

3) that such agreement occurred in or affected interstate commerce; and

4) that the agreement caused plaintiffs to suffer an injury to their business or property.[2]

Because the Court finds that there is no question of material fact as to whether StarKist participated in a price-fixing conspiracy, Plaintiffs are entitled to judgment as a matter of law on the first three of these elements.

Additionally, the Court finds as a matter of law: that StarKist participated in a conspiracy with Bumble Bee and COSI beginning no later than November 2011 and continuing until July 2015; that StarKist became aware of a conspiracy between COSI and Bumble Bee beginning no later than March 2008 and continuing until it actively joined the conspiracy in November 2011, and that StarKist joined the conspiracy with an intent to pursue the same objectives of the conspiracy[3]; and that the price-fixing conspiracy at issue is subject to the *per se* mode of antitrust analysis.

It is therefore ORDERED and ADJUDGED that Plaintiffs' Motion for Partial

---

[2] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2013 WL 6174683, at *5 (N.D. Cal. Nov. 20, 2013), *aff'd*, 637 F. App'x 981 (9th Cir. 2016).

[3] "One who enters a conspiracy late, with knowledge of what has gone before, and with the intent to pursue the same objective, may be charged with preceding acts in furtherance of the conspiracy." *Indus. Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1343 (9th Cir. 1970) (internal citations omitted).

PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT AGAINST STARKIST ON LIABILITY

3:15-md-2670 (JLS) (MDD)

Summary Judgement is GRANTED.  The Court will instruct the Jury at trial that the following issues have been resolved in favor of Plaintiffs and against StarKist as a matter of law:

1) that an agreement to fix the prices of packaged tuna existed;

2) that StarKist knowingly—that is, voluntarily and intentionally—became a party to that agreement;

3) that such agreement occurred in or affected interstate commerce;

4) that StarKist reached price-fixing agreements with Bumble Bee and COSI beginning no later than November 2011, and continuing through July 2015;

5) that StarKist was aware of the conspiracy between Bumble Bee and COSI at least as early as March 2008 and joined the conspiracy with the intent to pursue the same objective, and is thus liable for the acts of the conspiracy that occurred before November 2011; and

6) that the price-fixing conspiracy at issue is *per se* unlawful.

Dated: _____, 2019

_____
Janis M. Sammartino
United States District Judge

607826.1

PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT AGAINST STARKIST ON LIABILITY    3:15-md-2670 (JLS) (MDD)

5