Patrick Ahern
Ahern and Associates, P.C.
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
(312) 404-3760
Patrick.j.ahern@ahernandassociatespc.com

*Counsel for Direct Action Plaintiff Winn-Dixie Stores, Inc.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>• Direct Action Plaintiff Winn-Dixie Stores, Inc.<br>• Direct Action Plaintiff Associated Wholesale Grocers, Inc.<br>• Direct Action Plaintiff W. Lee Flowers & Co. | Case No. 15-md-2670-JLS-MDD<br><br>**PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST STARKIST CO.**<br><br>**[PUBLIC REDACTED VERSION]** |

Plaintiffs[1] submit this joint statement of undisputed facts in support of their Motion for Partial Summary Judgment against Defendant StarKist Co. ("StarKist").

**A. The Can Downsizing and List Price Increase in 2008**

---

[1] For the purposes of this Motion, Plaintiffs includes Associated Wholesale Grocers, Inc., Affiliated Foods Midwest Cooperative, Inc., W. Lee Flowers & Co., Inc., Winn-Dixie Stores, Inc., and Bi-Lo Holding, LLC.

PLAINTIFFS' STATEMENT OF FACTS                                    Case No: 15-md-2670-JLS-MDD

1

1. First, in direct communication with COS, StarKist invited COS and BB to █████████████████████████████████████████████████████████████

2. Del Monte's internal records regarding both ██████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ In an internal memorandum dated April 5, 2007, for example, █████████████████ ██████████████████████████████[3]

3. Del Monte records also ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████

4. Phone records show that █████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████[5]

5. Notably, Steve ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████[6] Hodge also █████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[2] Ex. 1, Pltfs' Dep. Ex. 1517, COSI-CIV-000094950 (COSI executive reporting that he met Barry Mills (StarKist), and that StarKist "was very willing to talk about this and hoped all 3 of the canners would switch" from six ounce cans to five ounce cans.).
[3] Ex. 2, Pltfs' Dep. Ex. 4002, SKC000333274, at -3277.
[4] Ex. 3, Pltfs' Dep. Ex. 4004, SKC000101842, at -1842.
[5] Ex. 4, VZN_SF0005288, at -5488, 5406.
[6] Ex. 5, Deposition of Stephen L. Hodge, October 16, 2018, 57:11-58:3.

1
2
3       6.     By September 5, 2008, Scott Christensen (StarKist) informed Hodge that
4  he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5
6
7
8                                                    ▮[8]
9       7.     StarKist's communications with its competitors and knowledge of the
10 conspiracy continued even after the can size decrease and price increase were
11 implemented. In an e-mail exchange between May 8 and May 11, 2009, Handford,
12 employed by StarKist by this point, provided information to Don Binotto (StarKist),
13 regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14
15
16
17      8.     Handford again took the Fifth ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮[10]
19      9.     In addition, Handford and Scott Cameron and Don Gallagher (BB) ▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮[11]

---

[7]   *Id.*
[8]   Ex. 5, Hodge Dep. 64:20-66:14.
[9]   Ex. 6, Ex. 1040, SKC000179979, at -9979.
[10]  Ex. 7, Deposition of Charles Handford, September 28, 2018, 83:16-88:2.
[11]  Ex. 8, Pl.'s Dep. Ex. 1041, VZN_SF0000991, at -0991, -0993, -0995, -997, -1000; *see also* Ex. Ex. 7, Handford Dep. at 88:6-96:18 (taking the Fifth on any questions related ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

10. In a June 15, 2009 email with Don Binotto and other StarKist representatives, Hodge suggested ███████████████████████████████████████████████████████████████████████████████████████████████.[12] Hodge also shared that he ███████████████████████████████████████████████████████████.[13] Finally, Hodge took the Fifth when asked whether █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

**B. The 2010 Net Price Increase**

11. StarKist representatives were ███████████████████████████████████████████████████████████████████████████████.

12. In an April 23, 2010 email, Scott Cameron (BB) stated ██████████████████████████████████████████████████████████████████████████████████████████████████████ Several hours prior to sending the e-mail, ████████████████████████████████████████.

