LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Niall E. Lynch (CA 157959)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
al.pfeiffer@lw.com
chris.yates@lw.com
belinda.lee@lw.com
niall.lynch@lw.com
ashley.bauer@lw.com

*Counsel for Defendant
Dongwon Industries Co., Ltd.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD<br><br>MDL No. 2670<br><br>**DEFENDANT DONGWON INDUSTRIES CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS' PROPOSED EXPERTS (ECF NO. 1970): PROFESSOR ROBERT M. DAINES**<br><br>**PROPOSED REDACTED VERSION**<br><br>Special Briefing Schedule Ordered<br><br>**Hearing**:<br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 4D<br>Judge:  Hon. Janis L. Sammartino |
| This Document Relates To:<br>(1)  Direct Purchaser Plaintiffs<br>(2)  End Payer Plaintiffs<br>(3)  Commercial Food Preparer Plaintiffs<br>(4)  *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC, et al.*, Case No. 3:18-cv-01014<br>(5)  *W. Lee Flowers & Co., Inc. v. Bumble Bee Foods LLC, et al.*, Case No. 3:16-cv-01226<br>(6)  *Winn-Dixie Stores, Inc. v. Bumble Bee Foods LLC, et al.*, Case No. 3:16-cv-00017<br>(7)  *Affiliated Foods, Inc. et al. v. Tri-Union Seafoods, LLC et al.*, Case No. 3:15-cv-02787 | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

## **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................ 1

    A.  Professor Daines' Experience and Expertise ....................................... 1

    B.  Professor Daines' Expert Report .......................................................... 2

III. ARGUMENT .................................................................................................. 3

    A.  Professor Daines Opines on Economic and Policy Issues Related to Corporate Governance, Not Ultimate Legal Conclusions ........................................................................................... 4

    B.  Professor Daines' Opinions Are Responsive to Plaintiffs' Experts .................................................................................................. 7

IV. CONCLUSION ............................................................................................... 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Amari Co. v. Burgess*,
   2012 WL 5389787 (N.D. Ill. Nov. 2, 2012) ........................................................ 7

*AngioScore, Inc. v. TriReme Med., Inc.*,
   87 F. Supp. 3d 986 (N.D. Cal. 2015) ................................................................. 4

*Estate of Barabin v. AstenJohnson, Inc.*,
   740 F.3d 457 (9th Cir. 2014) .............................................................................. 3

*Bona Fide Conglomerate, Inc. v. SourceAmerca*,
   2019 WL 1369007 (S.D. Cal. Mar. 26, 2019) ..................................................... 7

*Cary Oil Co. v. MG Refining & Marketing, Inc.*,
   2003 WL 1878246 (S.D.N.Y. Apr. 11, 2003) ................................................. 4, 5

*Czuchaj v. Conair Corp.*,
   2016 WL 4414673 (S.D. Cal. Aug. 19, 2016) .................................................... 8

*Delta/Airtran Baggage Fee Antitrust Litig.*,
   245 F. Supp. 3d 1343 (N.D. Ga. 2017) .............................................................. 7

*HBC Ventures, LLC v. Holt MD Consulting, Inc.*,
   2012 WL 4483625 (E.D.N.C. Sept. 27, 2012) .................................................... 7

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ........................................................................................... 3

*McCoy v. Kazi*,
   2010 WL 11465179 (C.D. Cal. Aug. 27, 2010) .................................................. 5

*Nerium SkinCare, Inc. v. Nerium Int'l, LLC*,
   2018 WL 3520840 (N.D. Tex. July 3, 2018) ...................................................... 4

*R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*,
   2011 WL 2923703 (D. Nev. July 18, 2011) ....................................................... 8

*Starr Int'l Co., Inc. v. United States*,
   121 Fed. Cl. 428 (2015) ..................................................................................... 2

### **RULES**

Fed. R. Evid. 702 ........................................................................................................ 3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

Defendant Dongwon Industries Co., Ltd. ("DWI") files this Opposition to ECF No. 1970 ("Motion"), as it pertains to Professor Robert M. Daines. The Motion to exclude certain opinions of Professor Daines should be denied.

## I.   INTRODUCTION

Professor Daines' opinions are reliable, relevant to the claims and defenses in this case, and likely to assist the jury. Plaintiffs do not object to Professor Daines' qualifications to opine on corporate governance issues. Nor could they. He is one of the foremost scholars on corporate governance, routinely trains boards of directors on governance practices, and serves as an expert on the economic and policy concerns animating corporate veil piercing. Courts regularly permit experts to testify on these issues, and Professor Daines is eminently qualified to do so.

