# Exhibit 253

## (Stein Decl.)

Daniel L. Rubinfeld, *Quantitative Methods in Antitrust*, *in* 1 ISSUES IN COMPETITION LAW AND POLICY 723 (ABA Section of Antitrust Law 2008)

*Chapter 30*

# QUANTITATIVE METHODS IN ANTITRUST

Daniel L. Rubinfeld*

This chapter surveys empirical methods that are used to evaluate antitrust issues relating to merger analysis, liability, impact, and damages. The chapter first describes a number of applications for traditional statistical methods that rely on reduced form estimation using cross-section or time-series data. It then examines the application of methods that uncover the structure of demand, including (1) the estimation of demand elasticities using market transactions data; (2) the use of transactions or bidding data, perhaps merged with information on buyer characteristics, to learn about the structure of preferences and to make inferences about the extent of buyer substitution between alternatives; and (3) the use of survey techniques. The chapter then raises a number of important conceptual issues that are relevant with respect to questions of liability, impact, and damages.

## 1. Introduction

Quantitative methods have been described and debated in detail elsewhere by a host of commentators.[1] This chapter provides a brief, critical overview of methodologies that have been used and the range of questions that they address.

Econometrics involves the application of statistics to the quantitative, or empirical measurement of relationships that flow from economic analysis. Multiple regression and other econometric methods have been used frequently in cases brought by the competition authorities and in private litigation. The issues raised include liability, damages, and class certification. Empirical methods can help courts to identify what happened and why. Frequently, this can be accomplished by using a multiple regression analysis that distinguishes among a number of competing factors that Are correlated with (i.e., related to) a fact pattern. The technique allows one to isolate a key relationship or critical influence from other competing explanations. In using multiple regression, it is important to distinguish correlation from causality. Evidence that two variables are correlated does not in itself support the conclusion that the two are causally linked. A central role for econometrics and other quantitative methods is to provide the underlying theoretical support for key propositions involving such issues as relevant

---

* University of California, Berkeley. The author is especially grateful to the coauthors of several prior papers, especially Jonathan Baker, whose ideas had much to do with the views expressed here.

1. *See, e.g.*, Franklin Fisher, *Multiple Regression in Legal Proceedings*, 80 COLUM. L. REV. 702 (1980); Daniel L. Rubinfeld & Peter O. Steiner, *Quantitative Methods in Antitrust Litigation*, 46 L. & CONTEMP. PROBS. 69 (1983); Daniel L. Rubinfeld, *Econometrics in the Courtroom*, 85 COLUM. L. REV. 1048 (1985) [hereinafter *Courtroom*]; Jonathan B. Baker, *Contemporary Empirical Merger Analysis*, 5 GEO. MASON L. REV. 347 (1997); Jerry A. Hausman & Gregory K. Leonard, *Economic Analysis of Differentiated Products Mergers Using Real World Data*, 5 GEO. MASON L. REV. 321 (1997); Jonathan B. Baker & Daniel L. Rubinfeld, *Empirical Methods in Antitrust Litigation: Review and Critique*, 1 AM. L. & ECON. REV. 386 (1999); ABA SECTION OF ANTITRUST LAW, ECONOMETRICS (John Harkrider & Daniel L. Rubinfeld eds., 2005).

Interestingly, the jury awarded $350 million in damages, which was then trebled. However, the identification of the District of Columbia data point as an *outlier* at trial could have undermined the plaintiff's damage case.

## 4. Conclusion

Empirical methods offer powerful tools for understanding what has happened in the past and for simulating the likely effects of alternative scenarios. They can, in consequence, provide valuable information to courts in many areas, including class certification, the assessment of antitrust liability, the evaluation of anticompetitive harms suffered by consumers and producers, and the estimation of antitrust damages.

Because empirical analyses often appear complex to the lay person, there may be a tendency on the part of the courts or others to separate the evaluation of the evidence resulting from these methodologies from other factual evidence. Such a separation is inadvisable. The empirical analysis of data should be combined with an analysis of nonstatistical information. As more nonstatistical information is brought to bear, the systematic empirical evidence can often answer the key questions at issue in litigation more precisely. Conversely, the effort to come to grips with systematic empirical evidence often pays dividends by helping direct the search for nonstatistical evidence in documents or testimony.

It is important to use documents and deposition or oral testimony to confirm the specification of the model being utilized in an empirical study. To do so requires an appropriate mix of historical data, hypotheticals, and assumptions about behavior based on qualitative techniques. While there are important differences between the use of quantitative methods in antitrust and in the academic world, empirical antitrust analysis should draw heavily on the empirical literature in industrial organization economics. The questions raised by antitrust cases, and the data sets uniquely available under such circumstances, can provide a powerful stimulus to the development of new empirical methods, to the benefit of both the academic and the antitrust worlds.