Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:   415-772-4700
Facsimile:   415-772-4707
Email:        lking@kaplanfox.com
              mchoi@kaplanfox.com

*Counsel for Affiliated Foods Plaintiffs Group[1]*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No: 3:15-md-2670-JLS-MDD |
|---|---|
| THIS DOCUMENT RELATES TO: | Hon. Janis L. Sammartino |
| ALL ACTIONS | Declaration of Elana Katcher, Esq. |
| | (PUBLIC VERSION – REDACTED) |

[1] The Affiliated Foods Plaintiffs Group are Affiliated Foods Inc., Alex Lee, Inc., Associated Foods Stores, Inc., Associated Grocers of New England, Inc., Associated Grocers, Inc., Bashas' Inc., Big Y Foods, Inc., Brookshire Brothers, Inc., Brookshire Grocery Company, Certco, Inc., CVS Pharmacy, Inc., Dollar Tree Distribution. Inc., Greenbrier International, Inc., Family Dollar Stores, Inc., Family Dollar Services, LLC., Fareway Stores, Inc., The Golub Corporation, Giant Eagle, Inc., Kmart Corporation, K-VA-T Food Stores, Inc., Mark Glassman, Inc., McLane Company, Inc., Meadowbrook Meat Company, Inc., Merchants Distributors, LLC., Schnuck Markets, Inc., SpartanNash Company, URM Stores, Inc., Western Family Foods, Inc., Woodman's Food Market, Inc., and 99 Cents Only Stores LLC.

## DECLARATION OF ELANA KATCHER

Elana Katcher declares under penalty of perjury as follows:

1.   I am a partner in the law firm of Kaplan Fox & Kilsheimer LLP, and counsel for the Affiliated Foods Plaintiff Group. I submit this declaration in support of plaintiffs' opposition to the motion for summary judgment brought by Lion Capital (Americas), Inc. ("Lion Americas"), Lion Capital LLP ("Lion Capital"), and Big Catch Cayman LP's ("Big Catch").[2] I base this declaration on my personal knowledge of plaintiffs' diligent efforts to obtain discovery from Lion Capital, as well as my personal knowledge of the existing record evidence against the Lion Entities.

## I.   Plaintiffs Have Diligently Pursued Discovery

2.   Plaintiffs efforts to obtain evidence from Lion Capital pre-dates the naming of Lion Capital or Big Catch as defendants. On April 24, 2017 and June 12, 2017, Plaintiffs served Lion Capital with two subpoenas. The April 2017 subpoena sought documents relevant to a then-contemplated merger between Defendants Bumble Bee and Thai Union, while the June 2017 subpoena sought, among other things, communications among competitors concerning the pricing and supply of packaged tuna. True and correct copies of these subpoenas are attached as Exhibits 1 and 2.

3.   During the summer of 2017, plaintiffs and Lion Capital engaged in a meet-and-confer process concerning, among other things, the selection of search terms and custodians. Lion Capital agreed to make a rolling production of documents responsive to plaintiffs' subpoenas, and subsequently produced documents on June 15, 2017, August 4, 2017, and October 4, 2017.

---

[2] Lion Americas joined Lion Capital and Big Catch in their motion for summary judgment. However, because plaintiffs have had an opportunity to obtain discovery from that entity, it is not included in plaintiffs' request for relief under Rule 56(d). In this brief, the terms "Lion" or "the Lion Entities" will be used by plaintiffs to refer collectively to all three defendants."

4.      On October 16, 2017, the Direct Purchaser Class Plaintiffs filed a motion to amend the schedule to add new parties, including the Lion Entities, primarily based on discovery acquired from the Lion Capital. ECF No. 530. Most of the remaining plaintiffs followed with similar motions in the following months. *See, e.g.,* ECF Nos. 724; 769; 811.

5.      Following the filing of the DPPs' motion to amend, Lion Capital produced no additional documents in response to plaintiffs' subpoenas.   After inquiries from plaintiffs, Lion Capital's counsel confirmed that it had suspended its production in reaction to the DPPs' efforts to name the Lion Entities as defendants.

