# Exhibit 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD |
| This Document Relates to:<br>ALL ACTIONS | **NOTICE OF SUBPOENA** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs will serve a subpoena on third party Lion Capital LLP, 100 Wilshire Boulevard, Los Angeles, CA 90401, Tel.: (310) 800-1000, for the production of documents, to be produced on May 22, 2017 at the office of Kaplan Fox, 124 Wilshire Boulevard, Suite 820, Los Angeles, California 90025.

PLEASE TAKE FURTHER NOTICE that a copy of the subpoena, which includes instructions, definitions and a list of documents for production, is attached hereto.

Dated:  April 24, 2017

Respectfully submitted,

By:   */s/ Douglas H. Patton*
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Douglas H. Patton, Esquire*
Samuel J. Randall, Esquire
Jalaine Garcia, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Fax:  (305) 372-1861
E-mail:  rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
dpatton@knpa.com
srandall@knpa.com
jgarcia@knpa.com

## CERTIFICATE OF SERVICE

I certify that on April 24, 2017, I served a true and correct copy of the foregoing was served via the Electronic Mail to all counsel of record.

By:   */s/ Douglas H. Patton*
Douglas H. Patton

559549.1

---

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In re Packaged Seafood Antitrust Litigation | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.  3:15-md-2670-JLS-MDD

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Lion Capital LLP, 100 Wilshire Boulevard, Los Angeles, CA  90401, Tel.: (310) 800-1000

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A attached hereto.

| Place: Kaplan Fox, 12400 Wilshire Boulevard, Suite 820, Los Angeles, CA  90025; Tel.: (310) 575-8604 | Date and Time:  05/22/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/24/2017

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Direct Action Plaintiffs _____ , who issues or requests this subpoena, are:

Douglas H. Patton, Esq., 1441 Brickell Ave., Suite 1100, Miami, FL  33131, Tel. (305) 373-1000, Email: dpatton@knpa.com

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:15-md-2670-JLS-MDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND RULES OF CONSTRUCTION

1. "Affiliate" means, with respect to any specified Person, any Person that, directly or indirectly (through one or more intermediaries), controls, is controlled by, or is under common ownership with, such specified Person, through one or more intermediaries or otherwise.

2. "Acquisition" means the act acquiring a company or obtaining a controlling interest in a company.

3. Bumble Bee Foods LLC ("Bumble Bee") is a Delaware limited liability company, with its headquarters and principal place of business in San Diego, California. Bumble Bee is defined to include its managers, directors, officers, employees, and agents acting on its behalf.

4. "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

6. "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, electronically stored information ("ESI"), letters, electronic mail, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, facsimile transmissions and receipts,

notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs videotapes, audiotapes, film and sound reproductions, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and mechanical representations of any kind.

7.     "Employee" means, in addition to its ordinary meaning and without limitation, any current or former officer, director, executive, representative, manager, secretary, staff member, or agent.

8.     "Meeting," in addition to its ordinary meaning, includes the contemporaneous presence of two or more natural individuals (whether in person or via any electronic method of Communication, including, but not limited to, all telephonic and computer assisted Communications), whether such presence was by chance or pre-arranged, formal or informal, business or personal, and whether or not such presence occurred in connection with some other activity or purpose.

9.     "Or" is used in the broadest possible sense and requires the broadest possible response.  If, for example, a request calls for information about "A" or "B", you must produce all information about A and all information about B, as well as all information about, collectively, A and B.

10.    "Packaged Seafood Product(s)" means shelf-stable packaged seafood, including but not limited to tuna, clams, crab, mackerel, oysters, salmon, sardines, and shrimp.

11.    "Packaged Seafood Supplier" means any manufacturer or processor of Packaged Seafood, including but not limited to Tri-Union Seafoods, LLC d/b/a Chicken of the Sea International, Thai Union North America, Inc., Thai Union Group Public Company, Ltd. f/k/a

2

Thai Union Frozen Products Public Company Ltd.; King Oscar, Inc.; Bumble Bee Foods, LLC f/k/a Bumble Bee Seafoods, LLC; StarKist Co.; Del Monte Foods Company; Dongwon Industries Co., Ltd.; and Dongwon Enterprises Co., Ltd.

12.     "Tri-Union Seafoods LLC," doing business as Chicken of the Sea International, Inc. ("Chicken of the Sea"), is a limited liability company organized, existing, and doing business under the laws of the State of California, with its headquarters and principal place of business in San Diego, California. Chicken of the Sea is defined to include its managers, officers, employees, and agents acting on its behalf.

