UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>The Commercial Food Preparer Actions | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE COMMERCIAL FOOD PREPARERS' MOTIONS FOR (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) APPROVAL OF CLASS ACTION NOTICE PLAN**<br><br>(ECF Nos. 1910, 2044) |

Pending before the Court in this class action alleging conspiracy to fix prices of packaged seafood is an unopposed motion filed by the Commercial Food Preparer Plaintiffs ("CFPs") requesting preliminary approval of class action settlement with Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (together, "COSI"). (CFPs' Mot. for Prelim. Approval of Proposed Settlement with COSI and Provisional Certification of Settlement Class ("Settlement Approval Motion"), ECF No. 1910.) CFPs' claims against two other groups of Defendants, Bumble Bee Foods LLC, Lion Capital LLP, Lion Capital (Americas), Inc. and Big Catch

Cayman LP (together, "Bumble Bee"), as well as StarKist Company and Dongwon Industries Co. Ltd. (together, "StarKist"), are not included in the proposed settlement. Also pending before the Court is CFPs' motion to approve a class action notice plan, which includes notice of settlement with COSI. (CFPs' Mot. to Approve Notice Plan ("Class Notice Motion"), ECF No. 2044.)

Currently pending before the Ninth Circuit Court of Appeals is Defendants' appeal of the Order Granting Motions for Class Certification. (*See* ECF Nos. 1931, 1935, 2247.) Defendants notified the Court that their appeal does not address CFPs' Settlement Approval Motion, they do not intend to seek a stay with regard to this motion, and do not object if the Court rules on the pending appeal. (Defs' Notice Pursuant to Paragraph 5 of Ct. Order Following Jan. 7, 2020 Status Conference, ECF No. 2257.) CFPs and COSI notified the Court that they are in agreement. (Notice of Stipulation to Revise Settlement Notice Plan and Req. Adjudication of Mot. for Prelim. Approval of Settlement ("Notice Stipulation") 2, ECF No. 2258.) Accordingly, the Court considers CFP's Settlement Approval Motion notwithstanding the pendency of appeal.

CFPs' Settlement Approval Motion is denied for the following reasons:

1. The motion is not accompanied by any declaration in support of its factual assertions, including the assertion that the settlement was negotiated at arm's length. Several factual issues must be considered to eventually approve the settlement. *See* Fed. R. Civ. P. 23(e)(2); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The Court is reluctant to grant a motion for preliminary approval and allow a notice of settlement to be distributed to the CFP class in the absence of any evidentiary support that the settlement likely will be approved.

2. It is not apparent that the settlement provides adequate relief to the class. *See* Fed. R. Civ. P. 23(e)(2)(C).

The settlement provides for payment of $6.5 million from COSI to be distributed as follows: (1) $3 million for attorneys' fees; (2) $2 million for costs and expenses; and (3) the remainder to the CFP class. (Mem. of P.&A. in Supp. of CFPs' Settlement Approval

Mot. ("P.&A.") 7, 10, ECF No. 1910-1; Settlement Agreement ("Settlement") ¶¶ 17, 27, 32, ECF No. 1910-2.)  It is not clear if $500,000 for notice and tax expenses is included in the $2 million for costs and expenses.  It is also not clear if the incentive awards totaling $180,000 are in addition to $2 million for costs and expenses. (*Cf.* P.&A. 9; Settlement ¶ 37(a).)  After attorneys' fees, costs and expenses, the settlement would provide at most $1.5 million for distribution to the CFP class.

Based on the damages report prepared by CFPs' expert, the gross settlement amount is approximately one-third of the damages CFPs attribute to COSI.  (*See* Expert Report of Michael A. Williams, Ph.D. ("Report") 41, ECF No. 1141-1.)  Assuming that $2 million in costs and expenses includes notice, investment, and tax expenses, but not the incentive awards, a rough calculation suggests the CFP class members will collectively receive approximately 6.85% of the damages they attribute to COSI.  This seems a modest amount considering that in criminal antitrust proceedings COSI admitted to price-fixing, thus essentially conceding liability in this action for civil damages.  Nevertheless, CFPs provide no discussion of the weaknesses of their claims, strengths of COSI's defenses, collection difficulties, or other relevant circumstances to justify the modest recovery. *See* Fed. R. Civ. P. 23(e)(2)(C)(i).

Furthermore, except under certain conditions, the settlement precludes CFPs from settling with other Defendants for a lesser sum.[1]  (Settlement ¶ 28.)  This is an unreasonable provision because the proposed settlement with COSI is for a relatively modest amount and the damages CFPs claim were caused by Bumble Bee and StarKist are significantly lower than the damages caused by COSI.  (*See* Report 41.)

