1  LATHAM & WATKINS LLP
       Alfred C. Pfeiffer (CA 120965)
2      Christopher S. Yates (CA 161273)
       Belinda S Lee (CA 199635)
3      Niall E. Lynch (CA 157959)
       Ashley M. Bauer (CA 231626)
4  505 Montgomery Street, Suite 2000
5  San Francisco, California  94111-6538
   Telephone:  415-391-0600
6  Facsimile:  415-395-8095
   *al.pfeiffer@lw.com*
7  *chris.yates@lw.com*
   *belinda.lee@lw.com*
8  *niall.lynch@lw.com*
   *ashley.bauer@lw.com*
9

10  *Counsel for Defendants StarKist Co. and*
    *Dongwon Industries Co., Ltd.*
11

12  (Additional Parties and Counsel on Signature Pages)

13             **UNITED STATES DISTRICT COURT**
14             **SOUTHERN DISTRICT OF CALIFORNIA**

15

16  | IN RE PACKAGED SEAFOOD | Case No. 3:15-md-02670-JLS-MDD |
17  | PRODUCTS ANTITRUST LITIGATION | MDL No. 2670 |

18  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY CERTAIN PROCEEDINGS**
19  This Document Relates To:
20

21  ALL ACTIONS
22             Special Briefing Schedule Ordered

23             **Hearing**:
24             Date:     April 14, 2020
             Time:     9:00 a.m.
25             Place:    Courtroom 4D
             Judge:    Hon. Janis L. Sammartino
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ............................................................................. 1

II.    BACKGROUND ............................................................................... 3

III.   CERTAIN MOTIONS DO NOT NEED TO BE STAYED ........................ 5

IV.    THE COURT SHOULD STAY ALL SUMMARY JUDGMENT AND
       *DAUBERT* MOTIONS AND THE ISSUANCE OF CLASS NOTICE ........ 7

       A.     Legal Standard ................................................................... 7

       B.     All Four *Nken* and *Hilton* Factors Support a Broad Stay ................... 8

              1.     Defendants Are Likely to Succeed on Appeal and,
                     at a Minimum, Have Raised Serious Issues ............................. 8

              2.     Defendants Will Be Irreparably Harmed Without a
                     Stay ................................................................................ 9

              3.     A Stay Will Benefit Absent Class Members and
                     Will Not Harm Plaintiffs ................................................. 14

              4.     A Stay Serves the Public Interest in Judicial
                     Economy .................................................................... 17

V.     CONCLUSION ............................................................................ 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*American Pipe & Const. Co. v. Utah*,
  414 U.S. 538 (1974) .................................................................................. 9

*In re Amgen Inc. Sec. Litig.*,
  2010 WL 11469044 (C.D. Cal. Feb. 2, 2010) ...................................... 8

*Brown v. Wal-Mart Stores, Inc.*,
  2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ............................... 15, 16

*Chamberlan v. Ford Motor Co.*,
  402 F.3d 952 (9th Cir. 2005) ................................................................... 8

*Costello v. BeavEx, Inc.*,
  810 F.3d 1045 (7th Cir. 2016) ............................................................... 15

*Diva Limousine, Ltd. v. Uber Techs., Inc.*,
  392 F. Supp. 3d 1074 (N.D. Cal. 2019) ............................................... 15

*Edwards v. First Am. Corp.*,
  2013 WL 12213848 (C.D. Cal. Apr. 9, 2013) ...................................... 10

*Fireside Bank v. Superior Court*,
  155 P.3d 268 (2007) ................................................................................. 9

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
  2015 WL 4397175 (C.D. Cal. June 8, 2015) ................................... 14, 17

*Franz v. Beiersdorf, Inc.*,
  2019 WL 2192635 (S.D. Cal. May 21, 2019) ........................................ 9

*Gray v. Golden Gate Nat. Recreational Area*,
  2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ...................................... 17

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) .................................................................................. 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ................................................................ 7

*Lopez v. Heckler*,
   713 F.2d 1432 (9th Cir. 1983) ............................................................ 14

*Nken v. Holder*,
   556 U.S. 418 (2009) ............................................................................ 7

*Reyes v. Educ. Credit Mgmt. Corp.*,
   2018 WL 1316129 (S.D. Cal. Mar. 13, 2018) ............................... 2, 7, 8

*Romero v. Securus Techs., Inc.*,
   383 F. Supp. 3d 1069 (S.D. Cal. 2019) .................................... *passim*

*Schwarzschild v. Tse*,
   69 F.3d 293 (9th Cir. 1995) ................................................................ 15

*Villa v. San Francisco Forty-Niners, Ltd.*,
   104 F. Supp. 3d 1017 (N.D. Cal. 2015) ................................................ 9

*Wright v. Schock*,
   742 F.2d 541 (9th Cir. 1984) ................................................................ 9

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................ 6

Fed. R. Civ. P. 23(b)(3) ........................................................................ 3, 4

Fed. R. Civ. P. 23(c)(2) .......................................................................... 15

Fed. R. Civ. P. 23(f) ...................................................................... *passim*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

# I.   INTRODUCTION

The Ninth Circuit's decision to permit an interlocutory appeal of this Court's class certification order could dramatically change the future of this case.  The three classes could be decertified, or they could be modified in ways that are difficult to predict with any certainty sitting here today.  Before the Ninth Circuit agreed to hear this appeal, the parties filed an interconnected web of more than thirty summary judgment motions, related *Daubert* motions, cross-motions, and joinders.  Plus many thousands of pages of separate statements of facts and exhibits.  The "one-way intervention rule" confirms, however, that class certification should be decided *before* summary judgment.

