UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION

Case No.: 15-MD-2670 JLS (MDD)

**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO FILE DOCUMENTS UNDER SEAL**

(ECF Nos. 1961, 1965, 1968, 1971, 1974, 1978, 1980, 1986, 1989, 1990, 1994, 2000, 2004, 2011, 2013, 2016, 2020, 2026, 2028, 2032, 2048, 2061, 2065, 2069, 2079, 2083, 2085, 2090, 2094, 2097, 2099, 2100, 2101, 2102, 2104, 2106, 2111, 2113, 2114, 2124, 2127, 2131, 2134, 2136, 2141, 2156, 2159, 2167, 2170, 2172, 2174, 2179, 2183, 2186, 2189, 2191, 2195, 2198, 2201, 2204, 2207, 2210, 2213, 2216, 2217, 2219, 2222, 2229, 2233, 2240, 2266)

Presently before the Court are 71 Motions to File Documents Under Seal. The Parties seek to file under seal portions of documents filed in support of and opposition to the Parties' summary judgment and *Daubert* motions. Having considered the Motions, the proposed documents, and the law, the Court **DENIES WITHOUT PREJUDICE** the Parties' Motions to Seal.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz,* 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of a case." *Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

"[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d

1206, 1210–11 (9th Cir. 2002). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

The Parties request to seal documents filed in support of and opposition to the pending motions for summary judgment and related *Daubert* motions. Generally, in all 71 Motions at issue, the Parties contend that the documents should be filed under seal because they "contain or reference information that one or more of the parties in this litigation designated as 'Confidential' or 'Highly Confidential' under the terms of the Protective Order." *See, e.g.*, ECF No. 1978. Because the documents relate to motions that are "more than tangentially related to the merits," the Parties must articulate compelling reasons to file them under seal. *See Auto Safety*, 809 F.3d at 1101.

The Court finds that none of the Motions meet the compelling reasons standard. The Parties have not provided enough information for the Court to "articulate the factual basis" as to why the information requested to be sealed will cause "specific prejudice or harm . . . if no [protection] is granted." *See Kamakana*, 447 F.3d at 1179; *Phillips*, 307 F.3d at 1210–11. That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard. *See Foltz*, 331 F.3d at 1136. Moreover, the Parties previously indicated that some of the information designated as Confidential in this case may have been produced during the criminal trial of Christopher Lischewski in the Northern District of California, making it unnecessary to seal that information. And some of the information designated as Confidential has already been made public in this case during previous hearings or in previously filed documents. *Compare* ECF No. 2067 (redacting references to non-party C&S Wholesale Grocers), *with* ECF No. 2063 (referencing C&S in publicly filed document).

Because the Parties have failed to meet their burden of establishing "compelling reasons" sufficient to outweigh the public's interest, the Court **DENIES WITHOUT PREJUDICE** the Parties' Motions. The Court recognizes that there may be some material

designated Confidential or Highly Confidential that should be shielded from the public; thus, the Court will allow the Parties to review the materials and renew their motions to seal if they believe there are compelling reasons to file the documents under seal.[1]

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Parties' Motions. Within 21 days of the electronic docketing of this Order, the Parties **SHALL FILE** renewed motions to seal that meet the "compelling reasons" standard **OR** the Parties **SHALL FILE** full, unredacted copies of the documents previously lodged under seal.

**IT IS SO ORDERED.**

Dated: July 24, 2020

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge

[1] The fact a document has been previously filed under seal will not be a sufficient reason to continue filing that document under seal at this point in the litigation. *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test.").