LATHAM & WATKINS LLP
   Alfred C. Pfeiffer (CA 120965)
   Christopher S. Yates (CA 161273)
   Belinda S Lee (CA 199635)
   Niall E. Lynch (CA 157959)
   Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415-391-0600
Facsimile: 415-395-8095
al.pfeiffer@lw.com
chris.yates@lw.com
belinda.lee@lw.com
niall.lynch@lw.com
ashley.bauer@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:15-md-02670-JLS-MDD<br><br>MDL No. 2670<br><br>**DEFENDANTS STARKIST CO. AND DONGWON INDUSTRIES CO., LTD.'S MOTION TO SEAL**<br><br>Special Briefing Schedule Set By Order Granting Joint Motion for Approval of Stipulation Regarding Renewed Motions to Seal (ECF No. 2325)<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STARKIST CO. AND DONGWON
INDUSTRIES CO., LTD.'S MOT. TO SEAL
3:15-md-02670-JLS-MDD

Pursuant to Federal Rule of Civil Procedure 5.2(e), Southern District of California Civil Local Rule 79.2(c), and the law of this circuit, Defendants StarKist Co. ("StarKist") and Dongwon Industries Co., Ltd. ("DWI") respectfully move the Court for an order to file under seal the documents listed in Appendix A, which will also be lodged with the Court.  As indicated in Appendix A and the documents themselves, StarKist and DWI seek to redact only portions of certain documents; they seek to seal other documents in their entirety.

I.     **INTRODUCTION**

As the Court is well aware, over the course of a three-month period in late 2019, Defendants and Plaintiffs filed several summary judgment and *Daubert* motions, as well as corresponding separate statements of fact, oppositions, and replies.  Attached to those papers are more than one thousand exhibits, including highly confidential documents produced by StarKist and DWI; discovery responses and deposition transcripts incorporating similar proprietary information; and expert reports, detailing—among other things—those companies' financial histories and projections, sales tactics, and marketing and pricing strategies.  Following the Court's Order Denying Without Prejudice Motions to File Documents Under Seal, ECF No. 2319, StarKist and DWI carefully re-analyzed each of those materials and identified those documents that, as of today, meet the Ninth Circuit's "compelling reasons" standard for sealing.  And, for the documents that do not warrant sealing in their entirety, StarKist and DWI identified narrowly tailored excerpts that should be redacted.[1]

---

[1]     The portions of documents that StarKist and DWI seek to redact are identified, in most cases, with green highlighting.  In two instances, where the previously filed version of the document already included green highlighting, StarKist and DWI used blue highlighting to identify information they seek to redact.  The documents with blue highlighting are (1) EPPs' and DAPs' Memorandum in Opposition to Defendants' Motion to Strike Adoria Lim's Reply Report and Portions of Marianne DeMario's Reports, ECF No. 2126, and (2) EPPs' Response to Separate Statement of Disputed Material Facts in Opposition to

All of the identified documents, which are listed in Appendix A, contain personal, proprietary, competitive, and commercially sensitive information, which could irreparably harm StarKist, DWI, and third parties if made public. Accordingly, the Court should grant StarKist and DWI's motion to seal.

## II.     LEGAL STANDARD

A party seeking to seal documents attached to a dispositive motion must show "compelling reasons" why the interest in sealing the documents outweighs "the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Documents that, if left unsealed, "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal [those] records." *Id.* at 1179.  However, when documents can be used as "sources of business information that might harm a litigant's competitive standing," such use constitutes a "compelling reason" in support of keeping those documents under seal. *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *2 (S.D. Cal. Apr. 20, 2020) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)); *see Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal exhibits comprised of "confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same").  In addition, "compelling reasons exist" to seal documents that include "personally identifiable information of third-party individuals, including names, addresses, phone numbers, and email addresses." *Am. Auto. Ass'n of N.*

---

Defendants' Motion for Partial Summary Judgment on Plaintiffs' Private Label Claims, ECF No. 2144.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STARKIST CO. AND DONGWON
INDUSTRIES CO., LTD.'S MOT. TO SEAL
3:15-md-02670-JLS-MDD

*California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).

### III. COMPELLING REASONS WARRANT SEALING STARKIST'S AND DWI'S COMMERCIALLY SENSITIVE MATERIAL AND OTHER DOCUMENTS WITH CONFIDENTIAL PERSONAL INFORMATION

StarKist and DWI identified several categories of documents for which there are compelling reasons to keep under seal. The documents take many forms:

> (1) expert reports submitted by Defendants and Plaintiffs, which incorporate and reference confidential commercial sales and marketing data;
>
> (2) internal email communications, sales and marketing presentations, Board of Directors meeting minutes, and other strategic documents drafted by StarKist and DWI personnel;
>
> (3) confidential financial statements;
>
> (4) discovery responses and extensive deposition testimony that discuss a host of competitively sensitive topics;
>
> (5) documents that reference the private information of third-party individuals; and
>
> (6) portions of the parties' briefs themselves, which incorporate this confidential information.

