LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Niall E. Lynch (CA 157959)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  415-391-0600
Facsimile:  415-395-8095
*al.pfeiffer@lw.com*
*chris.yates@lw.com*
*belinda.lee@lw.com*
*niall.lynch@lw.com*
*ashley.bauer@lw.com*

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:15-md-02670-JLS-MDD<br><br>MDL No. 2670<br><br>**DECLARATION OF MYOUNG WOO LEE IN SUPPORT OF DEFENDANTS STARKIST CO. AND DONGWON INDUSTRIES CO., LTD.'S MOTION TO SEAL** |

I, Myoung-Woo Lee, declare as follows:

1. I am currently employed as the Chief Executive Officer ("CEO") and President of Dongwon Industries Co., Ltd. ("DWI"). I have been the CEO and President of DWI since January 1, 2014.

2. My responsibilities as CEO include overseeing all aspects of DWI's day-to-day business. Because of those responsibilities, I am familiar with DWI's business and operations.

3. My employment experience provides me with knowledge of, among other things, (1) DWI's financial data; (2) information regarding DWI's potential strategic acquisitions, (3) DWI's operational strategy, including where and how it catches raw tuna, and (4) DWI's customer and pricing strategy for the sale of raw tuna. The information provided below is based on my personal knowledge of DWI's current business practices.

4. It is my understanding that DWI seeks to seal a number of commercially sensitive documents that have been filed in this litigation.

5. It is also my understanding that many of those documents include information that originated or was communicated more than five or ten years ago.

6. Nevertheless, my review of many documents produced in this litigation and my knowledge of DWI's current practices allows me to confirm that documents that were drafted more than five or ten years ago are still of strategic value to DWI today.

7. As one example, it is my understanding that DWI seeks to seal Exhibit 37 to DWI's Motion for Summary Judgment (ECF No. 1973). That document, which is dated July 2, 2014, includes an analysis of the transfer pricing between DWI and its subsidiary, StarKist. The transfer pricing practices, including intercompany sales and financial arrangements are confidential in nature and remain relevant to DWI's business today. The disclosure of this confidential information would irreparably harm DWI's business.

8. As another example, it is my understanding that DWI seeks to seal Exhibit 142 to StarKist, Del Monte, and DWI's Motion for Partial Summary Judgment Dismissing All Claim for Purchases Made Prior to May 30, 2011 (ECF No. 2023). That document, which is dated June 29, 2008, includes information related DWI's acquisition of the StarKist assets from Del Monte Corporation, including the price paid, the capital structure, and information regarding other investors, among other things. While the capital structure of DWI's investment in StarKist Co. has changed over the years, the financial information in this document is still commercially sensitive notwithstanding its age. Were it to be publicly disclosed, it would irreparably harm DWI's business.

9. As a third example, it is my understanding that StarKist and DWI seek to seal Exhibit 54 to DWI's Motion for Summary Judgment (ECF No. 1973). That document contains a chart, which includes all sales from DWI to StarKist and its subsidiaries from 2008-2017, broken down by category. This sales data is detailed, granular, and confidential. Data regarding sales to StarKist and its subsidiaries is commercially sensitive to this day and could be used against DWI in its negotiations with other customers, so the public disclosure of this information would irreparably harm DWI's business.

10. While I have not personally reviewed all of the documents DWI seeks to seal, based on my experience at DWI and my review of many documents produced in this case, I can confirm that the information reflected in internal DWI documents from 2008-2015 are still relevant to DWI's business today, and the public revelation of that information would be detrimental to DWI's business.

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct, and that this Declaration was
3  executed on September 8th, 2020 in Seoul, Republic of Korea.

By: _____
Myoung-woo Lee