UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>ALL CFP ACTIONS | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING COMMERCIAL FOOD PREPARER PLAINTIFFS' MOTION TO SEAL**<br><br>(ECF No. 2400) |

Pending before the Court in this multidistrict antitrust action are numerous summary judgment and *Daubert* motions. In connection with those motions, the parties initially filed 71 motions to file documents under seal. The motions to seal were denied for failure to show compelling reasons. (*See* ECF No. 2319.) Commercial Food Preparer Plaintiffs ("CFPs") filed a renewed motion to seal. (ECF No. 2400.) For the reasons stated below, the motion is denied.

CFPs request the sealing of two expert reports prepared by their economist Michael A. Williams, Ph.D. in their entirety (*see* ECF Nos. 2401, 2402) and an excerpt from Dr. Williams' deposition (*see* ECF No. 2002-24). These documents were submitted

/ / / / /

in support of and in opposition to five different motions.[1]  Although only limited portions of Dr. Williams' reports are at issue in these motions (*see* ECF Nos. 1979, 2112), and three of the motions do not reference the reports at all (*see* ECF Nos. 2002, 2014, 2021), the parties chose to submit the reports in their entirety, 86 and 154 pages in length, respectively, rather than only the relevant portions.  (*See* footnote 1.)

CFPs, as the parties seeking to seal judicial records, bear the burden of overcoming the strong presumption of access to court records.  *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The showing required to meet the burden depends upon whether the documents relate to a motion that is "more than tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  If it is, the "compelling reasons" standard applies.  *Id*. at 1096–98.

The summary judgment and *Daubert* motions at issue here are sufficiently related to the merits to warrant the application of the "compelling reasons" standard.  *See Ctr. for Auto Safety,* 809 F.3d at 1098-99.  To meet this burden, the moving party must make a "particularized showing."  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  This entails "articulat[ing] compelling reasons supported by specific factual findings."  *Id.* at 1178-79; *see also Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("[T]he party seeking protection bears the burden of showing *specific* prejudice or harm will result if no [protection] is granted." (emphasis added)).

---

[1]  The motions are:  (1) Plaintiffs' *Daubert* motion (ECF Nos. 1970, 2049 (CFP joinder) and 2112 (StarKist opp'n) (reports lodged under seal at ECF Nos. 2049-4, 2112-5, 2112-11)); (2) Defendants' *Daubert* motion (ECF No. 1981, report lodged under seal at ECF No. 1979-8); (3) Defendants' private label motion for summary adjudication (ECF No. 2015, report lodged under seal at ECF No. 2014-10 (electronically marked pages 719 through 873)); (4) certain Defendants' motion for summary adjudication of pre-2011 claims (ECF No. 2023, report lodged under seal at ECF No. 2021-7 (electronically marked pages 120 through 274)); and (5) Defendants' gear-type motion for summary adjudication (ECF No. 1999 (deposition excerpt lodged under seal at ECF No. 2002-24).)

CFPs contend that the tables and figures in Dr. Williams' reports summarize third-party intermediaries' pricing of tuna products they purchased and re-sold to CFPs. (CFPs' Mot. to Seal, ECF No. 2400, 1-2.) They claim that the margin behavior reflected in the analysis is "particularly likely to be a trade secret" because the third-party intermediaries' competitors "could potentially infer" how the intermediaries adjusted their margins in response to Defendants' price increases. (*Id.* 2.)

"The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome the strong presumption" in favor of public access to judicial records. *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1162 (9th Cir. 2011). Nevertheless, sealing of court records requires a particularized showing. *Id.*; *see also Kamakana*, 447 F.3d at 1178-79.

CFPs implicitly concede that their sealing request is overbroad, as they argue that potentially sensitive information is contained in the "tables and figures," yet they request the sealing of the lengthy reports in their entirety, including Dr. Williams' qualifications and resume. The deposition excerpt they request to seal, albeit short, does not concern third-party intermediaries' pricing. Further, the pricing data is five or more years old. CFPs provide no basis to assume that it is still competitively relevant. To the extent the data is aggregated in the tables so as not to identify any particular intermediary, it is unclear that the intermediaries would sustain any competitive harm from disclosure. CFPs also do not show that the third-party intermediaries protect the confidentiality of this data, as is required to make a trade secret showing. *See* 18 U.S.C. § 1839(3). Finally, CFPs are explicitly non-committal in their assertion of trade secret status as they hedge at every turn and provide no evidence in support of their contention. Accordingly, CFPs have not made the particularized showing necessary to support a finding of compelling reasons.

Based on the foregoing, CFPs' motion to seal is denied. Because the documents were lodged pending order on motion to seal, which motion is hereby denied, they will not be considered. *See* Elec. Case Filing Admin. Policies and Proc. Manual § 2(j).

It is hereby ordered as follows:

1. CFPs' renewed motion to seal (ECF No. 2400) is denied.

2. The expert reports of Michael A. Williams, Ph.D. (*see* ECF Nos. 2401, 2402) and the excerpt from his deposition (*see* ECF No. 2002-24) will not be considered in relation to the motions listed in footnote 1.

3. The parties shall meet and confer to arrive at appropriate excerpts from Dr. Williams' reports and deposition to include only those sections that are relevant to the issues raised in the motion papers.

4. If the appropriate excerpts include any of the tables and figures CFPs believe should be sealed, CFPs may file a motion to seal. Any such motion shall be filed no later than **September 30, 2020**, and must be supported by an appropriate showing.

**IT IS SO ORDERED.**

Dated: September 24, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge