UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>ALL DAP ACTIONS | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO SEAL**<br><br>(ECF No. 2370) |

Pending before the Court in this multidistrict antitrust action are numerous summary judgment and *Daubert* motions. In connection with those motions, the parties initially filed 71 motions to file documents under seal. The motions to seal were denied without prejudice for failure to show compelling reasons. (*See* ECF No. 2319.) The Kroger Direct Action Plaintiffs ("DAPs") filed a renewed motion to seal. (ECF No. 2370.) For the reasons stated below, the motion is denied.

DAPs request the sealing of certain charts and graphs presented in appendices to the expert report and reply report of Dr. Michael Baye, one of DAPs' economists. (*See* ECF Nos. 2370-1 at 183, 211-13, 150-349, 382-90, 393-407, 410-26, 429-36 (report),

/ / / / /

2370-2 at 32-35 (reply report).)[1]  These reports were submitted in support of Defendants' motion to exclude certain expert opinions, including certain of Dr. Baye's opinions ("*Daubert* Motion").  (*See* ECF Nos. 1981-1 ("Defs' Mot."), 1981-7 (report, lodged under seal at ECF No. 1979-5), 1981-19 (reply report, lodged under seal at ECF No. 1979-17).)  Although Defendants challenge only a small portion of Dr. Baye's reports (*see* Defs' Mot. 4 n.9, 18 n.19, 20 n.20 (specifying which portions of Dr. Baye's reports they want excluded)), they chose to attach the entire documents, 500 and 35 pages in length, respectively, and rather than only the relevant portions.  (*See* ECF Nos. 1981-2 (Attaway Decl."), 1979-5, 1979-17.)

      DAPs, as the parties seeking to seal a judicial record, bear the burden of overcoming the strong presumption of access to court records.  *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The showing required to meet the burden depends upon whether the documents relate to a motion that is "more than tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  If it is, the "compelling reasons" standard applies.  *Id.* at 1096–98.

      Evidentiary motions, including *Daubert* motions, are often "strongly correlative to the merits of the case" and warrant the application of the "compelling reasons" standard. *Ctr. for Auto Safety,* 809 F.3d at 1099.  To meet this burden, the moving party must make a "particularized showing."  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  This entails "articulat[ing] compelling reasons supported by specific factual findings."  *Id.* at 1178-79; *see also Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("[T]he party seeking protection bears the burden of showing *specific* prejudice or harm will result if no [protection] is granted." (emphasis added)).  DAPs' unsupported blanket assertion that the charts and graphs in Dr. Baye's

---

[1]    The referenced page numbers were assigned by the court's CM/ECF system.

reports disclose "competitively sensitive business information," is insufficient to make the particularized showing necessary to meet the "compelling reasons" standard.

Accordingly, DAPs' motion to seal is denied. Because Dr. Baye's reports were lodged pending order on motion to seal, which motion is hereby denied, they will not be considered. *See* Elec. Case Filing Admin. Policies and Proc. Manual § 2(j).

It is hereby ordered as follows:

1. DAPs' renewed motion to seal (ECF No. 2370) is denied.

2. The expert report and reply report of Dr. Michael Baye (ECF Nos. 1981-7 (lodged under seal at ECF No. 1979-5), 1981-19 (lodged under seal at ECF No. 1979-17)) will not be considered in support of Defendants' *Daubert* Motion (ECF No. 1981).

3. The parties shall meet and confer to arrive at appropriate excerpts from Dr. Baye's reports, *i.e.*, the sections Defendants move to exclude and the context necessary in support of or in opposition to their *Daubert* Motion.

4. If the appropriate excerpts include any of the charts and graphs DAPs believe should be sealed, DAPs may file a motion to seal. Any such motion shall be filed no later than **September 30, 2020**, and must be supported by an appropriate showing.

**IT IS SO ORDERED.**

Dated: September 24, 2020

Hon. Janis L. Sammartino
United States District Judge