UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING LION CAPITAL LLP AND BIG CATCH CAYMAN LP'S MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>**(ECF No. 1758)** |
|---|---|

Pending before the Court in this multidistrict antitrust action is motion to file document under seal (ECF No. 1758, "Mot. to Seal") filed by Defendants Lion Capital LLP and Big Catch Cayman LP (hereinafter "Defendants"). No opposition has been filed. For the reasons stated below, the motion is denied.

Defendants request to seal portions of their reply brief (ECF Nos. 1759, 1760) filed in support of their motion to dismiss for failure to state a claim (ECF No. 1631). Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

/ / /

1    Aside from "grand jury transcripts and warrant materials in the midst of a pre-
2    indictment investigation," a strong presumption applies in favor of public access to judicial
3    records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
4    A party seeking to seal a judicial record bears the burden of overcoming the strong
5    presumption of public access. *Id*. at 1178.

6    Defendants' motion is based on the contention that sealing is warranted pursuant to
7    a protective order. That a document is designated confidential pursuant to a protective
8    order is of little weight when it comes to sealing court filings. *See San Jose Mercury News,*
9    *Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v.*
10   *Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians*
11   *of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature,
12   protective orders are overinclusive, *see Beckman*, 966 F.2d at 476, because prior to signing,
13   the judge typically does not have the opportunity to analyze whether any particular
14   document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; Foltz, 331
15   F.3d at 1133. Therefore, whether a document designated as confidential pursuant to a
16   protective order should be sealed must usually be determined *de novo*. *See Weyerhaeuser*,
17   340 F. Supp. 2d at 1121. Defendants' reliance on the protective order is insufficient to
18   warrant sealing.

19   Defendants also state that their reply brief references their "proprietary and sensitive
20   business information." (Mot. to Seal 2.) The showing required to meet Defendants' burden
21   in this regard depends upon whether the documents they request to seal relate to a motion
22   that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v.*
23   *Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If it is, the "compelling reasons"
24   standard applies. *Id*. at 1096–98. Defendants' motion to dismiss under Rule 12(b)(6) of
25   Federal Rules of Civil Procedure is sufficiently related to the merits to warrant the
26   application of the "compelling reasons" standard. *See id*. at 1098-99. To meet this burden,
27   Defendants must make a "particularized showing." *Kamakana*, 447 F.3d at 1180. This
28   ///

1  entails "articulat[ing] compelling reasons supported by specific factual findings." *Id*. at
2  1178-79.
3        Defendants claim they seek to seal sensitive proprietary business information.
4  Although "courts have refused to permit their files to serve as . . . sources of business
5  information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598-99,
6  sealing of court records requires a *particularized* showing, *Apple Inc. v. Psystar Corp.*, 658
7  F.3d 1150, 1162 (9th Cir. 2011); *see also Kamakana*, 447 F.3d at 1178-79.  The generic
8  and unsupported statement Defendants offer in support of their motion does not meet this
9  standard.
10        For the foregoing reasons, Defendants' motion to file documents under seal is
11  denied.
12      **IT IS SO ORDERED.**

14  Dated: November 1, 2020

15                                            Hon. Janis L. Sammartino
16                                            United States District Judge