UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Winn-Dixie Stores, Inc. et al. v. Bumble Bee Foods, LLC, et al.*, Case no. 16-cv00017 | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING WINN-DIXIE PLAINTIFFS' AND DEFENDANTS' MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**(ECF Nos. 2052, 2057)** |

Pending before the Court in this multidistrict antitrust action are motions to file under seal filed separately by Winn-Dixie Plaintiffs and Defendants. (ECF Nos. 2052, 2057.) The motions are unopposed. For the reasons stated below, the motions are denied.

Winn-Dixie Plaintiffs request to seal parts of their Ex Parte Application Seeking Relief Re: Defendants' Premature Motion to Strike and Motion in Limine. (ECF No. 2054 ("Ex parte").) Defendants request to seal parts of their opposition. (ECF No. 2059.)

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Id*. at 1178.

Both motions are based on the contention that sealing is warranted pursuant to a protective order. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are overinclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Therefore, whether a document designated as confidential pursuant to a protective order should be sealed must usually be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. The parties' reliance on the protective order is insufficient to warrant sealing.

Winn-Dixie Plaintiffs also contend that their Ex Parte references "non-public litigation matters." (Winn-Dixie Pls' Mot. to Seal, ECF No. 2052, 2.) A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Kamakana,* 447 F.3d at 1178. The compelling reasons standard applies to documents filed in relation to any motion except a motion that is only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). "Under this exception, a party need only satisfy the less exacting 'good cause' standard" under Federal Rule of Civil Procedure 26(c). *Id*. at 1097.

The Ex Parte requests the Court to strike Defendants' Motion to Strike and Motion in Limine as procedurally improper or defer ruling until closer to trial. Because the Ex

1  Parte is only tangentially related to the merits, the lesser "good cause" standard applies to
2  Winn-Dixie Plaintiffs' motion to seal.  However, even this lesser standard requires more
3  than the generic and conclusory justification they offer.  *See Beckman Indus., Inc. v. Int'l*
4  *Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated
5  by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

   For the foregoing reasons, Winn-Dixie Plaintiffs' and Defendants' motions to file documents under seal are denied.

   **IT IS SO ORDERED.**

Dated:  November 1, 2020

Hon. Janis L. Sammartino
United States District Judge