UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING LION CAPITAL LLP AND BIG CATCH CAYMAN LP'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(ECF No. 2290)** |

Pending before the Court in this multidistrict antitrust litigation is a motion to file documents under seal (ECF No. 2290, "Mot. to Seal") filed by Defendants Lion Capital LLP and Big Catch Cayman LP (hereinafter "Defendants"). No opposition has been filed. For the reasons stated below, the motion is denied.

Defendants request to seal portions of their opposition to Plaintiffs' motion to reconsider Order Granting Defendants' Motion to Dismiss (ECF No. 2270, "Order") as well as portions of a related declaration and exhibits. Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

/ / /

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Id*. at 1178.

Defendants' motion is based in part on the contention that sealing is warranted pursuant to a protective order. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are overinclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; Foltz, 331 F.3d at 1133. Therefore, whether a document designated as confidential pursuant to a protective order should be sealed must usually be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Defendants' reliance on the protective order is insufficient to warrant sealing.

Defendants also contend that the documents "contain or reference confidential or highly confidential proprietary and sensitive business information," and that some of the documents were previously sealed, for example, pursuant to the order at ECF No. 1004. (Mot. to Seal 1.)

The showing required to meet Defendants' burden in this regard depends upon whether the documents they request to seal relate to a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If it is, the "compelling reasons" standard applies. *Id*. at 1096–98. Plaintiffs' motion to reconsider the Order, to which Defendants' documents relate, is sufficiently related to the merits to warrant the application of the "compelling reasons"

standard. *See id.* at 1098-99. To meet this burden, Defendants must make a "particularized showing." *Kamakana*, 447 F.3d at 1180. This entails "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178-79.

Defendants claim they seek to seal sensitive proprietary business information. Although "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598-99, sealing of court records requires a particularized showing, *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011); *see also Kamakana*, 447 F.3d at 1178-79. The generic and unsupported statements Defendants offer in support of their motion do not meet the lower, good cause standard. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). *A fortiori*, they are insufficient to make a particularized showing.

Furthermore, based on review of the lodged documents, the information requested to be sealed is up to twelve years old and largely pertains to Defendants' dealings with Bumble Bee Foods, LLC ("Bumble Bee"). Bumble Bee filed for bankruptcy more than a year ago and was sold to a third party in January 2020. It is therefore not readily apparent how the information Defendants wish to seal could still meet the compelling reasons standard today. To the extent Defendants wish to seal any part of their documents, they must address these concerns.

For the foregoing reasons, Defendants' motion to file documents under seal is denied. The proposed sealed documents (ECF No. 2291) will not be considered. If Defendants wish to file unredacted versions of their opposition brief, declaration and

///

exhibits, or if they wish to file a properly supported motion to seal, they may do so no later than **January 14, 2021**.

     **IT IS SO ORDERED.**

Dated: January 4, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge