UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.:  15-MD-2670 JLS (MDD)<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**(ECF Nos. 2283, 2298, and 2301)** |

    Pending before the Court in this multidistrict antitrust litigation are Plaintiffs' motions to seal (ECF Nos. 2281, 2298, and 2301) filed in relation to their motion to reconsider Order Granting Defendants' Motion to Dismiss (ECF No. 2270) and their alternative motion for certification of a partial final judgment based on the same order (*see* ECF Nos. 2285 and 2281.)  Plaintiffs' motions to seal are unopposed.  For the reasons stated below, the motions are denied.

    Plaintiffs request to seal parts of their motion to reconsider, reply in support thereof, reply in support of their motion for a partial final judgment, as well as parts of the associated exhibits and declarations.  They argue that sealing is warranted based on a protective order previously entered in this proceeding.

    Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns,*

*Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to a motion to seal therefore does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access.  *Id.* at 1178.

The motions are based on the contention that sealing is warranted pursuant to a protective order.  That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003).  By nature, protective orders are overinclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed.  *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133.  Therefore, whether a document designated as confidential pursuant to a protective order should be sealed must usually be determined *de novo*.  *See Weyerhaeuser*, 340 F. Supp. 2d at 1121.

Plaintiffs' reliance on the protective order is insufficient to warrant sealing.  Accordingly, their motions to seal are denied.  The proposed sealed documents (ECF Nos. 2284, 2299, and 2302) will not be considered.  If Plaintiffs wish to file unredacted versions

/ / /

of their motion briefs, declarations and exhibits, or if they wish to file a properly supported motion to seal, they may do so no later than **January 14, 2021**.

**IT IS SO ORDERED.**

Dated: January 4, 2021

Hon. Janis L. Sammartino
United States District Judge