UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No.:  15-md-2670 JLS (MDD)<br><br>ORDER DENYING MOTION TO WITHDRAW<br><br>[ECF No. 2567] |
|---|---|

Pending before the Court is an unopposed motion filed by counsel for Defendant Bumble Bee Foods, LLC ("Bumble Bee") seeking withdrawal from representation. (ECF no. 2567).  On November 21, 2019 Bumble Bee filed a bankruptcy petition and the proceedings against Bumble Bee in this Court were stayed. (ECF No. 2286.)  According to the most recent bankruptcy status report, the automatic stay remains in place.  (*See* ECF no. 2566.)  Bumble Bee's counsel, attorneys at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), seek withdrawal because Bumble Bee "cannot afford to pay legal fees." (*See* ECF no. 2568 at 4.)[1]

/ / /

---

[1] The same declaration of counsel was also filed at ECF no. 2567-1 without exhibits.

1

An attorney may not withdraw as counsel except by leave of court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D.Cal.1992);[2] *see also* Cal. R. Prof. Conduct 1.16(c). The Rules of Professional Conduct of the State Bar of California[3] allow for withdrawal from representation under certain conditions. Paul Weiss relies on Rule 1.16(b)(4), which allows for withdrawal if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." *Id.* 1.16(b)(4). Withdrawal under this provision is permissive rather than mandatory. *Id.* 1.16(b) ("Except as stated in paragraph (c), a lawyer *may* withdraw from representing a client if . . . ."); *cf. id.* 1.16(a) ("Except as stated in paragraph (c), a lawyer . . . *shall* withdraw from representation of a client if . . . .") (both emphases added). Furthermore, "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." *Id.* 1.16(d).

According to Paul Weiss, Bumble Bee's conduct that renders it unreasonably difficult to continue representation is the inability to pay legal fees.[4] (ECF no. 2567 at 6.) Counsel do not address the issue whether withdrawal will prejudice Bumble Bee. If the motion is granted, it appears that Bumble Bee will be left without any representation in this MDL. As a legal entity, Bumble Bee "may appear in court only through an attorney . . . ." Civ. Loc. R. 83.3(j). An unrepresented legal entity defendant may be defaulted. *See*

---

[2] Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted from citations.

[3] Although counsel are licensed in the State of New York, they rely on California Rules of Professional Conduct, the rules applicable to attorneys in this District. (*See* ECF no. 2567 at 6 (citing Cal. R. Prof. Conduct 1.16(b)(4).)

[4] Paul Weiss does not contend that Bumble Bee owes any fees, which is often presented as a ground for withdrawal under Rule 1.16(b)(5). The supporting declaration of counsel suggests that Bumble Bee cannot afford to pay fees going forward. (*See* ECF no. 2568 at 4.)

*United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Although proceedings against Bumble Bee are presently stayed, the stay will terminate at some point, *see* 11 U.S.C. 362, thus rendering Bumble Bee subject to default. On the other hand, the burden on Bumble Bee's counsel in continuing to represent Bumble Bee is small as the proceedings are presently stayed.

For the foregoing reasons, counsel's motion to withdraw is denied.

IT IS SO ORDERED.

Dated: May 11, 2021

Hon. Janis L. Sammartino
United States District Judge