1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   IN RE PACKAGED SEAFOOD              Case No. 15-md-2670-JLS-MDD
12   PRODUCTS ANTITRUST
     LITIGATION                          CLASS ACTION
13
                                         ORDER VACATING HEARING DATE
14   This Document Relates to:           AND DENYING MOTIONS AS
                                         PREMATURE
15   (1) Direct Purchaser Plaintiffs,
                                         [ECF Nos. 2533, 2552, 2561]
16   (2) Commercial Food Preparer
     Plaintiffs, and
17
     (3) End Payer Plaintiffs
18

19

20        On July 30, 2019, the Court certified three class actions in this multidistrict

21   litigation.  (*See* ECF no. 1931 ("Class Certification Order").)[1]  Defendants appealed

22   the Class Certification Order pursuant to Federal Rule of Civil Procedure 23(f).

23   (*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514 (9th

24   Cir. Aug. 14, 2019) ("*Olean*").)  Before the appellate proceedings concluded, all three

25   classes reached a settlement with Chicken of the Sea International and its parent

26   _____

27        [1]      Unless otherwise noted, internal quotation marks, citations, and
28   footnotes are omitted from citations.

company Thai Union Group PCL (collectively "COSI Defs.").  The class Plaintiffs informed the Court of the settlements, and shortly thereafter started filing their respective motions for preliminary approval.  (*See* ECF nos. 2533, 2552, 2561 ("Preliminary Approval Motions or Motions").)  The Court set the Motions for hearing on May 20, 2021.  On April 6, 2021, the Court of Appeals issued an Opinion vacating the Class Certification Order.  (*Olean*, 993 F.3d 774 (9th Cir. 2021), ECF no. 100 ("Opinion").)

In light of the Opinion, on April 9, 2021, this Court issued an Order to Show Cause why the May 20, 2021 hearing should not be vacated until the class certification issue is resolved on remand after the Court of Appeals issues a mandate. (ECF no. 2551 ("OSC").)  On April 28, 2021, the Court of Appeals issued an Order stating that the question whether the case should be reheard *en banc* is being presented for a vote.  (*Olean* ECF no. 101 ("Order").)  The parties were ordered to brief "whether Federal Rule of Civil Procedure 23(b)(3) requires a district court to find that no more than a 'de minimis' number of class members are uninjured before certifying a class."  (*Id*. at 2.)  The parties took the Order into account when responding to the OSC.

COSI Defendants responded that they were withdrawing from the appeal and requested this Court to proceed with consideration of the Preliminary Approval Motions "as quickly as possible."  (ECF no. 2578.)[2]

StarKist Co. and its parent Dongwon Industries Co., Ltd. (together "StarKist Defs"), who are not parties to the pending settlements, responded that the Court should not proceed with certification of any litigation classes until after the Court of Appeals issues a mandate.  (ECF no. 2581 at 2.)  Based on the contention that the

---

[2]    On April 30, 2021 COSI Defendants filed a motion for voluntary dismissal of their appeal, which motion was granted on May 5, 2021.  (*Olean* ECF nos. 102, 103.)

class certification standard for settlement classes differs from the standard for litigation classes, StarKist Defendants did not object to ruling on the Preliminary Approval Motions, because the Motions implicate certification of settlement classes rather than litigation classes.  (*Id.* at 2, 3-4.)  StarKist Defendants also pointed out that "it appears that all three Putative Classes wish to defer notice of any settlement classes until a later date."[3]  (*Id.* at 2.)

In light of the foregoing responses, the putative classes responded with a request to proceed with settlement approval "on May 20 or on another date in the near future."  (ECF no. 2582.)

In order to approve a class action settlement, the court "must direct notice" to all class members who would be bound by the settlement and find that the proposed settlement is "fair, reasonable, and adequate."  Fed. R. Civ. Proc. 23(e)(1)(B) & (2).  A class action settlement cannot be approved without concluding that "the court will likely be able to [¶] certify the class for purposes of judgment on the proposal."  Fed. R. Civ. Proc. 23(e)(1)(B)(ii).

Although all three classes were certified by this Court, the Court of Appeals vacated the Class Certification Order.  In the present procedural posture, none of the classes are certified, and class certification remains with the Court of Appeals until it issues a mandate.

Based on the contention that certification of a settlement class differs from certification of a litigation class, the settling parties urge this Court to rule on their Motions notwithstanding the pending appellate proceedings.  "[T]he criteria for class certification are applied differently in litigation classes and settlement classes."  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (*en banc*); *see also id.* at 557 (discussing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620

---

[3]    None of the settling parties commented on this remark.

