UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | Case No.: 3:15-MD-02670-JLS-MDD<br><br>**ORDER VACATING HEARING AND GRANTING RENEWED JOINT MOTION TO LIFT STAY OF DISCOVERY**<br><br>[ECF No. 2563] |

Presently before the Court is a renewed joint motion filed by Plaintiff Associated Wholesale Grocers, Inc. ("AWG") and Defendant Christopher Lischewski (together, "Moving Parties") requesting to lift stay of discovery. (ECF No. 2563, "Mot."). Defendants StarKist Co., Dongwon Industries, Co., Ltd., Del Monte Corporation, and Lion Capital (Americas), Inc. (together, "Co-Defendants") jointly filed a response. (ECF No. 2564, "Resp."). AWG filed a reply. (ECF No. 2590, "Reply.") The motion is decided on the briefs without oral argument pursuant to Civil Local Rule 7.1(d)(1). The hearing set for May 20, 2021 is VACATED. For the reasons which follow, the Motion is GRANTED.

On November 5, 2018, the Court granted a motion of the United States to stay discovery against Christopher Lischewski in the AWG Case because Lischewski was facing trial on criminal charges arising from the conduct giving rise to this multidistrict

litigation ("MDL"). (*See* ECF No. 1632, Order Granting the U.S. Mot. to Stay Discovery ("Stay Order or Order").) Although this MDL comprises dozens of member cases largely against the same group of defendants, Lischewski is a named defendant only in *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods, LLC et al.*, No. 18cv1014-JLS-MDD ("AWG Case"). The Order stayed all discovery against Lischewski in the AWG Case pending resolution of the criminal trial. (Stay Order at 13.) Although discovery against Lischewski as a third-party witness was allowed to continue in the other member cases, AWG was prohibited from participating in or receiving any of that discovery. (*Id.*) Lischewski's criminal trial concluded December 3, 2019, and his conviction is pending on appeal. (*United States v. Lischewski*, No. 20-10211 (9th Cir.).)

AWG and Lischewski jointly request to lift the stay to give AWG access to the discovery taken against Lischewski in other member cases and permit discovery between AWG and Lischewski in the AWG Case to proceed to the extent it would be non-duplicative of the discovery already taken.

The Motion was served on the United States (*see* Mot. 2 n.1), however, the government has not responded. AWG represents its counsel has conferred with the government and confirmed that the government does not oppose the Motion. (*Id.* at 2 n.2).

Co-Defendants responded that they do not oppose lifting the stay. They request, however, that if the stay is lifted, "all parties to the AWG matter shall be served with, and permitted to participate in, any additional discovery." (Resp. 1-2.)

AWG replied it does not object to Co-Defendants "being served with any AWG/Lischewski discovery or attending and participating in any AWG/Lischewski depositions that may take place." (Reply 2.) It noted, however, it would object to re-litigation or reopening of any discovery issues previously decided or agreed. (*Id.*)

The stay was originally imposed by weighing the factors enumerated in *Keating v. Office of Thrift Supervision,* 45 F.3d 322 (9th Cir. 1995). (*See* Stay Order 3-13.) AWG and Lischewski agree that these factors no longer weigh in favor of continuing the stay. (Mot. 4 ("AWG and Mr. Lischewski agree that none of the factors that weighed in favor of

granting the stay on November 5, 2018 . . . support keeping the stay in place now."); *see also id.* at 4-6.) Neither the government nor Co-Defendants dispute this. The Court finds that in light of the procedural posture of the criminal case and the fact that Lischewski testified in his defense at trial (*see* Mot. 4), the *Keating* factors weigh in favor of ending the stay.

The stay was limited in scope in that only AWG was excluded from taking discovery against Lischewski or receiving discovery taken by other parties in the MDL against Lischewski. (Stay Order 9, 13.) The Order notes that completion of discovery by all other parties "will at least narrow the issues and could streamline any additional discovery needed once the case resumes." (*Id.* at 9.) Accordingly, any further discovery in the AWG Case after the stay is lifted shall be limited accordingly.

Based on the foregoing, the Motion is granted. The stay ordered on November 5, 2018 is lifted. It is ordered as follows:

1. All parties shall forthwith serve AWG with all discovery taken against Lischewski in this MDL.

2. AWG and Lischewski shall proceed with discovery in the AWG Case according to the applicable Federal Rules of Civil Procedure and civil local rules of this District. The scope of such discovery is limited to matters that are not duplicative of the discovery against Lischewski already taken in this MDL.

3. Lischewski's Co-Defendants in the AWG Case may participate in discovery under Paragraph 2 above, but only insofar as they have not previously had the opportunity to take discovery on the same issue from the same party.

4. To the extent they have not previously been served, Lischewski's Co-Defendants shall be served with all discovery taken pursuant to this Order.

5. None of discovery issues previously adjudicated or agreed by the parties in this MDL shall be open to re-litigation by virtue of this Order.

/ / /

6.	No later than **May 19, 2021** the parties to the AWG Case shall jointly contact the chambers of Magistrate Judge Mitchell D. Dembin to schedule a case management conference regarding discovery as provided herein.

**IT IS SO ORDERED.**

Dated: May 17, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge