BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Lead Class Counsel for the
End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 3:15-md-2670-DMS-MDD<br><br>MDL No. 2670 |
| This Document Relates to:<br><br>(1) Direct Purchaser Plaintiffs,<br><br>(2) Commercial Food Preparer Plaintiffs,<br><br>and<br><br>(3) End Payer Plaintiffs | **JOINT SUPPLEMENTAL BRIEF RELEVANT TO MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS**<br><br>JUDGE:   Hon. Dana M. Sabraw<br>COURT:  13A (13th Floor) |

## I. Introduction

Pursuant to this Court's Order on September 23, 2021, the Direct Purchaser Plaintiffs ("DPPs"), Commercial Food Preparer Plaintiffs ("CFPs"), and End Payer Plaintiffs ("EPPs") (collectively, the "Class Plaintiffs"), jointly with the COSI Defendants[1] (collectively, the "Settling Parties"), respectfully submit this joint supplemental brief setting out new or updated facts or law relevant to the Court's review of the Plaintiffs' motions for preliminary approval of their settlements with COSI since Judge Sammartino's May 11, 2021 Order denying as premature the motion for preliminary settlement approval. *See* ECF Nos. 2626, 2593.

## II. Background

This case commenced with an initial complaint on August 3, 2015. *See* Compl., *Olean Wholesale Grocery Coop. Inc. v. Bumble Bee Foods et al.*, No. 3:15-cv-01714-JLS-MDD, ECF No. 1 (Aug. 3, 2015). After several years of contentious litigation, COSI settled with each of the three classes (as well as every other plaintiff that has brought an individual lawsuit). In particular, COSI settled with the EPPs on December 12, 2019. ECF No. 2552-3. COSI settled with the CFPs on May 16, 2019. And, on March 11, 2021, COSI settled with the DPPs. ECF No. 2533-3.

On January 14 through 16, 2019, the Court held a three-day evidentiary hearing on class certification, where the Court heard testimony and allowed cross examination of experts for all three proposed classes and for the Defendants. On July 30, 2019, the Court certified the three classes in this litigation. *See* ECF No. 1931 (the "Class Certification Order"). On December 20, 2019, the Ninth Circuit accepted an appeal of the decision pursuant to Fed. R. Civ. P. 23(f). *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514 (9th Cir.), ECF No. 1. On March 31, 2021, April 9, 2021, and April 21, 2021, the Settling Parties filed their respective motions for preliminary approval,

---

[1] Tri-Union Seafood LLC d/b/a Chicken of the Sea International ("COSI") and Thai Union Group ("TUG") (collectively, the "COSI Defendants").

which also included proposed settlement notice plans in which each of the Plaintiff groups proposed also notifying the litigation class of this action as well. *See* ECF Nos. 2533, 2552, 2561. The Court set the motions for hearing on May 20, 2021. However, on April 6, 2021, the Ninth Circuit Court of Appeals issued an opinion vacating the Class Certification Order, and remanding to the District Court to resolve a purported factual dispute among the experts relating to predominance. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021), ECF No. 100 (the "Panel Opinion"). Then, on April 28, 2021, the Ninth Circuit *sua sponte* issued an order stating that it was considering rehearing the case *en banc*. *See Olean*, ECF No. 101. The primary issue on appeal is "whether Federal Rule of Civil Procedure 23(b)(3) requires a district court to find that no more than a 'de minimis' number of class members are uninjured before certifying a class." ECF No. 2571.

On April 30, 2021, Defendants StarKist and Dongwon filed briefing in response to an Order to Show Cause arguing that the Court should not allow the Classes to provide notice to the litigation classes, as well as the settlement classes, until appeal on class certification was resolved. *See* ECF No. 2581. The Class Plaintiffs responded by asking the Court to proceed with the preliminary approval hearings scheduled on May 20, 2021. ECF No. 2582. On May 6, 2021, StarKist and Dongwon followed up with a further response to the preliminary approval motions objecting to the proposed notice plans on the same grounds. ECF No. 2588.

On May 11, 2021, the District Court vacated the hearing and denied the motions for preliminary approval as premature given the pending appeal. ECF No. 2593. The Court noted that the COSI Defendants had withdrawn from the appeal and had requested this Court to proceed with consideration of the Preliminary Approval Motions "as quickly as possible." *Id.* (citing ECF No. 2578). The District Court nonetheless denied the preliminary approval motions until the Ninth Circuit resolved the predominance questions at issue in the appeal. *Id.*

### III. Legal Developments Since The Court's May Order

The Settling Parties have reviewed the legal developments concerning the approval of settlements and believe that there is no authority that would materially impact the Settling Parties' position.[2]

### IV. Factual Developments Since The Court's May Order

There have been some developments in the case worth noting since the Court's May 11, 2021 Order, ECF No. 2593.

