UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15md2670 DMS(MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE CLASS PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS CHICKEN OF THE SEA AND THAI UNION GROUP** |

This case comes before the Court on the Class Plaintiffs' requests to reconsider their motions for preliminary approval of their respective settlements with Defendants Chicken of the Sea and Thai Union Group ("the COSI Defendants"). The motions came on for hearing on November 9, 2021. John Roberti appeared on behalf of the COSI Defendants, Betsy Manifold appeared on behalf of the End Payer Plaintiff ("EPP") Class, Michael Lehmann appeared for the Direct Purchaser Plaintiff ("DPP") Class, Blaine Finley appeared for the Commercial Food Preparers ("CFP") Class, and Belinda Lee appeared for Defendants StarKist Co. and Dongwon Industries Co., Ltd. ("the StarKist Defendants"). After reviewing the parties' original and supplemental briefing on these motions and the record on file in this case, and after hearing argument from counsel, the motions are denied without prejudice for the following reasons:

**The DPP Settlement**

1. "In order to obtain preliminary approval, the parties must demonstrate that the class action meets the requirements of Rule 23." *Boyd v. Avanquest N. Am., Inc.*, No. 12-cv-04391-WHO, 2015 U.S. Dist. LEXIS 93458, at *5 (N.D. Cal. July 17, 2015) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). In this case, the relevant provisions are Rules 23(a) and 23(b)(3).

DPPs did not address how the proposed settlement class satisfies the requirements of these Rules. At oral argument, DPP Counsel explained they were relying on Judge Sammartino's class certification order to make the necessary showing, but that order was vacated by the Ninth Circuit, and remains on appeal. In light thereof, the DPPs' reliance on Judge Sammartino's order is insufficient to meet their burden for preliminary approval.

2. The DPPs also fail to adequately explain the claims process in contravention of Federal Rule of Civil Procedure 23(e)(2)(C)(ii), which prevents the Court from determining whether the settlement is fair, reasonable, and adequate.

3. The settlement currently provides that any remainder in the Settlement Amount shall be distributed to Class Members, "or in Settlement Class Counsel's reasonable judgment, be made the subject of an application to the Court by Direct Purchaser Plaintiffs for *cy pres* distribution." (DPP Settlement Agreement ¶11.13.) In order for Class Members to make informed decisions about whether to object to the settlement, they need to know the identity of any entity that would potentially receive any *cy pres* funds. The parties have failed to identify that entity in either the Settlement Agreement or the Class Notice.

4. The parties have also failed to set out the amounts of fees and costs recently awarded by the arbitrator so that Class Members may make an informed decision about whether to object to that aspect of the Settlement.

**The EPP Settlement**

1. Like the DPP Settlement, the EPP Settlement does not sufficiently explain the claims process, as required by Federal Rule of Civil Procedure 23(e)(2)(C)(ii).

2.     Although the Settlement Agreement refers to a Fee and Expense Award to be deducted from the Distribution Fund, EPP Counsel represented at oral argument that the only funds to be deducted from the Distribution Fund were past expenses or costs, not attorneys fees.  EPP Counsel also represented in her brief and at oral argument that there would be a cap on the amount of costs, with $4.5 million being identified as the cap in the brief, and $5 million being identified as the cap during oral argument.  Notably, the Settlement Agreement does not identify a cap on costs in any amount.  To the extent the parties have reached agreement on these issues, they should be clarified in the Settlement Agreement itself.  Furthermore, the amount of past costs should be a hard figure, and that figure should be set out in the Class Notice so Class Members can make informed decisions about filing objections.  The parties should also clarify whether EPP Counsel is waiving its right to collect any attorneys fees from the COSI Defendants, or if they intend to seek attorneys fees outside of the Settlement.  If it is the latter, that information should also be included in the Class Notice, and any additional agreements between the parties to that effect must be disclosed in accordance with Federal Rule of Civil Procedure 23(e)(3).

3.     EPP Counsel also represented at oral argument that she had agreed with counsel for the StarKist Defendants on revisions to the Class Notice.

**The CFP Settlement**

1.     Like the DPP Settlement and the EPP Settlement, the CFP Settlement does not sufficiently explain the claims process, as required by Federal Rule of Civil Procedure 23(e)(2)(C)(ii).

2.     To the extent CFP Counsel is requesting an award of past expenses and costs only similar to EPP Counsel, those hard figures should be set out in the Class Notice so Class Members can make informed decisions about filing objections.

As explained during oral argument, the Court invites counsel to meet and confer on the issues identified above and any other concerns raised by the Court during the hearing. If counsel are able to resolve these issues and renegotiate their respective settlements, and

wish to submit renewed motions for preliminary approval of those settlements, they should submit those motions on or before **December 1, 2021**.

      **IT IS SO ORDERED**.

Dated: November 10, 2021

Hon. Dana M. Sabraw
United States District Judge