UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>DIRECT PURCHASER CLASS PLAINTIFFS TRACK | Case No.: 3:15-MD-02670-DMS-MDD<br><br>**ORDER DENYING DPPS' MOTION FOR A SET ASIDE ORDER**<br><br>(ECF No. 2446) |

    Presently before the Court is Direct Purchaser Plaintiffs' ("DPPs") Motion for a Set Aside Order ("Mot.") in this putative class action to establish a common fund from future "opt-out" settlements for the benefit of DPPs' Class Counsel, Hausfeld LLP. Defendants StarKist Co., Dongwon Industries, Co., and Lion Capital (Americas), Inc. filed an opposition to the Motion, (ECF No. 2459), as did Non-party Plaintiffs The Great Atlantic & Pacific Tea Company, Inc. ("A&P") and C&S Wholesale Grocers Inc. ("C&S"). (ECF No. 2460.)[1] DPPs replied. (ECF No. 2476.)

---

[1] The Affiliated Foods Plaintiffs filed a notice of joinder in support of Non-party Plaintiffs' opposition. (ECF No. 2461.)

1

On August 31, 2021, Judge Janis Sammartino recused from this multidistrict litigation case ("MDL") and notified the parties that the United States Judicial Panel on Multidistrict Litigation had reassigned this litigation to the undersigned judge. (ECF No. 2619.) Thereafter, a status conference was held. On September 23, 2021, the Court issued an Order Following Status Conference stating it would (1) decline to stay the case pending resolution of an appeal before the Ninth Circuit, and (2) address a number of pending motions that have been fully briefed, including the present motion. (ECF No. 2626.) For the reasons set forth below, DPPs' motion for a set aside order is denied.

## I.

## BACKGROUND

Numerous civil actions have been filed against Tri-Union Seafoods LLC d/b/a Chicken of the Sea International ("COSI"), Bumble Bee Foods LLC, StarKist Company ("StarKist"), and their parent companies for conspiring to fix and maintain packaged tuna prices above competitive levels in violation of state and federal antitrust laws. The first of these actions was filed on August 3, 2015. *See Olean Wholesale Groc. Coop., Inc. v. Bumble Bee Foods, LLC*, No. 15cv1714 (S.D. Cal. Aug. 3, 2015). The civil actions were consolidated in this MDL for pretrial proceedings before this Court. (*See* Transfer Order, ECF No. 1.) The Court divided the plaintiffs into four tracks: (1) Direct Action Plaintiffs ("DAPs"), who are direct purchasers proceeding individually; (2) DPPs, who are direct purchasers proceeding on behalf of a putative class; (3) Commercial Food Preparer Plaintiffs ("CFPs"), who are indirect purchasers proceeding on behalf of a putative class; and (4) End Payer Plaintiffs ("EPPs"), who are consumers proceeding on behalf of a putative class. The Court designated Hausfeld LLP as Interim Lead Counsel, (ECF No. 119 at 3),[2] and thereafter as DPPs' Class Counsel, (ECF No. 1931 at 58-59.)

///

---

[2] The page numbers referenced herein were generated by the CM/ECF system.

DPPs filed a motion for class certification in May 2018, (ECF No. 1140), as did the EPPs and CFPs (DPPs, EPPs and CFPs collectively the "Class Plaintiffs"). (ECF Nos. 1130, 1143, respectively.) The Court held a three-day hearing on the motions beginning on January 14, 2019, during which the enlisted experts used regression models to show the antitrust impact on Class Members. The Court granted the Class Plaintiffs' motions for class certification on July 30, 2019. (ECF No. 1931.)

Defendants appealed the class certification order to the Ninth Circuit. (*See* ECF No. 2247.) While the appeal was pending, DPPs—through their Class Counsel—filed the present motion. DPPs' motion limits its request for a set aside order to "any Class member that has not previously filed its own suit in this multi-district litigation[.]" (Mot. at 8.) DPPs also request an order "requiring the Defendants to advise Class members that they may contact Class Counsel free of any separate charge to them in order to obtain information about their rights, including the right to remain in the Class." (*Id*. at 8–9.)

