# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>The Commercial Food Preparer Actions | Case No. 15-MD-2670 DMS (MDD)<br><br>**ORDER GRANTING COMMERCIAL FOOD PREPARER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TRI-UNION SEAFOODS LLC D/B/A CHICKEN OF THE SEA INTERNATIONAL AND THAI UNION GROUP PCL AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS** |

Upon consideration of Commercial Food Preparer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively, "COSI") and Provisional Certification of Settlement Class ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

## Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

## Class Certification

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"), which is defined as:

> All persons and entities in 27 named states[1] and D.C., that indirectly purchased packaged tuna products produced in packages of 40 ounces or more that were manufactured by any Defendant (or any current or former subsidiary or any affiliate thereof) and that were purchased directly from DOT Foods, Sysco, US Foods, Sam's Club, Wal-Mart, or

---

[1] Arizona, Arkansas, California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

1

Costco (other than inter-company purchases among these distributors) from June 2011 through December 2016 (the "Class Period").

5. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) Commercial Food Preparer Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Commercial Food Preparer Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Commercial Food Preparer Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of these actions on a class basis is superior to other means of resolving the matters.

## Appointment of Settlement Class Counsel

6. The Court hereby appoints Cuneo Gilbert & LaDuca, LLP, as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

7. Each Commercial Food Preparer Plaintiff settlement class representative named in the settlement agreement in the above case will serve as Commercial Food Preparer Plaintiff class representative on behalf of the Settlement Class.

## Notice to Potential Class Members

8. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to potential class members affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice shall be those described in the Declaration of Jeanne C. Finegan,

2

APR Concerning Class Member Notification and Claims Administration filed in conjunction with the Motion.

### Other Provisions

9. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Commercial Food Preparer Plaintiffs, COSI, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including COSI, to contest certification of any other class proposed in the coordinated actions within 15-md-02670. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the coordinated actions within 15-md-02670 or on the Court's ruling(s) concerning any Defendant's motion; no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. The Court approves the establishment of the Settlement Funds under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

12. The litigation against Releasees (as defined in the Settlement Agreement with COSI), in particular Tri-Union Seafoods LLC d/b/a Chicken of the

Sea International and Thai Union Group PCL, is stayed except to the extent necessary to effectuate the Settlement Agreement.

13. All Releasors (as defined in the Settlement Agreement) and persons or entities who purport to assert claims on behalf of Releasors are hereby enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the COSI Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

14. The Court adopts and sets the following deadlines:

| | |
|---|---|
| Deadline for disseminating Settlement Class notice | April 13, 2022 |
| Deadline for filing of affidavit attesting that notice was disseminated as ordered | May 23, 2022 |
| Deadline for Settlement Class members to opt out of the Settlement Class and/or of the Settlement and deadline to object to the Settlement | May 13, 2022 |
| Plaintiffs to file a motion for final approval of the Settlement | May 25, 2022 |
| Final approval hearing | August 12, 2022, at 1:30 p.m. |

Dated: January 26, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court

4