FILED

APR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC., BEVERLY YOUNGBLOOD, PACIFIC GROSERVICE, INC., DBA Pitco Foods, CAPITOL HILL SUPERMARKET, LOUISE ANN DAVIS MATTHEWS, JAMES WALNUM, COLIN MOORE, JENNIFER A. NELSON, ELIZABETH DAVIS-BERG, LAURA CHILDS; et al., | No.   19-56514 <br><br> D.C. No. 3:15-md-02670-DMS-MDD Southern District of California, San Diego <br><br> ORDER |
| Plaintiffs-Appellees, | |
| and | |
| JESSICA DECKER, JOSEPH A. LANGSTON, SANDRA POWERS, GRAND SUPERCENTER, INC., THE CHEROKEE NATION, US FOODS, INC., SYSCO CORPORATION, GLADYS, LLC, SPARTANNASH COMPANY, BRYAN ANTHONY REO, | |
| Plaintiffs, | |
| v. | |
| BUMBLE BEE FOODS LLC; et al., | |
| Defendants-Appellants, | |
| and | |
| KING OSCAR, INC.; et al., | |

|                |
|----------------|
| Defendants.    |

Before:  KLEINFELD, S.R. THOMAS, GRABER, W. FLETCHER, GOULD, PAEZ, CALLAHAN, IKUTA, WATFORD, FRIEDLAND and LEE, Circuit Judges.

Defendants/appellants (the Tuna Suppliers) move to vacate the class certification order that is currently before the en banc panel on appeal, alleging that the district judge (Judge Sammartino) who granted the order violated 28 U.S.C. § 455 because she had financial interests in five putative members of the certified class (Amazon, Costco, Target, Sysco, and CVS).  Dkt. No. 175.  Based on our review, Judge Sammartino did not violate § 455 at the time she issued the certification order and the equities do not weigh in favor of exercising the extraordinary remedy of vacatur.  Therefore, a majority denies the motion without prejudice.

I

The statute governing judicial disqualification, 28 U.S.C. § 455, addresses multiple situations requiring disqualification of a judge.  Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A federal judge may violate § 455(a) without actual knowledge of a disqualifying

interest if a reasonable person could perceive a significant risk that the judge will resolve the matter on a basis other than the merits. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988); *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

Section 455(b)(4) provides that a federal judge "shall also disqualify himself" if "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Because federal law permits a judge to divest otherwise disqualifying financial interests and maintain authority over a case, a judge does not violate § 455(b)(4) unless the judge held a disqualifying financial interest at the time of deciding the case or issuing the ruling in question. *See* 28 U.S.C. § 455(f); *see also* 26 U.S.C. § 1043 (permitting deferral of capital gains tax on property sold to comply with conflict of interest requirements); *Suever v. Connell*, 681 F.3d 1064, 1065 (9th Cir. 2012) (opinion of Nelson, D.W.).

In determining whether equitable relief is warranted for a violation of § 455, we take into account the timeliness of a § 455 motion and any reason for delay, *see Liljeberg*, 486 U.S. at 863; *see also E. & J. Gallo Winery v. Gallo Cattle Co.*, 967

3

F.2d 1280, 1295 (9th Cir. 1992), and consider whether such factors raise the appearance of gamesmanship or "judge shopping," *In re Anwiler*, 958 F.2d 925, 930 (9th Cir. 1992).  We have held that a motion to disqualify a judge made nine months after argument and eight days after an opinion was filed was untimely where the movant was aware of the grounds for disqualification at the time of oral argument.  *See id.*

## II

The Tuna Suppliers' motion states that Judge Sammartino violated § 455 because she had financial interests in five putative members of the direct purchaser class (Amazon, Costco, Target, Sysco, and CVS).  Based on our review of the record, Judge Sammartino did not have a disqualifying interest under § 455 at the time she issued the certification order in June 2019.

First, Judge Sammartino's 2019 Financial Disclosure Report reports that her financial interests in Amazon and Costco were divested in March 2019 (three months prior to her ruling on the certification order).  Because she had no reportable financial interest at the time of the ruling in question, Judge Sammartino's prior financial interests in Amazon and Costco were not disqualifying.  *See* § 455(f); *Suever*, 681 F.3d at 1065.

Judge Sammartino's financial interests in Target, Sysco, and CVS were also not disqualifying. Prior to the ruling in question, these three putative class members notified the district court of their intent to opt out of any certified class. Because a putative class member who provides such notice is not bound by a class judgment, *see* Fed. R. Civ. P. 23(c)(2); *In re Four Seasons Sec. L. Litig.*, 493 F.2d 1288, 1291 (10th Cir. 1974), the order in question could not affect Target, Sysco, or CVS.

Because Judge Sammartino's financial interests in those five companies were not disqualifying in June 2019, no reasonable person informed of all the relevant facts would consider that she certified the class on any basis other than the merits. *See* § 455(a).[1]

Finally, the equities do not favor vacatur of the certification order. Although the Tuna Suppliers had several opportunities to raise the issue (e.g., in their August 31, 2021 supplemental brief to this court, and during the September 22, 2021 oral argument before the en banc panel), the Tuna Suppliers made this motion to vacate the order 91 days after they were informed by the Clerk of Court of the Southern District of California of Judge Sammartino's financial interests in Target and

---

[1] For the same reasons, the plaintiffs/appellees' use of these companies' transactional data in their econometric analyses used to support their certification motion does not reasonably call into question Judge Sammartino's impartiality.

Sysco. By contrast, the party seeking relief in *Driscoll v. Metlife Insurance* made its vacatur motion just ten days after it received notification of Judge Sammartino's alleged § 455 violation. *See* No. 15-CV-1162, 2021 WL 5323962, at *1(S.D. Cal. Oct. 19, 2021). The Tuna Suppliers have provided no persuasive explanation for their delay. Because the Tuna Suppliers brought their motion only after they learned of the en banc panel's composition, the delay raises the appearance of gamesmanship. *See In re Anwiler*, 958 F.2d at 930.

In light of the Supreme Court's warning that we should exercise the power of vacatur only in extraordinary circumstances, *see Liljeberg*, 486 U.S. at 864, 868, and the lack of evidence supporting a violation of § 455, the extraordinary remedy of vacatur is not warranted here. A majority therefore denies the motion without prejudice for the Tuna Suppliers to move for any available relief in the district court.

**DENIED WITHOUT PREJUDICE.**