URSULA M. LALOVIĆ (Cal. Bar No. 215551)
PETER D. HAWKES (Oregon State Bar No. 071986)
NEAL S. SHECHTER (Oregon State Bar No. 185119)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 | Facsimile: (503) 227-0880
ursula@angelilaw.com
peter@angelilaw.com
neal@angelilaw.com

*Attorneys for Defendant Christopher D. Lischewski*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-2670-DMS-MDD |
| | MDL No. 2670 |
| THIS DOCUMENT RELATES TO: | **DEFENDANT CHRISTOPHER D. LISCHEWSKI'S OPPOSITION TO ASSOCIATED WHOLESALE GROCERS, INC.'S MOTION FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION OF RULE 54(b) JUDGMENT** |
| The Direct Action Plaintiff Track | |
| Associated Wholesale Grocers, Inc., | |
| Plaintiff, | |
| v. | **Hearing:** |
| Bumble Bee Foods LLC, *et al.* | Date:      June 3, 2022 |
| Defendants. | Time:      1:30 p.m. |
| | Judge:     Hon. Dana M. Sabraw |
| | Courtroom: 13A |

# Table of Contents

**PAGE**

I.    INTRODUCTION ..........................................................................................1

II.   ARGUMENT...............................................................................................1

     A.    AWG Improperly Seeks Reconsideration Based on an
          Argument the Court Has Already Considered and Rejected. ..............1

     B.    The Court Should Deny AWG's Request to Sever Its Claims
          Against Lischewski and Transfer Them to this District. ....................3

          1.    There are no pending claims against Lischewski to
              transfer. ...............................................................................4

          2.    An MDL court cannot transfer a consolidated case to
              itself. ...................................................................................5

          3.    A transfer would not be in the interest of justice due to
              AWG's bad faith. ................................................................6

     C.    AWG Has Not Established a Basis for Entry of a Rule 54(b)
          Judgment. ........................................................................................13

III.  CONCLUSION...........................................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Boon Global Ltd.*,
  923 F.3d 643 (9th Cir. 2019) ................................................................3

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ...............................................................1

*Copperweld Corp. v. Independence Tube Corp.*,
  467 U.S. 752 (1984)..............................................................................2

*Croyle v. Theatine Fathers, Inc.*,
  Civil No. 19-00421 JAO-WRP, 2020 WL 1452068
  (D. Haw. Mar. 25, 2020)......................................................................14

*In re Disciplinary Proceedings Against Bonet*,
  144 Wash.2d 502, 29 P.3d 1242 (2001) .............................................11

*Gherebi v. Bush*,
  352 F.3d 1278 (9th Cir. 2003),
  *vacated on other grounds*, 543 U.S. 952 (2004) ..................................4

*In re Hall, Bayoutree Assocs., Ltd.*,
  939 F.2d 802 (9th Cir. 1991) ...............................................................7

*HollyAnne Corp. v. TFT, Inc.*,
  199 F.3d 1304 (Fed. Cir. 1999) ...........................................................5

*Janvey v. Proskauer Rose, LLP*,
  59 F.Supp.3d 1 (D.D.C. 2014).............................................................7

*King v. Russell*,
  963 F.2d 1301 (9th Cir. 1992) .............................................................8

*Koivisto v. Allstate Ins., Ltd.*,
  Case No. 1:19-cv-00343-BLW, 2019 WL 5580956
  (D. Idaho Oct. 29, 2019) ......................................................................7

*Lasher v. Stavis,*
  17-CV-6632 (JPO), 2018 WL 6521586 (S.D.N.Y. Dec. 17, 2018) ................5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
  523 U.S. 26 (1998)................................................................................5

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,*
  571 F.3d 873 (9th Cir. 2009) ..............................................................1

*McKeel v. Islamic Republic of Iran,*
  722 F.2d 582 (9th Cir. 1983) ...............................................................6

*Melea, Ltd. v. Jawer SA,*
  511 F.3d 1060 (10th Cir. 2007) ...........................................................3

*Mirman v. Feiner,*
  915 F.Supp.2d 282 (E.D.N.Y. 2013) ....................................................5

*Moore v. Grundman,*
  No. 11cv1570–DMS, 2012 WL 1252711 (S.D. Cal. Apr. 13, 2012)..................2

*Morrison-Knudsen Co., Inc. v. Archer,*
  655 F.2d 962 (9th Cir. 1981) ..............................................................14

*Nichols v. G.D. Searle & Co.,*
  991 F.2d 1195 (4th Cir. 1993) ..............................................................7

*In re Packaged Seafood Prods. Antitrust Litig.,*
  Case No. 15-MD-2670 JLS (MDD), 2021 WL 778723 (S.D. Cal.
  Mar. 1, 2021).............................................................................9, 10

