# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No.: 15-MD-2670 DMS (MDD)<br><br>**ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>**(ECF No. 2810)** |

Pending before the Court is a Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed by Defendants Lion Capital LLP ("Lion Capital") and Big Catch Cayman LP ("Big Catch"). (ECF No. 2810.) Direct Action Plaintiffs ("DAPs") and Class Plaintiffs filed opposition briefs. (ECF Nos. 2825, 2826, 2833 (errata).) Lion Capital and Big Catch replied. (ECF No. 2829.) For the reasons set forth below, Defendants' motion is denied.

The general background and history of this litigation are well documented and extensively discussed in prior orders. (ECF Nos. 2454, 2654, 2781.) For purposes of the present motion, the Court sets out only the relevant facts.

In the wake of the announcement by the Antitrust Division of the United States Department of Justice of its investigation into a tuna price fixing conspiracy, dozens of

plaintiffs initiated civil actions alleging price fixing against the three largest domestic producers of packaged tuna and their parent companies: (1) Tri-Union Seafoods LLC d/b/a Chicken of the Sea International ("COSI") and its owner Thai Union Group PCL; (2) StarKist Company ("StarKist") and its owner Dongwon Industries Co. Ltd.; and (3) Bumble Bee Foods LLC ("Bumble Bee") and its owners Lion Capital, Lion Capital (Americas), Inc. ("Lion Americas"), and Big Catch (collectively the "Lion Entities").[1] The civil actions were consolidated in this multidistrict litigation for pretrial proceedings.

The Lion Entities moved to dismiss the claims alleged against them. The Court held the operative complaint[2] sufficiently alleged that Defendant Lion Americas directly participated in the price fixing conspiracy but granted the motion as to Defendants Lion Capital and Big Catch. (Order Granting in Part and Denying in Part Defs' Mots. to Dismiss at 79-86, ECF No. 1362.)[3] Plaintiffs were granted leave to amend their claims against Defendants Lion Capital and Big Catch. (*Id.* at 90.) After Plaintiffs filed their amended complaint, Lion Capital and Big Catch moved to dismiss and the Court granted the motion without leave to amend. (Order Granting Defendants' Motion to Dismiss ("Second Lion Order"), ECF No. 2270.)

DAPs filed a motion for reconsideration of the Second Lion Order. (Motion for Reconsideration of the Court's Order Granting Lion Capital's Motion to Dismiss or, in the

---

[1] The investigation culminated in criminal charges for price fixing in violation of the Sherman Act, 15 U.S.C. § 1, against COSI, Bumble Bee, StarKist, and their executives. Bumble Bee's CEO Christopher Lischewski was convicted after a jury trial. *United States v. Lischewski*, 860 Fed. Appx. 512, 2021 WL 2826474 (9th Cir. Jul. 7, 2021) (affirming conviction). He is serving a prison sentence for his "leadership role in the conspiracy." *United States v. Lischewski*, U.S. Dist. Ct. N.D. Cal. Case No. 18cr203-EMC, ECF No. 692, Am. Crim. Minutes of Jun. 16, 2020. All other defendants pled guilty.

[2] The parties have stipulated, and the Court ordered, that the Fourth Amended Complaint filed by the Kroger Plaintiffs (ECF No. 1475), is "in all material respects representative" for purposes of the Lion Entities' motion to dismiss. (ECF Nos. 1524, 1529, 2270.) The public redacted version of the complaint can be found at ECF No. 1423.

[3] The public redacted version can be found at ECF No. 1358.

Alternative, for Entry of Final Judgment Under Rule 54(b), ECF No. 2284.)[4] All Plaintiffs also joined in a separately filed Rule 54(b) motion. (ECF No. 2281.) Lion Capital and Big Catch opposed both motions. (ECF Nos. 2289, 2291.)

The Court granted Plaintiffs' motion for reconsideration and denied as moot the Rule 54(b) motion. (Order (1) Granting Pls' Mot. for Reconsideration; (2) Vacating Order Granting Defs' Mot. to Dismiss; (3) Denying Defs' Mot. to Dismiss; and (4) Denying as Moot Pls' Mot. for Certif. of Rule 54(b) J. and the Parties' Mot. to Seal ("Third Lion Order"), ECF No. 2781.) Defendants Lion Capital and Big Catch now move for certification of the Third Lion Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292(b) provides a "narrow exception" to the final-judgment rule. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As a general rule,

> the whole case and every matter in controversy in it must be decided in a single appeal. This final-judgment rule, now codified in § 1291, preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice.

*Microsoft Corp. v. Baker,* __ U.S. __, 137 S. Ct. 1702, 1712 (2017).[5] "Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Or., Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)).

