FILED
JUL 15 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-DMS-MDD |
| This filing relates to the End Payer Plaintiff Class Action Track | **ORDER GRANTING END PAYER PLAINTIFFS' MOTION FOR COSTS IN CONJUNCTION WITH THE COSI SETTLEMENT** |

## I. INTRODUCTION

Pending before the Court is the End Payer Plaintiffs ("EPPs") motion for costs and expenses in conjunction with final approval of their "ice-breaker" settlement with Defendant Chicken of the Sea International ("COSI") and its parent company, Defendant Thai Union Group PCL ("TUG") (collectively "COSI"). In a separate motion pending before the Court, the EPPs ask the Court for final approval of the COSI Settlement.

In accordance with the Court's Preliminary Approval Order dated January 26, 2022 (ECF No. 2734), the Court held a Final Approval Hearing on July 15, 2022. After a robust notice plan to the settlement class members advising them of the July 15, 2022 Final Approval Hearing Date and of their rights to object, no objections were received by the parties as to the settlement or as to the requested costs and expenses.[1] *See* ECF No. 2827 (Notice Declaration by Claims Administrator), Supplement Manifold Decl., ¶ 5. [No objectors appeared at the July 15, 2022 hearing.]

As to cost and expenses, the Court notes that the Class Notice advised COSI Settlement Class Members a portion of the Settlement Fund (up to $5 million) may be used by the Claims Administrator to administer notice and claims and detailed the specific amount of the Expense Award ($4,155.027.67) to be requested from the Distribution Fund. *See* ECF No. 2827, Ex. F at 48, 52. Of significance, with regard to the litigation expenses requested, Class Counsel does not seek an award of attorney fees from the Distribution Fund but only requests reasonable out of pocket litigation costs as of May 2021. *See* ECF No. 2673-2, Ex. 8 (confirming no agreement outside of the settlement and unilateral waiver of any rights to seek attorneys' fees from COSI or Settlement Fund).[2]

---

[1] The Claims Administrator further posted a copy of the motion papers detailing costs on the settlement website.

[2] The Class Notice advised the settlement class members that Class Counsel reserves the right to request an award of attorney fees out of any recoveries from the Non-

The key monetary terms of the Settlement are as follows: (1) the maximum Settlement Amount is twenty million ($20,000,000). COSI Settlement Agreement, §1.a.xxvii (ECF 2552-3 at 8); (2) under Paragraphs 11(b) and 18, up to five million ($5,000,000) out of the Maximum Settlement Amount shall be used to cover the reasonable costs of Class and Settlement Notices and administration for distribution of the Settlement Fund of fifteen million ($15,000,000) ("Distribution Fund"). ECF 2552-3 at 13 and 14; and (3) if the reasonable costs of Class and Settlement Notice is less than $5,000,000, the difference is refunded to the COSI Defendants under Paragraph 18(b) of the COSI Settlement Agreement. *Id.* at 14 and 15. Under the settlement terms outlined above, an award of reasonable interim costs of class notice and administration will not reduce the class relief provided in the Distribution Fund ($15,000,000). However, any reasonable and necessary litigation expenses awarded to counsel are deducted from the Distribution Fund.

This "icebreaker" settlement was the first settlement between EPPs and any Defendant. Although the parties finalized this early settlement before the District Court issued its decision certifying the Class, preliminary approval of this partial settlement was delayed until January 26, 2022.[3] The delay was due, in part, to the Defendants' appeal of the Court's Class Certification Opinion (ECF No. 1931). The Class Certification Opinion's appellate journey in the Ninth Circuit ended with an April 8, 2022 *en banc* decision of the Ninth Circuit upholding class certification. *See* ECF No. 2828 (Order re Mandate Hearing). While claims remain against StarKist Co. and Bumble Bee Foods LLC's parent companies ("Non-settling Defendants"), this

---

settling Defendants and to base that request upon the benefits conferred by the COSI Settlement. ECF 2827, Ex. F (Class Notice) at 48, 52.

