Case 3:15-md-02670-DMS-MDD   Document 2881-1   Filed 07/29/22   PageID.253136   Page 1 of 16

BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
ALEX J. TRAMONTANO (276666)
tramontano@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Class Counsel for the End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>End Payer Plaintiffs Class Track | Case No. 15-MD-2670 DMS (MDD)<br><br>**END PAYER PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>DATE: August 26, 2022<br>TIME: 1:30 P.M.<br>JUDGE: Hon. Dana M. Sabraw<br>CTRM: 13A (13th floor) |

Case No. 15-MD-2670 DMS (MDD)

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. RELEVANT PROCEDURAL BACKGROUND ........................................... 2

    A. COSI Settlement and Class Certification .............................................. 2

    B. Reasons for the Delay of COSI Settlement and Class Notice ............ 3

    C. Robust and Effective Settlement Notice Plan ...................................... 4

    D. Best Practicable Settlement Notice Was Provided .............................. 5

III. LEGAL STANDARD ...................................................................................... 6

IV. ARGUMENT ..................................................................................................... 7

    A. The Court Should Appoint JND as Class Notice Administrator ........ 7

    B. The Proposed Method of Class Notice Satisfies Rule 23 and Due Process and Should be Approved ....................................................... 7

        1. Plan Delivery Estimated to Reach Over 70% ......................... 8

        2. Notice Design and Content Complies with Rule 23 ................ 9

V. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

*Cases*

*Beck-Ellman v. Kaz USA, Inc.*,
　No. 3:10-CV-02134-H-DHB, 2013 U.S. Dist. LEXIS 60182
　(S.D. Cal. Jan. 7, 2013) ............................................................................... 10

*Briseno v. ConAgra Foods, Inc.*,
　844 F.3d 1121 (9th Cir. 2017) ................................................................... 7, 8

*Bruno v. Quten Research Inst., LLC*,
　No. SACV 11-00173 DOC (Ex), 2012 U.S. Dist. LEXIS 196467
　(C.D. Cal. July 16, 2012) ............................................................................. 7

*Chinitz v. Intero Real Estate Servs.*,
　No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999
　(N.D. Cal. Dec. 1, 2020) ............................................................................. 10

*ConAgra Brands, Inc. v. Briseno*,
　138 S. Ct. 313 (2017) ................................................................................... 7

*Eisen v. Carlisle & Jacquelin*,
　417 U.S. 156 (1974) ..................................................................................... 6

*Mullane v. Cent. Hanover Bank & Trust Co.*,
　339 U.S. 306 (1950) ..................................................................................... 6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
　31 F.4th 651 (9th Cir. 2022) ..................................................................... 1, 3

*Reiter v. Sonotone Corp.*,
　442 U.S. 330 (1979) ................................................................................... 10

*Ross v. Trex Co.*,
　No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081
　(N.D. Cal. Mar. 4, 2013) ............................................................................. 10

*Silber v. Mabon*,
　18 F.3d 1449 (9th Cir. 1994) ................................................................... 7, 10

*Rules*

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................ 6, 7

Fed. R. Civ. P. 23(b)(3) ..................................................................................... 6

*Other Authorities*

Fed. Jud. Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010) .............................................................. 10

MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) ............................................. 6

**I.     INTRODUCTION**

Pursuant to the Court's July 15, 2022 Order Granting End Payer Plaintiffs' Motion for Costs in Conjunction with the COSI Settlement (ECF No. 2872 at 8) ("Final Approval Order Costs)", End Payer Plaintiffs ("EPPs"), on behalf of themselves and all members of the certified EPP Class[1] in the above-referenced action, hereby submit this proposed plan for dissemination of class notice to the EPP Class (the "Class Notice Plan").

EPPs will and hereby do request, under Rule 23 of the Federal Rules of Civil Procedure, for entry of an Order:

(1)   Appointing JND Legal Administration LLC ("JND") as the notice administrator; and

(2)   Approving the Class Notice Plan as the "best notice that is practicable under the circumstances"; and

(3)   Setting a deadline (the "Opt Out Deadline") for persons to seek exclusion from the Class; and

(4)   Approving the form and content of the proposed class notice(s).

