# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 15-MD-2670 DMS (MDD) |
| | **DECLARATION OF GINA M. INTREPIDO-BOWDEN RE: PROPOSED PLAN FOR CLASS NOTICE ON BEHALF OF END PAYER PLAINTIFFS** |
| This document relates to: The Indirect Purchaser End Payer Actions | |

I, Gina M. Intrepido-Bowden, declare and state as follows:

1.     I am a Vice President at JND Legal Administration LLC ("JND").  I previously submitted a Declaration regarding COSI Settlement Costs on the Behalf of End Payer Plaintiffs ("EPPs"), dated May 24, 2022; a Declaration regarding the Implementation of COSI Settlement Notice on Behalf of EPPs, dated May 9, 2022; and a Declaration regarding the Claim Process, dated December 1, 2021.  ECF No. 2845-2, 2827 and 2673-9, respectively.  JND's Chief Executive Officer ("CEO"), Jennifer M. Keough, previously submitted a Declaration regarding the Proposed Plan for COSI Settlement Notice on Behalf of EPPs, dated April 9, 2021.  ECF No. 2552-6.   JND's background and experience was included in the Keough Declaration.

2.     On July 15, 2022, this Court granted final approval of the COSI Settlement.  ECF No. 2871.  The Court concurrently granted the EPPs' motion for costs in conjunction with the COSI Settlement and directed EPPs to submit a proposed plan for dissemination of class notice to the certified EPP Class.[1]  ECF No. 2872 at 8.

3.     I submit this Declaration based on my personal knowledge, as well as upon information provided to me by experienced JND employees and counsel for the Plaintiffs, to describe the proposed Class Notice Program for the EPPs and address why it is consistent with other class notice plans that courts have determined satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and any other

---

[1] For convenience, the Cartwright Act class and thirty-two individual state classes certified by the Court are referred to herein as the "Class."

applicable statute, law or rule, as well as the Federal Judicial Center ("FJC") guidelines for best practicable due process notice.

## **NOTICE PLAN OVERVIEW**

4.     We have been asked by Class Counsel to prepare a Notice Plan to reach Class Members and inform them about their rights and options in the on-going EPP litigation.

5.     The Class includes:

> all persons and entities who *resided* in Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin, who indirectly purchased Packaged Tuna in cans or pouches smaller than forty ounces for end consumption and not for resale, produced by Defendants or any current or former subsidiary or affiliate thereof, or any co-conspirator during the period from June 1, 2011 to July 1, 2015 (the "Class Period").[2]

6.     Given that the Class Period ended over five years ago, Class Members may reside outside of the affected areas today.

7.     The objective of the Class Notice Plan is to provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs. The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* ("FJC Checklist") considers a notice plan with a high reach (above 70%) effective.

8.     JND designed a Notice Plan that is estimated to reach over 70% of potential Class Members via digital placements with the leading digital network

---

[2] Defendants include Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI"), StarKist Company and its parent company, Dongwon Industries Co. Ltd (collectively "StarKist") and Bumble Bee Foods, LLC and its parent companies Lion Capital (Americas), Inc. (collectively "Bumble Bee").

(Google Display Network = "GDN") and two of the top social media platforms (Facebook and Instagram).  Additional efforts include a direct notice update to all COSI Settlement claimants, an internet search campaign, the distribution of a national press release in English and Spanish, and a digital re-targeting and programmatic effort.  These additional efforts will extend reach beyond 70%.

## RESEARCH TOOLS

9.     When designing our Notice Plan, JND utilized reputable advertising media research tools to ensure that the best media is selected and that our reach calculations can withstand the most critical review and challenge.  Reach refers to the percentage of a specific population group exposed to a media vehicle or a combination of media vehicles containing a notice at least once over the course of a campaign.  Reach factors out duplication, representing total different/net persons.  The media research tools we utilized in our analysis and will use to implement our Notice Plan include:

   a. **MRI | Simmons ("MRI")**:  JND uses MRI data to analyze the demographics and media usage of potential Class Members.  MRI is a nationally accredited research firm that provides consumer demographics, product and brand usage, and audience/exposure in all forms of advertising media.  MRI is the leading producer of media and consumer research in the United States.

   b. **Comscore, Inc. ("Comscore")**:  JND uses Comscore data to not only analyze where potential Class Members are on the internet, but more importantly, for calculating the reach of our proposed digital effort.  Comscore's multi-reach platform allows us to analyze unduplicated audiences across desktop, smartphone, and tablet devices.  We are able to access the

efficiency and effectiveness of our proposed media plans by reducing waste and improving campaign performance across all devices.

