UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br><br>*Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC*, et al., 3:18-cv-01014-DMS-MDD | Case No.: 15-MD-2670 DMS (MDD)<br><br>**CLASS ACTION**<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; (2) DENYING MOTION FOR SUMMARY JUDGMENT BASED ON LACK OF PERSONAL JURISDICTION; AND (3) DENYING AS MOOT MOTION FOR TRANSFER, OR CERTIFICATION OF RULE 54(b) JUDGMENT**<br><br>**(ECF No. 2816)** |

On March 28, 2022, this Court issued an Order granting Defendant Christopher Lischewski's motion for summary judgment based on lack of personal jurisdiction. (*See* ECF No. 2790.) In that Order, the Court agreed with Defendant that the conspiracy theory of personal jurisdiction was not viable, and even if it was, Plaintiff had not made the necessary showing for a finding of conspiracy jurisdiction over Lischewski. In response to that Order, Plaintiff filed the present motion for reconsideration, in which it argues that

1

the Court's analysis of conspiracy jurisdiction is clearly erroneous. Defendant filed an opposition to the motion, and Plaintiff filed a reply. After reviewing the parties' briefs, the record on file, and reconsidering the case law, the Court grants the motion for reconsideration, and on reconsideration, denies the motion for summary judgment based on lack of personal jurisdiction.

## I.
## MOTION FOR RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As mentioned above, Plaintiff argues reconsideration is warranted here because the Court committed clear error in its analysis of the conspiracy theory of jurisdiction.[1]

The Court's discussion of the conspiracy theory of jurisdiction began with a citation to *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060 (10th Cir. 2007).[2] In that case, the Tenth Circuit expressed some concern that "to hold that one co-conspirator's presence in the forum creates jurisdiction over other co-conspirators threatens to confuse the standards applicable to personal jurisdiction and those applicable to liability." *Id.* at 1070. However, the *Melea* court did not foreclose application of the conspiracy theory of jurisdiction. Indeed, the

---

[1] Defendant argues the motion for reconsideration should be denied because the Court has already considered and rejected Plaintiff's arguments on the conspiracy theory of jurisdiction. However, Plaintiff is not simply reasserting the same arguments here. Rather, Plaintiff asserts the Court clearly erred in its analysis of this issue. That assertion is a proper basis for reconsideration of the Court's prior order.

[2] Despite its "prior assumption that Tenth Circuit precedent would control," Defendant now argues the Court should look to Ninth Circuit law on the question of conspiracy jurisdiction. (Opp'n to Mot. at 3.) The Court rejects that argument. *See Weatherly v. Pershing, L.L.C.*, 945 F.3d 915, 920 (5th Cir. 2019) (applying substantive law of transferor court in MDL proceeding).

court acknowledged that "[t]he existence of a conspiracy and acts of a co-conspirator within the forum may, in some cases, subject another co-conspirator to the forum's jurisdiction." *Id.* at 1069. As this Court stated in its Order, "'a co-conspirator's presence within the forum might reasonably create the 'minimum contacts' with the forum necessary to exercise jurisdiction over another co-conspirator if the conspiracy is directed towards the forum, or substantial steps in furtherance of the conspiracy are taken in the forum[.]'" (ECF No. 2790 at 12) (quoting *Melea*, 511 F.3d at 1070). *See also Weldon v. Ramstad-Hvass*, 512 Fed. Appx. 783, 789 (10th Cir. 2013) (applying conspiracy theory of jurisdiction); *Hart v. Salois*, 605 Fed. Appx. 694 (10th Cir. 2015) (same); *Frickey v. Thompson*, 136 F.Supp.3d 1300, 1310 (D. Kan. 2015) (same); *Near v. Crivello*, 673 F.Supp.2d 1265, 1274 (D. Kan. 2009) (same); *VRWC, L.L.C. v. AUMD, L.L.C.*, No. 09-2268-JWL, 2009 WL 10709661, at *5-6 (D. Kan. Oct. 15, 2009) (same).

In its Order, this Court found Plaintiff had not made that showing. In particular, the Court found Plaintiff failed to show the conspiracy was directed toward Kansas or that substantial steps in furtherance of the conspiracy were taken in Kansas. On reconsideration, that finding was in error. Plaintiff clearly demonstrated, and Defendant does not dispute, that Defendants, including Bumble Bee, sold millions of dollars' worth of price-fixed tuna in Kansas. Those sales in Kansas were "acts in furtherance of the conspiracy" that resulted in economic harm to Plaintiff in Kansas. *Merriman v. Crompton Corp.*, 282 Kan. 433, 473-74 (2006). As the *Merriman* court stated, "[j]urisdiction over this tortious action can be based on the coconspirators' deliberate choice to enter into the coconspiracy." *Id.* at 474.

This Court's alternative finding that Lischewski was not subject to personal jurisdiction in Kansas because he was acting "as an officer of Bumble Bee" is also erroneous. Although there is no dispute Lischewski was acting as an officer of Bumble Bee, the conspiracy at issue here did not involve only Bumble Bee and Lischewski. It also involved COSI, StarKist, Bumble Bee's former Senior Vice President of Sales Scott Cameron, Bumble Bee's former Senior Vice President of Trade Marketing Kenneth

Worsham, and StarKist's former Senior Vice President of Sales Stephen L. Hodge. The holding in *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984), that "officers or employees of the same firm do not provide the plurality of actors imperative for a § 1 conspiracy" is, therefore, inapplicable to the facts of this case.

In this case, there is no dispute about the existence of a conspiracy, no dispute about Lischewski's participation in the conspiracy, and no dispute that Defendants sold millions of dollars in tuna in Kansas. On these facts, Lischewski is subject to personal jurisdiction in Kansas under the conspiracy theory of jurisdiction.

## III.

## CONCLUSION

For these reasons, Plaintiff's motion for reconsideration is granted, and on reconsideration, Defendant's motion for summary judgment based on lack of personal jurisdiction is denied. In light of this ruling, the Court vacates its order denying as moot Plaintiff's motion for partial summary judgment against Lischewski. The Court will reconsider that motion and issue a further order. The Court also denies as moot Plaintiff's motion to sever and transfer Plaintiff's claims against Lischewski to this Court, and Plaintiff's motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**.

Dated: August 8, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court