LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Niall E. Lynch (CA 157959)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415-391-0600
Facsimile: 415-395-8095
al.pfeiffer@lw.com
chris.yates@lw.com
belinda.lee@lw.com
niall.lynch@lw.com
ashley.bauer@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br>1) End Payer Plaintiffs | Case No. 3:15-md-02670-DMS-MDD<br><br>MDL No. 2670<br><br>**DEFENDANTS STARKIST CO. AND DONGWON INDUSTRIES CO., LTD.'s OPPOSITION TO END PAYER PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br><u>**Hearing**</u>:<br>Date:   August 26, 2022<br>Time:   1:30 PM<br>Judge:  Hon. Dana M. Sabraw<br>Place:  Courtroom 13A |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-DMS-MDD

## I. INTRODUCTION

End Payer Plaintiffs' ("EPPs")—who have settled with Chicken of the Sea ("COSI")—are improperly seeking to use the Court's order approving their costs and notice to the *settlement* class to prematurely sneak in notice to the *litigation* class. This Court has already found that notice to the litigation class is "premature." ECF No. 2272 (Sammartino, J.). On August 8, 2022, Defendants filed a petition for certiorari with the Supreme Court, and the response is due on September 9, 2022. *StarKist Co.* ("*StarKist*") *v. Olean Wholesale Grocery Coop., Inc.* ("*Olean*"), No. 22-131 (U.S. Aug. 8, 2022). Until that process is resolved, the status of the classes remains up in the air, and notice to the litigation class remains premature.

The Court previously addressed this issue during the first stage of the pending class certification appeal and ruled against EPPs. When EPPs first moved for approval to provide notice to the litigation class, the Court denied that motion as "premature" in light of Defendants' "pending [Rule 23(f)] appeal." ECF No. 2272. The Court's ruling was right. The dissemination of class notice during the pendency of a class certification appeal can harm potential class members. When notice is given too early, it threatens to confuse potential class members, causes them to incur unnecessary costs, and implicates their privacy interests. *See, e.g., Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012). All of those risks—which weighed in favor of denying EPPs' original class notice plan—are still present today, and support continuing to defer class notice until Defendants' appeal has run its course.

Nor is it apparent, as EPPs claim, that the Court already blessed their plan to combine follow-up notice to the settlement class with notice to the litigation class. EPPs did not state their intent to disseminate notice to the litigation class in their earlier motion for costs. Had they done so, Defendants would have objected, as

they do now. And, even if EPPs had, it does not change the fact that notice to the litigation class at this juncture is premature.

Accordingly, the Court should deny EPPs' plan to combine notice to the settlement and litigation classes. If the Court determines that combined notice to the litigation and settlement classes is appropriate, Defendants request that dissemination of combined notice be delayed while Defendants' appeal is pending.

## II. PROCEDURAL HISTORY

### A. EPPs' Early Motions for Settlement Approval and Notice

On July 3, 2019, EPPs informed the Court that they had settled in principle with COSI. ECF No. 1921 at 1. On July 30, 2019, the Court granted Plaintiffs' motions for class certification. ECF No. 1931. On August 13, 2019, Defendants timely filed a petition for permission to appeal the Court's class certification order under Federal Rule of Civil Procedure 23(f). *See Olean v. Bumble Bee Foods LLC* ("*Bumble Bee*"), No. 19-80108 (9th Cir. Aug. 13, 2019), ECF No. 1.

In the meantime, EPPs moved forward and, on August 29, 2019, filed a Proposed Plan for Dissemination of Class Notice. ECF No. 1941.[1] EPPs' motion proposed a method of noticing the *litigation* class while also requesting that any notice be held in abeyance until the Court considered EPPs' forthcoming motion for preliminary approval of their settlement with COSI. *Id.* at 1. But on December 20, 2019, before EPPs filed their motion for preliminary approval, the Ninth Circuit granted Defendants' Rule 23(f) petition. *Olean v. Bumble Bee*, No. 19-56514 (9th Cir. Dec. 20, 2019), ECF No. 1.

