BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
ALEX J. TRAMONTANO (276666)
tramontano@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Class Counsel for the End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>End Payer Plaintiffs Class Track | Case No. 15-MD-2670 DMS (MDD)<br><br>**END PAYER PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF, AND IN RESPONSE TO, DEFENDANTS' OPPOSITION TO THEIR MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>DATE: August 26, 2022<br>TIME: 1:30 P.M.<br>JUDGE: Hon. Dana M. Sabraw<br>CTRM: 13A (13th floor) |

## I. **INTRODUCTION**

Pursuant to the Court's July 15, 2022 Order Granting End Payer Plaintiffs' Motion for Costs in Conjunction with the COSI Settlement (ECF 2872 at 8) ("Final Approval Order Costs"), End Payer Plaintiffs ("EPPs"), on behalf of themselves and all members of the certified EPP Class[1] submitted a proposed plan for the effective and efficient dissemination of class notice to the EPP Class (the "Class Notice Plan"). The Court's July 15, 2022 Order approved "Class Counsel's request that the proposed follow up campaign be delayed in order for Class Counsel to submit a Class Notice plan combining these media efforts." *Id.* at 4. In opposing the Class Notice Plan, Starkist Co. and Dongwon Industries Co., Ltd. ("Defendants" or "StarKist') do not dispute EPPs' Class Notice Plan satisfies Federal Rule of Civil Procedure 23, comports with due process, or is the best practicable under the circumstances.

Instead, Defendants seek to stay this process "pending appeal." *See* StarKist Opp.[2] at 3, 11. It is undisputed that StarKist did ***not*** seek to stay the mandate pending a petition for certiorari. *See* Federal Rules of Appellate Procedure ("FRAP") 41 (requiring "good cause for a stay" which must "not exceed 90 days" and may require a security or bond). In fact, *both* the District Court and the Ninth Circuit denied Defendants' prior motions to stay the proceedings pending appeal. *See* ECF 2307 at 20 ("Defendants' motion to stay pending Rule 23(f) appeal is denied"); ECF 2308 at 2 (Appellants' emergency motion to stay is denied).

---

[1] *See* ECF 1931 ("Class Order"), affirmed by *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (*en banc*). For convenience, the Cartwright Act class and 32 individual state classes certified by the Court are referred to herein as the "Class."

[2] StarKist Opp. or StarKist Opposition refers to Defendants StarKist Co. and Dongwon Industries Co., Ltd.'s Opposition to End Payer Plaintiffs' Motion for Approval Class Notice Plan (ECF 2890).

- 1 -

Case No. 15-MD-2670 DMS (MDD)

Although Defendants may assiduously avoid the word 'stay' in its opposition, it is clear that StarKist's request to "delay dissemination" of Class Notice "while Defendants' appeal is pending" is a stay. StarKist Opp. at 11. *Defendants have not addressed and make no attempt to satisfy the "irreparable harm" requirement for a stay (because they cannot) other than their own manufactured 'confusion' about the Class Notice Plan.  See Adoma v. Univ. of Phoenix, Inc.,* 2010 U.S. Dist. LEXIS 114503, at *11 (E.D. Cal. 2010) (defendants have not demonstrated "irreparable harm if class notice is disseminated"). StarKist's goal appears to be further delay of this now seven year old case or to delay class notice for some unstated appellate advantage. As discussed below, no further delay in the dissemination of Class Notice can be tolerated without causing substantial harm and prejudice to the Class.

Despite protestations to the contrary, StarKist is neither confused nor surprised by the relief sought. As discussed below, throughout the class certification and COSI Settlement process, the EPPs were clear that they intended to disseminiate Class Notice after the COSI Settlement was approved. Manifold Decl., ¶¶ 3-6. The EPPs' Motion for Costs in conjuction with the COSI Settlement also clearly requested this relief in order combine the efficiencies of the follow up campaign for the COSI Settlement with a robust Class Notice Plan.[3] The July 15, 2022 Order approved this request. ECF 2872 at 8. The proposed Class Notice plan was to be submitted "no later than fourteen days (14) from the date" of the Court's order. *Id.* at 4.

