UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>The Commercial Food Preparer Actions | Case No. 15-MD-2670 DMS (MDD)<br><br>**ORDER GRANTING COMMERCIAL FOOD PREPARER PLAINTIFFS' MOTION FOR COSTS IN CONJUNCTION WITH COSI SETTLEMENT** |
|---|---|

## I. INTRODUCTION

Pending before the Court is the Commercial Food Preparer Plaintiffs ("CFPs") motion for costs and expenses in conjunction with final approval of their "ice-breaker" settlement with Defendant Chicken of the Sea International ("COSI") and its parent company, Defendant Thai Union Group PCL ("TUG") (collectively "COSI"). In a separate motion pending before the Court, the CFPs ask the Court for final approval of the COSI Settlement.

In accordance with the Court's Preliminary Approval Order dated January 26, 2022 (ECF No. 2735), the Court held a Final Approval Hearing on August 12, 2022. After a robust notice plan to the settlement class members advising them of the August 12, 2022 Final Approval Hearing Date and of their rights to object, no objections were received by the parties as to the settlement or as to the requested costs and expenses.[1] *See* ECF No. 2841 (Notice Regarding Dissemination of Settlement Notice with Accompanying Declaration of Jeanne Finegan), Cuneo Decl., ¶ 5. [No objectors appeared at the August 12, 2022 hearing.]

As to cost and expenses, the Court notes that the Class Notice advised COSI Settlement Class Members a portion of the Settlement Fund would be used by the Claims Administrator to administer notice and claims and detailed the specific cap of $3,000,000 for the sum of past expense reimbursement, notice and settlement administration costs, and class representative service awards from the settlement fund. *See* ECF No. 2841-1, Ex. A. Of significance, with regard to the litigation

---

[1] Although Class Counsel does not request an award of attorneys' fees out of the Settlement Fund, Class Counsel reserves the right to do so out of any recoveries from the non-settling Defendants.

expenses requested, Class Counsel does not seek an award of attorney fees, but only requests reasonable out of pocket litigation costs.[2]

The key monetary terms of the Settlement are as follows: (1) the settlement amount is $6,500,0000; and (2) up to $500,000 out of the settlement amount shall be used to cover the reasonable costs of Class and Settlement Notices and administration for distribution of the Settlement

This "icebreaker" settlement was the first settlement between CFPs and any Defendant. Although the parties finalized this early settlement before the District Court issued its decision certifying the Class, preliminary approval of this partial settlement was delayed until January 26, 2022.[3] The delay was due, in part, to the Defendants' appeal of the Court's Class Certification Opinion (ECF No. 1931). The Class Certification Opinion's appellate journey in the Ninth Circuit ended with an April 8, 2022 *en banc* decision of the Ninth Circuit upholding class certification. *See* ECF No. 2828 (Order re Mandate Hearing). While claims remain against StarKist Co. and Bumble Bee Foods LLC's parent companies ("Non-settling Defendants"), this initial settlement provides substantial relief including prosecution cooperation by the COSI Defendants to assist the CFPs in pursuing the other Non-settling Defendants.

In light of this substantial initial $6.5 million settlement, and for the reasons discussed below, the Court will approve certain specific costs and expenses, along

---

[2] The Class Notice advised the settlement class members that Class Counsel reserves the right to request an award of attorney fees out of any recoveries from the Non-settling Defendants and to base that request upon the benefits conferred by the COSI Settlement. ECF 2827, Ex. F (Class Notice) at 48, 52.

[3] *See* ECF No. 1931 (July 30, 2019 Class Certification Opinion) and ECF No. 2735 (January 26, 2022 Order Granting Commercial Food Preparer Plaintiffs' Renewed Motion for Preliminary Approval of Partial Settlement).

2

with settlement class representative service awards.

First, to cover the past and expected future costs of class notice and administration, the Court approves the request to pay up to $361,000 as past and future reasonable and necessary costs for notice and claims administration given the depth of the reach of the robust notice plan undertaken by the Claims Administrator. *See* ECF No. 2827 (Notice Declaration by Claims Administrator).

Second, the Court approves an Expense Award of $2,507,500.25 to reimburse Class Counsel for specific, reasonable, and necessary out of pocket litigation costs that they have incurred.

Finally, the Court approves settlement class representative service awards in the amount of $5,000 per settlement class representative, totaling $90,000, in recognition of the service performed by the settlement class members in prosecuting this action.

## II. DISCUSSION

Under FRCP Rule 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement." This rule is equitable in nature and "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Here, Class Counsel is not requesting an award of attorneys' fee. The Court finds when considering an equitable analysis based on the financial burden incurred by plaintiffs in achieving a substantial financial benefit to the settlement class ($6,500,000) after surviving multiple motions to dismiss and completing substantive and class discovery, an award of reasonable costs is appropriate.

