BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
ALEX J. TRAMONTANO (276666)
tramontano@whafh.com
**WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Class Counsel for the End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 15-MD-2670 DMS (MDD) |
| | **END PAYER PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RENEWED MOTION FOR APPROVAL OF CLASS NOTICE PLAN AND MOTION TO SHIFT NOTICE COSTS ONTO DEFENDANT STARKIST** |
| This Document Relates To: | |
| End Payer Plaintiffs Class Track | DATE:    February 24, 2023<br>TIME:    1:30 P.M.<br>JUDGE:  Hon. Dana M. Sabraw<br>CTRM:  13A (13th floor) |

Case No. 15-MD-2670 DMS (MDD)

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 5

II.     RELEVANT PROCEDURAL BACKGROUND ........................................... 6

     A.      Class Order is Upheld by the Ninth Circuit........................................... 6

     B.      EPPs' Previous Requests to Disseminate Class Notice and Delay of
            Class Notice Due to Defendant StarKist's Objections ......................... 7

     C.      Summary Judgment Granted Against Non-Settling Defendant
            StarKist ................................................................................................... 9

III.    LEGAL STANDARD ............................................................................... 10

IV.     ARGUMENT ........................................................................................... 11

     A.      Court Should Appoint JND as Class Notice Administrator ................ 11

     B.      The Proposed Method of Class Notice Satisfied Rule 23 and Due
            Process and Should be Approved .......................................................... 12

           1.      Plan Delivery Estimated to Reach Over 70% ..................... 13

           2.      Notice Design and Content Complies with Rule 23 ............ 14

     C.      Defendant StarKist Should Pay the Increased Costs of Notice .......... 16

           1.      Applicable Law on Shifting Burden of Notice Costs on
               Defendants ........................................................................... 16

           2.      Shifting Notice Costs Warranted Based on Defendant StarKist's
               Liability Through Summary Judgment ............................... 17

           3.      Defendant StarKist's Objections Blocked EPPs' Robust and
               Cost Effective Class Action Notice Plan Based on the
               Efficiencies of the Settlement Notice Plan ......................... 18

V.      CONCLUSION ........................................................................................ 19

Case No. 15-MD-2670 DMS (MDD)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bakov v. Consol. World Travel*,
No. 1:15-cv-02980, 2021 U.S. Dist. LEXIS 174859
(N.D. Ill. Aug. 12, 2021)…………………………………………………17, 18

*Beck-Ellman v. Kaz USA, Inc.*,
No. 3:10-CV-02134-H-DHB, 2013 U.S. Dist. LEXIS 60182
(S.D. Cal. Jan. 7, 2013)...................................................................14

*Bickel v. Whitley Cnty. Sheriff*,
No. 1:08-CV-102, 2010 U.S. Dist. LEXIS 139516
(N.D. Ind. Dec. 27, 2010) ...............................................................16, 18

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) ........................................................12

*Bruno v. Quten Research Inst., LLC*,
No. SACV 11-00173 DOC(Ex), 2012 U.S. Dist. LEXIS 196467
(C.D. Cal. July 16, 2012).................................................................12

*Catlett v. Missouri Highway and Transp. Comm'n*,
589 F. Supp. 949 (D. Mo. 1984)……………………………………… 17

*Chinitz v. Intero Real Estate Servs.*,
No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999
(N.D. Cal. Dec. 1, 2020)..................................................................14

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)........................................................................11

*Fournigault v. Indep. One Mortg. Corp.*,
242 F.R.D. 486 (N.D. Ill. 2007) ......................................................17

*Hartman v. Wick*,
678 F. Supp. 312 (D.D.C.1988)……………………………………… 17, 18

*Hunt v. Imperial Merch. Servs., Inc.*,
560 F.3d 1137 (9th Cir. 2009). ..................................................*passim*

*Macarz v. Transworld Sys., Inc.*,
201 F.R.D. (D. Conn. 2001)……………………………………………….. 17, 18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950)...........................................................................................11

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ………………………………………………….7

*Reiter v. Sonotone Corp.*,
442 U.S. 330 (1979)........................................................................................14

