BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
ALEX J. TRAMONTANO (276666)
tramontano@whafh.com
**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:   619/239-4599
Facsimile:   619/234-4599

*Class Counsel for the End Payer Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 DMS (MDD) |
| | **DECLARATION OF BETSY C. MANIFOLD IN SUPPORT OF END PAYER PLAINTIFFS' RENEWED MOTION FOR APPROVAL OF CLASS NOTICE PLAN AND MOTION TO SHIFT COSTS ONTO DEFENDANT STARKIST** |
| This Document Relates to: | |
| End Payer Plaintiffs Class Track | DATE:      February 24, 2023<br>TIME:       1:30pm<br>JUDGE:   Hon. Dana M. Sabraw<br>COURT:   13A (13th floor) |

No. 15-MD-2670 DMS (MDD)

I, Betsy C. Manifold, declare as follows:

1.     I am an attorney duly licensed to practice before all the courts of the State of California. I am a member of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Class Counsel for End Payer Plaintiffs ("EPPs"). I submit this declaration in support of End Payer Plaintiffs' Renewed Motion for Approval of Class Notice Plan and Motion to Shift Notice Costs onto Defendant StarKist. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

## PROPOSED CLASS NOTICE PLAN

2.     Following the United States Supreme Court's denial of the Defendants' petition for writ of certiorari re: class certification (ECF No. 2936), the Non-Settling Defendants no longer object to the dissemination of Class Notice on the grounds that notice is premature.[1] For the fourth time, EPPs submit their proposed plan for dissemination of class notice to the EPP Class ("Class Notice Plan"). Under Rule 23 of the Federal Rules of Civil Procedure, EPPs seek an Order: (i) appointing EPPs' JND Legal Administration LLC ("JND") as the notice administrator; (ii) approving the Class Notice Plan as the "best notice that is practicable under the circumstances"; (iii) setting a deadline (the "Opt Out Deadline") for persons to seek exclusion from the Class; and (iv) approving the form and content of the proposed class notice(s) ("Class Notices").

3.     Class Counsel believe that the Class Notice Plan is the best practicable under the circumstances and that JND should be appointed as the notice administrator.

---

[1] "Non-Settling Defendants" include: StarKist Company and its parent company, Dongwon Industries Co., Ltd ("collectively StarKist"); and Lion Capital (Americas), Inc. and Lion Capital, LLP, the parent companies of Bumble Bee Foods, LLC.

-1-

No. 15-MD-2670 DMS (MDD)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RELEVANT BACKGROUND**

*Ninth Circuit Upheld Class Order*

4.      On July 30, 2019, the Court certified EPPs' and the other Plaintiffs' classes ("the Classes"). *See* ECF No. 1931 ("Class Order"). On August 13, 2019, Defendants filed a Rule 23(f) petition with the United States Court of Appeals for the Ninth Circuit seeking permission to appeal the Class Order. *See Olean Wholesale Grocery Coop v. Bumble Bee Foods LLC*, No. 19-80108 (9th Cir. Aug. 13, 2019), ECF No. 1-3. On December 20, 2019, the Ninth Circuit granted the petition. *See* ECF No. 2248 ("Notice of Appeal").

5.      On April 6, 2021, a three-judge panel of the Ninth Circuit vacated the Class Order and remanded the decision back to the District Court for further consideration. On August 3, 2021, following a vote of non-recused active judges, the Ninth Circuit vacated the April 6, 2021 decision ordering that an eleven judge panel rehear the case. On April 8, 2022, the Ninth Circuit upheld the Class Order. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); ECF No. 2828 ("Order re: Mandate").

*Previous Requests to Disseminate Notice*

6.      As detailed below, on three separate occasions after the Class Order was issued by the District Court, the EPPs requested the Court's permission to disseminate notice to the Class. On two separate occasions, Defendant StarKist opposed dissemination as premature and/or confusing. The Non-Settling Defendants no longer oppose class notice as premature.

(a)      ***First Request:*** Pursuant to the Class Order (ECF No. 1941 at 59), on August 29, 2019, the EPPs submitted a proposed plan for dissemination of class notice (the "First Class Notice Request"). On January 28, 2020, "[g]iven the pending appeal," the Court denied the motion without prejudice as "premature."

-2-

No. 15-MD-2670 DMS (MDD)

1    ECF No. 2272.

2    (b)    ***Second Request:*** Once the parties finalized the COSI

3    Settlement, EPPs then anticipated disseminating a notice that

4    jointly notifies both the Class and a COSI Settlement Class

5    ("Second Class Notice Request"). *See* ECF No. 1921 (Joint

6    Motion for Stipulation Holding Deadlines in Abeyance as to

7    Tri-Union Seafoods LLC and Thai Union Group PCL).

8    However, based on the status of the appeal, the Non-Settling

9    Defendants objected to the Second Class Notice Request. ECF

10    Nos. 2581, 2588. On May 11, 2021, the Court denied EPPs'

11    motion for preliminary approval of the COSI Settlement (ECF

12    No. 2552), including the Second Class Notice Request, as

13    premature given the pending appeal. ECF No. 2593.

14    (c)    ***Third Request:*** On July 15, 2022, after the Ninth Circuit issued

15    its en banc decision upholding the Class Order with no appeal

16    pending, the Court agreed to Class Counsel's request that the

17    proposed follow up media campaign for the COSI Settlement

18    Notice could be delayed for several weeks in order for Class

19    Counsel to submit a Class Notice Plan. ECF No. 2872 at 4, 8.

20    On July 29, 2022, EPPs submitted a Class Notice Plan utilizing

21    the efficiencies achieved from the re-targeting data collection

22    provided by the COSI Settlement Plan ("Third Request to

23    Disseminate Notice"). ECF No. 2881. On August 29, 2022,

24    based on StarKist's objection, the Court denied the motion as

25    premature and confusing. ECF No. 2906.

26    **Delay in Dissemination of Class Notice Doubled Costs of Notice**

27    7.    Disseminating Class Notice as part of the follow up COSI Settlement

28    media campaign was both cost-effective, less expensive and more efficient for Class

-3-

Members. The then estimated costs of Class Notice ($300,000), based on the availability of the re-targeting data collected during the COSI Settlement Notice Plan, could have been further offset by the $97,870 media costs set aside from the COSI Settlement. I was advised by JND, the COSI Settlement Claims Administrator, that the substantial re-targeting data acquired from Facebook and Instagram can only be held and used for 180 days and will expire by no later than October 2022. As of today, the COSI Settlement Notice Plan is complete and JND released the targeting data collected.

8.      As discussed below, this final delay in Class Notice due to StarKist's objections means that the costs of notice has now doubled for Class Members. As of August 2022, the savings in providing Class Notice was substantial for the Class. Even if the United States Supreme Court had taken the appeal and reversed the Class Order, any additional expense to revise Class Notice would be nominal and include updates to the Case Website and direct e-mail notice to the COSI Settlement Claimants. JND can advise the COSI Settlement Claimants by email at an approximate cost of $20,000. Substantial harm to the Class occurred because StarKist's objections delayed Notice.

***Cost of Delay Notice***

9.      The estimated cost of the notice plan is $410,625. This estimate includes the following: (1) Case-Specific Interactive Website - maintaining and updating a dedicated website with downloadable forms; (2) Publishing Notice – including a digital campaign and additional efforts; (3) Contact Center – including phone support and email communication; (4) Email Notice; (5) Mail Notice – including printing and mailing notice, tracking undeliverables, remailing and forwards, and researching undeliverables; (6) Project Management; and (7) Expenses. As such, the delay of Class Notice has now substantially increased the costs of Class Notice to over $400,000, or ***nearly doubled the out of pocket expense to Class Members, the victims of StarKist's wrong doing.***

-4-

10.     The Court found Defendant StarKist liable through a partial summary judgment. ECF No. 2750 at 31. Based on this finding of liability, relying in part on a criminal guilty plea by StarKist, and based on StarKist's objection to the dissemination of Class Notice *after* the en banc decision upholding the Class Order, it is in the interest of justice to shift the costs of notice to Defendant StarKist.

