Michael P. Lehmann (#77152)
Christopher L. Lebsock (#184546)
Debashish Bakshi (#311115)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel:  (415) 633-1908
Fax:  (415) 358-4980
E-mail: mlehmann@hausfeld.com
E-mail: clebsock@hausfeld.com
E-mail: dbakshi@hausfeld.com

Michael D. Hausfeld (*pro hac vice*)
Brittany L. Nyovanie (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel:  (202) 540-7200
Fax:  (202) 540-7201
E-mail: mhausfeld@hausfeld.com
E-mail: bnieves@hausfeld.com

*Class Counsel for the Direct Purchaser Class*
*Additional counsel listed below*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 3:15-md-02670-DMS-MDD<br>MDL No. 2670<br><br>**PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE LIMITED DEPOSITIONS**<br><br>JUDGE: Hon. Dana M. Sabraw<br>CTRM: 13A |

Plaintiffs[1] submit this objection to the Honorable Magistrate Judge Mitchell D. Dembin's Order Denying Plaintiffs' *Ex Parte* Application to Take Limited Depositions, entered on January 26, 2023. ECF No. 2974.

## I. INTRODUCTION

Plaintiffs' objection concerns Magistrate Judge Dembin's January 26, 2023 Order (the "Order") denying Plaintiffs' *Ex Parte* Application to Take Limited Depositions of Wen Hung Lee ("Lee"), Eric Lindberg ("Lindberg"), and Jae Chul Kim ("Chairman Kim"). ECF Nos. 2974; 2945. Applying the *Schumer* factors to Plaintiffs' request, the Court's decision asserts that Defendants would be prejudiced by the sought discovery, that the requested discovery was foreseeable, that Plaintiffs were not sufficiently diligent to meet the standard for good cause, and finally, that Plaintiffs' request would likely not lead to relevant evidence. *See* ECF No. 2974. Plaintiffs argue that the Court's Order is clearly erroneous on all grounds.

As stressed by Defendants, Mr. Lindberg testified that he and Chairman Kim *never* discussed collusion or price agreements between their subsidiaries. ECF No. 2962 at 4. However, if the events in the recently discovered Criminal Trial Exhibit 231 are true, it would not only completely undermine Mr. Lindberg's earlier testimony, but by extension, it would directly implicate Lion Capital LLP's ("Lion Capital") and Dongwon Industries, Co. Ltd.'s ("Dongwon") involvement and ratification of the conspiracy on an owner-to-owner basis. The Court assumes that it is unlikely the requested deponents remember the events in question. But the events in question are too important to deny the relief sought based on an assumption as to how a witness may answer a question and to deny the trier-of-fact the opportunity to evaluate the credibility of any answer that would be given.

---

[1] Indirect Purchaser End Payer Plaintiffs ("EPPs"), the Commercial Food Preparer Plaintiffs ("CFPs"), the Direct Purchaser Class Plaintiffs ("DPPs"), and the undersigned Direct Action Plaintiffs ("DAPs").

| PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS | CASE NO. 15-MD-2670-DMS -MDD |
|---|---|

1

Two hours of these witnesses' time, remotely if needed, is little to ask for—particularly when the stakes are so high. And while Plaintiffs understand that Exhibit 231 could have been found earlier, the date on which this document was found does not undermine its undeniable importance in this case and the need for the requested deponents to be questioned on the events described therein. Although trial is not yet scheduled, it is on the horizon, and the jury deserves to have in front of it the fullest possible record when determining whether Lion Capital and Dongwon participated in or ratified the anticompetitive conduct of their subsidiaries.

Plaintiffs therefore respectfully request that this Court sustain Plaintiffs' objection and vacate Magistrate Judge Dembin's Order denying Plaintiffs' request.

