| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-DMS-MDD |
|---|---|
| This filing relates to the Direct Purchaser Plaintiff Class Action Track | **ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF COSI/TUG SETTLEMENT**<br><br>**RE: ECF No. 2911** |

ORDER                                                              CASE NO. 15-MD-2670-DMS -MDD

1   WHEREAS, the Court, having considered the Settlement Agreement between the Direct Purchaser Plaintiffs (the "DPPs")[1] and Tri-Union Seafoods LLC d/b/a Chicken of the Sea ("COSI") and Thai Union Group PCL ("TUG") dated March 11, 2021 (ECF No. 2785-3) (the "Settlement Agreement"), the Court's Order granting the DPPs' Renewed Motion for Preliminary Approval of Settlement, dated January 26, 2022 (ECF No. 2733) ("Preliminary Approval Order"), and the DPPs' Motion for Final Approval of Settlement and related filings, as well as having held Fairness Hearings on October 7, 2022, and February 24, 2023, due and adequate notice having been given to the Settlement Class as required in the Court's Preliminary Approval Order, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), having expired, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.   This Final Approval Order and Order of Final Judgment and Dismissal as to the DPPs' claims against Defendants COSI and TUG pursuant to the Settlement Agreement incorporates by reference the definitions as set forth in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of the Litigation[2] and over all parties to the Settlement Agreement, including all Settlement Class Members, and the administration of the Settlement and distribution of the Settlement Fund.

---

[1] The DPPs are Olean Wholesale Grocery Cooperative, Inc., Pacific Groservice Inc. d/b/a PITCO Foods, Piggly Wiggly Alabama Distributing Co., Inc., Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc., Trepco Imports and Distribution Ltd., and Benjamin Foods LLC.

[2] As defined in the Settlement Agreement, "Litigation" means the multi-district litigation captioned *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670 [DMS] (MDD), MDL No. 2670, currently pending before the Honorable [Dana M. Sabraw] in the United States District Court for the Southern District of

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

**I.     The Settlement Class**

4. Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the Settlement the DPPs, for themselves individually and on behalf of each Settlement Class Member in the Litigation, the Court finds—solely for purposes of effectuating the Settlement—that all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and hereby certifies solely for settlement purposes the following Settlement Class:

> **The Settlement Class:** All persons and entities that directly purchased Packaged Tuna Products (excluding tuna salad kits and cups and salvage purchases) within the United States, its territories, and the District of Columbia from any Defendant at any time between June 1, 2011 and July 31, 2015. Excluded from the class are all governmental entities, Defendants, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees, and immediate families, as well as any federal judges or their staffs.

5. The Court finds that the Settlement Amount is $13,001,961.86 based on the formula set forth in the Settlement Agreement. COSI and TUG have previously advanced $75,000.00 of that amount to defray the costs of notice and administration. COSI and TUG are hereby ordered to pay into the Escrow Account established pursuant to the Settlement Agreement an additional $12,926,961.86.

6. The Court confirms, for settlement purposes, that the Settlement Class meets the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3):

---

California, including all actions relating to the claims alleged in "Direct Purchaser Plaintiffs' Fourth Amended Consolidated Class Action Complaint" and all actions that have been or are subsequently filed in or transferred for consolidation and/or coordinated pretrial proceedings to the Southern District of California by the Judicial Panel on Multidistrict Litigation as part of MDL No. 2670.

(a) *Numerosity:* The Settlement Class consists of hundreds of persons and entities located throughout the United States and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(l). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) *Commonality*: The Court determines that the DPPs have alleged one or more questions of fact or law common to the Settlement Class. These issues are sufficient to establish commonality under Fed. R. Civ. P. 23(a)(2) for purposes of settlement.

(c) *Typicality*: The claims of the DPPs are typical of the claims of the Settlement Class Members they seek to represent for purposes of settlement.

