UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>Commercial Food Preparer Plaintiffs Class Track | Case No.:  15md2670 DMS(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COMMERCIAL FOOD PREPARER PLAINTIFFS' RENEWED MOTION FOR APPROVAL OF CLASS NOTICE PLAN AND MOTION TO SHIFT NOTICE COSTS TO NON-SETTLING DEFENDANT STARKIST** |

This case comes before the Court on the CFPs' renewed motion for approval of Class Notice Plan and motion to shift notice costs to Non-Settling Defendant StarKist.  StarKist filed an opposition to the motion to shift notice costs,[1] and the CFPs filed a reply.  The motion came on for hearing on February 24, 2023.  Betsy Manifold appeared and argued on behalf of the CFPs, and Christopher Yates appeared and argued on behalf of Defendant

/ / /

---

[1] StarKist does not oppose the motion for approval of Class Notice Plan.

1

15md2670 DMS(MDD)

StarKist. For the reasons set out below, the Court grants the motion for approval of the Class Notice Plan, but denies the motion to shift costs to Defendant StarKist.

## I.

## MOTION FOR APPROVAL OF CLASS NOTICE PLAN

After a court certifies a class under Federal Rule of Civil Procedure 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice:

must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id*. Class notice must afford potential class members the ability to "make an informed decision about their participation [in the litigation]." Manual for Complex Litigation (Fourth) § 21.311 at 289 (2004) ("Manual").

To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). There is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather "individual notice must be

provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974); *see also* Manual § 21.311 n.882.

### A. Appointment of Class Notice Administrator

The CFPs propose Kroll as the administrator for the Class Notice Plan. Kroll, a nationally recognized notice and claims administration firm, successfully conducted a robust court-approved Settlement Notice Plan in conjunction with the CFPs' settlement with Defendant Chicken of the Sea ("COSI"). Kroll is well qualified to perform the tasks associated with administering the notice procedures outlined in the Class Notice Plan. The Court approves the CFPs' request to appoint Kroll.

### B. The Proposed Method of Class Notice Satisfies Rule 23 and Due Process

When evaluating the adequacy of class notice, the court looks to its reasonableness. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (concluding that the appropriate question remains "what notice is reasonably certain to inform the absent members of the plaintiff class," and the appropriate standard is the "best notice practicable") (internal citation and quotations omitted). Rule 23 requires only the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017) (quoting Fed. R. Civ. P. 23(c)(2)(B); *see also Bruno v. Quten Research Inst., LLC*, No. SACV 11-00173 DOC (Ex), 2012 U.S. Dist. LEXIS 196467, at *4 (C.D. Cal. July 16, 2012) ("Notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice."). Likewise, due process does not require actual, individual notice in all cases. *Briseno*, 844 F.3d at 1129. Courts have routinely permitted alternative means such as notice through third parties, paid advertising, posting in places frequented by class members, and notice by publication in a periodical or on a website, all without offending due process. *Id.* (citations omitted).

The CFPs' Class Notice Plan meets these standards. The CFP's proposed method of providing notice to the Class (described below) is adequate and reasonable under the circumstances.

### 1. Plan Delivery Estimated to Reach Over 85%

Kroll estimates that the proposed Notice Plan will reach more than 85% of likely Class Members. (Decl. of Jeanne C. Finegan in Supp. of Mot. ("Finegan Decl.") ¶35.) This reach will be achieved via digital placements with Google Ads and three top social media platforms (Facebook, Instagram, and Twitter)). (*Id.* ¶¶ 15, 16.) Reach will be further extended by the direct notice effort to class members, and the distribution of a national press release. (*Id.* ¶¶6-10, 29.) The provided reach is similar to that of other court-approved programs and meets the standard set forth by the FJC. (*Id.* ¶35.) This Class Notice Plan includes direct notice to known class members. Kroll will send an updated notice to known class members of the litigation class COSI Settlement Claimants to alert them to the class litigation and their option to remain in the Class or opt out. (*Id.*, Exs. A-1, A-2.) In addition to noticing the existence of the Litigation Class, the proposed notices call for the submission of claims in connection with CFPs' settlement with defendants Tri-Union Seafoods, LLC d/b/a Chicken of the Sea International and Thai Union Group PCL. (*See id.*, Ex. C) (Long Form Notice).

