Michael P. Lehmann (#77152)
Christopher L. Lebsock (#184546)
Debashish Bakshi (#311115)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel:    (415) 633-1908
Fax:    (415) 358-4980
E-mail: mlehmann@hausfeld.com
E-mail: clebsock@hausfeld.com
E-mail: dbakshi@hausfeld.com

Michael D. Hausfeld (*pro hac vice*)
Brittany L. Nyovanie (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel:    (202) 540-7200
Fax:    (202) 540-7201
E-mail: mhausfeld@hausfeld.com
E-mail: bnieves@hausfeld.com

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-DMS-MDD<br>MDL No. 2670<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO LION ENTITIES' *EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO EXCEED PAGE LIMITATIONS** |
| This document relates to:<br><br>ALL ACTIONS | Re: ECF No. 3035<br><br>JUDGE:    Hon. Dana M. Sabraw |

1    Plaintiffs jointly file the following response in opposition to the *Ex Parte*

2  Application for Order Granting Leave to Exceed Page Limitations filed by Defendants

3  Lion Capital LLP, Lion Capital (Americas), Inc., and Big Catch Cayman LP (together,

4  "Lion"). ECF No. 3035 ("App." or "Application"). Lion filed the Application in

5  relation to its Motion for Summary Judgment. ECF No. 3036-1 ("Lion MSJ").

6  **RELEVANT BACKGROUND**

7    In September 2022, this Court entered a scheduling order that denied as moot

8  Lion's then-pending summary judgment motion, and gave Lion an opportunity to

9  refile following a reopened discovery phase under the following conditions:

10

11    By March 3, 2023, Lion LLP, Big Catch and Lion Capital (Americas),
     Inc. ("the Lion Entities") may file jointly one (1) dispositive motion
12    that addresses any and all remaining issues and one (1) related Daubert
     motion. ***Each of those motions shall be no more than twenty-five (25)***
13    ***pages***. Statements of undisputed facts are not necessary and will not be
14    accepted for filing.

15

16    ECF No. 2914, ¶¶ 8, 9 (the "Order") (emphasis added) *see also* Civ. L. Rule

17  7.1(h) ("[b]riefs or memoranda in support of or in opposition to all motions noticed

18  for the same motion day ***must not exceed a total of twenty-five (25) pages in length***,

19  per party, for all such motions without leave of the judge who will hear the motion."

20  (emphasis added)). Following a status conference on February 8, 2023, the Court

21  extended Lion's deadline to file its renewed summary judgment motion by two weeks,

22  to March 24, 2023, in light of postponed expert depositions. *See* ECF No. 2988.

23    On March 16, 2023—eight days before the filing deadline—counsel for Lion

24  reached out to Plaintiffs for the first time to request a meet and confer regarding page

25  limits, and Lion also shared its proposal contemplating 50 pages for the summary

26  judgment motion and response, and 30 pages for reply. Declaration of Alex J.

27

28

PLS.' OPP. TO LION'S EX PARTE APP.                    CASE NO. 15-MD-2670-DMS-MDD

1

1    Tramontano, ¶ 2 ("*Tramontano Decl.*"). The following day, counsel met and

2    conferred to discuss Lion's purported need for an enlarged brief. Tramontano Decl.,

3    ¶ 3. Later that day, Plaintiffs communicated their view that the Order's clear language

4    setting a 25-page limit rendered Lion's proposal inappropriate. Tramontano Decl., ¶

5    3. On the afternoon of March 23, 2023, counsel for Lion wrote to Plaintiffs: "while

6    we understand Plaintiffs will not consent, would Plaintiffs oppose an application by

7    the Lion Companies for a modification of the Scheduling Order to permit the

8    additional pages we discussed last Friday?" Tramontano Decl., ¶ 4. Plaintiffs' counsel

9    responded that they had not reached a position as to Lion's application. Tramontano

10    Decl., ¶ 5.

11        Despite the Order setting page limits, on March 24, 2023, Lion brazenly filed

12    a brief spanning ***41 pages***, giving itself 64% more than what the Court had authorized.

13    *See* Lion MSJ. Fifteen minutes prior to filing its summary judgment papers, Lion filed

14    a two-page *ex parte* application seeking leave to file a 41-page motion and 25-page

15    reply. *See* App., at 2.

16    **LEGAL STANDARD**

17        To successfully request modification to a scheduling order, the requesting party

18    must show "good cause." Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations,*

19    *Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) ("*Johnson*"). The "good cause"

20    requirement primarily considers the diligence of the party seeking the amendment.

