UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No.: 15-MD-2670-DMS-MSB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(ECF No. 3059)** |

Pending before the Court in this multidistrict antitrust action is motion to file documents under seal (ECF No. 3059) filed by Direct Purchaser Class ("Plaintiffs"). For the reasons stated below, the motion is denied.

Plaintiffs move to seal portions of their briefs and numerous exhibits filed in opposition to the Lion Entities' motion for summary judgment. (*See* ECF Nos. 3060, 3061.) Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial

records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Id.* at 1178.

Plaintiffs argue that sealing is warranted by a protective order. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are overinclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Therefore, whether a document designated as confidential pursuant to a protective order should be sealed must usually be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Plaintiffs' reliance on the protective order is insufficient to warrant sealing.

For the foregoing reasons, Plaintiffs' motion to seal is denied. The Court will not consider documents lodged under seal (ECF Nos. 3060, 3061) unless publicly filed.

**IT IS SO ORDERED.**

Dated: May 11, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court