LATHAM & WATKINS LLP
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415-391-0600
Facsimile: 415-395-8095
chris.yates@lw.com
belinda.lee@lw.com
ashley.bauer@lw.com

Counsel for Defendants StarKist Co. and
Dongwon Industries Co., Ltd.

(Additional Party and Counsel on Signature Page)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-DMS-MSB |
| | MDL No. 2670 |
| This Document Relates To: | **DEFENDANTS' OPPOSITION TO AWG AND AFMC'S MOTION FOR RECONSIDERATION OR FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** |
| (1) *Affiliated Foods, Inc. v. Tri-Union Seafoods, LLC et al.*, Case No. 3:15-cv-02787 | |
| (2) *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC, et al.*, Case No. 3:18-cv-01014 | **Hearing** Date: June 23, 2023 Time: 1:30 p.m. Judge: Hon. Dana M. Sabraw Place: Courtroom 13A |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................... 1

II.   THERE ARE NO GROUNDS TO RECONSIDER THE PRE-
2011 ORDER ............................................................................................ 1

    A.    Legal Standard - Reconsideration ..................................... 1

    B.    The Court Did Not Commit Clear Error .............................. 3

          1.    The Court Properly Applied Controlling Ninth
Circuit and Supreme Court Precedent ...................... 4

          2.    The Court Properly Analyzed AWG's Evidence ...................... 8

          3.    AWG Repeats Arguments this Court Has Already
Considered and Rejected ........................................... 9

    C.    AWG's Motion for Reconsideration Does Not Comply
with the Local Rules .................................................... 11

III.  AWG HAS NOT SATISFIED THE REQUIREMENTS OF 28
U.S.C. § 1292(b) ...................................................................................... 12

    A.    Legal Standard - Interlocutory Appeal .............................. 12

    B.    AWG Has Not Identified a Controlling Question of Law ................. 13

    C.    There Is No Substantial Ground for Differing Opinions ................... 14

    D.    An Interlocutory Appeal Would Not Materially Advance
the Termination of this Case ........................................... 16

IV.  CONCLUSION ........................................................................................ 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,
248 F.3d 892 (9th Cir. 2001) ............................................................. 2, 8

*In re Baby Food Antitrust Litig.*,
166 F.3d 112 (3d Cir. 1999) ..................................................................... 5

*In re Blood Reagents Antitrust Litigation*,
266 F. Supp. 3d 750 (E.D. Pa. 2017) ......................................................... 8

*Campion v. Old Republic Home Protection Co.*,
No. 09-CV-748-JMA, 2011 WL 1935967
(S.D. Cal. May 20, 2011) ..................................................................... 3, 6

*Carroll Shelby Licensing, Inc. v. Halicki*,
No. 8:20-cv-01344-MCS, 2023 WL 2347391
(C.D. Cal. Jan. 30, 2023) ....................................................................... 17

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) ................................................... 12, 16, 17

*In re Citric Acid Litigation*,
191 F.3d 1090 (9th Cir. 1999) ......................................................... *passim*

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ....................................................... 12, 14, 15

*Cunningham v. City of Los Angeles*,
No. 2:18-CV-08146-ABP, 2021 WL 6752243
(C.D. Cal. Dec. 28, 2021) ....................................................................... 15

*Dreamstime.com, LLC v. Google LLC*,
54 F.4th 1130 (9th Cir. 2022) ................................................................... 9

*F.T.C. v. Wyndham Worldwide Corp.*,
10 F. Supp. 3d 602 (D.N.J. 2014) ............................................................ 16

*Forest Guardians v. Bureau of Land Mgmt.*,
188 F.R.D. 389 (D.N.M. 1999) ................................................................ 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

*Heaton v. Soc. Fin., Inc.*,
No. 14-CV-05191-TEH, 2016 WL 232433
(N.D. Cal. Jan. 20, 2016) ...................................................................... 13

*Home Depot, U.S.A., Inc. v. E.I. DuPont de Nemours & Co.*,
No. 16-CV-04865, 2019 WL 3804667 (N.D. Cal. Aug. 13, 2019) ..................... 4

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) ........................................... 12, 13, 14, 16

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) ...................................................................... 2

*Manouchehri v. Styles for Less, Inc.*,
No. 14-CV-2521 NLS, 2017 WL 11663585
(S.D. Cal. June 1, 2017) ...................................................................... 2, 10

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ............................................................... 2, 10

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ...................................................................... 4, 6

*McFarlin v. Conseco Servs., LLC*,
381 F.3d 1251 (11th Cir. 2004) .............................................................. 14

*Miholich v. Senior Life Ins. Co.*,
No. 21-CV-1123-WQH-AGS, 2022 WL 1505865
(S.D. Cal. May 12, 2022) ...................................................................... 13

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
465 U.S. 752 (1984) ...................................................................... 4

*In re Musical Instruments & Equip. Antitrust Litig.*,
798 F.3d 1186 (9th Cir. 2015) ...................................................................... 5

*Ormond v. Anthem, Inc.*,
No. 1:05-CV-1908-TWP-TAB, 2011 WL 3881042
(S.D. Ind. Sept. 2, 2011) ...................................................................... 16

*Persian Gulf Inc. v. BP West Coast Prods. LLC*,
324 F.Supp.3d 1142 (S.D. Cal. 2018) ...................................................................... 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Petersen v. Kasain*,
    No. 21-CV-01345-BAS-AGS, 2022 WL 718483
     (S.D. Cal. Mar. 10, 2022) ....................................................................11

*Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*,
    998 F.2d 1224 (3d Cir. 1993) ...............................................................4

*Photomedex, Inc. v. Irwin*,
    No. 04-CV-24 JLS, 2010 WL 3789639
    (S.D. Cal. Sept. 27, 2010) ....................................................................11

*Prosterman v. Am. Airlines, Inc.*,
    747 F. App'x 458 (9th Cir. 2018) ..........................................................5

*Romero v. S. Schwab Co., Inc.*,
    No. 15-CV-815-GPC-MDD, 2018 WL 3126111
    (S.D. Cal. June 26, 2018) ......................................................................2

*SA Music LLC v. Apple, Inc.*,
    No. 3:20-CV-02146-WHO, 2022 WL 1814148
    (N.D. Cal. June 2, 2022) ......................................................................13

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ..................................................................2

*Schweinsburg v. Gen. Mills, Inc.*,
    No. 3:22-CV-00403-RBM, 2023 WL 3186294
    (S.D. Cal. May 1, 2023) .......................................................................11

*Smith v. Clark Cty. Sch. Dist.*,
    727 F.3d 950 (9th Cir. 2013) ................................................................3

*Soler v. Trans Union, LLC*,
    No. 20-CV-8459-DSF, 2022 WL 2062466
    (C.D. Cal. Mar. 15, 2022) ....................................................................14

*Strobel v. Morgan Stanley Dean Witter*,
    No. 04-CV-1069-BEN, 2007 WL 1053454
    (S.D. Cal. Apr. 10, 2007) .....................................................................10

*The Jeanery, Inc. v. James Jeans, Inc.*,
    849 F.2d 1148 (9th Cir. 1988) ..............................................................5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

*Tsyn v. Wells Fargo Advisors, LLC,*
    No. 14-CV-02552-LB, 2016 WL 1718139
    (N.D. Cal. Apr. 29, 2016) ............................................................................ 15

*Valspar Corp. v. E.I. Du Pont De Nemours & Co.,*
    873 F.3d 185 (3d Cir. 2017) ......................................................................... 4

*W. Tenn. Chapter of Associated Builders &*
    *Contractors, Inc. v. City of Memphis,*
    138 F. Supp. 2d 1015 (W.D. Tenn. 2000) .................................................. 16

*Walker v. United States,*
    No. 20-CV-31 DMS (AGS), 2020 WL 4464459
    (S.D. Cal. Aug. 4, 2020) ........................................................................... 3, 6

## STATUTES AND RULES

28 U.S.C. § 1292(b) ........................................................................... *passim*

S.D. Cal. Civil Local Rule 7.1 ........................................................... 2, 11

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

v

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

# LIST OF CITATIONS AND ABBREVIATIONS

| NAME | ABBREVIATION | CITATION |
|------|--------------|----------|
| **PARTIES** | | |
| Associated Wholesale Grocers, Inc. and Affiliated Foods Midwest Cooperative, Inc. | AWG | |
| StarKist Co. | StarKist | |
| Dongwon Industries Co., Ltd. | DWI | |
| Del Monte Corporation | Del Monte | |
| StarKist, DWI, and Del Monte | Defendants | |
| Chicken of the Sea International, Inc. | COSI | |
| Bumble Bee Foods LLC | Bumble Bee | |
| **MOTIONS AND OTHER FILINGS** | | |
| StarKist, Del Monte, and DWI's Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011 | Pre-2011 Mot. or Pre-2011 Motion | ECF No. 2023 |
| Plaintiffs' Opposition to StarKist, Del Monte, and DWI's Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011 | Pre-2011 Opp'n | ECF No. 2123 |
| Reply Memorandum of Points and Authorities in Further Support of StarKist, Del Monte, and DWI's Motion for Partial Summary Judgment Dismissing All Claims for | Pre-2011 Reply | ECF No. 2231 |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| Purchases Made Prior to May 30, 2011 | | |
| Supplemental Brief in Further Support of StarKist, Del Monte, and DWI's Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011 | Suppl. Pre-2011 Mot. | ECF No. 3000 |
| Plaintiffs' Supplemental Opposition to Defendants' Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011 | Suppl. Pre-2011 Opp'n | ECF No. 3015 |
| Reply in Support of Supplemental Brief in Further Support of StarKist, Del Monte, and DWI's Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011 | Suppl. Pre-2011 Reply | ECF No. 3029 |
| Order Granting StarKist Co., Del Monte Corporation, and DWI's Motion for Partial Summary Judgment Dismissing All Claims for Purchases Made Prior to May 30, 2011 | Pre-2011 Order | ECF No. 3051 |
| AWG's Motion for Reconsideration or for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) | Mot. or Motion | ECF No. 3073 |
| **MISCELLANEOUS** | | |
| Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* | Areeda | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# I.  INTRODUCTION

AWG's Motion seeks a do-over and rehashes the same arguments that this Court has already considered and rejected.  This Motion should be denied:

*First*, AWG's request for reconsideration does not identify any newly discovered evidence or intervening change in the controlling law.  Instead, AWG rests its Motion (filed three days too late) on the misguided proposition that the Court clearly erred.  AWG cannot surmount that high bar.

