# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC et al.,* Case No. 18cv1014-JLS-MDD | Case No.: 15-MD-2670 DMS (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ASSOCIATED WHOLESALE GROCER, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT CHRISTOPHER LISCHEWSKI** |

This case comes before the Court on Plaintiff Associated Wholesale Grocer, Inc.'s motion for partial summary judgment against Defendant Christopher Lischewski. Specifically, Associated Wholesale Grocers, Inc. ("AWG") seeks partial summary judgment on Lischewski's liability for a tuna price-fixing conspiracy from March 2008 through July 2015, and Lischewski's affirmative defense of withdrawal. Lischewski, through counsel, filed an opposition to the motion, and AWG filed a reply. After that briefing was submitted, the parties took some additional discovery, and requested an opportunity to file supplemental briefs on the present motion. The Court granted that request, after which AWG filed a supplemental motion, Lischewski, now proceeding pro se, filed a supplemental opposition, and AWG filed a supplemental reply. Having

1

thoroughly reviewed the parties' briefs, the evidence in support, the record on file, and the relevant legal authorities, AWG's motion is granted in part and denied in part.

## I.

## BACKGROUND

The background of this multidistrict litigation case is well-known to the parties and has been set out in several prior orders of this Court. As previously stated, this multidistrict litigation began in 2015, during which time the United States Department of Justice ("DOJ") was investigating the packaged tuna industry. As a result of that investigation, the United States filed a number of criminal cases against the major corporate players in that industry, including Tri-Union Seafoods LLC d/b/a/ Chicken of the Sea International ("COSI"), Bumble Bee Foods, LLC ("Bumble Bee"), and StarKist Company ("StarKist"), as well as certain of their executives, charging them with price fixing in violation of 15 U.S.C. § 1, the Sherman Act.

In exchange for self-reporting its participation in the conspiracy and a pledge of full cooperation with the investigation, the DOJ Antitrust Division issued a conditional leniency letter to COSI pursuant to the Corporate Leniency Program and the Antitrust Criminal Penalty Enhancement and Reform Act, 15 U.S.C. § 1 *et seq.* ("ACPERA").[1] In 2017, Walter Scott Cameron, Bumble Bee's Senior Vice President of Sales, Kenneth Worsham, Bumble Bee's Senior Vice President of Trade Marketing, and Stephen L. Hodge, StarKist's Senior Vice President of Sales, pleaded guilty to participating in the conspiracy with representatives of other major packaged-seafood-producing firms with the

---

[1] Under ACPERA, Pub. L. No. 108-237, 118 Stat. 661 (codified at 15 U.S.C. § 1 *et seq.* and accompanying notes), a cartel participant who is first to voluntarily report its participation may avoid prosecution and obtain a reduction in civil damages, if it promptly terminates its involvement in the conspiracy, provides full, complete, and continuing cooperation with the investigation, criminal prosecution, and discovery in a related civil antitrust action, and if it provides adequate restitution to the victims, typically plaintiffs in a related civil antitrust action. *See generally* DOJ Q&A.

purpose to fix, raise, and maintain the prices of shelf-stable tuna in violation of the Sherman Act. *See United States v. Cameron,* United States District Court for the Northern District of California, Case No. 16cr501-EMC; *United States v. Worsham,* United States District Court for the Northern District of California, Case No. 16cr535-EMC; *United States v. Hodge,* United States District Court for the Northern District of California, Case No. 17cr297-EMC. Bumble Bee pleaded guilty to the same conspiracy on August 4, 2017. *See United States v. Bumble Bee Foods, LLC,* United States District Court for the Northern District of California, Case No. 17cr249-EMC. StarKist entered its guilty plea for the same conspiracy on November 14, 2018. *See United States v. StarKist Co.,* United States District Court for the Northern District of California, Case No. 18cr513-EMC.

