# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br><br>*Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC*, et al., 3:18-cv-01014-DMS-MDD | Case No.: 15-MD-2670 DMS (MDD)<br><br>**CLASS ACTION**<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OR FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>**(ECF No. 3073)** |

On April 21, 2023, this Court issued an Order granting Defendants StarKist Co., Del Monte Corp., and Dongwon Industries Co.'s motion for partial summary judgment on all claims for purchases made prior to May 30, 2011. (*See* ECF No. 3051.) On May 22, 2023, Plaintiffs Associated Wholesale Grocers, Inc. and Affiliated Foods, Inc. filed the present motion to reconsider that Order on the ground it is clearly erroneous. In the alternative, Plaintiffs move the Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants filed an opposition to the motion, and Plaintiffs filed a reply. After

reviewing the parties' briefs, the record on file, and the case law, the Court denies the motion.

## I.

## MOTION FOR RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As mentioned above, Plaintiffs argue reconsideration is warranted here because the Court committed clear error. The Court has considered Plaintiffs' arguments, and finds no clear error in its ruling. Accordingly, Plaintiffs' motion for reconsideration is denied.

## II.

## INTERLOCUTORY APPEAL

As an alternative to reconsideration, Plaintiffs also move for certification of the Court's Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides a "narrow exception" to the final-judgment rule. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As a general rule,

> "the whole case and every matter in controversy in it must be decided in a single appeal." This final-judgment rule, now codified in § 1291, preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice.

*Microsoft Corp. v. Baker,* 582 U.S. 23, 36-37 (2017) (quoting *McLish v. Roff*, 141 U.S. 661, 665-66 (1891)) (internal citation omitted). "Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Or., Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)).

Certification under § 1292(b) is proper:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation ... .

28 U.S.C. § 1292(b). To certify an interlocutory appeal, § 1292(b) requires a district court to "expressly find in writing" that all three of its requirements are met. *Couch,* 611 F.3d at 633. "[T]he party pursuing the interlocutory appeal bears the burden of ... demonstrating ... that the certification requirements of the statute have been met." *Id.*

Here, Plaintiffs have not shown that the first requirement is met. On that requirement, Plaintiffs suggest the Court's Order is a controlling question of law, but the Order itself does not fall within that definition. Plaintiffs also assert whether Defendants' direct communications can prove a conspiracy is a controlling question of law, but that question does not raise a pure issue of law. *See ICTSI*, 22 F.4th at 1130 (stating "controlling question of law must be one of law—not fact"). Rather, it involves a consideration of the facts of this particular case and whether those facts are sufficient to withstand Defendants' motion. Plaintiffs have not shown the first requirement is met, and absent that showing, the Court declines to certify its decision for interlocutory review.

## III.
## CONCLUSION

For the reasons set out above, Plaintiffs' motion for reconsideration or for interlocutory appeal is denied.

**IT IS SO ORDERED**.

Dated: June 28, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

4