LATHAM & WATKINS LLP
  Alfred C. Pfeiffer (CA 120965)
  Christopher S. Yates (CA 161273)
  Belinda S Lee (CA 199635)
  Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone:  415-391-0600
Facsimile:  415-395-8095
*al.pfeiffer@lw.com*
*chris.yates@lw.com*
*belinda.lee@lw.com*
*ashley.bauer@lw.com*

LATHAM & WATKINS LLP
  Jason M. Ohta (CA 211107)
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  858-523-5400
Facsimile:  858-523-5450
*jason.ohta@lw.com*

*Counsel for Defendants StarKist Co.
and Dongwon Industries Co., Ltd.*

[*Additional counsel listed on signature pages*]

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-DMS-MSB |
| | MDL No. 2670 |
| This Document Relates To: | **DEFENDANTS' OPPOSITION TO END PAYER PLAINTIFFS', DIRECT PURCHASER PLAINTIFFS', AND ASSOCIATED WHOLESALE GROCERS PLAINTIFFS' MOTION FOR LEAVE TO REVIEW GRAND JURY TRANSCRIPTS** |
| (1) End Payer Plaintiffs | |
| (2) Direct Purchaser Plaintiffs | **Hearing**: |
| (3) *Associated Wholesale Grocers, Inc. v. Bumble Bee Foods LLC, et al.*, Case No. 3:18-cv-01014 | Date:   April 26, 2024<br>Time:   1:30 p.m.<br>Place:   Courtroom 13A<br>Judge:  Hon. Dana M. Sabraw |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND.......................................................................................... 2

LEGAL STANDARD .................................................................................................... 5

ARGUMENT.................................................................................................................. 6

I.      PLAINTIFFS' MOTION SHOULD BE DENIED GIVEN THEIR PRIOR VIOLATIONS OF THE PROTECTIVE ORDER............................................................................................................ 6

II.     PLAINTIFFS HAVE NOT ESTABLISHED THE *DOUGLAS OIL* FACTORS NECESSARY TO JUSTIFY DISCLOSURE OF THE GRAND JURY TRANSCRIPTS ...................................................... 7

      A.     Plaintiffs Cannot Show a Particularized Need for the Grand Jury Transcripts to Avoid Possible Injustice in This Proceeding........................................................................... 7

      B.     Even if the Court Finds Plaintiffs Have a Particularized Need, Their Need Does Not Outweigh the Need for Continued Secrecy in This Case ...................................... 11

      C.     Plaintiffs' Request for Disclosure of the Grand Jury Transcripts Is Not Narrowly Tailored................................. 12

III.    PLAINTIFFS' REQUEST THAT ONLY THEY BE ALLOWED TO REVIEW THE GRAND JURY TRANSCRIPTS CONFIRMS THAT THERE WOULD BE NO INJUSTICE IF THEY ARE DENIED ACCESS ......................................... 13

CONCLUSION.............................................................................................................. 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Dennis v. United States*,
384 U.S. 855 (1966) ................................................................................... 10

*Douglas Oil Co. of Cal. v. Petrol Stops NW*,
441 U.S. 211 (1979) .......................................................................... 5, 6, 11

*Pittsburgh Plate Glass Co. v. United States*,
360 U.S. 395 (1959) .......................................................................... 5, 8, 11

*State of Washington v. StarKist Co. et al.*,
Case No. 20-2-09491-9 SEA (Wash. Super. Ct.) ........................................ 2

*United States v. DeTar*,
832 F.2d 1110 (9th Cir. 1987) .................................................................... 8

*United States v. Ferreboeuf*,
632 F.2d 832 (9th Cir. 1980) ...................................................................... 9

*United States v. Fischbach & Moore, Inc.*,
776 F.2d 839 (9th Cir. 1985) .................................................................. 6, 8

*United States v. Kail*,
No. 18-cr-00172-BLF-1, 2021 WL 242921 (N.D. Cal. Jan. 25,
2021) .......................................................................................................... 12

*United States v. Procter & Gamble*,
356 U.S. 677 (1958) ..................................................................... 5, 6, 11, 12

*United States v. Schneider II*,
No. 1:10-cr-00361-JLT, 2022 WL 17324857 (E.D. Cal. Nov. 29,
2022) .......................................................................................................... 11

*United States v. Sells Eng'g, Inc.*,
463 U.S. 418 (1983) ................................................................................. 6, 8

*United States v. Walczak*,
783 F.2d 852 (9th Cir. 1986) ............................................................... 6, 8, 9

## RULES

Fed. R. Crim. P. 6(e)(2) ................................................................................. 5

Fed. R. Crim. P. 6(e)(3)(E)(i) ......................................................................... 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

