BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
ALEX J. TRAMONTANO (276666)
tramontano@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Class Counsel for the End Payer Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 15-MD-2670 DMS (MDD) |
| | ***EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND TO FILE END PAYER (CONSUMER) PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STANDING AND FRAUDULENT CONCEALMENT** |
| This Document Relates To: | |
| *The End Payer Plaintiff Action* | |
| | JUDGE: Hon. Dana M. Sabraw |
| | CTRM: 13A (13th Floor) |

EX PARTE TO MODIFY SCHEDULING ORDER AND FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT
No. 15-MD-2670 DMS (MSB)

## NOTICE OF APPLICATION FOR RELIEF

TO THIS HONORABLE COURT, DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the End Payer Consumer Plaintiffs ("EPPs" or "Consumers") apply for an Order modifying the applicable Scheduling Order.

This Application is made pursuant to, and in compliance with, CivLR 7.1(b) and (e) and (h) and is made in good faith and upon a showing of good cause under FRCP, Rule 16(b)(4). Notice was given to Defendants on April 22 and 25, 2024. This Application is based upon the good cause set forth in the Declaration of Alex J. Tramontano, the accompanying Application for Relief, and all of the pleadings and exhibits on file herein.

## APPLICATION FOR RELIEF

The Consumers seek this modification of the Scheduling Order in order to file a motion for partial summary judgment determining two factual issues as to which there is no genuine factual dispute.

*First*, the Consumers seek a determination that at least one Class Representative for each State Class has standing based on facts not reasonably disputed by Defendants. Each of the 32 State Classes has one or more named Plaintiffs appointed as a Class Representative.[1] For the Court's convenience Plaintiffs have attached a copy of the Motion for Partial Summary Judgment re Standing and Fraudulent Concealment and the supporting Appendix A, showing only the citations to evidence supporting Consumers position.[2] A standing determination by the Court will avoid the

---

[1] *See* Declaration of Alex J. Tramontano in Support of Ex Parte Application To Modify Scheduling Order And To File End Payer (Consumer) Plaintiffs' Motion To For Partial Summary Judgment Re: Standing And Fraudulent Concealment ("Tramontano Decl."), ¶ 2.

[2] *See* Id., Exhibit 1 and Appendix A, attached thereto. If the instant application is granted, Consumers will file the full evidentiary declaration with applicable exhibits per the schedule provided by the Court.

EX PARTE TO MODIFY SCHEDULING ORDER AND FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT
No. 15-MD-2670 DMS (MSB)
- 1 -

presentation of cumulative and repetitive testimony by more than thirty witnesses as to his or her purchases of packaged tuna during the Class Period – a substantial waste of jury time.

      *Second*, to invoke the doctrine of equitable tolling, the Consumers ask the Court to find that ordinary consumers, like the Class Representatives, had no knowledge of, and were not on inquiry notice of, the price-fixing conspiracy before the Antitrust Division of the Department of Justice's ("DOJ") investigation was revealed in 2015 and that the Cartwright Class and State Classes are, therefore, timely for the ***entire*** class period.

      As discussed below, good exists for the Court, in the exercise of sound trial management, to amend the Scheduling Order for this limited purpose.

      The general background and history of this litigation is well-documented and extensively discussed in prior orders. *See* ECF 2454, 2654. On August 24, 2015, Consumers filed a class action complaint alleging an antitrust conspiracy by the three domestic tuna brands and their parent companies, StarKist Co., ("StarKist"), Bumble Bee Foods, LLC, ("Bumble Bee") and Chicken of the Sea International, ("COSI"), to fix and maintain packaged tuna prices above competitive levels in violation of state laws.[3] These allegations proved to be true. Defendants Bumble Bee and StarKist pled guilty to a criminal conspiracy to violate federal antitrust laws under the Sherman Act, 15 U.S.C. § 1, on August 4, 2017, and November 14, 2018 respectively. *See* ECF 2654 (Order Granting Partial Summary Judgment Against StarKist) (discussing guilty pleas, convictions, and admissions of Defendants).   COSI entered into a leniency agreement with the DOJ Antitrust Division and agreed to cooperate and testify concerning its participation in the "cartel."[4] Several executives of Defendant StarKist

---

[3] *See Mathews v. Bumble Bee Foods*, 15-CV-01878 L (JLB), filed August 24, 2015 (S.D. Cal.); Transfer Order MDL No. 2670 (ECF 1); Amended Complaint (ECF 149).

