Case 3:15-md-02670-DMS-MSB   Document 3185   Filed 04/29/24   PageID.270286   Page 1 of 5

Christopher L. Lebsock (#184546)
Michael P. Lehmann (#77152)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: clebsock@hausfeld.com
E-mail: mlehmann@hausfeld.com

*Class Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 3:15-md-02670-DMS-MSB<br>MDL No. 2670<br><br>**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO END PAYOR PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>**JUDGE**: Hon. Dana M. Sabraw<br>**CTRM**: 13A (13th Floor) |
|---|---|

Response To End Payor Plaintiffs' Ex Parte Application To Modify Scheduling Order
Case No. 15-md-2670-DMS-MSB

The Direct Purchaser Plaintiffs ("DPPs") respectfully submit this response to End Payor Plaintiffs' ("EPPs") ex parte application to modify the scheduling order.

The issues identified by the EPPs in their ex parte application have been discussed on a number of meet and confer calls between the parties in recent weeks. StarKist/Dongwon's position that at least one class representative from each repealer state must be called at trial to confirm standing became clear to DPPs on a meet and confer call about a week ago. At that time DPPs voiced a concern that they would be prejudiced by repetitive and time-consuming testimony from numerous class representatives from the EPP class, and they repeat that concern now. The Court carefully set time limits on the upcoming trial (40 hours per side), and it was not DPPs' contemplation that this would require 31 (or more) witnesses to testify to standing issues that do not appear to be genuinely contested by the Defendants. DPPs think that the parties, the Court, and the jury will benefit by a trial that is focused on the genuine issues in dispute. On that basis, the DPPs support the EPPs' ex parte application. Resolving state-law standing issues for as many states as possible prior to trial will streamline the presentation of evidence.

DPPs additionally support the EPPs' further request to resolve equitable tolling for a limited portion of the applicable class period.[1] The Court will recall that following the close of discovery it granted Plaintiffs the right to conduct depositions of three executives that pled guilty in related criminal proceedings—Steve Hodge (StarKist), Scott Cameron (Bumble Bee), and Ken Worsham (Bumble Bee). These executives have testified that they undertook efforts to affirmatively conceal discovery of the price-fixing conspiracy at issue in this case. The fact that there might have been collusion in the packaged tuna industry became public for the first time in a July 2015 industry publication, and this litigation commenced within a few days

---

[1] The Sherman Act has a 4-year statute of limitations. The first direct purchaser class action was filed in August 2015. Accordingly, tolling is needed to recover damages in June/July 2011.

RESPONSE TO END PAYOR PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER
CASE NO. 15-MD-2670-DMS-MSB

after that date. During the recent meet and confer discussions, DPPs' counsel noted that there was no genuinely disputed evidence of which they were aware that would allow a jury to conclude that (1) any member of any class was on inquiry notice of the collusion, and/or (2) that there was any evidence that would undermine the overwhelming evidence that Hodge, Cameron, and Worsham affirmatively concealed the collusion by, among other things, using code words when discussing intercompetitor communications, asking others within their companies to "read and delete" potentially incriminating emails, exchanging price information on thumb drives, and creating false expense reports that concealed intercompetitor meetings. This evidence of concealment came to light after motions for summary judgment were already briefed. As a result, EPPs—and DPPs—could not reasonably have made a motion for summary judgment on tolling at that time. Counsel for StarKist/Dongwon committed to identifying any evidence that could be considered by a jury to undermine the Plaintiffs' tolling theories by last week. None was provided by that time. Accordingly, the question of tolling is well-suited to pre-trial disposition because there is no genuine dispute between the parties on this matter.

Finally, DPPs respectfully respond to the EPPs' alternative request for 10 additional hours to present each of their class representatives in lieu of pretrial resolution of these issues by way of a summary judgment motion. The DPPs are concerned that this alternative may cause the jury to lose focus on the genuine issues in dispute as a result of multiple days of testimony by consumers about their purchases of packaged tuna during the class period. If the Court is inclined to consider deferring the standing and tolling issues until trial, the DPPs propose that the Court also defer resolving the EPPs' request for additional trial hours until the need for them is clear. Further, if Defendants' trial examination of the EPPs' witnesses fails to establish genuine questions about these witnesses standing to pursue claims under state law,

1  DPPs propose that the Court consider reallocating portions of the Defendants' trial
2  time to the EPPs in order keep the trial to the 80 hours that has already been allotted
3  by the Court.

5  Dated: April 29, 2024                    Respectfully submitted,

7                                            By: */s/ Christopher L. Lebsock*
                                             Christopher L. Lebsock (#184546)
8                                            Michael L. Lehmann (#77152)
                                             **HAUSFELD LLP**
9                                            600 Montgomery Street, Suite 3200
10                                           San Francisco, CA 94111
                                             Tel:   (415) 633-1908
11                                           Fax:   (415) 358-4980
12                                           E-mail: clebsock@hausfeld.com
                                             E-mail: mlehmann@hausfeld.com
13

14                                           Michael D. Hausfeld
                                             **HAUSFELD LLP**
15                                           888 16th Street NW, Suite 300
16                                           Washington, DC 20006
                                             Tel:   (202) 540-7200
17                                           Fax:   (202) 540-7201
18                                           E-mail: mhausfeld@hausfeld.com

19                                           Erika A. Inwald
20                                           **HAUSFELD LLP**
                                             33 Whitehall Street, 14th Floor
21                                           New York, NY 10004
22                                           Tel:   (646) 357-1100
                                             Fax:   (212) 202-4322
23                                           E-mail: einwald@hausfeld.com
24
25                                           *Counsel for the Direct Purchaser Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on April 29, 2024, I filed the foregoing document and supporting papers with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system. I also served counsel of record via this Court's CM/ECF system.

*/s/ Christopher L. Lebsock*