# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Commercial Food Preparer Plaintiff Actions | Case No. 15md2670 DMS(MSB)<br><br>**ORDER GRANTING COMMERCIAL FOOD PREPARER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

Presently before the Court is Commercial Food Preparer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Dongwon Industries Co. Ltd. ("DWI") and StarKist Co. ("StarKist"). It is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.
2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement attached as Exhibit A to the Declaration of Michael J. Flannery in Support of Commercial Food Prepare Plaintiffs' Motion for Preliminary Approval of Class Settlement.
3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Class, subject to a fairness hearing. The Court finds that the Settlement

Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given at a later date pursuant to a plan to be submitted by Class Counsel and approved by the Court as provided in this Order.

4. The Court hereby reaffirms its appointment of Cuneo Gilbert & LaDuca, LLP, as Class Counsel for purposes of administering the Settlement, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

5. Each Commercial Food Preparer Plaintiff class representative named in the Settlement Agreement in the above case will serve as a Commercial Food Preparer Plaintiff class representative on behalf of the Class.

6. Prior to the fairness hearing, Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to Class members affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice shall be those described in the Declaration of Jeanne C. Finegan, APR Concerning Class Member Notification and Claims Administration filed in conjunction with the Motion for Preliminary Approval.

7. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Commercial Food Preparer Plaintiffs, DWI, StarKist, and the members of the Class.

8. The Court's preliminary approval of the Settlement is without prejudice to, or waiver of, the rights of any Defendant, including DWI and StarKist, to contest certification of any other class proposed in the coordinated actions within 15-

md-2670. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the coordinated actions within 15-md-2670 or on the Court's ruling(s) concerning any Defendant's motion; no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

9. The Court approves the establishment of the Settlement Funds under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Class Counsel are authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

10. The litigation against Releasees (as defined in the Settlement Agreement), is stayed except to the extent necessary to effectuate the Settlement Agreement.

11. All Releasors (as defined in the Settlement Agreement) and persons or entities who purport to assert claims on behalf of Releasors are hereby enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the DWI and StarKist Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

12. The Court adopts and sets the following deadlines:

| | |
|---|---|
| Deadline for disseminating notice of the Settlement to the Class | July 17, 2024 |
| Deadline for filing of affidavit attesting that notice was disseminated as ordered | August 16, 2024 |
| Deadline for filing fee application | August 16, 2024 |
| Deadline for Class members to object to the Settlement | August 30, 2024 |
| Deadline to submit your claim or dispute your prior claim | August 30, 2024 |
| Plaintiffs to file a motion for final approval of the Settlement | September 27, 2024 |
| Final approval hearing | November 15, 2024, at 1:30 p.m. |

Dated: May 3, 2024

Hon. Dana M. Sabraw
United States District Judge

15md2670 DMS(MSB)