UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Actions* | Case No.: 15md2670 DMS(MSB)<br><br>**ORDER DENYING END PAYER PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER** |

This case comes before the Court on the End Payer Plaintiffs' ("EPPs") ex parte application to modify the scheduling order so they can file a motion for summary judgment on the issues of standing and fraudulent concealment. In the alternative, the EPPs ask the Court to grant them ten additional hours of trial time. The Direct Purchaser Plaintiffs ("DPPs") filed a response to the motion, in which they support the request to modify the scheduling order and ask the Court to defer on the EPPs' request for additional trial time. Defendants StarKist, Dongwon, Lion Capital (Americas), Inc. and Lion Capital LLP oppose the EPPs' motion in its entirety.

The standard for modifying a scheduling order is essentially one of good cause. Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking

the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party was not diligent, "the inquiry should end." *Id.*

Here, StarKist raised the issue of the EPPs' standing by no later than November 13, 2017. (*See* ECF No. 684 at 343.) More than six years have passed since that date, and despite the voracious motion practice in this litigation, the EPPs never moved for summary judgment on the issue of standing or fraudulent concealment. Instead, the EPPs "reasonably believed that Defendants would stipulate that at least one Representative Plaintiff had standing in each State and that the Representative Plaintiffs only learned of the price-fixing conspiracy after public announcement of the DOJ's [ ] investigation in 2015." (Mot. at 4.) However reasonable the EPPs' belief may have been, Defendants are under no obligation to stipulate to the EPPs' standing or the issue of fraudulent concealment. On the contrary, the EPPs bear the burden to prove they have standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992), and Defendants have a due process right to confront and cross-examine the named plaintiffs on that issue. *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). Because the EPPs were not diligent in resolving this issue, and are raising it for the first time less than three months before the trial, the Court denies their ex parte motion to modify the scheduling order.

The Court also denies without prejudice the EPPs' alternative request for an additional ten hours of trial time to cover the issues of standing and fraudulent concealment with their witnesses. The Court went over the trial estimates with counsel prior to setting the final trial date and time limits, and set the trial date and time limits based upon the Court and counsel's availability. The EPPs' failure to account for the issues of standing and fraudulent concealment in their time estimates does not warrant an increase in their

///
///
///
///
///

allotted trial time, especially given the number of parties and attorneys in this case and the potential scheduling challenges that could ensue if those time limits were changed at this late date.

**IT IS SO ORDERED**.

Dated: May 7, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court