BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
ALEX J. TRAMONTANO (276666)
tramontano@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

*Class Counsel for the End Payer Plaintiff Class*
[Additional counsel listed below]

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to:<br><br>(1) Direct Purchaser Plaintiffs Class<br><br>(2) End Payer Plaintiffs Class | Case No. 3:15-md-02670-DMS (MSB)<br>MDL No. 2670<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 (ECF NO. 3205)**<br><br>**[UNDER SEAL]**<br><br>DATE:   May 22, 2024<br>TIME:   1:30 p.m.<br>JUDGE: Hon. Dana M. Sabraw<br>CTRM:   13A |

# DEFENDANTS' MOTION *IN LIMINE* NO. 7 SHOULD BE DENIED

Plaintiffs respectfully submit this brief in opposition to Defendants' Motion *In Limine* No. 7, seeking to preclude Plaintiffs "from introducing evidence regarding the established conspiracy." ECF No. 3205 at 2. While the contours of that sweeping relief are not clear, it is clearly overbroad and must be denied for Plaintiffs to prove their case and for the jury to decide issues left unresolved after summary judgment. As with most of their other motions *in limine*, Defendants are not seeking to exclude irrelevant or prejudicial evidence, but to prevent Plaintiffs from proving their case.

To be clear, Plaintiffs will not re-litigate their hard-won summary judgment victory. But they will seek to prove the rest of their claims, including the mechanics of the conspiracy, to address the opinions of Defendants' experts (discussed below).

## I. Background

The Direct Purchasers have won summary judgment on their claims from the beginning of the Class Period until December 31, 2013, for branded cans, as have the Consumers to the extent state law mirrors federal law. ECF No. 2750.[1] However, the Court left open the critical issue of impact, which Defendants' motion ignores, and which requires Plaintiffs to prove not only ***that*** the conspiracy happened, but also ***how*** it happened. While the fact of the conspiracy has been established, StarKist's and Lion's defenses both require proof of the *modus operandi* to prove impact.

The Court's summary judgment held: "The guilty plea establishes as a matter of law that the conspiracy had an actual effect on the market. The guilty plea on its own ***does not establish injury*** to any particular Plaintiff." ECF No. 2750 at 32 (emphasis added). Indeed, Defendants have retained experts who will opine that the conspiracy, though proved, was ineffective. StarKist and Dongwon retained both Dr.

---

[1] The Court denied the Consumer Class motion on all state law claims, holding only that it would resolve the issues to the extent state law was the same. ECF No. 2750 at 32.

Lerner and Dr. Ordover.[2] Dr. Ordover's June 10, 2019, corrected report which included three opinions, the last of which is:

█████████████████████████████████████

Ex. B, Ordover Report at 9. Ordover reiterated, "██████████████ *kely* ███████████████ *Id.* (emphasis added). ██████████████

Ex. C, Lerner Report at 36-50.

Bumble Bee retained Dr. Carlton, who is now put forward by Lion as its expert witness. He has opined:

█████████████████████████████████████

Ex. D, Carlton Report at 4 (emphasis supplied).

To evaluate these experts' assertions, the jury will need to know how the conspiracy worked. Defendants' motion seeks to preclude that crucial evidence.

For example, Steve Hodge, a ███████████████████████, testified that ████████████████████████████: ███████████████ (Ex. E, Hodge Tr. 17:3-15) ████████ ████████ (Ex. E, Hodge Tr. 17:17-19), ████████████ (Ex. E,

---

[2] Dr. Ordover is now deceased, and was replaced by Dr. Korenko. Dr. Korenko adopted all of Dr. Ordover's prior reports and opinions. See Manifold Decl., Ex. A.

1  Hodge Tr. 29:6-11); ▮▮▮
2  ▮▮▮ (Ex. E, Hodge Tr. 59:8-10); ▮▮▮
3  (Ex. E, Hodge Tr. 18:4-9) ▮▮▮
4  ▮▮▮ (Ex. E, Hodge Tr. 18:10-19:3).  He also testified that ▮▮▮
5  ▮▮▮ (Ex. E, Hodge Tr.
6  18:10-16, 61:14-62:3).  ▮▮▮ at
7  ▮▮▮ cts.  *See*, *e.g.*, Ex. F, Worsham Tr. 64:10-68:5
8  ▮▮▮ ); Ex. F, Worsham Tr. 45:12-19 (▮▮▮
9  ▮▮▮ ; Ex. G, Cameron Tr. 138:16-139:9 (▮▮▮).

