Michael P. Lehmann (#77152)
Christopher L. Lebsock (#184546)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: mlehmann@hausfeld.com
E-mail: clebsock@hausfeld.com

*Class Counsel for the Direct Purchasers*
*Additional counsel listed below*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-DMS-MSB<br>MDL No. 2670<br><br>**JOINTLY PROPOSED JURY INSTRUCTIONS**<br><br>JUDGE:   Hon. Dana M. Sabraw<br>CTRM:    13A |
| This document relates to:<br><br>Direct Purchaser Plaintiff Actions<br>End Payer Plaintiff Actions | |

The Direct Purchaser Plaintiffs, End Payer Plaintiffs, Defendants StarKist Co., Dongwon Industries Co., Ltd., and Lion Capital (Americas), Inc., and Specially Appearing Defendant Lion Capital LLP jointly submit these Proposed Jury Instructions.

Dated: May 31, 2024                    HAUSFELD LLP

By:   s/ Christopher L. Lebsock
Christopher L. Lebsock (CA 184546)
Michael P. Lehmann (CA 77152)
Gary I. Smith, Jr. (CA 344865)
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile: 415-358-4980
Email: clebsock@hausfeld.com
          mlehmann@hausfeld.com
          gsmith@hausfeld.com

Erika A. Inwald (*pro hac vice*)
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: 646-357-1100
Facsimile: 212-202-4322
Email: einwald@hausfeld.com

*Class Counsel for the Direct Purchaser Class*

Dated: May 31, 2024                    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By:   s/ Betsy C. Manifold
Betsy C. Manifold
Rachele R. Byrd
Alex J. Tramontano
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619-239-4599

Facsimile:  619-234-4599
Email: manifold@whafh.com
        byrd@whafh.com
        tramontano@whafh.com

Mark C. Rifkin
Thomas H. Burt
270 Madison Avenue
New York, NY 10016
Telephone: 212-545-4600
Facsimile: 212-686-0114
Email: rifkin@whafh.com
        burt@whafh.com

*Class Counsel for the End Payer Plaintiff Class*

Dated: May 31, 2024                    LATHAM & WATKINS LLP

By:  *s/ Ashley M. Bauer*
Alfred C. Pfeiffer (CA 120965)
Christopher S. Yates (CA 161273)
Belinda S Lee (CA 199635)
Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email:  al.pfeiffer@lw.com
        chris.yates@lw.com
        belinda.lee@lw.com
        ashley.bauer@lw.com

Jason M. Ohta (CA 211107)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: 858-523-5400
Facsimile: 858-523-5450
Email: jason.ohta@lw.com

*Counsel for Defendants StarKist Co. and Dongwon Industries Co., Ltd.*

1

2    Dated: May 31, 2024                    SULLIVAN & CROMWELL LLP

3                                           By:   *s/ Adam S. Paris*
                                            Adam S. Paris (CA 190693)
4                                           Brandon T. Wallace (CA 323471)
                                            1888 Century Park East, Suite 2100
5                                           Los Angeles, CA 90067
                                            Telephone: 310-712-6600
6                                           Facsimile:  310-712-8800
7                                           Email: parisa@sullcrom.com
                                                        wallaceb@sullcrom.com
8

9                                           Paul H. Lazarow (CA 311496)
10                                          550 Hamilton Avenue
                                            Palo Alto, CA 94301
11                                          Telephone: 650-461-5685
12                                          Facsimile: 650-461-5700
                                            Email: lazarowp@sullcrom.com
13

14                                          *Counsel for Defendant Lion Capital*
15                                          *(Americas), Inc. and Specially Appearing*
                                            *Defendant Lion Capital LLP*
16

17

18

19

20

21

22

23

24

25

26

27

28

---

<u>INSTRUCTION NO. 1</u>

DUTY OF JURY

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition) (*Last Updated March 2024*) ("Ninth Circuit Pattern Civil Jury Instructions") No. 1.4.

## INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    1.  the sworn testimony of any witness;

    2.  the exhibits that are admitted into evidence;

    3.  any facts to which the lawyers have agreed; and

    4.  any facts that I may instruct you to accept as proved.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.9.

INSTRUCTION NO. 5

TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.8.

<u>INSTRUCTION NO. 7</u>

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that (is) <u>was</u> excluded or stricken, or that you (are) <u>were</u> instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.10.

### INSTRUCTION NO. 8

EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.11.

INSTRUCTION NO. 9

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.12.

