UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Actions* | Case No.:  15md2670 DMS(MSB)<br><br>**ORDER RE: PRELIMINARY APPROVAL HEARING** |

In anticipation of the hearing on the EPPs' and DPPs' motions for preliminary approval of their settlements with the StarKist Defendants and the Lion Defendants, the Court requests that counsel be prepared to address the following questions:

**On the EPP Settlement**:

1. How did the parties arrive at $16.2 million in "benefits" from the COSI Settlement? The COSI Settlement Fund was $20 million, which when added to the Settlements here is $156 million.

2. As to any attorney fee award, expense award, and service awards, are the StarKist Defendants and the Lion Defendants sharing responsibility for those awards?  If so, how will those awards be allocated between the Defendant groups?

3. Why is COSI being reimbursed for administration costs? The COSI Settlement allocated up to $5 million for notice and administration costs with any remaining funds reverting to COSI. The total costs were $1,977,960, therefore $3,022,040 should have reverted back to COSI. Why is COSI being reimbursed for any additional amounts? And given the costs incurred in providing notice of the COSI Settlement, why are the notice costs here so high?

4. Where do the Settlement Agreements provide for the payment of service awards?

5. How will the payment of claims be allocated between the Settlement Funds? And how will the claims be paid if the StarKist Settlement is not fully funded until 500 days after preliminary approval?

6. Shouldn't any cy pres recipients be identified now?

**On the DPP Settlement**:

1. How did the parties arrive at a total settlement value of $83,701,961.86? The COSI Settlement was ultimately valued at $13,001,961.86, which when added to the Settlements here is $77,751,961.86.

2. Why is the value of the COSI Settlement being included in the fee request? Class Counsel already received fees in the amount of $1,529,363.29 as part of the COSI Settlement, along with expenses in the amount of $4,410,636.71, for a total of $5.95 million.

3. As to any attorney fee award, expense award, and service awards, are the StarKist Defendants and the Lion Defendants sharing responsibility for those awards? If so, how will those awards be allocated between the Defendant groups?

4. Where do the Settlement Agreements provide for the payment of service awards?

5. How will the payment of claims be allocated between the Settlement Funds? And how will the claims be paid if the StarKist Settlement is not fully funded until December 1, 2025? How are the Class Members' claims paid out? All in cash? All in product? Half and half? Do they get to choose?

6. Shouldn't any cy pres recipients be identified now?

7. How long before the objection deadline will the fee and expense motion be filed?

8. Class Counsel argues there is good cause to seal the Hausfeld Settlement Agreement because it contains "confidential settlement information." But if this Agreement is part of the settlement of the claims in this case, why should it be kept from the parties in this case, including the Class Members?

**IT IS SO ORDERED**.

Dated:  August 21, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court