# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION<br><br>This document relates to:<br><br>All Direct Purchaser Plaintiff Actions | Case No. 3:15-md-02670-DMS-MSB<br><br>**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS WITH DEFENDANTS STARKIST CO. AND DONGWON INDUSTRIES CO., LTD. AND WITH DEFENDANTS LION CAPITAL (AMERICAS), INC., LION CAPITAL LLP, AND BIG CATCH CAYMAN LP AND JUDGMENT DISMISSING ACTION WITH PREJUDICE** |

WHEREAS, the Court, having considered the Settlement Agreement between Direct Purchaser Plaintiffs ("DPPs") and Defendants StarKist Co. and Dongwon Industries Co., Ltd. (collectively "StarKist and DWI") dated August 13, 2024 (ECF No. 3288-3) and the Settlement Agreement between DPPs and Defendants Lion Capital (Americas), Inc., Lion Capital LLP, and Big Catch Cayman LP (collectively the "Lion Companies") dated August 2, 2024 (ECF No. 3288-4) (the "Settlement Agreements"), the Court's Order granting DPPs' Motion for Preliminary Approval of Settlements, dated August 23, 2024 (ECF No. 3303) ("Preliminary Approval Order"), and DPPs' Motion for Final Approval of Settlements (ECF No. 3316) and related filings, as well as having held a Fairness Hearing on November 22, 2024, due and adequate notice having been given to the Settlement Class as required in the Court's Preliminary Approval Order, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), having expired, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, hereby directs entry of Judgment, which shall constitute a final adjudication of this case as to DPPs pursuant to the Settlement Agreements:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order and Order of Judgment and Dismissal as to DPPs' claims pursuant to the Settlement Agreements incorporates by reference the definitions as set forth in the Settlement Agreements, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreements.

2. This Court has jurisdiction over the subject matter of the Action,[1] over all parties to the Settlement Agreements, including all Settlement Class Members, in

---

[1] As defined in the Settlement Agreements, "Action" means the class action captioned *In Re: Packaged Seafood Products Antitrust Litigation*, No. 15-md-2670 DMS (MSB), MDL No. 2670 (S.D. Cal.), currently pending before the Honorable Dana M. Sabraw in the United States District Court for the Southern District of California, all actions relating to the claims alleged in "Direct Purchaser Plaintiffs' Fourth Amended Consolidated Class Action Complaint" and all actions that have been or are

ORDER                                                   CASE NO. 15-MD-2670-DMS (MSB)
1

1  conjunction with the Action and the Settlement Agreements, and the administration of
2  the settlements and distribution of the Settlement Funds.

3     3.    The notice provisions of the Class Action Fairness Act, 28 U.S.C.
4  § 1715, have been satisfied.

## I. THE SETTLEMENT CLASS

    4.    Based on the record before the Court, including the DPP class certification earlier in the case, the Preliminary Approval Order, the submissions in support of the Settlement Agreements, and any objections and responses thereto, the Court finds that all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and hereby certifies the following Settlement Class:

> All persons and entities that directly purchased packaged tuna products within the United States, its territories and the District of Columbia from any Defendant at any time between June 1, 2011, and July 31, 2015. Excluded from the class are all governmental entities; Defendants and any parent, subsidiary or affiliate thereof; Defendants' officers, directors, employees, and immediate families; any federal judges or their staffs; purchases of tuna salad kits or cups; and salvage purchases. Also excluded from the class is any person or entity that was excluded from the class, in whole or in part, pursuant to the Court's Order in this Action at ECF No. 3097, which incorporates the list of entities at ECF No. 3095-1.

    5.    The Court confirms that the Settlement Class meets the applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(3):

    (a)    *Numerosity:* The Settlement Class consists of hundreds of entities located throughout the United States, and joinder of so many persons and entities would be impracticable. Fed. R. Civ. P. 23(a)(l).

---

subsequently filed in or transferred for consolidation and/or coordinated pretrial proceedings to the Southern District of California by the Judicial Panel on Multidistrict Litigation as part of MDL No. 2670.

(b)     *Commonality*: The Court determines that DPPs have alleged one or more questions of fact or law common to the Settlement Class. These issues are sufficient to establish commonality under Federal Rule of Civil Procedure 23(a)(2).

(c)     *Typicality*: The claims of the named plaintiffs—Olean Wholesale Grocery Cooperative, Inc., Pacific Groservice Inc. d/b/a PITCO Foods, Piggly Wiggly Alabama Distributing Co., Inc., Gregg Szilagyi as Trustee in Bankruptcy for Central Grocers, Inc., Trepco Imports and Distribution Ltd., and Benjamin Foods LLC—are typical of the Settlement Class and are all based on the same alleged antitrust violations.

