UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | ) Case No.: 15-MD-2670 DMS (MSB) )  ) ) **ORDER DENYING MOTION** ) **REQUESTING SETTLEMENT** ) **ADMINISTRATOR RESCIND ITS** ) **REQUIREMENT REGARDING** ) **SENDING GOVERNMENT** ) **ISSUED IDS IN MAIL** |
| This Document Relates to:     End Payer Plaintiffs Class | ) ) ) ) ) ) ) ) ) ) ) ) ) |

ORDER RE: MOTION                                    No. 15-MD-2670 DMS (MSB)

This case comes before the Court on a motion filed by Anthony Aguilar, a member of the End Payer Plaintiff ("EPP") Class.  In the motion, Mr. Aguilar requests that the Court order the Claims Administrator JND Legal Administration ("JND") to "rescind all notices sent to class members that included a demand they send their Government issued ID via postal mail or their claim will be denied." (Mot. at 3.)  He also requests that the Court order JND to "file a Post Distribution Accounting Form attached with the total number of class members who were sent the notice, received the notice (attached) and how many class members responded to that notice."  (*Id.*) The EPPs filed an opposition to the motion, and Mr. Aguilar filed a reply.  For the reasons set out below, the motion is denied.

## I.    RELEVANT BACKGROUND

On September 30, 2025, JND emailed a claim deficiency notice to Mr. Aguilar. Dkt. No. 3423, Ex. A. ("Deficiency Notice.")  The Deficiency Notice requested proof supporting the 90,600 cans of Packaged Tuna that Mr. Aguilar claimed to have purchased during the 49-month Class Period, and proof that the Packaged Tuna was purchased for end consumption and not for resale. *Id*. Mr. Aguilar's claim amounts to the use of an average of 1,849 cans or pouches of Packaged Seafood per month during the Class Period. This Deficiency Notice also requested a *copy* of Mr. Aguilar's valid government-issued identification ("ID") (not the physical ID itself) to be sent via U.S. Mail to verify his identify. *See* Dkt. No. 3423, Ex. A.

On November 5, 2025, Class Counsel received a copy Mr. Aguilar's Motion by email and discussed his concerns with JND. Manifold Decl. ¶ 8. After discussion with Class Counsel, JND agreed to offer Mr. Aguilar (and other potential claimants with a Deficiency Notice) another well-accepted alternative identity verification procedure known as a notarized verification of identity.

On Friday, November 7, 2025, JND e-mailed Mr. Aguilar to acknowledge receipt of his Motion. JND corrected any misunderstanding that only a *copy* of a government issued ID was required, and to provide the alternative method of

-1-

verification in the form of a notarized verification of identify. *See* Manifold Decl. ¶ 9, Ex. 2. As of November 24, 2025, neither Class Counsel nor JND had received a response to that email from Mr. Aguilar.

## II.   THE COURT APPROVED AND APPOINTED JND TO BE THE CLAIMS ADMINISTRATOR FOR THE EPP SETTLEMENT(S)

The Court appointed JND, an experienced and well-respected claims administrator, to disseminate Class Notice on two separate occasions and to process claims for distribution of the Settlement Fund in this multi-district litigation to authorized claimants. *See* Dkt. No. 3327 (Final Approval Order) at 6. Dkt. Nos. 2734 and 2781 (COSI Final Approve Order). As the Court recognized, JND's experience in this case has promoted efficiency. *See* Dkt. No. 2552-6. JND is a nationally recognized claims administration firm that has successfully handled claims processing for complex class actions, including settlements requiring extensive media campaigns to large consumer classes. *See* Dkt. No. 2552-6 (reciting JND's class action claims administration experience).

In its Final Approval Order, this Court reviewed and approved JND's system for running fraud analysis on the claims received, prior to ultimately dispersing the Settlement Funds. *See* Dkt. No. 3327 at 10. Among other things, the Final Approval Order directed JND to:

- "review, determine the validity of, process and hold on to all Claim Forms submitted by claimants."
- "flag any issues (such as failure to sign a paper or pdf Claim Form) and follow up with the claimant, as necessary."
- "review the Claim Forms to ensure submission by a single claim per claimant. (avoiding doctored documentation and multiple payments to a single recipient)."

*Id.* at 9.

- 2 -

Claim Administrators seeking identity confirmation from suspect or high-volume claimants is sometimes necessary for a claim or claimant. For example, a court in the Northern District of California approved the requirement of asking claimants to provide government issued identification. *See Opperman v. Kong Techs., Inc.* ("*Opperman*"), No. 3:13-cv-00453-JST (N.D. Cal.); *Opperman*, Dkt. No. 911; *Opperman*, Dkt. No. 918, (attached as Exhibit 3 to the Manifold Declaration). Verification serves the purpose of minimizing the risk of fraudulent claims in class action settlements.

Here, as part of JND's routine claims administration and fraud analysis, JND reviewed three separate large volume claims submitted by Mr. Aguilar. JND sent a notice to Mr. Aguilar requesting that he verify his identity with a copy of a valid government-issued ID submitted directly to JND by U.S. Mail. JND also requested that Mr. Aguilar provide verification or proof of purchase for the amount of packaged seafood claimed and to verify that the purchases were for end use consumption.

As claims administrator, JND's duties include flagging claim issues, following up on incomplete or suspicious claims, and running an appropriate fraud analysis. As part of JND's critical fraud analysis, potential class claimants with substantial claims may be required to provide follow up information to verify their claims. This is a reasonable and necessary step in JND's fraud analysis. The alternative verification processes offered by JND to Mr. Aguilar further address all the privacy concerns raised in his Motion. The alternative verification process allows Mr. Aguilar to go to any notary of his choice to verify his identity in response to the Deficiency Notice. Any other potential claimants with similar concerns will be offered the same alternative by JND. Therefore, and for the reasons set out above, Mr. Aguilar's request to rescind this request as to his Deficiency Notice is **DENIED**.

/ / /

/ / /

/ / /

EPPS' OPPOSITION RE: MOTION                 No. 15-MD-2670 DMS (MSB)

### III.     RELIEF REQUESTED BY MOVANT CREATES A POTENTIAL FRAUD RISK

The Movant also requests that JND "rescind all [Deficiency Notices] to class members that included a demand they send Government issue ID via postal mail, or their claim will be denied." Dkt. No. 3423 at 3. This request raises serious fraud concerns. Rescinding a reasonable and necessary fraud detection process would not only be detrimental to JND's administration methodologies but could also exacerbate any potential for fraud in this settlement and in future settlements. Mr. Aguilar's proposal to publish the information of other potential claimants who were served with a Deficiency Notice in a published accounting will also impede JND's fraud analysis and could reveal the methodologies used by claim administrators to deter fraud.

Finally, the Court finds, based on the evidence and briefing submitted, that the "Claim Forms" and the correspondence related to the Claims are retained by JND for auditing purposes only and are not publicly available unless disclosure is properly ordered by this or any other Court, and that no submitted claim is part of the "public domain" unless, it is disclosed by the claimant himself (as is the case here.)

Therefore, for the reasons stated herein, the relief requested by Mr. Aguilar in his Motion is **DENIED**

**IT IS SO ORDERED.**

Dated:  February 27, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

- 4 -