13. When asked about these communications, and, specifically, whether ███████████████████████████████████████

---

[12] Ex. 9, Pl.'s Dep. Ex. 1235, SKC000445406.
[13] Id.
[14] Ex. 5, Hodge Dep. at 84:7-86:10.
[15] Ex. 10, Pl.'s Dep. Ex. 512, BB_Civil_001118188.
[16] Ex. 11, Pl.'s Dep. Ex. 1044, VZN_SF0001157-1158.

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Handford took the Fifth.[17]

3   14.  StarKist ultimately issued its ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓ and Handford again took the Fifth ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7   15.  StarKist continued ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Phone records from the period of April 27 through August 10, 2010 demonstrate that Handford spoke multiple times with Don Gallagher, Scott Cameron, Dan Gerlach, and Dan Nestojko (BB).[19]

 16.  When asked ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓ Handford again took the Fifth.[20]

 17.  Handford also took the Fifth when ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**C. The March 2011 Price Increase Announcement**

---

[17]  Ex. 7, Hanford Dep. at 103:20-111:22.
[18]  Ex. 12, Ex. 1047, SKC000016886 & Ex. 7, Handford Dep. at 117:21-118:23.
[19]  Ex. 11 [Pl.'s Dep Ex. 1044, VZN_SF0001157]; Ex. 13 [Pl.'s Dep Ex.1050, SKC000016886], Ex. 14 [Pl.'s Dep Ex. 1051, VZN_SF0001190] & Ex. 15 [Pl.'s Dep Ex. 1052, VZN_SF0001207].
[20]  *See* Ex. 7, Handford Dep. 120:7-122:14; 126:12-138:14; 139:18-143:21; and 144:5-149:15.
[21]  Ex. 7, Handford Dep. 122:18-126:8.

18. By January 12, 2011, BB was aware that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[22] In that e-mail, authored by Don Gallagher, Cameron added his own edits: "LP advance only on Selects / Gourmet Choice 4.5 oz items as they were all line priced. NO LP INCREASE ON DRIVER ITEMS[.] . . . NEW NETS to be in $30 - $32 range . . . ." *Id.* Cameron spoke with Handford by phone hours before he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

19. Once again, Handford took the Fifth on all questions concerning the phone records, and when asked ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

20. Likewise, phone records show additional calls between Handford and Hodge (StarKist), Gerlach and Cameron (BB), and Mike White (COS) in February 2011.[25]

21. By the end of February 2011, and two days after Handford and Cameron spoke by phone, Kenneth Worsham (BB) stated in an email ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ took the Fifth when questioned about the

---

[22] Ex. 16, Pl.'s Dep. Ex. 355, BB_Civil_000103338. ("StarKist is rumored to be announcing a new list price increase on LM effective start of Q2. (4/4)" (emphasis in original)).
[23] Ex. 17, Pl.'s Dep. Ex. 1054, VZN_SF0001300, at -1309, -1310.
[24] Ex. 7, Handford Dep. at 163:16-170:25.
[25] Ex. 18, Pl.'s Dep. Ex. 1056, VZN_SF0001315, at -1328, -1329, -1331.
[26] Ex. 19, Pl.'s Dep. Ex. 357; *see also* Ex. 7, Handford Dep. at 181:23-189:11 (taking the Fifth on all questions related to the phone records and e-mail, including if Worsham knew that StarKist was in the process of taking a list price increase because Handford told Cameron that StarKist was doing so).

1  source of Worsham's information, and specifically whether ▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[27]

3      22. StarKist continued to engage in communications with BB and COS after
taking the price increase in February 2011 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[28]

    23. By February 28, 2011, Handford (StarKist) was able to provide BB's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[30]

    24. Handford was in communication with BB's Cameron, Gerlach, Gallagher, and Nestojko ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

    25. Finally, Handford spoke with both Worsham (BB) and White (COS) in mid-March 2011.[32] Notably, COS had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[27] Ex. 20, Deposition of Scott Cameron, May 9, 2018, 146:9-147:6.
[28] Ex. 21, Pl.'s Dep Ex. 1057, SKC000181644.
[29] Ex. 22, Pl.'s Dep Ex. 1059, SKC000264718.
[30] Ex. 23, Pl.'s Dep Ex. 1060, SKC000447307, at -7317.
[31] Ex. 24, Pl.'s Dep Ex. 1058, VZN_SF0001333, at -1336, -1337, -1339, -1340, -1341, -1343, -1344, -1346, -1347, -1348.
[32] Ex. 25, Pl.'s Dep. Ex. 1062, VZN_SF0001349, at -1350.