Professor Daines did not improperly offer legal opinions on ultimate issues, as Plaintiffs suggest. He reviewed the policy and economic goals underlying corporate veil piercing and assessed the relationship between StarKist Co. ("StarKist") and its parent company, DWI. He also analyzed StarKist's practices using typical corporate governance frameworks and found its ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Professor Daines does *not* opine on the ultimate issues for the jury: whether StarKist is an agent or alter ego of DWI, or whether DWI is vicariously liable. Plaintiffs' Motion should be denied.

## II.   BACKGROUND

### A.   Professor Daines' Experience and Expertise

Professor Daines is the Associate Dean and Pritzker Professor of Law and Business at Stanford Law School and a finance professor at Stanford's Graduate School of Business. Ex. 1[1] (Daines Report), at ¶ 1, App. A. He teaches courses on corporate governance, business transactions, and other financial issues. *Id*. Professor Daines is on the faculty at the Rock Center on Corporate Governance at

---

[1] "Ex." cites are to the Declaration of Elizabeth C. Gettinger, filed concurrently.

1  Stanford, where he collaborates with leaders in academia, business, and policy-
2  making on corporate governance issues.  *Id.*  He trains boards through programs
3  with the business and law schools at Stanford, the University of Chicago, and
4  Dartmouth, and is frequently retained by boards of directors to provide private
5  trainings on these same topics.  Ex. 2 (Daines Dep.), at 19:23-20:1; 172:20-173:14.

Professor Daines has served as an expert witness in numerous cases related to corporate governance, economic and financial issues, and corporate transactions. *See* Ex. 1, at App. A.  He has testified on behalf of the Department of Justice on "corporate governance, corporate finance, and the economic analysis of corporate control" in litigation related to the "bailout" of American International Group, Inc. *See Starr Int'l Co., Inc. v. United States*, 121 Fed. Cl. 428, 461-62 (2015).  His opinions have never been excluded by a Court as irrelevant, unreliable, or because they constitute improper legal conclusions.  Ex. 2, at 22:23-23:17.[2]

### B. Professor Daines' Expert Report

Professor Daines' assignment included ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, at ¶¶ 10, 18.  Professor Daines concluded that the Accountants cite facts that are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at ¶ 11.  Regarding Dr. Hamilton's opinions that StarKist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Professor Daines concluded they are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at ¶¶ 19-20.  Professor Daines also found that the

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Ex. 2 at 22:23-23:17.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

economic harms that academics and practitioners agree are prevented by veil piercing ███████████████████████████████████████ *Id.* at ¶¶ 21-22.

Plaintiffs argue that portions of Professor Daines' testimony "crosses the line in offering legal conclusions." Pls.' Mem. of P. & A. in Supp. of Mot. to Exclude Certain Test. of Defs.' Proposed Experts at 23-26, Sept. 19, 2019, ECF No. 1969 ("Mem."). Specifically:

- Background information on corporations, shareholders, boards of directors, and corporate governance (Ex. 1, at ¶¶ 37-48, 60);
- Responses to opinions proffered in Dr. Hamilton's and the Accountant reports (*id.* at ¶¶ 22, 101-02, 104, 108, 114, 144-45); and
- Opinions on StarKist's corporate governance practices and the economic and policy goals of veil piercing (*id.* at ¶¶ 22, 39, 44, 48, 60, 102, 104, 108, 114, 144-45).

As discussed below, none of Professor Daines' opinions should be excluded.

### III. ARGUMENT

A qualified expert may present opinion testimony that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Such testimony must be relevant, meaning that it will "logically advance a material aspect of the party's case." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). Expert opinions must also be reliable, meaning the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (citation omitted).

There is no question Professor Daines is qualified to opine on corporate governance and the economic and policy goals of corporate veil piercing. *See supra*, Section II.a. Plaintiffs' only challenge is that Professor Daines' "testimony is laced with legal conclusions and purported policy justifications about how various facts shouldn't support liability." Mem. at 24. Plaintiffs argue this is an attempt to "usurp the Court's role in determining metes and bounds of the law." *Id.* Professor Daines does not, however, opine on ultimate legal conclusions. Rather, he analyzes the "economic justifications" and "policy goals" that underlie

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

corporate governance and veil piercing. *Id.* at 23. Such testimony will help the jury evaluate testimony about the relationship between StarKist and DWI and understand the complex factual issues related to corporate governance. For example, a company's dividend payments might be misunderstood by a lay jury evaluating corporate veil piercing. If this matter proceeds to trial against DWI, Professor Daines' testimony will help the jury understand how such facts relate to the economic and policy goals of veil piercing.