6.      On December 11, 2017, *Bashas' Inc. v. Tri-Union Seafoods LLC*, 17-cv-2487 (S.D. Cal.) was filed as a new non-class direct purchaser action. The *Bashas'* action became the vehicle through which the Lion Entities first became named defendants in this MDL.

7.      On December 21, 2017, plaintiffs filed a motion to compel Lion Capital to comply with their subpoenas. ECF No. 757. Lion Capital opposed the motion on January 8, 2018, asserting, among other things, a lack of personal jurisdiction in the Southern District of California, and potential prejudice that it would suffer if forced to respond to discovery as a nonparty while efforts were ongoing to name it as a defendant. ECF No. 783. Plaintiffs replied on January 12, 2018. ECF No. 789.

8.      On January 17, 2018, Magistrate Judge Dembin denied plaintiffs' motion to compel without prejudice on the grounds that under Federal Rule of Civil Procedure 45(d)(2)(i), the motion should have been filed in the court where compliance was required, *i.e.*, the Central District of California. ECF No. 790.

9.      On March 6, 2018, the Lion Entities and the plaintiffs in *Bashas' Inc. v. Tri-Union Seafoods LLC*, 17-cv-2487 (S.D. Cal.) (the Bashas' Plaintiffs) filed a stipulation in which the Lion Entities agreed to accept service of a complaint while preserving their jurisdictional defenses. ECF No. 864. The Court entered the

1    accompanying proposed Order on March 7, 2018. ECF No. 865.

2         10.    On March 20, 2018, the Bashas' Plaintiffs (along with former plaintiff

3    The Cherokee Nation) served their first set of requests for production ("RFPs") on

4    the Lion Defendants. A re-numbered version of these requests was substituted on

5    April 19, 2018, and a true and complete copy of the re-numbered requests are

6    attached as Exhibit 3. The RFPs consisted of 27 requests, the first eight of which

7    replicated requests previously made in the previously served subpoenas and the

8    remaining 19 requests sought additional material that plaintiffs believed to be

9    relevant to Lion Capital and Big Catch's anticipated jurisdictional challenge to the

10   plaintiffs' complaints.

11        11.    On April 10, 2018, the Court granted the plaintiffs leave to file their

12   amended complaints naming the Lion Entities as defendants. ECF No. 884. Those

13   complaints are filed on April 17, 2018. *See, gen.* ECF Nos. 887-993.

14        12.    On April 20, 2018, all plaintiffs who had filed amended complaints

15   naming the Lion Entities as defendants serve a notice of joinder to the *Bashas'*

16   Plaintiffs' first set of requests for production. On the same date, the Lion Entities

17   and the Bashas' Plaintiffs filed a stipulation setting a briefing schedule for the Lion

18   Entities' forthcoming motion to dismiss. ECF No. 952. In the stipulation, the Lion

19   Entities agreed to begin production of documents relevant to jurisdictional

20   discovery and not subject to outstanding objections by May 2, 2019, and agreed to

21   complete the production of such documents well before the due date of plaintiffs'

22   response to the Lion Entities' motion to dismiss. *Id.*

23        13.    While the Lion Entities agreed to produce jurisdictional discovery,

24   they continued to refuse to produce documents responsive to the first eight RFPs,

25   which included, among other things, requests for documents related to

26   communications among competitors. The Lion Entities maintained their position

27   that they would not produce documents responsive to those requests before a ruling

28   on its motions to dismiss, which were ultimately filed on May 2, 2018 and June 22,

1  2018. ECF Nos. 997-1000; 1248-1249.

2      14.   On May 29, 2018, plaintiffs and the Lion Entities submitted their joint

3  motion for determination of discovery dispute to the Court for resolution by

4  Magistrate Judge Dembin. ECF No. 1125.

5      15.   On June 1, 2018, Magistrate Judge Dembin denied without prejudice

6  plaintiffs' request for merits discovery from the Lion Entities because: "The Lion

7  Entities have not filed an Answer to the complaints and have not participated in a

8  discovery conference under Rule 26(f), Fed. R. Civ. P. Formal discovery as to the

9  Lion Entities has not commenced and no motion for early discovery has been filed

10  and granted."