13.     Thai Union Group PCL f/k/a Thai Union Frozen Products Public Company Ltd. ("TUG") is a company organized, existing, and doing business in Thailand, with its headquarters located in Amphar Muang, Thailand.  Thai Union North America, Inc., Tri-Union Frozen Products Inc., and Chicken of the Sea are subsidiaries of TUG.

14.     "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, firm, company, joint venture, trust, association, institution, government entity, group or other legal form of legal entity.

15.     "You" or Your" refers to the entire corporate family to which these requests are sent, including all of Your Affiliates.

16.     Any reference to any Person includes all predecessors  or successors in interest of that Person and all principals, agents, former and current Employees, and all other Persons acting on behalf of, or at the  direction of, that Person, including, but not limited to, attorneys.

## **INSTRUCTIONS**

1.      All Documents subject to this subpoena *duces tecum* must be immediately preserved.

2.      Produce all Documents in Your possession, custody, or control that are described in the Requests set forth below.   Such Documents must be   produced in the manner You maintained them in the ordinary course of business.

3.      Unless otherwise stated, the Relevant Time Period is from January 1, 2012 through June 1, 2016.

4.      Any Document attached to another must not be separated.

5.      ESI must be produced: (i) with a load file suitable for loading the data into a litigation   database that defines document breaks, attachments, metadata, and other information (identified   below), and (ii) with a cross-reference file that facilitates or readily enables the linking of the produced TIFF or   native file with a litigation database; specifically, production to be as follows:

   a.      Spreadsheets – To be produced: (i) as a native file, and (ii) with a load file   that readily enables linking the native file to a litigation support database that (for authentication) identifies   the MD-5 hash value of each file.

   b.      Standard Office File Forms (*e.g.* Emails, Word Processing Documents, Presentations) – To be produced: (i) in TIFF format, and (ii) with metadata and text   searchable information extracted from the native file and produced as fielded metadata.   Family relationships among email and attachments must be maintained.

4

6.      Pursuant to the Fed. R. Civ. P. 26(b)(5), if You withhold any  Document responsive to these Requests based upon a claim of privilege or the attorney-work-product doctrine, then You must state separately for each such Document: (a) the type  (*e.g*.,  letter, memorandum, electronic mail, report, recording disc, etc.); (b) the general subject matter; (c) the date; (d) its author; (e) its addressees, if any; (f) any other recipients; (g) the relationship of the author, addressees, and recipients to each other; (h) the author's title or position; and (i) the basis for the privilege objection.

7.      Each Document requested must be produced in its entirety and without deletion, redaction, or excision, except as qualified for privileged Documents in Instruction 6 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Requests.  If You redact any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document that You redact. Any redactions to Documents produced must be identified in accordance with Instruction 6.

8.      These are continuing Requests pursuant to Fed. R. Civ. P. 26(e) that require You to supplement Your responses promptly and produce any later discovered responsive Documents up to the day of trial.

9.      There is a Protective Order in this case. A copy is attached as Exhibit 1.

## REQUESTS FOR PRODUCTION

## REQUEST NO. 1

All Documents including reports, studies, and analyses Concerning the product market or geographic market for Packaged Seafood Products that You received or prepared in connection with TUG's proposed Acquisition of Bumble Bee.

**<u>REQUEST NO. 2</u>**

All Documents including reports, studies, and analyses Concerning the pricing or supply of Packaged Seafood Products that You received or prepared in connection with TUG's proposed Acquisition of Bumble Bee.

**<u>REQUEST NO. 3</u>**

All Documents Concerning any oral or written  Communications received by You, made by You, or made by anyone on your behalf, with, any governmental entity, including but not limited to the Federal Trade Commission and the Department of Justice, in any way related to TUG's proposed Acquisition of Bumble Bee.

**<u>REQUEST NO. 4</u>**

All Documents Concerning any Communications between You and TUG, Chicken of the Sea and any of their affiliates in any way related to TUG's proposed Acquisition of Bumble Bee.

558555.1



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD) **ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** (ECF No. 173) |

Presently before the Court is the parties' Joint Motion for Entry of Protective Order. (ECF No. 173.) Good cause appearing, the parties' Joint Motion is hereby **GRANTED**. The Court incorporates by reference the terms of the Joint Motion for Entry of Protective Order, ECF No. 173.