///

---

[1]  One such exception is "if the settling Defendant seeks bankruptcy protection and/or is in bankruptcy or reorganization at the time of the settlement." (Settlement ¶ 28(4).)  As Bumble Bee Foods LLC recently filed for bankruptcy protection, this exception could potentially apply, if Bumble Bee Foods LLC reaches a settlement with CFPs.

  The settlement also provides for injunctive relief whereby COSI agrees "not [to] engage in conduct that constitutes a per se violation of state unfair competition, antitrust, unjust enrichment, and consumer protection laws" for the next two years. (Settlement ¶ 30.) CFPs have not shown that this provision adds anything to COSI's obligation to comply with the law in the absence of the settlement.

  3. The settlement provides for a CFP class-wide release of claims against COSI. Among other things, the class members would release claims that "may exist in the future." (Settlement ¶ 25.) Although it is common for a class action settlement to include a release of claims not alleged in the complaint, the release must be limited to the claims which "depend[] on the same set of facts as the claims that gave rise to the settlement." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). As drafted, the release provision is broader than allowed by *Hesse*.

  4. The proposed settlement allocates $5 million, or approximately 77% of the total settlement amount, to attorneys' fees, costs and expenses. The attorneys' fees alone are $3 million or approximately 46% of the total settlement. Distribution of a disproportionate part of the settlement to counsel is one of the indicators that class counsel may not have negotiated in the best interest of the class. *See In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Furthermore, Bumble Bee and StarKist remain in the case after settlement. It is unclear whether CFPs' attorneys' fees, costs, expenses, and class representative incentive awards were apportioned between the remaining Defendants and COSI before arriving at $5 million.

  5. Neither the settlement nor the underlying motion describes a claim administration plan, although this information is relevant to the settlement fairness determination. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

  6. Until distribution, the settlement fund is to be held in an escrow account with Eagle Bank. (Settlement ¶ 29.) Eagle Bank would serve as escrow agent and earn escrow and investment fees from the fund. How the fund would be invested is subject to further
///

4

agreement between CFP class counsel and COSI.[2] (*See id.* ¶ 35.) The settlement provides for Court control and supervision of a series of short-term investments, with the class bearing all expenses and risk associated with them. (*See id.* ¶¶ 34, 36.) The CFP class counsel is to take care of tax reporting, while all taxes, interest, penalties, accounting, and legal fees related to taxes would be paid out of the settlement fund. (*Id.*) The Court is not inclined to approve a settlement on these terms in the absence of an explanation why the settlement fund should be subject to the risk and expense of investment management.

7. Assuming CFPs' claims against Bumble Bee and StarKist will continue to be litigated after final approval of the proposed settlement, CFPs and COSI contemplate entry of a partial judgment under Federal Rule of Civil Procedure 54(b). (Settlement ¶ 21(f).) A partial judgment, i.e., judgment as to some but not all parties or claims, must be supported by "specific findings setting forth the reasons." *Morrison-Knudsen Co. Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005). A finding that

> upon any review of the [partial] judgment . . . the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court[,] . . . will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

*Morrison-Knudsen*, 655 F.3d at 965. CFPs do not discuss these considerations. If, for example, a partial judgment under the settlement is appealed by an objector, there may very well exist an overlap of legal or factual issues with the remainder of the case against Bumble Bee and StarKist. Furthermore, CFPs do not explain why a harsh and unjust result would occur if a judgment is not entered until their case is concluded in its entirety.

---

[2] In the context of class action settlement, any side agreements must be disclosed. Fed. R. Civ. P. 23(e)(3), (2)(C)(iv). So far, CFPs have not disclosed any side agreement, nor have they provided a counsel's declaration stating that no such agreements exist.

For the foregoing reasons, CFPs' Settlement Approval Motion is **DENIED**.  Denial is **WITHOUT PREJUDICE** to re-filing.

In the related pending Class Notice Motion, CFPs propose a notice of class certification of CFPs' claims against all Defendants, including Bumble Bee and StarKist, who are not included in the settlement, combined with a notice of settlement with COSI. Because CFPs' Settlement Approval Motion is denied, their Class Notice Motion is also **DENIED**.[3]

**IT IS SO ORDERED.**

Dated: January 17, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[3] CFPs and COSI offer to revise their proposed notice plan to cover only notice of settlement.  (Notice Stipulation 2.)  Because the Settlement Approval Motion is denied, filing the newly proposed notice plan would be premature in the absence of a renewed motion for preliminary approval of settlement which addresses the concerns expressed in this Order.