Thus, all motions involving Direct Purchaser Plaintiffs ("DPPs"), End Payer Plaintiffs ("EPPs"), and Commercial Food Preparer Plaintiffs ("CFPs") (together, "class plaintiffs") should be stayed.  Many other motions, which do not explicitly involve class plaintiffs, should also be stayed because they raise issues that go directly to the heart of the pending appeal—who, what products, and what time periods should be covered by the class claims, if at all.  In the interest of judicial economy, this Court should not wade into any of those issues during Defendants' appeal.  Likewise, the Court should not authorize class notice to absent class members while the future of any classes is uncertain.  Indeed, courts often stay proceedings in light of a pending Rule 23(f) petition, and they are especially inclined to do so where (as here) the petition was granted.  This case is an unusually good candidate for a stay:  there are four plaintiff tracks, three classes, and an amalgam of pending summary judgment and *Daubert* motions and oppositions that raise *common* legal issues and cite the *same* evidence.  None of these motions stands alone, and they should be stayed pending appeal. [1]

---

[1] Defendants have identified five procedural and other motions that do not need to be stayed and can be heard at this time.  *See* Section III, below.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1    As discussed below, this case easily meets the four-factor test applied by

2    courts when deciding whether to enter a stay pending an interlocutory appeal:

3    *First*, Defendants are likely to succeed on the merits of their appeal.  But,

4    regardless of Defendants' likelihood of success, the very fact that Defendants'

5    Rule 23(f) petition was granted establishes the existence of serious legal issues

6    sufficient to merit a stay.  *See, e.g.*, *Romero v. Securus Techs., Inc.*, 383 F. Supp.

7    3d 1069, 1074 (S.D. Cal. 2019); *Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-CV-

8    00628-BAS-AGS, 2018 WL 1316129, at *1 (S.D. Cal. Mar. 13, 2018).

9    *Second*, a stay will protect Defendants from substantial and irreparable

10   harm.  As the Ninth Circuit has recognized, deciding motions for summary

11   judgment *before* resolving class certification imposes an undue risk on Defendants

12   that a favorable judgment will bind only the individual named class plaintiffs.

13   Thus, under the one-way intervention rule, courts in this circuit recognize that class

14   certification should be resolved before addressing summary judgment.  To proceed

15   otherwise gives plaintiffs the unfair advantage of repeated opportunities to assert

16   their claims and subjects defendants to an endless parade of litigation.

17   Additionally, proceeding with the multiple days of hearings that will be necessary

18   to consider all (or even just some) of the pending summary judgment and *Daubert*

19   motions will impose substantial—and potentially unnecessary and duplicative—

20   legal costs on Defendants if the Ninth Circuit decides that the classes should

21   change or be eliminated.  These costs are unrecoverable to Defendants and will

22   undoubtedly be significant.

23   *Third*, a temporary stay will not cause injury to Plaintiffs and, in fact, will

24   protect absent class members from substantial injury.  Deciding motions for

25   summary judgment now places absent class members at risk of losing any possible

26   future class treatment.  In the context of a *plaintiff's* motion for summary

27   judgment, the one-way intervention rule means that a plaintiff could be prevented

28   from seeking class certification after obtaining a favorable judgment against the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1  defendant.  Thus, if there is no stay and Plaintiffs obtain summary judgment now,

2  and then Defendants prevail on appeal and the classes are vacated, absent class

3  members may be denied any possible future class treatment and will be forced to

4  proceed individually.  A stay will also protect absent class members from the

5  possibility of confusion associated with the dissemination of class notice while the

6  status of the three classes is uncertain.

7       *Fourth*, a stay is in the public's interest because it will avoid a piecemeal

8  approach to the pending summary judgment and *Daubert* motions.  A stay will

9  prevent the needless expenditure of the parties' and Court's time and resources in

10  repeatedly preparing for hearings and deciding class and Direct Action Plaintiff

11  ("DAP") motions with similar and overlapping legal and factual issues in separate,

12  duplicative hearings.

13       The best interests of the parties, the Court, and the public all support a stay

14  of the intricate web of pending summary judgment and *Daubert* motions and any

15  class notice.  However, Defendants also appreciate the Court's interest in the

16  expeditious resolution of at least some of the other motions in this MDL and have

17  identified, below, five motions that can proceed pending appeal.  The Court should

18  stay any further proceedings on the summary judgment and *Daubert* motions and

19  should not issue any class notice.

20  **II.    BACKGROUND**

21       ***Class Certification Decision and Petition for Permission to Appeal.***  On

22  July 30, 2019, the Court issued an Order granting the motions for class certification

23  filed by DPPs, CFPs, and EPPs.  *See* Order Granting Motions for Class

24  Certification, ECF No. 1931.  On August 13, 2019, Defendants filed a petition

25  asking the Ninth Circuit for permission to appeal the Court's class certification

26  order under Federal Rule of Civil Procedure 23(f).  The petition presented two

27  questions for review:  (1) whether plaintiffs can satisfy Federal Rule of Civil

28  Procedure 23(b)(3)'s predominance requirement by relying on a statistical

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

methodology that assumes that all class members have suffered the same impact from a defendant's alleged misconduct, even when such representative evidence would not be sufficient to prove liability in any particular class member's individual case; and (2) whether a district court is required to determine if the fact or extent of uninjured members in the class defeats predominance before certifying the class under Rule 23(b)(3), or, instead, may reserve that determination for the jury at trial.  *See* Pet. for Permission to Appeal Class Certif. Decision Pursuant to Fed. R. Civ. P. 23(f), *Olean Wholesale Grocery Coop., et al. v. Bumble Bee Foods LLC, et al.*, No. 19-80108 (9th Cir. Aug. 13, 2019), ECF No. 1.