StarKist and DWI address the documents they seek to seal individually in Appendix A, which lists each document they seek to seal (in whole or in part) and the reasons for each. For example, as described in Appendix A, certain documents contain competitively sensitive sales and/or marketing information. Those documents include details and descriptions of StarKist's pricing mechanisms, discount types and frequency, sales channels, customer price negotiations, and business relationships. They also include details and descriptions regarding DWI's primary business—raw fish sales—including pricing, sales negotiations, and business relationships. Other documents contain competitively sensitive technical and/or research and development information. Those documents include details

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STARKIST CO. AND DONGWON
INDUSTRIES CO., LTD.'S MOT. TO SEAL
3:15-md-02670-JLS-MDD

and descriptions of StarKist's and DWI's business operations, procurement strategies, product development plans, manufacturing processes, and other strategic initiatives. In addition, many of the documents StarKist and DWI identified as sealable—in particular, portions of the various parties' expert reports—include StarKist's and DWI's competitively sensitive financial information. Those documents include details and descriptions of StarKist's and DWI's sales and cost data, discount types and frequency, margins earned, and pricing mechanisms. They also include information regarding StarKist's overall financial health[2] as well as various details related to StarKist's debt load, investments, and potential merger and acquisition opportunities. Finally, StarKist and DWI also identified certain documents that include the private and confidential information of third parties, such as personal phone numbers and home addresses.[3]

Public disclosure of StarKist's and DWI's commercially sensitive information would make it accessible to their customers, brokers, suppliers, and competitors and could result in a competitive disadvantage, and therefore cause irreparable harm, for StarKist and DWI currently and in the future.[4] Likewise, the

---

[2] Because StarKist Co. is privately held, detailed financial information about the company is not public.

[3] Several documents listed in Appendix A include other "confidential and commercially sensitive business information." Among those documents are minutes and presentations from Board of Directors meetings, which show StarKist's and DWI's strategic decision-making processes and contain commercially sensitive information spanning across all segments of StarKist's and DWI's business.

[4] StarKist and DWI recognize that some of the commercially sensitive information they seek to seal originated or was communicated some time ago. But the age of that information does not affect the compelling reasons that justify keeping it under seal. Even where the information is more than five years old, it still maintains its strategic value. *See* Decl. of Andras Mecs in Supp. of StarKist and DWI's Mot. to Seal ("Mecs Decl.") ¶¶ 17-23; Decl. of Myoung-woo Lee in Supp. of StarKist and DWI's Mot. to Seal ("Myoung-woo Lee Decl.") ¶¶ 6-10. While the raw and canned tuna markets have evolved some since the early 2010s, they are typically not subject to dynamic change. *See* Mecs Decl. ¶ 17; Myoung-woo Lee Decl. ¶ 6. Specifically, StarKist's and DWI's sales, marketing, pricing,

public disclosure of private and confidential third-party information exposes those individuals to privacy violations and other forms of harm, such as identify theft. All of these justifications satisfy the Ninth Circuit's compelling reasons standard. *See, e.g.*, *Aya Healthcare Servs., Inc.*, 2020 WL 1911502, at *3-5 (finding compelling reasons to seal business records detailing financial terms, proprietary business strategies, negotiations and agreements with third parties, pricing information, and technical information, such as "fill requirements"); *Am. Auto. Ass'n of N. California, Nevada & Utah*, 2019 WL 1206748, at *2 (finding compelling reasons to seal "personally identifiable information of third-party individuals"); *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (finding compelling reasons to seal portions of expert report detailing "formulations, sourcing information, supply quantities, [] marketing strategies[,] and financial information"); *Baker v. SeaWorld Entm't, Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5-6 (S.D. Cal. Nov. 3, 2017) (finding compelling reasons to seal "internal business materials," including "analyses of competitors' events," "a confidential consumer report," "notes for a Board of Directors presentation," "presentation slides" for a Board of Directors meeting, and "communications regarding . . . public relations strategy [and] pricing and marketing strategies"); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").

---

and other business development strategies have—in most respects—remained consistent over the years. Mecs Decl. ¶ 17; *see* Myoung-woo Lee Decl. ¶¶ 6-10. StarKist's current cost structure, for example, is largely reflected in its historical sales and other financial data. *See* Mecs Decl. ¶ 21. Its current marketing and pricing strategies, as well as its customer relationships, are likewise illustrated in some of even the most dated documents attached to the parties' summary judgment and *Daubert* motions. *See* Mecs Decl. ¶¶ 18-20, 22.

## IV. CONCLUSION

For the foregoing reasons, StarKist and DWI respectfully request that the court grant this motion to seal the documents identified in Appendix A.

Dated: September 9, 2020

LATHAM & WATKINS LLP

By: s/ Ashley M. Bauer

Alfred C. Pfeiffer
Christopher S. Yates
Belinda S Lee
Niall E. Lynch
Ashley M. Bauer
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: al.pfeiffer@lw.com
Email: chris.yates@lw.com
Email: belinda.lee@lw.com
Email: niall.lynch@lw.com
Email: ashley.bauer@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*