(1997)).  The distinction, however, does not warrant proceeding with settlement class certification under the circumstance of this case.

> Rule 23(a) and (b) standards apply equally to certifying a class action for settlement or for trial, *with one exception*.  In *Amchem Products, Inc. v. Windsor*, the Supreme Court held that because a settlement class action obviates a trial, a district judge faced with a request to certify a settlement class action "need not inquire whether the case, if tried, would present intractable management problems" under Rule 23(b)(3)(D).  The Court added, however, "that the settlement context demands undiluted, even heightened attention to unwarranted or overbroad class definitions."

*Manual for Complex Litig.* (Fourth) §21.132 (2004) (emphasis added).[4] Accordingly, when considering certification of a settlement class, the court need not weigh whether further litigation would present case management difficulties as provided in Rule 23(b)(3)(D).[5]

---

[4]     The referenced passage reads in its entirety as follows,

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . ., for the proposal is that there be no trial.  But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions— demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem*, 521 U.S. at 620 (citing Fed. R. Civ. P. 23(b)(3)(D), 23(c), 23(d)) (also quoted in *Hyundai*, 926 F.3d at 557).

[5]     The current version of Rule 23(b)(3)(D) reads, "likely difficulties in managing a class action."

4

The Court of Appeals vacated and remanded class certification to resolve "the factual disputes necessary to decide the [predominance] requirement before certifying the[] classes" (Opinion at 10.)  Specifically, it remanded the determination of "the number of uninjured parties in the proposed class based on the dueling statistical evidence." (*Id.; see also id.* at 34-35.)

To establish predominance, a plaintiff must prove that a common question of law or fact predominates.  Fed. R. Civ. P. 23(b)(3).  To meet this burden, the plaintiff can use representative evidence if it is reliable.  (Opinion at 28.)  At class certification, Defendants disputed that Plaintiffs' representative evidence, introduced through expert testimony, was reliable because it swept too many uninjured members into the class.  With respect to the putative direct purchaser class, Plaintiffs' expert opined his methodology swept in 5.5% of uninjured members, while Defendants contended it swept in 28%.  (*See id.* 34; *see also id.* at 11-12.)

As stated in the Opinion, in considering whether representative evidence meets the burden of proving predominance, "a key factual determination courts must make is whether the plaintiff's statistical evidence sweeps in uninjured class members." (*Id.* at 29.)  When this issue is disputed based on a challenge to the reliability of plaintiff's expert, the court must resolve the reliability dispute before determining whether predominance has in fact been met.  (*Id.* at 28, 30; *see also id.* at 33, 34.) "[R]esolving this dispute is of paramount importance to certification of the class." (*Id.* at 30; *see also id.* at 33 ("[H]ow many uninjured class members are included in Plaintiffs' proposed class [is an] essential component of predominance").)

The reasons for vacating the Class Certification Order do not rest on Rule 23(b)(3)(D) – "likely difficulties in managing a class action" – but the overarching question whether "the questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and apply whether the putative class actions are settled or further litigated.

For the foregoing reasons, this Court cannot consider certification of settlement classes until the Court of Appeals issues a mandate.  This conclusion is not altered by COSI Defendants' dismissal of their appeal or the prospect of *en banc* proceedings.[6]

For the foregoing reasons, it is ordered as follows:

1.      The hearing date set for May 20, 2021 to hear the Preliminary Approval Motions (ECF nos. 2533, 2552, 2561) is vacated.

2.      The Preliminary Approval Motions are denied as premature.

3.      The Order to Show Cause (ECF no. 2551) is discharged.

**IT IS SO ORDERED.**

Dated:  May 11, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[6]      In the Opinion, the majority noted that "Rule 23(b)(3) requires that questions of law or fact be shared by substantially all the class members" (Opinion at 31) and went further to hold that "the number of uninjured class members must be *de minimis*" (*id.* at 32 n.12).  Should the Court of Appeals hear this case *en banc*, the Order suggests that the issue will be "whether Federal Rule of Civil Procedure 23(b)(3) requires a district court to find that no more than a '*de minimis*' number of class members are uninjured before certifying a class."  (Order at 2.)

The majority concluded that, if Defendants are successful in showing that Plaintiffs' expert evidence was unreliable because "28% of the class were uninjured, common questions of law or fact would not be shared by *substantially all the class members*."  (Opinion at 31 (emphasis added).)  Based on the majority's reasoning, this conclusion appears sufficient to vacate and remand the Class Certification Order.  Moreover, the dissent does not object to the remand.  (*Id.* at 35.)  This suggests a strong likelihood that the case will be remanded regardless of the outcome of the potential *en banc* hearing.