On August 3, 2021, the Ninth Circuit vacated the Panel Opinion. *See Olean*, ECF No. 128. The parties submitted supplemental briefs and the *en banc* oral argument was held on September 22, 2021. *See Olean*, ECF No. 173. It is not known when the Ninth Circuit will issue its decision, and whether there may be further appeals following those appeals. In any event, given that the primary issue on appeal is whether there are uninjured persons in the litigated Class, the Settling Parties do not believe that this issue is a barrier to approval of these settlement classes, where the issue of injury is a disputed (but now compromised) point of contention. The Settling Parties have contracted to resolve their

---

[2] While there have been some decisions considering class action settlements, the Settling Parties do not believe that any of the Ninth Circuit's decisions since this Court issued its May 11, 2021 Order are material. *See, e.g.*, *Stromberg v. Qualcomm*, No. 19-15159, D.C. No. 5:17-md-02773-LHK (9th Cir. Sept. 29, 2021) (vacating the District Court's certification of a class of cellphone buyers who were allegedly injured by Qualcomm's anticompetitive licensing practices, on the ground that a common issue of law did not predominate because other states' laws, not just California's, should apply); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 20-15697, D.C. No. 4:07-cv-05944-JST (9th Cir. Sept. 22, 2021) (affirming approval of amended settlements between the amended settlement class and defendants, and denying motions to intervene); *Allison v. Tinder*, No. 19-55807, D.C. No. 2:18-cv-3093-JFW-AS (9th Cir. Aug. 17, 2021) (reversing approval of a precertification class settlement, finding that the District Court materially underrated the strength of the plaintiff's claims, substantially overrated the settlement's worth, and failed to perform the requisite inquiry into collusion); *Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. June 1, 2021) (holding that a heightened inquiry applies to post-class certification settlements and reversing the District Court's approval of class settlement where the agreement raised "a squadron of red flags").

claims between the COSI Defendants and the Classes as they are defined in the settlement agreements and do not dispute, for settlement purposes, that common issues predominate across these settlement Classes. And to the extent the Court credits any of StarKist and Dongwon's objections on the notice plans, the Settling Parties and their notice providers are prepared to work through those issues with the Court. If the Court is inclined to hear from the parties further on those matters, the Settling Parties suggest a hearing to address the scope of the notice.

Finally, the Settling Parties also note that there have been no additional settlements since May. However, the DPPs and the COSI Defendants have resolved one important aspect of their agreement, namely, the contested arbitration proceeding of Class Counsel's fee and costs award before former United States District Court Judge Layn Phillips. The DPPs can separately file the arbitral award if the Court would like and, in any event, will do so when the Court is prepared to proceed with the preliminary approval briefs.

## V. Conclusion

The Settling Parties appreciate that the Court will now consider the preliminary approval motions. It has been more than two years since two of the three agreements were signed, and the Settling Parties believe it is in the interest of justice to determine whether those settlements can be approved.

The Settling Parties respectfully request that the Court consider their pending motions for Preliminary Approval.

DATE: October 8, 2021                    Respectfully Submitted,

By: *s/ Jonathan W. Cuneo*

**CUNEO GILBERT & LADUCA, LLP**
Jonathan W. Cuneo
Joel Davidow
Blaine Finley
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
Telephone: 202.789.3960

```
 1                                    Facsimile: 202.589.1813
                                      jonc@cuneolaw.com
 2                                    joel@cuneolaw.com
 3                                    bfinley@cuneolaw.com

 4                                    *Counsel for Commercial Food Preparer*
 5                                    *Plaintiffs*

 6                                    By: *s/ Bonny E. Sweeney*
 7
                                      **HAUSFELD LLP**
 8                                    Michael P. Lehmann
 9                                    Bonny E. Sweeney
                                      Christopher L. Lebsock
10                                    Samantha J. Stein
11                                    600 Montgomery Street, Suite 3200
                                      San Francisco, CA 94111
12                                    Tel: (415) 633-1908
13                                    Fax: (415) 358-4980
                                      E-mail: mlehmann@hausfeld.com
14                                    E-mail: bsweeney@hausfeld.com
15                                    E-mail: clebsock@hausfeld.com
                                      E-mail: sstein@hausfeld.com
16
17                                    *Class Counsel for the Direct Purchaser*
                                      *Plaintiffs*
18
19                                    By: *s/ Betsy C. Manifold*
20
                                      **WOLF HALDENSTEIN ADLER**
21                                    **FREEMAN & HERZ LLP**
                                      Betsy C. Manifold
22                                    Rachele R. Byrd
23                                    Marisa C. Livesay
                                      Brittany N. DeJong
24                                    750 B Street, Suite 1820
25                                    San Diego, CA 92101
                                      Telephone: 619/239-4599
26                                    Facsimile: 619/234-4599
27                                    manifold@whafh.com
                                      byrd@whafh.com
28
```

livesay@whafh.com
dejong@whafh.com

Thomas H. Burt
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653
burt@whafh.com

Carl Malmstrom
111 West Jackson, Suite 1700
Chicago, IL 60604
Telephone: 312/984-0000
Facsimile: 312/212-4401
malmstrom@whafh.com

*Class Counsel for the End Payer Plaintiffs*

By: *s/ John Roberti*

**ALLEN & OVERY LLP**
John Roberti
1101 New York Avenue N.W.
Washington, D.C. 20005
Telephone: (202) 683-3862
john.roberti@allenovery.com

**SIMPSON, THACHER & BARTLETT LLP**
John Terzaken
900 G St. NW
Washington, DC 20001
Telephone: (202) 636-5858
John.Terzaken@stblaw.com

*Counsel for Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL*

6

# **SIGNATURE ATTESTATION**

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories show above, and that all signatories have authorized placement of their electronic signature on this document.

                                       *s/ Betsy C. Manifold*
                                       BETSY C. MANIFOLD

27759