On April 6, 2021, a three-judge panel of the Ninth Circuit vacated this Court's class certification order and remanded with instructions to resolve the factual disputes concerning the number of uninjured parties in the proposed classes in order to properly address the predominance inquiry under Rule 23(b)(3). *See Olean Wholesale Groc. Coop., Inc. v. Bumble Bee Foods, LLC*, 993 F.3d 774 (9th Cir. 2021). Shortly thereafter, a majority of non-recused active judges of the Ninth Circuit decided to rehear the case *en banc. See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 5 F.4th 950 (9th Cir. 2021). The matter was argued before the *en banc* panel on September 22, 2021, and remains pending before that court.

## II.
## DISCUSSION

DPPs argue that a set aside order to establish an escrow account or common fund is in the Court's inherent equitable power and warranted in this case because "the efficacy of the system and the deterrent effect of private antitrust litigation are risked if class counsel is forced to take on substantial costs of work without any opportunity for compensation[,]"

particularly in light of the significant costs incurred by DPPs Class Counsel. (Mot. at 17.) Non-party Plaintiffs counter a set aside order is unwarranted because DPPs' reliance on mass tort cases in support of their motion is misplaced. Mass tort cases typically involve large numbers of claims asserted by individual plaintiffs who have separately retained counsel that might "free-ride" off the work of designated lead counsel. Unlike in mass tort litigation, DPPs Class Counsel can recover attorneys' fees and costs under Rule 23(h) of the Federal Rules of Civil Procedure[3] and the Clayton Act, 15 U.S.C. § 15(a),[4] for the work they performed on behalf of the class. (Non-party Opp'n at 9.)

It is well established that an MDL court has authority to establish a trust or common fund and order contributions to compensate designated lead counsel under its inherent "managerial" powers over consolidated actions. *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1010 (5th Cir. 1977) (affirming district court's order requiring "each plaintiff who had retained counsel not a member of the [p]laintiffs' [c]ommittee" to pay 8% of the settlement obtained to a common fund). Nevertheless, the Court declines to establish such a fund under the circumstances of this litigation.

Non-party Plaintiffs correctly argue that set aside orders "make[] a lot more sense" in mass tort cases wherein large numbers of individual plaintiffs who did not retain the court's designated lead counsel stand to unfairly benefit from the labor of lead counsel, (Non-party Opp'n at 10) (citing *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 14-cv-3264, ECF No. 922 (N.D. Cal. Oct. 7, 2015) (quoting Judge Illston)). Here, Class Plaintiffs, including DPPs, have since the filing of the present motion negotiated settlements with COSI, including significant recoveries for attorneys' fees and costs: $5.94 million to DPPs Class Counsel, up to $4.5 million to EPPs Class Counsel, and up to $3

---

[3] Rule 23(h) provides that in a "certified class action, the court may award reasonable attorney's fees and non-taxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

[4] The Clayton Act provides for "the cost of suit, including a reasonable attorney's fee." 15 U.S.C. §15 (a).

million to CFPs Class Counsel.[5]  At the November 9, 2021 hearing on the motion for preliminary approval of the COSI class settlements, DPPs' Class Counsel argued that a set aside order is still warranted; however, DPPs' proposed settlement with COSI significantly undercuts the concerns that initially animated DPPs' motion.

DPPs Class Counsel's concern that they will be forced to absorb "substantial costs of work without any opportunity for compensation[,]" (Mot. at 17), is unwarranted.  The traditional mechanisms for recovery of fees and costs by class counsel are readily available under Rule 23(h) and are actively being pursued here.  If the COSI class settlements receive final approval, DPPs Class Counsel will be compensated—at least in part—for their work on behalf of the class.  In addition, if the Class Plaintiffs' actions remain certified or are recertified as to StarKist and other non-settling Defendants, DPPs (as well as EPPs and CFPs) will be able to pursue additional attorneys' fees and costs under Rule 23(h) against those Defendants.