*In re Packages Seafood Prods. Antitrust Litig.,*
  Case No. 15-MD-2670 JLS (MDD), 2020 WL 2747115 (S.D. Cal.
  May 26, 2020)...........................................................................8, 10

*Pamplona ex rel. Pamplona v. Hernandez,*
  No. 08cv2205–IEG–BLM, 2009 WL 578578 (S.D. Cal. Mar. 5,
  2009) ........................................................................................4

*Puri v. Gonzales,*
  464 F.3d 1038 (9th Cir. 2006) ..............................................................7

*In re Real Estate Assocs. Ltd. Partnership Litig.,*
  No. 98–7035 DDP, 2002 WL 31995687 (C.D. Cal. Dec. 6, 2002)....................13

*Regents of Univ. of Calif. v. Affymetrix, Inc.*,
    Case No. 17-cv-01394-H-NLS, 2018 WL 5617866
    (S.D. Cal. Oct. 30, 2018) ........................................................................2

*School Dist. No. IJ, Multnomah Cty., Ore. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) .....................................................................2

*SongByrd, Inc. v. Estate of Grossman*,
    206 F.3d 172 (2d Cir. 2000) ....................................................................4

*Sure-Safe Indus., Inc. v. C&R Pier Mfg.*,
    851 F. Supp. 1469 (S.D. Cal. 1983)........................................................14

*Synergetics, Inc. v. Hurst*,
    No. 4:04CV318 CDP, 2007 WL 2422871
    (E.D. Mo. Aug. 21, 2007) ......................................................................13

*In re Western States Wholesale Natural Gas Antitrust Litig.*,
    MDL No. 1566, 2010 WL 2539728 (D. Nev. June 4, 2010)...............5, 6

*Williams v. Lockheed Martin Corp.*,
    990 F.3d 852 (5th Cir. 2021) ...................................................................3

*Wood v. GCC Bend, LLC*,
    422 F.3d 873 (9th Cir. 2005) ..................................................................13

**Statutes**

18 U.S.C. § 201(b)(3).................................................................................13

18 U.S.C. § 1512(b)(1)...............................................................................13

28 U.S.C. § 1404(a) .....................................................................................5

28 U.S.C. § 1406(a) .....................................................................................6

28 U.S.C. § 1407(a) .....................................................................................5

28 U.S.C. § 1631 ..................................................................................4, 6, 7

**Other Authorities**

Kansas RPC 3.4(b).................................................................................11, 13

Kansas RPC 8.4(b), (d) .........................................................................11, 13

Fed. R. Civ. P. 54(b) ....................................................................1, 13, 14, 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   **INTRODUCTION**

In a desperate effort to salvage its claims against Defendant Christopher Lischewski after the Court has already granted summary judgment on them, Plaintiff Associated Wholesale Grocers, Inc. ("AWG") (1) seeks reconsideration of the Court's summary judgment ruling based on a conspiracy jurisdiction argument that the Court has already considered and rejected; (2) alternatively seeks "transfer" of claims that are no longer pending, that this MDL Court cannot transfer to itself in any event, and that AWG initially brought in the wrong forum in bad faith; or (3) finally, failing all else, seeks a Rule 54(b) judgment as to those claims without any showing of hardship, and despite the fact that AWG's jurisdictional arguments are inextricably bound up with the merits of the antitrust conspiracy claims that remain pending against the other defendants. The Court should reject each and every offering on the menu of relief that AWG seeks.

# II.   **ARGUMENT**

### A. AWG Improperly Seeks Reconsideration Based on an Argument the Court Has Already Considered and Rejected.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances....'"). In bringing a motion for reconsideration, AWG was required to show, through affidavit or a certified statement of its attorney, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown," upon the prior motion. LCR 7.1(i).

AWG does not show any new facts or circumstances—instead, it merely reargues the "conspiracy theory" of personal jurisdiction, an issue extensively

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

1

briefed by both parties in connection with Lischewski's motion for summary judgment. (*See* ECF No. 2718, at 15 n. 3; ECF No. 2743, at 15-18; ECF No. 2767, at 5-10.) "A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation." *Regents of Univ. of Calif. v. Affymetrix, Inc.*, Case No. 17-cv-01394-H-NLS, 2018 WL 5617866, at *2 (S.D. Cal. Oct. 30, 2018) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). "A motion for reconsideration is not a vehicle to reargue the motion…. A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ... of that which was already considered by the Court in rendering its decision." *Moore v. Grundman*, No. 11cv1570–DMS (WMc), 2012 WL 1252711, at *1 (S.D. Cal. Apr. 13, 2012) (citations omitted). The Court should reject AWG's rehash of issues that the Court has already considered and addressed. Certainly, AWG has not shown that the Court "committed clear error or [its] initial decision was manifestly unjust." *See School Dist. No. IJ, Multnomah Cty., Ore. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