Certification under § 1292(b) is proper:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.
[5] Unless otherwise noted internal quotation marks, citations, ellipses, brackets, and footnotes are omitted from citations.

    difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation ... .

To certify an interlocutory appeal, § 1292(b) requires a district court to "expressly find in writing" that all three of its requirements are met. *Couch,* 611 F.3d at 633. "[T]he party pursuing the interlocutory appeal bears the burden of ... demonstrating ... that the certification requirements of the statute have been met." *Id.* Because Lion Capital and Big Catch fail to satisfy the "materially advance" requirement, the Court need not address the other requirements of § 1292(b).

  The "materially advance" requirement "is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI, Or.*, 22 F.4th at 1131. The interlocutory appeal need not "have a final, dispositive effect on the litigation[.]" *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Relying on *Reese*, Lion Capital and Big Catch argue that "interlocutory appeal of the Third Lion Order 'may materially advance the ultimate termination of the litigation' because the appeal may result in Lion [Capital] and Big Catch being dismissed with prejudice from this litigation." (Mem. of P.&A. in Supp. of Mot. for Certif. of Interloc. Appeal Pursuant to 28 U.S.C. § 1292(b) at 11, ECF No. 2810-1) (quoting *Reese*, 643 F.3d at 688).) However, *Reese* is distinguishable. There, the defendants filed a motion for § 1292(b) certification after the district court denied their Rule 12(b)(6) motion to dismiss. 643 F.3d at 683. The court found that certification would materially advance the ultimate termination of the litigation and granted the motion because reversal on appeal "'may' take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case." *Id.* at 688.

  This is not the case here. Assuming *arguendo* that Lion Capital and Big Catch were correct that an interlocutory appeal could terminate all claims alleged against them, the same antitrust conspiracy claim would remain against other defendants. This is underscored by the fact that all three Lion Entities have jointly filed a summary judgment motion attacking the antitrust conspiracy claim against each of them. (ECF No. 1998.)

The motion is fully briefed. Interlocutory appeal would delay disposition of that motion, including disposition of claims alleged against Defendant Lion Americas, which is not part of the subject motion to certify.

Defendants Lion Capital and Big Catch contend that "[t]he claims pending against Lion [Americas] are distinct from those presented here by Lion [Capital] and Big Catch, which concern the standards for pleading vicarious liability and/or 'single enterprise' participation in a conspiracy against a corporate parent." (Reply in Supp. of Mot. for Certif. of Interloc. Appeal Pursuant to 28 U.S.C. § 1292(b) at 10, ECF No. 2829.) This argument glosses over the finding that Plaintiffs sufficiently alleged Lion Capital's direct participation in the conspiracy. (*See, e.g.,* Third Lion Order at 19.)

In addition, beyond Lion Americas, the antitrust liability issues and evidence overlap with Plaintiffs' claims against StarKist and its related entities. The procedural and factual context of this action distinguish it from *Reese* in material respects. Lion Capital and Big Catch themselves recognized as much in their opposition to Plaintiffs' Rule 54(b) motion.[6] They acknowledged there that interlocutory appeal on the same issues they propose to appeal here with their pending motion would affect only "one small part of the case." (Lion Capital and Big Catch Resp. in Opp'n to Pls' Mot. for Certif. of Rule 54(b) J. at 1, ECF No. 2289.) There, they argued "[t]he Court should deny the Motion because the parties' and judicial resources would be better spent obtaining final judgment on all of the claims, instead of detouring to the court of appeals for a piecemeal resolution of but one sliver of the case." (*Id.*) In making that argument, Lion Capital and Big Catch expressly recognized that:

> [I]nterlocutory appeal would only prolong final resolution of the case [because] Plaintiffs ... brought the same antitrust claim against nine Defendants—only two of which would be involved in the requested interlocutory appeal.

---

[6] Like § 1292(b), Rule 54(b) is an exception to the final-judgment rule. *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015).

1    (*Id.* at 2.)  More specifically, Lion Capital and Big Catch argued:

> The legal standards governing antitrust conspiracy claims and claims of vicarious liability against [Lion Capital and Big Catch] are not unique.  The Court has addressed those same issues as to other Defendants, and will be called upon to do so again in deciding the pending motions for summary judgment.

(*Id.* at 3.)

       The foregoing arguments apply equally to the subject motion.  Accordingly, Defendants Lion Capital and Big Catch have not met their burden to show that interlocutory appeal would materially advance the termination of this litigation.  Because all three requirements of § 1292(b) are required for certification, *Couch*, 611 F.3d at 633-34, the motion for certification of interlocutory appeal is denied.

       **IT IS SO ORDERED**.

Dated:  June 1, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court