[3] *See* Declaration of Betsy C. Manifold in Support of End Payer Plaintiffs' Renewed Motion for Preliminary Approval of Partial Class Action Settlement (ECF No. 2552-2), ¶¶ 1, 12. *See also* ECF No. 1931 (July 30, 2019 Class Certification Opinion) and ECF No. 2734 (January 26, 2022 Order Granting End Payer Plaintiffs Renewed Motion for Preliminary Approval of Partial Settlement).

initial settlement provides substantial relief including prosecution cooperation by the COSI Defendants to assist the EPPs in pursuing the other Non-settling Defendants.

In light of this substantial initial $20 million settlement, and for the reasons discussed below, the Court will approve certain specific costs and expenses.

First, to cover the costs of class notice and administration through April 2022, the Court approves the request to pay media costs ($914,090) and administration costs ($233,000) of $1,147,090 as reasonable and necessary costs for notice and claims administration given the depth of the reach of the robust notice plan undertaken by the Claims Administrator. *See* ECF No. 2827 (Notice Declaration by Claims Administrator).

Second, for the same reasons, the Court approves a further distribution of $597,870 as permitted under the Settlement Agreement to cover estimated administration costs ($500,000) and a reminder media campaign ($97,870). The Court approves Class Counsel's request that the proposed follow up campaign be delayed in order for Class Counsel to submit a Class Notice plan combing these media efforts no later than fourteen days (14) from the date of this order.

Finally, the Court approves an Expense Award of $4,155,027.67 to reimburse Class Counsel for specific, reasonable and necessary out of pocket litigation costs incurred as of May 2021.

## II. DISCUSSION

Under FRCP Rule 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement." This rule is equitable in nature and "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Here, Class Counsel is ***not*** requesting an award of attorneys' fee. The Court finds when considering an equitable analysis based on the financial burden incurred by plaintiffs in achieving a substantial financial benefit to the settlement class

($20,000,000) after surviving multiple motions to dismiss and completing substantive and class discovery, an award of reasonable costs is appropriate.

As an initial crosscheck to the reasonableness of Class Counsel's request for an Expense Award of $4,155,027.67, the Court considers the DPPs' request for out of pocket costs of $4,410,636.71. *See* Memorandum of Points and Authorities in Support of Direct Purchaser Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards for the Class Representatives in Conjunction with COSI/TUG Settlement, ECF No. 2785-1 at 19-20. The DPPs' expense request arises out of a contested fee dispute decided by a well-respected arbitrator and includes an award of similar expert costs as well as litigation expenses. The comparison is appropriate (and the EPP's expenses are approximately $250,000 less) because the various MDL tracks (including the classes) coordinated and equally shared litigation expenses for document hosting, translations, and discovery costs to create efficiencies and engaged similar econometric experts to model the relevant market for their respective class. As a result, the Court finds that the contested DPP expense request is good crosscheck on the reasonableness and fairness of Settlement Class Counsel's request.

**A. Notice and Administration Costs Are Reasonable**

The claims administrator expended substantial efforts and incurred significant expenses in providing a robust and expansive class notice. Notice Decl., ¶¶ 6-22. As of May 20, 2022, JND had delivered over 760 million digital media impressions with over 1.8 million page views on the settlement website. Supp. Manifold Decl., ¶8. JND provided a breakdown of the expenses necessarily incurred by a claims administrator to date and has provided a detailed estimate of follow up notice costs and claims administration for reimbursement as provided under the terms of the Settlement Agreement. *Id.*, **Ex. 1.** For example, JND seeks reimbursement for media placements, website administration, and robust responses to class member inquiries. *Id.* The Court finds that these are standard expenses incurred by a claims administrator in creating and implementing a robust notice plan in a complex

consumer action with antitrust and other claims. Both JND and Class Counsel represent to the Court that they carefully scrutinized all requested expenses. *Id.*

In order to conserve resources, Class Counsel further requests Court approval to delay the follow up notice ad campaign in order to combine this follow up campaign with an appropriate and robust class notice plan to be submitted by motion no later than fourteen (14) days of court approval of the costs motion. After reviewing these submissions, the Court finds that the requested costs of class notice and administration are reasonable in light of the robust notice plan reaching tens of millions of settlement class members and warrants approval by the Court under the terms of the Settlement Agreement.