As discussed more fully *infra*, EPPs' Class Notice Plan satisfies Federal Rule of Civil Procedure 23 and comports with due process. The Class Notice Plan is the best practicable under the circumstances. *See* Declaration of Gina Intrepido-Bowden Re: Proposed Plan for Class Notice on Behalf of End Payer Plaintiffs ("Intrepido-Bowden Decl."), ¶ 26. The Class Notice Plan is designed to effectively reach more than 70% of potential Class Members and provide Class Members with information in plain language in order for Class Members to understand their rights

---

[1]   *See* ECF No. 1931 ("Class Order"), affirmed by *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (*en banc)*. For convenience, the Cartwright Act class and 32 individual state classes certified by the Court are referred to herein as the "Class."

and options and be able to take next steps (*i.e.*, learn more, opt out, or ask questions). *Id.*

EPPs respectfully request that the Court enter the proposed Order Approving EPPs' Class Notice Plan (the "Class Notice Plan Order"), submitted herewith. The Class Notice Plan Order will, among other things, approve the proposed method for disseminating the notice to the Class (Intrepido-Bowden Decl.) and appoint JND, the well-respected and experienced settlement notice administrator as the notice administrator.

## II.     RELEVANT PROCEDURAL BACKGROUND

To properly understand the timing and context of the Class Notice Plan, it is important to review the procedural interaction between the Class Order and EPPs' partial settlement with Defendant Chicken of the Sea ("COSI"). *See* §§ (II)(A)-(B), *infra*. To assist the Court in evaluating the Class Notice Plan and the reasoning for combing the Class Notice Plan with the on-going COSI Settlement Notice, one needs to review the details, design, and Court approval of the robust and effective settlement notice plan (the "Settlement Notice Plan"). *See* §§ (II)(C)-(D), *infra*.

### A.    COSI Settlement and Class Certification

Before certifying the Class, the Court heard oral argument and expert testimony regarding class certification on January 14-16, 2019, and, shortly thereafter, EPPs and COSI began informal settlement talks. *See* Declaration of Betsy C. Manifold in Support of End Payer Plaintiffs' Motion for Approval of Class Notice Plan (the "Manifold Decl.") filed concurrently herewith, ¶ 3. After multiple exchanges over several months, including an all-day informal mediation, on April 25, 2019, COSI signed a memorandum of understanding ("MOU") agreeing to settle the EPPs' claims. *Id.* **After** the MOU was signed, on July 30, 2019, the Court certified EPPs' and the other Plaintiffs' classes. *See* Class Order.

On August 13, 2019, the Non-settling Defendants[2] filed a Rule 23(f) petition with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") seeking permission to appeal this Court's Class Order. *See Olean Wholesale Grocery Coop v. Bumble Bee Foods LLC*, No. 19-80108 (9th Cir. Aug. 13, 2019), ECF No. 1-3. On December 20, 2019, the Ninth Circuit granted the petition. *See* ECF No. 2248 ("Notice of Appeal"). Although EPPs finalized the COSI Settlement, ***just before*** the District Court issued its decision certifying the Class, preliminary approval of the partial COSI Settlement was delayed until January 26, 2022. ECF No. 2734 ("Preliminary Approval Order"). The delay was due, in part, to the Non-settling Defendants' appeal of the Court's Class Order. The appellate journey of the Class Order in the Ninth Circuit ended with an April 8, 2022 *en banc* decision upholding the Class Order. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); ECF No. 2828 ("Order re: Mandate").[3]

### B. Reasons for the Delay of COSI Settlement and Class Notice

While the aforementioned appellate process was on-going, EPPs drafted the form and content of the class notices and anticipated disseminating a notice that jointly notifies the Class of the Court's Class Order and of the COSI Settlement. *See* Joint Motion for Stipulation Holding Deadlines in Abeyance as to Tri-Union

---

[2] The Non-settling Defendants are StarKist Co. and its parent Dongwon Industries Co., Ltd. (collectively "StarKist") and various "Lion Capital" entities (*i.e.*, Lion Capital (Americas), Inc., Big Catch Cayman LP, and Lion Capital LLP).

[3] At the recent Mandate Hearing, the Non-settling Defendants expressed an intention to appeal the Ninth Circuit opinion to the Supreme Court. By letter dated June 27, 2022, the Supreme Court granted an application for an extension of time within which to file a petition for a writ of certiorari to and including August 8, 2022. *See Olean Wholesale Grocery Coop v. Bumble Bee Foods LLC*, No. 19-56514 (9th Cir. July 6, 2022).

Seafoods LLC and Thai Union Group PCL (ECF No. 1921). However, based on the status of the appeal, the Non-Settling Defendants objected to the Class Notice. ECF No. 2581, 2588. On May 11, 2021, the Court denied EPPs' motion for preliminary approval of the COSI Settlement (ECF No. 2552), including Class Notice, as premature given the pending appeal. ECF No. 2593.