c. **Google Active View**:   At the time of implementation, our digital media placement experts will take the necessary steps to ensure that all notice placements appear exactly as planned, meeting our high standards of quality and positioning. Verification and monitoring will be used to enhance the digital buy.  For instance, Google Active View, which is accredited by the Media Rating Council (MRC), will be used to measure viewable impressions across the web and in apps.   Google Active View supports the Interactive Advertising Bureau (IAB) and MRC definition of viewability — a minimum of 50% of the ad is in view for a minimum of one second for display ads or two consecutive seconds for video ads.   In addition, over a hundred complex algorithms will be used to spot bad traffic to prevent invalid clicks, impressions, views, or interactions.

d. **Trust Metrics**:   In addition to Google Active View, Trust Metrics third-party brand safety partner will be used during implementation to ensure that our banner impressions are not served to poor quality sites.  This will be done by creating a "blacklist" or a list of sites that we have deemed unsafe.  These sites will be blocked during implementation based on brand safety parameters such as site content, keywords, etc. "Blacklisting" ensures that our campaign will be served on brand safe websites.

5

## TARGET ANALYSIS

10.  Using MRI's 2021 Doublebase study, JND analyzed the demographics and media usage of adults eighteen years or older in the U.S. (Adults 18+) who purchased any canned tuna in the last six months (Canned Tuna Purchasers), because this measurable target best represents potential Class Members.

11.  MRI data indicates that most Canned Tuna Purchaser are: 25 years of age or older (90%); White (75%); from middle- and lower-income households (64% have a household income of less than $100K); and educated largely at a high school level (59% have no college degree).  Additionally, compared to the general Adult 18+ population, Canned Tuna Purchasers are: 13% more likely to be 65 years of age or older; 13% more likely to be Spanish, Hispanic, or Latino; 4% *less likely* to be Black/African American; and 22% *less likely* to be Asian.

12.  Based on our analysis, our media effort will broadly target adults 18 years of age or older ("Adults 18+"), with a portion of our efforts allocated to Spanish speakers.

13.  In terms of media usage, MRI data indicates that Canned Tuna Purchasers are active internet users: 94% are on the internet in a 30-day period; 83% use their cellphone or smartphone to access the internet; 65% visit Facebook; and 35% visit Instagram in a 30-day period.

## NOTICE PLAN DETAILS

14.  Each element of the Notice Plan is explained in detail below.

15.  **Digital Effort**:  The digital effort includes over 399 million impressions distributed over 10 weeks across all devices (desktop, laptop, tablet, and mobile), with an emphasis on mobile.  Activity will be served over GDN, a vast network that reaches over 90% of internet users, and Facebook and Instagram, two popular social media platforms.  Efforts will target Adults 18+ in the U.S. and

Guam with a portion of impressions allocated to Spanish-language digital ads, which will be served to Spanish-language sites on GDN and to Spanish-language accounts on Facebook and Instagram. A portion of the GDN impressions will also be allocated to a custom affinity audience of users who are actively searching for tuna products, as well as users who seek out class action lawsuits. A portion of the Facebook and Instagram impressions will be allocated to users who expressed interest in or liked pages like BJ's, Costco, Walmart, Shoprite, etc.

16. The digital ads, attached as <u>Exhibit A</u>, will include an embedded link to the case website, where Class Members can get more information about the litigation.

17. **Additional Efforts**: When designing notice programs, one of the goals is to build a program that will capture the attention of news organizations that will write articles/post about the class action and/or settlement and advise people where to find notice. Another goal is to have the case information go "viral" so that it is shared digitally. To assist in getting "word of mouth" out about the litigation, JND's Notice Plan includes a direct notice effort to COSI Settlement claimants, an internet search campaign, the distribution of a national press release in English and Spanish, and a digital re-targeting and programmatic effort. These efforts will extend reach beyond 70%.

      a. **Updated Notice to COSI Settlement Claimants:** JND will send an updated notice to all COSI Settlement claimants to alert them of the class litigation and their option to either remain in the Class and receive their COSI Settlement payment or opt out of the Class and withdraw their COSI Settlement claim. A Claimant Email Notice will be sent to all COSI Settlement claimants for whom a valid email address is available, and a Claimant Postcard Notice will be sent to those COSI Settlement

Claimants for whom a valid email address is not available. The Claimant Notice, which will be formatted as an email and postcard, is attached as <u>Exhibit B</u>.

b. **Internet Search Campaign:** Web browsers frequently default to a search engine page, making search engines a common source to get to a specific website (i.e., as opposed to typing the desired URL in the navigation bar). When purchased keywords related to this case are searched, a paid ad with a hyperlink to the case website may appear on the search engine results page. The campaign will be monitored and optimized so that efforts are concentrated on those words/phrases delivering the most success.

c. **Press Release:** At the launch of the notice campaign, a press release, attached as <u>Exhibit C</u>, will be distributed over 15,000 media outlets (English and Spanish) nationwide. The press release will assist in getting "word of mouth" out about the litigation.

d. **Digital "Re-targeting" Effort:** The digital "re-targeting" effort will include banner ads delivered across GDN, Facebook, and Instagram. Audience data from the COSI Settlement digital effort will be used to retarget individuals who visited the case site but did not submit a claim. A total of five million impressions will be delivered through these efforts.

e. **Programmatic Digital Buy:** The programmatic digital buy will deliver 500,000 impressions to a qualified niche group of adults 18 years of age or older (Adults 18+) who have likely purchased canned tuna.