On January 21, 2020, in light of the pending appeal, Defendants moved to stay certain proceedings, including the dissemination of notice as well as any rulings on certain summary judgment and *Daubert* motions. ECF No. 2264-1.

---

[1] Direct Purchaser Plaintiffs ("DPPs") filed a proposed class notice plan the same day. ECF No. 1945. Commercial Food Preparer Plaintiffs ("CFPs") filed their notice plan one month later. ECF No. 2044.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD

One week later, the Court denied "as premature" EPPs' plan to disseminate notice to the litigation class. ECF No. 2272. The Court explicitly cited "the pending appeal" as the basis for its decision. *Id.* The Court later denied Defendants' motion to stay. ECF No. 2307. However, the Court noted that it had already denied as premature all motions related to notice to the litigation class such that "all case activity related directly to class certification ha[d] already been stayed." *Id.* at 3.

### B. The Status of Defendants' Appeal

On April 6, 2021, a panel of the Ninth Circuit vacated the Court's class certification order. *Olean v. Bumble Bee*, 993 F.3d 774, 794 (9th Cir. 2021), *reh'g en banc*, 31 F.4th 651, 682 (9th Cir. 2022), *pet. for cert. docketed by Starkist v. Olean* (U.S. Aug. 10, 2022). On April 9, 2021, EPPs filed a motion for preliminary approval of their settlement with COSI. ECF No. 2552. Before the scheduled hearing on EPPs' preliminary approval motion, the Ninth Circuit *sua sponte* issued an order stating that the question of whether Defendants' Rule 23(f) appeal should be reheard en banc was being presented for a vote. *Olean*, No. 19-56514 (9th Cir. Apr. 28, 2021), ECF No. 101.

At this Court's request, the parties filed statements addressing the question of whether the May 20, 2021 hearing on EPPs' preliminary approval motion should be vacated. ECF Nos. 2565, 2581, 2582. Defendants stated that notice to the litigation class should not proceed while the issue of class certification is on appeal. ECF No. 2581 at 2. Defendants did not oppose proceeding with notice to the *settlement* class at that time, and Defendants still do not oppose notice to the settlement class. *See id.* at 2:16-19. EPPs stated that they wished to defer notice to the settlement class until a later date. *Id.* at 2:19-21; *see also* ECF No. 2593 at n.3. The Court eventually denied EPPs' preliminary approval motion as premature, once again postponing any plan to issue litigation class notice while Defendants' appeal was pending. *See* ECF No. 2593 at 6.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD

### C. Reassignment to the Honorable Dana M. Sabraw

On September 21, 2021, the Court held a status conference, during which it said it would address EPPs' pending preliminary approval motion "in light of the change of circumstances since Judge Sammartino's order denying the motion as premature." ECF No. 2626 at 2. At the Court's request, the parties filed a joint supplemental brief setting out any new or updated facts and law relevant to the preliminary approval motion. ECF No. 2643. The Court ultimately denied EPPs' motion without prejudice. ECF No. 2651.

On December 1, 2021, EPPs filed a renewed motion for preliminary approval of their settlement with COSI. ECF No. 2673. The Court granted that motion on January 26, 2022. ECF No. 2734. In doing so, the Court instructed EPPs to disseminate notice to the settlement class by April 13, 2022. *Id.* at 13. Following the April 13 deadline, on May 25, 2022, EPPs filed a motion for final approval of the COSI settlement as well as a motion for costs in conjunction with the COSI settlement. ECF Nos. 2845, 2846. On July 15, 2022, the Court issued two orders, granting both motions. ECF Nos. 2871, 2872.