This short delay allowed EPPs to submit a proposal for a Class Notice which is cost effective and benefits from the re-targeting data efficiencies of COSI Settlement. By **noticed** motion, the EPPs submitted their proposed Class Notice

---

[3]  The EPPs' Memorandum of Points and Authorities in Further Support of EPPs' Motion for Costs in Conjunction with the COSI Settlement clearly requested this relief "in order to conserve resources" by combining the COSI Settlement follow-up campaign with robust Class Notice Plan. ECF 2845-1 at 8, 17.

- 2 -

Case No. 15-MD-2670 DMS (MDD)

1  Plan and requested the Court's permission to disseminate Class Notice.  In response,
2  StarKist was able to and did, in fact, submit its opposition.
3       As discused below, dissemination of Class Notice is appopriate at this time.
4  Disssemination of Class Notice is *not* "early" but follows a robust  settlement class
5  notice and three years of appellate review ending with an *en banc* Ninth Circuit
6  decision and issucance of a mandate by the Court of Appeals.  The potential concerns
7  raised by Defendants either do not exist here or are outweighed by the actual benefits
8  to be achieved by disseminating Class Notice now.
9       *First*, disseminating Class Notice now builds upon the efficiencies of the
10 retargeting data gathered as part of the COSI Settlement Plan (only available for a
11 limited window of time) and saves the Class a miminum of $98,000 in notice costs
12 and likely more.  If Class Notice is delayed for months or years, the costs of Class
13 Notice will be substantially more expensive and potentially less effective.
14      *Second*, the Class Notice clearly advises Class Members and updates COSI
15 Settlement Class Members in plain english about Defendants' Supreme Court
16 petition and its potential impact on class certification.  The EPPs have further agreed
17 to make nearly all of the Defendants' suggested revisions to the Class Notice.  The
18 Class Notice further advises Class Members to check the Case Website for further
19 developments.
20      *Third,* disseminating the Class Notice allows Class Members to opt out now
21 and, if they wish to do so, bring their own case aware of  potential class certification
22 risks as well as the risks of further delay with a case that is already seven years old.
23 Class counsel will safeguard and avoid the disclousre of the opt-outs personal
24 information (other than their name) to protect their privacy interests.
25      EPPs respectfully request that the Court enter the proposed Order Approving
26 EPPs' Class Notice Plan.  Any further delay in the dissemination of Class Notice is
27 both harmful and costly to potential Class Members.
28

- 3 -

Case No. 15-MD-2670 DMS (MDD)

## II. RELEVANT PROCEDURAL BACKGROUND

### A. Dissemination of Class Notice Is No Longer "Premature"

On July 30, 2019, the Court certified EPPs' and the other Plaintiffs' classes. *See* ECF 1931 ("Class Order"). In the Class Order, the Court directed Class Counsel for each tract "to submit a proposed plan for dissemination to the Classes <u>within thirty days</u> of the electronic docketing of this Order." *Id.* at 59. On August 13, 2019, the Non-settling Defendants[4] filed a Rule 23(f) petition with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") seeking permission to appeal this Court's Class Order. *See Olean Wholesale Grocery Coop v. Bumble Bee Foods LLC*, No. 19-80108, ECF 1, 2. On August 29, 2019, in accordance with the Class Order, the EPPs' filed a Proposed Plan for Dissemination of Class Notice. ECF 1941. In the Proposed Plan, the EPPs requested that the Court "order the abeyance of EPPs' notice to the Class until the Court considers the motion for preliminary approval of EPPs' settlement with the COSI Defendants." *Id.* at 8. Following this submission, on December 20, 2019, the Ninth Circuit granted Defendants 23(f) petition.