As an initial crosscheck to the reasonableness of Class Counsel's request for expense reimbursement of $2,507,500.25 to, the Court considers the DPPs' request for out of pocket costs of $4,410,636.71. *See* Memorandum of Points and

3

Authorities in Support of Direct Purchaser Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards for the Class Representatives in Conjunction with COSI/TUG Settlement, ECF No. 2785-1 at 19-20. The DPPs' expense request arises out of a contested fee dispute decided by a well-respected arbitrator and includes an award of similar expert costs as well as litigation expenses. The comparison is appropriate because the various MDL tracks (including the classes) coordinated and equally shared litigation expenses for document hosting, translations, and discovery costs to create efficiencies and engaged similar econometric experts to model the relevant market for their respective class. As a result, the Court finds that the contested DPP expense request is good crosscheck on the reasonableness and fairness of Settlement Class Counsel's request.

### A. Notice and Administration Costs Are Reasonable

The claims administrator expended substantial efforts and incurred significant expenses in providing a robust and expansive class notice. Ferruzzi Decl., ¶ 4. Kroll has delivered over 55 million display, search, and social media impressions *See* 2841-1, Second Supplemental Notice Decl., ¶¶ 5-29. The Court finds that these are standard expenses incurred by a claims administrator in creating and implementing a robust notice plan in a complex action with antitrust and other claims. After reviewing these submissions, the Court finds that the requested costs of class notice and administration are reasonable in light of the robust notice plan reaching thousands of settlement class members and warrants approval by the Court under the terms of the Settlement Agreement.

### B. An Award of Class Counsel's Reasonable Expenses Is Warranted

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995) (citation omitted). Such expense awards comport with the notion that the district court may "spread the costs of the litigation among the

recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

Class Counsel has incurred expenses of $2,507,500.25 in the prosecution of this Action.[4]  Cuneo Decl., ¶ 3,4, **Ex. 2.**  Class Counsel provides a breakdown of the unreimbursed expenses necessarily incurred by counsel in this case.  *Id.*, **Ex. 2**. For example, Class Counsel seeks reimbursement for expert fees ($2,134,918.87) along with reimbursement various other expenditures, including filing fees, service of process, legal research, document storage, photocopying, court reporters, and translation fees. *Id*.  The Court finds that these costs were reasonable and necessary to achieve this early 'ice breaker' settlement in a complex antitrust conspiracy between the three dominant manufacturers of packaged tuna.  This figure represents the amount of specific costs incurred by Interim Lead and Class Counsel in prosecuting this action. Cuneo Decl., ¶¶ 3, 12, Ex. 2.

These are standard expenses incurred in prosecuting a civil lawsuit of this kind, and are the type of expenses typically billed by attorneys to paying clients in the marketplace.  These expenses are in line with those approved by courts in this District and are all the type of expenses routinely charged to hourly paying clients. *See, e.g., In re LendingClub Sec. Litig.*, 2018 U.S. Dist. LEXIS 163500, at *15 (N.D. Cal. 2018) (expenses such as expert and consultant fees, court fees, travel and lodging costs, legal research fees, and copying expenses were reasonable and

---

[4] In March 2016, the Court appointed Cuneo Gilbert & LaDuca, LLP as interim lead counsel for the CFP Class. ECF No. 119. Interim lead counsels' responsibilities included procedures to monitor expenditures, maintain expense reports, employ experts, and generally conduct all pre-trial, trial and post-trial proceedings, Class Counsel has affirmed to the Court they diligently performed these tasks and have incurred reasonable and necessary expenses in doing so.

5

recoverable); *In re High-Tech Emple. Antitrust Litig.*, 2015 U.S. Dist. LEXIS 118052, at *58-59 (N.D. Cal. 2015).

The Court finds an expense reimbursement award of $2,507,500.25 to be fair and reasonable.

### C. Class Representative Service Awards are Warranted

CFPs request and have noticed settlement class representative service awards in the amount of $5,000 per settlement class representative, totaling $90,000. *See* 2841-1, Second Supplemental Notice Decl.

The incentive awards for the class representatives contemplated by the Settlement Agreement reflect the work they undertook on behalf of the Class. Class representatives have had an opportunity to review the complaints, communicated with counsel, reviewed their records, engaged in discovery, and many have sat for depositions. Cuneo Decl. at ¶ 26.

The requested Settlement Class Representative Awards are reasonable and warranted here. *See Lloyd v. Navy Fed. Credit Union,* 2019 WL 2269958, at *15 (S.D. Cal. May 28, 2019) (granting in party motion for final approval of settlement proposing $5,000 service award) *see also In re Chrysler-Dodge-Jeep Ecodiesel® Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 17-MD-02777-EMC, 2019 WL 2554232, at *2 (N.D. Cal. May 3, 2019) (Granting motion for final approval of settlement proposing $5,000 service award); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) (observing that "as a general matter, $5,000 is a reasonable amount"). Therefore, the requested awards of $5,000 per class member are granted.

### III. CONCLUSION

The Court finds that the requested costs and expenses are reasonable, necessary, and fair and warrant final approval. The Court hereby ORDERS as follows:

(i) The costs of class notice and settlement administration of $361,000 may

    be paid;

  (ii) Expense reimbursement in the amount of $2,507,500.25 is approved to be paid; and

  (iii) Class representative service awards in the amount of $5,000 per settlement class representative, totaling $90,000, may be paid.

**IT IS SO ORDERED.**

Dated: August 19, 2022

            _____
            Hon. Dana M. Sabraw, Chief Judge
            United States District Court