*Ross v. Trex Co.*,
No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081
(N.D. Cal. Mar. 4, 2013)...............................................................................15

*Silber v. Mabon*, 18 F.3d 1449
(9th Cir. 1994) ...............................................................................................12

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
641 F. Supp. 259, 264 (D. Ariz. 1986) .......................................................16, 17

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure

Rule  23 ..........................................................................................5, 12, 14

Rule  23(b)(3) ....................................................................................10, 11

Rule 23(c)(2)(B) .......................................................................................*passim*

**SECONDARY AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 (2004)...........................11

3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg,
*Newberg on Class Actions* § 8:6 (4th ed. 2007) ...........................................15

Case No. 15-MD-2670 DMS (MDD)

## I.  __INTRODUCTION__

End Payer Plaintiffs ("EPPs"), on behalf of themselves and all members of the certified EPP Class in the above-referenced action, hereby submit this proposed plan for dissemination of class notice to the EPP Class (the "Class Notice Plan").

First, EPPs will and hereby do request, under Rule 23 of the Federal Rules of Civil Procedure, for entry of an Order: (i) Appointing JND Legal Administration LLC ("JND") as the notice administrator; (ii) Approving the Class Notice Plan as the "best notice that is practicable under the circumstances"; (iii) Setting a deadline (the "Opt Out Deadline") for persons to seek exclusion from the Class; and (iv) Approving the form and content of the proposed class notice(s) ("Class Notice").

As discussed more fully *infra* EPPs' Class Notice Plan satisfies Federal Rule of Civil Procedure 23 and comports with due process. The Class Notice Plan is the best practicable under the circumstances. *See* Declaration of Gina Intrepido-Bowden ("Intrepido-Bowden Decl."), ¶ 9 and Declaration of Betsy C. Manifold ("Manifold Decl."), ¶ 3. Following the United States Supreme Court's denial of the Defendants' petition for writ of certiorari re: class certification, the Non-Settling Defendants no longer object to the dissemination of Class Notice on the grounds that notice is premature.[1] Manifold Decl., ¶ 2; ECF No. 2936 (Notice from the United States Court of Appeals for Ninth Circuit dated November 16, 2022).

Second, EPPs request that the cost of notice in the estimated amount of $410,625 be shifted to Non-Setting Defendant StarKist. Manifold Decl., ¶ 9. As discussed more fully *infra* shifting notice costs to StarKist after Non-Settling Defendant StarKist's liability was found through summary judgment (ECF No. 2750) and after StarKist forced the Class to incur increased notice costs, is

---

[1] "Non-Settling Defendants" include: StarKist Company and its parent company, Dongwon Industries Co., Ltd ("collectively StarKist"); and Lion Capital (Americas), Inc. and Lion Capital, LLP, the parent companies of Bumble Bee Foods, LLC.

appropriate. "District Courts may order a class defendant to pay the cost of class notification after they determine that the defendant is liable on the merits." *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009).

EPPs respectfully request that the Court approve the proposed Class Notice Plan and order Non-Settling Defendant StarKist to pay the costs of such notice ("Class Notice Plan Order"). In the Class Notice Plan Order, the EPPs propose the following schedule:

| Deadline to Launch Media Campaign | 15 Days After Approval Order (March 11, 2023)* |
|---|---|
| Deadline for Completion of Class Notice Plan | 85 Days After Approval Order (May 20, 2023) |
| Deadline for Filing Affidavit Attesting that Class Notice was Disseminated as Ordered | 115 Days After Approval Order (June 19, 2023) |
| Deadline for Class Members to Opt Out | 125 Days After Approval Order (June 29, 2023) |
| Deadline for Plaintiffs to Submit Proposed Order re: Exclusions | 130 Days After Approval Order (July 5, 2023) |

*For the sake of calculation, assumes Approval Order granted on the hearing date.

## II.    RELEVANT PROCEDURAL BACKGROUND

To properly understand the timing and context of this Class Notice Plan, it is important to review the procedural history of the Class Order and EPPs' repeated attempts to disseminate Class Notice.