***Acceptance of Defendants' Proposed Changes to Class Notice***

11.     As part of the EPPs' on-going efforts to resolve StarKist's objections to the proposed Class Notice, Class Counsel reviewed and accepted many (but not all) of the Defendants' proposed revisions to the Class Notice.

12.     For the convenience of the Court and the parties, attached hereto as **Exhibit A** is redline reflecting the proposed changes which the EPPs found to be confusing, lacking clarity or objectivity in Defendants' proposed Class Notice draft and were ***not*** accepted.

13.     For the convenience of the Court and the parties, attached hereto as **Exhibit B** is a true and correct copy of StarKist's Plea Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of January 2023 at San Diego, California.

*s/ Betsy C. Manifold*

BETSY C. MANIFOLD

TUNA: 29083

-5-

# EXHIBIT A-1

**NOTICE UPDATE regarding the pending EPP Packaged Tuna class action lawsuit**

Records indicate that you filed a claim in *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).  This notice is to provide you with an update regarding the pending class action lawsuit against StarKist Co. ("StarKist") and its parent company Dongwon Industries Co. Ltd ~~collectively "StarKist"~~"DWI"), and Bumble Bee Foods, LLC ("Bumble Bee"), "), Lion Capital LLP ("Lion Capital"), Lion Capital (Americas), Inc. ("Lion America"), and Big Catch Cayman LP ("Big Catch") (collectively the "Non-Settling Defendants").

The lawsuit claims that the Non-Settling Defendants and Settling Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL ("COSI") (collectively the "Defendants") participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

On July 30, 2019, the District Court certified a class of all persons and entities who reside in the states of Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin (referred to as the "End Payer Plaintiffs" or "EPPs") who indirectly purchased Chicken of the Sea, StarKist, or Bumble Bee tuna in cans or pouches smaller than 40 ounces ("Packaged Tuna") from June 1, 2011 through July 1, 2015 for their own consumption (the "Class").

On April 8, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's order certifying the Class. On November 14, 2022, the United States Supreme Court denied StarKist's petition to appeal the Ninth Circuit's decision.  The certified Class may now proceed to trial. , allowing the District Court's order certifying the Class to stand.

**<u>Your Options:</u>**

1. ***Do nothing and receive your payment in the COSI Settlement***.  If you do nothing, you will stay in the Class and receive your payment in the COSI Settlement, as well as any payment that could result from the pending litigation, assuming your claim is determined to be valid.  Payments will be distributed AFTER the litigation with Non-Settling Defendants is resolved.  Please be patient.  You will give up your right to sue or continue to sue all Defendants (not just COSI) for the claims in this case.

2. ***Ask to exclude yourself ("opt out") from the Class and withdraw your claim in the COSI Settlement.***  If you ask to be excluded, you will remove yourself from the Class.  You will keep your right to sue or continue to sue the Defendants for the claims in this case.  You will receive no payment from the COSI Settlement or any payment that could result from the pending litigation.  **You must contact the Claims Administrator to withdraw your COSI Settlement claim.**

The deadline to exclude yourself from the Class and withdraw your claim in the COSI Settlement is **Month x, 2023**.

If your mailing address or email address has changed since you filed your claim, please send your update to the Claims Administrator by mail or email to ensure that you receive any communications about your claim.

The Court has indicated that it intends to set dates for the trial in the near future.  The Court appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel on behalf of the EPPs and Class Members. At trial, Class Counsel will present the case for the EPPs, and lawyers for the Non-Settling Defendants will present on their behalf.  However, you or your own lawyer are welcome to come at your own expense.

**Questions?**  Visit www.TunaEndPurchaserSettlement.com, write Tuna End Purchaser Settlement, c/o JND Legal Administration, P.O. Box 91442**,** Seattle, WA 98111, email info@TunaEndPurchaserSettlement.com, or call toll-free 1-866-615-0977.

**PLEASE DO NOT CONTACT THE COURT.**

# EXHIBIT A-2

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA
CASE NO. 15-MD-2670 DMS (MDD)

# <u>NOTICE UPDATE</u>

# If you bought Canned or Pouched Tuna between June 1, 2011 and July 1, 2015, your rights may be affected by an ongoing class action litigation

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

1.  *Para una notificación en español, visite www.TunaEndPurchaserSettlement.com o llame 1-866-615-0977.*

A lawsuit is pending in the United States District Court for the Southern District of California.  The lawsuit is known as *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).

- The lawsuit claims that from June 1, 2011 to July 1, 2015, Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI"), StarKist Co. ("StarKist") and its parent company, Dongwon Industries Co. Ltd (~~collectively "StarKist"~~"DWI"), and Bumble Bee Foods, LLC ("Bumble Bee"), Lion Capital LLP ("Lion Capital"), Lion Capital (Americas), Inc. ("Lion America"), and Big Catch Cayman LP ("Big Catch") participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

- On July 30, 2019, the District Court certified a class of all persons and entities who reside in the states of Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New  Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West  Virginia, and Wisconsin (referred  to as the "End Payer Plaintiffs" or "EPPs") who *indirectly* purchased Chicken of the Sea, StarKist, or Bumble Bee tuna in cans or pouches smaller than 40 ounces ("Packaged Tuna") from June 1, 2011 through July 1, 2015 for their own consumption (the "Class").  On April 8, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's order certifying the Class.  On November 14, 2022, the United States Supreme Court denied StarKist's petition to appeal the Ninth Circuit's Order.   The certified Class may now proceed to trial.

- The Court has not decided whether Defendants~~'~~ ~~alleged~~ engaged in the wrongdoing ~~had any impact~~alleged by the EPPs or, even assuming the EPPs' allegations are true, whether the alleged wrongdoing harmed ~~on~~ the EPPs. Defendants deny the EPPs' allegations and have asserted defenses to the EPPs' claims.  COSI settled with the EPPs to avoid litigation risks, costs, and inconvenience. Notice about the COSI Settlement was already issued, and the claims deadline for the COSI Settlement has passed. Bumble Bee filed for bankruptcy protection. The litigation is continuing with StarKist, DWI Lion Capital, Lion America, and Big Catch (the "Non-Settling Defendants"). The Court has indicated that it intends to set dates for the trial in the near future. Payments for the COSI Settlement will be distributed *after* the trial with Non-Settling Defendants.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

Exhibit A-2
10

| YOUR LEGAL RIGHTS AND OPTIONS IN THE PENDING CLASS ACTION LITIGATION | | |
|---|---|---|
| **DO NOTHING** | • Stay in the Class and await the outcome.<br>• Give up your right to sue or continue to sue the Defendants on your own for the your claims in this case.<br>• **If you filed a valid and timely claim in the COSI Settlement, your payment will be distributed AFTER the litigation with the Non-Settling Defendants is resolved. Please be patient.** | |
| **ASK TO BE EXCLUDED ("OPT OUT")** | • Remove yourself from the Class.<br>• Keep your right to sue or continue to sue the Defendants for the claims in this case on your own.<br>• Receive no payment.<br>• **Please contact the Claims Administrator if you would like to withdraw your COSI Settlement claim so that you may opt out of the Class.**<br>• **If you already opted out of the COSI Settlement, you do not need to file another opt-out.** | Postmarked by<br>**Month x, 2023** |

- If you have already opted out of the COSI Settlement Class or submitted a claim with respect to the COSI Settlement, you do not need to do anything else at this time to make a claim or exclusion with respect to the COSI Settlement Class. You do, however, now have an opportunity to change your mind regarding your participation in the COSI Settlement Class.