## II. RELEVANT FACTS

The Court is well familiar with the background of this case, brought against the three largest domestic producers of packaged tuna products—Tri-Union Seafoods LLC d/b/a Chicken of the Sea International ("COSI"), Bumble Bee Foods LLC ("Bumble Bee"), and StarKist Co. ("StarKist")—as well as their parent companies, including COSI's owner, Thai Union Group PCL ("TUG"), StarKist's owner, Dongwon, and Bumble Bee's parent companies—Lion Capital, Lion (Americas), Inc. ("Lion Americas"), and Big Catch Cayman LP ("Big Catch") (collectively, the "Lion Entities").

On September 5, 2018, the Honorable Janis L. Sammartino held that Plaintiffs had failed to state a claim against Lion Capital and Big Catch (collectively, the "Lion Defendants"), ECF No. 1358 (the "First Lion Order"), but that Plaintiffs plausibly stated a claim against Lion Americas. Following that Order, Plaintiffs amended their complaints and the Lion Defendants moved to dismiss. ECF No. 1631. On January 29, 2020, the Court granted the motion to dismiss (the "Second Lion Order"). ECF No. 2270.

1  One month later, DAPs filed a Motion for Reconsideration of the Second Lion Order, or alternatively, for entry of a final judgment against Lion Capital and Big Catch pursuant to Fed. R. Civ. P. 54(b), ECF No. 2285,[2] which this Court granted on March 21, 2022, thereby resuscitating all Plaintiffs' claims against Lion Capital and Big Catch (the "Third Lion Order"). ECF No. 2781. Following the Court's denial of Lion Defendants' subsequent interlocutory appeal, ECF No. 2850, the Lion Defendants filed a motion for scheduling order on July 27, 2022, ECF No. 2879, which the Court granted on September 8, 2022, ECF No. 2914, thereby reopening discovery.

In response to the updated scheduling order, DPP's counsel secured copies of the trial exhibits from the corresponding criminal proceeding, *United States v. Lischewski*, 18-cr00203-EMC (N.D. Cal.), on October 7, 2022. *See* Nyovanie Decl. at ¶ 5, ECF No. 2945-1. During Plaintiffs' examination of the criminal trial exhibits, as part of counsels' deposition preparation process, Plaintiffs discovered Criminal Trial Exhibit 231. Following this discovery, Plaintiffs e-mailed Defendants' counsel seeking limited, two-hour, virtual (if possible), depositions of the key individuals involved in Exhibit 231—Mr. Lindberg, Mr. Lee, and Chairman Kim. *See* Nyovanie Decl. at ¶ 8, ECF No. 2945-1 (including Ex. 2 & 3, ECF Nos. 2945-2-3). After Defendants rejected Plaintiffs' request, Plaintiffs swiftly filed the *Ex Parte* Application to Modify Scheduling Order to Take Limited Depositions, ECF No. 2945, which the Court denied on January 26, 2023, ECF No. 2974. Plaintiffs subsequently filed this Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

### III. LEGAL STANDARD

On the timely objection of a party, non-dispositive orders of a magistrate judge must be set aside to the extent that they are "clearly erroneous" or "contrary to law."

---

[2] The Class Plaintiffs also sought a Rule 54(b) Order, or alternatively, reconsideration.

Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see*, *e.g.*, *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). Discretionary decisions pertaining to non-dispositive pretrial discovery matters are governed by the "clearly erroneous" standard. *Id*. at 378. Courts applying this standard have sustained objections to discovery rulings that lack clear support in the record. *See United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## IV. ARGUMENT

As noted in the Court's Order, to successfully seek an amendment of a Rule 16 scheduling order, the Court must evaluate whether there is good cause for such amendment. Order at 4 (citing Fed. R. Civ. P. 16(b)(4)). The good cause standard requires the Court consider the *Schumer* factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed by the scheduling order; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citing *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997)).

### A. The Need for Discovery Was Unforeseeable and Plaintiffs Acted Diligently Given Multiple Factors Involved

The Court's Order largely focuses on Plaintiffs' diligence in finding Exhibit 231, asserting that Plaintiffs failed to make an adequate showing for purposes of meeting the good cause standard. As noted in the Court's Order, Bumble Bee produced Exhibit 231 in 2018, giving Plaintiffs four years to find the e-mail thread at issue. Order at 6-7. However, the Court's Order disregards the significant fits and starts this case has endured during the four years in question.