(d) *Adequacy:* The DPPs' interests do not conflict with those of absent members of the Settlement Class, and the DPPs' interests are co-extensive with those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel. The DPPs and Class Counsel have prosecuted this action vigorously on behalf of the Settlement Class. The Court finds that the requirement of adequate representation of the Settlement Class has been fully met under Fed. R. Civ. P. 23(a)(4).

(e) *Predominance of Common Issues*: For settlement purposes, the questions of law or fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member.

(f) *Superiority of the Class Action Mechanism:* The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives. Certification of the Settlement Class promotes efficiency and uniformity of judgment because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

7. Certification of the Settlement Class is for settlement purposes only, shall not constitute evidence in any other proceeding, and may not be cited in support of the certification of any other proposed class.

8. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Hausfeld LLP is appointed as Settlement Class Counsel for the Settlement Class.

9. The DPPs—Olean Wholesale Grocery Cooperative, Inc., Pacific Groservice Inc. d/b/a PITCO Foods, Piggly Wiggly Alabama Distributing Co., Inc., Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc., Trepco Imports and Distribution Ltd., and Benjamin Foods LLC—are appointed as class representatives on behalf of the Settlement Class.

## II. Notice to Settlement Class Members and Exclusions

10. The record shows and the Court finds that notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such class notice: (i) is reasonable and constitutes the best practicable notice to Settlement Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and the terms of the Settlement Agreement, their right to exclude themselves from the Settlement Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders on all persons and entities who or which do not exclude themselves from the Settlement Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause, Fed. R. Civ. P. 23, and any other applicable law).

11. The persons identified in Exhibit A to Supplemental Declaration of Jennifer M. Keough filed in support of the motion for final approval have timely and

validly requested exclusion from the Settlement Classes and, therefore, are excluded. Such persons are not included in or bound by this final judgment.

### III. Final Approval of Settlement Agreement

12. The Court finds that the Settlement as set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith and with the assistance of United States Magistrate Judge Jan Adler (Ret.), an experienced and well-regarded mediator of complex cases.

13. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement as set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Settlement Class Members.

14. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things: (a) the proposal was negotiated at arm's length; (b) the relief provided for the class is adequate, taking into account the complexity, expense, uncertainty and likely duration of the Litigation, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of the proposed award of attorneys' fees, including timing of payment, and the absence of any other agreements required to be identified under Rule 23(e)(3); (c) the Settlement treats Settlement Class Members equitably relative to each other; (d) the class representatives and Class Counsel have adequately represented the Settlement Class; and (e) any and all other applicable factors that favor final approval.

### IV. Settlement and Claims Administration Expenses

15.  While the DPPs initially estimated that notice and claims administration together would not cost more than $100,000, the settlement administrator, JND, received claims from third-party filers on behalf of entities that did not appear in the Defendants' transaction data and most of which made no attempt to substantiate the claims with any supporting documentation proving membership in the Settlement Class. Processing and review of these claims took a significant amount of time, resulting in the claims administration costing more than initially anticipated.

16.  The Settlement Agreement provides that Settlement Class Counsel may withdraw funds as necessary for notice and administration from the Settlement Fund up to $500,000. Settlement Agreement, ¶ 11.4. JND estimates that total fees and expenses for the claims administration and related distribution of the Settlement Fund to claimants will not exceed $325,514.00. *Id.* Class Counsel has requested that the Court approve use of those funds to carry out the remaining claims administration and related distribution of the Settlement Fund.

17.  Finding good cause shown, the Court therefore approves up to $325,514.00 to be withdrawn from the Settlement Fund to pay the administrator for the claims administration and distribution to be performed.

### V. Conclusion

18.  In granting final approval of the Settlement Agreement, the Court directs entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure dismissing COSI and TUG with prejudice from this Litigation as to the Settlement Class's claims in accordance with this Order and the terms and conditions of the Settlement Agreement. Each party shall bear its own costs and attorneys' fees except

/ / /

/ / /

/ / /

1 | as provided by the Settlement Agreement and Court order. The Litigation will
2 | continue with respect to all other parties.

3 | **IT IS SO ORDERED.**

4 | Dated: March 7, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court