Courts have repeatedly held that notice plans with similar reach satisfy Rule 23(c)(2)(B). *See Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 U.S. Dist. LEXIS 60182, at *11, 24 (S.D. Cal. Jan. 7, 2013) (approving notice plan designed to reach at least 70% of class members); *Chinitz v. Intero Real Estate Servs.*, No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999, at *2 (N.D. Cal. Dec. 1, 2020) (same). "The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable." *Chinitz*, 2020 U.S. Dist. LEXIS 224999, at *5 (citing Fed. Jud. Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010)).[2] District courts have "'broad power and discretion vested in them by [Rule

///

---

[2] *See* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

23]' in determining the parameters of appropriate class notice." *Id.* (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979)).

### 2.  Notice Design and Content Complies with Rule 23

The notice documents have been written in plain language. (*See* Finegan Decl., Exhibits A-1, A-2, B, and C.) In sum, the notices provide sufficient information in plain language to allow potential Class members to understand their rights and options and to have the ability to learn next steps (learn more, opt out, or ask questions).

Based on their knowledge and expertise, Kroll also affirms that the Class Notice Plan is the best practicable under the circumstances. (*Id.* ¶ 35.) *See also Ross v. Trex Co.*, No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081, at *6 (N.D. Cal. Mar. 4, 2013) ("Due Process does not entitle a class member to 'actual notice' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard.") (citing *Silber*, 18 F.3d at 1453-54).

For all of these reasons, the Court grants the EPPs' motion for approval of their Class Notice Plan.

## II.

## MOTION TO SHIFT NOTICE COSTS ONTO DEFENDANT STARKIST

The sticking point on this motion is who should pay the costs of sending notice to the Class Members. The CFPs argue StarKist should pay the costs of notice because the Court granted in part the Class Plaintiffs' motion for summary judgment against StarKist based on its guilty plea. StarKist argues that although the Court granted summary judgment in part, that ruling was not a finding of liability on the part of StarKist. It was simply a finding that StarKist participated in price-fixing during the period of the guilty plea. StarKist points out that in order for liability to attach, there must be a finding of injury, and that issue is disputed and remains unresolved.

Both sides argue that *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137 (9th Cir. 2009), is controlling, but each side reads the case differently. The CFPs argue that under *Hunt*, notice costs may be shifted to the defendant if the plaintiff shows "some

success on the merits," while StarKist argues that a defendant cannot be ordered to bear notice costs unless there is "a finding of liability on the merits."

The Court has reviewed *Hunt*, and agrees with StarKist's interpretation of the case. Although the Ninth Circuit recognized "a general principle that 'interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure[,]'" *id.* at 1143 (quoting 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, Newberg on Class Actions § 8:6 (4th ed.2007)), the court's statement was just that: A recognition of a general principle. It was not the rule either set down by or applied to the facts of the case. That rule is found in the last paragraph of the court's decision, and it states, "[d]istrict courts may order a class action defendant to pay the cost of class notification after they determine that the defendant is liable on the merits." *Id.* at 1144.

That rule is not satisfied here. It is true there has been a finding, consistent with StarKist's guilty plea, that StarKist participated in price-fixing from June 2011 through December 2013. However, there has been no finding of injury to CFPs during that time period, and a finding on that issue is necessary to a finding that StarKist is liable on the merits. StarKist also points out that there has been no finding that StarKist participated in price-fixing either before June 2011 or after December 2013, and thus no finding of even partial liability on the part of StarKist for either of those time periods. Absent a finding that StarKist is liable on the merits, the Court declines to depart from "[t]he usual rule … that a plaintiff must initially bear the cost of notice to the class." *Id.* at 1143 (quoting *Eisen*, 417 U.S. at 178). Accordingly, the CFPs' motion to shift notice costs to StarKist is denied.

### III.
### CONCLUSION

For the reasons set out above, the CFPs' motion to shift notice costs to StarKist is

/ / /

/ / /

denied, and the CFPs' motion for approval of their Class Notice Plan is granted. The Class Notice Plan shall proceed according to the following schedule:

| | |
|---|---|
| Deadline to Launch Media Campaign | 30 Days After Approval Order |
| Deadline for Completion of Class Notice Plan | 75 Days After Approval Order |
| Deadline for Filing Affidavit Attesting that Class Notice was Disseminated | 90 Days After Approval Order |
| Deadline for Class Members to Opt Out | 100 Days After Approval Order |
| Deadline to Submit Claim Forms | 100 Days After Approval Order |
| Deadline for Plaintiffs to Submit Proposed Order re: Exclusions | 100 Days After Approval Order |

**IT IS SO ORDERED.**

Dated: March 13, 2023

Hon. Dana M. Sabraw
United States District Judge