21    *Id.* at 609. "If the party seeking the modification 'was not diligent, the inquiry should

22    end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*,

23    302 F.3d 1080, 1087 (9th Cir. 2002) ("*Zivkovic*") (citation omitted). "[C]arelessness

24    is not compatible with a finding of diligence and offers no reason for a grant of relief."

25    *Johnson*, 975 F.2d at 609.

26

27

28

PLS.' OPP. TO LION'S EX PARTE APP.                    CASE NO. 15-MD-2670-DMS-MDD

1    **ARGUMENT**

2          Lion has utterly failed to show good cause to modify the Order. The local rules

3    of this District are clear that prior to filing excess pages, parties must have the Court's

4    permission in hand. *See* Civ. L. Rule 7.1(h). And for good reason. The case of *Murray*

5    *v. City of Bonners Ferry & Joel Minor*, No. 2:15-CV-00081-REB, 2016 WL 3198232,

6    at *2 (D. Idaho June 8, 2016), is instructive. There, the court rejected defendants'

7    "Motion to Exceed Page Limit (MSJ) [that] was filed contemporaneously with its

8    Motion for Summary Judgment." *Id.* The *Murray* court noted that "it is incumbent

9    upon Defendants to proffer those circumstances [supporting excess pages] to the

10   Court before actually filing any overlength briefing." *Id.* "Otherwise, Local Civil Rule

11   7.1[]'s additional and straightforward mandate that page limits not be exceeded

12   'without express leave of the Court' means nothing, while, further, undercutting the

13   Court's ability to meaningfully consider the merits of any request for more pages."

14   *Id.* "In short, motions to exceed page limits are not granted as a matter of right –

15   ***Defendants must <u>secure</u> the Court's permission <u>before</u> filing a brief that exceeds***

16   ***this District's established page limits; asking for permission after-the-fact rather***

17   ***than permission upfront is simply not enough***." *Id.* (emphasis added).

18         Moreover, Lion's untimeliness in seeking permission to exceed page limitations

19   evinces a lack of diligence, requiring the denial of the Application. Here, Lion has

20   known about the 25-page limit since the Order was entered in September 2022, yet

21   did not raise this issue with the Court during the February 8, 2023 status conference,

22   did not raise this issue with Plaintiffs' counsel until eight days prior to the filing

23   deadline, and did not move the Court until fifteen minutes before filing its summary

24   judgment motion. Nor does the Application even attempt to explain why Lion did not

25   file it earlier. Lion has not been diligent, which should end the inquiry. *See Zivkovic*,

26   302 F.3d at 1087.

27
_____
28   PLS.' OPP. TO LION'S EX PARTE APP.                        CASE NO. 15-MD-2670-DMS-MDD

1    The Application is also wholly deficient on the merits. Lion has requested 41

2    pages for its motion and 25 pages in reply. *See* App., at 2. The Application's entire

3    grounds for this request are as follows:

4

5    > The Lion Companies' renewed Motion for Summary Judgment, and
     > their anticipated Reply Brief, will address both many of the matters

6    > addressed in the Original MSJ and Original Reply, and also subsequent
     > matters covered in fact and expert discovery these past eight months

7    > plus the legal theories discussed by the Court in its Third Lion Order.

8

9    App., ¶ 4. Such vague and generalized reasons do not support 16 extra pages for

10   the Lion MSJ, or 15 extra pages in reply. Indeed, this explanation provides no more

11   insight than what Lion had provided back in July 2022, when it sought permission to

12   refile its summary judgment motion. *See* ECF No. 2879-1 at 4.[1] And as is evident

13   from the repetitive and rehashed arguments in its overlength brief, Lion has no need

14   for a 41-page motion (or for a 25-page reply). *See* Lion MSJ. Finally, the Application

15   does not even bother to request that Plaintiffs are given additional pages to respond

16   to the Lion MSJ. *See* App.

17   Consistent with the practice of judges in this District, the appropriate course of

18   action here is to (1) strike the overlength summary judgment motion and supporting

19   papers, and (2) order that the brief is refiled in compliance with the 25-page limit. *See*

20   _____

21   [1] "*Third*, Lion LLP and Big Catch's existing summary judgment papers and expert
     report are outdated given subsequent factual and legal developments over the three

22   years that have passed since their filing in September 2019. The Court's Third Lion
     Order reversed Judge Sammartino on several key controlling issues of law and

23   resuscitated legal theories against Lion LLP and Big Catch that the Court previously

24   rejected. (*See* ECF No. 2781.) The 2019 Lion Americas MSJ obviously only
     addressed arguments that were live in the case at the time; now that the Court has

25   allowed claims to proceed against Lion LLP and Big Catch on new bases, Lion LLP

26   and Big Catch are entitled to address such matters as well on summary judgment." *Id.*

27

28

1  *Orthopaedic Hosp. v. Encore Med. L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL

2  1966124, at \*2 (S.D. Cal. May 6, 2021) (Sammartino, J.) (striking sua sponte motions

3  for summary judgment and ordering refiling in compliance with 25-page limit); *Elliott*

4  *v. QF Circa 37, LLC*, No. 16-CV-00288-BAS-AGS, 2017 WL 5138291, at \*2 (S.D.