AWG's arguments—namely, that the Court (1) erroneously relied on Third Circuit law and drew the wrong inferences; (2) improperly analyzed the evidence in the context of the pre-2011 agreements AWG alleged; and (3) discounted evidence of direct communications—all fail.  The Pre-2011 Order strictly adheres to the legal standards articulated by the Supreme Court and the Ninth Circuit in *In re Citric Acid Litigation*, 191 F.3d 1090 (9th Cir. 1999).  Consistent with that blackletter law, the Court properly evaluated the evidence individually and collectively in the context of the specific unlawful actions AWG alleged.  There is nothing in the Pre-2011 Order that constitutes clear error, and AWG's request for reconsideration should be denied.

*Second*, the Court should deny AWG's alternative request to certify the Pre-2011 Order for interlocutory review under 28 U.S.C. § 1292(b).  Such interlocutory review is reserved for pure legal questions that the appellate court can resolve without studying the record.  That is not the case here, and AWG's request for alternative relief should, therefore, also be denied.

# II.  THERE ARE NO GROUNDS TO RECONSIDER THE PRE-2011 ORDER

## A.  Legal Standard - Reconsideration

Reconsideration is not warranted unless "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

was manifestly unjust, or (3) if there is an intervening change in controlling law."[1] *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Thus, it should not be granted "absent highly unusual circumstances"—none of which are present here. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration "cannot be used to ask a court to rethink what it has already thought, merely because [the movant] disagrees with the court's decision." *Manouchehri v. Styles for Less, Inc.*, No. 14-CV-2521 NLS, 2017 WL 11663585, at *2 (S.D. Cal. June 1, 2017) (citations omitted); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 899 (9th Cir. 2001) (a motion for reconsideration should not "merely restate[]" arguments already made). Nor can it be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880 (quoting *Kona Enters., Inc.*, 229 F.3d at 890).

Additionally, under Civil Local Rule 7.1, motions for reconsideration must be "filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civil L.R. 7.1(i)(2). Motions for reconsideration must also be supported by "an affidavit of a party or witness or certified statement of an attorney" setting forth, *inter alia*, the order for which reconsideration is sought; when and what judge issued that order; and the new or different facts and circumstances that "are claimed to exist which did not exist, or were not shown," when the movant filed its original application. *Id.* at 7.1(i)(1).

---

[1] AWG moves for reconsideration under Federal Rule of Civil Procedure 54(b). *See* ECF No. 3073. For purposes of reconsideration under Rule 54(b), district courts "look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Romero v. S. Schwab Co., Inc.*, No. 15-CV-815-GPC-MDD, 2018 WL 3126111, at *3 (S.D. Cal. June 26, 2018) (citations omitted).

Not only does AWG's Motion fail on the merits, but it also fails to comply with the requirements set forth in the Local Rules. Either shortcoming is grounds, in and of itself, to deny AWG's Motion.

## B. The Court Did Not Commit Clear Error

AWG invokes only "clear error" as the basis for its reconsideration request but omits any discussion of the "clear error" standard—a sure sign that AWG cannot satisfy it. Mot. at 3. Clear error is a "very exacting standard" and "mere doubts or disagreements about the wisdom of a prior decision . . . will not suffice for this exception." *Campion v. Old Republic Home Protection Co.*, No. 09-CV-748-JMA, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (citation omitted). Reconsideration on clear error grounds is not appropriate unless the court has a "definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). In other words, the decision must be "dead wrong." *Campion*, 2011 WL 1935967, at *1 (citation omitted); *see also Walker v. United States*, No. 20-CV-31 DMS (AGS), 2020 WL 4464459, at *2 (S.D. Cal. Aug. 4, 2020) (Sabraw, J.) ("[T]he movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'") (citation omitted).

AWG argues that the Court committed three clear errors in the Pre-2011 Order: "(1) it applied the heightened Third Circuit antitrust standard; (2) it cabined the evidence of the conspiracy to various parallel price increases; and (3) it discounted the direct communications between competitors." Mot. at 3. AWG claims that, as a result of these supposed errors, the Pre-2011 Order "is likely at odds with every other court to consider similar proof at the summary judgment stage." *Id.* at 3. But AWG fails to cite a single case for this proposition and, in the process, ignores the many analogous cases that form the basis for the Court's reasoned opinion, including the seminal Ninth Circuit case, *Citric Acid*.

1

**1.     The Court Properly Applied Controlling Ninth Circuit and Supreme Court Precedent**

2

3      The Pre-2011 Order reflects the Court's careful application of the governing

4      legal standard.  *See* Pre-2011 Order at 11-16.  Specifically, the Court applied the

5      two-part test as articulated by the Ninth Circuit in *Citric Acid* that, once a

6      defendant shows a "plausible and justifiable reason for its conduct," the burden

7      shifts to the plaintiff to "provide specific evidence tending to show that the

8      defendant was not engaging in permissible competitive behavior." *Id.* at 14.

9      Citing *Citric Acid*—which, in turn, quoted the Supreme Court's decision in

10     *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*—the Court also

11     made the uncontroversial statement that "conduct as consistent with permissible

12     competition as with illegal conspiracy does not, standing alone, support an

13     inference of antitrust conspiracy." *Id.* at 13 (quoting *Matsushita*, 475 U.S. 574,

14     588 (1986) (citing *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764

15     (1984))).  This has been the law for over 30 years, and the Court's Pre-2011 Order

16     applied this long-settled legal standard to AWG's pre-2011 claims.  *See id.* at 16-

17     35.