On May 16, 2018, Defendant Lischewski, Bumble Bee's former President and Chief Executive Officer, and the only Defendant at issue in the present motion, was indicted for his role in the same conspiracy. *United States v. Lischewski*, United States District Court for the Northern District of California, Case No. 18cr203-EMC, ECF No. 1. That indictment charged that "[b]eginning in or about November 2010 and continuing until in or about December 2013," Lischewski "and coconspirators knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices for packaged seafood sold in the United States." *Id.* Lischewski was tried by a jury, found guilty on December 3, 2019, *id.*, ECF No. 640 (Verdict), ECF No. 697 (Judgment), and his conviction was affirmed on appeal. *United States v. Lischewski*, 860 Fed. Appx. 512 (9th Cir. 2021.) The Court of Appeals specifically found the "evidence that Lischewski participated in a scheme to fix prices in the canned tuna market was overwhelming." *Id.* at 515. Nevertheless, Lischewski denies that he participated in any conspiracy to fix the prices of packaged tuna during the conviction period, November 2010 through December 2013. (Decl. of Christopher D. Lischewski in Supp. of Resp. to Mot. ("Lischewski Decl.") ¶11.) He also denies that he participated in any conspiracy to fix the prices of packaged tuna either before or after the conviction period. (*Id.* ¶¶3, 12.)

///

## II.

## DISCUSSION

As stated above, AWG moves for partial summary judgment on Lischewski's liability for a tuna price-fixing conspiracy from March 2008 through July 2015.[2] Although Lischewski denies he participated in a conspiracy during the conviction period, he does not dispute his conviction entitles AWG to summary judgment on his general liability for that time period. (*See* Resp. to Mot. at 22) (stating AWG is entitled to partial summary judgment "that Lischewski participated in *some* price-fixing conspiracy with COSI and StarKist of **undefined nature and scope** during the conviction period.") However, he does dispute that AWG is entitled to summary judgment for the periods of time before and after his conviction, March 2008 through October 2010 and January 2014 through July 2015, respectively.

### A.    Legal Standard

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses. Summary judgment or adjudication of issues is appropriate if depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The burden on the party moving for summary judgment depends on whether it bears the burden of proof at trial.

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed

---

[2] AWG is not moving for summary judgment on damages. (*See* Reply at 11 n.11.)

verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000); *see also Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018) ("Where the moving party will have the burden of proof at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.").

On the other hand, if the moving party would *not* bear the burden at trial, it can meet its burden on summary judgment by "either of two methods:" it may

> produce affirmative evidence ... negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may ... meet its initial burden of production "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

If the moving party carries its burden of production, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In this regard, the nonmoving party

> must do more than simply show that there is some metaphysical doubt as to the material facts[, and] must come forward with specific facts showing that there is a genuine dispute for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In ruling on a motion for summary judgment, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). "[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine

issue for trial." *Id.* "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 651; *see also id.* at 657. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

Here, AWG seeks summary judgment on Lischewski's liability for a price-fixing conspiracy in violation of Section 1 of the Sherman Act , 15 U.S.C. § 1, and the Kansas Restraint of Trade Act, K.S.A. 50-101 *et seq.*[3] To prevail on these claims, AWG must show: (1) the existence of an agreement, conspiracy, or combination between two or more entities; (2) the arrangement resulted in an unreasonable restraint of trade under either a per se rule of illegality or rule of reason analysis; and (3) that the restraint affected interstate commerce. *Am. Ad Mgmt., Inc. v. GTE Corp.*, 92 F.3d 781, 788 (9th Cir. 1996); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1191 (N.D. Cal. 2009).

**B.   Liability Outside of the Conviction Period**

As stated above, Lischewski does not dispute that AWG is entitled to partial summary judgment on his general liability consistent with the conviction period, November 2010 through December 2013. Therefore, the only issue for the Court is whether AWG is entitled to summary judgment for the time periods outside of the conviction period, March 2008 through October 2010 and January 2014 through July 2015.

To warrant summary judgment on these time periods, AWG must show first that there are no genuine issues of material fact concerning Lischewski's participation in any price-fixing agreements during the conviction period. AWG presents evidence to support a finding that Lischewski participated in such agreements, (*see*, *e.g.*, Decl. of Steve Six in

/ / /

---

[3] AWG asserts its claim under Kansas law is governed by the same elements as the Sherman Act claim. (Mem. in Supp. of Mot. at 17 n.91.)