## APPENDIX OF CITATIONS AND ABBREVIATIONS

| NAME | ABBREVIATION | CITATION |
|---|---|---|
| **MOTIONS AND OTHER FILINGS** | | |
| United States' Notice of Motion and Motion to Intervene | DOJ Mot. to Intervene | ECF No. 34 |
| Plaintiffs' Notice of Ruling in NDCA Motion to Intervene in Collateral Criminal Proceeding and Maintain Disclosed Grand Jury Transcripts | Notice | ECF No. 3041 |
| End Payer Plaintiffs', Direct Purchaser Plaintiffs', and Associated Wholesale Grocers Plaintiffs' Notice of Motion and Motion for Leave to Review Grand Jury Transcripts; Memorandum of Points and Authorities in Support Thereof | Mot. or Motion | ECF No. 3153 |
| Indictment Violation: 15 U.S.C. § 1 – Price Fixing | Lischewski Indictment | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 1 |
| Stipulation and Protective Order re: Dissemination of Discovery Materials | Protective Order | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 40 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 2 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 498 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 3 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 499 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

| Transcript of Proceedings | Lischewski Trial Tr. Vol. 4 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 500 |
|---|---|---|
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 5 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 587 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 6 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 588 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 7 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 589 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 8 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 590 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 9 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 631 |
| Transcript of Proceedings | Lischewski Trial Tr. Vol. 10 | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 632 |
| MDL Plaintiffs' Notice of Motion and Motion to Intervene and to Maintain Disclosed Grand Jury Testimony; Memorandum of Points and Authorities in Support Thereof | Pls.' *Lischewski* Mot. | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 716 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

| United States' Opposition to MDL Plaintiffs' Motion to Intervene and to Maintain Possession of Improperly Produced Grand Jury Transcripts | DOJ Opp'n | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 717 |
|---|---|---|
| Order Partially Granting MDL Plaintiffs' Motion to Intervene and to Maintain Disclosed Grand Jury Testimony | J. Chen Order | *United States v. Lischewski*, No. 3:18-cr-00203-EMC (N.D. Cal.), ECF No. 720 |
| **PARTIES** | | |
| Defendant StarKist Co. | StarKist | |
| Defendant Dongwon Industries Co., Ltd. | DWI | |
| Defendant Lion Capital (Americas), Inc. and Specially Appearing Defendant Lion Capital LLP | Lion Defendants | |
| StarKist, DWI, and Lion Defendants | Defendants | |
| Direct Purchaser Plaintiffs | DPPs | |
| End Payer Plaintiffs | EPPs | |
| Associated Wholesale Grocers, Inc. | AWG | |
| DPPs, EPPs, and AWG | Plaintiffs | |

## **INTRODUCTION**

Plaintiffs ask, unapologetically, to review and use copies of seven grand jury transcripts[1] ("Grand Jury Transcripts" or "Transcripts") that they should not even have. Plaintiffs obtained copies of the Grand Jury Transcripts when a *pro se* Defendant in the *AWG* case (Christopher Lischewski, the former President and CEO of Bumble Bee) turned them over in response to a demand by Plaintiffs' counsel that he produce any Grand Jury Transcripts in his possession. This was a mistake by Mr. Lischewski. The U.S. Department of Justice ("DOJ") learned that Mr. Lischewski was still in possession of these Transcripts and had disseminated them to the parties in this case in violation of the criminal Protective Order. DOJ instructed Mr. Lischewski to destroy all copies of the Grand Jury Transcripts and to instruct the parties in this action to do the same. Mr. Lischewski conveyed this instruction to all Plaintiffs and Defendants, and all Defendants complied. Pls.' *Lischewski* Mot. at 6; Bauer Decl. ¶ 13; Paris Decl. ¶ 3. Remarkably, Plaintiffs did not.

Plaintiffs retained copies of the Grand Jury Transcripts despite DOJ's request—and in defiance of an order from Judge Chen (who oversaw Mr. Lischewski's criminal trial) denying Plaintiffs' request for a "declaratory judgment" that they could use the Transcripts in this case. *See* J. Chen Order at 2. Indeed, Judge Chen expressly concluded that "the MDL Plaintiffs' use of the grand jury transcripts violates the [P]rotective [O]rder." *Id*. at 5 n.3; *see also* DOJ Opp'n at 1 ("MDL plaintiffs are currently in violation of the protective order by maintaining possession of the improperly produced grand jury transcripts."). That was in March 2023. Flouting this procedural history, Plaintiffs continued to retain the Grand Jury Transcripts in the 12 months since Judge Chen's Order. Their Motion should be denied.