[4] Bumble Bee filed for bankruptcy protection. ECF 2654.

and Bumble Bee pleaded guilty to participating in the conspiracy in 2017, and Bumble Bee's Chief Executive Officer was tried and convicted by jury on December 3, 2019, for his role in the conspiracy. *Id*.

The Court granted summary judgment against StarKist on liability, finding that StarKist engaged in the price-fixing conspiracy from at least as early as November 2011 and continuing through at least as late as December 2013, but expressly permitting Plaintiffs to present evidence and argue for a broader conspiracy. ECF 2654 at 27.  The Court also found that "the conspiracy had an actual effect on the market," leaving Plaintiffs to prove their damages at trial. *Id*.

Only three disputed issues remain to be tried: (i) the extent of the conspiracy; (ii) Plaintiffs' damages, and (iii) whether Defendant Dongwon and the Lion Defendants are liable along with Defendant StarKist. Consumers seek to "secure the just, speedy, and inexpensive determination" of these issues for the certified class claims at trial.[5] Fed. R. Civ. P. 1. To eliminate unnecessary, repetitive, and cumulative testimony from at least 30 out-of-state Class Representatives at trial, the Consumers seek to modify the Scheduling Order to permit a narrowly focused motion for partial summary judgment requesting two determinations on factual issues as to which there in no ***genuine*** factual dispute.

The  alternative – repetitive testimony from over thirty Class Representatives as to facts not genuinely or reasonably disputed by Defendants – wastes substantial jury time, is very expensive, deprives Plaintiffs of valuable trial time, and strains the Court's resources. Granting partial summary judgment will appropriately narrow the

---

[5] This Court certified a multistate Cartwright Act class ("Cartwright Class") and multiple individual State Law Classes for 32 States, Districts, and Territories ("State Classes"). The Cartwright Class consists of 31 State Classes.  *See* July 30, 2019 Order re: Class Certification (ECF 1931) ("Class Cert. Order") at 46 (certifying Cartwright Class with 32 states); ECF 2925 at 10:10-17 (excising the South Carolina claimants from the Cartwright Class).

EX PARTE TO MODIFY SCHEDULING ORDER AND FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT
No. 15-MD-2670 DMS (MSB)

issues to be tried, allow the Consumers to avoid presenting repetitive, uncontested testimony, and ultimately substantially shorten the trial. If the Consumers' request to modify the Schedule Order in order to file a motion for partial summary judgment as to standing and equitable tolling is denied, they respectfully request an additional ten hours of trial time to permit all those individual Class Representatives to testify at trial.[6]

## I.   LEGAL STANDARD FOR EX PARTE APPLICATION

Applications for *ex parte* relief must be supported by a showing of good cause. (*In re Intermagnetics America, Inc.,* 101 BR 191, 193-194 (C.D. Cal. 1989).) A schedule may be modified only for good cause and with the judge's consent. FRCP Rule 16(b)(4).  It is the duty of the attorney applying for *ex parte* relief to make a good faith effort to advise counsel for all other parties, if known, when and where the application will be made and of the nature of relief sought. *See* Local Rule 7.1 *et seq.*; 83.3(g)(2).

## II.   PARTIES MET AND CONFER RE RELIEF SOUGHT

The Consumers diligently met and conferred in good faith with Defendants in an attempt to stipulate as to standing and lack of knowledge. *See* Tramontano Decl., ¶¶ 2-4 (filed concurrently herewith). Consumers reasonably believed that Defendants would stipulate that at least one Representative Plaintiff had standing in each State and that the Representative Plaintiffs only learned of the price-fixing conspiracy after public announcement of the DOJ's the investigation in 2015. Tramontano Decl., ¶¶ 5-11.  An impasse was reached. *Id.*, ¶12. **On April 25, 2024, Consumers' Counsel gave notice to Defendants of their intent to file this ex parte application**. Defendants have stated that they oppose this request. *Id.*, ¶ 13.