Importantly – and directly contrary to the opinions of Defendants' experts – Hodge, Cameron, and Worsham all testified ▮▮▮

▮▮▮ (*See* Ex. G, Cameron Tr. 68:21-69:2, 138:6-10; Ex. F, Worsham Tr. 46:18-24, 91:23-92:9, 125:10-18; Ex. E, Hodge Tr. 22:4-23:1.  Stunningly, if not surprisingly, Defendants apparently seek to exclude this highly relevant evidence, which unquestionably regards the conspiracy. *See* ECF No. 3205 at 2.

This evidence goes to the core of what Plaintiffs must prove and what Defendants seek to exclude. That the conspirators controlled prices at multiple levels, that they could and did monitor those prices at multiple levels down to promotional prices that Consumers paid, necessarily "overlaps" with the effect of the conspiracy on pricing of branded cans during the summary judgment period.

## II. Argument

Defendants' brief misses the point entirely, assuming without evidence there is no other purpose to evidence in the summary judgment period than to "dirty up" the parent defendants by extension. As a result, most of Defendants' cases are inapposite. They ignore that the actual *operation* of the conspiracy – what prices the conspirators discussed, and how they monitored compliance – goes to impact.  They did so despite impact being a principal focus of each of the three economists they have put forth.

In an antitrust conspiracy, proof of actual injury often requires that the lay and expert evidence go hand in hand. *See*, *e.g.*, *In re Air Cargo Shipping Services Antitrust Litigation*, No. 06-MD-1175(JG)(VVP), 2014 WL 7882100, *40-47 (E.D.N.Y. Oct. 15, 2014). In *Air Cargo*, to prove injury-in-fact to the members of the class, the plaintiffs offered both expert evidence and lay evidence of the details of the conspiracy. The lay evidence included "documents and testimony tending to establish that the defendants implemented parallel, non-negotiable fuel and security surcharge increases." *Id.* at *43. It also included "record evidence suggesting that waivers, offsets, and the other corrective measures identified by the defendants did not commonly occur." *Id.* at *46. Likewise, here, Plaintiffs' proof includes expert testimony from economists as well as lay evidence of the collusive agreements and how they were implemented: at what levels list and net prices were set, how they were implemented to the salesforce, and how the co-conspirators monitored each other's compliance.[3] To prevent Plaintiffs from meeting their burden, Defendants have moved to exclude this necessary proof of the details of the conspiracy.

Defendants cite, for example, *Bennion & Deville Fine Homes Inc. v. Windermere Real Est. Servs. Co*., No. ED-CV-15-01921-DFM, 2018 WL 4810743 (C.D. Cal. June 21, 2018), where the Court excluded an expert opinion in part on Rule 702 grounds because he calculated the wrong metric, and sought to admit it to measure something the Court had ruled it did not measure. The Court did not prevent the party winning partial summary judgment from admitting evidence relevant to impact or damages, and therefore does not support Defendants' motion *in limine*. Likewise,

[3] In the analogous circumstance of a bifurcated trial, where one jury decides liability and a second decided damages, courts typically permit the second jury to hear some of the evidence presented to the first jury. *See In re Lower Lake Erie Iron Ore Antitrust Litig*., 998 F.2d 1144, 1183 (3d Cir. 1998); *Bonjorno v. Kaiser Aluminum & Chemical Corp*., 752 F.2d 802, 813 (3d Cir. 1984); *MCI Comm's. Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1152 (7th Cir. 1983). Since there is only one jury in this case, it should be allowed to hear evidence on the mechanics of the conspiracy.