INSTRUCTION NO. 10

RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side (thinks) thought that it (is) was not permitted by the rules of evidence, that lawyer (may) objected. If I overruled the objection, the question (may be) was answered, or the exhibit was received. If I sustained the objection, the question (cannot be) was not answered (and) or the exhibit (cannot) was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I (may) ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.13.

INSTRUCTION NO. 11

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness (says) said, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses gave different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.14.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 12

DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

(The deposition of [name of witness] was taken on [date].) During the trial, you heard testimony by witnesses in the form of previously recorded depositions rather than live here in court. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witnesses had been present to testify.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 2.4

## INSTRUCTION NO. 13

### EXPERT OPINION

You have heard testimony from (name) <u>expert witnesses</u> who testified about (his/her) <u>their</u> opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of (this) the<u>se</u> witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 2.13.

## INSTRUCTION NO. 15

FOREIGN LANGUAGE TESTIMONY

You have heard testimony of a witness who testified in the <u>Korean</u> language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the <u>Korean</u> language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 2.8.

INSTRUCTION NO. 16

USE OF REQUESTS FOR ADMISSION

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 2.12.

### INSTRUCTION NO. 17

USE OF INTERROGATORIES

Evidence was presented to you in the form of answers (of one of the parties) to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 2.11.

## INSTRUCTION NO. 18

### STIPULATIONS OF FACT

The parties have agreed to certain facts that will <u>now</u> be read to you. You must therefore treat these facts as having been proved.

[Stipulation of facts to be inserted once agreed upon.]

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 2.2.

## INSTRUCTION NO. 19.1

CORPORATIONS–FAIR TREATMENT

Some of the parties in this case are corporations.  All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 4.1

## INSTRUCTION NO. 21

### INTERSTATE COMMERCE

The Sherman Act applies only to conduct that affects interstate or foreign commerce. In this case, Plaintiffs contend that Defendants' conduct affects interstate commerce. Interstate commerce refers to transactions in goods or services between one or more persons in one state and one or more persons in another state.

To affect interstate commerce, it is not necessary that Defendants' conduct itself occurs in multiple states or directly affects transactions that span across multiple states. It is enough if some activities of Defendants that were affected by the conduct had some effect on interstate commerce.

Authority: ABA Instructions No. 1.D.4.

## INSTRUCTION NO. 38

ANTITRUST DAMAGES—INTRODUCTION AND PURPOSE

If you find that Defendants violated the antitrust laws and that this violation caused injury to Plaintiffs, then you must determine the amount of damages, if any, Plaintiffs (is) are entitled to recover.

The fact that I am giving you instructions concerning the issue of Plaintiffs' damages does not mean that I believe Plaintiffs should, or should not, prevail in this case. If you reach a verdict for Defendants on the issue of liability, you should not consider the issue of damages, and you may disregard the damages instruction that I am about to give.

The law provides that Plaintiffs should be fairly compensated for all damages to (its) their businesses or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.

Antitrust damages are only compensatory, meaning their purpose is to put an injured Plaintiff as near as possible in the position in which it would have been had the alleged antitrust violation not occurred. The law does not permit you to award damages to punish a wrongdoer—what we sometimes refer to as punitive damages—or to deter particular conduct in the future. Furthermore, you are not permitted to award to Plaintiffs an amount for attorneys' fees or the costs of maintaining this lawsuit.

Authority: American Bar Association, Model Jury Instructions in Civil Antitrust Cases ("ABA Antitrust Civil Model Jury Instructions"), No. 6.B.1 (2016).

INSTRUCTION NO. 46

NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for (the) Plaintiffs, but you find that (the) Plaintiffs (has) have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 5.6.

## INSTRUCTION NO. 56

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the(ir) views of your fellow jurors.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 3.1.

## INSTRUCTION NO. 57

### CONSIDERATION OF THE EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, (via) text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it([, although I have no information that there will be news reports about this case]); do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed

during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings([, and a mistrial could result that would require the entire trial process to start over]). If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 3.2.

## INSTRUCTION NO. 58

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 1.18.

## INSTRUCTION NO. 59

### CHARTS AND SUMMARIES

During trial, certain charts and summaries ([may be] [have been] admitted into evidence to illustrate information brought out in the trial) were shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:** 9th Circuit Model Instructions Nos. 2.15 (modifications made for clarity).

## INSTRUCTION NO. 60

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the <u>Courtroom Deputy</u>, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 3.3

## INSTRUCTION NO. 61

RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 3.5.

INSTRUCTION NO. 62

POST DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

Authority: Ninth Circuit Pattern Civil Jury Instructions No. 3.9.