(d)     *Adequacy:* The interests of the named plaintiffs do not conflict with, and are instead co-extensive with, those of absent Settlement Class Members. Additionally, Class Counsel have more than adequately represented the Settlement Class. Class Counsel are well-qualified and highly experienced in class action and antitrust litigation. DPPs and Class Counsel have prosecuted this action vigorously on behalf of the Settlement Class. The Court finds that the requirement of adequate representation of the Settlement Class has been fully satisfied under Federal Rule of Civil Procedure 23(a)(4).

(e)     *Predominance of Common Issues*: The questions of law or fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member.

(f)     *Superiority of the Class Action Mechanism:* The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives. Certification of the Settlement Class promotes efficiency and uniformity of judgment because the Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

6.     Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Hausfeld LLP is appointed as Settlement Class Counsel for the Settlement Class.

1  7. The named plaintiffs—Olean Wholesale Grocery Cooperative, Inc., Pacific Groservice Inc. d/b/a PITCO Foods, Piggly Wiggly Alabama Distributing Co., Inc., Gregg Szilagyi as Trustee in Bankruptcy for Central Grocers, Inc., Trepco Imports and Distribution Ltd., and Benjamin Foods LLC—are appointed as class representatives on behalf of the Settlement Class.

## II. NOTICE TO SETTLEMENT CLASS MEMBERS

8. The record shows and the Court finds that notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such class notice: (i) is reasonable and constitutes the best practicable notice to Settlement Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and the terms of the Settlement Agreements, their right to object to all or any part of the Settlement Agreements, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders; (iii) constitutes due, adequate, and sufficient notice to all entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause, Federal Rule of Civil Procedure 23, and any other applicable law).

## III. FINAL APPROVAL OF SETTLEMENT AGREEMENTS

9. The Court finds that the settlements as set forth in the Settlement Agreements were fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith and with the assistance of United States Magistrate Judge Michael S. Berg.

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the settlements as set forth in the Settlement Agreements on the basis that the settlements are fair, reasonable, and adequate, and in

the best interests of the Settlement Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreements are binding on all Settlement Class Members.

11. The Court finds that the Settlement Agreements are fair, reasonable and adequate based on the following factors, among other things: (a) the proposals were negotiated at arm's length; (b) the relief provided for the class is adequate, taking into account the complexity, expense, uncertainty, likely duration of the Action, the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims, the terms of the proposed award of attorneys' fees, including timing of payment, and the absence of any other agreements required to be identified under Rule 23(e)(3); (c) the Settlement Agreements treat Settlement Class Members equitably relative to each other; (d) the named plaintiffs and Class Counsel have adequately represented the Settlement Class; and (e) any and all other applicable factors that favor final approval.

**IV.   SETTLEMENT AND CLAIMS ADMINISTRATION EXPENSES**

12. The Settlement Agreements provide that Settlement Class Counsel may withdraw funds as necessary for notice and administration from the Settlement Funds up to $1,200,000.00. ECF Nos. 3288-3 at 9-10, 3288-4 at 6. JND Legal Administration, the Claims Administrator, estimates that total fees and expenses for the claims administration and related distribution of the Settlement Funds to claimants will be approximately $850,000.00. ECF No. 3288-2 at 7. Class Counsel have requested that the Court approve use of $1,200,000.00 to carry out the claims administration and related distribution of the Settlement Funds.

13. Finding good cause shown, the Court, therefore, approves up to $1,200,000.00 to be withdrawn from the Settlement Funds to pay the Claims Administrator for claims administration and distribution. Funds for notice and claims

administration will be apportioned 90.7% from the StarKist/DWI Settlement Agreement and 9.3% from the Settlement Agreement with the Lion Companies.

## V. CONCLUSION

14. In granting final approval of the Settlement Agreements, the Court hereby enters Judgment of dismissal, with prejudice, of the Action, with each party to bear its own costs and attorneys' fees. This Judgment permanently bars and enjoins the institution, commencement, or prosecution, by any of the Releasing Parties, of any action asserting any Released Claim against any Released Party, in any local, state, federal, or other court of any nation, or in any agency or other authority or arbitral or other forum wherever located. This Judgment also provides that any Settlement Class Member who failed to object in the manner prescribed in the Settlement Agreements and Notices shall be deemed to have waived any objections to the settlements and the Settlement Agreements and will forever be barred from making any such objections to the settlements or the Settlement Agreements.

15. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of these Settlement Agreements and any distribution to members of the Settlement Class pursuant to further orders of this Court; (b) disposition of the Settlement Funds; (c) determining attorneys' fees, costs, and expenses, (d) the Action until the Judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to distribution of settlement proceeds; and (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed, in connection with the Settlement Agreements.

**IT IS SO ORDERED.**

Dated: November 22, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court