26. Handford took the Fifth when asked about any of the calls made in February and March 2011, ███████████████████████████████████████████
███████████████████████████████████████████
██████[3]

27. Finally, BB and COS both admitted that ████████████████████
████████████████████████████████████████

28. Specifically, when asked about the 2011 price increase, Mike White of COS testified as follows:



---

[33] Ex. 7, Handford Dep. 189:15-193:16; 193:20-199:17; 199:21-217:8; and 222:6-225:17.

[34] See Ex. 26, Defendant Bumble Bee Foods, LLC's Fifth Supplemental Objections And Responses To Plaintiffs' Second Set Of Interrogatories During The Limited Discovery Stay Period – Interrogatory No. 1; Ex. 27, Tri-Union Seafoods LLC d/b/a Chicken of the Sea International's Second Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories – Interrogatory No. 1.

[REDACTED][35]

**D. Guilty Plea Period**

29. StarKist admitted that it participated [REDACTED][36]

30. StarKist pled guilty to (and was convicted for) its participation in the conspiracy for the period beginning "at least as early as" November 2011 and continuing until "at least" December 2013.[37]

31. During its plea colloquy, StarKist admitted that it was true that it participated in a conspiracy among major packaged seafood-producing firms through its officers and employees, including high-level personnel.[38]

32. StarKist also admitted that it engaged in conversations and discussions and attended meetings in furtherance of the conspiracy to fix prices.[39]

33. In an interrogatory response, StarKist confirmed that it [REDACTED]

---

[35] Ex. 28, Deposition of Michael White, December 6, 2018 at 119:22 –122:8.
[36] While StarKist does not expressly admit that it participated in a price fixing conspiracy prior to November 2011, there is no evidence in the record that StarKist was not a party to the aforementioned collusive agreements. As set forth in the preceding paragraphs, both Charles Handford and Steve Hodge invoked their Fifth Amendment rights in response to questions [REDACTED]
[37] Ex. 29, Transcript of Proceedings, ECF No. 26 in *United States v. StarKist Company*, No. 18-cr-00513 EMC (N.D. Cal. Nov. 14, 2018) at 13-14.
[38] *Id.*
[39] *Id.* at 15.

34. Specifically, StarKist admitted that it "participated in … agreements with Bumble Bee and Chicken of the Sea during the time period between November 2011 and December 2013[,]" including ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[40]

35. The individuals directly implicated by StarKist's admission have pleaded guilty to participating in the same conspiracy, including Steve Hodge (StarKist's Senior VP of Sales), Scott Cameron (Senior VP of Sales for BB), and Ken Worsham (BB's Senior VP of Trade Marketing).[41]

i. **Additional Guilty Pleas and Admissions**

36. Steve Hodge has pleaded guilty to his participation in the price-fixing conspiracy between January 2011 and December 2013.[42]

37. During his plea colloquy, Mr. Hodge testified that, for the period of 2011 through at least 2013, he participated in a conspiracy with others engaging in the manufacturing and sales of packaged seafood, the primary purpose of which was to fix, raise, and maintain prices of that packaged seafood sold in the United States.[43] Mr. Hodge also acknowledged that it was true that he engaged in conversations and discussions and had meetings with other packaged-seafood-producing firms, and that

---

[40] Ex. 30, Starkist Co.'s Third Supplemental Objections & Responses to Plaintiffs' Second Set of Interrogatories, Interrogatory No. 1, at 3.
[41] Ex. 31, Pl.'s Dep. Ex. 350 (Scott Cameron Amended Plea Agreement); Ex.32, Pl.'s Dep Ex. 391 (Ken Worsham Plea Agreement); Ex. 33, Pl.'s Dep. Ex. 1221 (Steve Hodge Plea Agreement).
[42] See Ex. 33, Stephen Hodge Plea Agreement.
[43] Ex. 34, Transcript of Proceedings, ECF No. 18 in *United States v. Stephen L. Hodge*, No. 17-cr-00297 EMC (N.D. Cal. June 28, 2017) at 11-12.

those conversations and meetings yielded agreements and understandings about fixing, raising, and maintaining the price of packaged seafood sold in the United States.[44]

  ii. **There Is No Evidence in the Record that Contradicts These Admissions**

  38. No witness in this MDL with personal knowledge of the agreements discussed above has disputed Defendants' admissions or the admissions of Steve Hodge.