### A. Professor Daines Opines on Economic and Policy Issues Related to Corporate Governance, Not Ultimate Legal Conclusions

Professor Daines analyzes StarKist's corporate organization and governance and explains the economic and policy implications of the alter ego doctrine. This topic is uncontroversial: "Courts routinely allow experts to testify about corporate governance standards." *Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, No. 3:16-CV-1217-B, 2018 WL 3520840, at *5 (N.D. Tex. July 3, 2018). In *Nerium SkinCare*, the court permitted testimony on "corporate governance standards" that would assist the jury in determining the ultimate issue of breach of fiduciary duty and allowed testimony on whether companies "maintain[ed] separateness[.]" *Id.* at *5-6; *see also AngioScore, Inc. v. TriReme Med., Inc.*, 87 F. Supp. 3d 986, 1016 (N.D. Cal. 2015) (permitting professor to testify on principles of "sound corporate governance" and "governance practices generally applied in the corporate context," but not the ultimate issue of breach of fiduciary duty). In *Cary Oil Co. v. MG Refining & Marketing, Inc.*, the court permitted a law professor who "specializes in corporate governance" to "explain general corporate governance principles and the concept of veil-piercing to the jury," which was "crucial if the laymen jury is to understand fully the complex issues in this matter." No. 99 CIV. 1725 (VM), 2003 WL 1878246, at *5-6 (S.D.N.Y. Apr. 11, 2003). The professor's testimony "that the relation between the Defendants exceeded the control a parent ordinarily exercises over its subsidiary so as to justify veil-piercing" was not an ultimate legal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

1  conclusion. *Id*. Professor Daines' opinions fit squarely into the categories
2  permitted in each of these cases.³
3      Professor Daines' opinions will help a lay jury understand issues of
4  corporate governance and veil piercing in several ways.  First, Professor Daines
5  explains basic issues and terms in corporate governance.  Ex. 1, at ¶¶ 37-61.
6  Second, Professor Daines reviews the undisputed facts cited in the Accountants'
7  reports, which he finds are ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
8  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
9  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id*. at ¶¶ 62-84; *see Cary Oil Co.*,
10 2003 WL 1878246, at *5.  Next, Professor Daines finds ▉▉▉▉▉▉▉
11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
12 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 1, at ¶¶ 85-99.⁴  Finally, Professor
13 Daines assesses StarKist's corporate governance practices through the lens of the
14 economic and policy goals of corporate veil piercing, ▉▉▉▉▉▉▉▉
15 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
16 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id*. at
17 ¶¶ 100-45.  Nowhere does Professor Daines opine on the ultimate questions for the
18 jury:  whether StarKist is the agent or alter ego of DWI, or "what conduct the []
19 laws should and should not punish."  Mem. at 24 (citation omitted).
20      There is no deposition testimony to the contrary. ▉▉▉▉▉
21 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

³ Professor Daines does not offer any legal opinions.  But even to the extent his opinions "embrace an ultimate issue to be decided by the trier of fact," they are clearly permissible.  *See McCoy v. Kazi*, No. CV0807244SJOCWX, 2010 WL 11465179, at *15 (C.D. Cal. Aug. 27, 2010); *Cary Oil Co.*, 2003 WL 1878246, at *5-6 (noting courts have "latitude to allow experts to testify about issues that would help the jury understand concepts it needed to know to render a verdict despite the fact that the opinions may encroach on matters of law").

⁴ As Professor Daines explains, corporate governance practices are assessed based upon their ability to resolve problems associated with monitoring and agency costs, or with minority shareholder protections—▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id*. ¶¶ at 87-99.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

1
2
3
4
5
6 ▮▮▮ Ex. 2, at 193:9-24; *see also id.* at 151:19-23 ▮▮▮
7
8
9

    Even the quotes in Plaintiffs' Motion prove the Daines Report relates to the economic and policy justifications for veil piercing, not ultimate legal conclusions:

- ▮▮▮ Mem. at 23 (quoting Daines Report ¶ 22) (emphasis added).

- StarKist's practices ▮▮▮ *Id.* (quoting Daines Report ¶ 104) (emphasis added).

- Professor Daines ▮▮▮ *Id.* (citing Daines Report ¶ 102) (emphasis added).

- ▮▮▮ *Id.* at 24 (quoting Daines Report ¶ 102) (emphasis added).

- The Accountants' and Dr. Hamilton's reports ▮▮▮ *Id.* (quoting Daines Report ¶ 103) (emphasis added).

- ▮▮▮ *Id.* (quoting Daines Report ¶ 130)(emphasis added).

- ▮▮▮ *Id.* (quoting Daines Report ¶ 145) (emphasis added).