11      16.   Accordingly, on July 5, 2018, plaintiffs and the Lion Entities

12  submitted to the Court their joint motion for determination of discovery dispute,

13  which presented plaintiffs' request for early discovery from the Lion Entities for

14  resolution by Magistrate Judge Dembin. ECF No. 1261. On July 31, 2018,

15  Magistrate Judge Dembin denied plaintiffs' motion for early discovery, holding

16  that "full-blown merits discovery" was not appropriate before "any of the Lion

17  Entities answer the Complaint and participate in a Rule 26(f) conference, unless

18  the district judge waives the required conference." ECF No. 1316.

19      17.   On August 10, 2018, plaintiffs filed their objection pursuant to

20  Federal Rule of Civil Procedure 72 to Magistrate Judge Dembin's July 31 Order.

21  In the same filing, plaintiffs also requested that the Court waive the Rule 26(f)

22  conference with regard to the Lion Entities. ECF No. 1329. The Court did not set

23  briefing on that objection and did not issue an express ruling on it.

24      18.   On September 5, 2018, the Court granted in part and denied in part the

25  Lion Entities motions to dismiss, finding personal jurisdiction properly pled

26  against all Lion Entities but dismissing Lion Capital and Big Catch for failure to

27  plead a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, the

28  Court found while plaintiffs established a plausible claim that Lion Americas

1    participated in the conspiracy, it found that they had not alleged sufficient facts
2    about the involvement of Lion Capital and Big Catch (although the Court
3    separately ruled that Lion Capital and Big Catch were alter egos). The Court
4    granted plaintiffs leave to replead their claims against Lion Capital and Big Catch.
5    ECF No. 1358.

6        19. On October 5, 2018, plaintiffs file their amended complaints which
7    repleaded their claims against Lion Capital and Big Catch. *See, gen.* ECF Nos.
8    1421-1470.

9        20. On November 2, 2018, the Lion Entities filed a renewed motion to
10   dismiss. ECF No. 1631.

11       21. On November 20, 2018, the Court entered the parties Joint Scheduling
12   Proposal, which set forth a schedule of deadlines for the MDL from the close of
13   deposition discovery through the completion of summary judgment briefing. The
14   Schedule noted in a footnote that the Schedule did not apply to Lion Capital LLP
15   and Big Catch because "Plaintiffs anticipate that once it is determined whether
16   Lion Capital LLP and Big Catch Cayman LLP are parties to this MDL proceeding,
17   and whether the current stay (ECF. Nos. 1361, 1329) as to discovery from Lion
18   Capital LLP, and Big Catch Cayman LP is lifted, Plaintiffs' and Lion's counsel
19   will meet and confer and present a discovery schedule pertaining to these Lion
20   entities." ECF 1699.

21       22. On January 4, 2019, the briefing related to the Lion Entities' renewed
22   motion to dismiss was completed. It has been pending without decision since that
23   time. While document and deposition discovery concerning Lion Americas was
24   completed in accordance with the Court's deadlines, merits discovery with regard
25   to Lion Capital and Big Catch remains stayed pending a decision from the Court
26   on the pending motion to dismiss.

27   **II.    The Specific Facts Relevant to Summary Judgment that Plaintiffs**
28   **Intend To Seek From Lion Capital And The Basis for Believing Such**
     **Facts Exist**

---

23. ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████.[3] These theories are explicated in more detail in plaintiffs' contemporaneously filed opposition to the Lion Entities' summary judgment motion and in plaintiffs' previously-filed opposition to Lion Capital and Big Catch's pending motion to dismiss.