**IT IS SO ORDERED.**

Dated: July 19, 2016

Hon. Janis L. Sammartino
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PACKAGED SEAFOOD ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD |
| | MDL No. 2670 |
| This Document Relates To: | **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| ALL ACTIONS. | Judge:  Hon. Janis L. Sammartino |

1   WHEREAS, disclosures and discovery in this Action are likely to involve
2   production of Documents and/or information containing trade secrets or other
3   confidential research, proprietary, development or commercial information within
4   the meaning of Fed. R. Civ. P. 26(c)(1)(G), or other private or competitively
5   sensitive information for which protection from public disclosure and from use for
6   any purpose other than litigating this Action is warranted, and in acknowledgment
7   that this Order does not confer blanket protections on all disclosures or responses
8   to discovery and that the protection it affords from public disclosure and use
9   extends only to the limited information or items that are entitled to confidential
10  treatment under the applicable legal principles;

11  THEREFORE, the Parties, by and through their respective undersigned
12  counsel of record, hereby stipulate to and petition the Court to enter the following
13  Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c):

## I.   DEFINITIONS

15  Capitalized terms shall have the meanings ascribed to them in this
16  Definitions Section.

17  1.   "Action" means the above-captioned litigation, *In re Packaged
18  Seafood Antitrust Litigation*, Case No. 3:15-md-02670-JLS-MDD, which is
19  currently pending in the United States District Court for the Southern District of
20  California, and includes all related actions transferred by the Judicial Panel for
21  Multidistrict Litigation for coordination, pending such transfer (including but not
22  limited to "tag-along" actions), and that may be transferred in the future.

23  2.   "Confidential Information" shall refer collectively to all Discovery
24  Materials designated "Confidential" or "Highly Confidential."

25  3.   "Confidentiality Designation" means the Document's designation as
26  "Confidential" or "Highly Confidential" pursuant to this Order.

27  4.   "Counsel" (without qualifier) means In-House Counsel and Outside
28  Counsel who represent a Party in this Action.

5.     "Designating Party" means a Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential."

6.     "Disclose" means to show, give, produce, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

7.     "Discovery Material(s)" means all information, regardless of the medium or manner generated, stored, or maintained – including (without limitation) Documents, testimony, transcripts, or tangible things – that is produced in, or created for the purpose of, disclosures or responses to discovery in this Action.

8.     "Document" carries its broadest meaning consistent with Federal Rule of Civil Procedure 34, and includes both ESI and paper or hard copy documents.

9.     "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

10.     "Expert" means a person who has specialized knowledge or experience in a matter pertinent to this Action – including his or her employees and support personnel, and including firms (and their employees) whose normal business includes the provision of support services to expert witnesses – who is not an employee of a Party, and who has been retained by a Party or its Counsel to serve as an expert witness or an expert consultant, including without limitation a professional jury or trial consultant retained in connection with this Action.

11.     "Highly Confidential" means confidential Discovery Material that a Designating Party believes reasonably and in good faith to be of a highly-sensitive commercial nature, such as Documents or information reflecting, containing, or derived from current confidential trade secrets, research, or development, pricing, production, cost, marketing, or customer information – the disclosure of which could create an elevated risk of commercial or competitive harm.

12.    "In-House Counsel" means attorneys who are employees of a Party to this Action and non-attorney legal managers as well as their Support Staff who work in the Legal Department of a Party to this Action. In-House Counsel does not include Outside Counsel or any other outside law firms or legal advisors.

13.    "Order" means this Stipulated Protective Order.

14.    "Outside Counsel" means the attorneys and paralegals who are not employees of any Party (as well as their Support Staff) and who represent a Party in this Action. In-house counsel and/or any employees of any Party are not "Outside Counsel."

15.    "Party" or "Parties" means any party to this Action – including each Party's current and former owners, related corporate entities, officers, directors, and employees, and each Party's retained Experts and Outside Counsel.

16.    "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

17.    "Producing Party" means a Party or non-party that produces Discovery Material in this Action.

18.    "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential."

19.    "Receiving Party" means a Party or non-party that receives Discovery Material from a Producing Party in this Action.

20.    "Support Staff" means litigation support personnel who are employed by, hired by, or retained by Counsel, Experts, and Vendors to provide administrative, secretarial, technical, or logistical support (*e.g.*, photocopying, videotaping, transcribing oral testimony, translating, preparing exhibits or demonstrations, and collecting, organizing, storing, or retrieving Documents or data in any form or medium) in connection with this Action.

21.   "Vendor" means outside persons or entities that are retained to provide litigation support services and their employees and subcontractors.

## II.   DESIGNATING PROTECTED MATERIAL

22.   The Producing Party may designate Documents, ESI or other materials "Confidential" or "Highly Confidential" as specified below.   The Producing Party shall apply a Confidentiality Designation only when that party has a reasonable, good faith belief that the information so designated constitutes "Confidential" or "Highly Confidential" material, as defined herein. The protections conferred by this Order cover not only the Confidential Information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might Disclose Protected Material to persons not authorized to receive such material.