***Dispositive* and Daubert *Motions.***  While Defendants' petition was pending, the parties filed fourteen summary judgment motions[2] and thirteen separate statements of undisputed fact.[3]  Plaintiffs also filed six joinders to one another's motions.[4]  Pursuant to the Court's instruction to file "*Daubert* motions necessary to the resolution of Motions for Summary Judgment" at the same time, the parties filed an additional six *Daubert* motions,[5] and Plaintiffs filed one *Daubert* joinder.[6]  *See* Order Granting Mot. to Modify Case Schedule, ECF No. 1934.  On November 7, 2019, the parties filed ten summary judgment opposition briefs,[7] thirteen separate statements,[8] one expert declaration,[9] and nine *Daubert*

---

[2] ECF Nos. 1973; 1976; 1992; 1993; 1998; 1999; 2001; 2007; 2009; 2010; 2015; 2023; 2025; 2035.

[3] ECF Nos. 1972; 1976-2; 1988; 1998-2; 1999-2; 2001-2; 2007-2; 2008; 2010-2; 2014; 2021; 2025-2; 2036.

[4] ECF Nos. 1997; 2030; 2037; 2039; 2043; 2046.

[5] ECF Nos. 1967; 1970; 1981; 1984; 1987; 2034.

[6] ECF No. 2050.

[7] ECF Nos. 2088; 2089; 2092; 2093; 2103; 2110; 2122; 2123; 2129; 2139.

[8] ECF Nos. 2093-1; 2093-2; 2103-2; 2103-3; 2122-1; 2122-2; 2123-2; 2123-3; 2129-1; 2129-2; 2133; 2140; 2144.

[9] ECF No. 2143-10.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1   opposition briefs.[10]  On December 12, 2019, the parties filed thirteen summary

2   judgment reply briefs,[11] thirteen separate statements,[12] eight *Daubert* reply briefs,[13]

3   and one motion to strike the late-disclosed expert declaration.[14]

4         As described below, the parties' summary judgment and *Daubert* motions

5   affect all parties, bear on intersecting and overlapping claims, products, and time

6   periods, and raise many of the same legal questions.  Plaintiffs' multiple joinders

7   also connect each Plaintiff group—in one way or another—to multiple motions,

8   oppositions, and replies filed by other Plaintiff groups.

9         ***Interlocutory Appeal of Class Certification Decision.***  On December 20,

10   2019, the Ninth Circuit changed the course of these proceedings by granting

11   Defendants' Rule 23(f) petition.  *See* Ninth Cir. Order Granting Defs.' Rule 23(f)

12   Pet., ECF No. 2247.  One week later, the Ninth Circuit issued a Time Schedule

13   Order setting the following deadlines:  (1) Defendants must file their opening brief

14   by April 2, 2020; (2) Plaintiffs must file their answering brief by May 4, 2020; and

15   (3) Defendants' optional reply brief is due within 21 days after Plaintiffs'

16   answering brief (*i.e.*, May 25, 2020).  *See* ECF No. 2249.

17   **III.   CERTAIN MOTIONS DO NOT NEED TO BE STAYED**

18         There are several pending or soon-to-be-filed motions that Defendants

19   believe can be considered and resolved by the Court at this time:

20         (1)    Lion Capital and Big Catch Cayman's Motion to Dismiss, ECF No.

21               1631 ("Lion MTD");

---

24   [10] ECF Nos. 2081; 2082; 2087; 2096; 2108; 2116; 2117; 2121; 2126.

25   [11] ECF Nos. 2178; 2185; 2188; 2193; 2194; 2197; 2200; 2203; 2209; 2221; 2226;
2227; 2231.

26   [12] ECF Nos. 2178-1; 2185-3; 2188-1; 2193-1; 2194-1; 2194-2; 2197-1; 2203-1;
27   2209-1; 2226-1; 2227-1; 2231-1; 2231-2.

[13] ECF Nos. 2169; 2173; 2176; 2181; 2206; 2215; 2225; 2242.

28   [14] ECF No. 2212.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

 (2) Plaintiff's Motion to Remand in *Reo v. Chicken of the Sea Int'l*, 18-cv-2419, ECF No. 4 ("Reo Remand");

 (3) Defendant's Motion to Dismiss in *Reo v. Chicken of the Sea Int'l*, 18-cv-2419, ECF No. 6 ("Reo Dismissal");

 (4) Defendants' Motion to Strike Portions of Opinions by Dr. Gareth Macartney and Motion *in Limine* to Exclude Evidence of Purported Claims Assignment, ECF No. 1963 ("Motion to Strike"); and

 (5) DAPs Associated Wholesale Grocers, Inc. and Affiliated Foods Midwest Cooperative's forthcoming motion seeking to lift the limited stay of discovery in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.*, Case No. 18-cv-1014-JLS-MDD.

The Lion MTD, which is directed at both class plaintiffs and DAPs, is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and, as such, should be decided before both class certification and motions for summary judgment. Similarly, the Reo Remand and Reo Dismissal motions are early-stage motions that concern foundational questions of where Plaintiff Bryan Reo's claims should be litigated and whether his complaint states any claim upon which relief could be granted. Likewise, Defendants' Motion to Strike may also be resolved during a temporary stay because it concerns the foundational question of whether DAPs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC may advance factual or expert evidence concerning alleged damages for claims not alleged in those DAPs' case.