Furthermore, DPPs have failed to show that their efforts have benefitted future opt-out class members such that a common benefit fund is warranted.  The common benefit doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  DPPs argue that their retention of experts Russell Mangum III, Ph.D., Marianne DeMario, C.P.A., and Gary Hamilton, Ph.D., provided "substantial benefits to Class members."  (Mot. at 13.)  For example, DPPs claim that Dr. Mangum, an economics expert who presented an econometric report during the three-day class certification hearing, "g[ave] potential [class] opt-outs information about his analysis and work performed on behalf of the DPP class." (*Id*.)  DPPs further point to their counsels' work in opposing StarKist's challenge to the monetary fine imposed in the criminal case, in addition to extensive discovery and motion practice, as evidence of work

---

[5] In light of the settlements with Class Plaintiffs, COSI has withdrawn from the appeal pending before the Ninth Circuit.

performed to the benefit of the class, including future opt-outs. (*Id.* at 13–14.) While Class Counsel's work has indisputably advanced this litigation, they fail to show that non-parties to this action have received any specific benefit from their efforts, let alone a "free-ride."

Non-party Plaintiffs maintain that to the extent individual claimants have "opted out" without filing lawsuits, "like A&P and C&S have both done, these companies are not 'us[ing] MDL discovery materials or otherwise enjoy[ing] the fruits of' DPP Counsel's efforts." (Non-party Opp'n at 10) (citing Mot. at 1, 13). Instead, Non-party Plaintiffs argue they have relied on DAPs counsel's "independent knowledge of the discovery record and facts in this case, and experience and judgment in prosecuting antitrust cases."[6] (*Id.*) Accordingly, on the present record, the Court declines to find non-parties to this action have been unjustly enriched by DPPs' efforts.[7]

Finally, Non-party Plaintiffs argue that establishing a set aside fund would create "administrative chaos." (Non-party Opp'n at 16–17.) The Court agrees. At this juncture of the litigation, establishing a set aside is administratively unworkable, particularly where the issue of class certification is on appeal and putative class members have not received notice of class counsel designation, the proposed set-aside, or their right to opt out of the class. *See, e.g.*, *In re Generic Pharm. Pricing Antitrust Litig.*, No. 16-MD-2724, 2019 WL 6044308, at *1 (E.D. Pa. Oct. 7, 2019) (finding set aside inappropriate where, *inter alia*, many plaintiff groups contributed to litigation progress, classes were not yet certified, and the order would create "a significant administrative process with one or more appointed administrators").

---

[6] The Affiliated Foods Plaintiffs also argue their counsel "has been actively involved in all aspects of this litigation [including] drafting complaints, retaining and defending their own expert ... [and] t[aking] several of the case's important depositions and draft[ing] and argu[ing] key motions." (ECF No. 2461 at 2.)

[7] In light of this finding, the Court declines to address Defendants' arguments that DPPs do not meet the threshold requirement to receive payment from a common benefit fund because there has been no common benefit and the subject motion is premature because DPPs have yet to be determined to be "successful litigants[.]" (Defs.' Opp'n at 10–14.)

In sum, DPPs Class Counsel have failed to show that their work on behalf of the DPPs class, including future opt-outs, will not be fairly compensated in this action or that any future opt-outs have been or will be unjustly enriched. Further, Non-party Plaintiffs have shown that DPPs' requested set aside order is administratively unworkable in the present procedural posture of this MDL.[8]

## III.
## CONCLUSION

For the reasons set forth above, DPPs' motion for a set aside order is denied.

**IT IS SO ORDERED.**

Dated:  November 16, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[8]  Because these findings provide sufficient grounds to deny DPPs' motion, the Court declines to address whether the requested relief is also outside the Court's jurisdiction, or to rule on DPPs' additional request that Defendants "inform class members of their right to contact Class counsel ... to discuss the merits of the case and their options before discussing settlement," (Mot. at 23), and whether a 25% holdback from non-party settlements is appropriate. (*Id.* at 22–23.)