First, AWG argues that the Court erred in finding that Lischewski could not conspire with his employer, Bumble Bee, because the conspiracy also included StarKist and Chicken of the Sea, neither of which was his employer. (Mot. at 3-5.) AWG's argument misses the point, which the Court clearly understood. (*See* ECF No. 2790, at 12-13.) There is no evidence that Lischewski entered into any alleged conspiracy on his own, *personal* behalf; any actions that he may have taken in furtherance of it would have been as the agent of his employer, Bumble Bee. Lischewski's actions were therefore *Bumble Bee's* actions, and Lischewski was not a "separate economic actor" within the alleged conspiracy. *Cf. Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984). While it is true—as Lischewski acknowledged in his reply brief (ECF No. 2767, at 10)—that Lischewski could be held personally *liable* for the entire alleged conspiracy, he did

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD
2

not personally become a separate *member* of it, such that the actions of alleged co-conspirators could be attributed to him on a constructive agency theory. If AWG wishes to indulge one legal fiction—that co-conspirators are, by implicit agreement, one another's agents—then there is no reason not to indulge another, related one—that an agent's actions are attributable to the *principal* for whom the agent is acting, and the agent does not become a party to an agreement (including, presumably, a conspiratorial one) that the agent enters into on a disclosed principal's behalf. *Cf.*, *e.g.*, *In re Boon Global Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("A corporate officer does not become a party to the contract simply by 'signing it in the officer's representative capacity.'") (citation omitted).

Second, AWG simply reargues that the Court should adopt the conspiracy theory of jurisdiction. (Mot. at 5-7.) AWG presents nothing new here—it simply takes issue with the Court's interpretation of *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1070 (10th Cir. 2007). But as Lischewski pointed out in his reply brief, the Tenth Circuit has never actually adopted the conspiracy theory of jurisdiction, in *Melea* or otherwise. (ECF No. 2767, at 8.) And despite both parties' prior assumption that Tenth Circuit precedent would control, this MDL Court must apply *Ninth* Circuit precedent to this issue of federal civil procedure. *See*, *e.g.*, *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 857 & n. 4 (5th Cir. 2021) ("Generally, questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit") (collecting cases). The Ninth Circuit has certainly never endorsed the conspiracy theory of jurisdiction, as numerous courts within this Circuit have pointed out in rejecting it. (ECF No. 2767, at 9.) The Court made no error, and certainly no *clear* error, in doing likewise.

**B. The Court Should Deny AWG's Request to Sever Its Claims Against Lischewski and Transfer Them to this District.**

Alternatively, AWG requests that the Court sever its claims against Lischewski and transfer them to this District pursuant to 28 U.S.C. § 1631. (Mot. at

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD
3

7-11.) As an initial matter, Section 1631 is the wrong procedural vehicle for such a transfer. Although some courts have interpreted its reference to "jurisdiction" to include *personal* jurisdiction, the Ninth Circuit has suggested that Section 1631 relates only "to *subject matter* jurisdiction[.]" *See Gherebi v. Bush*, 352 F.3d 1278, 1302 n. 30 (9th Cir. 2003), *vacated on other grounds*, 543 U.S. 952 (2004) (emphasis added); *see also SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n. 9 (2d Cir. 2000) ("the legislative history of section 1631 provides some reason to believe that this section authorizes transfers only to cure lack of subject matter jurisdiction."); *Pamplona ex rel. Pamplona v. Hernandez*, No. 08cv2205–IEG–BLM, 2009 WL 578578, at *2 (S.D. Cal. Mar. 5, 2009) ("Currently, the circuits are split whether section 1631 applies to defects in personal jurisdiction…").

In any event, the Court should deny AWG's transfer request for three reasons. First, there are no pending claims against Lischewski to transfer. Second, this Court, sitting as an MDL court, is statutorily prohibited from transferring an action to itself. Third, even if the Court *could* consider AWG's transfer request, transfer would not be in the interest of justice due to AWG's bad faith in initially bringing its claims against Lischewski in the wrong forum.