**B. An Award of Class Counsel's Reasonable Expenses Is Warranted**

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995) (citation omitted). Such expense awards comport with the notion that the district court may "spread the costs of the litigation among the recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

Class Counsel has incurred expenses of $4,155,027.67 as of May 2021 in the prosecution of this Action.[4] Supp. Manifold Decl., ¶¶ 3, 4, **Ex. 2.** Class Counsel provides a breakdown of the unreimbursed expenses necessarily incurred by counsel

---

[4] In March 2016, the Court appointed Wolf Haldenstein as interim lead counsel for the EPP Class. ECF No. 119. Interim lead counsels' responsibilities included procedures to monitor expenditures, maintain expense reports, employ experts, and generally conduct all pre-trial, trial and post-trial proceedings, Class Counsel has affirmed to the Court they diligently performed these tasks and have incurred reasonable and necessary expenses in doing so. *See* ECF No. 119 at 7-8; Manifold Supp. Decl., ¶¶ 16-18.

in this case. *Id.*, **Ex. 2**. For example, Class Counsel seeks reimbursement for expert fees ($3,226,002.90) and for filing fees, service of process, legal research, document storage, photocopying, court reporters, mediation, and translation fees (approximately $929,024.77).[5] *Id.* The Court finds that these costs were reasonable and necessary to achieve this early 'ice breaker' settlement in a complex antitrust conspiracy between the three dominant manufacturers of packaged tuna. This "hard figure" represents the amount of specific costs incurred by Interim Lead and Class Counsel as of May 2021 to reach this early partial settlement. Supp. Manifold Decl., ¶¶ 3, 12, Ex. 2.

These are standard expenses incurred in prosecuting a civil lawsuit of this kind, and are the type of expenses typically billed by attorneys to paying clients in the marketplace. Class Counsel represents to the Court that they carefully scrutinized these expenses. *Id.* These expenses are in line with those approved by courts in this District and are all the type of expenses routinely charged to hourly paying clients. *See, e.g., In re LendingClub Sec. Litig.*, 2018 U.S. Dist. LEXIS 163500, at *15 (N.D. Cal. 2018) (expenses such as expert and consultant fees, court fees, travel and lodging costs, legal research fees, and copying expenses were reasonable and recoverable); *In re High-Tech Emple. Antitrust Litig.*, 2015 U.S. Dist. LEXIS 118052, at *58-59 (N.D. Cal. 2015).

The Court finds an expense award of $4,155,027.67 to be fair and reasonable.

## III. CONCLUSION

The Court finds that the requested costs and expenses are reasonable, necessary and fair and warrant final approval. The Court hereby ORDERS as follows:

---

[5] Class Counsel detailed these efforts in support of their request for an expense award. *See e.g.* Manifold Supp. Decl., ¶ 19 (harmonized review of over two million documents and shared storage costs for all productions with the other classes); ¶ 22 (costs taking over 60 depositions including travel to Thailand and Korea); ¶¶ 23-25 (detailing extensive expert costs for class certification including multiple expert reports, depositions, and an evidentiary hearing); and ¶¶ 23-25 (costs from defending 16 individual EPP depositions).

(i) The costs of class notice and administration in the amount of $1,147,090 incurred as of April 2022 shall be paid under the terms of the Settlement Agreement;

(ii) An estimated additional distribution of $830,870 may be paid under the terms of the Settlement Agreement to cover the costs of a follow up notice campaign and on-going claims administration;

(iii) an Expense Award in the amount of $4,155,027.67 is approved and to be paid from the Distribution Fund under the terms of the Settlement Agreement; and

(iv) Class Counsel shall file a plan for distribution for class notice no later than fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

Dated: 7-15-22

THE HONORABLE DANA M. SABRAW
UNITED STATES DISTRICT COURT JUDGE

28437