After *en banc* review of the Class Order was granted, on November 10, 2021, the Court agreed to rule on the pending motions for preliminary approval and issued an Order Denying without Prejudice Class Plaintiffs' Motions for Preliminary Approval of the Settlements with Defendants Chicken of the Sea and Thai Union Group. ECF No. 2651 ("November 10, 2021 Order"). The Court in its November 10, 2021 Order invited class counsel to address concerns raised by the Court and to renew their respective motions. On December 1, 2021, EPPs filed a supplemental memorandum in support of their renewed motion and sought to provide notice to a Settlement Class to be certified by the Court. ECF No. 2673-1. On January 26, 2022, the Court granted EPPs' renewed motion for preliminary approval of the partial settlement. *See* Preliminary Approval Order.

### C. Robust and Effective Settlement Notice Plan

For the Settlement Notice Plan provider, as discussed above, EPPs retained JND, an experienced and well-respected claims administrator. JND administered a comprehensive and robust Settlement Notice Plan from February 17, 2022 through April 13, 2022 to alert Settlement Class Members of the COSI Settlement and will continue to handle class notice and claims administration. ECF No. 2827, ¶¶ 2-3, 6, 20, 29. The Settlement Notice Plan is substantially similar to the Class Notice Plan and consisted of digital placements with the leading digital network (Google Display Network or "GDN") and the top social media platform (Facebook); a print placement in a highly read consumer magazine (People); and audio placements through a top radio syndicator (iHeartMedia); digital "look-a-like" targeting on GDN, Facebook,

and Instagram; an internet search campaign; and the distribution of a national press release. *Id.*, ¶ 4. JND also established and has maintained a settlement website, mailing address, email, and toll-free telephone number. *Id.*, ¶ 5. The settlement website will be updated for the Class Notice Plan.

The Settlement Notice Plan exceeded expectations and reached over 85% of potential settlement class members. *Id.*, ¶ 30. As of July 15, 2022, the Settlement Notice Plan delivered 761 million digital media impressions. Manifold Decl., ¶ 10. The success of this Settlement Notice Plan is clear based on the over 703,000 unique visitors to the settlement website and 2.6 million page views. *Id.* The response of the Settlement Class is overwhelmingly positive, with 436,650 claims received and only one request for exclusion (107 known Direct Action Plaintiff entities). *Id.*

### D. Best Practicable Settlement Notice Was Provided

On July 15, 2022, the Court granted final approval of the COSI Settlement. *See* ECF No. 2871, 2872. The Court found that "the [JND] engaged in a notice plan with an appropriate depth of reach for a settlement class with tens of millions consumers. *See* ECF No. 2827, ¶ 6 (exceeding 85% goal); ECF No. 2871 at 2-3 (" . . . settlement class members received the best notice that is practicable in such a large consumer action."). The Court further determined that "due process was satisfied and the Notice Program provided adequate notice to settlement class members in a reasonable manner through all major and common forms of media." ECF No. 2871 at 15.

As part of the final approval process, the Court also approved a further distribution of $97,870 to cover a reminder media campaign as provided under the Settlement Notice Plan. ECF No. 2872 at 4. The Court also approved Class Counsel's request that the proposed follow up campaign be delayed in order for Class Counsel to submit this Class Notice Plan in order to combine media efforts. *Id.* at 8. Combining the follow up media campaign under the Court-approved

1 Settlement Notice Plan and the Class Notice Plan permits a more cost effective
2 notice program and allows EPPs to build upon the successful media campaign
3 undertaken to date.

## III. LEGAL STANDARD

After a court certifies a class under Federal Rule of Civil Procedure 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely identify:

>   (i)   the nature of the action;
>   (ii)  the definition of the class certified;
>   (iii) the class claims, issues, or defenses;
>   (iv)  that a class member may enter an appearance through an attorney if the member so desires;
>   (v)   that the court will exclude from the class any member who requests exclusion;
>   (vi)  the time and manner for requesting exclusion; and
>   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* Class notice must afford potential class members the ability to "make an informed decision about their participation [in the litigation]." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 at 289 (2004) ("Manual").

To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). There is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather "individual notice must be provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974); *see also* Manual § 21.311 n.882.