18.   **Case Website**:   JND will update and maintain the case website, www.tunaendpurchasersettlement.com.  The case website has an easy-to-navigate design and is formatted to emphasize important information and deadlines.  It contains, among other things, information about the ongoing litigation, a Frequently Asked Questions section, a list of Important Dates and Important Documents, the ability to download a Long Form Notice, attached as <u>Exhibit D</u>, and information about how Class Members can access the toll-free telephone number.

19.   The case website was optimized for mobile visitors so that information loads quickly on mobile devices.  It was also designed to maximize search engine optimization through Google and other search engines.  Keywords and natural language search terms were included in the site's metadata in order to maximize search engine rankings.  The case website is ADA-complaint.

20.   The case website address will be prominently displayed in all printed notice materials and accessible through a hyperlink embedded in the digital notices.

21.   **Toll-Free Number**:   JND will update and maintain the 24-hour, toll-free telephone line, 866-615-0977, where callers may obtain additional information about the case.  The toll-free number will be prominently displayed in all printed notice materials.

22.   **Post Office Box**:   JND will continue to maintain the United States Post Office Box for Class Members to submit letters, inquiries, and opt-out requests.

## **PLAN DELIVERY**

23.   To calculate reach, JND used a Comscore reach and frequency platform.  According to this reputable media reach platform, the proposed Notice Plan will reach more than 70% of likely Class Members.  Reach will be further extended by the direct notice effort to COSI Settlement claimants, the internet search campaign, the distribution of a national press release in English and Spanish, and the

digital re-targeting and programmatic effort. The provided reach exceeds that of other court-approved programs and meets the standard set forth by the FJC.

### **NOTICE DESIGN AND CONTENT**

24. All notice documents have been written in plain language and comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the FJC's guidelines for class action notices. Each of the notice documents contain summaries of the litigation and the options that are available to Class Members. Additionally, the notice documents provide instructions on how to obtain more information about the litigation.

25. To the extent that some Class Members may speak Spanish as their primary language, the printed notice documents include a subheading in Spanish directing Spanish-speaking Class Members to visit the case website or call the toll-free-number for a Spanish-language notice. In addition, the digital notices and the press release will both be translated into Spanish.

### **CONCLUSION**

26. In my opinion, the Notice Plan as described herein provides the best notice practicable under the circumstances and is consistent with, and exceeds, other similar court-approved best notice practicable notice programs, Rule 23 of the Federal Rules of Civil Procedure, and the FJC's guidelines for Best Practicable Due Process notice. It meets due process and Rule 23 requirements to apprise Class Members of the litigation. The Notice Plan is designed to effectively reach more than 70% of potential Class Members and provide them with information to understand their rights and options, as well as the ability to take next steps to learn more about the litigation.

27. If requested and helpful to the Court's considerations, I also am available to answer questions that the Court may have about JND, the Notice Plan, and the conclusions reached in my declaration.

10

Intrepido-Bowden Decl.                                    No. 15-MD-2670 DMS (MDD)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the 29th day of July 2022, at Philadelphia, Pennsylvania.

_____
Gina M. Intrepido-Bowden

# **TABLE OF EXHIBITS**

Exhibit A: Digital Ads…………………………………………………………..13

Exhibit B: The Claimant Notice……………………………………………....17

Exhibit C: Press Release……………………………………………………....20

Exhibit D: Long Form Notice………………………………………………....23

No. 15-MD-2670 DMS (MDD)

# **TABLE OF EXHIBITS**

Exhibit A: Digital Ads……………………………………………………..13

Exhibit B: The Claimant Notice………………………………………....17

Exhibit C: Press Release……………………………………………....20

Exhibit D: Long Form Notice…………………………………………...23

No. 15-MD-2670 DMS (MDD)

- EXHIBIT A -

**728 x 90**



**160 x 600**



**300 x 250**



**320 x 50**

**Mobile News Feed**



**Mobile News Feed**



- EXHIBIT B -

**UPDATE regarding the pending EPP Packaged Tuna class action lawsuit and the COSI Settlement.
The deadline to act is Month x, 2022.**

Records indicate that you filed a claim *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).  This notice is to provide you with an update regarding:

1.  The pending class action lawsuit against StarKist Co. and its parent company, Dongwon Industries Co. Ltd (collectively "StarKist") and Bumble Bee Foods, LLC ("Bumble Bee") and Lion Capital (Americas), Inc. ("Lion America") (collectively the "Non-Settling Defendants"); and

2.  The COSI Settlement with Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI" or the "Settling Defendants"), for which you filed a claim.