Just days before EPPs' deadline to complete the initial dissemination of settlement class notice, the Ninth Circuit issued its en banc decision vacating the initial panel's opinion and affirming the Court's class certification order. *Olean*, 31 F.4th at 682. During the Court's May 20, 2022 Mandate Hearing, Defendants informed the Court and EPPs they would be filing a petition for certiorari with the Supreme Court seeking to appeal the Ninth Circuit's en banc opinion. On August 8, 2022, Defendants timely filed their petition for certiorari. *StarKist v. Olean*, No. 22-131 (U.S. Aug. 8, 2022). Defendants' petition was docketed on August 10, 2022, and the response is due on September 9, 2022. *Id.*

### D. EPPs' Current Notice Proposal

On July 19, 2022, EPPs contacted Defendants and stated that EPPs "hop[ed] to file an unopposed motion with a proposed notice plan." *See* Decl. of Ashley M.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD

1 Bauer ("Bauer Decl."), Ex. 1. Defendants expressed a desire to work together and asked EPPs to share their proposed notice plan so that the parties could work through Defendants' concerns, if any. *Id.* EPPs shared their draft "Long Form Class Notice" with Defendants one day prior to filing this Motion, and Defendants saw (for the first time) that EPPs planned to combine the litigation class notice with the COSI settlement class notice. *Id.* Defendants responded by informing EPPs that the dissemination of class notice to the litigation class would be premature while Defendants' class-certification appeal is still pending—as the Court previously held—and asked EPPs to remove the litigation class notice. *Id.* EPPs nevertheless filed this Motion for Approval of Class Notice Plan on July 29, 2022. ECF No. 2881-1.

## III. ARGUMENT

### A. The Court Should Deny EPPs' Request to Disseminate Notice to the Litigation Class Again

The Court should not deviate from its prior ruling that notice to the litigation class is premature while the question of class certification is on appeal. EPPs previously sought approval to disseminate notice to the litigation class while the class certification appeal was pending before the Ninth Circuit, and the Court *sua sponte* denied that motion as premature. ECF No. 2272. The concerns that existed at the time of the Court's *sua sponte* decision are still applicable today: the early dissemination of class notice to the litigation class threatens to confuse potential class members, may cause them to incur unnecessary costs, and implicates their privacy interests. *See Brown*, 2012 WL 5818300, at *4. The Court should not alter course; it should deny EPPs' Motion without prejudice while Defendants' appeal is still pending.

Other courts have stayed the dissemination of litigation class notice pending appeal while declining to stay other aspects of the case, as the Court did here. *See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 90 (D.D.C.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD

2012) (granting stay of class notice and denying motion to stay as it pertained to expert discovery and summary judgment and *Daubert* briefing). The dissemination of litigation class notice presents unique and significant concerns that are usually accommodated by waiting until any appeals are concluded. The Manual for Complex Litigation suggests that courts "should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." *Manual for Complex Litigation (Fourth)* § 21.28 (2004). "[P]remature notice," for example, "risks harm to class members who are likely to be confused if certification is reversed." *Bally v. State Farm Life Ins. Co.*, No. 18-cv-04954, 2020 WL 3035781, slip op. at *5 (N.D. Cal. June 5, 2020) (granting stay as to class notice, but denying stay as to other aspects of the litigation); *see also Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019); *Brown*, 2012 WL 5818300, at *4. Indeed, "lay class members [may] be confused by the posture of the case even if . . . [the] notice explains that certification is potentially subject to appeal." *Bally,* 2020 WL 3035781, at *5.

Those same concerns (and others) are still present here. The dissemination of litigation class notice while Defendants' appeal is pending—and the status of the classes remains uncertain—threatens to harm potential litigation class members in the following ways:

*First,* premature class notice can confuse absent litigation class members. If Defendants succeed on appeal, the Court may need to modify or even decertify the class. By providing notice to the litigation class now, EPPs (and the Court) are taking the risk that they may need to disseminate a second notice to the same individuals. Beyond the expense of having to re-do notice, a second corrective notice that is sent one year or more after the initial litigation class notice is unlikely to cure the confusion that would arise in the event of a change of class definition or decertification. *See Brown*, 2012 WL 5818300, at *4 (holding that notice should

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD

not be disseminated while the certification question is on appeal because "confusion [] would arise in the event of a change to the class definition or decertification of the class altogether[]").