On January 20, 2020, in a two line order, the Court noted that an unopposed motion (ECF 1941) filed by the EPPs for approval of their proposed notice plan for dissemination of class was pending and "[g]iven the pending appeal, the Court DENIES WITHOUT PREJUDICE the Motion as premature." ECF 2272 at 1. The Court's January 20, 2020 Order was not *sua sponte,* contained no discussion of the "concerns" raised by Defendants as "still applicable today", and was in accord with

---

[4]   The Non-settling Defendants are StarKist Co. and its parent Dongwon Industries Co., Ltd. (collectively "StarKist") and various "Lion Capital" entities (*i.e.*, Lion Capital (Americas), Inc., Big Catch Cayman LP, and Lion Capital LLP).

the EPPs' request to hold dissemination of class notice until the Court's approval of the COSI Settlement. *See* StarKist Opp. at 6.

As the Court is well aware, preliminary approval of the partial COSI Settlement was delayed until January 26, 2022 which was due, in part, to the procedural posture of Non-Settling Defendants' appeal of the Class Order. ECF 2734 ("Preliminary Approval Order"). On May 11, 2021, the Court vacated the then pending Preliminary Approval Motions (ECF 2533, 2552, 2561) and denied the motions as premature. ECF 2593 at 6. The Court noted that "[a]lthough all three classes were certified by this Court, the Court of Appeals vacated the Class Certification Order" and "[i]n the present procedural posture, none of the classes are certified, and class certification remains with the Court of Appeals until it issues a mandate." *Id*. at 3. Following its April 8, 2022, *en banc* decision upholding the Class Order, the Ninth Circuit issued a mandate on May 2, 2022. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); ECF 2840. On May 20, 2022, this Court held a Mandate Hearing and spread the mandate. ECF 2828 ("Order re: Mandate"). *Defendants did not request any stay of the mandate under Rule 41(d) of the Federal Rules of Appellate Procedure ("FRAP").*

### III. ARGUMENT

#### A. Dissemination of Class Notice Now is Appropriate

Dissemination of Class Notice is appropriate at this time. Under FRAP 41(a), the Ninth Circuit issued a formal mandate and this Court held a Mandate Hearing. ECF 2828, 2839, 2840. Defendants have ***not*** requested a stay of the mandate. Under the Court's May 11, 2021 Order, the issues of class certification are no longer "premature." ECF 2593 at 6. Further, as noted by one Court, even if a stay was appropriate for a pending 23(f) appeal, the extension of such a stay "[w]hile the losing party may ultimately seek *certiorari* before the Supreme Court" would be akin to granting "an indefinite stay. . . ." *Kristensen v. Credit One Bank, N.A.*, No.

- 5 -

Case No. 15-MD-2670 DMS (MDD)

CV 14-7963 DMG, 2016 U.S. Dist. LEXIS 191560, at *5 (C.D. Cal. July 28, 2016). By asking to further delay Class Notice now, StarKist is essentially asking for "an indefinite stay."

Contrary to StarKist's contention, Class Notice is ***not*** premature. Each of the cases upon which StarKist relies arose in conjunction with a request for a stay pending a 23(f) petition or appeal. *See Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 U.S. Dist. LEXIS 163731, at *4 (N.D. Cal. Nov. 15, 2012) ("Defendant then filed the instant motion to stay proceedings in this court until resolution of its Rule 23(f) petition."); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 90 (D.D.C. 2012) (same); *Bally v. State Farm Life Ins. Co.*, No. 18-cv-04954-CRB, 2020 U.S. Dist. LEXIS 100293, at *8 (N.D. Cal. June 5, 2020) (same); *Romero v. Securus Techs.*, 383 F. Supp. 3d 1069, 1072 (S.D. Cal. 2019) (same). Furthermore, not one of the authorities relied upon by StarKist arose after a partial settlement which provided monetary benefits to Class Members and which required the settling defendant to pay the costs of notice.

As discussed below, Class Members would only suffer any prejudice or harm by the further delay of the issuance of Class Notice. As noted above, both this District Court and the Ninth Circuit rejected StarKist's prior motions for stay pending the 23(f) petition and appeal. Thus, through this opposition "[r]ather than presenting . . . serious legal questions" which could possibly justify the requested stay in Class Notice, StarKist "seeks to re-litigate objections this Court overruled in the class certification order" and denial of the previously requested stay. *See Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-cv-00628-BAS, 2017 U.S. Dist. LEXIS 171834, at *6-7 (S.D. Cal. Oct. 17, 2017).