### A.    Class Order is Upheld by the Ninth Circuit

On July 30, 2019, the Court certified EPPs' and the other Plaintiffs' classes ("the Classes"). *See* ECF No. 1931 ("Class Order"). On August 13, 2019, Defendants filed a Rule 23(f) petition with the United States Court of Appeals for

- 2 -

the Ninth Circuit seeking permission to appeal the Class Order. *See Olean Wholesale Grocery Coop v. Bumble Bee Foods LLC*, No. 19-80108 (9th Cir. Aug. 13, 2019); ECF No. 1-3. On December 20, 2019, the Ninth Circuit granted the petition. *See* ECF No. 2248 ("Notice of Appeal").

On April 6, 2021, a three judge panel of the Ninth Circuit vacated the Class Order and remanded the decision back to the District Court for further consideration. On August 3, 2021, following a vote of non-recused active judges, the Ninth Circuit vacated the April 6, 2021 decision ordering that an eleven judge panel rehear the case. On April 8, 2022, the Ninth Circuit upheld the Class Order. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); ECF No. 2828 ("Order re: Mandate").

After the Ninth Circuit en banc decision upholding the Class Order, Defendants submitted a writ of certiorari to the Supreme Court which was denied on November 16, 2022. ECF No. 2936.

### B.  EPPs' Previous Requests to Disseminate Class Notice and Delay of Class Notice Due to Defendant StarKist's Objections

As detailed below, on three separate occasions after the Class Order was issued by the District Court, the EPPs requested the Court's permission to disseminate notice to the Class. On two separate occasions, Defendant StarKist opposed dissemination as premature and/or confusing. The Non-Settling Defendants no longer oppose class notice as premature. Manifold Decl., ¶ 2.

### *First Request to Disseminate Class Notice*

Pursuant to the Class Order (ECF No. 1941 at 59), on August 29, 2019, the EPPs submitted a proposed plan for dissemination of class notice (the "First Class Notice Request"). On January 28, 2020, "[g]iven the pending appeal," the Court denied the motion without prejudice as "premature." ECF No. 2272 at 1.

Case No. 15-MD-2670 DMS (MDD)

***<u>Second Request to Disseminate Class Notice</u>***

EPPs finalized their Settlement with the Chicken of the Sea Defendants ("the COSI Settlement") ***just before*** the District Court issued the Class Order. After the Class Order issued, EPPs then anticipated disseminating a notice that jointly notifies both the Class and a COSI Settlement Class ("Second Class Notice Request"). *See* ECF No. 1921 (Joint Motion for Stipulation Holding Deadlines in Abeyance as to Tri-Union Seafoods LLC and Thai Union Group PCL). However, based on the status of the appeal, the Non-Settling Defendants objected to the Second Class Notice Request. ECF Nos. 2581, 2588. On May 11, 2021, the Court denied EPPs' motion for preliminary approval of the COSI Settlement (ECF No. 2552), including the Second Class Notice Request, as premature given the pending appeal. ECF No. 2593.

After en banc review of the Class Order was granted, on November 10, 2021, the Court agreed to rule on the EPPs' pending motion for preliminary approval of the COSI Settlement and invited counsel to address concerns raised by the Court in a renewed motion. ECF No. 2651 ("November 10, 2021 Order"). After supplemental briefing, on January 26, 2022, the Court granted preliminary approval of the partial settlement and approved a Settlement Notice Plan. *See* ECF No. 2734 ("Preliminary Approval Order").

***<u>Third Request to Disseminate Class Notice</u>***

On July 15, 2022, after the Ninth Circuit issued its en banc decision upholding the Class Order and no appeal was pending, the Court granted final approval of the COSI Settlement. *See* ECF Nos. 2871, 2872. As part of the final approval process, the Court also approved a further distribution of $97,870 to cover a reminder media campaign as provided under the Settlement Notice Plan. ECF No. 2872 at 4. The Court also agreed to Class Counsel's request that the proposed follow up media

- 4 -

Case No. 15-MD-2670 DMS (MDD)

campaign for the COSI Settlement Notice be delayed for several weeks in order for Class Counsel to submit a Class Notice Plan. *Id.* at 8.