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice. The deadlines may be moved, canceled, or otherwise modified, so please check the Case Website, www.TunaEndPurchaserSettlement.com, regularly for updates and further details.

Exhibit A-2

11

2

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

# <u>What this Notice Contains</u>

**Basic Information** .................................................................................................................. **4**

   1.   Why is there a notice?.......................................................................................... 4

   2.   What is a class action and who is involved? ....................................................... 4

   3.   Why is this lawsuit a class action? ..................................................................... 4

**Who is Affected?** .................................................................................................................... **5**

   4.   Am I part of the Class?........................................................................................ 5

   5.   What if I am still not sure if I am included? ........................................................ 5

**The Claims in the Lawsuit** ..................................................................................................... **5**

   6.   What is the lawsuit about? ................................................................................... 5

   7.   How do Defendants respond? .............................................................................. 5

   8.   Has the Court decided who is right?.................................................................... 6

   9.   What are the EPPs asking for? ............................................................................ 6

 10.  Is there money available now? ........................................................................... 6

**Excluding Yourself from the Class** ....................................................................................... **6**

 11.  What does it mean if I exclude myself from the Class? ...................................... 6

 12.  If I don't exclude myself from the Class, can I sue Defendants for the same  thing later?...................... 7

 13.  What am I giving up by staying in the Class?...................................................... 7

 14.  How do I exclude myself from the Class?........................................................... 7

 15.  What if I already filed an opt-out or a claim in the COSI Settlement?................ 7

**The Lawyers Representing You** ............................................................................................. **8**

 16.  Do I have a lawyer in this case?.......................................................................... 8

 17.  How will the lawyers be paid? ............................................................................ 8

**The Trial** ................................................................................................................................. **8**

 18.  How and when will the Court decide who is right?............................................. 8

 19.  Do I have to come to the trial?............................................................................ 8

 20.  Will I get money after the trial? .......................................................................... 9

**If You Do Nothing** ................................................................................................................. **9**

 21.  What happens if I do nothing at all?.................................................................... 9

**Getting More Information** ...................................................................................................... **9**

 22.  How do I get more information about the case?................................................... 9

Exhibit A-2
12

3

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

# Basic Information

| 1.   Why is there a notice? |
| --- |

This notice is to inform you that the District Court has allowed (or "certified") a class action lawsuit that may affect you. You may be part of a class action lawsuit if you purchased Canned or Pouched Packaged Tuna between June 1, 2011 and July 1, 2015. If you are a Class Member, you have legal rights and options you may exercise before the Court holds a trial that will be set in the near future. At the trial, the Court will decide whether the allegations against Defendants on your behalf (as a member of a certified class) are proven to be true. The trial will be held in the United States District Court for the Southern District of California. The lawsuit is known as *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).

Those who sued are called the End Payer Plaintiffs or EPPs. The companies they sued are called the Defendants. The Defendants include COSI, StarKist and its parent company, ~~DWI~~, and Bumble Bee and its parent companies Lion Capital, Lion America and Big Catch.

The EPPs have already reached a settlement (the "COSI Settlement") with COSI (the "Settling Defendants"). The COSI Settlement notice has already been issued, and the claims deadline for the COSI Settlement has passed. Bumble Bee is in bankruptcy. The litigation is continuing with StarKist, ~~DWI~~, Lion Capital, Lion America, and Big Catch (the "Non-Settling Defendants").

This notice explains the lawsuit, certification of the Class by the Court, and your legal rights and options.

| 2.   What is a class action and who is involved? |
| --- |

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class ("opt out").

| 3.   Why is this lawsuit a class action? |
| --- |

The District Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the District Court found that:

- There are factual and legal questions that are common to each of the members of the Class;
- The EPPs' claims are typical of the claims of the rest of the Class;
- The EPPs and the lawyers representing the Class will fairly and adequately represent the Class interests;
- The common legal questions and facts predominate over questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

Exhibit A-2
13

# Who Is Affected?

| 4.  Am I part of the Class? |
|---|

The Class includes all persons and entities who *resided* in Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin, who *indirectly* purchased Packaged Tuna in cans or pouches smaller than forty ounces for end consumption and not for resale, produced by any Defendant or any current or former subsidiary or affiliate thereof, or any co-conspirator during the period from June 1, 2011 to July 1, 2015 (the "Class Period").

The Class excludes purchases of meal kits.  Also excluded from the Class is the Court and anyone who opted out of the COSI Settlement.

| 5.  What if I am still not sure if I am included? |
|---|

If you are still not sure whether you are included, you can get help at www.TunaEndPurchaserSettlement.com, or by calling toll-free at 1-866-615-0977.

# The Claims in the Lawsuit

| 6.  What is this lawsuit about? |
|---|

End Payer Plaintiffs allege that from June 2011 to July 2015, Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

On July 30, 2019, the District Court certified the Class and selected Wolf Haldenstein Adler Freeman & Herz LLP to act as Class Counsel; however, on April 6, 2021, a three-judge panel of the Ninth Circuit Court of Appeals vacated the District Court's order and remanded the case to the District Court for further consideration.  On August 3, 2021, following a vote of non-recused active judges, the Court of Appeals vacated the April 6, 2021 decision, ordering that an eleven-judge panel rehear the case. On April 8, 2022, the Ninth Circuit Court of Appeals upheld the District Court's decision to certify the Class. On August 8, 2022, StarKist filed a petition with the United States Supreme Court to appeal the Ninth Circuit's decision upholding the District Court's decision to certify the Class. On November 14, 2022, the United States Supreme Court denied StarKist's petition, allowing the case to proceed to trial. The Court has indicated that it intends to set dates for the trial in the near future. Payments for the COSI Settlement will be distributed after the trial with Non-Settling Defendants.

On November 10, 2021, the Court issued an order granting in part and denying in part EPPs' motion for summary judgment.

The EPPs agreed to settle with COSI.  On January 26, 2022, the Court preliminarily approved the COSI Settlement, and notice was disseminated.  On July 15, 2022, the Court granted final approval of the COSI Settlement and certified the Settlement Class.

| 7.  How do Defendants respond? |
|---|

Defendants deny the EPPs' allegations and have asserted defenses to the EPPs' claims. As noted above, StarKist filed a petition in the United States Supreme Court to appeal the Class Order on August 8, 2022; however, that petition was denied. The Court has indicated that it intends to set dates for the trial in the near future.

COSI settled with the EPPs to avoid litigation risks, costs, and inconvenience. Payments for the COSI Settlement will be distributed *after* the trial with the Non-Settling Defendants.

### 8.  Has the Court decided who is right?

The Court has not decided whether the EPPs or Defendants are correct as to the extent of Defendants' conduct, or the impact of that conduct, if any, on the EPPs. By establishing the Class and issuing this Notice, the Court is not suggesting that the EPPs will win or lose this case. The EPPs must prove their claims at trial.

### 9.  What are the EPPs asking for?

The EPPs are asking that the Non-Settling Defendants provide monetary damages to Class Members. Plaintiffs will also seek attorneys' fees and costs incurred in connection with the prosecution of this action.