The same year Exhibit 231 was produced, the Honorable Janis L. Sammartino dismissed Lion Capital and Big Catch as defendants in this case. ECF No. 1358. Nearly four years later, in March 2022, the Court granted Plaintiffs' Motions for Reconsideration and resuscitated Plaintiffs' claims against Lion Capital and Big Catch. *See* ECF No. 2781. As noted in Plaintiffs' briefing, Plaintiffs only secured copies of the criminal trial exhibits from *United States v. Lischewski*, No. 18-cr-00203-EMC (N.D. Cal.) after the Court granted the Lion Defendants' motion for scheduling order and reopened discovery in this litigation—which remains open as of this filing. *See* ECF No. 2945 at 4. Plaintiffs moved with alacrity once the Exhibit was found in the criminal trial exhibits. *See* Nyovanie Decl. ¶¶ 5-11, ECF No. 2945-1. In light of the long pause in the case, this fact deserves more weight in the Court's assessment of both Plaintiffs' diligence and of the requested discovery's foreseeability.

As Defendants purported that the procedural posture in this litigation was "radically altered" in such a way over these past few years that it required wholly new briefing for summary judgment and additional depositions, *see* ECF No. 2879-1 at 3, Plaintiffs argue that these changes have caused new documents (such as Exhibit 231) to come to the surface in a way they did not prior. It is because of Plaintiffs' diligence—not despite it—that Plaintiffs have now found Exhibit 231 and Plaintiffs' immediate efforts to obtain leave to question the relevant individuals about the substance of this document further demonstrates their diligence.

**B.     Defendants Would Not Be Prejudiced by the Minimal Discovery Sought Here**

The Court's Order asserts that Defendants would be exposed to significant financial expenses to prepare for the three depositions proposed. Firstly, while the deponents live in other locations, Plaintiffs intentionally included virtual depositions as an option in their request to lessen the costs involved. *See United States for use &*

| PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS | CASE NO. 15-MD-2670-DMS -MDD |
|---|---|

5

*benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) (describing virtual depositions as a means "to secure the just, speedy, and inexpensive determination" of an action). Second, with respect to preparation, the depositions Plaintiffs seek are limited in scope. In contrast to the recent depositions that this Court has allowed of Messrs. Hodge, Cameron, and Worsham, the depositions Plaintiffs seek are restricted to a specific subject-matter and could all be completed in one day.

Finally, as underscored in Plaintiffs' *Ex Parte* Application, discovery is already open. ECF No. 2945 at 12-13. The discovery Plaintiffs now seek would not delay any pre-trial proceedings nor would it affect the date for trial, which has not yet been scheduled. *See* ECF No. 2914. Plaintiffs have intentionally limited their request, in scope, duration, and setting, to be as minimally intrusive as possible while still obtaining the information required.

### C. The Requested Discovery Would Unquestionably Lead to Relevant Evidence

The Court's Order acknowledges that Exhibit 231 contradicts Mr. Lindberg's prior testimony, however, Plaintiffs argue that the magnitude of this contradiction warrants significantly more weight than the Court gave to it. It is true that Mr. Lindberg was questioned about the Nov. 28, 2011 meeting, as addressed in his 2019 deposition testimony. However, Mr. Lindberg stated in his deposition testimony that the meeting with Chairman Kim was a "pure follow-up" to their November 2010 meeting in New York, Nyovanie Decl., Ex. 1 (Lindberg Dep. 209:18-22), during which him and Chairman Kim solely discussed "cooperat[ion] on any very European investments and to see if [they] could network into Korean business entities." *Id.* (Lindberg Dep. 208:4-12). With respect to the U.S. market, Mr. Lindberg testified that "[t]he only topic in general that we covered with Dong Won was tuna industry marketing to try to build awareness in general for the category." *Id.* (Lindberg Dep. 210:22-25).

| PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS | CASE NO. 15-MD-2670-DMS -MDD |
|---|---|

1    But, according to Exhibit 231's account of the meeting, Mr. Lindberg not only
2    discussed more than what he describes in his deposition testimony, but explicitly
3    discussed the understanding between StarKist and Bumble Bee during this period—
4    that StarKist would act "rational[ly]" in the market as long as Bumble Bee did not
5    "attack [ ] them on pouch and try[ ] to steal their share." Nyovanie Decl., Ex. 1, ECF
6    No. 2945-2. Given Plaintiffs' allegations against the Parent Entities in this case, the
7    importance of this piece of evidence—which directly disputes Mr. Lindberg's prior
8    testimony and demonstrates both the Parent Entities' knowledge and involvement in
9    their subsidiaries' conspiracy—is unquestionable.
10   As explained in Plaintiffs' *Ex Parte* Application, Mr. Lee is not an uninvolved
11   third-party observer. Mr. Lee is a self-described "messenger" for Bumble Bee, with a
12   history of providing intel on Bumble Bee's competitors and keeping Bumble Bee
13   abreast of the conspiracy's status and progress. *See* ECF No. 2945 at 8. Mr. Lee's
14   position as a partial owner of Bumble Bee during the period in question, and his self-
15   proscribed status as someone looking out for and regularly reporting to Bumble Bee,
16   supports the trustworthiness of Exhibit 231. The Court questions whether Mr. Lee will
17   recall what occurred during this meeting, asserting that it has been "eleven years" and
18   that this is "a meeting that he did not [ ] attend." Order at 8. However, the Court
19   overlooked the fact that while Mr. Lee may not have attended the meeting with
20   Chairman Kim, his email begins "[i]n *our* conversation with Eric last night."
21   Nyovanie Decl., Ex. 1, ECF No. 2945-2 (emphasis added). In other words, Mr. Lee
22   asserts that Mr. Lindberg separately—whether in their own meeting or on a call—
23   described the meeting with Chairman Kim to Mr. Lee, and the information learned
24   from it, shortly after the Nov. 28, 2011 meeting took place. Plaintiffs request the
25   opportunity to ask what Mr. Lee remembers from this conversation with Mr.
26   Lindberg—a conversation which may very well have included additional information
27   regarding the Parent Entities' meeting and relationship. Likewise, Mr. Lindberg
28

"extensively" described the November 2011 meeting only a little more than three years ago. *See* ECF No. 2962 at 4. There is no reason to believe, confronted with Exhibit 231, that Mr. Lindberg would not recall whether the substance of the e-mail correspondence and the meeting described therein is true, especially where there is no solid reason to assume his memory has faded.[3]

Given the significance of the information sought here, Plaintiffs' request should not be denied because of the mere *possibility* the requested deponents do not recall the meeting in question. Plaintiffs' request merits the opportunity to *know* whether these individuals remember the events that took place, particularly where only two hours of possibly remote deposition testimony is required to obtain the truth.

## V. CONCLUSION

For all the reasons discussed herein, Plaintiffs respectfully submit their objection to the Order should be sustained and that the Order should be vacated.

Dated: February 9, 2023

Respectfully submitted,

*s/ Brittany L. Nyovanie*
Michael D. Hausfeld (*pro hac vice*)
Brittany L. Nyovanie (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
E-mail: mhausfeld@hausfeld.com
E-mail: bnieves@hausfeld.com

---

[3] The Court questions whether Chairman Kim would recall the purported events given that he is currently ninety years old. Chairman Kim only retired as the Chairman of Dongwon four years ago, indicating that the Chairman has only recently lessened his involvement with the company. *See* Nyovanie Decl., Ex. 1., ECF No. 2963-5, December 27, 2022. Plaintiffs only require two hours of his time, virtually, to ask if Chairman Kim, as someone who continued to hold power over Dongwon for most of the past eleven years, recalls a meeting that was particularly significant at the time.

PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS
CASE NO. 15-MD-2670-DMS-MDD

8

Christopher L. Lebsock, Esquire
(Cal. Bar No. 184546)
Michael P. Lehmann, Esquire
(Cal. Bar No. 77152)
Debashish Bakshi, Esquire
(Cal. Bar No. 311115)
600 Montgomery Street
Suite 3200
San Francisco, CA  94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: clebsock@hausfeld.com
mlehmann@hausfeld.com
dbakshi@hausfeld.com

***Lead Counsel for Direct Purchaser Plaintiffs***

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP | KENNY NACHWALTER, P.A. |
| By: s/ Betsy C. Manifold<br>Betsy C. Manifold, Esquire<br>Fred Isquith, Esquire<br>Rachele R. Byrd, Esquire<br>Alex J. Tramontano, Esquire<br>Symphony Towers<br>750 B Street, Suite 2770<br>San Diego, CA 92101<br>Tel: (619) 239-4599<br>Fax: (619) 234-4599<br>E-mail: manifold@whafh.com<br>isquith@whafh.com<br>byrd@whafh.com<br>tramontano@whafh.com | By: s/ William J. Blechman<br>Richard Alan Arnold, Esquire<br>William J. Blechman, Esquire<br>Kevin J. Murray, Esquire<br>Douglas H. Patton, Esquire<br>Samuel J. Randall, Esquire<br>1441 Brickell Avenue, Suite 1100<br>Miami, Florida 33131<br>Tel: (305) 373-1000<br>Fax: (305) 372-1861<br>E-mail: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br>dpatton@knpa.com<br>srandall@knpa.com |
| Thomas H. Burt, Esquire<br>270 Madison Avenue<br>New York, NY 10016<br>Tel: (212) 545-4600<br>Fax: (212) 686-0114<br>E-mail: burt@whafh.com | *Liaison Counsel for Direct Action Plaintiffs* |
| *Lead Counsel for Indirect Purchaser End Payer Plaintiffs* | CUNEO GILBERT & LADUCA LLP |
| KAPLAN FOX & KILSHEIMER LLP | By: s/ Jonathan W. Cuneo<br>Jonathan W. Cuneo, Esquire<br>Joel Davidow, Esquire<br>Blaine Finley, Esquire<br>4725 Wisconsin Avenue, N.W.<br>Suite 200<br>Washington, D.C. 20002<br>Tel: (202) 789-3960<br>Fax: (202) 589-1813<br>E-mail: jonc@cuneolaw.com<br>joel@cuneolaw.com<br>bfinley@cuneolaw.com |
| By: s/ Laurence D. King<br>Laurence D. King<br>(SBN 206423)<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>Telephone: (415) 772-4700<br>Facsimile: (415) 772-4707<br>Email: lking@kaplanfox.com<br>Robert N. Kaplan<br>Gregory K. Arenson | *Lead Counsel for Indirect Purchaser Commercial Food Preparer Plaintiffs*<br><br>NUSSBAUM LAW GROUP, P.C. |

| | |
|---|---|
| PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS | CASE NO. 15-MD-2670-DMS -MDD |