5  Cal. Nov. 3, 2017) (Bashant, J.) (same as to MSJ opposition brief); *see also Swanson*

6  *v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (no abuse of discretion to strike

7  overlength brief).[2]

8  **CONCLUSION**

9       For the reasons above, Plaintiffs respectfully request that this Court deny Lion's

10  Application, strike the Lion MSJ, and order Lion to promptly refile the motion in

11  compliance with the Order. In the event the Court permits or considers a summary

12  judgment motion by Lion of more than 25 pages, Plaintiffs request leave to file a

13  response in opposition of up to the length granted to Lion.

14

15  Dated: March 28, 2023              Respectfully submitted,

16                                       *s/ Debashish Bakshi*

17                                       Christopher L. Lebsock, Esquire
                                     (Cal. Bar No. 184546)

18

---

19  [2] Alternatively, the Court may disregard the Lion MSJ from the twenty-sixth page

20  onward. *See King Cnty. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001) ("Civil Rule 7(c) of the Western District of Washington limits parties to 24–page memoranda unless they obtain prior permission from the court. The Rasmussens

21  submitted a 34–page response to the County's motion for summary judgment and a

22  32–page response to the County's motion to dismiss. Moreover, a declaration from John Rasmussen accompanies the responses and includes legal argument. The

23  Rasmussens did not request advance permission from the court to file overlength

24  briefs. The Rasmussen's submissions violate the plain language of Civil Rule 7(c). The court will strike all briefing of both responses beyond page 24, and the arguments

25  contained in those excess pages will not be considered."), *aff'd*, 299 F.3d 1077 (9th

26  Cir. 2002).

27  ---
   PLS.' OPP. TO LION'S EX PARTE APP.              CASE NO. 15-MD-2670-DMS-MDD

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael P. Lehmann, Esquire
(Cal. Bar No. 77152)
Debashish Bakshi, Esquire
(Cal. Bar No. 311115)
600 Montgomery Street
Suite 3200
San Francisco, CA  94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: clebsock@hausfeld.com
mlehmann@hausfeld.com
dbakshi@hausfeld.com

Michael D. Hausfeld (*pro hac vice*)
Brittany L. Nyovanie (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
E-mail: mhausfeld@hausfeld.com
E-mail: bnieves@hausfeld.com

***Lead Counsel for Direct Purchaser Plaintiffs***

1

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

2

By: *s/ Betsy C. Manifold*

3

Betsy C. Manifold, Esquire
Fred Isquith, Esquire

4

Rachele R. Byrd, Esquire
Alex J. Tramontano, Esquire

5

Symphony Towers
750 B Street, Suite 2770

6

San Diego, CA  92101
Tel: (619) 239-4599

7

Fax: (619) 234-4599
E-mail: manifold@whafh.com

8

isquith@whafh.com
byrd@whafh.com

9

tramontano@whafh.com

10

Thomas H. Burt, Esquire
270 Madison Avenue

11

New York, NY 10016
Tel: (212) 545-4600

12

Fax: (212) 686-0114
E-mail: burt@whafh.com

13

**Lead Counsel for Indirect
Purchaser End Payer Plaintiffs**

14

15

KAPLAN FOX & KILSHEIMER LLP

16

By: *s/ Laurence D. King*
Laurence D. King

17

(SBN 206423)
1999 Harrison Street, Suite 1560

18

Oakland, CA 94612
Telephone: (415) 772-4700

19

Facsimile: (415) 772-4707
Email: lking@kaplanfox.com

20

21

Robert N. Kaplan
Gregory K. Arenson
Elana Katcher

22

Matthew P. McCahill
850 Third Avenue, 14th Floor

23

New York, NY 10022
Telephone: (212) 687-1980

24

Facsimile: (212) 687-7714
Email: rkaplan@kaplanfox.com

25

Email: garenson@kaplanfox.com
Email: ekatcher@kaplanfox.com

26

Email: mmccahill@kaplanfox.com

27

28

KENNY NACHWALTER, P.A.