18     AWG nevertheless argues that the Court applied some sort of "heightened

19     Third Circuit standard for summary judgment in antitrust cases." Mot. at 3.  Not

20     so.[2]  Yes, the Court cited two cases from the Third Circuit in its discussion of the

21     legal standard.  Pre-2011 Order at 15 (citing *Petruzzi's IGA Supermarkets, Inc. v.*

22     *Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993), *Valspar Corp. v. E.I.*

23     *Du Pont De Nemours & Co.*, 873 F.3d 185, 191 (3d Cir. 2017)).  But the

24     propositions that those cases stand for, and the purpose for which the Court cited

---

25     [2] The *Home Depot, U.S.A., Inc. v. E.I. DuPont de Nemours & Co.*, No. 16-CV-
26     04865, 2019 WL 3804667 (N.D. Cal. Aug. 13, 2019), case cited by AWG for its
        comparison of Ninth versus Third Circuit law demonstrates that the Court did ***not***
27     commit clear error.  *See* Mot. at 3-4.  As discussed above, the Court's Pre-2011
        Order correctly applied the *Matsushita* standard and the two-part *Citric Acid* test,
28     as endorsed by the *Home Depot* court.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

those opinions, are principles of economic theory that have been accepted by the Ninth and Third Circuits alike. For example, both circuits, consistent with economic theory, have long recognized that oligopolists are interdependent—that is, when one firm makes a decision, it must account for the "anticipated reaction of the other firms." Pre-2011 Order at 15; *see also* Areeda ¶ 1429 ("[A]ny rational decision [in an oligopoly] must take into account the anticipated reaction of the other [] firms."); *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193-95 (9th Cir. 2015) (explaining that in interdependent markets, "the profitability of a firm's decisions regarding pricing depends on competitors' reactions" and "interdependent firms may engage in consciously parallel conduct through observation of their competitors' decisions, even absent an agreement"); *Prosterman v. Am. Airlines, Inc.*, 747 F. App'x 458, 461 (9th Cir. 2018) ("[I]n an interdependent oligopoly it may be in a company's interest to raise prices in the hope that its competitors play 'follow the leader.'"). Also consistent across both circuits is the principle that interdependence "often results in 'conscious parallelism.'" Pre-2011 Order at 16; *Prosterman*, 747 F. App'x at 461 ("[C]onscious parallelism [is] endemic to an oligopoly."). As the Court correctly explained, that parallel conduct, "if conducted unilaterally, is not unlawful under section 1 of the Sherman Act, 'even if it appears to restrain trade unreasonably.'" Pre-2011 Order at 16 (quoting *The Jeanery, Inc. v. James Jeans, Inc.*, 849 F.2d 1148, 1152 (9th Cir. 1988)); *see also* Areeda ¶ 1429 ("[O]ligopolists' decisions may be interdependent although arrived at independently."). The Court evaluated the Pre-2011 Motion against this backdrop, which, again, aligns with well-established Ninth Circuit law.[3]

---

[3] The Court also cited some Third Circuit case law elsewhere in the Pre-2011 Order. But AWG does not explain how *any* of those cases conflict with Ninth Circuit law. *See, e.g.*, *Citric Acid*, 191 F.3d at 1103-05 (9th Cir. 1999) (citing *In re Baby Food Antitrust Litig.*, 166 F.3d 112 (3d Cir. 1999) favorably).

In doing so, the Court did *not* improperly weigh the evidence, as AWG contends. *See* Mot. at 3-4. Rather, the Court did exactly what it was supposed to do in this circumstantial evidence case for the pre-2011 period: it applied the Ninth Circuit's two-part test from *Citric Acid*. Pre-2011 Order at 19. *First*, the Court found that, with respect to each agreement at issue, Defendants showed a "plausible and justifiable reason for [their] conduct." *See id.* at 19-20, 30, 33. *Second*, the Court evaluated whether AWG "provide[d] specific evidence tending to show that [Defendants] were not engaging in permissible competitive behavior." *Id.* at 14. That is what *Citric Acid* requires. The fact that the Court held that AWG's evidence was insufficient does not amount to a "wholesale disregard" of controlling precedent. *Walker*, 2020 WL 4464459, at *2.

The Court also did *not* improperly draw inferences in Defendants' favor. To the contrary, the Court gave AWG the "benefit of the doubt" on numerous of its proposed inferences. *See, e.g.,* Pre-2011 Order at 13, 21-22 ("*[E]ven drawing the inference in favor of the DAPs*, and assuming Robert Worsham told his son about the downsize, that sharing of information does not evidence an agreement under Section 1.") (emphasis added); *id.* at 23 ("*Even drawing the inference in the DAPs' favor*, the suggestion that Bumble Bee was in possession of information regarding Defendants' downsize 'does not, at least in itself, tend to exclude legitimate competitive behavior.'") (emphasis added). But, as was its duty under *Monsanto*, *Matsushita*, and *Citric Acid*, the Court also asked whether AWG's evidence was as consistent with *lawful* conduct as it was with the unlawful conduct AWG alleges. *See Citric Acid*, 191 F.3d at 1094; *see also Matsushita*, 475 U.S. at 588 ("[A]ntitrust law limits the range of permissible inferences from ambiguous evidence in a § 1 case.").