Supp. of Mot. ("Six Decl."), Ex. 8 at 4), but Lischewski denies that he did so. Specifically, Lischewski states:

> I am not aware of, nor did I participate in, any conspiracy with competitors to fix the prices of packaged tuna prior to November 2010. In particular, there was no agreement between Bumble Bee and any competitor to downsize cans of packaged tuna from 6 oz. to 5 oz. in 2008; to implement a list price increase in June 2008; or to implement a list price increase in May 2010.

(Lischewski Decl. ¶3.) Lischewski also states: "Neither I nor Bumble Bee participated in any price-fixing conspiracy with competitors after December 2013. Neither I nor, to my knowledge, any of Bumble Bee's other employees reached any pricing agreements with any competitors in 2014 or 2015." (*Id.* ¶12.)

AWG attacks Lischewski's credibility, but credibility determinations are the purview of the jury and not appropriate for resolution by the Court on a motion for summary judgment. *Anderson*, 477 U.S. at 255. And although Lischewski's Declaration is self-serving, the Court "may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

Contrary to AWG's argument, Lischewski's Declaration raises a genuine issue of material fact on whether he participated in any agreement to fix prices outside of the conviction period. Accordingly, AWG is not entitled to partial summary judgment on Lischewski's liability for those time periods.

**C. Withdrawal**

In addition to moving for partial summary judgment on Lischewski's liability, AWG also moves for summary judgment on Lischewski's affirmative defense of withdrawal. To prevail on this defense, Lischewski must present evidence of "[a]ffirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators[.]" *United States v. Gypsum Co.*, 438 U.S. 422, 464 (1978).

/ / /

AWG argues Lischewski has no such evidence, therefore it is entitled to summary judgment on this defense. Lischewski disagrees, and asserts there is evidence to support his defense.[4] Specifically, he asserts Bumble Bee lowered its net pricing during 2014 and 2015, (*see* Lischewski Decl. ¶12), which he contends is evidence of withdrawal. (Resp. to Mot. at 23.) AWG again takes issue with Lischewski's evidence, (Reply at 13), but as above, that evidence is sufficient to raise a genuine issue of material fact on the issue of Lischewski's withdrawal from the conspiracy. Accordingly, AWG is not entitled to summary judgment on this defense.[5]

### III.
### CONCLUSION

For the reasons set out above, AWG's motion for partial summary judgment against Defendant Christopher Lischewski is granted in part and denied in part. Specifically,

///

///

///

///

---

[4] Lischewski also argues it is premature for the Court to consider his withdrawal defense because AWG has not shown the conspiracy continued past December 2013. It is true AWG has not established the existence of a conspiracy beyond December 2013. However, that does not preclude the Court from addressing the issue of withdrawal. Indeed, the Court addressed the issue of StarKist's withdrawal in its order on Plaintiffs' motion for summary judgment based on StarKist's guilty plea and admissions, (*see* ECF No. 2750 at 25-29), and Del Monte moved for summary judgment on the ground it withdrew from the conspiracy even though liability for that time period had not been established. (*See* ECF No. 2771.) Thus, the Court rejects Lischewski's argument that this issue is premature.

[5] In the last section of its motion, AWG argues the Court should reject any claim that Lischewski was not involved in an "overarching conspiracy." (Mem. of P. & A. in Supp. of Mot. at 24-25.) To the extent AWG is inviting the Court to define the full duration of the conspiracy, the Court declines that invitation because the "duration [of the conspiracy] is a question of fact for the jury." *In re Urethane Antitrust Litig.*, 913 F.Supp.2d 1145, 1158 (D. Kan. 2012).

AWG's motion is granted as to Lischewski's general liability during the conviction period, November 2010 through December 2013, but denied in all other respects.

**IT IS SO ORDERED**.

Dated:  June 27, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court