---

[1] The seven grand jury witnesses at issue are Walter Scott Cameron (Bumble Bee), Renato Curto (Tri Marine), Shue Wing Chan (Chicken of the Sea), Stephen Hodge (StarKist), David Roszmann (Chicken of the Sea), Michael White (Chicken of the Sea), and Kenneth Worsham (Bumble Bee).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

This Motion should also be denied for the second, and independent, ground that Plaintiffs cannot meet the high bar necessary to overcome the presumption of grand jury secrecy.   Plaintiffs cannot meet their burden of demonstrating a particularized need for access to the Grand Jury Transcripts given the depositions in this case of all witnesses who pled guilty (and many dozens of others), the trial testimony of most of the grand jury witnesses at Mr. Lischewski's trial, and the extensive document productions of these witnesses' files.

Plaintiffs' Motion should be denied.

## FACTUAL BACKGROUND

***Additional Testimony by the Grand Jury Witnesses.***   Throughout the pendency of this litigation, the seven grand jury witnesses at issue have testified— not just in this case, but also in Mr. Lischewski's criminal trial, and the State of Washington's enforcement action against StarKist and DWI.   *See State of Washington v. StarKist Co. et al.*, Case No. 20-2-09491-9 SEA (Wash. Super. Ct.). All seven witnesses testified within one or two years of Mr. Lischewski's May 16, 2018 indictment.[2]  *See* Lischewski Indictment at 4-8.

Michael White, for example, was deposed for approximately five hours and ten minutes (288 transcript pages) on December 6, 2018 in this multidistrict litigation ("MDL").  Bauer Decl. ¶ 3.  Shue Wing Chan was likewise deposed for approximately six hours and seventeen minutes (295 transcript pages) four days later.  *Id.* ¶ 4.  The remaining five grand jury witnesses (and Mr. Chan again) testified at Mr. Lischewski's criminal trial in November 2019:

- Walter Scott Cameron testified for three days (November 4-6, 2019).  His testimony spanned approximately 415 pages. Lischewski Trial Tr. Vols. 2-4.
- Renato Curto testified for one day (November 12, 2019).  His testimony

---

[2] While Defendants do not know the exact dates all seven witnesses at issue testified before the grand jury because Defendants deleted all copies of the Grand Jury Transcripts to comply with the Protective Order, Defendants believe they likely testified shortly before Mr. Lischewski's indictment.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

spanned approximately 75 pages.  Lischewski Trial Tr. Vol. 5.

- Stephen Hodge testified for three days (November 12, 13, and 15, 2019).  His testimony spanned approximately 271 pages.  Lischewski Trial Tr. Vols. 5-7.

- Kenneth Worsham testified for three days (November 15, 18, and 19, 2019).  His testimony spanned approximately 568 pages.  Lischewski Trial Tr. Vols. 7-9.

- Shue Wing Chan testified for two days (November 19 and 20, 2019).  His testimony spanned approximately 166 pages.  Lischewski Trial Tr. Vols. 9-10.

- David Roszmann testified for one day (November 20, 2019).  His testimony spanned approximately 16 pages.  Lischewski Trial Tr. Vol. 10.

Plaintiffs later took additional deposition testimony in this case from three of the grand jury witnesses: Stephen Hodge, Walter Scott Cameron, and Kenneth Worsham.   Stephen Hodge testified on October 13, 2021, for approximately three hours and thirty-seven minutes (114 transcript pages) in the State of Washington's litigation.  Bauer Decl. ¶ 5.  Plaintiffs have copies of Mr. Hodge's Washington case deposition transcript.  *Id*.  In late 2022 and early 2023, Plaintiffs deposed Walter Scott Cameron (December 7, 2022), Kenneth Worsham (January 24, 2023), and Stephen Hodge (January 27, 2023) in this case.  *Id*. ¶¶ 6, 7, 8.  Mr. Cameron's deposition lasted for approximately six hours and fifty-five minutes (320 transcript pages); Mr. Worsham's lasted for approximately six hours and fifty minutes (369 transcript pages); and Mr. Hodge's lasted for approximately six hours and forty-three minutes (369 transcript pages).  Plaintiffs opted not to depose Renato Curto or David Roszmann in this litigation, but had ample opportunity to do so.

Despite knowing that a grand jury was empaneled at least as early as 2016,[3] Plaintiffs only sought permission to review the Grand Jury Transcripts for the first time in 2023 before Judge Chen, and then waited another year before petitioning this

---

[3] On January 13, 2016, the DOJ moved to intervene in the MDL.  In its motion, DOJ stated: "[a] federal grand jury empaneled in the Northern District of California is currently investigating potential violations of the Sherman Act, 15 U.S.C. § 1, in the packaged seafood industry."  DOJ Mot. to Intervene at 1.

Court.