---

[6] To permit the motion for partial summary judgment to be heard on May 22, 2024, Consumers waive their right to file a reply brief.

## III.   GOOD CAUSE EXISTS TO MODIFY SCHEDULING ORDER

The Court has "broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). When a movant seeks amendment of a Rule 16 scheduling order, the Court must evaluate whether this is good cause for the amendment. *See* Fed. R. Civ. P. 16(b)(4). *see also* Advisory Comm. Note to 1983 Amendments to Rule 16 (a formal motion to modify a scheduling order is not necessary where "good cause" exists).  With an upcoming trial date, Consumers seek leave to file a motion for partial summary judgment and ask the Court to make limited factual findings related to the Class Representatives' standing and their lack of knowledge of a criminal conspiracy. The motion is directed toward sound trial management and the avoidance of unnecessary trial time to prove facts not genuinely disputed.

As noted in *Martins v. Josephson*, No. 318CV01731AJBAHG, 2022 WL 16924109, at 2*(S.D. Cal. Nov. 13, 2022), even on the eve trial when the dispositive motion deadline set forth in a scheduling order has long passed, courts recognize that "[t]he purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *See*, *e.g.*, *Breakman v. Stubbs*, No. 3:10-CV-00487-WGC, 2012 WL 1588293, at 3* (D. Nev. May 3, 2012) (same); *accord Baroni*, 2015 Bankr. LEXIS 2724, at *8-12 (*sua sponte* amending scheduling order to permit the filing of a summary judgment motion regarding a counterclaim instead of proceeding to trial, ***because the previous court order on the summary judgment motion regarding the complaint was indicative of the likely outcome of the motion regarding the counterclaim*** (internal quotations omitted) (emphasis added)).

The last dispositive motion cut-off date was March 3, 2023 (for the Lion Entities only). ECF 2194. *See also* ECF 1699 (dispositive motion cut-off August 20, 2019); ECF 1934 (cut-off September 30, 2019). However, the issue of standing (or the adequacy of a Class Representative) is directly entwined with class certification.

All case activity related to class certification was stayed pending the Defendants' appeal of the Class Certification Order. *See* ECF 2307 ("all case activity related directly to class certification" was stayed pending the appeal.)   Even after the Ninth Circuit affirmed the Class Certification Order, on September 29, 2022, the Court denied the Consumer's Class Notice Plan at the Defendants' request "given the pendency of Defendants' petition before the United States Supreme Court." ECF 2906 at 1. Once Defendants' petition was denied by the Supreme Court, the Class Notice Plan was approved in March 2023. ECF 3023. Logically, the appropriate time for a dispositive motion relating to the Class Representatives' standing would have been after the stay related to class certification activities was lifted, all appeals were finally resolved, notice was complete, and prior to trial.

Good cause exists to modify the Scheduling Order because Defendants only recently raised a dispute over the Plaintiffs' standing. Tramonto Decl., ¶¶ 10-14. Now is an appropriate time to make a factual finding as to the Class Representatives' standing with all class certification appeals now final and class notice complete. Good cause also exists for the requested relief to avoid a substantial waste of jury time. The Classes will also incur substantial unnecessary expense to prove facts that Defendants do not – and cannot – genuinely dispute.   Based on the full evidentiary record, Consumers met and conferred with Defendants in good faith and reasonably believed that Defendants would stipulate to standing and lack of knowledge at trial. *Id.*, ¶¶ 2-12.   Defendants refused to do so, which compelled the Consumers to bring this ex parte application.

If the Court declines to modify the Scheduling Order to permit Consumers' motion for partial summary judgment, the Consumers respectfully request that they be given ten additional hours of trial time to permit them to call at least one Class representative from each of the 32 states included in State Classes, and that the jury be instructed the Defendants insisted that Consumers put all that evidence on at trial.