*Godinez v. Huerta*, No. 16-CV-0236-BAS-NLS, 2018 WL 2018048 (S.D. Cal. May 1, 2018), concerns exclusion of expert, rather than lay, testimony and does not support the relief requested. In that civil rights case, a portion of the testimony of the plaintiff's expert on police misconduct was precluded, not because the plaintiff prevailed on summary judgment, but because the Court had dismissed the unlawful entry portion of the claim, thus mooting the expert's opinion on that issue. *See also Morgan v. City of Pleasant Hill,* 268 F. App'x 686, 687 (9th Cir. 2008) (like *Godinez*, a police misconduct case where the precluded evidence concerned claims that were dismissed, not proved by a summary judgment ruling).

    *Takeya USA Corp. v. PowerPlay Mktg Grp. LLC*, No. SA-CV-21-00835-JVS-DFMx, 2022 WL 18397541 (C.D. Cal. Sept. 20, 2022), also does not support preclusion. In *Takeya*, unlike here, the Court's decision granting summary judgment on a breach of contract claim left no liability elements open. The challenged evidence had no relevance to any issue left to be tried. *Id*.

    Because Defendants assume that evidence of the *modus operandi* of the conspiracy will be offered "only to prove a point that the district court has already determined," ECF No. 3205 at 4, they do not grapple with Plaintiffs' need to prove that the conspirators were able to and did set prices and monitor compliance with the conspiracy at multiple levels to refute the defense experts' testimony. There is no genuine risk of jury confusion. Evidence of the workings of conspiracy will prove what has not yet been proven: the full scope of the conspiracy, the full duration of the conspiracy, and how it operated so that the jury can evaluate the respective claims of the defense experts (that the conspiracy failed to change prices) and of the Classes' experts (that the conspirators' methods allowed them to set and monitor prices at multiple levels, supporting their measurements of impact and damages).

### III. <u>Conclusion</u>

    Defendants' Motion *in Limine* No. 7 should be in all respects denied.

Dated: May 10, 2024                                    Respectfully submitted,

|     |     |
| --- | --- |
| 1   | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| 2   | By: */s/ Betsy C. Manifold* |
| 3   | Betsy C. Manifold |
| 4   | Rachele R. Byrd |
| 5   | Alex J. Tramontano<br>750 B Street, Suite 1820<br>San Diego, CA 92101 |
| 6   | Telephone: 619/239 4599<br>Facsimile: 619/234 4599 |
| 7   | manifold@whafh.com<br>byrd@whafh.com |
| 8   | tramontano@whafh.com |
| 9   | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| 10  | Mark C. Rifkin<br>Thomas H. Burt |
| 11  | 270 Madison Avenue<br>New York, New York 10016 |
| 12  | Telephone: 212/545-4600<br>Facsimile: 212/545-4653 |
| 13  | rifkin@whafh.com<br>burt@whafh.com |
| 14  |     |
| 15  | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| 16  | Carl Malmstrom<br>111 West Jackson, Suite 1700 |
| 17  | Chicago, IL 60604<br>Telephone: 312/984-0000 |
| 18  | Facsimile: 312/212-4401<br>malmstrom@whafh.com |
| 19  |     |
| 20  | *Lead Counsel for the Indirect Purchaser End Payer Plaintiff Class* |
| 21  | **HAUSFELD LLP** |
| 22  | Christopher L. Lebsock (#184546)<br>Michael P. Lehmann (#77152) |
| 23  | 600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111 |
| 24  | Tel:   (415) 633-1908<br>Fax:   (415) 358-4980 |
| 25  | E-mail: clebsock@hausfeld.com<br>mlehmann@hausfeld.com |
| 26  |     |
| 27  | **HAUSFELD LLP**<br>Erika A. Inwald (*pro hac vice*) |
| 28  |     |

1
2
3
4
5

33 Whitehall Street, 14th Floor
New York, NY 10004
Tel:   (202) 540-7200
Fax:   (202) 540-7201
E-mail: einwald@hausfeld.com

*Class Counsel for the Direct Purchaser Class*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' NON-OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7

CASE NO. 15-MD-2670-DMS (MSB)

- 7 -

# CERTIFICATE OF SERVICE

I certify that on May 10, 2024, I filed the foregoing document and supporting papers with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system. I also served counsel of record via this Court's CM/ECF system.

>    */s/ Betsy C. Manifold*
>    Betsy C. Manifold

PLAINTIFFS' NON-OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 7

CASE NO. 15-MD-2670-DMS (MSB)

- 8 -