  39. As set forth above, both Chuck Handford[45] and Steve Hodge[46] invoked their Fifth Amendment rights to all questions posed to them by Plaintiffs during their depositions related to their involvement in the conspiracy.

  40. Although individuals who Plaintiffs maintain had knowledge of, and participated in, the unlawful conduct at issue may deny their own participation in the conspiracy, there is no evidence in the record that contradicts the admissions by StarKist detailed above.

**E. Collusion Continued Until July 2015**

  41. The price-fixing agreements discussed above continued in force through at least July 2015.

  42. Meeting minutes from a StarKist Board Meeting attended by Dongwon and StarKist executives reflect that, as of August 21, 2014, "███████████████████████████████████████████████████████████████████████████████████████" [47]

---

[44]  *Id.* at 12.
[45]  See Ex. 7, Chuck Handford Dep., *passim.*
[46]  See Ex. 5, Steve Hodge Dep., *passim.*
[47]  Ex. 35, Pl.'s Dep. Ex. 1740E at -649E, -650E (███████████████████████████████████████).

43. The price lists that had been implemented through the collusive agreements discussed above, as well as the reduced can size, also remained in effect.

44. In response to an interrogatory from Plaintiffs requiring that StarKist list every price decrease that it issued between 2004 and 2015, StarKist responded ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The same set of interrogatory responses from StarKist acknowledges that ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[48] which is an implicit admission that it never retracted the July 2012 price increase.

45. A number of the same individuals who colluded on pricing between 2008 and 2013 continued to communicate between January 2014 and July 2015.

46. For example, Hubert Tucker of StarKist (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ continued to communicate ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[49]

Dated:  September 20, 2019              Respectfully submitted,

                                        s/ Patrick Ahern
                                        Ahern and Associates, P.C.
                                        8 South Michigan Ave., Suite 3600
                                        Chicago, IL 60603
                                        (312) 404-3760
                                        Patrick.j.ahern@ahernandassociatespc.com

                                        *Counsel for Direct Action Plaintiff Winn-Dixie Stores, Inc.*

---

[48] Ex. 36, Starkist Co.'s Third Supplemental Objections & Responses to Plaintiffs' First Set of Interrogatories, Nos. 1 & 6-7.
[49] *See* Ex. 37, Hubert Tucker Dep. at 132—135; Ex. 38, Pl.'s Dep. Ex. 1402.

PLAINTIFFS' STATEMENT OF FACTS                                Case No: 15-md-2670-JLS-MDD
                                                                                          12

|    |                                                          |
|----|----------------------------------------------------------|
| 1  |       s/ *Patrick J. Stueve* |

                    s/ *Patrick J. Stueve*
                Patrick J. Stueve (KS 13847)
                Steve N. Six (KS 16151)
                C. Curtis Shank (KS 26306)
                STUEVE SIEGEL HANSON LLP
                460 Nichols Road, Suite 200
                Kansas City, Missouri 64112
                Telephone:  816-714-7100
                Facsimile:  816-714-7101
                stueve@stuevesiegel.com
                six@stuevesiegel.com
                shank@stuevesiegel.com

*Counsel for Direct Action Plaintiff Associated Wholesale Grocers, Inc.*

By: s/ *Manton M. Grier*
Manton M. Grier (D.S.C. No. 2461)
Robert Y. Knowlton (D.S.C. No. 2380)
Elizabeth H. Black (D.S.C. No. 10088)
Mary C. Eldridge (D.S.C. No. 12540)
HAYNSWORTH SINKLER BOYD, P.A.
1201 Main Street
Suite 2200
P.O. Box 11889 (29211)
Columbia, South Carolina
Telephone: (803) 779-3080
Facsimile: (803) 765-1243
mgrier@hsblawfirm.com
bknowlton@hsblawfirm.com
eblack@hsblawfirm.com
meldridge@hsblawfirm.com

*Counsel for Direct Action Plaintiff W. Lee Flowers & Co.*

PLAINTIFFS' STATEMENT OF FACTS                  Case No: 15-md-2670-JLS-MDD

# CERTIFICATE OF SERVICE

I certify that on September 20, 2019, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system.

By: */s/ Patrick Ahern*
Patrick Ahern