---

[5] Plaintiffs cite one instance in which Professor Daines opines that ▮▮▮

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

Plaintiffs' cases also demonstrate Professor Daines' testimony is proper. In *Delta/Airtran Baggage Fee Antitrust Litigation*, the court excluded an economist's opinion that the defendant "should not be held liable" because it "plainly expresses an opinion about what conduct the antitrust laws should and should not punish." 245 F. Supp. 3d 1343, 1362 (N.D. Ga. 2017). Professor Daines expresses *no* ultimate opinion on liability. *See* Ex. 2, at 193:9-194:4. Instead, his analysis centers on StarKist's corporate governance practices (and rebuts Dr. Hamilton's and the Accountants' characterizations), and how corporate governance relates to the policies behind veil piercing. *Id.* In *Bona Fide Conglomerate, Inc. v. SourceAmerca*, the court struck opinions that "interpret[ed] a legal contract" as "an ultimate question of law," but allowed testimony on the "regulatory backdrop" that would assist the jury but did not implicate ultimate legal issues. No. 3:14-cv-00751-GPC-AGS, 2019 WL 1369007, at *11-15 (S.D. Cal. Mar. 26, 2019). In *Amari Co. v. Burgess*, the court excluded testimony on "whether Plaintiffs have viable claims," including an expert's "application of the alter ego doctrine." No. 07 C 01425, 2012 WL 5389787, at *15 (N.D. Ill. Nov. 2, 2012). Professor Daines does not "apply" the alter ego doctrine or opine on the validity of a claim. Nor does he comment on whether entities are "instrumentalities or alter egos" or on the sufficiency of the evidence, as did the expert who was excluded in *HBC Ventures, LLC v. Holt MD Consulting, Inc.*, No. 5:06-CV-190-F, 2012 WL 4483625, at *8 (E.D.N.C. Sept. 27, 2012). In sum, Professor Daines' testimony is permissible because he gives no opinions on ultimate questions of law.

**B.    Professor Daines' Opinions Are Responsive to Plaintiffs' Experts**

Plaintiffs criticize Professor Daines' opinions even though they *directly*

---

[redacted] *See* Mem. at 23 (quoting Daines Report ¶¶ 101-02). But Plaintiffs omit the very next sentence, which explains *why* Professor Daines believes [redacted] Ex. 1, at ¶ 102.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

respond to claims made in Dr. Hamilton's and the Accountants' reports. *See, e.g.*, Ex. 1, at ¶¶ 10, 18 ▉▉▉▉▉ Plaintiffs' Accountants imply ▉▉▉▉▉ but Plaintiffs then ask the Court to rule that an actual corporate governance expert should not be permitted to refute those claims. "Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report." *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011); *see also Czuchaj v. Conair Corp.*, No. 313CV01901BENRBB, 2016 WL 4414673, at *5 (S.D. Cal. Aug. 19, 2016) (holding expert opinion that criticizes an opposing expert and "reache[s] a contrary opinion" is "proper rebuttal and satisfies the requirements of Rule 702").

Dr. Hamilton and the Accountants repeatedly, and improperly,[6] ▉▉▉▉▉ Professor Daines should be permitted to respond to these misleading opinions. Indeed, Professor Daines undertook a comparative investigation into the evidence Plaintiffs' purported experts cite—▉▉▉▉▉ Ex. 1, at ¶¶ 100-45. This testimony directly rebuts Plaintiffs' Accountants' and sociologist's conclusions, and it should be permitted on that basis as well.

## IV. CONCLUSION

Professor Daines' testimony will assist the fact finder's evaluation of StarKist's corporate governance and refute Plaintiffs' Accountants' and sociologist's unfounded assertions. Plaintiffs' Motion should be denied.

---

[6] *See* Defendants' *Daubert* motions. *See* ECF Nos. 1984, 1967.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD

| | |
|---|---|
| Dated: November 7, 2019 | LATHAM & WATKINS LLP<br><br>By: /s/ Christopher S. Yates<br><br>Alfred C. Pfeiffer (CA 120965)<br>Christopher S. Yates (CA 161273)<br>Belinda S Lee (CA 199635)<br>Niall E. Lynch (CA 157959)<br>Ashley M. Bauer (CA 231626)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: +1.415.391.0600<br>Facsimile: +1.415.395.8095<br>*al.pfeiffer@lw.com*<br>*chris.yates@lw.com*<br>*belinda.lee@lw.com*<br>*niall.lynch@lw.com*<br>*ashley.bauer@lw.com*<br><br>*Counsel for Defendant*<br>*Dongwon Industries Co., Ltd.* |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DWI'S OPP'N TO PLS.' MOT. TO
EXCLUDE TEST. OF PROF. R. DAINES
3:15-MD-02670-JLS-MDD