24.   In support of these theories, plaintiffs intend to seek additional evidence from sources that have not yet been made available to plaintiffs for merits discovery; specifically, the documents and testimony of Lion Capital partners familiar with the Bumble Bee investment, including Lyndon Lea. While Lion has made a partial production of documents from Lion Capital and Lyndon Lea in response to plaintiffs' third-party subpoenas and jurisdictional RFPs, the Court has declined to open merits discovery against Lion Capital prior to a decision on the pending motion to dismiss, nor has it permitted plaintiffs to take the deposition of Lyndon Lea.

25. ████████████████████████████████████
████████████████████████████████████████████

---

[3] ████████████████████████████████████████
████████████████████

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5 ▮▮▮▮▮▮

6       26.   The current record suggests that such evidence exists and will further

7 support plaintiffs' claims and contradict Lion's version of events. For example, the

8 Lion Entities assert that while "some Lion (Americas) employees *at one time* held

9 membership interests in Lion LLP, the undisputed evidence shows that these

10 persons were acting in their capacity as Lion (Americas) employees when

11 overseeing the Bumble Bee investment[.]" Lion Br. at 4 (emphasis added). ▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮.

20       27.   The existing record supports the existence of such additional

21 evidence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] According to

23 the existing record, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 _____

25 [4] Stein Decl. Exh. 13 (Lion Capital (Americas), Inc.'s Response and Objections to Plaintiffs' First Set of Requests for Admission).

26

27 [5] Stein Decl. Exh. 62 (Lindberg_0007-0043 at 0019).

28 [6] Stein Decl. Exh. 216 (Lindberg Tr. 58:16-58:20); Stein Decl. Exh. 218 (Capps. Tr. 88:19-89:18).



28. According to documents produced in discovery,

---

[7] Stein Decl. Exh. 216 (Lindberg Tr. 58:3-58:14); Stein Decl. Exh. 218 (Capps. Tr. 88:19-89:18).

[8] Stein Decl. Exh. 217 (Chang Tr. 42:20-43:5).

[9] Stein Decl. Exh. 218 (Capps Tr. 50:15-51:18).

[10] Stein Decl. Exh. 65 (Dep. Exh. 1642 at LION_00039907); Stein Decl. Exh. 217 (Chang Tr. 48:17-57:9); Stein Decl. Exh. 218 (Capps Tr. 96:23-97:12; 114:2-115:11; 161:5-161:17).

[11] Stein Decl. Exh. 218 (Capps Tr. 90:4-90:24; 107:11-109:13; 117:4-138:18); Stein Decl. Exh. 65 (Dep. Exh. 1642 at LION_00039929-36); Stein Decl. Exh. 66 (Dep. Exh. 1756).

[12] Stein Decl. 191 (Dep. Exh. 1645 at LION_00040098-101); Stein Decl. Exh. 218 (Capps Tr. 150:3-165:12).

29.

---

13 *Id.*

14 Stein Decl. Exh. 218 (Capps Tr. 150:3-165:12).

15 Stein Decl. Exh. 191 (Dep. Exh. 1645 at LION_000400101).

16 Stein Decl. Exh. 84 (Dep Exh. 1591).

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████ [17]

5 30. ████████████████████████████████████████████

6 █████████████████████████████████████████████████ █

7 ████████████████████████████████████████████████████

8 ███████████████████████████ █ ████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ██████████████████████████████████ █ ████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████████████

19 31. ████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████ █ ████████████████████████████████████

22

23 [17] Stein Decl. Exh. 218 (Capps Tr. 176:10-178:23); Stein Decl. Exh. 191 (Dep. Exh. 1645 at LION_00040098).

24 [18] Stein Decl. Exh. 216 (Lindberg Tr. 88:18-88:23).

25 [19] Stein Decl. Exh. 217 (Chang Tr. 159:19-160:4; 161:12-162:3; 169:1-172:18);

26 Stein Decl. Exh. 218 (Capps: Tr. 185:19-187:16).

27 [20] Stein Decl. Exh. 88 (LION_00006953).

28 [21] Stein Decl. Exh. 216 (Lindberg Tr. 122:8- 123:5).

1

2

3

4

5

6

7

8

9

10

11

12  .[24]

13  32.

14

15

16

17

18

19

20

21

22  33.