23.   **Designating "Confidential" Material**.  Any Party to this Action and any third-party or non-party producing Documents or providing testimony in this Action shall have the right to designate as "Confidential" and subject to this Order any information, Document, or thing, or portion of any Document or thing that the Designating Party reasonably and in good faith believes: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales, research, development or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third-parties; or (d) contains information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

24.   **Designating "Highly Confidential" Material**.   Any Party to this Action and any third-party or non-party producing Documents or providing testimony in this Action shall have the right to designate as "Highly Confidential" and subject to this Order any information, Document, or thing, or portion of any Document or thing that the Designating Party reasonably and in good faith believes

1   contains highly sensitive business information, the disclosure of which is highly

2   likely to cause significant harm to the business or competitive position of the

3   Designating Party.

4       25.    **Manner and Timing of Designations**.  Except as otherwise provided

5   in this Order, or as otherwise stipulated or ordered, material that a Party wishes to

6   be treated as "Confidential" or "Highly Confidential" must be designated for

7   protection under this Order by clearly designating the material before it is

8   Disclosed or produced.  The designation of materials as "Confidential" or "Highly

9   Confidential" shall be made as follows:

10          (a)    for produced Documents, by imprinting the word(s)

11  "Confidential" or "Highly Confidential" on the face of each page of a Document so

12  designated;

13          (b)    for written discovery responses, by imprinting the word(s)

14  "Confidential" or "Highly Confidential" next to or above any response to a

15  discovery request or on each page of a response;

16          (c)    for depositions, by indicating on the record at the deposition

17  which portions of the transcript and/or responses should be treated as

18  "Confidential" or "Highly Confidential."  Alternatively, within thirty (30) days of

19  receipt of a transcript or recording of a deposition or other pretrial or trial

20  proceeding, the Designating Party may designate such transcript or recording or

21  any portion thereof as "Confidential" or "Highly Confidential" by notifying the

22  court reporter and all parties, in writing, of the specific pages and lines of the

23  transcript or recording that should be treated as "Confidential" or "Highly

24  Confidential."  Transcript pages containing Protected Material must be separately

25  bound by the court reporter, who must affix to the top of each such page the

26  legend "Confidential" or "Highly Confidential," as instructed by the Designating

27  Party.  Any transcript that is prepared before the expiration of a 30-day period for

28  designation shall be treated during that period as if it had been designated

1  "Confidential" in its entirety unless otherwise agreed. After the expiration of that
2  30-day period, the transcript shall be treated only as actually designated;

3          (d)    for ESI, either by imprinting the word "Confidential" or
4  "Highly Confidential" on any disk or storage medium, or on the face of each page
5  of a Document so designated, or by designating the production as "Confidential" or
6  "Highly Confidential" in the transmittal cover letter;

7          (e)    for non-paper media (*e.g.*, videotape, DVD, etc.) by labeling the
8  outside of such non-paper media as "Confidential" or "Highly Confidential." In
9  the event a Receiving Party generates any electronic copy, "hard copy,"
10  transcription, or printout from any such designated non-paper media, such
11  Receiving Party must treat each copy, transcription, or printout with the same
12  designation and label it in manner effective to ensure proper treatment.

13  **III.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

14      26.    All Discovery Material produced in this Action shall be used by the
15  Receiving Party solely for purposes related to the prosecution or defense of this
16  Action and shall not be used by the Receiving Party for any business, commercial,
17  competitive, personal, private or other purpose.

18      27.    Protected Material shall not be Disclosed by the Receiving Party to
19  anyone other than those set forth in Paragraphs 28 and 29, unless as otherwise
20  authorized herein.

21      28.    Unless otherwise ordered by the Court or permitted in writing by the
22  Designating Party, material designated "Confidential" may be disclosed by a
23  Receiving Party only to the following individuals under the following conditions:

24          (a)    Counsel for the Parties (including both In-House Counsel and
25  Outside Counsel) and their Support Staff, provided that In-House Counsel and
26  their Support Staff have signed a non-disclosure agreement in the form attached as
27  Exhibit A;

28          (b)    Experts and their Support Staff for purposes reasonably related

1    to the scope of the Expert's work in this Action, provided they have signed a non-

2    disclosure agreement in the form attached as Exhibit A;

3              (c)    The Court and Court personnel;

4              (d)    Any Person who was either an author or recipient of the

5    Document or information in question as indicated on the face of the Document;

6              (e)    Any natural person who is specifically identified by name in the

7    Document or whose conduct or communications are substantially described in the

8    Document;

9              (f)    Any current employee of the Designating Party or Producing

10   Party who has an authorized right of access to the Document(s) in the ordinary

11   course of his or her employment;

12             (g)    Vendors and their Support Staff retained by or for the Parties to

13   assist in preparing for pretrial discovery, trial or hearings including, but not limited

14   to, litigation support personnel, court reporters, videographers, jury consultants,