Finally, Defendants note that the Court's November 5, 2018 Order Granting the United States' Motion to Stay Discovery, ECF No. 1632, stayed discovery in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.*, Case No. 18-cv-1014-JLS-MDD pertaining to Defendant Christopher Lischewski pending the resolution of his criminal trial. At the last status conference, counsel for DAPs Associated Wholesale Grocers, Inc. and Affiliated Foods Midwest Cooperative

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1  indicated that they will seek to lift that stay.  *See* Jan. 7, 2020 Status Hr'g Tr., at

2  59:15-60:8.  Defendants believe that the Court can consider and decide that

3  forthcoming discovery-related motion during the pendency of Defendants' appeal.

## IV.   THE COURT SHOULD STAY ALL SUMMARY JUDGMENT AND *DAUBERT* MOTIONS AND THE ISSUANCE OF CLASS NOTICE

### A.   Legal Standard

7  District courts have broad discretion to enter a stay pending the interlocutory

8  appeal of a class certification decision.  *See* Fed. R. Civ. P. 23(f); *Romero*, 383 F.

9  Supp. 3d at 1072.  "The Ninth Circuit has not articulated a specific standard for

10  evaluating a proposed stay" in the context of a Rule 23(f) appeal, but most district

11  courts in this circuit apply the four-factor test from *Nken v. Holder*, 556 U.S. 418,

12  434 (2009) and *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  *Romero*, 383 F.

13  Supp. 3d at 1072-73.  Under that test, courts generally consider:  "(1) whether the

14  stay applicant has made a strong showing that [it] is likely to succeed on the

15  merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

16  whether issuance of the stay will substantially injure the other parties interested in

17  the proceeding; and (4) where the public interest lies."  *Romero*, 383 F. Supp. 3d at

18  1073 (quoting *Nken*, 556 U.S. at 434).

19  As they do in the context of preliminary injunctions, courts employ a

20  "sliding scale" approach to these four factors.  *Reyes*, 2018 WL 1316129, at *1; *see*

21  *also Leiva-Perez v. Holder*, 640 F.3d 962, 965-66 (9th Cir. 2011).  A "stronger

22  showing of one element may offset a weaker showing of another."  *Romero*, 383 F.

23  Supp. 3d at 1073 (quoting *Leiva-Perez*, 640 F.3d at 964-66).  This "flexible"

24  analysis is "even more appropriate in the stay context" than in the preliminary

25  injunction context.  *Leiva-Perez*, 640 F.3d at 966.  That is because an injunction is

26  an "extraordinary remedy . . . by which a court directs the conduct of a party."  *Id.*

27  (quoting *Nken*, 556 U.S. at 428).  A stay, by contrast, "operates only upon the

28  judicial proceeding itself."  *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

### B.   All Four *Nken* and *Hilton* Factors Support a Broad Stay

All four of the *Nken* and *Hilton* factors favor a stay of all summary judgment and *Daubert* motions.

### 1.   Defendants Are Likely to Succeed on Appeal and, at a Minimum, Have Raised Serious Issues

Defendants are likely to succeed on the merits of their class certification appeal.  In the Ninth Circuit, Rule 23(f) petitions are "granted sparingly" and only when the district court's class certification decision:  (1) sounds the death knell of the litigation; (2) presents an unsettled or fundamental issue of law; or (3) is manifestly erroneous.  *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005).  Regardless of Defendants' likelihood of success, however, courts in this circuit recognize that the Ninth Circuit's decision to grant Defendants' Rule 23(f) petition—in and of itself—"satisfies the first factor for a stay."  *See Reyes*, 2018 WL 1316129, at *1 ("The grant of the [Rule 23(f)] petition satisfies the first factor for a stay and also alters the calculus of the harms that Defendant faces if proceedings in this Court proceed."); *see also Romero*, 383 F. Supp. 3d at 1074 ("The Ninth Circuit's acceptance of [defendant's] Rule 23(f) petition for appeal demonstrates that serious legal questions are at issue."); *In re Amgen Inc. Sec. Litig.*, No. CV072536PSGPLAX, 2010 WL 11469044, at *4 (C.D. Cal. Feb. 2, 2010) ("The Ninth Circuit rarely permits Rule 23(f) appeals to proceed . . . and it appears that the Ninth Circuit granted Defendants' petition to appeal on the basis of the question presented.").  At the very least, "a substantial case for relief" exists if the moving party has either established a "fair prospect" of success or "raised serious legal questions," such as through a successful Rule 23(f) petition.  *See Romero*, 383 F. Supp. 3d at 1073, 1074 (a successful Rule 23(f) petition "suggest[s] that serious legal questions are raised").  Therefore, Defendants satisfy the first of the *Nken* and *Hilton* factors.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

### 2.   Defendants Will Be Irreparably Harmed Without a Stay

Defendants will suffer irreparable harm in the absence of a stay.

***Defendants will be prejudiced if forced to litigate summary judgment before class certification is decided.***   In the Ninth Circuit, absent extenuating circumstances, district courts should rule on summary judgment *after* addressing class certification.   *See Wright v. Schock*, 742 F.2d 541, 543-45 (9th Cir. 1984) (affirming the district court's decision to decide summary judgment before class certification where defendants *consented* to that order); *see also Franz v. Beiersdorf, Inc.*, No. 14CV2241-LAB (AGS), 2019 WL 2192635, at *3 (S.D. Cal. May 21, 2019) (citing *Wright* and explaining that summary judgment should "rare[ly]" be addressed before class certification).   If this sequence were reversed, and summary judgment preceded class certification, any judgment would "only [be] against the named plaintiffs."   *Wright*, 742 F.2d at 544.   As such, the judgment would "not be res judicata as to other individual plaintiffs or other members of any class that may be certified."   *Id.*   This puts Defendants at a severe disadvantage: individual plaintiffs or members of an uncertified class could simply "wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one."   *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (citing *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974)).