### 1.  There are no pending claims against Lischewski to transfer.

First, AWG's transfer request comes too late. The Court has already entered its order granting summary judgment to Lischewski due to lack of personal jurisdiction. (ECF No. 2790.) AWG opposed that motion without a hint that it would prefer transfer to dismissal in the event the Court found personal jurisdiction to be lacking. (ECF No. 2743.) AWG now seeks to close the barn door after the horse has already fled. As that cliché suggests, it is simply too late: there are no longer any pending claims against Lischewski to transfer. "[O]nce [the Court] ha[s] decided that it lack[s] personal jurisdiction and ha[s] dismissed the complaint, the district court [can]not properly transfer the case to" another district. *HollyAnne*

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

4

*Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *see also*, *e.g.*, *Lasher v. Stavis*, 17-CV-6632 (JPO), 2018 WL 6521586, at *3 (S.D.N.Y. Dec. 17, 2018) ("Where, as here, a plaintiff moves to change venue after a plaintiff's complaint has already been dismissed and a motion for reconsideration has been denied, the motion to change venue cannot be granted because 'there is no case to transfer.'") (citation omitted); *Mirman v. Feiner*, 915 F.Supp.2d 282, 284 (E.D.N.Y. 2013) ("once a court has dismissed a complaint for lack of personal jurisdiction, the court cannot then transfer the case to another district"); *In re Western States Wholesale Natural Gas Antitrust Litig.*, MDL No. 1566, 2010 WL 2539728, at *6 (D. Nev. June 4, 2010) ("Now that the Court has dismissed Defendant CMS, the option to transfer no longer is available"). "Had plaintiff requested in [its] opposition to defendant's motion to dismiss that the Court consider transferring the matter should it find personal jurisdiction lacking, the ability to transfer would still have been a viable option. However, no such request was made prior to the Complaint being dismissed." *Mirman*, 915 F.Supp.2d at 284.

### 2. An MDL court cannot transfer a consolidated case to itself.

Because this Court is sitting as an MDL court, AWG's transfer request is also statutorily prohibited in these circumstances. Actions that the Judicial Panel on Multidistrict Litigation transfers to an MDL court for consolidated or coordinated pretrial proceedings "shall be remanded by the panel at or before the conclusion of such pretrial proceedings *to the district from which it was transferred* unless it shall have been previously terminated." 28 U.S.C. § 1407(a) (emphasis added). Under that statute, an MDL court is *prohibited* from transferring the MDL cases to itself for trial under 28 U.S.C. § 1404(a). *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). That prohibition applies equally to a transfer for want of jurisdiction or improper venue under 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a), respectively. *In re Western States Wholesale Natural Gas Antitrust Litig.*, 2010 WL 2539728, at *6. While AWG potentially could have waived

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD
5

Section 1407(a)'s mandate, it was required to do so *before* the Court ruled on Lischewski's summary judgment motion. *See id*. ("Plaintiffs never requested a transfer or even suggested the possibility of a transfer until this motion for reconsideration, and instead insisted on their original choice of forum."). Again, AWG's transfer request comes too late.

### 3. A transfer would not be in the interest of justice due to AWG's bad faith.

Even if the above procedural hurdles did not prohibit transfer in these circumstances, a transfer would not be in the interest of justice because AWG brought its claims against Lischewski in the wrong forum in bad faith.[1] As shown below, AWG never had a good faith basis to make the allegations concerning Lischewski's Kansas-directed conduct that enabled its claims against him to survive the pleading stage. AWG then conducted no discovery to substantiate those baseless allegations, despite having the opportunity to do so. Instead, during settlement negotiations, AWG's true motivation for naming Lischewski as a defendant in its Kansas lawsuit was revealed: AWG sought to silence Lischewski and prevent him from testifying in support of the other (much deeper-pocketed) defendants or, barring that, to have him sitting at the defendants' table at trial so any such testimony could be characterized as an effort to save his own skin. AWG's manipulation of the judicial system in an effort to impede the jury's search for the truth constitutes egregious bad faith justifying denial of AWG's transfer request.

---

[1] Moreover, while AWG claims that the interests of justice favor transfer because it would avoid "the risk that the statute of limitations *may* bar the claims" or at least "avoids complicated choice of law questions regarding [its] tolling" (Mot. at 8-9 (emphasis in original)), AWG presents no actual argument that it faces any statute of limitations problem here. In these circumstances, "a transfer is not necessary to advance the interest of justice." *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 591 (9th Cir. 1983) (transfer unnecessary where "[t]he statute of limitations on appellants' taking claim has not yet run").