## IV. ARGUMENT

### A. The Court Should Appoint JND as Class Notice Administrator

EPPs propose JND as the administrator for the Class Notice Plan. As discussed above, JND, a nationally recognized notice and claims administration firm, successfully conducted a robust court-approved Settlement Notice Plan in this litigation which exceeded expectations. *See* §§ (II)(C)-(D), *supra*. JND is well-qualified to perform the tasks associated with administering the notice procedures outlined in the Class Notice Plan. EPPs respectfully request that JND be appointed as the notice administrator.

### B. The Proposed Method of Class Notice Satisfies Rule 23 and Due Process and Should be Approved

When evaluating the adequacy of class notice, a court should look to its reasonableness. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (concluding that the appropriate question remains "what notice is reasonably certain to inform the absent members of the plaintiff class," and the appropriate standard is the "best notice practicable") (internal citation and quotations omitted). As courts have explained, Rule 23 requires only the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017), *cert. denied sub nom. ConAgra Brands, Inc. v. Briseno*, 138 S. Ct. 313 (2017) (citing Fed. R. Civ. P. 23(c)(2)(B)); *see also Bruno v. Quten Research Inst., LLC*, No. SACV 11-00173 DOC (Ex), 2012 U.S. Dist. LEXIS 196467, at *4 (C.D. Cal. July 16, 2012) ("Notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice."). Likewise, due process does not require actual, individual notice in all cases. *Briseno*, 844 F.3d at 1129. Courts have routinely permitted alternative means such as notice through third parties, paid advertising, posting in places frequented

1 by class members, and notice by publication in a periodical or on a website, all
2 without offending due process. *Id.* (citations omitted).

3 EPPs' Class Notice Plan meets these standards. Here, the combined Class
4 exceeds 100 million Class Members located throughout the United States and Guam.
5 Due to the sheer multitude of Class Members, EPPs' proposed method of providing
6 notice to the Class (described in detail below) is adequate and reasonable under the
7 circumstances. A substantially similar proposed method of notice dissemination was
8 also approved by the Court in the COSI Settlement. *See* ECF No. 2871.

### 1. Plan Delivery Estimated to Reach Over 70%

JND designed a Class Notice Plan that is estimated to reach over 70% of potential Class Members via digital placements with the leading digital GDN and two of the top social media platforms (Facebook and Instagram). Intrepido-Bowden Decl., ¶¶ 8, 9-13. Additional efforts include a direct notice update to all COSI Settlement claimants, an internet search campaign, the distribution of a national press release in English and Spanish, and a digital re-targeting and programmatic effort. *Id*. These additional efforts will extend reach beyond 70%. *Id*. Based on JND's analysis, the proposed media effort will broadly target adults 18 years of age or older ("Adults 18+"), with a portion of their efforts allocated to Spanish speakers. *Id*., ¶¶ 10-12. In terms of media usage, MRI data indicates that Canned Tuna Purchasers are active internet users: 94% are on the internet in a 30-day period; 83% use their cellphone or smartphone to access the internet; 65% visit Facebook; and 35% visit Instagram in a 30-day period. *Id*., ¶13.

This Class Notice Plan includes direct notice to COSI Settlement Claimants. JND will send an updated notice to all COSI Settlement Claimants to alert them to the class litigation and their option to remain in the Class and receive their COSI Settlement payments or opt out of the Class and withdraw their COSI Settlement Claim. Intrepido-Bowden Decl., ¶¶ 8, 17(a).

JND identifies the media campaign elements of the Class Notice Plan as "Digital Effort", "Internet Search Campaign", "Press Release", "Digital 'Retargeting' Efforts", and "Programmatic Digital Buy". Intrepido-Bowden Decl., ¶¶ 14-17. The Digital Effort alone includes over 399 million impressions distributed over 10 weeks across all devices (desktop, laptop, tablet and mobile), with an emphasis on mobile.[4] *Id.*, ¶ 15. Activity is served over GDN, a vast network that reaches over 90% of internet users, and Facebook and Instagram, two popular social media platforms. *Id.* The programmatic digital buy will deliver 500,000 impressions to a qualified niche group of Adults 18+ who have likely purchased canned tuna. *Id.*, ¶ 17(d).

**2. Notice Design and Content Complies with Rule 23**

The notice documents have been written in plain language. Intrepido-Bowden Decl, Ex. B, C, D. The notices contain clear and understandable summaries of the litigation and the options that are available to Class Members. *Id.* Additionally, the notice documents provide instructions on how to obtain more information about the litigation.[5] *Id.*

Courts have repeatedly held that notice plans with similar reach satisfy Rule

---

[4] Digital ads include an embedded link to the case website, where Class Members can get more information. *Id.*, ¶ 16. JNB will also update and maintain the case website (www.tunaendpurchasersettlement.com). The case website is optimized for mobile visitors so that information loads quickly on mobile devices and is designed to maximize search engine optimization through Google and other search engines. *Id.*, ¶ 18. The case website is ADA-complaint. *Id.* JNB will also maintain a toll-free number and P.O. Box for opt-outs and inquires. *Id.*, ¶¶ 21, 22.