The lawsuit claims are that the Non-Settling Defendants and Settling Defendants (collectively the "Defendants") participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

On July 30, 2019, the District Court certified a class of all persons and entities who reside in the states of Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin (referred to as the "End Payer Plaintiffs" or "EPPs") who indirectly purchased Chicken of the Sea, StarKist, or Bumble Bee tuna in cans or pouches smaller than 40 ounces ("Packaged Tuna") from June 1, 2011 through July 1, 2015 for their own consumption (the "Class").

On April 8, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's order certifying the Class. On June 23, 2022, StarKist submitted an application to the United States Supreme Court to extend StarKist's deadline to file a petition to appeal the Ninth Circuit's decision.  On June 27, 2022, the Supreme Court extended StarKist's deadline to August 8, 2022.  StarKist has notified the EPPs of its intent to file a timely appeal.  The Supreme Court may agree to hear the appeal and may amend the Class Order.  **Please check www.TunaEndPurchaserSettlement.com for further developments.**

**<u>Your Options:</u>**

1.  ***Do nothing and receive your payment in the COSI Settlement***.  If you do nothing, you will stay in the Class and receive your payment in the COSI Settlement, as well as any payment that could result from the pending litigation, assuming your claim is determined to be valid.  Payments will be distributed AFTER the litigation with Non-Settling Defendants is resolved.  Please be patient.  You will give up your right to sue or continue to sue all Defendants (not just COSI) for the claims in this case.

2.  ***Ask to exclude yourself (opt out) from the Class and withdraw your claim in the COSI Settlement.***  If you ask to be excluded, you will remove yourself from the Class.  You will keep your right to sue or continue to sue the Defendants for the claims in this case.  You will receive no payment from the COSI Settlement or any payment that could result from the pending litigation.  You must contact the Claims Administrator to withdraw your COSI Settlement claim.

The deadline to exclude yourself from the Class and withdraw your claim in the COSI Settlement is **Month x, 2022**. Go to www.TunaEndPurchaserSettlement.com for information on how to exclude yourself from the Class.

If your mailing address or email address has changed since you filed your claim, please send your update to the Claims Administrator by mail or email to ensure that you receive any communications about your claim.

No trial date for the pending litigation has been set. The Court appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel on behalf of the End Payer Plaintiffs and Class Members. At trial, Class Counsel will present the case for the EPPs, and lawyers for the Non-Settling Defendants will present on their behalf. However, you or your own lawyer are welcome to come at your own expense.

**Questions?** Visit www.TunaEndPurchaserSettlement.com, write Tuna End Purchaser Settlement, c/o JND Legal Administration, P.O. Box 91442**,** Seattle, WA 98111, email info@TunaEndPurchaserSettlement.com, or call toll-free 1-866-615-0977.

**PLEASE DO NOT CONTACT THE COURT.**

- EXHIBIT C -

**If you bought Canned or Pouched Tuna between June 1, 2011 and July 1, 2015, your rights are affected by a class action lawsuit and settlement**

**This notice provides an UPDATE about the pending class action lawsuit and the COSI Settlement. The deadline to act is Month x, 2022.**

Seattle / <mark>Month x</mark>, 2022 / PRNewswire/ -- JND Legal Administration

A lawsuit is pending in the United States District Court for the Southern District of California. The lawsuit is known as *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD). The lawsuit claims that from June 1, 2011 to July 1, 2015, Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI"), StarKist Co. and its parent company, Dongwon Industries Co. Ltd (collectively "StarKist") and Bumble Bee Foods, LLC ("Bumble Bee") and Lion Capital (Americas), Inc. ("Lion America") participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

**Who is affected?**  On July 30, 2019, the District Court certified a class of all persons and entities who reside in the states of Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin (referred to as the "End Payer Plaintiffs" or "EPPs") who indirectly purchased Chicken of the Sea, StarKist, or Bumble Bee tuna in cans or pouches smaller than 40 ounces ("Packaged Tuna") from June 1, 2011 through July 1, 2015 for their own consumption (the "Class").  On April 8, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's order certifying the Class.  On June 27, 2022, the United States Supreme Court extended StarKist's deadline to file a petition to appeal the Ninth Circuit's decision to August 8, 2022.  The United States Supreme Court may or may not grant StarKist's petition.  If the United States Supreme Court agrees to hear StarKist's appeal, then it may impact the Class Order.  **Please check www.TunaEndPurchaserSettlement.com for further developments.**

**What happens next?**  The Court has not decided whether Defendants did anything wrong.  Defendants deny the EPPs' allegations and have asserted defenses to the EPPs' claims. COSI settled with the EPPs to avoid litigation risks, costs, and inconvenience.  Notice about the COSI Settlement was already issued; however, the **COSI Settlement claims deadline has been extended until Month x, 2022**.  The litigation is continuing with StarKist and Lion America (the "Non-Settling Defendants").  No trial date for the litigation has been set.  The Court appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel on behalf of the End Payer Plaintiffs and Class Members.  At trial, Class Counsel will present the case for the EPPs, and lawyers for the Non-Settling Defendants will present on their behalf.  However, you or your own lawyer are welcome to come at your own expense.