*Second,* disseminating litigation class notice now will trigger an obligation on the part of absent class members to decide whether to remain in the class or opt out. That often requires absent class members to engage counsel to assist in that decision, causing them to incur expenses that may ultimately be unnecessary if the class definition is modified or the class is decertified. *See Wilcox v. Lloyds TSB Bank, PLC*, No. 13-00508, 2016 WL 917893, at *7 (D. Haw. Mar. 7, 2016) ("[N]otice could also cause potential class members to hire attorneys to assist them in making a decision whether or not to opt out of the class; whereas the Ninth Circuit ultimately might rule they should not be included in the class.").

*Third,* premature litigation class notice implicates absent class members' privacy interests. Should class members wish to opt out of the litigation class, EPPs' notice would require them to disclose personal information, including their name, address, and phone number in order to preserve their rights. This disclosure of personal information might ultimately become unnecessary if the Supreme Court decertifies the class. *See Romero*, 383 F. Supp. 3d at 1077; *Brown*, 2012 WL 5818300, at *4.

Numerous courts have determined that these very issues justify staying class notice while appeals are pending. *See Romero*, 383 F. Supp. 3d at 1077 (holding that pausing class notice "may benefit class members as it would protect against the possibility of unnecessary disclosure of personal information and avoid any confusion caused by issuing a class notice that may later need to be revised or withdrawn"); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282, 2015 WL 5103157, at *6 (E.D. Cal. Aug. 31, 2015) ("Avoiding the dissemination of unnecessary or duplicative class notices is also the common object of a stay under Rule 23(f)"); *Brown*, 2012 WL 5818300, at *4 (class members "face a likelihood

of harm" if notice is issued too early because doing so risks confusing class members and implicates their privacy interests); *see also Manual for Complex Litigation (Fourth)* § 21.28 (2004).

The Ninth Circuit's en banc decision does not change the fact that the Court's class certification decision is still on appeal. Defendants filed a petition for certiorari with the Supreme Court on August 8, 2022, and the response is due on September 9, 2022. *See StarKist v. Olean.*, No. 22-131 (U.S. Aug. 8, 2022). Until Defendants' appeal is resolved, dissemination of litigation class notice will only cause unnecessary harm and confusion. The Court should deny EPPs' Motion without prejudice.

### B. The Court Did Not Approve EPPs' Plan to Extend Notice to the Litigation Class Alongside Their Notice to the Settlement Class

Rather than confront the harm premature notice might cause absent litigation class members, EPPs argue that they already proposed combining settlement and litigation class notice and that the Court *ordered* them to proceed in that way. *See* ECF No. 2881-1 at 1. EPPs are wrong. Neither EPPs' motion for costs (ECF No. 2845) nor the Court's order granting that motion (ECF No. 2872) mention the prospect of combining settlement class notice with litigation class notice.

EPPs have argued that they specified their intent to also provide notice to the litigation class by requesting the "Court's permission to delay the follow up notice ad campaign in order to combine this follow up campaign with an appropriate and robust class notice plan." ECF No. 2845-1 at 4. However, EPPs' motion for costs did not state that their anticipated notice plan would pertain to both the settlement class *and* the entire litigation class. Indeed, at various other points in the brief, EPPs refer to that same "robust notice plan" in relation to "COSI Settlement Class Members," *id.*, and at one point EPPs explicitly limit their "robust class plan" to the settlement class only. *Id.* at 13 ("The costs of class notice and administration are reasonable in light of the robust notice plan reaching tens of millions of

*settlement class members* and warrants approval by the Court under the terms of the Settlement Agreement.") (emphasis added). At other times, where EPPs refer to the "robust notice plan" vaguely as applying to "Class Members," there too they are referring to the settlement class, not the litigation class as a whole. *Id.* at 12 (citing ECF No. 2734 at 13, which pertains to the "plan for providing notice of the COSI Settlement to members of the Settlement Class.").