**B.     Delay of Class Notice is Harmful to Class**

Disseminating Class Notice now as part of the follow up COSI Settlement campaign is both cost-effective and more efficient for Class Members. The costs of

Class Notice will be offset by the $97,870 media costs set aside from the COSI Settlement and further benefits from the substantial re-targeting data already gathered during the robust COSI Settlement Notice Plan. Manifold Decl., ¶ 7. The re-targeting data acquired from Facebook and Instagram can only be held and used for 180 days and will expire by no later than October 2022. Intrepido-Bowden Decl., ¶ 5. If the dissemination of Class Notice is delayed now, even for a few weeks or "one year or more" as StarKist suggests, the notice costs will be substantially more. StarKist Opp. at 7. As of April 2022, the costs of developing the robust COSI Settlement Plan from the ground up were over $1 million. ECF 2845 at 2. The savings in providing Class Notice now is substantial for the Class. Class Counsel estimates notice costs to be approximately $300,000 if provided as part of COSI Settlement follow up campaign and the re-targeting data is available for use. Manifold Decl., ¶ 8. Any additional expense if the notice needs to be revised in the event of decertification would be nominal and include updates to the Case Website and direct e-mail notice to the COSI Settlement Claimants.[5] The only "harm" here is if dissemination of Class Notice is further delayed. *See* StarKist Opp. at 6.

### C. The Class Notice Is Clear, Accurate and Objective

Combining the follow up COSI Settlement media campaign with the Class Notice does not "confuse" but updates potential Class Members. *See* StarKist Opp.

---

[5] The Class Notice(s) all advise Class Members that the "The United States Supreme Court may or may not grant StarKist's petition" and "If the United States Supreme Court agrees to hear StarKist's appeal, then it may impact the Class Order." *See* ECF 2881-2 (Declaration of Gina M. Interpido-Bowden Re: Proposed Plan for Class Notice of End Payer Plaintiffs), Exhibits ("Exs.") C and D. *Class Members are advised to check the website for further developments. Id.*, Ex. D. The COSI Settlement Claimants can be advised by email at an approximate cost of $20,000. Manifold Decl., ¶ 9.

at 7. The potential confusion identified by Defendants (and the authorities they cite) may arise during a Rule 23(f) appeal to the Court of Appeals. As result, Courts may grant a Defendants' request to stay dissemination of the class notice.[6] That is *not* the procedural posture of this litigation. *Defendants now must address, but do not and cannot, address the "harm" of an indefinite stay after Mandate issued by the Ninth Circuit and was spread by the District Court.* Furthermore, Defendants should not be permitted to do an end-run around the procedural requirements for a stay under FRAP 41 (b). Here, more significantly, the COSI Settlement Class Notice has already been disseminated and informed potential Class Members about the then pending Ninth Circuit appeal.[7] The Class Notice(s) essentially update both the COSI Settlement Class Members and potential Class Members on the favorable class certification decision and advises them to monitor the Case Website for updates based on the Defendants' Supreme Court petition. *See* fn. 4, *supra*. Here, dissemination of the Class Notice avoids any confusion about the status of the Ninth Circuit appeal and explains the risk of StarKist's potential appeal. Furthermore, as

---

[6] Here, in their original Notice Plan, the EPPs agreed to stay dissemination of Class Notice until preliminary approval of the COSI Settlement. ECF 1941. The Court then formalized the stay pending the issuance of a mandate by the Court of Appeals. ECF 2593.

[7] The COSI SETTLEMENT CLASS NOTICE stated:

> "On August 3, 2021, following a vote of non-recused active judges, the Court of Appeals vacated the April 6, 201 decision, ordering that an eleven-judge panel rehear the case. Oral argument before this larger panel was held on September 22, 2021. The parties await a decision. Case updates will be provided at the Case Website….."