Combining the follow up media campaign under the Court-approved Settlement Notice Plan and a proposed Class Notice Plan ("Third Class Notice Request") would permit a more efficient and cost effective Class Notice program and allow EPPs to build upon the successful media campaign undertaken in the Settlement Notice Plan. On July 29, 2022, EPPs submitted a Class Notice Plan utlilizng the efficiencies achieved from the re-targeting data collection provided by the COSI Settlement Plan. ECF No. 2881. EPPs advised the Court and Defendant StarKist that the re-targeting date was only available for a limited window of time – until October 2022 – and resulted in substantial savings on the costs of Class Notice. ECF No. 2893-1 (Intrepido-Bowden Declaration dated August 17, 2022), ¶¶ 4, 5. (availability of audience data collection for re-targeting effort expires October 2022); ECF No. 2893-2 (Declaration of Betsy C. Manifold dated August 17, 2022), ¶¶ 7- 9 (costs of disseminating Class Notice $300,000 based on use of re-targeting data and further reduced by $97,870 from media set-aside from COSI Notice campaign).

Despite the substantial efficiencies achieved by the proposed Class Notice Plan, Defendant StarKist nonetheless objected to the dissemination of Class Notice as premature and confusing based on their intent to petition the Supreme Court for a writ of certiorari. ECF No. 2890. On August 29, 2022, based on StarKist's objection, the Court denied the motion as premature and confusing. ECF No. 2906.

## C. Summary Judgment Granted Against Non-Settling Defendant StarKist

On September 19, 2019, Plaintiffs Winn-Dixie Stores, Inc., Associated Wholesale Grocers, Inc., and W. Lee Flowers & Co. (collectively "Direct Action Plaintiffs" or "DAPs") filed a motion for partial summary judgment against StarKist (ECF No. 2035 ("DAP Mot.")); and EPPs filed a motion for partial summary

- 5 -

judgment against StarKist and Bumble Bee Foods, LLC ("Bumble Bee") (ECF No. 1993 ("EPP Mot.")).

The Court noted that: "StarKist pled guilty to 'participat[ing] in a conspiracy . . . the primary purpose of which was to *fix, raise and maintain the prices* of packaged seafood.'" EFC No. 2750 at 14.

The Court granted in part and denied in part the EPP and DAP motions as follows: "a. StarKist's guilty plea establishes knowing participation in a price-fixing conspiracy with its competitors. As a participant in the conspiracy, StarKist engaged in the fixing, raising, and maintaining of prices of canned tuna products for the period **from at least as early as November 2011 and continuing through at least as late as December 2013**. . . . b. StarKist was participating in the conspiracy as of and from June 1, 2011 . . . ." EFC No. 2750 at 32 (emphasis added). [2]

## III.   LEGAL STANDARD

After a court certifies a class under Federal Rule of Civil Procedure 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely identify:

    (i)    the nature of the action;
    (ii)   the definition of the class certified;

---

[2] StarKist's plea agreement also recognizes the importance of restitution to the victims of its wrongdoing: "The United States and the defendant agree that the defendant may request a reduction of the Guidelines fine of $100 million solely pursuant to U.S.S.G. §8C3.3 due to an alleged inability of the defendant to pay the Guidelines fine, even with a reasonable installment schedule, without impairing its ability to make restitution to victims or without substantially jeopardizing its continued viability." Manifold Decl., Ex. B (StarKist Plea Agreement, ¶ 11).

(iii)   the class claims, issues, or defenses;

(iv)   that a class member may enter an appearance through an attorney if the member so desires;

(v)   that the court will exclude from the class any member who requests exclusion;

(vi)   the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* Class notice must afford potential class members the ability to "make an informed decision about their participation [in the litigation]." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 at 289 (2004) ("Manual").

To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). There is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather "individual notice must be provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974); *see also* Manual § 21.311 n.882.