As part of the COSI Settlement, COSI agreed to pay a maximum of $20 million to a Settlement Fund. A portion of the Settlement Fund (up to $5 million) was used by the Claims Administrator to administer notice and claims in the COSI Settlement ("Notice Fund"). Any monies remaining in the Notice Fund after the costs of notice and claims administration in the COSI Settlement are paid will revert to COSI. The remainder of the Settlement Fund ($15 million) is being used for distribution to qualifying Class Members and to pay certain litigation expenses. Settlement Class Counsel requested, and the Court awarded, a distribution to cover litigation costs in the amount of $4,155,027.67. Settlement Class Counsel did not seek reimbursement for attorneys' fees from the COSI Settlement, but Counsel reserves the right to seek an award of attorney fees and expenses from any monies recovered from the Non-Settling Defendants through settlement, trial, or judgment based in part on the benefit provided by the COSI Settlement. COSI is also supporting the EPPs with their litigation against Non-Settling Defendants.

### 10. Is there money available now?

No money or benefits are available from Non-Settling Defendants because the Court has not yet decided on the impact of Defendants' wrongdoing or whether Class Members are entitled to money or other benefits. There is no guarantee that additional money or benefits will be obtained. If they are, you will be notified about how to seek money or other benefits from the Non-Settling Defendants lawsuit.

Money is available to Class Members who filed a claim in the COSI Settlement. COSI Settlement Class Members who timely submitted a valid, approved claim are entitled to be treated equally and receive Settlement compensation on a *pro rata* basis such that the Settlement Fund is exhausted. The Claims Administrator will not distribute any money until all remaining claims against Non-Settling Defendants are resolved. Please be patient. If your address has changed since the time you filed your claim in the COSI Settlement, please email the Claims Administrator at info@TunaEndPurchaserSettlement.com to ensure any communications about your claim are sent to your current address.

## Excluding Yourself from the Class

### 11. What does it mean if I exclude myself from the Class?

6

Exhibit A-2
15

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

If you exclude yourself from the Class—which means to remove yourself from the Class, and is sometimes called "opting out" of the Class—you will not get any money or benefits from this lawsuit, even if the EPPs obtain them as a result of the trial, or from the COSI Settlement. However, you may then be able to sue or continue to sue Defendants on your own regarding the claims in this matter. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action or the COSI Settlement.

If you start your own lawsuit against Defendants regarding the same claims in this matter after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims.

If you already filed a claim in the COSI Settlement, but you would prefer to exclude yourself from the Class, please contact the Claims Administrator by mail or email to withdraw your COSI Settlement claim.

## 12. If I don't exclude myself from the Class, can I sue Defendants for the same thing later?

No. Unless you exclude yourself from the Class, you give up the right to sue Defendants for the legal claims in this case. All Court orders relating to legal claims against Defendants will apply to you and legally bind you. If you have your own pending lawsuit against any of the Defendants, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from the Class in order to continue your own lawsuit against Defendants.

## 13. What am I giving up by staying in the Class?

Unless you exclude yourself from the Class, you remain a Class Member. By staying in the Class, all Court orders relating to legal claims against Defendants will apply to you and legally bind you.

## 14. How do I exclude myself from the Class?

To exclude yourself or opt out from the Class, you must complete and mail to the Claims Administrator a written request for exclusion.

The request to opt out of the Class must include:

- Your full name, current address, and telephone number;
- A statement saying that you want to be excluded from the **EPP CLASS** in the
  *In Re: Packaged Seafood Products Antitrust Litigation,* No. 15-MD-2670 DMS (MDD); and
- Your signature.

You must mail your exclusion request, postmarked by **Month x, 2023** to:

Tuna End Purchaser Settlement – EXCLUSIONS
c/o JND Legal Administration
P.O. Box 91442
Seattle, WA 98111

If you do not include the required information or timely submit your request for exclusion, you will remain a Class Member and you will be bound by the orders of the Court.

## 15. What if I already filed an opt-out or a claim in the COSI Settlement?

If you already opted out of the COSI Settlement, you do not need to file another opt-out.

7

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

Exhibit A-2
16

If you already filed a claim in the COSI Settlement, but you would prefer to exclude yourself from the Class, please contact the Claims Administrator with a written request to withdraw your COSI Settlement claim. If you opt out of the Class, you will no longer receive a payment from the COSI Settlement, and you will not get any money or benefits that may result from the EPPs' trial with Non-Settling Defendants. However, you will keep your right to sue or continue to sue Defendants on your own regarding the claims in this matter. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action or the COSI Settlement.

## The Lawyers Representing You

### 16. Do I have a lawyer in this case?

Yes. The Court has appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel on behalf of the End Payer Plaintiffs and Class Members. Contact information for Class Counsel is below:

Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 1820
San Diego, CA 92101
619-239-4599

Attn: Betsy C. Manifold

If you wish to remain a Class Member, you do not need to hire your own lawyer because Class Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Class, Class Counsel will no longer represent you. You may need to hire your own lawyer if you wish to pursue your own lawsuit against any of the Defendants.

### 17. How will the lawyers be paid?

If you remain in the Class, you will not have to pay any fees or costs out-of-pocket. Class Counsel reserve the right to seek an award of additional litigation costs and attorney fees, subject to Court approval, from any funds recovered from the Non- Settling Defendants through settlement, trial, or judgment. Class Counsel further reserves the right to base, in part, any such request on the benefit obtained in the COSI Settlement.

## The Trial

### 18. How and when will the Court decide who is right?

Class Counsel will have to prove the EPPs' allegations at a trial. No trial date has been set at this time. At the trial, a jury and the Judge will hear all of the evidence to help them reach a decision about whether the EPPs or Non-Settling Defendants are right. There is no guarantee the EPPs will win or that they will get any money for all or some members of the Class.

### 19. Do I have to come to the trial?

No. You do not need to attend the trial. Class Counsel will present the case for the EPPs, and lawyers for the Non-Settling Defendants will present on their behalf. However, you or your own lawyer are welcome to come at your own expense.

8

Exhibit A-2

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

17

| **20. Will I get money after the trial?** |
|---|

If you did not exclude yourself from the Class and if the EPPs obtain money or benefits as a result of the lawsuit, you will be notified about how to participate. In addition, if you filed a valid and timely claim in the COSI Settlement, your payment will be distributed *after* the trial is resolved. We do not know how long this will take, so please be patient.

## If You Do Nothing

| **21. What happens if I do nothing at all?** |
|---|

You do not have to do anything now if you want to remain in the Class and keep the possibility of getting money or benefits from the lawsuit with the Non-Settling Defendants. By doing nothing, you are staying in the Class. If you stay in the Class and the EPPs win, you will be notified about how to seek money or other benefits from the lawsuit with Non-Settling Defendants. If the EPPs lose the lawsuit, you will not receive any compensation. Keep in mind that if you do nothing now, regardless of whether the EPPs win or lose the trial, you will not be able to sue or continue to sue Defendants as part of any other lawsuit about the same legal claims that are the subject of this lawsuit. You will also be legally bound by the Orders the Court issues and judgments the Court makes in this class action.

## Getting More Information

| **22. How do I get more information about the case?** |
|---|

This notice summarizes the case. Visit www.TunaEndPurchaserSettlement.com for more detailed information. You can also contact the Claims Administrator:

Tuna End Purchaser Settlement
c/o JND Legal Administration
P.O. Box 91442
Seattle, WA 98111

info@TunaEndPurchaserSettlement.com
1-866-615-0977

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Exhibit A-2
18

9

Questions? Visit www.TunaEndPurchaserSettlement.com or call toll-free at 1-866-615-0977

# EXHIBIT A-3

**NOTICE UPDATE**: If you bought Canned or Pouched Tuna between June 1, 2011 and July 1, 2015, your rights are affected by an on-going class action litigation

Seattle / Month x, 2023 / PRNewswire/ JND Legal Administration

A lawsuit is pending in the United States District Court for the Southern District of California.  The lawsuit is known as *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 DMS (MDD).  The lawsuit claims that from June 1, 2011 to July 1, 2015, Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International and Thai Union Group PCL (collectively "COSI"), StarKist Co. ("StarKist") and its parent company, Dongwon Industries Co. Ltd (~~collectively "StarKist"~~"DWI"), and Bumble Bee Foods, LLC ("Bumble Bee"), Lion Capital LLP ("Lion Capital"), Lion Capital (Americas), Inc. ("Lion America"), and Big Catch Cayman LP ("Big Catch") participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Packaged Tuna products at an artificially high level in violation of antitrust and unfair competition laws.