10

| | | |
|---|---|---|
| 1 | Elana Katcher | |
| | Matthew P. McCahill | Linda P. Nussbaum |
| 2 | 850 Third Avenue, 14th Floor | Susan R. Schwaiger |
| | New York, NY 10022 | 1211 Avenue of the Americas |
| 3 | Telephone: (212) 687-1980 | 40th Floor |
| | Facsimile: (212) 687-7714 | New York, NY 10036 |
| 4 | Email: rkaplan@kaplanfox.com | Telephone: (917) 438-9189 |
| 5 | Email: garenson@kaplanfox.com | Email:  lnussbaum@nussbaumpc.com |
| | Email: ekatcher@kaplanfox.com | Email:  sschwaiger@nussbaumpc.com |
| 6 | Email: mmccahill@kaplanfox.com | |
| 7 | ALSTON & BIRD LLP | ***Attorneys for Direct Action Plaintiffs*** |
| 8 | | ***Wegmans Food Markets, Inc. and*** |
| | Valarie C. Williams | ***Krasdale Foods, Inc.*** |
| 9 | 560 Mission Street, Suite 2100 | |
| | San Francisco, CA  91405 | |
| 10 | Telephone: (415) 243-1058 | |
| | Email: valarie.williams@alston.com | HAYNSWORTH SINKLER BOYD, P.A. |
| 11 | | |
| 12 | B. Parker Miller | By: *s/ Elizabeth H. Black* |
| | 1201 West Peachtree Street | Robert Y. Knowlton (D.S.C. No. 2380) |
| 13 | Atlanta, GA 30309 | Elizabeth H. Black (D.S.C. No. 10088) |
| | Telephone: (404) 881-7000 | 1201 Main Street, Suite 2200 |
| 14 | Facsimile: (404) 881-7777 | P.O. Box 11889 (29211) |
| 15 | Email: parker.miller@alston.com | Columbia, South Carolina |
| 16 | THE COFFMAN LAW FIRM | Telephone: (803) 779-3080 |
| | | Facsimile: (803) 765-1243 |
| 17 | Richard L. Coffman | bknowlton@hsblawfirm.com |
| | 3355 West Alabama, Suite 240 | eblack@hsblawfirm.com |
| 18 | Houston, TX 77098 | |
| 19 | Telephone: (713) 528-6700 | ***Counsel for W. Lee Flowers & Co., Inc*** |
| | Facsimile: (866) 835-8250 | |
| 20 | Email: rcoffman@coffmanlawfirm.com | |
| 21 | | |
| | MARCUS & SHAPIRA LLP | |
| 22 | | |
| 23 | Bernard D. Marcus | |
| | Moira Cain-Mannix | |
| 24 | Erin Gibson Allen | |
| 25 | One Oxford Center, 35th Floor | |
| | Pittsburgh, PA 15219 | |
| 26 | Telephone: (412) 471-3490 | |
| 27 | Facsimile: (412) 391-8758 | |
| 28 | PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS | CASE NO. 15-MD-2670-DMS -MDD |

Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: allen@marcus-shapira.com

L&G LAW GROUP, LLP

Eric R. Lifvendahl
175 W. Jackson Blvd., Suite 950
Chicago, IL 60604
Telephone: (312) 364-2500
Facsimile: (312) 364-1003
Email: elifvendahl@lgcounsel

*Attorneys for Direct Action Plaintiffs Affiliated Foods Inc., Alex Lee, Inc., Associated Foods Stores, Inc., Associated Grocers of New England, Inc., Associated Grocers, Inc., Bashas' Inc., Big Y Foods, Inc., Brookshire Brothers, Inc., Brookshire Grocery Company, Certco, Inc., CVS Pharmacy, Inc., Dollar Tree Distribution. Inc., Greenbrier International, Inc., Family Dollar Stores, Inc., Family Dollar Services, LLC., Fareway Stores, Inc., The Golub Corporation, Giant Eagle, Inc., Kmart Corporation, K-VA-T Food Stores, Inc., Mark Glassman, Inc., McLane Company, Inc., Meadowbrook Meat Company, Inc., Merchants Distributors, LLC., Schnuck Markets, Inc., SpartanNash Company, URM Stores, Inc., Western Family Foods, Inc., Woodman's Food Market, Inc., and 99 Cents Only Stores LLC*

| | |
|---|---|
| PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' *EX PARTE* APPL. TO TAKE LIMITED DEPOSITIONS | CASE NO. 15-MD-2670-DMS -MDD |

12

# CERTIFICATE OF SERVICE

I certify that on February 9, 2023, I filed the foregoing document and supporting papers with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system. I also served counsel of record via this Court's CM/ECF system.

*s/ Brittany L. Nyovanie*
HAUSFELD LLP
bnieves@hausfeld.com