By: *s/ William J. Blechman*
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Douglas H. Patton, Esquire
Samuel J. Randall, Esquire
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
dpatton@knpa.com
srandall@knpa.com

**Liaison Counsel for Direct Action
Plaintiffs**

CUNEO GILBERT & LADUCA LLP

By: *s/ Jonathan W. Cuneo*
Jonathan W. Cuneo, Esquire
Joel Davidow, Esquire
Blaine Finley, Esquire
4725 Wisconsin Avenue, N.W.
Suite 200
Washington, D.C.  20002
Tel: (202) 789-3960
Fax: (202) 589-1813
E-mail: jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com

**Lead Counsel for Indirect Purchaser
Commercial Food Preparer Plaintiffs**

NUSSBAUM LAW GROUP, P.C.

Linda P. Nussbaum
Susan R. Schwaiger
1211 Avenue of the Americas
40th Floor
New York, NY 10036
Telephone: (917) 438-9189
Email:  lnussbaum@nussbaumpc.com
Email:  sschwaiger@nussbaumpc.com

**Attorneys for Direct Action Plaintiffs**

PLS.' OPP. TO LION'S EX PARTE APP.                    CASE NO. 15-MD-2670-DMS-MDD

| | |
|---|---|
| 1 | ALSTON & BIRD LLP |
| 2 | Valarie C. Williams |
| 3 | 560 Mission Street, Suite 2100<br>San Francisco, CA  91405 |
| 4 | Telephone: (415) 243-1058<br>Email: valarie.williams@alston.com |

ALSTON & BIRD LLP

Valarie C. Williams
560 Mission Street, Suite 2100
San Francisco, CA  91405
Telephone: (415) 243-1058
Email: valarie.williams@alston.com

B. Parker Miller
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: parker.miller@alston.com

THE COFFMAN LAW FIRM

Richard L. Coffman
3355 West Alabama, Suite 240
Houston, TX 77098
Telephone: (713) 528-6700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

MARCUS & SHAPIRA LLP

Bernard D. Marcus
Moira Cain-Mannix
Erin Gibson Allen
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: allen@marcus-shapira.com

L&G LAW GROUP, LLP

Eric R. Lifvendahl
175 W. Jackson Blvd., Suite 950
Chicago, IL 60604
Telephone: (312) 364-2500
Facsimile: (312) 364-1003
Email: elifvendahl@lgcounsel

***Attorneys for Direct Action
Plaintiffs Affiliated Foods Inc.,
Alex Lee, Inc., Associated Foods
Stores, Inc., Associated Grocers***

***Wegmans Food Markets, Inc. and
Krasdale Foods, Inc.***

HAYNSWORTH SINKLER BOYD, P.A.

By: *s/ Elizabeth H. Black*

Robert Y. Knowlton (D.S.C. No. 2380)
Elizabeth H. Black (D.S.C. No. 10088)
1201 Main Street, Suite 2200
P.O. Box 11889 (29211)
Columbia, South Carolina
Telephone: (803) 779-3080
Facsimile: (803) 765-1243
bknowlton@hsblawfirm.com
eblack@hsblawfirm.com

***Counsel for W. Lee Flowers & Co., Inc***

STUEVE SIEGEL HANSON LLP

By: *s/ Steve N. Six*

Patrick J. Stueve (KS 13847)
Steve N. Six (KS 16151)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:  816-714-7100
Facsimile:  816-714-7101
stueve@stuevesiegel.com
six@stuevesiegel.com

***Counsel for Plaintiff Associated
Wholesale Grocers, Inc.***

*of New England, Inc., Associated Grocers, Inc., Bashas' Inc., Big Y Foods, Inc., Brookshire Brothers, Inc., Brookshire Grocery Company, Certco, Inc., CVS Pharmacy, Inc., Dollar Tree Distribution. Inc., Greenbrier International, Inc., Family Dollar Stores, Inc., Family Dollar Services, LLC., Fareway Stores, Inc., The Golub Corporation, Giant Eagle, Inc., Kmart Corporation, K-VA-T Food Stores, Inc., Mark Glassman, Inc., McLane Company, Inc., Meadowbrook Meat Company, Inc., Merchants Distributors, LLC., Schnuck Markets, Inc., SpartanNash Company, URM Stores, Inc., Western Family Foods, Inc., Woodman's Food Market, Inc., and 99 Cents Only Stores LLC*

1

## CERTIFICATE OF SERVICE

2

3          I certify that on March 28, 2023, I filed the foregoing document and supporting

4    papers with the Clerk of the Court for the United States District Court, Southern

5    District of California, by using the Court's CM/ECF system. I also served counsel of

6    record via this Court's CM/ECF system.

7

8

9                                                    *s/ Debashish Bakshi*

10                                                   Debashish Bakshi

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLS.' OPP. TO LION'S EX PARTE APP.                          CASE NO. 15-MD-2670-DMS-MDD