The rest of AWG's Motion is a repeat of arguments it has made before. *See* Mot. at 4-5. But the simple fact that AWG disagrees with the Court's treatment of those arguments does not constitute "clear error." *See Campion*, 2011 WL

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1935967, at *1.  For example, AWG suggests that its burden at summary judgment

2 should have somehow been diminished because its claims are "economic[ally]

3 plausibl[e]."  Mot. at 4.  AWG made this same argument the first time around, and

4 the Court correctly rejected it.  *See* Pre-2011 Opp. at 28-34; Pre-2011 Order at 14

5 n.7.  Likewise, AWG repeats the argument that StarKist's guilty plea, which spans

6 from November 2011 to December 2013, confirms it entered into unlawful

7 agreements earlier.[4]  Mot. at 4-5.  The Court considered and correctly rejected this

8 argument as well.  Pre-2011 Order at 28-29.  Finally, AWG argues that COSI's

9 decision to implicate StarKist in the alleged agreements after 2011, but not before

10 2011, does not suggest that StarKist was uninvolved in the pre-2011 agreements.

11 Mot. at 5.  AWG made this argument several times already, and the fact that the

12 Court disagreed with AWG is not clear error.  *See also* Suppl. Pre-2011 Opp'n at

13 8; Suppl. Pre-2011 Reply at 4 n.7.  In fact, the Court's passing reference to the

14 probative value of COSI's admissions, *see* Pre-2011 Order at 27, is consistent with

15 *Citric Acid* and other Ninth Circuit authority.  Pre-2011 Mot. at 25.  The cases

16 AWG cites, on the other hand, are not on point.  *See* Mot. at 5.  Unlike *Citric Acid*,

17 none of those cases address the situation at issue here—*i.e.*, when a competitor

18 admits to conspiring with others but not the defendant.  Mot. at 5; Pre-2011 Mot. at

19 25.  In short, none of these arguments is new or grounds for reconsideration.

---

[4] It is worth noting that in support of this argument, AWG claims that the pre-2011 agreements "featured the same group of conspirators" as the agreements covered by StarKist's guilty plea.  Mot. at 4.  Yet, in a different context, AWG takes great pains to emphasize that the "downsize agreements . . . only involved the highest-level executives" at StarKist, Bumble Bee, and COSI—*i.e.*, *not* the "same group" that was involved in the post-2011 agreements.  Mot. at 1; *see also id.* at 8 n.3.  This is just one of AWG's many contradictory and misleading statements, all of which undermine AWG's attempt to undo the Court's Pre-2011 Order.

LATHAM&WATKINS^{LLP}
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

### 2. The Court Properly Analyzed AWG's Evidence

AWG also complains that the Court improperly compartmentalized AWG's evidence.[5] Mot. at 5-6. But the Court did no such thing. Time and again, the Court explicitly articulated how it considered "all of the evidence . . . both individually and as a whole." *See, e.g.*, Pre-2011 Order at 29 (citing *Citric Acid*, 191 F.3d at 1094); *see also id*. at 15 (quoting *Persian Gulf Inc. v. BP West Coast Prods. LLC*, 324 F.Supp.3d 1142, 1148 (S.D. Cal. 2018), "plus factors are examined individually and cumulatively"); *id*. at 20 ("DAPs have submitted numerous pieces of evidence in an attempt to meet that burden, but considered individually and together, that evidence does not show Defendants' decision to downsize their cans was not an exercise in permissible competitive behavior."); *id*. at 30-31 (discussing evidence put forth by AWG and noting that "[n]one of this evidence [] gives rise to a reasonable inference that Defendants were not engaging in permissible competitive behavior"); *id* at 32 ("either alone or in combination with the other evidence discussed above, [Defendants'] admissions are insufficient to satisfy the DAPs' burden"); *id*. at 35 ("Considered alone or together with the evidence discussed above, the DAPs' expert evidence is insufficient to satisfy the DAPs' burden[.]").

That the Court evaluated whether AWG's evidence supports the agreements AWG alleges is proper. In fact, it is exactly what the Court was supposed to do— as explained by the cases that AWG itself cited. In *In re Blood Reagents Antitrust Litigation*, for example, the court explained that although courts should avoid "compartmentalizing the various factual components [of plaintiffs' evidence] and wiping the slate clean after scrutiny of each," "plaintiffs must still provide some

---

[5] AWG also made this argument in its supplemental opposition to the Pre-2011 Motion. Suppl. Pre-2011 Opp'n at 14 n.92. Defendants addressed that argument in their supplemental reply. Suppl. Pre-2011 Reply at 3 n.5. The Court need not revisit that argument again here. *See Am. Ironworks & Erectors, Inc.,* 248 F.3d at 899 (motions for reconsideration should not "merely restate[]" arguments already made).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

credible evidence to support a finding that each [price] increase was the product of a conspiracy." 266 F. Supp. 3d 750, 778-79 (E.D. Pa. 2017) (concluding that "plaintiffs have not offered sufficient evidence [] tend[ing] to exclude the possibility that the 2005 and 2008 price increases were the product of interdependence"); *see also Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1142 (9th Cir. 2022) (holding that when "each individual action alleged by [plaintiff] does not rise to anticompetitive conduct . . . their collective sum likewise does not"). The Court conducted exactly the analysis required by the Ninth Circuit.