*Mr. Lischewski Mistakenly Produced the Grand Jury Testimony.* Putting aside their delay, Plaintiffs' request seeks to take advantage of a violation of the Protective Order governing Mr. Lischewski's criminal case. Specifically, in the middle of Stephen Hodge's January 27, 2023 deposition, Mr. Lischewski produced the Grand Jury Transcripts to all MDL counsel. Mot. at 1. Plaintiffs' counsel then introduced portions of Mr. Hodge's grand jury testimony as exhibits during the deposition, and questioned Mr. Hodge about that testimony. Mot. at 1-2. Shortly after the deposition, on February 2, 2023, Mr. Lischewski informed the parties to the MDL that DOJ instructed him and all recipients to destroy any copies of the Grand Jury Transcripts in their possession. Pls.' *Lischewski* Mot. at 6; Bauer Decl. ¶ 13. Defendants complied with the DOJ's instructions. Plaintiffs did not.

*Plaintiffs' First Request to Use the Grand Jury Testimony Is Denied.* Less than two weeks later, Plaintiffs asked Judge Chen to "order disclosure of the grand jury testimony to the MDL Court and, if necessary, modify the Protective Order [in the criminal case] to permit the grand jury testimony to be used in the MDL." Pls.' *Lischewski* Mot. at 11. Plaintiffs also admitted to preserving a "single, quarantined, password-protected, non-circulating copy" of the Grand Jury Transcripts in contravention of the Protective Order in the *Lischewski* case. *Id*. at 7. DOJ opposed Plaintiffs' motion. DOJ Opp'n at 1 ("MDL plaintiffs are currently in violation of the protective order by maintaining possession of the improperly produced grand jury transcripts.").

In his March 22, 2023 order, Judge Chen concluded that Plaintiffs violated the Protective Order in the *Lischewski* case by using the Grand Jury Transcripts in the MDL. J. Chen Order at 5 n.3. Judge Chen also denied Plaintiffs' request for a declaratory judgment that they can use the Grand Jury Transcripts in the MDL and transferred the question of access to the Grand Jury Transcripts to this Court for a final determination on the issue. *Id*. at 1-2. Plaintiffs notified this Court of Judge

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

Chen's ruling on March 28, 2023.  Notice at 1-2.

*The Instant Motion.*  It was not until almost one year later that Plaintiffs filed the present Motion—admitting that, ignoring Judge Chen's order, they retained copies of the seven Grand Jury Transcripts, which appears to be an ongoing violation of the Protective Order.  Mot. at 2.  Plaintiffs now ask this Court to let them, and only them, review the Grand Jury Transcripts to "prepare for trial" and ensure an "even playing field at trial." *Id*. at 5, 8.

## LEGAL STANDARD

There is a presumption that grand jury transcripts should remain secret.  *See* Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. of Cal. v. Petrol Stops NW*, 441 U.S. 211, 213 (1979) (explaining that one of the questions presented is "what justification for disclosure must a private party show in order to overcome the *presumption* of grand jury secrecy applicable to such transcripts?" (emphasis added)).  But under certain circumstances, a court may authorize disclosure "preliminarily to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(E)(i).  When evaluating whether grand jury materials can be disclosed, courts apply a balancing test that weighs the need for disclosure against the need for continued secrecy:

> Parties seeking grand jury transcripts under Rule 6(e) must show that [1] the material they seek is needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that their request is structured to cover only material so needed.

*Douglas Oil*, 441 U.S. at 222.

The party seeking disclosure has the burden of demonstrating that the balance supports disclosure.  *Id*. at 223.  To carry their burden, Plaintiffs must state the need for disclosure with particularity given the critical importance of maintaining grand jury secrecy.  *Id*. at 221 (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958)); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400-01 (1959).  This is a high bar.  *Procter & Gamble*, 356 U.S. at 682 ("[The] 'indispensable secrecy of grand jury proceedings,' must not be broken except where

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

there is a compelling necessity." (internal citations omitted)).   The showing of particularized need must be "strong," *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983), and based on more than mere speculation, *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986).

If a court determines the movant's particularized need outweighs the continuing need for secrecy, it then looks to the appropriate scope of the disclosure, and whether the movant's request is narrowly tailored.   *United States v. Fischbach & Moore, Inc.*, 776 F.2d 839, 845-46 (9th Cir. 1985) ("Disclosure of grand jury transcripts should be *limited to those portions of the transcripts* for which a compelling need for disclosures outweighs the need for continued secrecy." (emphasis added)); *Douglas Oil*, 441 U.S. at 222 (citing *Procter & Gamble*, 356 U.S. at 683) (explaining that requests must be "structured to cover only material so needed").   Requests for the wholesale production of grand jury transcripts are not sufficiently narrowly tailored.   *Procter & Gamble*, 356 U.S. at 683 (explaining that where particularized need is shown, "the secrecy of the proceedings is lifted discretely and limitedly" and reversing the lower court's order to deliver the entire grand jury transcript where it made "[no] particularized finding of need in [the] case of any one witness").