When Plaintiffs estimated that this case could be tried in two weeks, the Consumers expected to call only three or four Class Representatives to describe their experiences in short testimony lasting no more than five or ten minutes each. The Consumers did not anticipate that Defendants would insist that they call to the stand Class Representatives for all 32 states to tell essentially identical stories to the jury. Counsel had no reason to expect that Defendants would waste valuable clock time – or, more importantly, the Court's and the jury's time – on relatively unimportant testimony. Previously, during Discovery, Defendants chose to depose about a dozen of the over sixty proposed Class Representatives, each of whom reaffirmed under oath that they purchased cans or pouches of tuna fish during the Class Period. Tramontano Decl., ¶2. Defendants did not challenge any Class Representative's individual standing, and they did not ask a single Class Representative whether he or she was aware of the price-fixing conspiracy before the DOJ investigation was publicly disclosed in July of 2015. *Id.*, ¶¶ 6, 10.

However, during the meet-and-confer that occurred on April 18, 2024, after the most recent status conference, Defendants refused to consent to a single Class Representative's undisputed standing, and demanded that all Class Representatives testify and be subject to cross-examination on whether they purchased cans of tuna fish during the Class Period and whether they knew of the price-fixing conspiracy before the DOJ's investigation was disclosed in July of 2015. Tramontano Decl., ¶10. Plaintiffs are prepared to provide that testimony, but what they expected would require no more than 15 to 30 minutes of their allotted trial time will require closer to ten hours. Merely to satisfy Defendants' unreasonable and unwarranted demand to call a parade of over thirty Class Representatives to the stand to say the exact same thing: that they purchased cans or packages of tuna fish in 32 different states during the Class Period, and that they were unaware of the price-fixing conspiracy when they did so.

1   That testimony will serve no practical purpose. However, it will deprive
2   Plaintiffs of valuable time they need to present substantive evidence on the primary
3   issues left to be tried: the scope and duration of the conspiracy (and its lingering
4   impact on the market), the liability of Dongwon and the Lion defendants, and the
5   amount of their damages. It also risks creating an unfavorable impression on the jury,
6   who are likely to hold that enormous waste of their time against Consumers. No doubt,
7   Defendants are well aware of these effects. If the Court requires the Consumers to put
8   on that evidence – which they are fully prepared to do – then it should grant
9   Consumers ten additional hours of trial time to satisfy Defendants' demand. In
10  addition, to avoid penalizing Plaintiffs for any negative perception the jury likely will
11  have, Plaintiffs also request an instruction explaining to the jury that Defendants
12  insisted that the Consumers offer live testimony from every Class Representative to
13  confirm their purchases of packaged tuna fish during the Class damages period so that
14  the jury may lay any blame for that colossal waste of time where it belongs.

## IV.   CONCLUSION

16  Based upon the foregoing, in light of the extensive meet and confer efforts and
17  the potential waste of judicial resources if not granted, Consumers respectfully request
18  that this Court grant their motion to modify scheduling order to allow Consumers' to
19  file their dispositive motion to narrow the issues at trial re: standing and fraudulent
20  concealment.

21  DATED: April 26, 2024          **WOLF HALDENSTEIN ADLER**
22                                  **FREEMAN & HERZ LLP**

23                          By:      *s/ Betsy C. Manifold*
24                                  Betsy C. Manifold

25                                  750 B Street, Suite 1820
                                    San Diego, CA 92101
26                                  Telephone: 619/239 4599
                                    Facsimile:  619/234 4599
27                                  manifold@whafh.com
                                    byrd@whafh.com
28

EX PARTE TO MODIFY SCHEDULING ORDER AND FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT
No. 15-MD-2670 DMS (MSB)

- 8 -

1      tramontano@whafh.com

2      **WOLF HALDENSTEIN ADLER**
        **FREEMAN & HERZ LLP**

3      Mark C. Rifkin
      Thomas H. Burt

4      270 Madison Avenue
      New York, New York 10016

5      Telephone:  212/545-4600
      Facsimile:  212/545-4653

6      rifkin@whafh.com
      burt@whafh.com

7

8      **WOLF HALDENSTEIN ADLER**
        **FREEMAN & HERZ LLP**

9      CARL MALMSTROM
      111 West Jackson, Suite 1700

10     Chicago, IL 60604
     Telephone: 312/984-0000

11     Facsimile:  312/212-4401
     malmstrom@whafh.com

12

13     *Lead Counsel for the Indirect Purchaser End*
     *Payer Plaintiff Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27     TUNA: 25123

28

EX PARTE TO MODIFY SCHEDULING ORDER AND FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT
No. 15-MD-2670 DMS (MSB)

- 9 -