23

24  [22] Stein Decl. Exh. 91 (Dep. Exh. 1597).

25  [23] Id.

26
27  [24] Stein Decl. Exh. 199 (Binotto Tr. 290:17-298:7); Stein Exh. 16 (Dep. Exh. 1216).

28  [25] Stein Decl. Exh. 218 (Capps Tr. 187:18-187:20).



34.     For example, Plaintiffs will also seek discovery about whether Lea

[26] Stein Decl. Exh. 217 (Chang Tr. 99:21-100:14); Stein Decl. Exh. 218 (Capps Tr. 199:1-199:12).

[27] Stein Decl. Exhs. 70-74.

[28] Stein Decl. Exh. 218 (Capps Tr. 317:5-317:20).

[29] Stein Decl. Exh. 128 (Dep. Exh. 1707).

[30] *Id.*; Stein Decl. Exh. 216 (Lindberg Tr. 273:20-276:23).

[31] Stein Decl. Exh. 216 (Lindberg Tr. 287:18-288:16).

[32] Stein Decl. Exh. 217 (Chang Tr. 160:16-161:11).

1  and other Lion Capital partners were aware that—according to record evidence—

2  ████████████████████████████████████████████

3  ████████████████████████████████████████████

4  ████████████████████████████████████████████

5  ████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ████████████████████████████████████████████

9  ████████████████████████████████████████████

10  ██████████ [34] Thus, the records and recollection of Lea and Lion Capital partners

11  other than Lindberg, Chang, and Capps, is relevant to plaintiffs' claims.

12      35. ████████████████████████████████████████████

13  ████████████████████████████████████████████

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22

23  [33] Stein Decl. Exh. 216 (Lindberg Tr. 197:18-212:19); Stein Decl. Exh. 112 (Dep.

24  Exh. 1700); Stein Decl. Exh. 18 (Dep. Exh. 1767).

25  [34] Stein Decl. Exh. 218  (Capps Tr. 254:24-266:21).

26  [35] Stein Decl. Exh. 124 (Dep. Exh. 1663).

27  [36] *Id.*; Stein Decl. Exh. 217 (Chang Dep. 179:5-179:17).

28  [37] Stein Dec. Exh. 4 (Irvin Decl.); Stein Dec. Exh. 125 (Dep. Exh. 1664).



36.

38 Stein Decl. Exh. 217 (Chang Tr. 176:7-185:13); Stein Decl. Exh. 193 (Dep. Exh. 2057); Stein Decl. Exh. 194 (Dep Exh. 2060)

39 Stein Decl. Exh. 218 (Capps Tr. 213:17-216:25; 282:18-315:14).

40 Stein Decl. Exh. 216 (Lindberg Tr. 351:16-352:2); Stein Decl. Exh. 218 (Capps Tr. 292:5-293:25); Stein Decl. Exh. 124 (Dep. Exh. 1663); Stein Decl. Exh. 125 (Dep. Exh. 1664).

41 Stein Decl. Exh. 216 (Lindberg Tr. 256:19-272:5).

42 Katcher Decl. Exh. 5 (Dep. Exh. 1659).

1   37. ████████████████████████████████████████████████

2   ████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████

10  ████████████████████████████████████████████████ [45]

11  38. ████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████

21  ████████████████████████████████████████████

22

23  [43] Katcher Decl. Exh. 195 (Dep. Exh. 1709).

24  [44] Stein Decl. Exh. 130 (Exh. 1710).

25  [45] *Id.*

26  [46] Stein Decl.  Exh. 216 (Lindberg Tr. 303:13-307:22).

27  [47] Stein Decl. Exh. 129 (Dep. Exh. 1606); Stein Decl. Exh. 129 (LION_00046509).

28  [48] *Id.*

39. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ █ ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ .[50]

    I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 7, 2019


_C Kat_____

Elana Katcher

---

[49] Stein Decl. Exh. 138 (LION_00000341).

[50] Stein Decl. Exh. 216 (Lindberg Tr. 322:1-326:3).