15   mock jurors, focus group participants, individuals to prepare demonstrative and

16   audiovisual aids for use in the courtroom or in depositions or mock jury sessions,

17   as well as their Support Staff, stenographic, and clerical employees whose duties

18   and responsibilities require access such materials, provided that (i) Vendors and

19   their Support Staff retained by In-House Counsel and (ii) interpreters or translators

20   have signed a non-disclosure agreement in the form attached as Exhibit A; and

21   provided that mock jurors and focus group participants have agreed in writing to

22   language substantially similar to that set forth in Exhibit B;

23             (h)    Private arbitrators and mediators involved in resolving disputes

24   over claims in the Action, provided they have signed a non-disclosure agreement in

25   the form attached as Exhibit A;

26             (i)    In the case of Parties that are corporations or other business

27   entities, managers, and executives who are required to participate in decisions with

28   reference to this lawsuit with disclosure only to the extent reasonably necessary for

JOINT MOTION FOR PROTECTIVE ORDER                                    Case No. 15-md-02670

1  the Party's participation in the Action as determined in good faith by Outside
2  Counsel, provided the individuals have signed non-disclosure agreements in the
3  form attached as Exhibit A;

4         (j)    An individual named plaintiff, with disclosure only to the
5  extent reasonably necessary for the named plaintiff's participation in the case as
6  determined in good faith by plaintiff's counsel, provided the named plaintiff has
7  signed a non-disclosure agreement in the form attached as Exhibit A; and

8         (k)    Any other Person as to whom the Designating Party consents to
9  such disclosure.

10      29.    Unless otherwise ordered by the Court or permitted in writing by the
11  Designating Party, material produced and marked as "Highly Confidential" may be
12  disclosed by a Receiving Party only to the following individuals under the
13  following conditions:

14         (a)    Outside Counsel for the Parties and their Support Staff;

15         (b)    Experts and their Support Staff for purposes reasonably related
16  to the scope of the Expert's work in this Action, provided they have signed a non-
17  disclosure agreement in the form attached as Exhibit A;

18         (c)    The Court, jurors, and Court personnel;

19         (d)    Any Person who was either an author or recipient of the
20  Document or information in question before it was disclosed in the Action, as
21  indicated on the face of the Document;

22         (e)    Any natural person who is specifically identified by name in the
23  Document, or whose conduct or communications are substantially described in the
24  Document, and in such cases limited to that portion of the Document or
25  information relating to such conduct or communication;

26         (f)    Any current employee of the Designating Party or Producing
27  Party who has an authorized right of access to the Document(s) in the ordinary
28  course of his or her employment;

(g)     Vendors retained by Outside Counsel for the Parties to assist in preparing for pretrial discovery, trial or hearings including, but not limited to, litigation support personnel, court reporters, videographers, jury consultants, mock jurors, focus group participants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their Support Staff, whose duties and responsibilities require access such materials, provided that mock jurors and focus group participants have agreed in writing to language substantially similar to that set forth in Exhibit B;

(h)     Private arbitrators and mediators involved in resolving disputes over claims in the Action, provided they have signed a non-disclosure agreement in the form attached as Exhibit A; and

(i)     Any other Person as to whom the Designating Party consents to such disclosure.

30.     "Confidential" and "Highly Confidential" material shall be used only by individuals permitted access to it under Paragraphs 6 and 7, respectively. "Confidential" and "Highly Confidential" material, copies of such material, and the information contained within, shall not be Disclosed in any manner to any other Person until and unless (a) Outside Counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

31.     Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of: (a) its own information; (b) information that was in the public domain at the time of its disclosure to a Receiving Party; (c) information that becomes part of the public domain after its production to a Receiving Party as a result of publication not involving a violation of this Order, or (d) information that lawfully came into the possession of the Party independent of any disclosure or discovery in this Action.

## IV.  ATTORNEY RENDERING ADVICE

32.  Nothing in this Order will bar or otherwise restrict Counsel for a Party from giving advice and opinions to his or her client solely relating to the Action based on his or her evaluation of "Highly Confidential" material, provided that such advice and opinions shall not reveal the specific content of such "Highly Confidential" material if such disclosure is not otherwise permitted under this Order.

## V.  UNDERTAKING

33.  Each person who signs the non-disclosure agreement in the form attached as Exhibit A shall subject herself or himself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

## VI.  SAFEGUARDING PROTECTED MATERIAL

34.  The recipient of any "Confidential" or "Highly Confidential" material that is produced under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care over such material as with respect to its own Protected Material.

## VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

35.  A Party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during the course of this Action.

36.  If Counsel for a Receiving Party objects to a Confidentiality Designation by a Designating Party in whole or in part, the following procedure shall apply:

(a)  Counsel for the objecting party shall serve on the Designating Party a written objection to such Confidentiality Designation, which shall describe with particularity the Documents or information in question and shall state the

grounds for objection and that the challenge to the Confidentiality Designation is being made in accordance with this paragraph of the Order. The written notice of objection to the Confidentiality Designation may be served via email addressed to all counsel of record for the Designating Party.

(b)     Counsel for the objecting party and the Designating Party shall confer in good faith in an effort to resolve the dispute. Counsel for the objecting party and the Designating Party must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within five (5) business days of service of the written notice.

(c)     If counsel for the Objecting Party and the Designating Party are unable to resolve the dispute, Counsel for the Designating Party shall respond in writing to such objection within ten (10) business days of service of the written objection and shall state with particularity the grounds for asserting that the Document or information is "Confidential" or "Highly Confidential."

(d)     If a dispute as to a "Confidential" or "Highly Confidential" Confidentiality Designation of a Document or item of information cannot be resolved by agreement, the Parties are to consult and follow the otherwise applicable rules regarding discovery disputes, and the Designating Party shall have the burden of establishing the propriety of its designation. The Document or information that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

## VIII. FILING PROTECTED MATERIAL

37.     To the extent any filings with the Court incorporate Documents or information containing "Confidential" or "Highly Confidential" material, the Party filing such papers shall designate such materials as "Confidential" or "Highly Confidential," and file the Documents under seal pursuant to a procedure agreed upon by the Court and the Parties, or, in the absence of such an agreement, pursuant to the requirements of the Local Rules of the United States District Court

1  for the Southern District of California, including Civil Local Rule 79.2(c), and all
2  other applicable Court rules.  To the extent a Party, in connection with a motion
3  seeking leave to file materials under seal, furnishes the Court with copies of
4  materials to be filed under seal, the Party will simultaneously provide counsel to
5  the Parties with a courtesy copy of the unredacted versions of any materials for
6  which the Party is seeking sealing treatment.  Unless the Court orders otherwise,
7  "Confidential" material to be presented to be Court shall be labeled
8  "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER OF
9  THE COURT" and "Highly Confidential" material to be presented to the Court
10  shall be labeled "HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO
11  PROTECTIVE ORDER OF THE COURT."  Filing under seal will be without
12  prejudice to any Party's right to argue to the Court that such Document is not
13  "Confidential" or "Highly Confidential" material and need not be preserved under
14  seal and any Party that objects to filing "Confidential" or "Highly Confidential"
15  material presented to the Court under seal remains free to file a motion or
16  application so objecting.

17  **IX.  USE OF PROTECTED MATERIAL IN HEARINGS**

18  38.    If Counsel intends to introduce into evidence at any pre-trial hearing
19  any Document or transcript containing Confidential or Highly Confidential
20  material produced by another Party or by a third party, they shall provide advance
21  notice to the Designating Party of such intention.  Counsel's advanced notice need
22  not identify to the Designating Party the specific Protected Material to be
23  introduced.  The Designating Party may seek an order that Confidential or Highly
24  Confidential Document(s) or transcript(s) be granted *in camera* treatment by filing
25  an appropriate motion with the Court within four (4) business days after it receives
26  such notice.  Except where such an order is granted, all Documents and transcripts
27  shall be part of the public record.  Nothing in this paragraph shall be construed to
28  limit the Parties' arguments regarding public access to Court proceedings or

records. Where *in camera* treatment is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

39. The terms of this Order shall only apply to pre-trial proceedings in this Action and do not preclude, limit, restrict or otherwise apply to the use of Documents at trial. The Parties agree to confer in good faith on a protective order to govern during the trial(s) of this Action; however, this Order shall remain in effect until an order to govern trial proceedings is entered.

40. Neither this Order nor the Disclosure of Protected Materials shall be deemed a concession or determination of the relevance, materiality, or admissibility of Protected Material governed by or Disclosed under this Order.

## X. INADVERTENT DISCLOSURES OR FAILURES TO DESIGNATE

41. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of "Confidential" or "Highly Confidential" material that should have been designated as such, regardless of whether the information, Document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, Document or thing disclosed or as to any material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all Parties to whom the material was disclosed that the material should have been designated "Confidential" or "Highly Confidential" within a reasonable time after discovery of the disclosure. Such notice shall constitute a Confidentiality Designation of the information, Document or thing as "Confidential" or "Highly Confidential" under this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as "Confidential" or "Highly Confidential."