In other words, pre-certification judgment opens Defendants up to the risk of "being pecked to death by ducks."   *Id.* (quoting *Fireside Bank v. Superior Court*, 155 P.3d 268, 274 (2007)).   "One plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevail[s]; then everyone else would ride on that single success."   *Id.*   This phenomenon is known as "one-way intervention," and the Federal Rules of Civil Procedure were amended in 1966 to protect defendants from this "recurrent source of abuse."   *American Pipe*, 414 U.S. at 547.   This concern—and the possible prejudice to the defendant from a violation

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

of the one-way intervention rule by ruling on summary judgment during the pendency of a Rule 23(f) appeal—influenced the court's decision in *Edwards v. First American Corp.* to grant a stay of all summary judgment proceedings.  No. CV 07-03796 SJO (FFMX), 2013 WL 12213848, at *3 (C.D. Cal. Apr. 9, 2013).

Deciding summary judgment motions while class certification is unsettled poses significant prejudice to Defendants.  If the Court proceeds to hear and decide summary judgment motions that class plaintiffs submitted, joined, or opposed— and then the Ninth Circuit decertifies the classes—only the individual named class plaintiffs will be bound by this Court's summary judgment orders.  And Defendants will be subject to the risk of an onslaught of lawsuits by other former putative class members, not bound by this Court's summary judgment orders and seeking a more favorable ruling.

***Defendants will incur substantial, non-recoverable, and duplicative litigation costs.***  Without a stay of all summary judgment and *Daubert* motions, Defendants (and the Court) will waste substantial time and resources litigating potentially unnecessary motions.  "[W]here an appeal may result in decertification of the class, thereby resulting in a substantial waste of time and resources," "[d]istrict courts have found irreparable harm."  *Romero*, 383 F. Supp. 3d at 1075; *see also Edwards*, 2013 WL 12213848, at *3 (finding irreparable harm based on the possibility of "enormous, duplicative costs for both Plaintiff and Defendants").

The pending appeal raises questions about the appropriateness of the three certified classes—*i.e.*, who, what products, and what time periods should be covered by the classes, if any.  As such, the Court should defer consideration of any motion that bears on these same issues and the scope of viable claims.[15]  Take,

---

[15] These motions are:  Plaintiffs' Motion for Partial Summary Judment Against Defendant Tri-Union Seafoods LLC, ECF No. 1976; EPPs' Motion for Partial Summary Judgment, ECF No. 1993; Plaintiffs' Motion for Partial Summary Judgment Against StarKist Co., ECF No. 2035; Dongwon Industries Co., Ltd.'s Motion for Summary Judgment, ECF No. 1973; Defendants' Motion for Partial

for example, Defendants' statute of limitations motion against class plaintiffs.[16]  It makes no sense to hold argument or decide that motion now when the classes may be decertified or, at the very least, the class definitions may change to cover different time periods.  Defendants and this Court should not spend the time and costs to decide an issue that may be moot in a few months (or that may have to be re-litigated entirely).  The Court should likewise defer any consideration of Defendants' statute of limitations motion against DAPs, which raises the same legal issues as the motion against class plaintiffs.[17]  For example, both motions ask the Court to consider what constitutes actual or constructive knowledge in this case.  Both confront the question of whether the injury or discovery rule applies to Plaintiffs' claims.  And both overlap in their relevant factual allegations:  DAPs *and* class plaintiffs testified that they were aware of the can downsize at the time it occurred, yet claim that the can downsize would not have happened absent collusion (thus putting Plaintiffs on notice of their claims).  *See* Statute of Limitations Mot. (Class Pls.) at 4-6; Statute of Limitations Mot. (DAPs) at 7, 9-11. Defendants should not be subjected to the increased cost of preparing repeatedly for piecemeal hearings on duplicative issues, nor should the Court.[18]

---

Summary Judgment on Certain State Law Claims, ECF No. 1992; Lion Capital (Americas), Inc., Lion Capital LLP and Big Catch Cayman LP's Motion for Summary Judgment, ECF No. 1998; Defendants' Motion for Partial Summary Judgment on Plaintiffs' Gear-Type Claims, ECF No. 1999; Defendant Thai Union Group PCL's Motion for Summary Judgment, ECF No. 2001; StarKist Co. and Bumble Bee Foods, LLC's Motion for Partial Summary Judgment on Statute of Limitations Grounds (Class Pls.), ECF No. 2007 ("Defs.' Statute of Limitations Mot. (Class Pls.)");  Defs.' Mot. for Partial Summ. J. on Statute of Limitations Grounds, ECF No. 2010 ("Defs,' Statute of Limitations Mot. (DAPs)"); Defendants' Motion for Partial Summary Judgment on Plaintiffs' Private Label Claims, ECF No. 2015; and their related *Daubert* motions.

[16] Defs.' Statute of Limitations Mot. (Class Pls.).

[17] Defs.' Statute of Limitations Mot. (DAPs).

[18] Indeed, class plaintiffs recognize that fairness and efficiency require that DAPs' cases cannot proceed without class plaintiffs.  Class plaintiffs "do not want to be in a position where . . . motions are decided and [they] don't have an opportunity to

1    These costs, moreover, are not the sort of unavoidable "routine discovery

2   and litigation costs" that some courts have found do not amount to irreparable

3   harm.  *See Romero*, 383 F. Supp. 3d at 1075 (citing cases).  As the Court has

4   observed, "[t]here's precious little that happens in this case that isn't significant."