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2233
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

6

"Although dismissal of an action for improper venue is a harsh penalty, dismissal is proper where filing in an improper forum evidences bad faith." *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 806 (9th Cir. 1991). Transfer under 28 U.S.C. § 1631 is not in the interest of justice where the litigant was not "unaware or confused about the proper forum in which to file [its] action[,]" and seeks transfer merely to "circumvent [an] earlier order of dismissal." *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) ("the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney."); *Koivisto v. Allstate Ins., Ltd.*, Case No. 1:19-cv-00343-BLW, 2019 WL 5580956, at *2 (D. Idaho Oct. 29, 2019) ("the interests of justice are not served when the mistake is not genuine, such as when the plaintiff 'either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over [a] defendant in [the chosen] district.'") (citation omitted); *Janvey v. Proskauer Rose, LLP*, 59 F.Supp.3d 1, 7-8 (D.D.C. 2014) (that there were no "complex or novel jurisdictional provisions at issue excusing their failure to file this action in the proper court…suggests that Plaintiffs filed their suit in this jurisdiction either in bad faith and/or as an attempt at forum shopping"). Transfer of an action that "smacks of harassment and bad faith" to "a jurisdiction that [the plaintiff] purposefully sought to avoid through blatant forum shopping" is not in the interest of justice. *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992) (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983)).

The procedural history of AWG's pursuit of its claims against Lischewski shows that it never had a good faith basis to hale him into a Kansas court. This Court initially dismissed AWG's claims against Lischewski for lack of personal

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

7

jurisdiction, finding that AWG had not alleged "that Mr. Lischewski was ever physically present in Kansas or ever reached out to any forum resident[;] …that Mr. Lischewski directed the actions of other individuals for the purpose of doing business within the State…[or] that Mr. Lischewski ever thought about Kansas before taking any of the alleged actions, whether they were to further the conspiracy or otherwise." *In re Packaged Seafood Prods. Antitrust Litig.*, Case No. 15-MD-2670 JLS (MDD), 2020 WL 2747115, at *5 (S.D. Cal. May 26, 2020) ("*Lischewski I*"). The Court further found that the alleged antitrust injury to AWG did not provide a sufficient basis for jurisdiction, because "the effects from the nation-wide price-fixing conspiracy alleged here create no connection to any particular forum. Mr. Lischewski and the other Defendants did not conspire to run a Kansas-focused price-fixing scheme—they intended to reach every customer nationwide." *Id*. Finally, the Court held that "allegations pertaining to *Bumble Bee's* actions do not establish that the Court has jurisdiction over *Mr. Lischewski*, as the Court must analyze the contacts of each defendant individually." *Id*. (emphasis in original). The Court specifically rejected AWG's argument—made only in a footnote—that Kansas could assert jurisdiction over Lischewski under the conspiracy theory of jurisdiction, holding that "[a]llegations concerning one conspirator cannot subject his accomplices to personal jurisdiction as well, absent specific allegations that each of the conspirators aimed their jurisdictionally relevant conduct at the forum." *Id*. at *6.

AWG then sought leave to amend its complaint to cure the jurisdictional defects in its allegations against Lischewski. (ECF No. 1715.) AWG did *not* rely on the conspiracy theory of jurisdiction at that time, mentioning it only in a footnote in its *reply* to Lischewski's opposition to AWG's motion for leave to amend—and then only to say that it "acknowledges that the Court disagrees but reasserts that argument here only to preserve it." (ECF No. 2409, at 8-9 n. 4.) The Court granted AWG's motion to amend based on a finding that "AWG's proposed amendment

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

8

describes in detail *Lischewski's purposeful and continuous hands-on direction of negotiations and related communications* to make sales based on the price-fixing agreements spanning a period of approximately fifteen years and *covering thousands of sale transactions with AWG and other Kansas customers*, to enhance Bumble Bee's bottom line." *In re Packaged Seafood Prods. Antitrust Litig.*, Case No. 15-MD-2670 JLS (MDD), 2021 WL 778723, at *9 (S.D. Cal. Mar. 1, 2021) (emphasis added) ("*Lischewski II*"). The Court specifically cited AWG's allegations that "Lischewski was a 'hands-on manager' with *direct participation in the price negotiations* with Bumble Bee's…customers"; that, "[a]t Lischewski's direction, Bumble Bee's sales department reached out directly to customers *in Kansas*…"; and that "Lischewski *personally directed* his sales department in price negotiations with individual customers…*including AWG, Walmart, Target, and others in Kansas*…." *Id*. at *7 (emphasis added).

Thereafter, AWG and Lischewski engaged in a period of discovery. (*See* ECF No. 2601.) Yet none of the discovery requests AWG served on Lischewski sought to discover any facts or evidence substantiating Lischewski's alleged *personal* participation in conduct directed specifically at Kansas. (*See generally* Hawkes Decl. Exs. 1-3.) And in response to an interrogatory from Lischewski, AWG made clear that it *had* no such facts or evidence—rather, in asserting personal jurisdiction over Lischewski, it was relying *entirely* on Lischewski's role in the alleged overall, *national* conspiracy and his general oversight of Bumble Bee's conduct as its CEO, despite the Court's express rejection of those theories in *Lischewski I*, and in contravention of its own allegations as described in *Lischewski II*. (Hawkes Decl. Ex. 4 at 12-14.)