[5] To the extent that some Class Members may speak Spanish as their primary language, the printed notice documents include a subheading in Spanish directing Spanish-speaking Class Members to visit the case website or call the toll-free number for a Spanish language notice

23(c)(2)(B). *See Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 U.S. Dist. LEXIS 60182, at *11, 24 (S.D. Cal. Jan. 7, 2013) (approving notice plan designed to reach at least 70% of class members); *Chinitz v. Intero Real Estate Servs.*, No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999, at *2 (N.D. Cal. Dec. 1, 2020) (same). "The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable." *Chinitz* at *5 (citing Fed. Jud. Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010)).[6] District courts have "'broad power and discretion vested in them by [Rule 23]' in determining the parameters of appropriate class notice." *Id.* (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979)).

Based on their knowledge and expertise, JND believes that the Class Notice Plan is the best practicable under the circumstances. Intrepido-Bowden Decl., ¶ 26. The Class Notice Plan is designed to effectively reach more than 70% of potential Class Members and provide them with information to understand their rights and options and the ability to learn next steps (learn more, opt out, or ask questions). *Id. See Ross v. Trex Co.,* No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081, at *6 (N.D. Cal. Mar. 4, 2013) ("Due Process does not entitle a class member to 'actual notice' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard.") (citing *Silber*, 18 F.3d at 1453-54).

## V. CONCLUSION

EPPs' Class Notice Plan fully comports with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process because it constitutes the best notice practicable under the circumstances. Based on the foregoing, EPPs respectfully request that this Court: (i) appoint JND as the notice administrator; (ii) approve the

---

[6] *See* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

Class Notice Plan; (iii) set a deadline for opt-outs; and (iv) approve the form and content of the Class Notice.

Finally, EPPs respectfully request that the Court approve the following schedule for Class Notice as set forth in the Class Notice Plan Order:

| | |
|---|---|
| Deadline to update website/toll-free number | 14 Days after Approval Order (September 9, 2022*) |
| Deadline to launch Media Campaign | 16 Days after Approval Order (September 11, 2022*) |
| Deadline for completion of Class Notice Plan | 86 Days after Approval Order (10 week media campaign) (November 20, 2022*) |
| Deadline for filing of affidavit attesting that Class Notice was disseminated as ordered | 107 Days after Approval Order (December 11, 2022*) |
| Deadline for Class members to opt out of the Class | 121 Days after Approval Order (December 25, 2023*) |
| Deadline for Plaintiffs to submit Proposed Order re: due process and exclusions | 135 Days after Approval Order (January 8, 2023*) |

*Assuming Approval Order Signed August 26, 2022

Dated:  July 29, 2022                Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/*s/ Betsy C. Manifold*
BETSY C. MANIFOLD

```
 1                                    BETSY C. MANIFOLD
                                      RACHELE R. BYRD
 2                                    ALEX J. TRAMONTANO
                                      750 B Street, Suite 1820
 3                                    San Diego, CA 92101
                                      Telephone: 619/239-4599
 4                                    Facsimile: 619/234-4599
                                      manifold@whafh.com
 5                                    byrd@whafh.com
                                      tramontano@whafh.com
 6
 7                                    WOLF HALDENSTEIN ADLER
                                        FREEMAN & HERZ LLP
 8                                    THOMAS H. BURT
                                      270 Madison Avenue
 9                                    New York, New York 10016
                                      Telephone: 212/545-4600
10                                    Facsimile: 212/545-4653
                                      burt@whafh.com
11
12                                    WOLF HALDENSTEIN ADLER
                                        FREEMAN & HERZ LLC
13                                    CARL MALMSTROM
                                      111 West Jackson, Suite 1700
14                                    Chicago, IL 60604
                                      Telephone:  312/984-0000
15                                    Facsimile:  312/212-4401
                                      malmstrom@whafh.com
16
17                                    Class Counsel for the End Payer Plaintiffs
18
19
20
21
22
23
24
25
26
27
28   TUNA:28557
```

- 12 -

Case No. 15-MD-2670 DMS (MDD)