**What are my options?**  You can do nothing, ask to exclude yourself (opt out) of the Class, or file a claim in the COSI Settlement.  If you do nothing, you will stay in the Class and await the outcome. You will give up your right to sue or continue to sue the Defendants for the claims in this case. Unless you file a claim, you will receive no payment in the COSI Settlement.  If you ask to be excluded, you will remove yourself from the Class.  You will keep your right to sure or continue to sue the Defendants for the claims in this case.  You will receive no payment.  If you already filed a claim in the COSI Settlement and you would now like to opt out of the Class, you must contact the Claims Administrator to withdraw your COSI Settlement claim.  If you file a claim in the COSI Settlement, you will be bound by the COSI Settlement and you will give up your right to sue or continue to sue COSI for the claims in this case.  Payments for the COSI Settlement will be made AFTER the litigation with Non-Settling Defendants is resolved.  Please be patient.

The deadine to exclude yourself from the Class or file a claim in the COSI Settlement is **Month x, 2022**.  Go to www.TunaEndPurchaserSettlement.com for information on how to exclude yourself from the Class or submit a claim in the COSI Settlement.

**Questions?**  Visit www.TunaEndPurchaserSettlement.com, write Tuna End Purchaser Settlement, c/o JND Legal Administration, P.O. Box 91442**,** Seattle, WA 98111, email info@TunaEndPurchaserSettlement.com, or call toll-free 1-866-615-0977.

**PLEASE DO NOT CONTACT THE COURT.**

- EXHIBIT D -

# If you bought Canned or Pouched Tuna between June 1, 2011 and July 1, 2015, your rights are affected by a class action lawsuit and settlement

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Para una notificación en español, visite www.TunaEndPurchaserSettlement.com o llame 1-866-615-0977.*

**This notice provides an update about the pending class action lawsuit and the COSI Settlement. The deadline to act is Month x, 2022.**

- A lawsuit is pending in the United States District Court for the Southern District of California. The lawsuit is known as *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).

- The lawsuit claims that from June 1, 2011 to July 1, 2015, Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI"), StarKist Co. and its parent company, Dongwon Industries Co. Ltd (collectively "StarKist") and Bumble Bee Foods, LLC ("Bumble Bee") and Lion Capital (Americas), Inc. ("Lion America") participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

- On July 30, 2019, the District Court certified a class of all persons and entities who reside in the states of Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (referred to as the End Payer Plaintiffs or EPPs) who *indirectly* purchased Chicken of the Sea, StarKist, or Bumble Bee tuna in cans or pouches smaller than 40 ounces ("Packaged Tuna") from June 1, 2011 through July 1, 2015 for their own consumption (the "Class"). On April 8, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's order certifying the Class. On June 27, 2022, the United States Supreme Court extended StarKist's deadline to file a petition to appeal the Ninth Circuit's decision to August 8, 2022. The United States Supreme Court may or may not grant StarKist's petition. If the United States Supreme Court agrees to hear StarKist's appeal, then it may impact the Class Order. **Please check www.TunaEndPurchaserSettlement.com for further developments.**

- The Court has not decided whether Defendants' alleged wrongdoing had any impact on the EPPs. Defendants deny the EPPs' allegations and have asserted defenses to the EPPs' claims. COSI settled with the EPPs to avoid litigation risks, costs, and inconvenience. Notice about the COSI Settlement was already issued; however, **the COSI Settlement claims deadline has been extended until Month x, 2022.** The litigation is continuing with StarKist and Lion America (the "Non-Settling Defendants"). No trial date has been set.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

20

| YOUR LEGAL RIGHTS AND OPTIONS IN THE PENDING CLASS ACTION LITIGATION | | |
|---|---|---|
| **DO NOTHING** | <ul><li>Stay in the Class and await the outcome</li><li>Give up your right to sue or continue to sue the Defendants for the claims in this case</li><li>Receive no payment from the COSI Settlement</li></ul> | |
| **ASK TO BE EXCLUDED ("OPT OUT")** | <ul><li>Remove yourself from the Class</li><li>Keep your right to sue or continue to sue the Defendants for the claims in this case</li><li>Receive no payment</li><li>**Please contact the Claims Administrator if you would like to withdraw your COSI Settlement claim so that you may opt out of the Class**</li></ul> | Postmarked by **Month x, 2022** |
| CLAIMS FILING EXTENSION FOR THE COSI SETTLEMENT | | |
| **FILE A CLAIM IN THE COSI SETTLEMENT** | <ul><li>File a claim for payment in the COSI Settlement online or by mail</li><li>Be bound by the COSI Settlement only</li><li>Give up your right to sue or continue to sue COSI for the claims in this case</li><li>**Payments will be made AFTER the litigation with the Non-Settling Defendants is resolved. Please be patient.**</li></ul> | **EXTENDED DEADINE**: Submit online or postmark by **Month x, 2022** |
| | | |

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice. The deadlines may be moved, canceled, or otherwise modified, so please check the Case Website, www.TunaEndPurchaserSettlement.com regularly for updates and further details.