Nor does the Court's order granting EPPs' motion for costs endorse combining settlement class notice with notice to the litigation class at this time. The Court, for example, identifies the same "robust notice plan" as pertaining only to the settlement class members. *See* ECF No. 2872 at 5:6-10 ("[T]he Court finds that the requested costs of class notice and administration are reasonable in light of the robust notice plan reaching tens of millions of *settlement class members* . . . .") (emphasis added). There is simply nothing in the Court's order approving combined notice to the settlement and litigation classes.

### C. If the Court Grants EPPs' Motion, It Should Adopt Defendants' Proposed Class Notice and Delay Dissemination of that Notice

In the event that the Court approves EPPs' joint notice to both the COSI settlement class and the entire litigation class, Defendants have submitted proposed revisions to EPPs' draft notice. *See* Bauer Decl., Exs. 2 (redline) & 3 (clean copy). Rule 23(c)(2)(B) requires the Court to "direct to class members the best notice that is practicable under the circumstances[.]" Fed. R. Civ. P. 23(c)(2)(B). Defendants' proposed notice updates the posture of their certiorari petition, explains how that appeal might affect potential class members throughout, and clarifies certain confusing language in EPPs' draft notice. *See* Bauer Decl., Ex. 2. These changes are necessary to ensure the objectivity, accuracy, and clarity of instruction in a class notice, as demanded by Rule 23. *See McKee v. Audible, Inc.*, No. CV 17-1941, 2018 WL 2422582, at *4 (C.D. Cal. Apr. 6, 2018) ("The best notice [offering settlement] will 'contain an adequate description of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD

proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member.") (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977)).

Further, the Court should delay dissemination of the combined notice while Defendants' appeal is pending. Delaying this combined notice would not prevent EPPs from effecting their reminder media campaign, or from directing notice to COSI settlement claimants to alert them to the class litigation and their opportunity to remain in the class or opt out and withdraw their settlement claim. *See* ECF No. 2881-1 at 8. Instead, delaying dissemination of the combined notice would serve two purposes: it would assure that EPPs are able to implement "a more cost effective notice program" which "build[s] upon the successful media campaign undertaken to date," *id.* at 6, while also avoiding "the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." *Manual for Complex Litigation (Fourth)* § 21.28 (2004).

## IV. CONCLUSION

For the foregoing reasons, the Court should deny EPPs' Motion for Approval of Class Notice Plan as premature. In the alternative, the Court should adopt Defendants' proposed class notice and delay dissemination of any combined notice while Defendants' appeal is pending.

Dated: August 12, 2022

LATHAM & WATKINS LLP

By: s/ Belinda S Lee
Alfred C. Pfeiffer (CA 120965)
Christopher S. Yates (CA 161273)
Belinda S Lee (CA 199635)
Niall E. Lynch (CA 157959)
Ashley M. Bauer (CA 231626)
505 Montgomery Street
Suite 2000

| | |
|---|---|
| 1 | San Francisco, CA 94111 |
| 2 | Telephone: 415-391-0600 |
|   | Facsimile: 415-395-8095 |
| 3 | Email: al.pfeiffer@lw.com |
| 4 | Email: chris.yates@lw.com |
|   | Email: belinda.lee@lw.com |
| 5 | Email: niall.lynch@lw.com |
| 6 | Email: ashley.bauer@lw.com |
| 7 |   |
|   | *Counsel for Defendants StarKist Co. and* |
| 8 | *Dongwon Industries Co., Ltd.* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' OPP. TO EPPS' MOT. FOR APPROVAL OF
CLASS NOTICE PLAN
3:15-md-02670-JLS-MDD