ECF 2827, Ex. F.

discussed below, EPPs have agreed to incorporate substantially all of Defendants' changes in the description and impact of StarKist's appeal to the Supreme Court.

### D. No Privacy Concerns Exist for Opt-Outs

Disseminating the Class Notice nows allows Class Members to opt out and, if they wish to do so, bring their own case aware of the risks to class certification and the possibility of further delay in a litigation already seven years old. As to any privacy concerns raised by StarKist, in the COSI Settlement, the only opt-outs were certain Direct Action Plaintiffs who have already publicly filed separate actions. If the DAPS are again the only opt-outs, then there are no privacy concerns.

Class Counsel will further safeguard and avoid the disclosure of any individual opt-outs personal information (other than their name) to protect their privacy interests. This is not the type of litigation (such as an employement or privacy action) where the name of an opt-out may be readily identifiable by others (an employer or fellow employees) or carry some stigma (criminal rights violation) and raise hightened privacy concerns. *See Brown*, 2012 U.S. Dist. LEXIS 163731 (Wal-Mart employees); *Romero,* 383 F. Supp. 3d (improper recording of inmates calls). If any potential Class Member elects to opt out, their name on an opt-out list amongst tens of millions of potential Class Members carries little to no privacy risks.

### E. Defendants' Proposed Changes to the Class Notice

As part of the EPPs' on-going efforts to resolve StarKist's objections to the proposed Class Notice, Class Counsel has reviewed and accepted most (but not all) of the Defendants' proposed revisions to the Class Notice. *See* Manifold Decl., Exs. A (final) and B (redline showing unaccepted changes). Certain changes were not accepted as confusing, repetitive or lacking clarity. *Id*.

For all of the reasons discussed above, the Court should also deny the Defendant's alternative request to delay both the dissemination of the proposed Class Notice and the follow up COSI Settlement media campaign. StarKist Opp. at

- 9 -

Case No. 15-MD-2670 DMS (MDD)

11. This approach is neither cost effective nor more efficient since any further delay loses the substantial benefit of the COSI Settlement retargeting data. However, if the Court is inclined to grant StarKist's request for relief (and it should not), the EPPS respectfully request that StarKist be directed to provide a bond or security in the amount of $1,000,000 in order to cover the costs of the delayed Class Notice if their Supreme Court appeal is unsuccessful. This amount could then be used to pay the actual costs of the delayed Class Notice and operate just as the $5,000,000 Notice Set-Aside Fund functioned in the COSI Settlement. Had Defendants properly requested a stay of the Mandate, StarKist could have been required to post a security or bond under FRAP 41(d)(3). Defendants should not be permitted to do an end-round the protections provided by the federal appellate rules and avoid the procedural consequences of their request.

## IV.   CONCLUSION

EPPs' Class Notice Plan fully comports with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process because it constitutes the best notice practicable under the circumstances. Dissemination of Class Notice is appropriate at this time.

Dated:  August 19, 2022                    Respectfully submitted,

**WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP**

/*s/ Betsy C. Manifold*
BETSY C. MANIFOLD

BETSY C. MANIFOLD
RACHELE R. BYRD
ALEX J. TRAMONTANO
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com

- 10 -

Case No. 15-MD-2670 DMS (MDD)

|   |   |
|---|---|
| 1 | byrd@whafh.com<br>tramontano@whafh.com |
| 2 | |
| 3 | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>THOMAS H. BURT |
| 4 | 270 Madison Avenue<br>New York, New York 10016 |
| 5 | Telephone: 212/545-4600<br>Facsimile: 212/545-4653 |
| 6 | burt@whafh.com |
| 7 | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC** |
| 8 | CARL MALMSTROM<br>111 West Jackson, Suite 1700 |
| 9 | Chicago, IL 60604<br>Telephone:  312/984-0000 |
| 10 | Facsimile:   312/212-4401<br>malmstrom@whafh.com |
| 11 | |
| 12 | *Class Counsel for the End Payer Plaintiffs* |

TUNA:28642

- 11 -

Case No. 15-MD-2670 DMS (MDD)