## IV.   **ARGUMENT**

### A.   **Court Should Appoint JND as Class Notice Administrator**

EPPs propose JND as the administrator for the Class Notice Plan. JND, a nationally recognized notice and claims administration firm, successfully conducted a robust court-approved Settlement Notice Plan in this litigation which exceeded expectations. *See* ECF Nos. 2871, 2872.[3] JND is well-qualified to perform the tasks

---

[3] In granting final approval of the COSI Settlement, the Court found that "(JND) engaged in a notice program with an appropriate depth of reach for a settlement class." ECF No, 2871 at 2-3. The Court continued, "settlement class members received the best notice that is practicable in such a large consumer action." *Id.* The Court further determined that "due process was satisfied and the Notice Program

- 7 -

Case No. 15-MD-2670 DMS (MDD)

associated with administering the notice procedures outlined in the Class Notice Plan. EPPs respectfully request that JND be appointed as the notice administrator.

## B.    The Proposed Method of Class Notice Satisfied Rule 23 and Due Process and Should be Approved

When evaluating the adequacy of class notice, a court should look to its reasonableness. *See Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994) (concluding that the appropriate question remains "what notice is reasonably certain to inform the absent members of the plaintiff class," and the appropriate standard is the "best notice practicable"). *Id.* at 1454 (internal citation and quotations omitted). As courts have explained, "Rule 23 requires only the 'best notice that is *practicable under the circumstances*, including individual notice to all members who can be identified through *reasonable effort*.'" *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017) (quoting Fed. R. Civ. P. 23(c)(2)(B)); *see also Bruno v. Quten Research Inst., LLC*, No. SACV 11-00173 DOC(Ex), 2012 U.S. Dist. LEXIS 196467, at *4 (C.D. Cal. July 16, 2012) ("Notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice."). Likewise, due process does not require actual, individual notice in all cases. *Briseno*, 844 F.3d at 1129. Courts have routinely permitted alternative means such as notice through third parties, paid advertising, posting in places frequented by class members, and notice by publication in a periodical or on a website, all without offending due process. *Id.* (citations omitted).

EPPs' Class Notice Plan meets these standards. Here, the combined Class exceeds 100 million Class Members located throughout the United States and Guam.

---

provided adequate notice to settlement class members in a reasonable manner through all major and common forms of media." *Id.* at 15.

- 8 -

Due to the sheer multitude of Class Members, EPPs' proposed method of providing notice to the Class (described in detail below) is adequate and reasonable under the circumstances. A substantially similar proposed method of notice dissemination was also approved by the Court in the COSI Settlement. *See* ECF No. 2871.

### 1.   Plan Delivery Estimated to Reach Over 70%

Here, the plan delivery is estimated to reach over 70% of the Class as evaluated by JND.

To calculate reach, JND used a Comscore reach and frequency platform. According to this reputable media reach platform, the proposed Notice Plan will reach more than 70% of likely Class Members. Intrepido-Bowden Decl., ¶ 10. [4] This reach will be achieved via digital placements with the leading digital network GDN (Google Display Network) and two of the top social media platforms (Facebook and Instagram). *Id*.[5] Reach will be further extended by the direct notice effort to COSI Settlement claimants, the internet search campaign, and the distribution of a national press release in English and Spanish. These additional efforts will extend reach

---

[4] Based on JND's analysis, the proposed media effort will broadly target adults 18 years of age or older ("Adults 18+"), with a portion of their efforts allocated to Spanish speakers. *Id*. at ¶ 14. In terms of media usage, MRI data indicates that Canned Tuna Purchasers are active internet users: 97% are on the internet in a 30-day period; 85% use their cellphone or smartphone to access the internet; 64% visit Facebook; and 36% visit Instagram in a 30-day period. *Id*. at ¶ 15.

[5] JND identifies the media campaign elements of the Class Notice Plan as "Digital Effort," "Internet Search Campaign," and "Press Release." *Id*. at ¶¶ 17-19. The Digital Effort alone includes 392 million impressions distributed over 10 weeks across all devices (desktop, laptop, tablet and mobile), with an emphasis on mobile. *Id*. at ¶ 17. Activity is served over GDN, a vast network that reaches over 90% of internet users, and Facebook and Instagram, two popular social media platforms. *Id*.

Case No. 15-MD-2670 DMS (MDD)

beyond 70 *Id*. at ¶ 10. The provided reach is similar to that of other court-approved programs and meets the standard set forth by the FJC. *Id*. at ¶ 26.