**Who is affected**?  On July 30, 2019, the District Court certified a class of all persons and entities who *reside* in the states of Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin (referred to as the "End Payer Plaintiffs" or "EPPs") who *indirectly* purchased Chicken of the Sea, StarKist, or Bumble Bee tuna in cans or pouches smaller than 40 ounces ("Packaged Tuna") from June 1, 2011 through July 1, 2015 for their own consumption (the "Class").  On April 8, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's order certifying the Class.  On November 14, 2022, the United States Supreme Court denied StarKist's petition to appeal the Ninth Circuit's order.  The certified Class  may now proceed to trial.

**What happens next**?  The Court has not decided whether Defendants did anything wrong.  Defendants deny the EPPs' allegations and have asserted defenses to the EPPs' claims.  COSI settled with the EPPs to avoid litigation risks, costs, and inconvenience.  Notice about the COSI Settlement was already issued, and the claims deadline for the COSI Settlement has passed.  Bumble Bee filed for bankruptcy protection.  The litigation is continuing with StarKist, DWI, Lion Capital, Lion America, and Big Catch (the "Non-Settling Defendants").  The Court has indicated that it intends to set dates for the trial in the near future.  Payments for the COSI Settlement will be distributed *after* the trial with Non-Settling Defendants.  The Court ~~-~~appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel on behalf of the EPP Plaintiffs and Class Members.  At trial, Class Counsel will present the case for the EPPs, and lawyers for the Non-Settling Defendants will present on the Non-Settling Defendants' behalf.  However, you or your own lawyer are welcome to come at your own expense.

**What are my options**?  You can do nothing or ask to exclude yourself ("opt out") of the Class.  <u>If you do nothing</u>, you will stay in the Class and await the outcome.  You will give up your right to sue or continue to sue the Defendants for the claims in this case.  If you filed a valid and timely claim in the COSI Settlement, your payment will be distributed AFTER the litigation with the Non-Settling Defendants is resolved. Please be patient.  <u>If you ask to be excluded</u>, you will remove yourself from the Class.  You will keep your right to sue or continue to sue the Non-Settling Defendants for the claims in this case.  You will receive no payment in the COSI Settlement or from any recovery that the Class may receive from the Non-Settling Defendants in the future.  If you already filed a claim in the COSI Settlement and you would now like to opt out of the Class, you must contact the Claims Administrator to withdraw your COSI Settlement claim.  If you already opted out of the COSI Settlement, you do not need to file another opt-out.

The deadline to exclude yourself from the Class is **Month x, 2023**.  Go to www.TunaEndPurchaserSettlement.com for information on how to exclude yourself from the Class.

**Questions?**  Visit www.TunaEndPurchaserSettlement.com, write Tuna End Purchaser Settlement, c/o JND Legal Administration, P.O. Box 91442, Seattle, WA 98111, email info@TunaEndPurchaserSettlement.com, or call toll-free 1-866-615-0977.

**PLEASE DO NOT CONTACT THE COURT.**

Exhibit A-3

# EXHIBIT B

1  LESLIE A. WULFF (CSBN 277979)
2  MICAH L. RUBBO (CSBN 267465)
   ANDREW SCHUPANITZ (CSBN 315850)
3  ANN CHO LUCAS (CSBN 309026)
   United States Department of Justice
4  Antitrust Division
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, California 94102
6  Telephone: (415) 934-5300
7  Leslie.Wulff@usdoj.gov

8
   Attorneys for the United States of America
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13  UNITED STATES OF AMERICA,              Case No. 18 CR 513

14            Plaintiff,

                                           PLEA AGREEMENT
15        v.

16

17  STARKIST CO.,

18            Defendant.

19

20        The United States of America and StarKist Co. ("defendant"), a corporation organized

21  and existing under the laws of Delaware, hereby enter into the following Plea Agreement

22  pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

23                      **RIGHTS OF DEFENDANT**

24        1.     The defendant understands its rights:

25               (a)    to be represented by an attorney;

26               (b)    to be charged by Indictment;

27               (c)    to plead not guilty to any criminal charge brought against it;

28               (d)    to have a trial by jury, at which it would be presumed not guilty of the

PLEA AGREEMENT                            1

Plf EXHIBIT 2003
WITNESS: WCS
DATE: 1-31-19
Anrae Wimberley, CSR 7778

1    charge and the United States would have to prove every essential element of the charged

2    offense beyond a reasonable doubt for it to be found guilty;

3           (e)      to confront and cross-examine witnesses against it and to subpoena

4    witnesses in its defense at trial;

5           (f)      to appeal its conviction if it is found guilty; and

6           (g)      to appeal the imposition of sentence against it.

7    **AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS**

8    2.      The defendant knowingly and voluntarily waives:

9           (a)      the rights set out in subparagraphs 1(b)-(e) above;

10          (b)      the right to file any appeal or collateral attack that challenges its

11   conviction, including but not limited to any appeal or collateral attack raising any

12   argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the

13   admitted conduct does not fall within the scope of such statute; and

14          (c)      the right to file any appeal or collateral attack, including but not limited to

15   an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if

16   that sentence is consistent with or below the recommended sentence in Paragraph 10 of

17   this Plea Agreement, regardless of how this sentence is determined by the Court and

18   regardless of whether the Court reduces the fine pursuant to §8C3.3 of the United States

19   Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines"). For

20   purposes of the waiver of appeal or collateral attack of the sentence, the sentence

21   imposed is deemed consistent with or below the recommended sentence in Paragraph 10

22   even if the sentence imposed includes a term of probation if it is otherwise consistent

23   with or below the recommended sentence in Paragraph 10, unless the term of probation

24   exceeds the length authorized by 18 U.S.C. § 3561(c). This agreement does not affect the

25   rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c).

26   Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal

27   remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective

28   assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently

PLEA AGREEMENT                          2                          Exhibit B
                                                                      23

1  no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to

2  Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count

3  Information to be filed in the United States District Court for the Northern District of California.

4  The Information will charge the defendant with participating in a conspiracy to suppress and

5  eliminate competition by reaching agreements to fix, raise, and maintain the prices of packaged

6  seafood sold in the United States beginning at least as early as November 2011 and continuing

7  through at least as late as December 2013 in violation of the Sherman Antitrust Act, 15 U.S.C. §

8  1.

9       3.     The defendant will plead guilty to the criminal charge described in Paragraph 2

10  above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to

11  the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

12                    **FACTUAL BASIS FOR OFFENSE CHARGED**

13       4.     The defendant, through its corporate representatives, has fully discussed the facts

14  of this case with defense counsel and admits that the following facts are true and undisputed:

15           (a)     For purposes of this Plea Agreement, the "relevant period" is that period

16          beginning at least as early as November 2011 and continuing through at least as late as

17          December 2013. During the relevant period, the defendant was a corporation organized

18          and existing under the laws of Delaware. The defendant had its principal place of

19          business in Pittsburgh, Pennsylvania. During the relevant period, the defendant was a

20          producer of packaged seafood, was engaged in the sale of packaged seafood in the United

21          States, and employed 50 or more individuals. For purposes of this Plea Agreement,

22          packaged seafood consists of canned tuna fish. During the relevant period, the

23          defendant's sales of packaged seafood affecting U.S. customers totaled at least $600

24          million.