### 3. AWG Repeats Arguments this Court Has Already Considered and Rejected

AWG's final attempt to invalidate the Pre-2011 Order essentially asks the Court to re-review the same evidence based on the same arguments and the same case law. *See* Mot. at 7-15. Indeed, many of the points AWG makes (Mot. at 7-15) are virtual duplicates of points it previously made. For example, AWG argues that "StarKist is . . . not shielded from liability based on [Scott] Cameron's refusal to use the term 'agreement' for the pre-conviction period." Mot. at 12. AWG made this same argument in its Supplemental Pre-2011 Opposition. *See* Suppl. Pre-2011 Opp'n at 12-13 ("StarKist tries to duck this conclusion based on whether the conspirators use the label 'agreement' for their earlier activities."). AWG also argues again that "StarKist's 'high-level executives' with 'pricing authority' often exchanged information and those exchanges 'actually had an impact on pricing.'" Mot. at 7. This too is a nearly verbatim repeat of a prior AWG argument. *See* Suppl. Pre-2011 Opp'n at 11 ("First, StarKist's and Bumble Bee's 'high-level executives' with 'pricing authority' often exchanged confidential information.").[6]

---

[6] Also *compare* Mot. at 7 (describing the *Persian Gulf* court's summary of how courts analyze competitor communications), *with* Suppl. Pre-2011 Opp'n at 11 (same); *compare* Mot. at 15 (listing six ways the "conspirators" allegedly "tried to hide their activities"), *with* Suppl. Pre-2011 Opp'n at 10 (same).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

AWG's effort to retread the same ground is not proper on a motion for reconsideration.[7]  *See, e.g.*, *Manouchehri*, 2017 WL 11663585, at *2; *Strobel v. Morgan Stanley Dean Witter*, No. 04-CV-1069-BEN, 2007 WL 1053454, at *3 (S.D. Cal. Apr. 10, 2007) ("The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple.").

Still, AWG presses on, claiming "clear error" and arguing that the Court "discounted" its evidence when, in fact, AWG simply disagrees with the Court's conclusion. *See* Mot. at 3, 8-15.  AWG vaguely refers to communications between StarKist, Bumble Bee, and COSI personnel, and mentions other documents that allegedly reflect the gathering of competitive intelligence. *Id.*  Yet AWG's Motion cites back to its prior briefing—a clear sign of how AWG has already argued, and the Court has already considered, these issues before. *See id.* at 8-15 (citing prior briefing throughout).  AWG also quotes case law describing distinguishable evidence in other cases. *Id.*  But AWG's descriptions of the records and statements from other cases is not enough to meet AWG's burden here.  Likewise for AWG's efforts to re-argue the opinions offered by its economist.[8]  That effort was

---

[7] Where AWG does not parrot its prior arguments, it sometimes flat out contradicts them.  For example, AWG's newest theory is that there were "two can downsize agreements"—one between Lischewski of Bumble Bee and an unidentified StarKist employee and then a second one between Lischewski (Bumble Bee) and COSI.  Mot. at 1-2.  That assertion stands in stark contrast to AWG's statement in its opposition to the Pre-2011 Motion that a conversation between "StarKist's Barry Mills" and "COSI's John DeBeer" is "direct evidence" of a downsize agreement.  Pre-2011 Opp'n at 34-35.  AWG also now concedes that "neither downsizing agreement involved . . . [Scott] Cameron or [Ken] Worsham."  Mot. at 2; *see also id.* at 8 n.3.  But in its opposition to the Pre-2011 Motion, AWG relied on evidence involving Cameron and Worsham, including their Fifth Amendment invocations, to suggest that Del Monte/StarKist agreed with its competitors to downsize its cans. *See, e.g.*, Pre-2011 Opp'n at 13-14, 17-18.

[8] AWG's repeat-ask that the Court rule in its favor because its expert supposedly "detected a measurable effect" (*i.e.*, an overcharge) during the pre-2011 period is likewise improper.  Pre-2011 Opp'n at 6; Suppl. Pre-2011 Opp'n at 10; *see also*

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

unsuccessful when AWG opposed the Pre-2011 Motion, and there is no reason for the Court to overturn the conclusion it has already reached.

## C. AWG's Motion for Reconsideration Does Not Comply with the Local Rules

In addition to failing on the merits, AWG's Motion for Reconsideration is procedurally deficient in two ways, each of which is grounds to deny the Motion.

*First*, the Motion is untimely under Local Rule 7.1(i)(2). In this District, "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civil L.R. 7.1(i)(2). Here, the Court issued the Pre-2011 Order on April 21, 2023, but AWG did not file its Motion until May 22, 2023—three (3) days too late. *See Photomedex, Inc. v. Irwin*, No. 04-CV-24 JLS, 2010 WL 3789639, at *4 (S.D. Cal. Sept. 27, 2010) (denying motion for reconsideration because the movant "failed to comply with Local Rule 7.1(i)(2)'s timeliness requirements").

*Second*, AWG also failed to submit the required affidavit. *See* S.D. Cal. Civil L.R. 7.1(i)(1) (imposing "a continuing duty" upon the moving party and its attorney to submit "an affidavit" setting forth, *inter alia*, the order for which reconsideration is sought; when and what judge issued that order; and the new or different facts and circumstances that "are claimed to exist which did not exist, or were not shown"). AWG's evidence is all the same, as is the governing law. Its failure to submit the required affidavit is yet another reason to deny this Motion. *See Petersen v. Kasain*, No. 21-CV-01345-BAS-AGS, 2022 WL 718483, at *1-2 (S.D. Cal. Mar. 10, 2022); *Schweinsburg v. Gen. Mills, Inc.*, No. 3:22-CV-00403-RBM, 2023 WL 3186294, at *2 (S.D. Cal. May 1, 2023).