## **ARGUMENT**

Plaintiffs have flouted the Protective Order in Mr. Lischewski's criminal case and violated Judge Chen's order addressing the Grand Jury Transcripts.   For this reason alone, Plaintiffs' requested relief should be denied.   In any event, Plaintiffs fail to satisfy the *Douglas Oil* factors necessary to justify disclosure of the Grand Jury Transcripts.   Thus, the Court should deny Plaintiffs' Motion.

## **I.   Plaintiffs' Motion Should Be Denied Given Their Prior Violations of the Protective Order**

Judge Chen found that Plaintiffs violated the Protective Order that he entered in Mr. Lischewski's criminal case by using the Grand Jury Transcripts in the MDL.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

J. Chen Order at 5 n.3 ("[T]his Court concludes that the MDL Plaintiffs' use of the grand jury transcripts violates the protective order[.]")  In this Motion, Plaintiffs confirm they have "preserved" a "single, quarantined, password-protected, non-circulating copy" of the Grand Jury Transcripts—thereby deliberately extending their violation of the Protective Order for *more than one year*.  Mot. at 6.  As Judge Chen explained: "The plain language and spirit of the protective order counsel against a declaratory judgment that permits the MDL Plaintiffs to use the grand jury transcripts where they acquired those transcripts through a violation of the protective order."  J. Chen Order at 4.  Given the Protective Order and the presumption of grand jury secrecy, Plaintiffs never should have demanded that a *pro se* litigant produce the Grand Jury Transcripts and Mr. Lischewski should not have produced them.  There is no room for debate here.  Plaintiffs' counsel should have deleted their copies immediately upon DOJ's request or, *at the latest,* after Judge Chen issued his Order.

Plaintiffs should not be permitted to now capitalize on violations of the Protective Order governing Mr. Lischewski's criminal matter.  Given Plaintiffs' conduct, their Motion should be denied in its entirety.

## II.   Plaintiffs Have Not Established the *Douglas Oil* Factors Necessary to Justify Disclosure of the Grand Jury Transcripts

Setting aside Plaintiffs' conduct in keeping the Grand Jury Transcripts, they also fail to establish the three factors under *Douglas Oil* necessary to lift the seal on grand jury materials.

### A.   Plaintiffs Cannot Show a Particularized Need for the Grand Jury Transcripts to Avoid Possible Injustice in This Proceeding

Plaintiffs' asserted need for the Grand Jury Transcripts is wholly deficient.  Plaintiffs claim they need access to the Grand Jury Transcripts because they "*may be necessary to use at trial*" because the seven witnesses at issue testified before the grand jury "far closer in time to the events that will be at issue when this case is tried."  Mot. at 2 (emphasis added).  They further argue that, because Mr. Lischewski

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

1    "let the cat out of the bag" and "there is no way to know which counsel on the MDL

2    email service list reviewed the Grand Jury Transcripts," Plaintiffs, and Plaintiffs

3    alone, are entitled to review the transcripts. *Id.* at 8. Neither argument amounts to

4    a "strong" showing of need. *Sells*, 463 U.S. at 443. At best, Plaintiffs' arguments

5    amount to mere speculation, which is insufficient to justify disclosure of the Grand

6    Jury Transcripts. *Walczak*, 783 F.2d at 857; *see also United States v. DeTar,* 832

7    F.2d 1110, 1113 (9th Cir. 1987) (denying request for disclosure that was based on

8    "nothing but baseless speculation"). There are at least four reasons why Plaintiffs

9    cannot make a showing of particularized need in this case:

10   *First*, Plaintiffs had the opportunity to depose all seven witnesses in the MDL.

11   Plaintiffs specifically deposed five of the witnesses, but opted not to depose Renato

12   Curto or David Roszmann. In those depositions, Plaintiffs were able to use the

13   testimony from Mr. Lischewski's trial (and, for Stephen Hodge, the testimony from

14   the State of Washington litigation) to examine the witnesses and try to impeach them

15   during their depositions. While Plaintiffs claim there was one purported

16   inconsistency during Mr. Hodge's deposition with his grand jury testimony (in

17   violation of the prior Protective Order), Mot. at 7, that provides no basis for their

18   incredibly broad request to review the full Grand Jury Transcripts for Walter Scott

19   Cameron, Renato Curto, Shue Wing Chan, David Roszmann, Michael White,

20   Stephen Hodge, and Ken Worsham without justification.

21   *Second*, that grand jury transcripts *may* be used for impeachment or refreshing