42.     To the extent provided by Federal Rule of Evidence 502, production made pursuant to this Order shall not result in a waiver of the attorney-client privilege or work-product doctrine ("privileged material"). This Order is without prejudice to a Party's right to assert the attorney-client, attorney work-product protection, or any other privilege or objection. If any privileged material is inadvertently produced in this matter, the Producing Party may claim it back by requesting return in writing, stating that the production was inadvertent. Within five (5) business days upon receipt of such written notice, the Receiving Party shall confirm in writing that it has either (1) returned the items identified and destroyed any copies which were made or (2) immediately sequestered the material in question and provide the party making the claim of inadvertent disclosure notice that the Receiving Party intends to challenge the material as not privileged or not inadvertently produced. This paragraph does not restrict the right of the Receiving Party to challenge the Producing Party's claim of privilege.

43.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any Person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the Person(s) to whom unauthorized disclosures were made of the terms of this Order; (d) request such Person(s) to execute a non-disclosure agreement in the form attached as Exhibit A.

## XI.    LEGAL PROCESS

44.     If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly

Confidential", the Receiving Party must provide prompt written notice to the original Designating Party. The purpose of requiring this notice is to afford the Designating Party an opportunity to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Confidential Information. Other than obligating a Receiving Party to so notify the Designating Party, this Order is not intended to affect a Party's (or third-party's or non-party's) obligation to respond to such a subpoena or request.

## XII. MODIFICATION

45. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

46. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

## XIII. DURATION

47. This Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

## XIV. FINAL DISPOSITION

48. Within 60 days of the termination of this Action between the Parties, including final appellate action or the expiration of time to appeal or seek further review, each Party or other individual subject to the terms of this Order shall be under an obligation to assemble and return to the originating source, or destroy all originals and unmarked copies of Documents and things containing "Confidential" or "Highly Confidential" material. Notwithstanding the above requirements to return or destroy Documents, Counsel may retain for archival purposes complete copies of all transcripts and pleadings including any exhibits attached thereto,

1  subject to the provisions of this Order. If the Receiving Party destroys
2  "Confidential" or "Highly Confidential" documents in lieu of return, Counsel shall
3  certify the destruction and provide a copy of the certification to the Producing
4  Party.

5

6       IT IS SO STIPULATED.

7

8

9

10

11  DATED: June 7, 2016

12

13  LATHAM & WATKINS LLP                    KENNY NACHWALTER, P.A.

14

15  By: /s/ Belinda S Lee                   By: /s/ William J. Blechman
        Daniel M. Wall                          Richard Alan Arnold, Esquire
16      (Cal. Bar No. 102580)                   William J. Blechman, Esquire
        Belinda S Lee                           Kevin J. Murray, Esquire
17      (Cal. Bar No. 199635)                   Douglas H. Patton, Esquire
        Niall E. Lynch                          Samuel J. Randall, Esquire
18      (Cal Bar No. 157959)                    Jalaine Garcia, Esquire
        Ashley M. Bauer                         1441 Brickell Avenue
19      (Cal. Bar No. 231626)                   Suite 1100
        505 Montgomery Street, Suite 2000       Miami, Florida 33131
20      San Francisco, CA 94111-6538            Tel: (305) 373-1000
        Tel: (415) 391-0600                     Fax: (3015) 371-1861
21      Fax: (415) 395-8095                     Email: rarnold@knpa.com
        E-mail: Daniel.Wall@lw.com                     wblechman@knpa.com
22              Belinda.Lee@lw.com                      kmurray@knpa.com
                Niall.Lynch@lw.com                      dpatton@knpa.com
23              Ashley.Bauer@lw.com                     srandall@knpa.com
                                                        jgarcia@knpa.com
24  **Counsel for Defendant StarKist Co.**

25                                          **Liaison Counsel for Direct Action**
                                            **Plaintiffs**
26