5   Status Hr'g Tr. at 58:5-6.  The amount of time and resources Defendants would be

6   required to devote to further litigating the pending summary judgment and *Daubert*

7   motions is no exception.  The prospect of incurring those costs *twice* or incurring

8   those costs for naught counsels strongly in favor of granting a stay.

9    The same sort of duplicative overlap that exists between Defendants' statute

10   of limitations motions also exists between the summary judgment motions filed by

11   Plaintiffs against Defendants.  Take, for example, the summary judgment motion

12   against StarKist filed by DAPs and the motion filed by class plaintiffs.[19]  Both

13   motions (wrongly) assert that StarKist's guilty plea satisfies all elements of civil

14   liability.  And both (again, wrongly) seek judgment as a matter of law for claims

15   not just during StarKist's plea period, but also for many years *after* StarKist's plea

16   period.  In fact, the two motions are so intertwined that class plaintiffs joined

17   DAPs' motion, one DAP joined class plaintiffs' motion, and class plaintiffs and

18   DAPs together submitted one joint reply brief in support of class plaintiffs' motion

19   (in addition to DAPs' separate reply brief, which DPPs joined).[20]  Proceeding with

20   _____

21   participate in those motions . . . . It would be grossly unfair . . . [;] the class plaintiffs would be severely harmed if [DAPs'] cases were allowed to go forward

22   without the participation of the class plaintiffs."  Jan. 7, 2020 Status Hr'g Tr., at 36:8-16.  Likewise, hearing and the deciding these issues in DAPs' cases without

23   also deciding them in class plaintiffs' cases will prejudice Defendants by affording class plaintiffs a preview of how the Court is likely to rule in their case without

24   binding them to that outcome.

25   [19] The two motions are:  (1) DAPs' Motion for Partial Summary Judgment Against StarKist, ECF No. 2035; and (2) Class Plaintiffs' Motion for Summary Judgment

26   Against StarKist and Bumble Bee, ECF No. 1993.

27   [20] *See* EPPs' Joinder in Pls.' Summ. J. Mots. (ECF Nos. 2009 and 2035), ECF No. 2039; DPPs' Amended Joinder to Pls.' Summ. J. Mots., ECF No. 2043; CFPs'

28   Amended Joinder to Pls.' Summ. J. Mots., ECF No. 2046; DAP W. Lee Flowers &

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

DAPs' motion against StarKist now creates the risk that the Court and the parties would expend limited resources resolving one motion only to revisit many of the same issues again just a few months later. It would also give class plaintiffs the unfair advantage of having previewed StarKist's strategy and oral argument in the prior motion hearing against DAPs.

As another example, two of Defendants' motions address the pre-2011 time period and whether there is sufficient evidence to support claims from that time period.[21] At first glance, these two motions appear relevant only to DAPs because the classes are defined to begin in July 2011. But the temporal scope of class plaintiffs' claims has changed over the course of this litigation, and class plaintiffs continue to argue that Defendants engaged in conspiratorial conduct prior to 2011. In fact, class plaintiffs' operative complaints *still* include allegations of conspiratorial conduct in the pre-2011 time period.[22] And class plaintiffs' economists describe allegedly collusive conduct in the pre-2011 time period in their expert reports.[23] The classes are, at this particular moment in time, defined to begin in July 2011. But, if the Ninth Circuit decertifies or modifies the classes,

---

Co., Inc.'s Notice of Joinder to Reply Mem. of P. & A. in Further Support of Mot. for Partial Summ. J. (ECF No. 2221), ECF No. 2237.

[21] The two motions are: (1) StarKist Co., Del Monte Corporation, and Dongwon Industries Co., Ltd.'s Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011, ECF No. 2023; and (2) Del Monte Corporation's Motion for Summary Judgment, ECF No. 2025.

[22] *See e.g.*, Fourth Consol. Direct Purchaser Class Compl., ECF No. 1460, ¶¶ 139-140 (describing an allegedly "overarching collusive scheme" beginning at least as early as late 2010); Sixth Am. Consol. Class Action Compl. of the Indirect Purchaser End Payer Pls., ECF No. 1461, ¶¶ 217-302 (describing, among other things, allegedly "collusive price increases" beginning in 2008); CFPs' Fourth Am. Compl., ECF No. 1470, ¶¶ 1, 8, 65 (describing an allegedly "continuous conspiracy" beginning in at least November 2010).

[23] *See, e.g.*, Decl. of Corey D. Attaway in Supp. of Defs.' Mot. to Exclude Fact-Finding Testimony and Legal Conclusions of Pls.' Economists, Ex. 6 (Expert Report of Russell W. Mangum III, Ph.D.), ECF No. 1981-2, at ¶¶ 141-43, 145-46; Ex. 8 (Expert Merits Report of Michael A. Williams, Ph.D.), at ¶¶ 31, 177-180; Ex. 7 (Expert Merit Report of David Sunding), at ¶¶ 20, 24.

and the Court has (in the meantime) ruled favorably on DAPs' claims as they relate to StarKist's or Del Monte's pre-2011 liability, class plaintiffs will have the advantage of knowing how those claims might turn out without being bound by the ruling as to DAPs.  There is a substantial risk that the parties and the Court will have to re-litigate many of the same issues again.