On its own, AWG's failure even to attempt to substantiate its sweeping allegations relating to jurisdiction in Kansas demonstrates that AWG had no good-faith basis to sue Lischewski in that forum. But that is not all. During the summer of 2021, the parties engaged in settlement discussions that revealed AWG's true

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD
9

purpose was not to obtain relief from Lischewski, but rather to induce him into silence. Specifically, in the course of the parties' settlement discussions, AWG sent Lischewski a proposed settlement "term sheet." (Hawkes Decl. Ex. 5.) Among the "other terms" to which AWG proposed Lischewski agree was the following:

> <u>Christopher Lischewski Testimony</u>. Christopher Lischewski asserted his Fifth Amendment Rights in response to all written, deposition, and other discovery propounded to him in the MDL proceeding prior to and during the stays of discovery entered by Judge Sammartino in the MDL. Notwithstanding Christopher Lischewski's testimony at his criminal trial before Judge Chen in the Northern District of California, Mr. Lischewski maintains his Fifth Amendment rights in this MDL proceeding and continues to, and will continue to, assert his Fifth Amendment Rights to any and all civil discovery propounded to him whether in this MDL or other civil proceeding.

(*Id*. at 4.) Later in the parties' negotiations, again proposed, in a second term sheet, that Lischewski agree to "assert his Fifth Amendment Rights to any and all civil discovery"—that is, that Lischewski agree not to testify further in any proceeding involving AWG's claims. (*Id*. Ex. 6 at 4.)

On August 3, 2021, counsel for AWG and Lischewski had their first verbal discussion regarding a proposed settlement. (Hawkes Decl. ¶ 9.) During that discussion, AWG's counsel specifically brought up the proposed term that Lischewski agree to assert the Fifth Amendment in any future testimony. (*Id*.) Lischewski's counsel expressed reservations about any such agreement, particularly given that, depending on the nature of the question posed, Lischewski might not have a good faith basis to do so. (*Id*.) AWG's counsel suggested that AWG might be amenable to removing the Fifth Amendment term from the parties' written agreement if Lischewski would agree to object to a request from AWG for Lischewski's deposition by asserting the Fifth Amendment. (*Id*.) AWG would then drop the deposition request, obviating the need for Lischewski to assert the Fifth Amendment under oath. (*Id*.) AWG's counsel suggested that this approach would likely discourage the other defendants from seeking Lischewski's testimony. (*Id*.)

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

10

1  AWG's counsel followed up with an email seeking to address Lischewski's
2  counsel's concerns. (*Id*. Ex. 7.)

3      In reviewing AWG's proposal, Lischewski's counsel arrived at the
4  conclusion that the rules of professional conduct prohibited them—or any party or
5  attorney—from agreeing to such a term. (Hawkes Decl. ¶ 10.) *See* Kansas
6  RPC 3.4(b) ("A lawyer shall not…offer an inducement to a witness that is
7  prohibited by law"); Kansas RPC 8.4(b), (d) ("It is professional misconduct for a
8  lawyer to…commit a criminal act that reflects adversely on the lawyer's honesty,
9  trustworthiness or fitness as a lawyer in other respects" or "engage in conduct that
10 is prejudicial to the administration of justice"); *see also In re Disciplinary*
11 *Proceedings Against Bonet*, 144 Wash.2d 502, 514-15, 29 P.3d 1242 (2001)
12 (holding that offer to dismiss criminal charges against witness if witness invoked
13 Fifth Amendment at trial of another criminal defendant violates the equivalent
14 provisions of the Washington Rules of Professional Conduct, "regardless of
15 whether the offer or inducement influenced the witness's decision to testify or not
16 testify.").

17     Lischewski's counsel shared those concerns with AWG's counsel. (Hawkes
18 Decl. Ex. 8.) In response, AWG's counsel forwarded an email from another of
19 Lischewski's attorneys disputing that Lischewski's Fifth Amendment rights "no
20 longer exist." (*Id*. Ex. 9.) Lischewski's counsel responded by pointing out that
21 whether Lischewski *could* assert the Fifth was beside the point, because "[t]he
22 offer of the inducement [to do so] itself is unethical. We strongly suggest that you
23 drop this." (*Id*.) AWG's counsel responded by bizarrely denying that AWG had
24 ever made such an offer—despite the clear terms of AWG's own term sheet. (*Id*.)