# <u>What this Notice Contains</u>

**Basic Information** ....................................................................................................................**4**

   1.  Why is there a notice? ..........................................................................................4

   2.  What is a class action and who is involved? ........................................................4

   3.  Why is this lawsuit a class action? ......................................................................4

**Who is Affected?** ......................................................................................................................**5**

   4.  Am I part of the Class? ........................................................................................5

   5.  What if I am still not sure if I'm included? ..........................**Error! Bookmark not defined.**

**The Claims in the Lawsuit** ........................................................................................................**5**

   6.  What is the lawsuit about? ..............................................**Error! Bookmark not defined.**

   7.  How do Defendants respond? ..............................................................................5

   8.  Has the Court decided who is right? .....................................................................6

   9.  What are the EPPs asking for? ..............................................................................6

   10.  Is there money available now? ...........................................................................6

**Excluding Yourself from the Class** ..........................................................................................**7**

   11.  What does it mean if I exclude myself from the Class? .......................................7

   12.  If I don't exclude myself from the Class, can I sue Defendants for the same thing later? ........................7

   13.  What am I giving up by staying in the Class? .....................................................7

   14.  How do I exclude myself from the Class? ..........................................................7

   15.  What if I already filed a claim in the COSI Settlement? ....................................8

**The Lawyers Representing You** ...............................................................................................**8**

   16.  Do I have a lawyer in this case? .........................................................................8

   17.  How will the lawyers be paid? ...........................................................................8

**The Trial** ..................................................................................................................................**8**

   18.  How and when will the Court decide who is right? ............................................8

   19.  Do I have to come to the trial? ...........................................................................8

   20.  Will I get money after the trial? .........................................................................9

**If You Do Nothing** ...................................................................................................................**9**

   21.  What happens if I do nothing at all? ...................................................................9

**Getting More Information** ........................................................................................................**9**

   22.  How do I get more information about the case? ..................................................9

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

# Basic Information

### 1. Why is there a notice?

This notice is to inform you that the District Court has allowed (or "certified") a class action lawsuit that may affect you. You may be part of a class action lawsuit if you purchased Canned or Pouched Packaged Tuna between June 1, 2011 and July 1, 2015. If you are a Class Member, you have legal rights and options you may exercise before the Court holds a trial on Month x, 2022. At the trial, the Court will decide whether the allegations against Defendants on your behalf (as a member of a certified class) are proven to be true. The trial will be held in the United States District Court for the Southern District of California. The lawsuit is known as *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).

Those who sued are called the End Payer Plaintiffs or EPPs. The companies they sued are called the Defendants. The Defendants include Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI"), StarKist Company and its parent company, Dongwon Industries Co. Ltd (collectively "StarKist") and Bumble Bee Foods, LLC ("Bumble Bee") and its parent companies Lion Capital (Americas), Inc. ("Lion America").

The EPPs have already reached a settlement with COSI (the "Settling Defendants") and notice has already been issued (the "COSI Settlement"). **The claims deadline for the COSI Settlement has been extended until Month x, 2022**. The class action against StarKist and Lion America ("Non-Settling Defendants") will continue. Bumble Bee is in bankruptcy.

This notice explains the lawsuit, certification of a Class by the Court, and your legal rights and options.

### 2. What is a class action and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class ("opt out").

### 3. Why is this lawsuit a class action?

The District Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are factual and legal questions that are common to each of the members of the Class;

- The EPPs' claims are typical of the claims of the rest of the Class;

- The EPPs and the lawyers representing the Class will fairly and adequately represent the Class interests;

- The common legal questions and facts predominate over questions that affect only individuals; and

- This class action will be more efficient than having many individual lawsuits.

4

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

23

# Who is Affected?

**4.   Am I part of the Class?**

The Class includes all persons and entities who *resided* in Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin, who indirectly purchased Packaged Tuna in cans or pouches smaller than forty ounces for end consumption and not for resale, produced by any Defendant or any current or former subsidiary or affiliate thereof, or any co-conspirator during the period from June 1, 2011 to July 1, 2015 (the "Class Period").

The Class excludes purchases of meal kits.  Also excluded from the Class is the Court.

**5.   What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can get help at www.TunaEndPurchaserSettlement.com, or by calling toll-free at 1-866-615-0977.