As mentioned above, this Class Notice Plan also includes **direct** notice to COSI Settlement Claimants. JND will send an updated notice to all COSI Settlement Claimants to alert them to the class litigation and their option to remain in the Class and receive their COSI Settlement payments or opt out of the Class and withdraw their COSI Settlement Claim. *Id*. at ¶¶ 10, 19(a).

Courts have repeatedly held that notice plans with similar reach satisfy Rule 23(c)(2)(B). *See Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 U.S. Dist. LEXIS 60182, at *11, 24 (S.D. Cal. Jan. 7, 2013) (approving notice plan designed to reach at least 70% of class members); *Chinitz v. Intero Real Estate Servs.*, No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999, at *2 (N.D. Cal. Dec. 1, 2020) (same). "The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable." *Id*. at *5 (citing Fed. Jud. Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited Jan. 12, 2023)). District courts have "'broad power and discretion vested in them by [Rule 23]' in determining the parameters of appropriate class notice." *Id.* at *5 (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979)).

### 2.   Notice Design and Content Complies with Rule 23

The notice documents have been written in plain language and comply with the requirements of Rule 23, the Due Process Clause of the United States Constitution, and the FJC's Guidelines for class action notices. Intrepido-Bowden Decl., ¶ 27, Exs. B, C, D. The notices contain clear and understandable summaries

of the litigation and the options that are available to Class Members.[6] *Id.* Additionally, the notice documents provide instructions on how to obtain more information about the litigation. *Id.*

To the extent that some Class Members may speak Spanish as their primary language, the printed notice documents include a subheading in Spanish directing Spanish-speaking Class Members to visit the case website or to call the toll free number for a Spanish-language notice. *Id.* at ¶ 28. Digital notices and press release will also be translated into Spanish. *Id.*

Based on their knowledge and expertise, JND believes that the Class Notice Plan is the best practicable under the circumstances. *Id.* at ¶ 29. The Class Notice Plan is designed to effectively reach more than 70% of potential Class Members and provide them with information to understand their rights and options and the ability to learn next steps (learn more, opt out, or ask questions). *Id. See Ross v. Trex Co.,* No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081, at *6 (N.D. Cal. Mar. 4, 2013) ("Due Process does not entitle a class member to 'actual notice' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard."), *id.* (citing *Silber*, 18 F.3d at 1453-54).

---

[6] The Non-Settling Defendants were given an opportunity to review and comment on the Class Notice(s). To the extent such changes offered clear and understandable language for better understanding of the litigation by Class Members, they were incorporated by counsel. Manifold Decl., ¶ 11.  Certain proposed changes by Defendant StarKist were not accepted by the EPPs because they failed this standard. *Id.,* Ex. A.

- 11 -

## C.    Defendant StarKist Should Pay the Increased Costs of Notice

### 1.    Applicable Law on Shifting Burden of Notice Costs on Defendants

There exists "a general principle that 'interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure.'" *Hunt*, 560 F.3d at 1143 (quoting 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, *Newberg on Class Actions* § 8:6 (4th ed. 2007)).

*Hunt* held that the district court's decision to shift notice costs to the defendant, after defendant's liability was found through summary judgment, was not an abuse of discretion and established the rule that. "District courts may order a class action defendant to pay the cost of class notification after they determine that the defendant is liable on the merits. They may in an appropriate case shift these notice costs *even when the liability decision is under appeal.*" *Hunt*, 560 F.3d at 1144 (emphasis added). The Court reasoned that there is "no reason to suspend a district court's authority to shift notice costs based on a liability determination until after the time period for an appeal on liability has expired." *Id*. 560 F.3d at 1143-44; *see Bickel v. Whitley Cnty. Sheriff*, No. 1:08-CV-102, 2010 U.S. Dist. LEXIS 139516, at *4-5 (N.D. Ind. Dec. 27, 2010) (same). The shifting of notice costs is "left to the sound discretion of district courts, once liability on the merits has been determined in the first instance." *Hunt*, 560 F.3d at 1144. "In such circumstances, the district courts are not required in all cases to shift notice costs but instead may consider *the totality of circumstances* to decide whether shifting notice costs is just in that particular case." *Id*. (emphasis added).