25           (b)     During the relevant period, the defendant, through its officers and

26          employees, including high-level personnel of the defendant, participated in a conspiracy

27          among major packaged-seafood-producing firms, the primary purpose of which was to

28          fix, raise, and maintain the prices of packaged seafood sold in the United States. In

PLEA AGREEMENT                 3                      Exhibit B

                                                                    24

furtherance of the conspiracy, the defendant, through its officers and employees, engaged in conversations and discussions and attended meetings with representatives of other major packaged-seafood-producing firms. During these conversations, discussions, and meetings, agreements and mutual understandings were reached to fix, raise, and maintain the prices of packaged seafood sold in the United States. Defendant, through its officers and employees, negotiated prices with customers and issued price announcements for packaged seafood in accordance with the agreements and mutual understandings reached.

(c)     During the relevant period, packaged seafood sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of packaged seafood, as well as payments for packaged seafood, traveled in interstate commerce. The business activities of the defendant and its coconspirators in connection with the production and sale of packaged seafood that was the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d)     Acts in furtherance of this conspiracy were carried out within the Northern District of California. The conspiratorial conversations, discussions, and meetings described above took place in the United States and elsewhere, and one or more of the conspirators traveled into and out of the District to negotiate and make sales of packaged seafood that was the subject of this conspiracy to customers in this District.

## ELEMENTS OF THE OFFENSE

5.     The elements of the charged offense are that:

(a)     the conspiracy described in the Information existed at or about the time alleged;

(b)     the defendant knowingly became a member of the conspiracy; and

(c)     the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

\\

PLEA AGREEMENT                                    4

## POSSIBLE MAXIMUM SENTENCE

6.      The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine of $100 million (15 U.S.C. § 1).

7.      In addition, the defendant understands that:

(a)      pursuant to U.S.S.G. §8D1.2(a)(1) or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)      pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or § 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)      pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.      The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed.  The parties agree there is no *ex post facto* issue under the November 1, 2016 Guidelines Manual.  The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence.  The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

\\
\\
\\

<u>**SENTENCING AGREEMENT**</u>

9.      The United States and the defendant agree that the following Sentencing Guidelines calculation is correct based on a total volume of commerce attributable to the defendant of at least $600 million:

| | |
|---|---|
| (a) **Base Fine:** The base fine is 20% of the volume of affected commerce of at least $600 million (§2R1.1(d)(1) and §8C2.4(b)). | At least $120 million |
| (b) **Culpability Score** | |
|    i.    Base, §8C2.5(a): | 5 |
|    ii.   **Involvement in or Tolerance of Criminal Activity,** §8C2.5(b)(4): | + 2 |
|    iii.  **Self-Reporting, Cooperation, and Acceptance of Responsibility,** §8C2.5(g)(2): | - 2 |
| (c) **Total Culpability Score:** | 5 |
| (d) **Minimum and Maximum Multipliers, §8C2.6:** | 1.0 – 2.0 |
| (e) **Minimum and Maximum Fine Range, §8C2.7:** | At least $120 – $240 million |
| (f) **Guidelines fine, §8C3.1(b):** | $100 million |

The United States and the defendant agree that U.S.S.G. §8C3.1(b) applies because the minimum Guidelines fine is greater than the maximum fine authorized by statute and thus, the maximum fine authorized by statute, $100 million, is the Guidelines fine.

10.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States: a criminal fine, payable on a schedule and with the applicability of 18 U.S.C. § 3612(f)(3)(A) determined by the Court, in an amount of $100 million, unless the defendant requests, and the Court imposes, a reduction pursuant to U.S.S.G. §8C3.3 to an amount no less

Exhibit B
27

1   than $50 million based on a finding of an inability of the defendant to pay the Guidelines fine;

2   and no order of restitution ("the recommended sentence"). The parties further agree that the only

3   basis on which the defendant may seek, and the Court may impose, a reduction from a $100

4   million fine is pursuant to U.S.S.G. §8C3.3 as set forth in Paragraph 11 of this Plea Agreement,

5   but in no event may the defendant seek, or the Court impose, a reduction resulting in a fine less

6   than $50 million. As set forth in Paragraph 11 of this Plea Agreement, the government intends to

7   oppose any such request. The parties agree that there exists no aggravating or mitigating

8   circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S.

9   Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant

10  to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside

11  of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this

12  Plea Agreement.

13          (a)     The defendant understands that the Court will order it to pay a $400

14      special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine

15      imposed.

16          (b)     In light of the civil cases filed against the defendant, including *In re:*

17      *Packaged Seafood Products Antitrust Litigation*, (15-md-02670-JLS-MDD), in the

18      United States District Court, Southern District of California, which potentially provide

19      for a recovery of a multiple of actual damages, the recommended sentence does not

20      include a restitution order for the offense charged in the Information.

21          (c)     Both parties will recommend that no term of probation be imposed, but the

22      defendant understands that the Court's denial of this request will not void this Plea

23      Agreement, unless the Court rejects the recommendation for no order of restitution. If

24      the Court rejects the recommendation for no order of restitution, the United States and the

25      defendant agree that this Plea Agreement, except for subparagraph 13(b) below, will be

26      rendered void and the defendant will be free to withdraw its guilty plea as provided in

27      subparagraph 13(b).

28  \\

1         (d)     The United States and the defendant jointly submit that this Plea

2   Agreement, together with the record that will be created by the United States and the

3   defendant at the plea and sentencing hearings, any additional disclosures or presentence

4   report required based on a request by the defendant pursuant to U.S.S.G. §8C3.3, and the

5   further disclosure described in Paragraph 12, will provide sufficient information

6   concerning the defendant, the crime charged in this case, and the defendant's role in the

7   crime to enable the meaningful exercise of sentencing authority by the Court under 18

8   U.S.C. § 3553.

9        11.    The United States and the defendant agree that the defendant may request a

10  reduction of the Guidelines fine of $100 million solely pursuant to U.S.S.G. §8C3.3 due to an

11  alleged inability of the defendant to pay the Guidelines fine, even with a reasonable installment

12  schedule, without impairing its ability to make restitution to victims or without substantially

13  jeopardizing its continued viability.  The United States intends to oppose any such request.  The

14  parties agree that in no event shall the defendant request a reduction that results in a fine less

15  than $50 million.  The United States and the defendant reserve the right to respond to any factual

16  inquiries by the Court or Probation Office about such a request.

17        12.    Subject to the full, truthful, and continuing cooperation of the defendant as

18  defined in Paragraph 14 of this Plea Agreement, and prior to sentencing in this case, the United

19  States will fully advise the Court and the Probation Office of the fact, manner, and extent of the

20  defendant's cooperation and its commitment to prospective cooperation with the United States'

21  investigation and prosecutions, all material facts relating to the defendant's involvement in the

22  charged offense, and all other relevant conduct.

23        13.    The United States and the defendant understand that the Court retains complete

24  discretion to accept or reject either party's sentencing recommendation.

25         (a)    If the Court does not accept the recommended sentence, the United States

26       and the defendant agree that this Plea Agreement, except for subparagraph 13(b) below,

27       will be rendered void.