\* \* \*

---

*Marlyn*, 571 F.3d at 880 ("A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (emphasis in original).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

In sum, contrary to AWG's unsupported assertions, the Court properly (1) applied controlling Ninth Circuit law; (2) analyzed the undisputed factual record; and (3) concluded that AWG "failed to come forth with 'specific evidence tending to show that [Defendants were] not engaging in permissible competitive behavior'" during the pre-2011 time period. Pre-2011 Order at 29 (alteration in original) (citing *Citric Acid*, 191 F.3d at 1094); *see also id.* at 32, 35. AWG's request for reconsideration should be denied.

## III. AWG HAS NOT SATISFIED THE REQUIREMENTS OF 28 U.S.C. § 1292(b)

AWG's alternative request that the Court certify the Pre-2011 Order for interlocutory appeal under 28 U.S.C. § 1292(b) is equally meritless.

### A. Legal Standard - Interlocutory Appeal

Section 1292(b) provides a "narrow exception" to the general rule that "parties may appeal only from orders which 'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 632-33 (9th Cir. 2010) (citations omitted) (alteration in original). Section 1292(b) includes three prerequisites—all of which must be satisfied before certifying an order for interlocutory appeal under the statute: (1) the order must involve "a controlling question of law"; (2) there must be a "substantial ground for difference of opinion" as to that legal question; and (3) there must be some possibility that "an immediate appeal from the order" will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Couch*, 611 F.3d at 633.

Even when these statutory requirements are satisfied, interlocutory review still should be denied unless "exceptional circumstances justify a departure" from the final judgment rule, and an immediate appeal "would avoid protracted and expensive litigation." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022); *In re Cement Antitrust Litig.*, 673 F.2d 1020,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1026-27 (9th Cir. 1981) ("[S]ection 1292(b) is to be applied sparingly and only in exceptional cases . . . .").

AWG has not satisfied any of section 1292(b)'s requirements, nor has it demonstrated that there are "exceptional circumstances" that warrant the extraordinary relief it seeks.

## B. AWG Has Not Identified a Controlling Question of Law

*First*, AWG does not identify a question of law, let alone a "controlling" one, and its request for certification instantly falls short. Under Section 1292(b)'s threshold requirement, the "controlling question . . . must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI Oregon, Inc.*, 22 F.4th at 1130. A question of law is a "pure legal question" that the court of appeals could decide "quickly and cleanly without having to study the record." *Heaton v. Soc. Fin., Inc.*, No. 14-CV-05191-TEH, 2016 WL 232433, at *3 (N.D. Cal. Jan. 20, 2016) (citations omitted). Therefore, where a contested issue "rests on the specific evidence presented by the parties" the question presented is not "a pure question of law," and certification is not appropriate. *Miholich v. Senior Life Ins. Co.*, No. 21-CV-1123-WQH-AGS, 2022 WL 1505865, at *5 (S.D. Cal. May 12, 2022).

AWG identifies a single question in support of its request under section 1292(b): "[w]hether StarKist's direct communications can prove a conspiracy." Mot. at 15. The gist of AWG's question is really: "Did the Court get the Pre-2011 Order right?" For the reasons explained above, it did. But that does not matter here because the question posed is not a pure question of law. Rather, it is a question about whether the evidence in this case (*i.e.*, StarKist's so-called "direct communications") shows that StarKist entered into unlawful agreements with its competitors. Court after court has held that such questions—that is, questions involving the application of law to facts—are not grounds for interlocutory review under section 1292(b). *See, e.g.*, *Miholich*, 2022 WL 1505865, at *5; *SA Music*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

*LLC v. Apple, Inc.*, No. 3:20-CV-02146-WHO, 2022 WL 1814148, at *5 (N.D. Cal. June 2, 2022) (denying plaintiffs' request for expedited appellate review because they did not identify "any true question of law, just an application of a settled legal standard to particular facts"); *Soler v. Trans Union, LLC*, No. 20-CV-8459-DSF, 2022 WL 2062466, at *1 (C.D. Cal. Mar. 15, 2022) ("Resolution of the issue of whether Trans Union's reporting was inaccurate or misleading appears to turn on questions of fact . . . ."); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact."). The Court should deny AWG's request for this reason alone.[9]

## C. There Is No Substantial Ground for Differing Opinions

*Second*, AWG also fails to establish that there is a "substantial ground for difference of opinion" as to the purported question of law at issue. *See* 28 U.S.C. § 1292(b). This prong is satisfied only when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions"—for example, if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *ICTSI Oregon*, 22 F.4th at 1130. "[A] party's strong disagreement with the Court's ruling," however, "is not sufficient for there to be a 'substantial ground for difference'" of opinion. *Couch*, 611 F.3d at 633. Nor is it enough "[t]hat settled law might be applied differently." *Id.* Likewise, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there

---

[9] AWG's question presented is also not "controlling." Whether AWG's claims start in 2008 or 2011—though important for many reasons—will not "materially affect" the trajectory of this case for purposes of section 1292(b). *See ICTSI Oregon, Inc.*, 22 F.4th at 1130. The remote prospect that an appellate ruling in AWG's favor would add (not eliminate) claims is true in every case in which a plaintiff loses on partial summary judgment. Put simply, there are no "exceptional circumstances" here that justify departing from the default final judgment rule. *Id.* at 1131.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

is [] a substantial difference of opinion" that can support an interlocutory appeal.
*Id.*