22   of recollection at trial or during a deposition in *some cases* is far from an automatic

23   showing of particularized need as Plaintiffs suggest. *See Pittsburgh Plate Glass*,

24   360 U.S. at 398, 400-01 (denying request for grand jury testimony even where trial

25   witness admitted to testifying before the grand jury on the "same general subject

26   matter" as his trial testimony); *Fischbach*, 776 F.2d at 845 ("However, in order to

27   attain disclosure of grand jury transcripts for use in taking depositions[,] the party

28   seeking disclosure still must meet the *Douglas Oil* standard[.]"). Plaintiffs

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

completely fail to carry their burden.  Plaintiffs only offer pure speculation that "[p]ortions of the Grand Jury Transcripts *may* be important at trial" and one purported inconsistency during Mr. Hodge's deposition, but they fail to make any particularized showing that the transcripts do, in fact, contain material for impeachment or refreshing recollection or that any such material would differ from that already available to Plaintiffs.  Mot. at 6 (emphasis added); *see Walczak*, 783 F.2d at 857 (holding that because defendant "allege[d] no facts to support his second reason [for seeking access to the grand jury transcripts]," his request was "speculative" and the district court was correct to deny his motion).  Without reason or support, Plaintiffs hope to find a needle in a haystack where the haystack may have no needle at all. Where Plaintiffs are merely on a "fishing expedition," their request for disclosure should be denied.  *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).

*Third*, Plaintiffs have not yet identified who they plan to call at trial and it is not clear that they will call any of these witnesses.  Bauer Decl. ¶ 9.  Thus, unless they are planning to try to call all seven witnesses (and Plaintiffs have made no indication of that), they have no need to review the full scope of the Grand Jury Transcripts they are seeking.

Even if Plaintiffs plan to call all seven witnesses, the only possible reason for having the grand jury testimony is to impeach them.  But these are Plaintiffs' cooperating witnesses.  Michael White works for Chicken of the Sea, which is the ACPERA candidate, and therefore has a cooperation obligation.  Stephen Hodge, Walter Scott Cameron and Kenneth Worsham all also cooperated with Plaintiffs in exchange for Plaintiffs seeking leniency at their sentencing.  Bauer Decl. ¶ 10, Ex. A at 15:15-18:10 (Hodge Sentencing Hr'g Tr.);  *Id*. ¶ 11, Ex. B at 16:2-17:4 (Cameron Sentencing Hr'g Tr.); *Id*. ¶ 12, Ex. C at 22:23-24:1 (Worsham Sentencing Hr'g Tr.).  It is hard to imagine why Plaintiffs would need to impeach these witnesses with the grand jury testimony, especially when they have about 2,426 pages of other

1    testimony from these three witnesses at their disposal.

2    *Fourth*, the grand jury testimony and the seven witnesses' testimony in the

3    Lischewski criminal trial and in depositions in this case were close in time, such that

4    the "gap" between them is relatively narrow.  The witnesses' testimony before the

5    grand jury concluded in 2018; Mr. White and Mr. Chan were deposed in December

6    2018 in the MDL; and the remaining five witnesses, and Mr. Chan, testified at Mr.

7    Lischewski's criminal trial, which occurred in November 2019.  In their testimony,

8    the witnesses testified about conduct that happened five or more years prior to their

9    testimony.   There is no reason to believe that the accuracy of the witnesses'

10   memories differed meaningfully over the course of one or two years half a decade

11   removed from when the underlying conduct at issue occurred.  *Cf. Dennis v. United*

12   *States*, 384 U.S. 855, 871-74 (1966) (finding a showing of particularized need where

13   the grand jury testimony was taken *seven years before* the trial testimony).

14   Plaintiffs suggest that because the Court does not yet have to make "an

15   ultimate determination about disclosure to the jury," the particularized need inquiry

16   should be less rigorous than usual.  Mot. at 6.  But Plaintiffs are not looking to simply

17   review the documents in private; their goal is to review the transcripts *in full* in the

18   hopes that they can refresh a witness's recollection or impeach a witness *at trial*

19   *before a jury*.  Mot. at 5-6.  Notably, Plaintiffs cite no case law to support their

20   suggestion that the particularized need inquiry should be softened in this case and,

21   in fact, concede that FRCP 6(e) and *Douglas Oil* provide the relevant framework for

22   assessing particularized need.  Mot. at 5-6.  They instead hinge their argument on an

23   empty plea; they claim that their need to review the Grand Jury Transcripts "is

24   obvious, and [that] should end this Court's inquiry."  *Id*. at 6.  Plaintiffs want this

25   Court to ignore the fundamental weighing that must be done in this case – the

26   interests of secrecy against the interests of need.  Softening the "need" side of the

27   equation would undermine secrecy, which is the touchstone to any analysis of grand

28   jury disclosures.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

1    For all these reasons, Plaintiffs fail to show a particularized need for their

2    broad request to review the full Grand Jury Transcripts of seven witnesses.