27

28

| | | |
|---|---|---|
| 1 | O'MELVENY & MYERS LLP | HAUSFELD LLP |
| 2 | By: /s/ Edward D. Hassi | By: /s/ Bonny E. Sweeney |
| 3 | Edward D. Hassi, Esquire<br>Julia A. Schiller, Esquire | Bonny E. Sweeney, Esquire<br>(Cal. Bar No. 176174)<br>Michael P. Lehmann, Esquire |
| 4 | Courtney C. Byrd, Esquire<br>1625 Eye Street, NW<br>Washington, D.C. 20006 | (Cal. Bar No. 77152)<br>Christopher L. Lebsock, Esquire |
| 5 | Tel: (202) 383-5300<br>Fax: (202) 383-5414 | (Cal. Bar No. 184546)<br>600 Montgomery Street |
| 6 | Email: ehassi@omm.com<br>  jschiller@omm.com | Suite 3200<br>San Francisco, CA 94111 |
| 7 | cbyrd@omm.com | Tel: (415) 633-1908<br>Fax: (415) 358-4980 |
| 8 | **Counsel for Defendant Bumble Bee**<br>**Foods, LLC** | E-mail: bsweeney@hausfeld.com<br>  mlehmann@hausfeld.com<br>  clebsock@hausfeld.com |
| 9 | | |
| 10 | | **Interim Lead Counsel for Direct**<br>**Purchaser Plaintiffs** |
| 11 | BUCHANAN INGERSOLL & ROONEY LLP | By: /s/ Jonathan W. Cuneo |
| 12 | By: /s/ John Roberti | Jonathan W. Cuneo, Esquire<br>Joel Davidow, Esquire |
| 13 | John Roberti, Esquire<br>(admitted pro hac vice) | Daniel M. Cohen, Esquire<br>507 C Street, N.W.<br>Washington, D.C. 20002 |
| 14 | Erik Raven-Hansen, Esquire<br>(admitted pro hac vice) | Tel: (202) 789-3960<br>Fax: (202) 589-1813 |
| 15 | John Terzaken, Esquire<br>(admitted pro hac vice) | E-mail:<br>  joel@cuneolaw.com |
| 16 | ALLEN & OVERY LLP<br>1101 New York Avenue N.W.<br>Washington, D.C. 20005 | danielc@cuneolaw.com |
| 17 | Tel: (202) 683-3800<br>Fax: (202) 683-3999 | Michael J. Flannery, Esquire<br>(Cal. Bar No. 196266) |
| 18 | Email: john.roberti@allenovery.com | 7733 Forsyth Boulevard<br>Suite 1675 |
| 19 | erik.raven-hansen@allenovery.com<br>john.terzaken@allenovery.com | St. Louis, MO 63105<br>Tel: (314) 226-1015 |
| 20 | Robert J. Parks, Esquire | Fax: (202) 789-1819<br>E-mail: |
| 21 | (Cal. Bar No. 103014)<br>Keith R. Solar, Esquire | mflannery@cuneolaw.com |
| 22 | (Cal. Bar No. 120741)<br>600 West Broadway, Suite 1100 | Benjamin David Elga, Esquire<br>Taylor Asen, Esquire |
| 23 | San Diego, CA 92101-3387<br>Tel: (619) 239-3898 | 16 Court Street, Suite 1012<br>Brooklyn, NY 11241 |
| 24 | Fax: (619) 702-3898<br>Email: robert.parks@bipc.com | Tel: (202) 789-3960<br>Fax: (202) 589-1813 |
| 25 | keith.solar@bipc.com | E-mail: belga@cuneolaw.com<br>  tasen@cuneolaw.com |
| 26 | | |
| 27 | **Counsel for Defendants Tri-Union**<br>**Seafoods LLC and King Oscar, Inc.** | **Interim Lead Counsel for Indirect**<br>**Purchaser Commercial Food** |
| 28 | | **Preparer Plaintiffs** |

1  WOLF HALDENSTEIN ADLER FREEMAN &
   HERZ LLP
2

3  By:  /s/ Betsy C. Manifold
        Betsy C. Manifold
4        Rachele R. Rockert
        Symphony Towers
5        750 B Street, Suite 2770
        San Diego, CA  92101
6        Tel:  (619) 239-4599
        rmanifold@whafh.com
7

8  *Interim   Lead   Counsel   for   Indirect*
9  *Purchaser End Payer Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [PRINT OR TYPE FULL NAME], of _____

_____

[PRINT OR TYPE FULL ADDRESS], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California in the case *In re Packaged Seafood Antitrust Litigation*, Case No: 3:15-md-2670-JLS-MDD.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not Disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _

Printed Name:

City and State where sworn and signed:

Signature

1

# **EXHIBIT B**

2
3
4

I understand that the information that I receive and documents that I see in connection with this [mock jury or focus group] may contain confidential or highly confidential information ("Protected Material").

5
6

I have been informed that there is a Court Order that prohibits the disclosure of this Protected Material.

7
8

I agree to keep this Protected Material confidential and I will not use it for any purpose other than the [mock jury or focus group].

9
10

I will not disclose or discuss this Protected Material in any manner to any person or entity, except as part of the [mock jury or focus group].

11
12

I understand that I am not permitted to retain copies of or notes reflecting any Protected Material and I will not keep any such writings.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## ECF CERTIFICATION

I, William J. Blechman, hereby certify that the content of this joint motion is acceptable to all parties who are required to sign this joint motion.

## CERTIFICATE OF SERVICE

I certify that on June 7, 2016, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system, and also served counsel of record via this Court's CM/ECF system.

DATED: June 7, 2016

By: */s/ William J. Blechman*

***Counsel for Kroger Plaintiffs and Liaison Counsel for Direct Action Plaintiffs***