As a final example, DAPs' Motion to Exclude the Opinions of Del Monte's Expert, Dr. Kevin Murphy, ECF No. 2034, should also be stayed even though that motion was neither brought against class plaintiffs nor opposed by class plaintiffs. As this Court recognized, *Daubert* motions should be considered together with the summary judgment motions to which they relate.  *See* Jan. 7, 2020 Status Hearing Tr., 63:15-23.  This DAP motion raises the same legal arguments as the other pending *Daubert* motions—the rest of which directly affect class plaintiffs.[24]  Like the other interrelated motions discussed above, the parties and the Court should not be subjected to arguing and deciding the *same* issues *multiple* times.  A broad stay of all summary judgment and *Daubert* motions is the only prudent solution.[25]

### 3.    A Stay Will Benefit Absent Class Members and Will Not Harm Plaintiffs

A stay will also protect absent class members and will not cause substantial harm to Plaintiffs.

---

[24] For example, DAPs' motion argues that Dr. Murphy's opinions do not "fit" the case, ECF No. 2034 at 13-15, an issue also raised in Plaintiffs' Motion to Exclude Certain Testimony of Defendants' Proposed Experts, ECF No. 1970-1 at 2, 13-14.

[25] A stay is justified by these first two factors alone.  Under the "flexible," sliding scale approach to balancing the *Nken* and *Hilton* factors, a stay should be entered when the moving party shows "a probability of success on the merits and the possibility of irreparable injury," regardless of any potential harm to the non-movant and the interest of the public.  *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZX), 2015 WL 4397175, at *2 (C.D. Cal. June 8, 2015) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).  For the reasons discussed above, Defendants easily satisfy both of those requirements.  A stay, therefore, is appropriate—and the Court's analysis could end here without considering the remaining factors (though those favor a stay, too).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1    ***Absent class members risk losing class treatment.***  In the absence of a stay,

2    it is possible that class plaintiffs could secure favorable summary judgment rulings

3    against Defendants, but the Ninth Circuit subsequently decertifies the three classes.

4    If that happens, then, under the one-way intervention rule, class plaintiffs risk

5    losing the possibility of certifying any future classes.  Absent class members could,

6    in turn, be effectively prohibited from recovering through the class mechanism.

7    This risk stems from the "history of the development of Rule 23(c)(2)," which

8    "makes clear that the rule was adopted to prevent . . . the [one-way] intervention of

9    a plaintiff in a class action after an adjudication *favoring* the class had taken

10   place."  *See Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis

11   added).  Although the question remains open in the Ninth Circuit, other circuits

12   and district courts in this circuit, have found that the one-way intervention rule

13   does not permit plaintiffs to move for class certification *after* obtaining a favorable

14   summary judgment ruling.  *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th

15   Cir. 2016) ("The rule against one-way intervention prevents plaintiffs from moving

16   for class certification after acquiring a favorable ruling on the merits of a claim.");

17   *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal.

18   2019) (agreeing that it would be "premature to litigate" the plaintiff's partial

19   summary judgment motion before class certification in light of the one-way

20   intervention rule).  Therefore, here, if class plaintiffs win on their motions for

21   summary judgment, but the Ninth Circuit reverses class certification, in whole or

22   in part, absent class members might simply be out of luck, left with the choice to

23   pursue their claims in their individual capacity or abandon them.

24   ***There is a substantial risk of confusion (and unnecessary costs) if the***

25   ***Court issues a class notice that must be withdrawn after the appeal is decided.***  In

26   addition, without a stay, class plaintiffs risk prematurely disseminating class

27   notice.  *See Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL

28   5818300, at *4 (N.D. Cal. Nov. 15, 2012).  Proceeding with class notice will

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

trigger an obligation on the part of absent class members to decide whether they wish to remain in the class or opt-out.  That is an exercise that often involves engaging counsel (thus expending significant resources) to decide whether or not to opt-out.  But all of that work will ultimately be unnecessary if Defendants prevail on appeal.  The premature dissemination of class notice also implicates absent class members' privacy interests.  *Id.*  The same class members who might needlessly retain counsel might also unnecessarily disclose their personal information to preserve their rights.  *Id.*  They will undoubtedly face confusion (and the unnecessary costs of repeated notice) if the Ninth Circuit modifies or decertifies altogether.  *Id.*; *see also Romero*, 383 F. Supp. 3d at 1077 ("[A] stay may benefit class members as it would protect against the possibility of unnecessary disclosure of personal information and avoid any confusion caused by issuing a class notice that may later need to be revised or withdrawn.").[26]

    ***A temporary stay will not substantially harm Plaintiffs.***  In the meantime, Plaintiffs will not suffer any serious injury from a temporary stay.  Plaintiffs argue that a stay is inefficient because "we're just going to have to come back and do it later."  Jan. 7, 2020 Status Hr'g Tr., at 34:5-6.  But arguing and deciding motions later when the scope of the classes (if any) is clear, is far more efficient than coming back and doing it twice, three times, or more.  Plaintiffs have also complained about the risk that evidence may be lost if witnesses' memories fade.  *Id.* at 34:7-12.  But the testimony of the witnesses in this case has been preserved

---

[26] The costs associated with distributing class notice are significant here.  For example, EPPs' proposed method involves "an extensive digital effort, publication in People magazine, a case website and a toll-free number."  EPPs' Proposed Plan for Dissemination of Class Notice, ECF No. 1941, at 4.  If EPPs proceed with this plan, but the Ninth Circuit decertifies or modifies the class, the costs associated with notifying the wrong class members (and re-noticing the correct ones) will be wasted.  Those costs will not be recoverable—and presumably will reduce the amount of potential recovery by class members.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1    through extensive discovery; indeed, the parties took more than 200 videotaped

2    depositions in this case.