25     Counsel for AWG and Lischewski spoke again on August 9, 2021. (Hawkes
26 Decl. ¶ 12.) In that call, AWG's counsel stated that, from his client's perspective,
27 settlement talks were "stuck," because the range of financial terms that the parties
28 had been discussing were insufficient to induce AWG to settle in the absence of

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

11

any assurance that Lischewski would not be helping the other defendants by providing supporting testimony after settlement. (*Id*.) AWG's counsel indicated that it was worth more to AWG to have Lischewski remain a defendant at trial and be able to characterize any testimony he provided as that of someone just trying to help himself avoid liability. (*Id*.) AWG's counsel suggested that it was up to Lischewski to come up with a proposal to get past that problem. (*Id*.) When Lischewski's counsel again responded by email that Lischewski could provide no such assurance as part of any settlement agreement, AWG's counsel again denied asking for one, and accused Lischewski's counsel of "inaccurately reporting our discussions." (*Id*. Ex. 10.)

Counsel for AWG and Lischewski had one final conversation about settlement on September 1, 2021, during which Lischewski's counsel implored AWG's counsel to reconsider its approach and consider a settlement involving only financial terms. (Hawkes Decl. ¶ 14.) AWG's counsel thereafter indicated that AWG remained "stuck on the issues we outlined in our prior call[,]" and settlement talks proceeded no further. (*Id*. ¶ 15 & Ex. 11.)

AWG's conduct with respect to Lischewski in pleading its claims and conducting discovery suggests that it did not include him as a defendant in its Kansas lawsuit in a good faith (but mistaken) belief that the Kansas court had personal jurisdiction over him. In its amended pleading after the claims against Lischewski were dismissed for lack of personal jurisdiction, AWG made new allegations regarding Lischewski's *personal* involvement in Kansas-directed conduct for which it lacked evidentiary support. *See* Fed. R. Ci. P. 11(b)(3). But AWG made no effort to substantiate those allegations in subsequent discovery; instead, it retreated to jurisdictional theories that the Court had already expressly rejected.

Worse, AWG's conduct in settlement negotiations revealed that its actual motivation for including Lischewski as a defendant in its Kansas lawsuit was either

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

12

to extort him into not testifying or, failing that, to facilitate a jury argument that his testimony should be discounted as self-serving and unreliable. Lischewski correctly refused to entertain AWG's offer, which appears to have violated multiple ethical rules.[2] *See* Kansas RPC 3.4(b); Kansas RPC 8.4(b), (d); *see also In re Disciplinary Proceedings Against Bonet*, 144 Wash.2d at 514-15.

AWG sued Lischewski in Kansas in bad faith, and the Court should not facilitate its abuse of the legal process by transferring its claims against Lischewski to this district.

## C. AWG Has Not Established a Basis for Entry of a Rule 54(b) Judgment.

Finally, AWG requests that, if the Court does not reconsider its summary judgment ruling or transfer the claims against Lischewski to this district, it should enter a judgment as to those claims under Fed. R. Civ. P. 54(b). (Mot. at 11-12.) The Court should deny that requested relief as well.

"[P]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)). "It is generally held inappropriate to enter Rule 54(b) judgments routinely or as a courtesy or accommodation to counsel." *In re Real Estate Assocs. Ltd. Partnership Litig.*, No. 98–7035 DDP (AJWX), 2002 WL 31995687, at *2 (C.D.

---

[2] AWG's settlement offer also appears to have violated at least two criminal statutes. *See* 18 U.S.C. § 201(b)(3) ("Whoever…directly or indirectly, corruptly gives, offers, or promises anything of value to any person…with intent to influence such person to absent himself" from any "trial, hearing, or other proceeding" is subject to criminal penalties); 18 U.S.C. § 1512(b)(1) ("Whoever knowingly…corruptly persuades another person, or attempts to do so, …with intent to…cause or induce any person to…withhold testimony…from an official proceeding" is subject to criminal penalties); *Synergetics, Inc. v. Hurst*, No. 4:04CV318 CDP, 2007 WL 2422871, at *1, *8-*10 (E.D. Mo. Aug. 21, 2007) (settlement offer of something of value in exchange for witness's decision not to testify constituted misconduct, citing the above criminal statutes).

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD
13

Cal. Dec. 6, 2002). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

First, AWG identifies no "immediate hardship or injustice" arising from the Court's summary judgment ruling that is sufficient "to justify a Rule 54(b) certification." *See Sure-Safe Indus., Inc. v. C&R Pier Mfg.*, 851 F. Supp. 1469, 1475 (S.D. Cal. 1983). Instead, AWG merely asserts that, because the Court granted summary judgment on personal jurisdiction grounds "unrelated to any remaining claims and issues," there is no risk of "piecemeal appeals." (Mot. at 11-12.) Even if that were true—and, as shown below, it isn't—that observation falls far short of demonstrating a need for a Rule 54(b) judgment other than "to advance the convenience of the plaintiffs and their counsel and to avoid the remote possibility of a second trial. That is not sufficient urgency to justify a Rule 54(b) certification." *See id*.