# The Claims in the Lawsuit

**6     What is this lawsuit about?**

End Payer Plaintiffs allege that from June 2011 to July 2015 Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

On July 30, 2019, the District Court certified the Class and selected Wolf Haldenstein Adler Freeman & Herz LLP to act as Class Counsel; however, on April 6, 2021, a three-judge panel of the Ninth Circuit Court of Appeals vacated the District Court's order and remanded to the District Court for further consideration.  On August 3, 2021, following a vote of non-recused active judges, the Court of Appeals vacated the April 6, 2021 decision, ordering that an eleven-judge panel rehear the case.  On April 8, 2022, the Ninth Circuit Court of Appeals upheld the District Court's decision to certify the Class.  On June 27, 2022, the United States Supreme Court extended StarKist's deadline to file a petition to appeal the Ninth Circuit's decision to August 8, 2022.  The United States Supreme Court may or may not grant StarKist's petition.  If the United States Supreme Court agrees to hear StarKist's appeal, then it may impact the Class Order.  **Please check www.TunaEndPurchaserSettlement.com for further updates.**

On November 10, 2021, the Court issued an order granting in part and denying in part EPPs' motion for summary judgment.

The EPPs agreed to settle with COSI.  On January 26, 2022, the Court preliminarily approved the COSI Settlement and notice was disseminated.  On July 15, 2022, the Court granted final approval of the COSI Settlement and certified the Settlement Class.  No trial date for the claims against the Non-Settling Defendants is set.

**7.   How do Defendants respond?**

Defendants deny the EPPs' allegations and have asserted defenses to the EPPs' claims.  As noted above, StarKist intends to file a petition to the United States Supreme Court to appeal the Class Order.

5

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

24

COSI settled with the EPPs to avoid litigation risks, costs, and inconvenience. No trial date for the litigation with Non-Settling Defendants has been set.

## 8. Has the Court decided who is right?

The Court has not decided whether the EPPs or Defendants are correct as to the extent of Defendants' conduct, or the impact of that conduct, if any, on the EPPs. By establishing the Class and issuing this Notice, the Court is not suggesting that the EPPs will win or lose this case. The EPPs must prove their claims at trial.

## 9. What are the EPPs asking for?

The EPPs are asking that the Non-Settling Defendants provide monetary damages to Class Members. Plaintiffs will also seek attorneys' fees and costs incurred in connection with the prosecution of this action.

As part of the COSI Settlement, COSI agreed to pay a maximum of $20 million to a Settlement Fund. A portion of the Settlement Fund (up to $5 million) is being used by the Claims Administrator to administer notice and claims in the COSI Settlement. Any monies remaining after the costs of notice and claims administration in the COSI Settlement are complete will revert to COSI. The remainder of the Settlement Fund ($15 million) is being used for distribution to qualifying Class Members and to pay certain litigation expenses. Settlement Class Counsel requested and the Court awarded a distribution to cover litigation costs in the amount of $4,155,027.67. Settlement Class Counsel did not seek reimbursement for attorneys' fees from the COSI Settlement, but Counsel reserves the right to seek an award of attorney fees and expenses from any monies recovered from the Non-Settling Defendants through settlement, trial or judgment based in part on the benefit provided by the COSI Settlement. COSI is also supporting the EPPs with their litigation against Non-Settling Defendants.

## 10. Is there money available now?

No money or benefits are available from Non-Settling Defendants because the Court has not yet decided on the impact of Defendants' wrongdoing or whether Class Members are entitled to money or other benefits. There is no guarantee that additional money or benefits will be obtained. If they are, you will be notified about how to seek money or other benefits from the Non-Settling Defendants lawsuit.

Money is available to Class Members who file a claim in the COSI Settlement. COSI Settlement Class Members who timely submit a valid approved claim are entitled to be treated equally and receive Settlement compensation on a *pro rata* basis such that the Settlement Fund is exhausted. The Claims Administrator will not distribute any money until all remaining claims against Non-Settling Defendants are resolved. Please be patient.

**The COSI Settlement claims deadline was extended until Month x, 2022.** The Claim Form can be obtained online at www.TunaEndPurchaserSettlement.com or by writing or emailing the Claims Administrator at the address listed below.

Tuna End Purchaser Settlement
c/o JND Legal Administration
P.O. Box 91442
Seattle, WA 98111

info@TunaEndPurchaserSettlement.com

If you already filed a claim, you do not need to file another one now. If your address has changed since the time you filed your claim, please email the Claims Administrator at info@TunaEndPurchaserSettlement.com to ensure any communications about your claim are sent to your current address.

# Excluding Yourself from the Class

## 11. What does it mean if I exclude myself from the Class?

If you exclude yourself from the Class–which also means to remove yourself from the Class, and is sometimes called "opting out" of the Class– you will not get any money or benefits from this lawsuit, even if the EPPs obtain them as a result of the trial, or from the COSI Settlement. However, you may then be able to sue or continue to sue Defendants on your own regarding the claims in this matter. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action or the COSI Settlement.

If you start your own lawsuit against Defendants regarding the same claims in this matter after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims.

If you already filed a claim in the COSI Settlement, but you would prefer to exclude yourself from the Class, please contact the Claims Administrator by mail or email to withdraw your COSI Settlement claim.