As noted in *Hunt*, many district courts have placed notice costs on the defendant once the defendant's liability has been established. In *Six (6) Mexican Workers v. Ariz. Citrus Growers*, defendants' liability was established after a bench trial and the court directed the defendants to "pay the cost of notice and distribution

- 12 -

to individual class members" "[b]ased upon the ramifications resulting from the defendants intentional failure to properly maintain records . . . the fact that the liability of the defendants will have already been established." 641 F. Supp. 259, 264 (D. Ariz. 1986).[7]

One court even shifted the cost of class action notice onto the defendant *prior* to the determination of liability as the judge reasoned "[g]iven my impression of the outcome of the liability issue, I think circumstances exist which justify the exceptional requirement of Defendant bearing the cost of notice." *Fournigault v. Indep. One Mortg. Corp.,* 242 F.R.D. 486, 490 (N.D. Ill. 2007).

## 2. Shifting Notice Costs Warranted Based on Defendant StarKist's Liability Through Summary Judgment

Considering the totality of the circumstances, directing Defendant StarKist to pay the cost of Class Notice in the amount of $410,625 is warranted. *See* Manifold Decl., ¶ 9. First, StarKist has already been found liable through partial summary

---

[7] S*ee also Bickel*, 2010 U.S. Dist. LEXIS 139516, at *3 (granting Plaintiff's request to shift class notice costs to Defendant based on summary judgment and noting "district courts have placed notice costs on the class action defendant once the defendant's liability has been established"); *Bakov v. Consol. World Travel*, No. 1:15-cv-02980, 2021 U.S. Dist. LEXIS 174859, at *2-3 (N.D. Ill. Aug. 12, 2021) (finding that, after summary judgement was granted in favor of Plaintiffs, "Defendant . . . is ordered to bear the costs of providing notice to the nationwide class"); *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58-59 (D. Conn. 2001) (ordering defendants to bear the notice costs after liability determined on summary judgment and observing that "a number of courts have held that where notice is to occur *after* liability has been determined, the defendant appropriately bears the costs"); *Hartman v. Wick*, 678 F. Supp. 312, 329 (D.D.C. 1988) (ordering defendants to pay notice costs where liability of defendants was already established); *Catlett v. Missouri Highway and Transp. Comm'n*, 589 F. Supp. 949, 952 (D. Mo. 1984) (shifting notice costs "because the liability of the [defendant] has been established" in the liability phase of a bifurcated trial).

judgment. *See* § II.C. Second, StarKist's objection to the dissemination of Class Notice after the Ninth Circuit's en banc decision upholding the Class Order delayed the proposed Class Notice Plan and doubled the costs of Class Notice (raising estimate from $200,000 to $400,000. *See* § II.B.

In ruling on the EPP's Motion for Partial Summary Judgment (ECF No. 1993), the Court found that "StarKist's guilty plea establishes knowing participation in a price-fixing conspiracy with its competitors" and "[a]s a participant in the conspiracy, StarKist engaged in the fixing, raising, and maintaining of prices of canned tuna products for the period **from at least as early as November 2011 and continuing through at least as late as December 2013**." EFC No. 2750 at 31 (emphasis added). This case mirrors *Hunt*, the leading Ninth Circuit case on the class notice cost-shifting issue. As in *Hunt*, *Bickel*, *Bakov*, *Marcarz*, and *Hartman*, StarKist's liability has been established and this Court should exercise its discretion to shift class notice costs to StarKist. It would be in the interest of justice to do so here since StarKist's repeated objections (as discussed below) delayed the dissemination of Class Notice and doubled the costs of doing so. Otherwise Class Members, the true victims of StarKist's price fixing conspiracy, will ultimately and unfairly bear the substantial costs of Class Notice.