28  \\

1       (b)   If the Court does not accept the recommended sentence, the defendant will be

2   free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).   If the defendant

3   withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made

4   in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or

5   this Plea Agreement or made in the course of plea discussions with an attorney for the

6   government will not be admissible against the defendant in any criminal or civil

7   proceeding, except as otherwise provided in Fed. R. Evid. 410.   In addition, the defendant

8   agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea

9   Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of

10   this Plea Agreement will be tolled for the period between the date of signature of this

11   Plea Agreement and the date the defendant withdrew its guilty plea or for a period of

12   sixty (60) days after the date of signature of this Plea Agreement, whichever period is

13   greater.   The defendant understands that if the Court determines that no reduction from

14   the Guidelines fine of $100 million is warranted pursuant to U.S.S.G. §8C3.3, this Plea

15   Agreement will not be rendered void and it will not have a right to withdraw its guilty

16   plea.

17                      **DEFENDANT'S COOPERATION**

18   14.     The defendant will cooperate fully and truthfully with the United States in the

19   prosecution of this case, the current federal investigation of violations of federal antitrust and

20   related criminal laws involving the production and sale of packaged seafood in the United States,

21   any federal investigation resulting therefrom, and any litigation or other proceedings arising or

22   resulting from any such investigation to which the United States is a party (collectively "Federal

23   Proceeding").   Federal Proceeding includes, but is not limited to, an investigation, prosecution,

24   litigation, or other proceeding regarding obstruction of, the making of a false statement or

25   declaration in, the commission of perjury or subornation of perjury in, the commission of

26   contempt in, or conspiracy to commit such offenses in, a Federal Proceeding.   The full, truthful,

27   and continuing cooperation of the defendant will include but not be limited to:

28   \\

PLEA AGREEMENT            9

1        (a)     producing to the United States all documents, information, and other

2  materials, wherever located, not protected under the attorney-client privilege or the work-

3  product doctrine, in the possession, custody, or control of the defendant, that are

4  requested by the United States in connection with any Federal Proceeding; and

5        (b)     using its best efforts to secure the full, truthful, and continuing cooperation

6  of the current directors, officers, and employees of the defendant as may be requested by

7  the United States, but excluding any individual listed in Paragraph 1 of Attachment A

8  filed under seal.  Such efforts will include, but not be limited to, making these persons

9  available at the defendant's expense for interviews and the provision of testimony in

10  grand jury, trial, and other judicial proceedings in connection with any Federal

11  Proceeding.  Current directors, officers, and employees are defined for purposes of this

12  Plea Agreement as individuals who are directors, officers, or employees of the defendant

13  as of the date of signature of this Plea Agreement.

14      15.    The full, truthful, and continuing cooperation of the current directors, officers,

15  and employees of the defendant will be subject to the procedures and protections of this

16  paragraph, and will include, but not be limited to:

17        (a)     producing in the United States all documents, including claimed personal

18  documents, and other materials, wherever located, not protected under the attorney-client

19  privilege or the work-product doctrine, that are requested by attorneys and agents of the

20  United States in connection with any Federal Proceeding;

21        (b)     making himself or herself available for interviews in the United States, not

22  at the expense of the United States, upon the request of attorneys and agents of the United

23  States in connection with any Federal Proceeding;

24        (c)     responding fully and truthfully to all inquiries of the United States in

25  connection with any Federal Proceeding, without falsely implicating any person or

26  intentionally withholding any information, subject to the penalties of making a false

27  statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §

28  1503, *et seq.*), or conspiracy to commit such offenses;

PLEA AGREEMENT                   10                  Exhibit B

31

1        (d)    otherwise voluntarily providing the United States with any material or

2    information not requested in (a) - (c) of this paragraph and not protected under the

3    attorney-client privilege or work-product doctrine that he or she may have that is related

4    to any Federal Proceeding;

5        (e)    when called upon to do so by the United States in connection with any

6    Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

7    United States fully, truthfully, and under oath, subject to the penalties of perjury (18

8    U.S.C. § 1621), making a false statement or declaration in grand jury or court

9    proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of

10   justice (18 U.S.C. § 1503, *et seq.*); and

11       (f)    agreeing that, if the agreement not to prosecute him or her in this Plea

12   Agreement is rendered void under subparagraph 17(c), the statute of limitations period

13   for any Relevant Offense, as defined in subparagraph 17(a), will be tolled as to him or her

14   for the period between the date of signature of this Plea Agreement and six (6) months

15   after the date that the United States gave notice of its intent to void its obligations to that

16   person under this Plea Agreement.

17   This Paragraph 15 does not apply to any individual listed in Paragraph 1 of Attachment A filed

18   under seal, regardless of their employment status, or to any former director, officer, or employee

19   of the defendant.

20       **GOVERNMENT'S AGREEMENT**

21       16.    Subject to the full, truthful, and continuing cooperation of the defendant, as

22   defined in Paragraph 14 of this Plea Agreement, and upon the Court's acceptance of the guilty

23   plea called for by this Plea Agreement and the imposition of the recommended sentence, the

24   United States agrees that it will not bring further criminal charges against the defendant for any

25   act or offense committed before the date of signature of this Plea Agreement that was undertaken

26   in furtherance of an antitrust conspiracy involving the production or sale of packaged seafood in

27   the United States. The nonprosecution terms of this paragraph do not apply to (a) any acts of

28   subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001),

1  obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or

2  conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal

3  tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

4      17.    The United States agrees to the following:

5      (a)    upon the Court's acceptance of the guilty plea called for by this Plea

6  Agreement and the imposition of the recommended sentence and subject to the

7  exceptions noted in subparagraph 17(c), the United States agrees that it will not bring

8  criminal charges against any current director, officer, or employee of the defendant for

9  any act or offense committed before the date of signature of this Plea Agreement and

10  while that person was acting as a director, officer, or employee of the defendant that was

11  undertaken in furtherance of an antitrust conspiracy involving the production or sale of

12  packaged seafood in the United States ("Relevant Offense"), except that the protections

13  granted in this paragraph do not apply to any individual listed in Paragraph 1 of

14  Attachment A filed under seal;

15      (b)    should the United States determine that any current director, officer, or

16  employee of the defendant may have information relevant to any Federal Proceeding, the

17  United States may request that person's cooperation under the terms of this Plea

18  Agreement by written request delivered to counsel for the individual (with a copy to the

19  undersigned counsel for the defendant) or, if the individual is not known by the United

20  States to be represented, to the undersigned counsel for the defendant;

21      (c)    if any person requested to provide cooperation under subparagraph 17(b)

22  fails to comply fully with his or her obligations under Paragraph 15, then the terms of this

23  Plea Agreement as they pertain to that person and the agreement not to prosecute that

24  person granted in this Plea Agreement will be rendered void, and the United States may

25  prosecute such person criminally for any federal crime of which the United States has

26  knowledge, including, but not limited to any Relevant Offense;

27      (d)    except as provided in subparagraph 17(e), information provided by a

28  person described in subparagraph 17(b) to the United States under the terms of this Plea

Exhibit B
33

Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e)    if any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 15 of this Plea Agreement, the agreement in subparagraph 17(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f)    the nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(g)    documents provided under subparagraph 14(a) and 15(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

18.    The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

\\

Exhibit B
34

1    19.    The defendant understands that it may be subject to suspension or debarment

2  action by state or federal agencies other than the United States Department of Justice, Antitrust

3  Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

4  Agreement in no way controls what action, if any, other agencies may take.  However, the

5  Antitrust Division agrees that, if requested, it will advise the appropriate officials of any

6  governmental agency considering such action of the fact, manner, and extent of the cooperation

7  of the defendant as a matter for that agency to consider before determining what action, if any, to

8  take.  The defendant nevertheless affirms that it wants to plead guilty regardless of any

9  suspension or debarment consequences of its plea.