Again, AWG's "question" is about the evidence it has provided. *See* Mot. at 15. Its contention that "numerous district courts have reached a different conclusion than this Court" on that question makes no sense. *See id.* at 16. No other Court has analyzed whether the record evidence *in this case* supports AWG's allegations that StarKist, Del Monte, and DWI entered into unlawful agreements in the pre-2011 time period. The fact that other courts in other cases have applied the same law and sometimes denied (rather than granted) summary judgment is completely unremarkable. That settled law might be applied differently on different undisputed facts does not amount to a substantial difference of opinion. *Couch*, 611 F.3d at 633. At bottom, AWG's argument is based on nothing more than the fact that *AWG* disagrees with the Pre-2011 Order, that *AWG* (as explained above, incorrectly) believes the Court applied the wrong precedent (*i.e.*, Third Circuit as opposed to Ninth Circuit law), and that *AWG* views the evidence differently than the Court. That is no reason to grant extraordinary relief under section 1292(b).[10] *See Cunningham v. City of Los Angeles*, No. 2:18-CV-08146-ABP, 2021 WL 6752243, at *5 (C.D. Cal. Dec. 28, 2021) ("Plaintiff's disagreement with the Court's application of the relevant case law in the October 28, 2021 Order does not establish a substantial ground for difference of opinion."); *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *4 (N.D. Cal. Apr. 29, 2016) (denying plaintiffs' section 1292(b) request because the "essence of [their] argument . . . simply [took] issue with the court's summary-judgment holding").

---

[10] If AWG argues (for the first time) on reply that the supposed differences between Ninth Circuit and Third Circuit law constitute a "substantial ground for difference of opinion," that argument should also be rejected. Ninth Circuit summary judgment law is settled. And, while AWG may argue that the Court applied the wrong legal standard, it is mistaken. *See supra* Section II.B.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

**D.  An Interlocutory Appeal Would Not Materially Advance the Termination of this Case**

*Finally*, AWG also has not satisfied the final prong under section 1292(b)—that an immediate appeal would "materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292(b).  This requirement cannot be satisfied unless the resolution of the question at issue might "'appreciably shorten the time, effort, or expense of conducting' the district court proceedings."  *ICTSI Oregon, Inc.*, 22 F.4th at 1131 (quoting *Cement*, 673 F.2d at 1027).

AWG argues that an immediate appeal would materially advance the ultimate termination of this litigation because, *if* the appellate court reverses this Court's decision *and if* AWG's case against Defendant Christopher Lischewski (which includes pre-2011 claims) goes to trial, the parties would "practically re-litigat[e] and potentially re-try[] this same matter."  Mot. at 17 n.9.  Lots of *ifs*.  Notably, the very authorities AWG cites in support of its argument recognize that interlocutory appeals become less likely to materially advance the litigation in cases that have substantially progressed.  *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000) ("[T]he role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made."); *see also Forest Guardians v. Bureau of Land Mgmt.*, 188 F.R.D. 389, 397 (D.N.M. 1999) (noting that certification may be appropriate "early in the action").  This is not a case like *West Tennessee*, for example, where the parties have "engaged in minimal discovery."  138 F. Supp. 2d at 1026.  Nor is this a situation, like AWG's other cited cases, where the resolution of the proposed appeal might *eliminate* claims and therefore, "save time and expense."  *See F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014); *see also Ormond v. Anthem, Inc.*, No. 1:05-CV-1908-TWP-TAB, 2011 WL 3881042, at *6-7 (S.D. Ind. Sept. 2, 2011) (explaining that

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

the interlocutory appeal only involved upside in terms of cost savings; it would either "end" the case or maintain the status quo).

The parties have already invested substantial time and resources to get to this point—where the Court is working its way through the remaining summary judgment and *Daubert* motions. The fact that an interlocutory appeal might revive a portion of AWG's claims as to a subset of Defendants does not constitute an "exceptional situation[] in which allowing interlocutory appeal would avoid protracted and expensive litigation." *See Cement*, 673 F.2d at 1026. Indeed, allowing AWG to file a piecemeal appeal at this juncture would *extend*, not shorten, the length of this case. *See Carroll Shelby Licensing, Inc. v. Halicki*, No. 8:20-cv-01344-MCS, 2023 WL 2347391, at *5 (C.D. Cal. Jan. 30, 2023) (denying motion for interlocutory appeal where such appeal "would do nothing but delay the ultimate resolution of [the] case and increase the risk and magnitude of wasted time and resources"). Because AWG also fails to satisfy the third prong of section 1292(b), its request for an interlocutory appeal should be denied.

## IV. CONCLUSION

For the foregoing reasons, AWG's Motion seeking reconsideration of the Pre-2011 Order or, in the alternative, certification for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

Dated: June 9, 2023

LATHAM & WATKINS LLP

By: s/ Christopher S. Yates
Christopher S. Yates (CA 161273)
Belinda S Lee (CA 199635)
Ashley M. Bauer (CA 231626)
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: chris.yates@lw.com
Email: belinda.lee@lw.com
Email: ashley.bauer@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: s/ Barbara T. Sicalides
Barbara T. Sicalides
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4000
Facsimile: 215-981-4750
sicalidesb@pepperlaw.com

*Counsel for Defendant Del Monte Corporation*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFS.' OPP'N TO PLS.' MOT. FOR
RECONSID. OR FOR INTERLOC. APPEAL
3:15-md-02670-DMS-MSB

## SIGNATURE ATTESTATION

Under Section 2.F.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.


Dated: June 9, 2023                          By: s/ Christopher S. Yates

*Counsel for Defendants StarKist Co.*
*and Dongwon Industries Co., Ltd.*