3    **B.      Even if the Court Finds Plaintiffs Have a Particularized Need,
           Their Need Does Not Outweigh the Need for Continued Secrecy in
4          This Case**

5    Plaintiffs make no substantive argument in support of their contention that

6    continued secrecy is not required in this case.  All they do is suggest that Judge

7    Chen's views on secrecy must carry the day.  Mot. at 4-6, 8.  But, as they concede,

8    Judge Chen "did not explicitly provide Plaintiffs with access to the Grand Jury

9    Transcripts or permit Plaintiffs to review them."  Mot. at 6.  Instead, Judge Chen

10   transferred the Grand Jury Transcripts to this Court for a "final disclosure

11   determination,"  J. Chen Order at 2, and denied Plaintiffs' motion for declaratory

12   judgment, *id.* at 13.  It is up to this Court to "make a final determination as to whether

13   the need for disclosure is greater than the need for secrecy."  Mot. at 5.  And here,

14   because Plaintiffs fail to make a showing of particularized need, the need for secrecy

15   outweighs any need for disclosure.  *See United States v. Schneider II*, No. 1:10-cr-

16   00361-JLT, 2022 WL 17324857, at *2 (E.D. Cal. Nov. 29, 2022) ("[W]here, as here,

17   a petitioner presents no particularized need for disclosure, such need cannot possibly

18   outweigh even diminished public interest in the secrecy of grand jury proceedings.").

19   Societal interests in grand jury secrecy are not eliminated when the grand jury

20   has ended its activities.  Instead of focusing solely on the case at hand, courts must

21   also consider "the possible effect upon the functioning of future grand juries."

22   *Douglas Oil*, 441 U.S. at 222.  The disclosure of the Grand Jury Transcripts in this

23   case may chill testimony provided in future grand jury proceedings, which is

24   antithetical to the proper functioning of a grand jury.  A primary rationale behind

25   maintaining grand jury secrecy is "to encourage all witnesses to step forward and

26   testify *freely without fear or retaliation*."  *Procter & Gamble*, 356 U.S. at 681-82

27   (emphasis added).   Secrecy is particularly important in antitrust cases.  *See*

28   *Pittsburgh Plate Glass*, 360 U.S. at 400 ("To make public any part of its proceedings

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

1   would inevitably detract from its efficacy. . . . *Especially is this true in antitrust*

2   *proceedings* where fear of business reprisal might haunt both the grand juror and the

3   witness." (emphasis added)); *see also Procter & Gamble*, 356 U.S. at 682 ("The

4   witnesses in *antitrust suits* may be employees or even officers of potential

5   defendants, or their customers, their competitors, their suppliers.  The grand jury as

6   a public institution serving the community might suffer if those testifying today

7   knew that the secrecy of their testimony would be lifted tomorrow." (emphasis

8   added)).

9       It is true that in this case, all seven witnesses whose grand jury testimony

10  Plaintiffs seek to review also testified outside of the grand jury.  But this does not

11  lessen the importance of DOJ being able to elicit fulsome grand jury testimony in

12  future cases involving potential violations of the antitrust laws.  Plaintiffs' flimsy

13  showing of need is not enough to risk society's overall interests in grand jury

14  secrecy, *especially* in the context of a high profile antitrust proceeding.

15  **C.   Plaintiffs' Request for Disclosure of the Grand Jury Transcripts**
16      **Is Not Narrowly Tailored**

17      Even if this Court finds that Plaintiffs have made a showing of particularized

18  need strong enough to overcome the need for secrecy, Plaintiffs' Motion must still

19  be denied because their disclosure request is not narrowly tailored.  Plaintiffs seek

20  to review *in full* any Grand Jury Transcripts containing testimony from Walter Scott

21  Cameron, Renato Curto, Shue Wing Chan, Stephen Hodge, David Roszmann,

22  Michael White, and Kenneth Worsham, irrespective of what else is contained in

23  those transcripts and without attempting to limit their request in any fashion.  They

24  make no effort to specify what categories of testimony they are interested in or even

25  why they seek to review the testimony of these specific witnesses.  Their sole

26  rationale for this request is that Mr. Lischewski produced transcripts containing the

27  testimony of these seven witnesses (in violation of the Protective Order), which is

28  no rationale at all.  *See United States v. Kail*, No. 18-cr-00172-BLF-1, 2021 WL

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

242921, at *2 (N.D. Cal. Jan. 25, 2021) (denying a request for disclosure of grand jury materials where movant requested instructions and all witness testimony from the grand jury—a request the court described as "staggeringly overbroad").