3            Finally, a stay of the pending summary judgment and *Daubert* motions is

4    merely a temporary suspension of these proceedings.  A "delay in Plaintiff[s']

5    ability to recover penalties . . . does not constitute a substantial injury." *Brown*,

6    2012 WL 5818300, at *4.  Indeed, the *earliest* the Court could begin to hear some

7    of the pending summary judgment and *Daubert* motions is late April 2020.  Under

8    the Ninth Circuit's current schedule, Defendants' appeal will be fully briefed a few

9    weeks later, by late May 2020.  A temporary stay will not introduce much

10   additional delay to the current schedule and will provide the Court with certainty as

11   to whether the current classes are proper.

12           **4.    A Stay Serves the Public Interest in Judicial Economy**

13           The public's interest is served by the efficient use of judicial resources and

14   the proper resolution of important legal questions.  *See, e.g.*, *Romero*, 383 F. Supp.

15   3d at 1077 ("[T]he public . . . has an interest in efficient use of judicial resources

16   [and] the proper resolution of . . . important issues."); *Flo & Eddie, Inc.*, 2015 WL

17   4397175, at *4 (same); *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-

18   00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (same).  A stay of

19   the summary judgment and *Daubert* motions will remove any chance that the

20   Court will end up duplicating its efforts and adjudicate the same or similar issues

21   in repeated proceedings.  A temporary stay while the fundamental question of class

22   certification is settled is a prudent course that, among other things, will ensure that

23   judicial resources do not go to waste.

24   **V.    CONCLUSION**

25           All four *Nken* and *Hilton* factors favor a stay, and the Court should grant

26   Defendants' Motion and stay any consideration of the pending summary judgment

27   and related *Daubert* motions, as well as any class notice.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1     Defendants do not seek to stay the following five motions, which can be

2   considered at the Court's convenience:  (1) Lion Capital and Big Catch Cayman's

3   Motion to Dismiss, ECF No. 1631; (2) Plaintiff's Motion to Remand in *Reo v.*

4   *Chicken of the Sea Int'l*, 18-cv-2419, ECF No. 4; (3) Defendant's Motion to

5   Dismiss in *Reo v. Chicken of the Sea Int'l*, 18-cv-2419, ECF No. 6;

6   (4) Defendants' Motion to Strike Portions of Opinions by Dr. Gareth Macartney

7   and Motion in Limine to Exclude Evidence of Purported Claims Assignment, ECF

8   No. 1963; and (5) DAPs Associated Wholesale Grocers, Inc. and Affiliated Foods

9   Midwest Cooperative's forthcoming motion to lift the stay of discovery in in

10   *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.*, Case No. 18-

11   cv-1014-JLS-MDD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1    Dated: January 21, 2020                    LATHAM & WATKINS LLP

2                                               By: s/ Belinda S Lee

3
                                                Alfred C. Pfeiffer
4                                               Christopher S. Yates
                                                Belinda S Lee
5                                               Niall E. Lynch
                                                Ashley M. Bauer
6                                               505 Montgomery Street
                                                Suite 2000
7                                               San Francisco, CA 94111
                                                Telephone: 415-391-0600
8                                               Facsimile: 415-395-8095
                                                Email: al.pfeiffer@lw.com
9                                               Email: chris.yates@lw.com
                                                Email: belinda.lee@lw.com
10                                              Email: niall.lynch@lw.com
                                                Email: ashley.bauer@lw.com
11
                                                *Counsel for Defendants StarKist Co. and
12                                              Dongwon Industries Co., Ltd.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

1
2

ALLEN & OVERY LLP

3

By: s/ John Roberti

4

John Roberti
Kelse Moen
1101 New York Avenue N.W.

5

Washington, D.C. 20005
Telephone: (202) 683-3800

6

Facsimile: (202) 683-3999

7

john.roberti@allenovery.com
kelse.moen@allenovery.com

8
9

Joshua Shapiro
Brian Fitzpatrick

10

1221 Avenue of the Americas

11

New York, NY 10020
Telephone: (212) 610-6300

12

Facsimile: (212) 610-6399

13

joshua.shapiro@allenovery.com
brian.fitzpatrick@allenovery.com

14
15

*Counsel for Defendants Tri-Union*

16

*Seafoods LLC d/b/a Chicken of the Sea*
*International*

17
18

PEPPER HAMILTON LLP

19

By: s/ Barbara T. Sicalides

20

Barbara T. Sicalides
Barak A. Bassman

21

Megan Morley
3000 Two Logan Square

22

Eighteenth & Arch Streets

23

Philadelphia, PA 19103-2799
Telephone:  215-981-4783

24

Facsimile:  215-981-4750

25

sicalidesb@pepperlaw.com
bassmanb@pepperlaw.com

26

morleym@pepperlaw.com

27
28

*Counsel for Defendant Del Monte*
*Corporation*

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN & CROMWELL LLP

By: s/ Adam S. Paris
Adam S. Paris (Cal. Bar No. 190693)
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 712-6600
Fax: (310) 712-8800
parisa@sullcrom.com

*Counsel for Defendant Lion Capital
(Americas), Inc. and Specially Appearing
Defendants Lion Capital LLP and Big
Catch Cayman LP*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

DEFS.' MEM. OF P. & A. IN SUPP. OF
MOT. TO STAY CERTAIN PROCEEDINGS
3:15-md-02670-JLS-MDD

## <u>SIGNATURE ATTESTATION</u>

Under Section 2.F.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.


Dated: January 21, 2020                    By: <u>s/ Belinda S Lee</u>

Belinda S Lee
*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*