Further, not *every* dismissal for want of personal jurisdiction justifies a Rule 54(b) judgment. "[W]hile the legal issues underlying the personal jurisdiction ruling may be separate from the substantive issues on subsequent appeals, entering judgment under Rule 54(b) would still create the potential that the Ninth Circuit would review the case twice—once regarding the personal jurisdiction dismissal and against after Plaintiffs' claims against [the remaining defendants] are resolved." *Croyle v. Theatine Fathers, Inc.*, Civil No. 19-00421 JAO-WRP, 2020 WL 1452068, at *2 (D. Haw. Mar. 25, 2020). And, of course, a dismissal on personal jurisdiction grounds is inappropriate for Rule 54(b) treatment where the personal jurisdiction issue is not "wholly separate from the merits of Plaintiffs' claims and the [remaining defendants'] defenses to these claims." *Id*.

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

14

Here, as demonstrated by AWG's own motion for reconsideration, AWG's argument for asserting personal jurisdiction over Lischewski in Kansas depends *entirely* on the "conspiracy theory of jurisdiction"—meaning that the personal jurisdiction issue is inextricably bound up with the merits of the underlying antitrust price-fixing conspiracy claims asserted against both Lischewski *and* the remaining defendants. *See id.* (noting that "the facts relevant to all legal issues will overlap to some degree"). And even "if the jurisdictional question were resolved in [AWG's] favor, [Lischewski] would rely on the same defenses [the other defendants] have raised…. This potential overlap tends to show an increased risk of piecemeal appeals or duplicative proceedings." *See id.*

If, at trial against the remaining defendants, the jury ultimately finds that AWG has failed to prove the existence of that alleged conspiracy, then there will be no basis to hold Lischewski liable *or* assert personal jurisdiction over him. Similarly, if the jury finds the existence of a conspiracy but no antitrust injury resulting from it, then any claims against Lischewski would also necessarily fail. Thus, proceeding to trial may moot the issues that would be presented in an interlocutory appeal from a Rule 54(b) judgment.

Moreover, a Rule 54(b) judgment does not just raise the possibility of two appeals: any post-trial appeal would be to the *Tenth* Circuit, whereas an appeal from a Rule 54(b) judgment entered by this Court would be to the *Ninth* Circuit— meaning that two *different* appellate courts would be considering overlapping issues relating to the merits of AWG's claims, potentially at the same time, and potentially reaching conflicting results. It would be far more judicially efficient for any appeal to await the end of trial, when a single appellate court can consider whether AWG even *has* any viable antitrust claims to assert against Lischewski under a "conspiracy theory of jurisdiction." *See id.* ("It is also possible that future developments in this case could lead to settlement or moot appellate review of certain legal issues.").

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

15

1

### III.    <u>CONCLUSION</u>

2

The Court should deny AWG's motion in its entirety.

3

DATED: May 20, 2022

4

Respectfully Submitted,

5

ANGELI LAW GROUP LLC

6

7

s/ *Peter D. Hawkes*

8

URSULA M. LALOVIĆ (Cal. Bar No.
215551)

9

PETER D. HAWKES, *pro hac vice*
NEAL S. SHECHTER, *pro hac vice*

10

121 SW Morrison Street, Suite 400
Portland, Oregon 97204

11

Telephone: (503) 954-2232
Facsimile: (503) 227-0880

12

ursula@angelilaw.com
peter@angelilaw.com

13

neal@angelilaw.com

14

*Attorneys for Defendant Christopher D.
Lischewski*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

16

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

4        I certify that on May 20, 2022, I filed the foregoing document with the Clerk

5    of the Court for the United States District Court, Southern District of California, by

6    using the Court's CM/ECF System, which sends notifications of such filings to all

7    counsel of record, including counsel for the government in the related criminal cases:

8    Leslie    A.    Wulff    (leslie.wulff@usdoj.gov)    and    Manish    Kumar

9    (manish.kumar@usdoj.gov).

10                                          *s/ Peter D. Hawkes*
                                           Peter D. Hawkes

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT LISCHEWSKI'S OPPOSITION TO AWG'S MOTION
FOR RECONSIDERATION, TRANSFER, OR CERTIFICATION
Case No. 3:15-md-2670-DMS-MDD

17