## 12. If I don't exclude myself from the Class, can I sue Defendants for the same thing later?

No. Unless you exclude yourself from the Class, you give up the right to sue Defendants for the legal claims in this case. All Court orders relating to legal claims against Defendants will apply to you and legally bind you. If you have your own pending lawsuit against any of the Defendants, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from the Class in order to continue your own lawsuit against Defendants.

## 13. What am I giving up by staying in the Class?

Unless you exclude yourself from the Class, you remain a Class Member. By staying in the Class, all Court orders relating to legal claims against Defendants will apply to you and legally bind you.

## 14. How do I exclude myself from the Class?

To exclude yourself or opt out from the Class, you must complete and mail to the Claims Administrator a written request for exclusion.

The request to opt out of the Class must include:

- Your full name, current address, and telephone number;
- A statement saying that you want to be excluded from the **EPP CLASS** in the *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD); and
- Your signature.

You must mail your exclusion request, postmarked by **Month x, 2022** to:

Tuna End Purchaser Settlement – EXCLUSIONS
c/o JND Legal Administration
P.O. Box 91442
Seattle, WA 98111

If you do not include the required information or timely submit your request for exclusion, you will remain a Class Member and you will be bound by the orders of the Court.

7

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

26

## 15. What if I already filed a claim in the COSI Settlement?

If you already filed a claim in the COSI Settlement, but you would prefer to exclude yourself from the Class, please contact the Claims Administrator with a written request to withdraw your COSI Settlement claim. If you opt out of the Class, you will no longer receive a payment from the COSI Settlement and you will not get any money or benefits that may result from the EPPs' trial with Non-Settling Defendants. However, you will keep your right to sue or continue to sue Defendants on your own regarding the claims in this matter. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action or the COSI Settlement.

# <u>The Lawyers Representing You</u>

## 16. Do I have a lawyer in this case?

The Court has appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel on behalf of the End Payer Plaintiffs and Class Members. Contact information for Class Counsel is below:

Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 1820
San Diego, CA 92101
619-239-4599

Attn: Betsy C. Manifold

If you wish to remain a Class Member, you do not need to hire your own lawyer because Class Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Class, Class Counsel will no longer represent you. You may need to hire your own lawyer if you wish to pursue your own lawsuit against any of the Defendants.

## 17. How will the lawyers be paid?

You will not have to pay any fees or costs out-of-pocket. Class Counsel reserve the right to seek an award of additional litigation costs and attorney fees, subject to Court approval, from any funds recovered from the Non-Settling Defendants through settlement, trial, or judgment. Class Counsel further reserves the right to base, in part, any such request on the benefit obtained in the COSI Settlement.

# <u>The Trial</u>

## 18. How and when will the Court decide who is right?

Class Counsel will have to prove the EPPs' allegations at a trial. No trial date has been set at this time. At the trial, a jury and the Judge will hear all of the evidence to help them reach a decision about whether the EPPs or Non-Settling Defendants are right. There is no guarantee the EPPs will win, or that they will get any money for all or some members of the Class.

## 19. Do I have to come to the trial?

No. You do not need to attend the trial. Class Counsel will present the case for the EPPs, and lawyers for the Non-Settling Defendants will present on their behalf. However, you or your own lawyer are welcome to come at your own expense.

8
Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

27

**20. Will I get money after the trial?**

If you did not exclude yourself from the Class and if the EPPs obtain money or benefits as a result of the lawsuit, you will be notified about how to participate. In addition, if you filed a valid and timely claim in the COSI Settlement, you will receive your payment after the trial is resolved. We do not know how long this will take, so please be patient.

# If You Do Nothing

**21. What happens if I do nothing at all?**

You do not have to do anything now if you want to remain in the Class and keep the possibility of getting money or benefits from the lawsuit with the Non-Settling Defendants. By doing nothing, you are staying in the Class. If you stay in the Class and the EPPs win, you will be notified about how to seek money or other benefits from the lawsuit with Non-Settling Defendants. If the EPPs lose the lawsuit, you will not receive any compensation. Keep in mind that if you do nothing now, regardless of whether the EPPs win or lose the trial, you will not be able to sue, or continue to sue Defendants as part of any other lawsuit about the same legal claims that are the subject of this lawsuit. You will also be legally bound by the Orders the Court issues and judgments the Court makes in this class action.

If you would like to receive a payment from the COSI Settlement, you must file a claim by Month x, 2022. If you file a claim in the COSI Settlement, you will give up your right to sue or continue to sue COSI for the claims in this case.

# Getting More Information

**22. How do I get more information about the case?**

This notice summarizes the case. Visit www.TunaEndPurchaserSettlement.com for more detailed information. You can also contact the Claims Administrator:

Tuna End Purchaser Settlement
c/o JND Legal Administration
P.O. Box 91442
Seattle, WA 98111

info@TunaEndPurchaserSettlement.com
1-866-615-0977

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**