### 3. Defendant StarKist's Objections Blocked EPPs' Robust and Cost Effective Class Action Notice Plan Based on the Efficiencies of the Settlement Notice Plan

As discussed in Section II.B., EPPs sought to disseminate Class Notice as part of a follow up COSI Settlement Notice campaign in order to reduce Class Notice costs. The costs of Class Notice would have been be offset by the $97,870 media costs set aside from the COSI Settlement and further benefitted from the substantial, and since expired, re-targeting data that had already been collected during the robust COSI Settlement Notice Plan. ECF No. 2893-2, ¶¶ 7-9 (notice costs approximately

$300,000 based on use of re-targeting data and further reduced by $97,870 from media set-aside from COSI Notice campaign); Manifold Decl., ¶¶ 7-8.

Based on input from JND, Class Counsel estimated notice costs to be approximately $300,000 if provided as part of COSI Settlement follow up campaign and if the re-targeting data was available for use. *Id*. As reported to the Court and Defendant StarKist, JND could only maintain the large volume of re-targeting data collected until October 2022 due to applicable privacy statutes. ECF No. 2893-1, ¶¶ 4, 5. (audience data collected for re-targeting effort expires October 2022). As such, the delay of Class Notice has now substantially increased the costs of Class Notice to over $400,000, or nearly doubled the out of pocket expense to Class Members. Manifold Decl., ¶ 9.

As a result of StarKist's August 2022 demand to delay the dissemination of Class Notice after the Ninth Circuit's en banc decision upholding the Class Order, notice costs doubled to $410,625. Manifold Decl., ¶ 9. Class Members, who are the victims of Defendants' price-fixing conspiracy, should not have to bear the substantial burden of these costs. Class Counsel made extraordinary efforts to minimize the costs of the best notice practicable. But for Defendant StarKist's request to delay notice, a more cost effective and efficient notice could have been disseminated. It is in the interest of justice that Class Members not be obligated to bear the burden of substantial increased cost attributable only to Defendant StarKist's failed petition for a writ of certiorari.

Accordingly, this Court should exercise its discretion in shifting the cost of notice in the estimated amount of $410,625 onto Defendant StarKist.

## V.    **CONCLUSION**

EPPs' Class Notice Plan fully comports with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process because it constitutes the best notice practicable under the circumstances. Based on the foregoing, EPPs respectfully

- 15-

Case No. 15-MD-2670 DMS (MDD)

request that this Court: (i) appoint JND as the notice administrator; (ii) approve the Class Notice Plan; (iii) set a deadline for opt outs; (iv) approve the form and content of the Class Notice; and (v) order Defendant StarKist to bear the cost of notice.

Dated: January 17, 2023                          Respectfully submitted,

                                                 **WOLF HALDENSTEIN ADLER**
                                                 **   FREEMAN & HERZ LLP**

                                                 */s/ Betsy C. Manifold*
                                                 BETSY C. MANIFOLD

                                                 BETSY C. MANIFOLD
                                                 RACHELE R. BYRD
                                                 ALEX J. TRAMONTANO
                                                 750 B Street, Suite 1820
                                                 San Diego, CA 92101
                                                 Telephone: 619/239-4599
                                                 Facsimile: 619/234-4599
                                                 manifold@whafh.com
                                                 byrd@whafh.com
                                                 tramontano@whafh.com

                                                 **WOLF HALDENSTEIN ADLER**
                                                 **   FREEMAN & HERZ LLP**
                                                 THOMAS H. BURT
                                                 270 Madison Avenue
                                                 New York, New York 10016
                                                 Telephone: 212/545-4600
                                                 Facsimile: 212/545-4653
                                                 burt@whafh.com

                                                 **WOLF HALDENSTEIN ADLER**
                                                 **   FREEMAN & HERZ LLC**
                                                 CARL MALMSTROM
                                                 111 West Jackson, Suite 1700
                                                 Chicago, IL 60604
                                                 Telephone:  312/984-0000
                                                 Facsimile:  312/212-4401
                                                 malmstrom@whafh.com

                                                 *Class Counsel for the End Payer Plaintiffs*

- 16 -

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2023, I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system, and served counsel of record via this Court's CM/ECF system.

/s/ *Betsy C. Manifold*
BETSY C. MANIFOLD
manifold@whafh.com

TUNA: 28969

- 17 -

Case No. 15-MD-2670 DMS (MDD)