10                     **REPRESENTATION BY COUNSEL**

11    20.    The defendant has been represented by counsel and is fully satisfied that its

12  attorneys have provided competent legal representation.  The defendant has thoroughly reviewed

13  this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,

14  any possible defenses to the charge, and the nature and range of possible sentences.

15                            **VOLUNTARY PLEA**

16    21.    The defendant's decision to enter into this Plea Agreement and to tender a plea of

17  guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

18  or representations other than the representations contained in this Plea Agreement and

19  Attachment A.  The United States has made no promises or representations to the defendant as to

20  whether the Court will accept or reject the recommendations contained within this Plea

21  Agreement.

22                   **VIOLATION OF PLEA AGREEMENT**

23    22.    The defendant agrees that, should the United States determine in good faith,

24  during the period that any Federal Proceeding is pending, that the defendant has failed to provide

25  full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, or

26  has otherwise violated any provision of this Plea Agreement, the United States will notify

27  counsel for the defendant in writing by personal or overnight delivery, email, or facsimile

28  transmission and may also notify counsel by telephone of its intention to void any of its

PLEA AGREEMENT                    14

1   obligations under this Plea Agreement (except its obligations under this paragraph), and the

2   defendant will be subject to prosecution for any federal crime of which the United States has

3   knowledge including, but not limited to, the substantive offenses relating to the investigation

4   resulting in this Plea Agreement.  The defendant may seek Court review of any determination

5   made by the United States under this paragraph to void any of its obligations under this Plea

6   Agreement.  The defendant agrees that, in the event that the United States is released from its

7   obligations under this Plea Agreement and brings criminal charges against the defendant for any

8   offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for

9   such offense will be tolled for the period between the date of signature of this Plea Agreement

10  and six (6) months after the date the United States gave notice of its intent to void its obligations

11  under this Plea Agreement.

12       23.    The defendant understands and agrees that in any further prosecution

13  of it resulting from the release of the United States from its obligations under this Plea

14  Agreement because of the defendant's violation of this Plea Agreement, any documents,

15  statements, information, testimony, or evidence provided by it, or its current directors, officers,

16  or employees to attorneys or agents of the United States, federal grand juries, or courts, and any

17  leads derived therefrom, may be used against it.  In addition, the defendant unconditionally

18  waives its right to challenge the use of such evidence in any such further prosecution,

19  notwithstanding the protections of Fed. R. Evid. 410.

20                          **ENTIRETY OF AGREEMENT**

21       24.    This Plea Agreement and Attachment A constitute the entire agreement between

22  the United States and the defendant concerning the disposition of the criminal charge in this case.

23  This Plea Agreement cannot be modified except in writing, signed by the United States and the

24  defendant.

25       25.    The undersigned is authorized to enter this Plea Agreement on behalf of the

26  defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,

27  and incorporated by reference in, this Plea Agreement.

28  \\

PLEA AGREEMENT                        15                        Exhibit B
                                                                36

1       26.    The undersigned attorneys for the United States have been authorized

2   by the Attorney General of the United States to enter this Plea Agreement on behalf of the

3   United States.

4       27.    A facsimile or PDF signature will be deemed an original signature for the purpose

5   of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

6   executing this Plea Agreement.

7                            Respectfully submitted,

8

9

10  BY: _____

11  R. Scott Meece

    General Counsel and Senior Vice President

12  StarKist Co.

13

14

15  Dated: _____

16

17

18  BY: _____

    Niall E. Lynch

19  Ashley M. Bauer

    Latham & Watkins LLP

20  Counsel for StarKist Co.

21

22  Dated: _____

23

24

25

26

27

28

BY: _____

Leslie A. Wulff, Trial Attorney
Micah L. Rubbo, Trial Attorney
Andrew Schupanitz, Trial Attorney
Ann Cho Lucas, Trial Attorney
United States Department of Justice
Antitrust Division

Dated: _____

### UNANIMOUS WRITTEN CONSENT
### OF
### THE BOARD OF DIRECTORS
### OF
### STARKIST CO.

#### October ⁓, 2018

The undersigned Directors, constituting the entire Board of Directors (the "Board of Directors") of StarKist Co. (the "Corporation"), acting without a meeting pursuant to Sections 141(f) and 161 of the General Corporation Law of the State of Delaware (the "DGCL"), hereby take the following actions by unanimous written consent:

WHEREAS, it is proposed that the Corporation enter into a Plea Agreement (the "Plea Agreement") between the Corporation and the United States of America, through the United States Department of Justice (the "United States DOJ"), to plead guilty to a one count Information (the "Information") alleging a violation of Section 1 of the Sherman Act (the "Sherman Act") involving price fixing allegations in connection with shelf stable tuna for the time period commencing as early as November 1, 2011 through as late as December 31, 2013;

WHEREAS, the anticipated Plea Agreement will require, among other things, the payment of a fine in an amount of at least Fifty Million ($50,000,000.00), but not to exceed a statutory maximum, One Hundred Million Dollars ($100,000,000.00) (the "Fine"), and which shall be decided by and subject to possible adjustment lower than the statutory maximum by the Judge, and for the Corporation to cooperate with the United States DOJ with respect to its investigation to resolve claims with respect to the Sherman Act and as alleged in the Information; and

WHEREAS, the Board of Directors hereby deems it advisable and in the best interests of the Corporation to approve the execution and delivery of the Plea Agreement and payment of the Fine to resolve the allegations set forth in the Information in accordance with the terms set forth in the Plea Agreement.

NOW THEREFORE, BE IT HEREBY

RESOLVED, that terms and provisions of the Plea Agreement and any documents ancillary thereto or contemplated therein to which the Corporation is to be a party (collectively the "Plea Agreement Documents"), and the performance by the Corporation of all of its obligations pursuant to any of the Plea Agreement Documents, including payment of the Fine, be, and they hereby are, in all respects authorized, ratified, approved and confirmed; and further

Exhibit B
38

{J2328892.2}

RESOLVED, that the entry into, and the execution and delivery of, the Plea Agreement and any other of the Plea Agreement Documents is hereby approved by the Board of Directors in all respects; and further

RESOLVED, that any Director of the Corporation or any officer of the Corporation that any director may designate from time to time (individually referred to as, an "Authorized Signatory" and collectively as, the "Authorized Signatories") are authorized and directed to take all steps necessary to effectuate the entry into, and the execution and delivery of, the Plea Agreement and any other Plea Agreement Documents; and further

RESOLVED, that the Board of Directors hereby authorizes and empowers each Authorized Signatory to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, execute and/or deliver, or cause to be made, executed and/or delivered, all such agreements, amendments, supplements, undertakings, documents, waivers, instruments or certificates in the name and on behalf of the Corporation, or otherwise as each such officer may deem necessary or appropriate to effectuate or carry out fully the purpose and intent of the foregoing resolutions and any of the transactions contemplated by the Plea Agreement Documents; and further

RESOLVED, that any and all acts, transactions, agreements, certificates, statements, reports, documents, instruments or papers previously signed on behalf of the Corporation by any director or officer of the Corporation in connection with or in furtherance of the foregoing be, and they hereby are, in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors.

*          *          *

[Signature Page Follows]

{J2328892.2}                    2

Exhibit B
39

IN WITNESS WHEREOF, the undersigned members of the Board of Directors of StarKist Co. have executed this unanimous written consent as of the date first written above.

_____
Mr. Jaechul Kim

_____
Mr. Ingu Park

_____
Mr. Moonsu Park

_____
Mr. Namjung Kim

_____
Mr. Jung Ki Ro

_____
Mr. Andrew Choe

{J2328892.2}                                      3