Plaintiffs also seek to portray their request as narrowly tailored by drawing a line between preliminarily reviewing the transcripts and ultimately using them at trial. *See* Mot. at 1 ("At this time, Plaintiffs only seek access to the Grand Jury Transcripts to prepare for trial.  They do not presently seek permission to use any grand jury testimony at trial, and will do so only if, in context, use of the grand jury testimony is necessary.").  This argument is circular.  The only purpose of permitting review would be to give Plaintiffs the option to introduce grand jury testimony at trial for purposes of impeachment or to refresh recollection.  A request for review rather than disclosure at trial does nothing to narrow Plaintiffs' request.

## III.   Plaintiffs' Request That Only They Be Allowed to Review the Grand Jury Transcripts Confirms that There Would Be No Injustice If They Are Denied Access

Plaintiffs request asymmetrical disclosure of the Grand Jury Transcripts.  Specifically, Plaintiffs asked that this Court grant them and *only them* access to the Grand Jury Transcripts.  Mot. at 9 ("Plaintiffs respectfully request that the Court enter an Order permitting *Plaintiffs* to access and review the Grand Jury Transcripts." (emphasis added)).  But granting Plaintiffs' unilateral request for access to the Grand Jury Transcripts is contrary to the notion of fair discovery and confirms that Plaintiffs are not seeking to prevent "injustice."  Instead, they are seeking a litigation advantage by cementing their violation of the Protective Order to the detriment of parties that complied with the Protective Order and DOJ's request.

Plaintiffs claim that permitting their review of the transcripts would "even [the] playing field" since there is "no way to know which counsel on the MDL email service list reviewed the Grand Jury Transcripts, how much time they spent

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

reviewing them, or how much information they may recall from that review." Mot. at 8. But Mr. Lischewski and Defendants destroyed their copies of the Grand Jury Transcripts more than a year ago. Bauer Decl. ¶ 13; Paris Decl. ¶ 3. The more salient question is thus how much time *Plaintiffs*' counsel spent reviewing the Grand Jury Transcripts in violation of the Protective Order and DOJ's instructions.

As Judge Chen acknowledged in his order: "If this Court were to hold that Mr. Lischewski must destroy all the grand jury transcripts and cease using them in the MDL but the MDL Plaintiffs need not do the same, it would grant the MDL Plaintiffs a strategic litigation advantage and would undermine the whole purpose of the protective order." J. Chen Order at 5. Permitting Plaintiffs to review the transcripts would prejudice Defendants and reward Plaintiffs for deliberately flouting the Protective Order, Judge Chen's Order, DOJ's instruction, and long standing public policy to preserve the secrecy of grand jury proceedings. Such a ruling would incentivize underhanded litigation tactics and a wait-and-see approach by overreaching movants.

## **CONCLUSION**

Defendants respectfully request that the Court deny Plaintiffs' motion to review the Grand Jury Transcripts and order them to delete any remaining copies, including sequestered copies, in compliance with Judge Chen's Order.


Dated: April 12, 2024

LATHAM & WATKINS LLP

By: */s/ Christopher S. Yates*
Alfred C. Pfeiffer (CA 120965)
Christopher S. Yates (CA 161273)
Belinda S Lee (CA 199635)
Ashley M. Bauer (CA 231626)
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

Email: al.pfeiffer@lw.com
Email: chris.yates@lw.com
Email: belinda.lee@lw.com
Email: ashley.bauer@lw.com

Jason M. Ohta (CA 211107)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: 858-523-5400
Facsimile: 858-523-5450
Email: jason.ohta@lw.com

*Counsel for Defendants*
*StarKist Co. and Dongwon*
*Industries Co., Ltd.*

SULLIVAN & CROMWELL LLP

By: */s/ Adam S. Paris*
Adam S. Paris (SBN 190693)
Brandon T. Wallace (SBN 323417)
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile:  (310) 712-8800
Email: parisa@sullcrom.com
Email: wallaceb@sullcrom.com

*Counsel for Defendant Lion Capital*
*(Americas), Inc. and Specially Appearing*
*Defendant Lion Capital LLP*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB

1

## **SIGNATURE CERTIFICATION**

Pursuant to Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

Dated: April 12, 2024                    By:  */s/ Christopher S. Yates*
                                                          Christopher S. Yates

*Attorney for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFS.' OPP'N TO PLS.' MOT. FOR LEAVE TO
REVIEW GRAND JURY TRANSCRIPTS
3:15-md-02670-DMS-MSB